Michael H. Weiss (State Bar Number 107481)
mw@weissandspees.com
Laura J. Meltzer (State Bar Number 151889)
lm@weissandspees.com
WEISS & SPEES, LLP
1925 Century Park East, Suite 650
Los Angeles, CA 90067-2701
Telephone: 424-245-3100
Facsimile: 424-245-3199

[Proposed] Attorneys for Debtors and Debtors in Possession
Penthouse Global Media, Inc. et al.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| IN RE<br>　　PENTHOUSE GLOBAL MEDIA, INC., a Delaware corporation<br><br>　　　　　Debtor.<br><br>In re:<br>　Penthouse Global Broadcasting, Inc.<br>　Penthouse Global Licensing, Inc.<br>　Penthouse Global Digital, Inc.<br>　Penthouse Global Publishing, Inc.<br>　GMI Online Ventures, Ltd.<br>　Penthouse Digital Media Productions, Inc.<br>　Tan Door Media, Inc.<br>　Penthouse Images Acquisitions, Ltd.<br>　Pure Entertainment Telecommunications, Inc.<br>　XVHUB Group, Inc.<br>　General Media Communications, Inc.<br>　General Media Entertainment, Inc.<br>　Danni Ashe, Inc.<br>　Streamray Studios, Inc.<br><br>　☒ Affects All Debtors<br>　☐ Affects<br>　☐ Affects<br>　☐ Affects<br>　☐ Affects<br>☐ See attached for additional Debtors | Case No. 1:18-bk-10098-MB<br><br>Chapter 11<br>Jointly Administered With:<br><br>Case No. 1:18-bk-10099-MB<br>Case No. 1:18-bk-10101-MB<br>Case No. 1:18-bk-10102-MB<br>Case No. 1:18-bk-10103-MB<br>Case No. 1:18-bk-10104-MB<br>Case No. 1:18-bk-10105-MB<br>Case No. 1:18-bk-10106-MB<br>Case No. 1:18-bk-10107-MB<br>Case No. 1:18-bk-10108-MB<br>Case No. 1:18-bk-10109-MB<br>Case No. 1:18-bk-10110-MB<br>Case No. 1:18-bk-10111-MB<br>Case No. 1:18-bk-10112-MB<br>Case No. 1:18-bk-10113-MB<br><br>**MOTION FOR AUTHORITY TO ENTER INTO LICENSE AGREEMENT WITH ANDROCLES ENTERTAINMENT, PVY LTD. OUTSIDE THE ORDINARY COURSE OF BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing:<br>Date:<br>Time:<br>Place:　　Room 303<br>　　　　　21041 Burbank Blv.<br>　　　　　Woodland Hills, CA |

TO THE HONORABLE MARTIN BARASH; THE OFFICE OF THE UNITED STATES TRUSTEE; THE TWENTY LARGEST UNSECURED CREDITORS OF THE ABOVE-CAPTIONED DEBTOR; THE SECURED CREDITOR OF THE ABOVE-CAPTIONED DEBTORS; AND OTHER PARTIES ENTITLED TO NOTICE:

PLEASE TAKE NOTICE that, pursuant to Local Bankruptcy Rule 9075-1, 11 U.S.C. § 363(b), and Rule 9014 of the Federal Rules of Bankruptcy Procedure, Debtor Penthouse Global Media, Inc., a Delaware corporation, hereby moves this Court by this emergency motion (the "Motion") for an order approving that certain Trademark, Trade-Name and Copyright Agreement (the "License Agreement") by between Debtor, as Licensor, and Androcles Entertainment PTY LTD ("Androcles"), as licensee out of the ordinary course of business pursuant to 11 U.S.C. § 363(b).  A copy of the License Agreement is attached as Exhibit "1" to the declarations that accompanying the Motion.

The License Agreement will provide $1,000,000 of working capital to Debtor over the next four months and will allow Debtor to breathing room necessary to propose a plan of reorganization.  The License Agreement is a bridge to an initial coin offering ("ICO") to be sponsored by Androcles.  If the ICO is successful, Debtor stands to earn at least another $1,000,000 and perhaps significantly more from the offering.  Given that the License Agreement requires no further expenditure of capital or would not interfere with Debtor's current licensing activities, the License Agreement has a sound business purpose and represents the proper use of Debtor's business judgment.

Debtor requires emergency relief because as set forth in the accompanying declarations, Debtor will run out of cash as early as February 6, 2018 without the infusion of funds from the License Agreement.  The Motion is based upon the following points and authorities, the accompany exhibits and declarations of Kelly Holland, Catherine Brandt and Keith Whitworth, any argument presented by counsel at any hearing on the Motion and the papers and pleading filed with this Court.

Dated:  January 29, 2018

WEISS & SPEES, LLP
/s/*Michael H. Weiss*
Michael H. Weiss
[Proposed] Attorneys for Debtors and Debtors in Possession Penthouse Global Media, Inc. et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Debtor owns the legendary Penthouse brand, an icon in adult entertainment for over 50 years. Debtor has entered into a license agreement (Exhibit "1") with Androcles Entertainment PTY, Ltd., an Australian company ("Androcles"), that will permit Debtor and its brand to return to its creative core derived from its founder Bob Guccione.  The license will allow Debtor to access both substantial revenue and cutting edge block chain technology that allow Debtor to substantially increase its revenue and brand value.  This transaction will pave the way to a highly successful reorganization.

Androcles chose Debtor in large part because it believes in its management's taste and insight to what works and what does not work in adult entertainment.  On a more prosaic level, the License Agreement will permit Debtor to maintain positive cash flow to allow it to reorganize.  For these reasons, Debtor submits that the transaction has a sound business reason and presents the prudent exercise of business judgment by Debtor's management.

## II.  DESCRIPTION OF THE LICENSE AGREEMENT

Debtor has entered into a nonexclusive license to use its trade name, trademarks and copyrights to facilitate an initial coin offering ("ICO") sponsored by Androcles and its affiliates.   An ICO is a fundraising mechanism in which new projects sell their underlying crypto tokens in exchange for bitcoin or similar crypto currencies in a manner similar to an IPO. See www.nasdaq.com/article/what-is-an-ico-cm830484.  The ICO contemplated by the License Agreement has the following terms:

- Androcles pays nonrefundable license fee of $1,000,000 in five monthly installments starting in February 2018.
- Debtor grants a nonexclusive license of its trademarks, trade name and copyrights to Androcles in perpetuity.
- Androcles has an option to purchase the licensed property subject to rights of first and last refusal.
- The fees paid by Androcles will be subject to 5% withholding tax if paid out of Australia.
- The ICO will occur only after close of an unrelated ITO that Debtor has endorsed on June

- 28, 2018 unless said ITO is abandoned before that date.
- Debtor has endorsed that ITO on a nonexclusive basis.
- Debtor will report on a weekly basis to Androcles about its finances.
- The ICO will comply with US securities laws and the JOBS ACT.
- The offering costs of the ICO, estimated to $1,600,000 with $400,000 for block chain development will be paid from the ICO proceeds and such costs will be paid by Androcles, not Debtor.
- The ICO will create additional license fees equal to 10% of the net proceeds of the ICO.
- Debtor will enter into a 50/50 revenue share for use of its content by the ICO.
- The agreement must be approved by the Court.
- Androcles has sole and exclusive discretion to proceed with the ICO.
- Kelly Holland agrees to "front" for the ICO, subject to a further agreement for compensation and duties.
- If Debtor ceases operation or converts to chapter 7 before all of the instalment payments are made, all future license payments will be suspended pending the ICO.
- If the ICO proceeds, the estate will receive any unpaid amount of the instalments.

The financial "waterfall" from the License Agreement is summarized in Table 1, the last page of the License Agreement.

## III. DEBTORS HAVE THE AUTHORITY TO ENTER INTO THE LICENSE AGREEMENT.

### A. Debtors have authority to enter into the License Agreement.

Section 363(a) of the Bankruptcy Code authorizes a debtor in possession to use, sell or lease property of the estate in the ordinary course of business without further of the court. See, e.g., *Bagus v. Clark (In re Buyer's Club Markets, Inc.)*, 5 F.3d 455, 457 (10th Cir. 1993) ("The Code takes cognizance of the fact that if a debtor had to seek court approval to pay for every expense incurred during the normal course of its affairs, the debtor would be in court more than in business."). The intellectual property that is the basis of the proposed license is clearly property of the estate. Penthouse regularly licenses its trademark on a non-exclusive basis. Holland Decl. ¶ 7(c). The License Agreement contemplates a non-

exclusive license.  License Agreement at p. 2.  However, the agreement has a number of unusual features that takes it outside of the ordinary course of business, such as the following:

- Androcles can suspend payments of the $1,000,000 license fees if Kelly Holland ceases to be board member, the sole shareholder or offer her shares for sale with certain rights of first and last refusal to Androcles, License Agreement at p. 5;
- Androcles can suspend payments of the $1,000,000 license fee should Debtor cease operations or a trustee be appointed, Id. at p. 5-6;
- If Androcles suspends payments, the unpaid portion of the $1,000,000 license fee will be paid out of the proceeds of the contemplated ICO, Id. at p. 6;
- If Androcles elects not to proceed with the ICO, it will still have liability for any unpaid portion of the $1,000,000 license fee, p. 6-7;
- Debtor and Ms. Holland have to indemnify Androcles for damages for not proceeding with the ICO if they breach the License Agreement, Id. at p. 7;
- Debtor can transfer the trademarks, trade-name and copyrights license to Androcles subject to rights of first and last refusal, Id at p. 10-11; and
- Other than the rights licensed, Debtor has no duty or to contribute to the ICO, Id. at p. 13;
- Other than its rights to payment from the ICO proceeds described on page 7, Schedule 3 and in Table 1, Debtor has no rights to the technology behind the ICO or the ICO itself, Id. at 11.

Given these factors, Debtors believe that Court approval is required under section 363(b) of the Bankruptcy Code.  The test for whether a transaction falls outside of the ordinary course of business is tested under two standards: the horizontal standard and the vertical standard.  The horizontal standard looks at the industry in which a debtor operates.  The vertical standard looks at a debtor's past practices. See *Burlington Northern R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700,

704-05 (9th Cir. 1988). Given the unique nature of an ICO, the License Agreement differs in certain material respects from Debtors' past practices and the entertainment industry generally. As such, it falls outside the ordinary course of business under either standard. In any event, the License Agreement requires court approval itself. License Agreement at p. 4.

### B. Entering into the license agreement is a reasonable and prudent use of Debtors' business judgment.

In determining whether a court should and can approve a transaction such as the License Agreement, recent authority focuses whether the transaction has sound business reason that represents the exercise of prudent business judgment. Cases tend focus on whether a sale, or in this case a license, has a sound business reason supported by sound exercise of business judgment. Courts independently consider a debtor in possession's business judgment to determine whether it is reasonable. Thus, courts are discouraged from substituting their own judgment for that of the debtor in possession. Rather, the determination is restricted to whether the judgment is reasonable and supported by sound business justification. 3 *Collier on Bankruptcy* ¶ 363.02 (16th ed. 2017).

### C. The License Agreement represents a reasonable and prudent exercise of Debtors' business judgment because it confers a substantial benefit on the estate.

The License Agreement is non-exclusive. Thus, it does not impair any rights in any other license. Thus, it will not restrict Debtor's ability to license its intellectual property in other channels, including this one. The License Agreement adds considerable revenue at no additional cost. Holland Decl. ¶ 7(g). As noted above, it also presents an opportunity for Debtor to receive substantial additional revenue beyond the initial license fee of $1,000,000, while otherwise leaving Debtors' existing business wholly intact and stronger because of the additional revenues. Id. at ¶7(d) and (e). It is hard to imagine a more reasonable and beneficial transaction. Thus, the License Agreement has a sound business reason – it allows Debtor to survive and grow. It also demonstrates the exercise of sound business judgment for that same reason.

Debtor is mindful that where a transaction benefits an insider, either directly or indirectly, the Court will more carefully examine whether the transaction unfairly benefits the insider at the expense of creditors. *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 424 (Bankr. S.D. Tex. 2009) ("a debtor-in-

possession must exercise fiduciary duty in determining whether and how to propose a sale of assets. If entities that control the debtor will benefit, or will potentially benefit, from the sale the court must carefully consider whether it is also appropriate to defer to their business judgment.")

The License Agreement contains provisions that appear to solely benefit Ms. Holland, the Debtor's president, because it gives Androcles the right to suspend payment if Debtor ceases to operate, Ms. Holland ceases to control the shares of Debtor and ceases to employ Ms. Holland as the CEO. License Agreement, p. 7. First, if any of those events do occur it will only operate to suspend, not terminate, payment of the $1,000,000 until the ICO in fact funds. Id. Second, Androcles' insistence that Ms. Holland stay on is rooted in the fact that the value it perceives in the Penthouse brand is derived in some important part from the aesthetic decisions that Ms. Holland makes about the content Penthouse produces, licenses or acquires. It is, therefore, perfectly reasonable for Androcles to create incentives for her to remain with the company.

The License is not a sale of all of Debtor's assets; it adds to Debtor's assets. As such, it does not impair the rights of creditors under any plan. Rather, it opens a pathway to reorganization. Indeed, given Debtor's dire cash position, it will save Debtor from liquidation. These are exactly the types of considerations that have lead courts to approve out of the ordinary course transactions in the past. *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) ("the settlement does not dispose of virtually all of [Debtor]'s assets, leaving "little prospect or occasion for further reorganization." Instead it disposes of one particular "asset," ... which is not so much the crown jewel of [Debtor]'s estate but its white elephant. ... The removal of [the asset] from the estate will facilitate [Debtor]'s reorganization, and will do so without denigrating the rights of the unsecured trade creditors.")

## IV.    CONCLUSION

For the reasons stated above, it is manifest that the License Agreement is an enormous benefit to the estate and its creditors. It represents an unmistakably reasonable exercise of business judgment by Debtor and should therefore be approved.

Dated: January 29, 2018                     WEISS & SPEES, LLP
                                            /s/ *Michael H. Weiss*
                                            Michael H. Weiss

Attorneys for Debtors and Debtors in Possession
Penthouse Global Media, Inc. et al.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1925 Century Park East, suite 650, Los Angeles, CA 90069

A true and correct copy of the foregoing document entitled **MOTION FOR AUTHORITY TO ENTER INTO LICENSE AGREEMENT WITH ANDROCLES ENTERTAINMENT, PVY LTD. OUTSIDE THE ORDINARY COURSE OF BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 23, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Krikor J Meshefejian    kjm@lnbrb.com
S Margaux Ross    margaux.ross@usdoj.gov
Michael St James    ecf@stjames-law.com
Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com
Beth Ann R Young    bry@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On _____, 2018 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 29, 2018 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**SEE ATTACHED EMAIL SERVICE LIST AND EMAILS TO RECIPIENTS**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/29/2018 | Laura J. Meltzer | /S/ Laura J. Meltzer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                    F 9013-3.1.PROOF.SERVICE

# Mailing list top 20 creditors

## Penthouse Global Media, Inc.

EXWORKS Capital Funds I LP
Robert Richardson
333 W Wacker Drive Suite 1620
Chicago, IL 60606
RRichardson@exworkscapital.com


DREAM MEDIA Corporation
Adam Levin
10990 Wilshire Blvd Penthouse
Los Angeles, CA 90024
adam@orevacapital.com


Greenberg Traurig, LLP
Jeff Joyner
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
joynerj@gtlaw.com


Bayard, P.A.
Steve Brauerman
222 Delaware Ave., Suite 900
P. O. Box 25130
Wilmington, DE 19899
SBrauerman@bayardlaw.com


TGG Accounting
Ryan Larson
10188 Telesis Court, Suite 130
San Diego, CA 92121
ryan.larson@tgg-accounting.com

Hogan Lovells US, LLP
Barry Dastin
1999 Avenue of The Stars, Suite 1400
Los Angeles, CA 90067
barry.dastin@hoganlovells.com

Squar Milner LLP
Keith Troutman
4100 Newport Place, Suite 600
Newport Beach, CA 92660
ktroutman@Squarmilner.com


Miller Law Group
Walter Stella
 111 Sutter Street, Suite 700
San Francisco, CA 94104
wms@millerlawgroup.com


Sedgwick, LLP
Anne-Marie Rutledge
2301 McGee Street, Suite 500
Kansas City, MO 64108-2662
Anne-Marie.Rutledge@sedgwicklaw.com


Allen, Dyer, Dopplet, Milbrath & Gilchrist
David Sigalow
255 South Orange Ave., Suite 1401
Orlando, FL 32801
dsiglaow@allendyer.com


Bressler Law PLLC IOLTA Account
Josh Bressler
3 West 35th Street, 9th Floor
New York, NY 10001
jrb@jrblaw.com



Cancel
California Choice Benefit Administrators
721 South Parker, Suite 200
Orange, CA 92868

Tom Fox
P. O. Box 2402
Santa Cruz, CA 95063
tomfox@gmail.com

Total Records Information Management LLC
Denise Miller
371 Starke Road
Carlstadt, NJ 07072
dmiller@totalrecords.com


Iron Mountain
1000 Campus Drive
Collegeville, PA 19426
ironmountainbillingservices@billtrust.com


Akerman LLP
Caroline Mankey
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
caroline.mankey@akerman.com


GRM Information Management Services, Inc.
Dan Cartel
P. O. Box 35539
Newark, NJ 07193-5539
dcartel@cmiweb.com


C.Hocquel Inc.
Catherine Brandt
8310 Jayseel Street
Sunland, CA 91040
catherinehbrandt@gmail.com


Allgemeines Treuunternehmen (ATU)
Dr. Beunyamin Taskapan
Aeulestrasse 5 P. O. Box 83
9490 Vaduz
Furstentum, Liechtenstein
Buenyamin.Taskapan@atu.li


DSS Consulting Corporation
Dean Skupen
638 Lindero Canyon Road, Suite 117
Oak Park, CA 91377
dskupen@gmail.com

Nextgen Reporting
Jeremy Smiler
999 Old Eagle School, Suite 118
Wayne, PA 19087
jsmiler@nextgenreporting.com


## Penthouse Global Broadcasting, Inc.

NOA Productions SPRL
Jacky Wauters
Avenue Montjoie 84
1180 Brussels, Belgium
jwauters@noaproductions.tv

M7 Group
Bill Wijdeveld
L1246 2 rue Albert Borschette
Luxembourg
Bill.Wijdeveld@m7group.eu

Basmedia B.V.
Bas Ardasch
Pluggematen2
8331TV
Steenwijk, The Netherlands
bas@basmedia.nl

Mile High
Stacey Tower
8148 Devonshire
Ville Mont-Royal
Quebec, Canada H4P2K3
srt@mile-high-media.com

Elle et Lui, LLC
761 S. Rainbow # 120
Las Vegas, NV 89145
philippe.dude@gmail.com

Interactive Media AG
Peter Muszely
Einsiedlestrasse 23
CH-8834 Schindellegi SZ
Switzerland
gero@lifeselector.com

PHE, Inc.
Peter Reynolds
302 Meadowland Drive
Hillsborough, NC 27278
peter@plaidbagmedia.com

Art Attack Productions/ReVideo Inc.
Kelly Holland
10945 Old Santa Susana Pass
Chatsworth, CA 91311
Kholland@penthouse.com

Fluffy White Dog Media
Eric Mittleman
8033 Sunset Blvd., Suite 308
Los Angeles, CA 90046
Eman714@mac.com

Priority Workforce
Robin Delozier
2170 S Towne Center Pl, # 350
Anaheim, CA 92806
Rdelozier@priorityworkforce.com

FedEx
P. O. Box 7221
Pasadena, CA 91109-7321

SESAC, Inc.
Dave Asher
35 Music Square E
Nashville, TN 37203
dascher.sesacmlc@gmail.com

Digital Media Consultants, LLC
21781 Ventura Blvd., Suite 644
Woodland Hills, CA 91364
dkravis.dmc@gmail.com; David Kravis

Jason Bekoski
168 E. Port Hueneme Road
Port Hueneme, CA 93041
jbekoski@penthouse.com


Arkena SAS
Eglantine Lasserre
15 Rue Cognacq-Jay
75007 Paris, France
eglantine.lasserre@arkena.com


Combat Zone
Dion Giarrusso
9909 Topanga Canyon Blvd., #20
Chatsworth, CA 91311
dion@combatzone.net

Szili Miklos
Adademia Korut 67
6000, Kecskemet, Hungary
adultretoucher@gmail.com


Emily Palan
2412 Delancey Place
Philadelphia, PA 19103
ejpalan@icloud.com


Bizarre Video
Keith Gordon
21621 Nordhoff St., Suite B
Chatsworth, CA 91311
bizarrevideo1@aol.com


Nathanael Kalfa Consulting
Chaussee de Gand, 443
1080 Brussels, Belgium
nkalfa@ogun.tv

Verizon – UpLynk
13031 W Jefferson Blvd., Bldg 900
Los Angeles, CA 90094

## Penthouse Global Licensing, Inc.

Pryor Cashman LLP
Jaimie Brickell
7 Times Square
New York, NY 10036
JBrickell@PRYORCASHMAN.com

Max J. Sprecher, Law Office of
Max Sprecher
5850 Canoga Ave., 4th Floor
Woodland Hills, CA 91367
max@sprecherlaw.com

Corsearch
P. O. Box 4349
Carol Stream, IL 60197-4349
E.D. Publications Inc.
2431 Estancia Blvd., Bldg B
Clearwater, FL 33761-2608
CLS-Watching@wolterskluwer.com


Dennemeyer & Associates;
Ms. Oana Florciel
55, rue des Bruyeres
L-1274 Howald, Luxembourg
ofloricel@dennemeyer-law.com

## Penthouse Global Digital, Inc.

MojoHost
Brad Mitchell
30300 Telegraph Road, Suite 300
Bingham Farms, MI 48025
brad@mojohost.com


Mannassi IT Solutions
Beverley Mannassi
22222 Sherman Way, Suite 206
Canoga Park, CA 91303
Beverley@mannassi.com

S:\PENTHOUSE\First Day Motions\Notice re Shortened Time and POS\Revised Final Mailing list top 20 creditors 1.23.18name-email.docx

Ninja Partners, Inc.
Craig Crisler
1621 E. 6th Street, Suite 1130
Austin, TX 78702
craig@supportninja.com


NetNames USA Inc.
James Mathieson
2711 Centerville Rd
Wilmington, DE 19808
James.Mathieson@netnames.com


Corporation Service Company
P. O. Box 13397
Philadelphia, PA 19101-3397



Cyber Pro Hosting
P. O. Box 26203
Milwaukee, WI 53226
michael@sweethosting.com


WebDot Calm
Lucky Smith
237 Town Center West, # 267
Santa Maria, CA 93458
lsmith@penthouse.com


Hollywood Vaults Inc.
742 Seward Street
Hollywood, CA 90038

Philip Tranker
adenamediacorp@gmail.com

David Tanguay
537 Rue Helene-Baillargeon
Montreal, Quebec H2J4E8
Canada

Christine Pevarnik
2863 Brookside Drive
Mobile, AL 36693
christi830@icloud.com


Qisheng Wu
adenamediacorp@gmail.com

Vladyslav Plashchevatyi
xfive@setds.net

Sergio Freixas
deicox@gmail.com

SternDoor Inc.
affiliate@idealgasm.com

Arash Dadashzadeh
contact@pornixe.com

EX Situ Marketing
penthousepartners@thebestpartner.com

Marcella Monteleon
Marcym25@sweetspicy.com

Steven Moser
601 Stevens St., SW
Watertown, MN 55388

Kelly Publishing
255 S Rengstorff Ave., Apt 132
Mountain View, CA 94040


### Penthouse Global Publishing, Inc.

Creel Printing
Daniel Pevonka
6330 West Sunset Road
Las Vegas, NV 89118
dan.pevonka@lsccom.com

Palm Coast Data LLC
Gordon Neil
11 Commerce Blvd.
Palm Coast, FL 32164

S:\PENTHOUSE\First Day Motions\Notice re Shortened Time and POS\Revised Final Mailing list top 20 creditors 1.23.18name-email.docx

Gordon.Neil@palmcoastdata.com

DVD Factory
7230 Coldwater Canyon
North Hollywood, CA 91605
ty@dvdfactoryinc.com; Ty Kirstein

Barbara F. Pizio
2342 82nd Street, Apt 3
Brooklyn, NY 11214
barbarapizio@gmail.com

Zinio, LLC
75 Remittance Dr., Dept 6825
Chicago, IL 60675-6825

Edgewood Paper
Kathleen Abriola
115A Floral Vale Blvd.
Yardley, PA 19067-5529

Hudson News Distributors, LLC
701-705 Jefferson Road
Parsippany, NJ 07054
koma@edgewoodpaper.com


PR Newswire Association LLC
G.P.O. Box 5897
New York, NY 10087-5897

Getty Images
P. O. Box 953604
St. Louise, MO 63195-3604
GettyImagesAMERCollections@gettyimages.com


V&M Design/Amanda Flores
Victor Gonzales
13226 Azores Ave
Sylmar, CA 91342
vgonzalez@penthouse.com


Todd Francis
4328 Grand View Blvd.
Los Angeles, CA 90066

Philip J. Hanrahan Jr.
6031 N lake Drive
Whitefish Bay, WI 53217

Alan Dershowitz Consulting LLC
1675 N. Military Trail, 5th floor
Boca Raton, FL 33486
carolynanncohen@gmail.com


LScarabino@cbiz.com; Lisa Sacrabino

Pretty Things Press
P. O. Box 55
Point Reyes Station, CA 94956

Thomas Morton
288 Graham Ave., #1
Brooklyn, NY 11211

Drew Millard
115 W Woodridge Drive
Durham, NC 27707

Michael Hingston
11203-71 Avenue
Edmonton, AB
Canada, AB T6G 0A5

Apparel Brand Consultants LLC
97-05 24th Avenue
East Elmhurst, NY 11369

Disgraceful Inc.
24303 Woolsey Cyn Rd, Spc 31
West Hills, CA 91304



Matt Gallagher
112 Withers Street, Apt 2
Brooklyn, NY 11211