Michael H. Weiss (State Bar Number 107481)
mw@weissandspees.com
Laura J. Meltzer (State Bar Number 151889)
lm@weissandspees.com
WEISS & SPEES, LLP
1925 Century Park East, Suite 650
Los Angeles, CA 90067-2701
Telephone: 424-245-3100
Facsimile: 424-245-3199

Attorneys for Debtors and Debtors in Possession
Penthouse Global Media, Inc. et al.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE<br><br>   PENTHOUSE GLOBAL MEDIA, INC., a<br>   Delaware corporation<br><br>                           Debtor.<br>_____<br>In re:<br>   Penthouse Global Broadcasting, Inc.<br>   Penthouse Global Licensing, Inc.<br>   Penthouse Global Digital, Inc.<br>   Penthouse Global Publishing, Inc.<br>   GMI Online Ventures, Ltd.<br>   Penthouse Digital Media Productions, Inc.<br>   Tan Door Media, Inc.<br>   Penthouse Images Acquisitions, Ltd.<br>   Pure Entertainment Telecommunications, Inc.<br>   XVHUB Group, Inc.<br>   General Media Communications, Inc.<br>   General Media Entertainment, Inc.<br>   Danni Ashe, Inc.<br>   Streamray Studios, Inc.<br><br>   ☒ Affects All Debtors<br>   ☐ Affects<br>   ☐ Affects<br>   ☐ Affects<br>   ☐ Affects<br>   ☐ See attached for additional Debtors | Case No. 1:18-bk-10098-MB<br><br>Chapter 11<br>Jointly Administered With:<br><br>Case No. 1:18-bk-10099-MB<br>Case No. 1:18-bk-10101-MB<br>Case No. 1:18-bk-10102-MB<br>Case No. 1:18-bk-10103-MB<br>Case No. 1:18-bk-10104-MB<br>Case No. 1:18-bk-10105-MB<br>Case No. 1:18-bk-10106-MB<br>Case No. 1:18-bk-10107-MB<br>Case No. 1:18-bk-10108-MB<br>Case No. 1:18-bk-10109-MB<br>Case No. 1:18-bk-10110-MB<br>Case No. 1:18-bk-10111-MB<br>Case No. 1:18-bk-10112-MB<br>Case No. 1:18-bk-10113-MB<br><br>**MOTION FOR ORDER: (A) GRANTING  (I)<br>USE OF CASH COLLATERAL, (II)<br>ADEQUATE PROTECTION, AND (III)<br>OTHER RELATED RELIEF: AND (B)<br>ESTABLISHING A FINAL HEARING<br>PURSUANT TO BANKRUPTCY RULE 4001;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES** |

TO THE HONORABLE MARTIN BARASH; THE OFFICE OF THE UNITED STATES TRUSTEE; THE TWENTY LARGEST UNSECURED CREDITORS OF THE ABOVE-CAPTIONED DEBTOR; THE SECURED CREDITOR OF THE ABOVE-CAPTIONED DEBTOR; AND OTHER PARTIES ENTITLED TO NOTICE:

PLEASE TAKE NOTICE that, pursuant to Local Bankruptcy Rules 2081-1(a)(9), 4001-2 and 9075-1, 11 U.S.C. § 363(c), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, Debtors Penthouse Global Media, Inc., a Delaware corporation, Penthouse Global Broadcasting, Inc. Penthouse Global Licensing, Inc. Penthouse Global Digital, Inc. Penthouse Global Publishing, Inc. (the "Debtors"), hereby move this Court by this emergency motion (the "Motion") for entry of an order authorizing the Debtor to use cash collateral on an emergency interim basis pending a final hearing in accordance with the Debtor's operating budget (the "Budget"), a copy of which is attached as Exhibit "2" to the concurrently filed Declaration of Catherine Brandt, and which Budget shall be subject to a 10% overall variance. A copy of the proposed order for the relief sought by the Motion is attached as Exhibit "A".

Pursuant to this Motion, the Debtors seek this Court's authority to use cash collateral through April 27, 2018 in accordance with the Budget, subject to a 10% overall variance. The Budget reflects those ordinary expenses that the Debtors must pay in order to continue operating and to preserve the going concern value of its business. The Debtors must be able to continue to use their cash to pay their post-petition operating expenses, including payroll, rent, utilities, etc., so that it can continue collecting on its outstanding accounts receivable and remain in business. The value of the Debtors' business would deteriorate quickly and significantly if the Debtors cannot continue to fill customers' orders and to generally operate their businesses in a smooth and uninterrupted fashion.

Dream Media Corporation ("DMC")/Exworks Capital Fund I, L.P. ("Exworks") (collectively, "Lenders") claim a lien in Debtors' cash collateral.

This case was filed on January 11, 2018. Since that time, the Debtors and Lenders have tried but have been unable to negotiate a stipulation for use of cash collateral.

The Lenders' cash collateral is adequately protected by a replacement lien in unencumbered cash,

post-petition accounts receivable and postpetition acquisition of content to its film library.

The Debtors request that the Court conduct a preliminary hearing on this Motion on an emergency basis to enable the Debtors to use cash collateral through March 9, 2018 as necessary to avoid immediate and irreparable harm to the Debtors' estate pending a final hearing.  As discussed above, the Debtors cannot survive 14 days without any use of cash collateral.  The Debtors must be able to pay expenses in accordance with the Budget, such as payroll, content acquisition and distribution transmission fees which must be funded by February 7, 2018 pending a final hearing in order to avoid immediate and irreparable harm to the Debtors' business and their bankruptcy estates.

PLEASE TAKE FURTHER NOTICE that the Motion is based on this Notice and Motion, the Notice of Emergency Motions that will be filed and served upon obtaining a hearing date for this motion and accompany motion to approve a trademark and copy right license out of the ordinary course.  The attached Memorandum of Points and Authorities, and the accompanying exhibits  and declarations of Kelly Holland, Catherine Brandt and Keith Whitworth filed concurrently herewith, the argument of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion.  In addition, the Debtors request that the Court take judicial notice of all documents filed with the Court in this case.

WHEREFORE, the Debtors respectfully requestthat the Court enter an order:

    a)  granting the Motion on an interim basis pending a final hearing thereon;

    b)  affirming the adequacy of the notice given;

    c)  authorizing the Debtors' use of cash collateral on an interim basis through March 1, 2018, pending a final hearing, to pay the expenses set forth in the Budget, subject to a 10% overall variance;

    d)  setting a final hearing on the Motion; and

    e)  granting such other and further relief as the Court deems just and proper.

- <u>Parties With Interest In Cash Collateral</u>:    Dream Media Corporation and/or ExWorks Capital Fund I, L.P.

- <u>Purposes of the Use of Cash Collateral</u>:    As described in Part II.A., below, cash collateral will

1  be used to operate Debtors' business in the ordinary course.

2  • Material Terms of Use of Cash Collateral:    As described in Part II.D., below, this motion seeks

3  interim use for at least 45 days until March 9, 2018 and eventually through April 27, 2018,

4  • Summary of Terms of Adequate Protection:  As described in Part II.D., below, Lender will be

5  given replacements liens in new cash received, post-petition accounts receivables and film library

6  acquisitions.  Further, operation of the Debtors' business preserves the value of lender's collateral

7  whereas cessation of that operation will destroy its value.

8  This Motion is based on the Memorandum of Points and Authorities below, the evidence

9  contained in the accompanying Exhibits and Declarations of Kelly Holland, Catherine Brandt and Keith

10  Whitworth filed concurrently herewith, the record in this case, and the arguments, evidence and

11  representations that may be presented at or prior to the hearing on this Motion.

12  Pursuant to Local Bankruptcy Rule 9075-1(a)(7), any opposition or objection to the Motion may

13  be presented before or at the time of the hearing on the Motion.

14  Dated:  January 28, 2018                    WEISS & SPEES, LLP
                                                /s/ Michael H. Weiss
15                                              Michael H. Weiss
                                                Attorneys for Debtors and Debtors in
16                                              Possession, Penthouse Global Media, Inc. et
                                                al.
17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      BACKGROUND**

Debtors have secured post-petition financing to allow them to operate in chapter 11 - a licensing agreement with Androcles Entertainment, Pty, Ltd. ("Androcles"). Separately, Debtors have moved for an order approving that agreement simultaneously herewith. Under that agreement, Debtor will receive $1,000,000 at the rate of $200,000 per month in new licensing fees for the next five months. These additional license fees will allow Debtors to operate on a cash positive basis and give them the breathing room to propose and confirm a plan.

To get these license fees, Debtors must remain in operation and to do so, they will need to use the cash collateral of the secured lender, Dream Media Corporation ("DMC") according to the Budget set forth in Exhibit "2".[1] DMC claims to have a blanket lien in all of Debtors' assets securing a debt of $10,377,517.49. See DMC's motion for relief from stay at 3-4. [Dkt. No. 60]. For argument's sake, Debtors assume that lien is perfected and valid but reserve the right to subsequently contest both the lien and the debt.

As shown below, Debtors will be able to adequately protect DMC by using cash collateral to operate their business and by granting DMC replacement liens in certain post-petition assets. Indeed, failure to operate Debtors' business is likely to severely impair, if not destroy a substantial amount of the value of DMC's collateral. Holland Decl. ¶ 7(f).

**II.      EMERGENCY NEED FOR USE OF CASH COLLATERAL**

    **A.      Use of cash collateral to operate and preserve Debtors' business operations is appropriate.**

Here, Debtors' need for the use of cash collateral is immediate and urgent because Debtors will run out of cash by February 5, 2018. Supp. Brandt Decl. ¶ 3.[2] These funds are critical to Debtor's survival and ability to move forward with a plan of reorganization. Holland Decl. ¶ 7(f); Whitworth

---

[1]    All references to "Exhibits" refer to exhibits attached to the DECLARATIONS OF KELLY HOLLAND, CATHERINE BRANDT AND KEITH WHITWORTH RE: MOTIONS FOR APPROVAL OF LICENSING AGREEMENT OUT OF THE ORDINARY COURSE OF BUSINESS AND FOR INTERIM USE OF CASH COLLATERAL filed with this Motion.

[2]    This is the declaration attached to the Application shortening time for hearing on this motion.

Decl. 5.  If Debtors do not have the right to use cash collateral they will cease having the ability to operate as early as February 5, 2018.  If operations cease, Debtors' business operations will be irreparably harmed, to the detriment of their estate, creditors, and other parties in interest, absent immediate use of cash collateral as requested herein.  Holland Decl., ¶ 7(f).

Specifically, if Debtors cease operation and fails to provide content to their distribution channels, its distributors will cease making payments thereby destroying the value of Debtors' business.  Holland Decl. ¶ 7(f).  Thus, Debtors seek to have the terms of the use of cash collateral approved on an interim basis until pending a final hearing as set forth in the Budget attached as Exhibit "2" subject to a 10% variance.  A Chapter 11 debtor can be allowed use of cash collateral to maintain and operate its business. *In re Tucson Indus. Partners*, 129 B.R. 614 (9th Cir. BAP 1991).  Indeed, a debtor's access to cash collateral to operate actively facilitates the goal of reorganization. *In re Dynaco Corp.*, 162 B.R. 389 (Bankr. D.N.H. 1993).

**B.    Immediate Interim Relief Is Appropriate**

Bankruptcy Rule 4001(b) permits a court to approve on an interim basis a debtor's request for use of cash collateral during the 14 day period following the filing of a motion requesting authorization to use cash collateral, "only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. Pro. 4001(b) (2).

In examining requests for interim relief under this rule, courts apply the same business judgment standard applicable to other business decisions. *See e.g., In re Ames Dept. Stores*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (holding that debtor may exercise business judgment in this context consistent with their fiduciary duties).  Here, Debtors have exercised reasonable and sound business judgment in seeking interim relief on an emergency basis because they have made a showing of irreparable harm if they are not allowed to use cash collateral to continue operations.  Cessation of operations will destroy Debtors' business because its broadcast distribution channels will cease paying and doing business. Holland Decl. ¶ 7(f).

**C.    Authority to use cash collateral depends upon giving adequate protection to DMC.**

Section 363(c) (2) of the Bankruptcy Code provides in relevant part that a debtor may not use,

sell or lease cash collateral unless "Each entity that has an interest in such cash collateral consents; or …

the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of

this section." 11 U.S.C. § 363(c) (2) (A) & (B).  To use cash collateral without a lienholder's consent, a

debtor must provide the lienholder "adequate protection," which is defined by section 361 of the

Bankruptcy Code to include, among other things, a replacement lien equivalent to any diminution in the

value of the underlying collateral.  11 U.S.C. § 361(2).

Debtors can meet this standard by granting of a replacement lien to the extent of any diminution

in value of the cash collateral and a superpriority administrative expense claim if the replacement lien is

insufficient in all post-petition collateral to the fullest extent permitted by section 361 of the Bankruptcy

Code.  The Debtor's grant of such replacement liens and a super-priority administrative claim is

consistent with and explicitly authorized by section 361. *See, e.g., In re O'Connor,* 808 F.2d 1393, 1397

(10th Cir. 1987); *In re Martin,* 761 F.2d 472, 474 (8th Cir. 1985).

**D.      Debtors will adequately protect DMC, if they continue to operate and enter into the
license agreement with Androcles,**

Adequate protection is measured as of the commencement of the case.  *In re Ritz-Carlton of D.C.,
Inc.,* 98 B.R. 170, 173 (S.D.N.Y. 1989) ("The general rule is that for adequate protection purposes a

secured creditor's position as of the petition date is entitled to adequate protection against

deterioration."); *People's Capital & Leasing Corp. v. Big3D, Inc. (In re Big3D, Inc.),* 438 B.R. 214

(B.A.P. 9th Cir. 2010) (affirming bankruptcy court's refusal to award adequate protection retroactive to

the petition date based on creditor's delay in seeking stay relief or requesting adequate protection).  Thus,

absent inordinate delay, adequate protection must insure that a secured creditor is left in the same

position as it was on the petition date, January 11, 2018.  There is no inordinate delay here to warrant

using another date.

At the commencement of these cases on January 11, 2018, the value of DMC's collateral was as

follows:

| Cash | $103,641 |
|---|---|
| Accounts Receivable | $663,385 |
| Film Library | $4,073,324 |
| Brand Value | $7,000,000 |
| Total | $11,840,350 |

Whitworth Decl. 5; Ex. 5.  In about 30 days on or about March 9, 2018, by virtue of the operation of Debtors' business and the Androcles license agreement, the value of all of these assets increase or remain constant:

|  | Value | Increase |
|---|---|---|
| Cash | $201,760 | $98,114 |
| Accounts Receivable | $1,236,182 | $572,797 |
| Film Library | $4,186,324 | $113,000 |
| Brand Value | $7,000,000 | $0 |
| Total | $12,624,266 | $783,911.00 |

Id.  The foregoing shows that if Debtors enter into the Androcles license agreement and continue in operation, granting DMC a replacement lien in its postpetition receivables, cash and the post-petition additions to accretion of value of the film library, Debtors have adequately protected DMC.

As to cash, Debtors need only protect that interest to the extent of the cash as of the commencement of the case plus any payments made to DMC since the commencement of the case.  On the petition date, Debtors held $103,641 of DMC's cash collateral.  Whitworth Decl. ¶¶ 3 and 5.  Since the commencement of the case, DMC has swept $29,900.32 from one of Debtors' account Brandt Decl. ¶ 5(a).  Thus, Debtors need only protect DMC's cash to the extent of $73,470.68.  Given the post-petition accretion of receivables alone by $572,797, Debtors are providing ample adequate protection to DMC by granting them a lien in the post-petition accounts receivable that are worth almost eight times the amount of cash on hand at the commencement of the case.

## III.  CONCLUSION

In light of the foregoing, Debtors respectfully request that the Court issue an order:

    A.  allowing Debtors to continue to use cash collateral in their operations;

    B.  allowing Debtors to use cash collateral as per the budget set forth in Exhibit "2" for a period of no less than thirty days;

    C.  setting a time for a further hearing for a final order;

    D.  finding that Debtors have afforded DMC adequate protection of their interest in cash collateral;

    E.  for such other and further relief as the court deems just and fit.

1    Dated:  January 28, 2018

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEISS & SPEES, LLP
/s/ Michael H. Weiss
Michael H. Weiss
Attorneys for Debtors and Debtors in
Possession, Penthouse Global Media, Inc. et
al.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1925 Century Park East, suite 650, Los Angeles, CA 90069

A true and correct copy of the foregoing document entitled **MOTION FOR ORDER: (A) GRANTING  (I) USE OF CASH COLLATERAL, (II) ADEQUATE PROTECTION, AND (III) OTHER RELATED RELIEF: AND (B) ESTABLISHING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 23, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Krikor J Meshefejian     kjm@lnbrb.com
S Margaux Ross     margaux.ross@usdoj.gov
Michael St James     ecf@stjames-law.com
Howard Steinberg     steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov
Michael H Weiss     mw@weissandspees.com, lm@weissandspees.com
Beth Ann R Young     bry@lnbyb.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, 2018 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 29, 2018 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**SEE ATTACHED EMAIL SERVICE LIST AND EMAILS TO RECIPIENTS**

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/29/2018 | Laura J. Meltzer | /S/ Laura J. Meltzer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# Mailing list top 20 creditors

## Penthouse Global Media, Inc.

EXWORKS Capital Funds I LP
Robert Richardson
333 W Wacker Drive Suite 1620
Chicago, IL 60606
RRichardson@exworkscapital.com


DREAM MEDIA Corporation
Adam Levin
10990 Wilshire Blvd Penthouse
Los Angeles, CA 90024
adam@orevacapital.com


Greenberg Traurig, LLP
Jeff Joyner
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
joynerj@gtlaw.com


Bayard, P.A.
Steve Brauerman
222 Delaware Ave., Suite 900
P. O. Box 25130
Wilmington, DE 19899
SBrauerman@bayardlaw.com


TGG Accounting
Ryan Larson
10188 Telesis Court, Suite 130
San Diego, CA 92121
ryan.larson@tgg-accounting.com

Hogan Lovells US, LLP
Barry Dastin
1999 Avenue of The Stars, Suite 1400
Los Angeles, CA 90067
barry.dastin@hoganlovells.com

Squar Milner LLP
Keith Troutman
4100 Newport Place, Suite 600
Newport Beach, CA 92660
ktroutman@Squarmilner.com


Miller Law Group
Walter Stella
 111 Sutter Street, Suite 700
San Francisco, CA 94104
wms@millerlawgroup.com


Sedgwick, LLP
Anne-Marie Rutledge
2301 McGee Street, Suite 500
Kansas City, MO 64108-2662
Anne-Marie.Rutledge@sedgwicklaw.com


Allen, Dyer, Dopplet, Milbrath & Gilchrist
David Sigalow
255 South Orange Ave., Suite 1401
Orlando, FL 32801
dsiglaow@allendyer.com


Bressler Law PLLC IOLTA Account
Josh Bressler
3 West 35th Street, 9th Floor
New York, NY 10001
jrb@jrblaw.com


Cancel
California Choice Benefit Administrators
721 South Parker, Suite 200
Orange, CA 92868

Tom Fox
P. O. Box 2402
Santa Cruz, CA 95063
tomfox@gmail.com

Total Records Information Management LLC
Denise Miller
371 Starke Road
Carlstadt, NJ 07072
dmiller@totalrecords.com


Iron Mountain
1000 Campus Drive
Collegeville, PA 19426
ironmountainbillingservices@billtrust.com


Akerman LLP
Caroline Mankey
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
caroline.mankey@akerman.com


GRM Information Management Services, Inc.
Dan Cartel
P. O. Box 35539
Newark, NJ 07193-5539
dcartel@cmiweb.com


C.Hocquel Inc.
Catherine Brandt
8310 Jayseel Street
Sunland, CA 91040
catherinehbrandt@gmail.com


Allgemeines Treuunternehmen (ATU)
Dr. Beunyamin Taskapan
Aeulestrasse 5 P. O. Box 83
9490 Vaduz
Furstentum, Liechtenstein
Buenyamin.Taskapan@atu.li


DSS Consulting Corporation
Dean Skupen
638 Lindero Canyon Road, Suite 117
Oak Park, CA 91377
dskupen@gmail.com

Nextgen Reporting
Jeremy Smiler
999 Old Eagle School, Suite 118
Wayne, PA 19087
jsmiler@nextgenreporting.com

# Penthouse Global Broadcasting, Inc.

NOA Productions SPRL
Jacky Wauters
Avenue Montjoie 84
1180 Brussels, Belgium
jwauters@noaproductions.tv

M7 Group
Bill Wijdeveld
L1246 2 rue Albert Borschette
Luxembourg
Bill.Wijdeveld@m7group.eu

Basmedia B.V.
Bas Ardasch
Pluggematen2
8331TV
Steenwijk, The Netherlands
bas@basmedia.nl

Mile High
Stacey Tower
8148 Devonshire
Ville Mont-Royal
Quebec, Canada H4P2K3
srt@mile-high-media.com

Elle et Lui, LLC
761 S. Rainbow # 120
Las Vegas, NV 89145
philippe.dude@gmail.com

Interactive Media AG
Peter Muszely
Einsiedlestrasse 23
CH-8834 Schindellegi SZ
Switzerland
gero@lifeselector.com

PHE, Inc.
Peter Reynolds
302 Meadowland Drive
Hillsborough, NC 27278
 peter@plaidbagmedia.com

Art Attack Productions/ReVideo Inc.
Kelly Holland
10945 Old Santa Susana Pass
Chatsworth, CA 91311
Kholland@penthouse.com

Fluffy White Dog Media
Eric Mittleman
8033 Sunset Blvd., Suite 308
Los Angeles, CA 90046
Eman714@mac.com

Priority Workforce
Robin Delozier
2170 S Towne Center Pl, # 350
Anaheim, CA 92806
Rdelozier@priorityworkforce.com

FedEx
P. O. Box 7221
Pasadena, CA 91109-7321

SESAC, Inc.
Dave Asher
35 Music Square E
Nashville, TN 37203
dascher.sesacmlc@gmail.com

Digital Media Consultants, LLC
21781 Ventura Blvd., Suite 644
Woodland Hills, CA 91364
dkravis.dmc@gmail.com; David Kravis

Jason Bekoski
168 E. Port Hueneme Road
Port Hueneme, CA 93041
jbekoski@penthouse.com

Arkena SAS
Eglantine Lasserre
15 Rue Cognacq-Jay
75007 Paris, France
eglantine.lasserre@arkena.com

Combat Zone
Dion Giarrusso
9909 Topanga Canyon Blvd., #20
Chatsworth, CA 91311
dion@combatzone.net

Szili Miklos
Adademia Korut 67
6000, Kecskemet, Hungary
adultretoucher@gmail.com

Emily Palan
2412 Delancey Place
Philadelphia, PA 19103
ejpalan@icloud.com

Bizarre Video
Keith Gordon
21621 Nordhoff St., Suite B
Chatsworth, CA 91311
bizarrevideo1@aol.com

Nathanael Kalfa Consulting
Chaussee de Gand, 443
1080 Brussels, Belgium

nkalfa@ogun.tv


Verizon – UpLynk
13031 W Jefferson Blvd., Bldg 900
Los Angeles, CA 90094

## Penthouse Global Licensing, Inc.

Pryor Cashman LLP
Jaimie Brickell
7 Times Square
New York, NY 10036
JBrickell@PRYORCASHMAN.com

Max J. Sprecher, Law Office of
Max Sprecher
5850 Canoga Ave., 4th Floor
Woodland Hills, CA 91367
max@sprecherlaw.com

Corsearch
P. O. Box 4349
Carol Stream, IL 60197-4349
E.D. Publications Inc.
2431 Estancia Blvd., Bldg B
Clearwater, FL 33761-2608
CLS-Watching@wolterskluwer.com


Dennemeyer & Associates;
Ms. Oana Florciel
55, rue des Bruyeres
L-1274 Howald, Luxembourg
ofloricel@dennemeyer-law.com

## Penthouse Global Digital, Inc.

MojoHost
Brad Mitchell
30300 Telegraph Road, Suite 300
Bingham Farms, MI 48025
brad@mojohost.com

Mannassi IT Solutions
Beverley Mannassi
22222 Sherman Way, Suite 206
Canoga Park, CA 91303
Beverley@mannassi.com


Ninja Partners, Inc.
Craig Crisler
1621 E. 6th Street, Suite 1130
Austin, TX 78702
craig@supportninja.com


NetNames USA Inc.
James Mathieson
2711 Centerville Rd
Wilmington, DE 19808
James.Mathieson@netnames.com


Corporation Service Company
P. O. Box 13397
Philadelphia, PA 19101-3397


Cyber Pro Hosting
P. O. Box 26203
Milwaukee, WI 53226
michael@sweethosting.com


WebDot Calm
Lucky Smith
237 Town Center West, # 267
Santa Maria, CA 93458
lsmith@penthouse.com


Hollywood Vaults Inc.
742 Seward Street
Hollywood, CA 90038

Philip Tranker
adenamediacorp@gmail.com

David Tanguay
537 Rue Helene-Baillargeon
Montreal, Quebec H2J4E8
Canada

Christine Pevarnik
2863 Brookside Drive
Mobile, AL 36693
christi830@icloud.com

Qisheng Wu
adenamediacorp@gmail.com

Vladyslav Plashchevatyi
xfive@setds.net

Sergio Freixas
deicox@gmail.com

SternDoor Inc.
affiliate@idealgasm.com

Arash Dadashzadeh
contact@pornixe.com

EX Situ Marketing
penthousepartners@thebestpartner.com

Marcella Monteleon
Marcym25@sweetspicy.com

Steven Moser
601 Stevens St., SW
Watertown, MN 55388

Kelly Publishing
255 S Rengstorff Ave., Apt 132
Mountain View, CA 94040

## Penthouse Global Publishing, Inc.

Creel Printing
Daniel Pevonka
6330 West Sunset Road
Las Vegas, NV 89118
dan.pevonka@lsccom.com

Palm Coast Data LLC
Gordon Neil
11 Commerce Blvd.
Palm Coast, FL 32164
Gordon.Neil@palmcoastdata.com

DVD Factory
7230 Coldwater Canyon
North Hollywood, CA 91605
ty@dvdfactoryinc.com; Ty Kirstein

Barbara F. Pizio
2342 82nd Street, Apt 3
Brooklyn, NY 11214
barbarapizio@gmail.com

Zinio, LLC
75 Remittance Dr., Dept 6825
Chicago, IL 60675-6825

Edgewood Paper
Kathleen Abriola
115A Floral Vale Blvd.
Yardley, PA 19067-5529

Hudson News Distributors, LLC
701-705 Jefferson Road
Parsippany, NJ 07054
koma@edgewoodpaper.com

PR Newswire Association LLC
G.P.O. Box 5897
New York, NY 10087-5897

Getty Images
P. O. Box 953604
St. Louise, MO 63195-3604
GettyImagesAMERCollections@gettyimages.com

Philip J. Hanrahan Jr.
6031 N lake Drive
Whitefish Bay, WI 53217

Alan Dershowitz Consulting LLC
1675 N. Military Trail, 5th floor
Boca Raton, FL 33486
carolynanncohen@gmail.com


LScarabino@cbiz.com; Lisa Sacrabino

Pretty Things Press
P. O. Box 55
Point Reyes Station, CA 94956

Thomas Morton
288 Graham Ave., #1
Brooklyn, NY 11211

Drew Millard
115 W Woodridge Drive
Durham, NC 27707

Michael Hingston
11203-71 Avenue
Edmonton, AB
Canada, AB T6G 0A5

Apparel Brand Consultants LLC
97-05 24th Avenue
East Elmhurst, NY 11369

Disgraceful Inc.
24303 Woolsey Cyn Rd, Spc 31
West Hills, CA 91304


Matt Gallagher
112 Withers Street, Apt 2
Brooklyn, NY 11211

Matt Gallagher
112 Withers Street, Apt 2
Brooklyn, NY 11211