| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael H. Weiss (State Bar Number 107481) mw@weissandspees.com Laura J. Meltzer (State Bar Number 151889) lm@weissandspees.com WEISS & SPEES, LLP 1925 Century Park East, Suite 650 Los Angeles, CA 90067-2701 Telephone: 424-245-3100 Facsimile: 424-217-4160 | |
| ☐ *Movant(s) appearing without an attorney* ☒ *Attorney for Movant(s)* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

</div>

| In re: PENTHOUSE GLOBAL MEDIA, INC. See Attached for All Jointly Consolidated Cases | CASE NO.: 1:18-bk-10098-MB [Lead Case] CHAPTER: 11 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (date): <u>02/01/2018</u>   Movant(s) filed a motion or application (Motion) entitled: <u>Application to Employ Weiss & Spees, LLP as as General Bankruptcy Counsel for Debtors</u>

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (date): <u>02/01/2018</u>   Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than <u>17</u> days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.    Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 02/20/2018            /S/ Michael H. Weiss _____
                            Signature


                            Michael H. Weiss _____
                            Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                          Page 2              F 9013-1.2.NO.REQUEST.HEARING.DEC

# Filed and Served Notice of Opportunity to Request A Hearing on Motion

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael H. Weiss (State Bar Number 107481)<br>mw@weissandspees.com<br>Laura J. Meltzer (State Bar Number 151889)<br>lm@weissandspees.com<br>WEISS & SPEES, LLP<br>1925 Century Park East, Suite 650<br>Los Angeles, CA 90067-2701<br>Telephone: 424-245-3100<br>Facsimile: 424-217-4160<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* [Prop.] Debtors | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

</div>

| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC., a Delaware corporation<br><br>———————————————————<br><br>See attached for Additional Debtors<br><br>APPLIES TO ALL DEBTORS<br><br>Debtor(s). | CASE NO.: 1:18-bk-10098-MB [Lead Case]<br>CHAPTER: 11 |
|---|---|
| | <div align="center">**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**</div> |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Penthouse Global Media, Inc. and All Debtors and Debtors in Possession ,
   filed a motion or application (Motion) entitled Order Authorizing Retention of Weiss & Spees, LLP as as General
   Bankruptcy Counsel To Debtors .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

    (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

    (2)  Movant will lodge an order that the court may use to grant the Motion; and

    (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]


Respectfully submitted,


Date:  02/01/2018

/S/ Michael H. Weiss
Signature of Movant or attorney for Movant

Michael H. Weiss
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 2            F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

1  Michael H. Weiss (State Bar Number 107481)
   mw@weissandspees.com
2  Laura J. Meltzer (State Bar Number 151889)
   lm@weissandspees.com
3  WEISS & SPEES, LLP
   1925 Century Park East, Suite 650
4  Los Angeles, CA 90067-2701
   Telephone: 424-245-3100
5  Facsimile: 424-217-4160

6

7  [Proposed] Attorneys for Debtors and Debtors in Possession
   Penthouse Global Media, Inc. et al.

8               UNITED STATES BANKRUPTCY COURT
                 CENTRAL DISTRICT OF CALIFORNIA
9                SAN FERNANDO VALLEY DIVISION

10 IN RE                                    Case No. 1:18-bk-10098-MB

11      PENTHOUSE GLOBAL MEDIA, INC., a      Chapter 11
        Delaware corporation                Jointly Administered With:
12
                 Debtor.                     Case No. 1:18-bk-10099-MB
13                                           Case No. 1:18-bk-10101-MB
   In re:                                    Case No. 1:18-bk-10102-MB
14    Penthouse Global Broadcasting, Inc.    Case No. 1:18-bk-10103-MB
      Penthouse Global Licensing, Inc.       Case No. 1:18-bk-10104-MB
15    Penthouse Global Digital, Inc.         Case No. 1:18-bk-10105-MB
16    Penthouse Global Publishing, Inc.      Case No. 1:18-bk-10106-MB
      GMI Online Ventures, Ltd.              Case No. 1:18-bk-10107-MB
17    Penthouse Digital Media Productions, Inc. Case No. 1:18-bk-10108-MB
      Tan Door Media, Inc.                   Case No. 1:18-bk-10109-MB
18    Penthouse Images Acquisitions, Ltd.    Case No. 1:18-bk-10110-MB
19    Pure Entertainment Telecommunications, Inc. Case No. 1:18-bk-10111-MB
      XVHUB Group, Inc.                      Case No. 1:18-bk-10112-MB
20    General Media Communications, Inc.     Case No. 1:18-bk-10113-MB
      General Media Entertainment, Inc.
21    Danni Ashe, Inc.
      Streamray Studios, Inc.                APPLICATION FOR ORDER
22                                           AUTHORIZING RETENTION OF
          [X] Affects All Debtors            WEISS & SPEES, LLP AS GENERAL
23          □ Affects                        BANKRUPTCY COUNSEL TO
            □ Affects                        DEBTORS AND DEBTORS IN
24          □ Affects                        POSSESSION; DECLARATIONS OF
            □ Affects                        KELLY HOLLAND AND MICHAEL H.
25        □ See attached for additional Debtors  WEISS; EXHIBITS
26

27

28

   s:\penthouse\employment apps\w&s\w&s employment appl. v. 2.docx

1   **TO THE COURT, THE OFFICE OF THE UNITED STATES TRUSTEE,**

2   **CREDITORS AND PARTIES-IN-INTEREST:**

3       Penthouse Global Media, Inc., Penthouse Global Broadcasting, Inc., Penthouse Global

4   Licensing, Inc., Penthouse Global Digital, Inc., Penthouse Global Publishing, Inc.,

5   GMI Online Ventures, Ltd., Penthouse Digital Media Productions, Inc., Tan Door Media, Inc.

6   Penthouse Images Acquisitions, Ltd., Pure Entertainment Telecommunications, Inc.,

7   XVHUB Group, Inc., General Media Communications, Inc., General Media Entertainment, Inc.,

8   Danni Ashe, Inc. and Streamray Studios, Inc., debtors and debtors-in-possession ("Debtors")

9   propose to retain Weiss & Spees ("W&S") as general bankruptcy counsel for each of the

10   administratively consolidated debtors-in-possession to provide expertise and advice and to

11   generally represent Debtors in connection with these chapter 11 reorganization cases.

12       Debtors submit the following in support of this Application:

13       1.     Debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code on

14   January 11, 2018 (the "Petition Date").

15       2.     These cases were consolidated for administrative purposes by the order of this

16   court dated January 16, 2018.

17   **SUMMARY OF SERVICES TO BE PERFORMED BY W&S.**

18       3.     Debtors seek to retain W&S as general bankruptcy counsel to perform legal

19   services including, but not limited to, the following:

20          (a)     Formulate and seek to confirm a Plan of Reorganization, including but not

21   limited to, preparation of a disclosure statement to accompany any such Plan, analysis of

22   executory contracts and prosecution of claims objections, investigation and analysis of potential

23   pursuit of property of the estate;

24          (b)     Perform all other necessary legal services in connection with the scope of

25   its retention as counsel for Debtors.

26

27

28

4.    . Debtors have selected W&S because of W&S's extensive experience and expertise in bankruptcy matters, including entertainment and intellectual property, complex litigation and other areas of the law which bear upon issues present in these cases. Debtors believe that the attorneys at W&S possess the requisite experience and expertise and are qualified to represent Debtors.

5.    W&S received a pre-petition retainer in the amount of $70,000 for services in the Bankruptcy case. Pre-petition fees and costs will be offset against the retainer and the balance of the retainer will be applied against post-petition fees and costs, subject to approval of the court. Weiss Decl., ¶4.

6.    W&S requests the right to be compensated on an interim basis by submitting monthly Professional Fee Statements which will be paid to W&S after ten (10) days if no party objects, subject to a final fee application to this Court.

7.    W&S requests that the Court approve the following procedures for awarding interim compensation and reimbursement of expenses to W&S at the expense of the estate in this case (the "Fee Procedures") are hereby approved:

a.    Monthly Statements. Commencing in February 2018 and continuing each month thereafter, W&S would prepare an abbreviated monthly fee statement (the "Monthly Statement") relating to the services rendered and expenses incurred by that professional during the prior month. W&S shall file and serve Monthly Statements that will provide: (a) that it seek compensation for the services rendered and expenses incurred during the prior month(s), (or, in the case of the first Monthly Statement, the services rendered and expenses incurred from the Petition Date); (b) indicate the total amount of compensation sought for such services (taking into account the 20% holdback for fees as described in paragraph 3.c, below): and (c) include exhibits indicating (i) the services rendered, the total time expended, the names of the specific individuals who performed the services for which compensation is requested, and the hourly billing rate for each such individual, (ii) the expenses incurred, and (iii) a detailed listing of the time entries

relating to all individuals who performed services, and a detailed listing of all expenses incurred during the applicable period. In any month, W&S may elect to defer filing a Monthly Statement, in which case the next subsequent Monthly Statement must include all of the foregoing items for all deferred months in which interim compensation is sought.

b.    <u>Service of Monthly Statement</u>. W&S asks that Court approve the following procedures for giving notice of the Monthly Statement. If W&S elects to file a Monthly Statement must, on or before the 15th day of the relevant month, W&S must: (i) file the Monthly Statement with the Court; (ii) serve a copy of the Monthly Statement on the Office of the United States Trustee, and (iii) file and serve upon all parties entitled to notice in this case pursuant to Federal Rule of Bankruptcy Procedure 2002 a notice setting forth the amount of compensation being requested pursuant to the Monthly Statement (the "Notice of Monthly Statement"). The Notice of Monthly Statement must provide that a copy of the Monthly Statement may be obtained upon written request to the applicable professional.

c.    <u>Objection Procedure</u>. W&S asks that the court approve the following procedure for objections to payment of interim fees pursuant to a Monthly Statement. Any party in interest who objects to the payment of compensation set forth in a Monthly Statement must, within ten (10) days after the Monthly Statement is mailed, file a written objection with the Court and serve that objection on the professional whose Monthly Statement is the subject of the objection and on the parties listed in paragraph 3.b, above (the "Notice Parties"). Unless the Debtor or another party in interest files and serves an objection to the requested payment within ten (10) days of service of the Monthly Statement, the Debtors will be authorized to pay 80% of the fees requested and 100% of the costs incurred by W&S in the ordinary course of business on an interim basis as set forth in the Monthly Statement in accordance with paragraphs 4 and 5, below. If an objection is filed, Debtors will be authorized

to pay 80% of any undisputed portion of the requested fees and 100% of the
undisputed costs, pending resolution of any objections (consensually or by order of
the Court).

d.    <u>Bankruptcy Code Section 331 Interim fee Application Procedures</u>.  W&S requests
that the Court approve the following interim fee application procedures.  Within
thirty (30) days after the end of each four-month period (the "Interim Fee Period"),
commencing with the period ending on May 1, 2018, except as otherwise set forth
in this Order, if W&S filed a Monthly Statement or otherwise seeks interim
compensation, it may file with the Court and serve on the Notice Parties an interim
fee application (the "Interim Application") pursuant to Bankruptcy Code section
331, Federal Rules of Bankruptcy Procedure 2002(a)(6), 2016, Local Bankruptcy
Rule 2016-1, and the United States Trustee Guidelines.  Pursuant to such Interim
Applications, W&S may seek interim approval and payment of up to 100% of the
compensation relating to professional fees and reimbursement of expenses incurred
since the Petition Date or in the prior four-month period, as the case may be,
including any amounts withheld form monthly payments pursuant to Monthly
Statements.  Before the deadline for filing Interim Applications, counsel for Debtor
must obtain from the Court a date for a hearing on the Interim Applications at least
forty-five (45) days in advance and file and serve a notice of the intended hearing
on the Interim Applications on the Notice Parties and all professionals employed at
the expense of Debtor's estate and, not less than twenty-four (24) days prior to that
hearing, file with the Court and serve on the Notice Parties and all professionals
employed at the expense of  Debtor's estate a notice that specifies the Interim
Applications that have been filed, the total amount of compensation for services
and reimbursement of expenses sought in each such Interim Application, and the
date and time of the hearing on the Interim Applications.

8.    Any party in interest may file and serve a written objection in accordance with the
applicable Federal and Local Bankruptcy Rules.  No party will be estopped from objecting to an

1  Interim or Final Application on the ground that such party failed to object to any Monthly

2  Statement.

3  **DETAILS OF PROPOSED ENGAGEMENT.**

4      9.    Neither the attorneys practicing at W&S, nor any persons who are employed by

5  W&S as legal assistants, are related to or have any connection with the judge in this case, the

6  Debtors, or the creditors of the estate.  Weiss Decl. ¶¶ 3 and 4.

7      10.    A statement of experience of the professionals expected to render services to the

8  Debtor, together with their hourly rates, is set forth in Exhibit "1".

9      11.    W&S agrees that its professional fees and costs shall be paid by the estates as an

10  expense of administration subject to the approval of the Court and in conjunction with the

11  guidelines of the Office of the United States Trustee.  Debtor believes that the retention of W&S,

12  as set forth above, is in the best interests of the estate and all of its creditors.  Holland Decl., ¶ 2.

13      12.    Services performed by Michael H. Weiss and Sherry D. Spees shall be billed at

14  $550 per hour and services performed by Laura J. Meltzer shall be billed at $350 per hour.

15  Paralegal time shall be billed at $175 per hour.  W&S has agreed to accept compensation as set

16  forth above.

17      13.    No previous application for the relief requested herein has been made to this or any

18  other Court.

19      WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

20      A.    Authorizing the Debtor to retain W&S as General Bankruptcy counsel to perform

21  the legal services described herein as of January 11, 2018;

22      B.    Authorizing W&S to be compensated in accordance with 11 U.S.C. §§ 330 and 331

23  which will be paid to W&S after ten (10) days if no party objects, subject to a final fee application

24  to this Court; and

25  ///

26  ///

27

28

1       C.      For such other and further relief as is just, proper and equitable.

2   Dated: January 31, 2018                   WEISS & SPEES, LLP

3                                   /S/ Michael H. Weiss

4                                   Michael H. Weiss

                                     [proposed] Attorneys for Debtors and

5                                   Debtors in Possession

# DECLARATION OF KELLY HOLLAND

I, KELLY HOLLAND, declare as follows:

1.      I am the president of Penthouse Global Media, Inc. and its affiliates (the "Debtors"), Debtors in this case.  I submit this Declaration in support of the Application for Order Authorizing Retention of Weiss & Spees, ("W&S") as General Bankruptcy Counsel for the Debtors ("Application").  I have personal knowledge of the facts stated herein, and if called as a witness could testify competently thereto.

2.      I believe retention of W&S, as set forth above, is in the best interests of the estates and all of their creditors in that W&S lawyers have the experience and expertise required by the Debtors.

3.      I have reviewed the aforesaid application of W&S and believe it to correct and appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed at Chatsworth, California on this 30th day of January, 2018.

_Kelly Holland_
KELLY HOLLAND

Printed on Recycled Paper

8

# DECLARATION OF MICHAEL H. WEISS

I, Michael H. Weiss, declare as follows:

1.      I am a partner at the law firm of Weiss & Spees, LLP ("W&S"), [Proposed] attorneys for debtor and debtor-in-Possession. I submit this declaration in support of the Application for Order Authorizing Retention of Weiss & Spees, LLP as General Bankruptcy Counsel to the Debtors ("Application"). I have personal knowledge of the facts stated herein, and if called as a witness could testify competently thereto.

2.      To the best of my knowledge and belief, none of the members of W&S nor any persons who are employed by W&S as legal assistants, are related to or have any connection with the Bankruptcy Judge considering the employment of W&S within the meaning of Bankruptcy Rule 5002, 11 U.S.C. § 104(14) and Bankruptcy Rule 2014 or to any parties-in-interest to the case.

3.      To the best of my knowledge and belief, no attorney or legal assistant employed by W&S has any connection with Debtors or any creditors of the Debtors. To the best of my knowledge and belief, no attorney or legal assistant employed by W&S holds any interest adverse to the estate of Debtors within the meaning of Bankruptcy Rule 5002, 11 U.S.C. § 104(14) and Bankruptcy Rule 2014.

4.      W&S received a pre-petition retainer in the amount of $70,000 for services in the Bankruptcy case. Pre-petition fees and costs will be offset against the retainer and the balance of the retainer will be applied against post-petition fees and costs, subject to approval of the court.

5.      The Debtors have agreed to compensate W&S for services at designated hourly rates for professional fees and to reimburse W&S for expenses incurred. See Exhibits "2" and "3". The Debtors and W&S have agreed that W&S shall make proper application to the Court for payment of its professional fees and actual and necessary expenses and, upon approval by the Court, W&S shall be entitled to be compensated by the estate as an expense of administration for the amount approved by the Court.

6.      Attorneys at W&S have acted as insolvency counsel for various official creditor's committees, trustees, secured and unsecured creditors, individuals, shareholders and public debt holders, in bankruptcy.  The attorneys of W&S also have extensive experience in the handling of complex commercial transactions and litigation in the federal and state courts.

7.      A statement of experience of the individuals expected to provide services in this case and the rates of compensation charged by such individuals is set forth in Exhibit "2".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed at Los Angeles, California on this 30th day of January, 2018.


/S/ *Michael H. Weiss*
MICHAEL H. WEISS

**Exhibit "1"**

WEISS & SPEES
Statement of Experience and Hourly Rates
for Attorneys and Paralegals

---

<u>ATTORNEYS</u>

MICHAEL H. WEISS, born Philadelphia, Pennsylvania 1951; admitted to bar 1982, California; and U.S. District Court, Central, Northern, Eastern and Southern Districts of California.  Education:  New York University (B.A., magna cum laude, 1975); University of San Francisco (J.D., cum laude, 1982).  Member: McAuliff Honor Society.  Employment:  Law Clerk to the Honorable Barry Russell, United States Bankruptcy Judge, Central District of California, 1982-83; Associate Bankruptcy Department, Severson, Werson, Berke & Melchior, 1983-1985; Associate Bankruptcy Department, Loeb & Loeb, 1985-1990; Associate Bankruptcy Department, Stroock & Stroock & Lavan, 1990-1991; Partner, Weiss & Spees, LLP, Los Angeles, 1991-2002; Berkowitz Black & Zolke, 2002-2003; Partner, Fainsbert Mase & Snyder, LLP, 2003- June, 2009; Partner, Weiss & Spees, June 2009-present.  Member:  Los Angeles County Bar Association. Published author.  Mr. Weiss practices in the areas of bankruptcy reorganization and litigation, financial restructuring and commercial law.

Hourly Rate:  $550.00

SHERRY D. SPEES, born Philadelphia, Pennsylvania 1956; admitted to bar 1981, Pennsylvania; 1986, New York; 1987, California; 1985, U.S. Tax Court.  Education: University of Pennsylvania (B.A., magna cum laude, 1977); Temple University (J.D., 1981); New York University (L.L.M., Tax, 1983).  Employment:  Associate, Whitman & Ransom, New York, New York, 1982-1984; Associate, Curtis Mallet-Prevost Colt & Mosle, New York, New York, 1984-1986; Associate, Wyman, Bautzer, Kuchel & Silbert, Los Angeles, California, 1986-1987; Associate and Senior Counsel, Stroock & Stroock & Lavan, 1987-1991; Managing Partner, Weiss & Spees, LLP, Los Angeles, 1991-2002; Berkowitz Black & Zolke, 2002-2003; Partner, Fainsbert

1   Mase & Snyder, LLP, 2003- June, 2009; Partner, Weiss & Spees, June 2009-present.  Member:

2   State Bars of California and New York; Beverly Hills Bar Association.  Published Author and

3   Lecturer.  Ms. Spees practices in the area of business transactions, tax, estate planning and

4   bankruptcy reorganizations.

5        Hourly Rate:  $550.00

6        LAURA J. MELTZER, born New York, New York, 1956; admitted to bar: 1981,

7   Pennsylvania and U.S. District Court Eastern District of Pennsylvania, U.S. Court of Appeals,

8   Third Circuit; 1989, New York; 1991, California; 1994, Central District of California.  Education:

9   University of New Hampshire (B.A., magna cum laude, Phi Beta Kappa 1978); Temple University

10  (J.D., cum laude, 1981).  Employment: Law Clerk for the Hon. Abraham J. Gafni, Philadelphia

11  Court of Common Pleas, 1981-1982; Associate, Cozen & O'Connor, 1982-1985; Associate,

12  Goldfein & Joseph, 1985-1993; Staff Attorney, Weiss & Spees, LLP, 1994-1998 and 2002-2003;

13  Legal Affairs, Polygram Television, 1998-1999; Legal Affairs, Twentieth Century Fox Film

14  Corporation, 1999-2000; Legal Affairs, Rightsline.com 2000-2001; Associate, Berkowitz, Black

15  & Zolke, 2002-2003; Senior Counsel, Fainsbert, Mase & Snyder, LLP 2003-June, 2009; Partner,

16  Weiss & Spees, June 2009-present.  Member: State Bar of California, State Bar of Pennsylvania,

17  State Bar of New York.  Ms. Meltzer practices in the areas of bankruptcy and civil litigation and

18  intellectual property.

19       Hourly Rate:  $350.00

20  **PARALEGALS**

21       Martha Castillo

22            Hourly Rate: $175

12

# EXHIBIT "2"

Weiss & Spees
Bankruptcy Cost/Expense List

| Category | Billed At |
|---|---|
| Air Travel | Cost |
| Courier – Court | Cost |
| Courier – Local | Cost |
| Courier - Overnight  (UPS, Federal Express, etc.) | Cost |
| Court Reporter | Cost |
| Filing Fees (Court, corporate, etc.) | Cost |
| Hotel | Cost |
| Long Distance Telephone | Cost |
| Meals | Cost |
| Mileage | $0.58.5 per mile (or IRS Standard Rate) |
| Parking | Cost |
| Photocopying (in-house) | $0.25 per page |
| Photocopying (outside) | Cost |
| Photocopy supplies | Cost |
| Postage | Cost |
| Rental Car | Cost |
| Secretarial Overtime | $65.00 per hour |
| Taxi | Cost |
| Telecopier (outgoing) | $0.25 per page |
| Telecopier (incoming) | $0.25 per page |
| Transcripts | Cost |
| Westlaw/Lexis | Cost |

13

Printed on Recycled Paper

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1925 Century Park East, Suite 650
Los Angeles, CA 90067-2701

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _02/01/2018_ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _02/01/2018_ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Overnight: Hon. Martin Barash, U.S. Bankruptcy Court, 21041 Burbank Boulevard, Courtroom 303, Woodland Hills, CA 91367
Email: See attached Service list

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _02/01/2018_ | Laura J. Meltzer | /S/ Laura J. Meltzer |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 3                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

**ECF SERVICE LIST 2.1.2018**

Krikor J Meshefejian     kjm@lnbrb.com

Aram Ordubegian     ordubegian.aram@arentfox.com

S Margaux Ross     margaux.ross@usdoj.gov

Michael St James     ecf@stjames-law.com

Howard Steinberg     steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta     cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss     mw@weissandspees.com, lm@weissandspees.com

Beth Ann R Young     bry@lnbyb.com

## SERVICE LIST SECURED CREDITORS, CREDITORS COMMITTEE AND
## REQUESTS FOR SPECIAL NOTICE

**SECURED CREDITORS:**

EXWORKS Capital Funds I LP
Robert Richardson
333 W Wacker Drive Suite 1620
Chicago, IL 60606
RRichardson@exworkscapital.com


DREAM MEDIA Corporation
Adam Levin
10990 Wilshire Blvd Penthouse
Los Angeles, CA 90024
adam@orevacapital.com

Beth Ann R Young      bry@lnbyb.com


**CREDITORS COMMITTEE:**

DVD Factory Inc.
Steve Kalson
7230 Coldwater Canyon Ave.
North Hollywood, CA 91605
Tel: (818) 432-5782
Fax: (818) 432-5783
ty@dvdfactoryinc.com
Steve-dvd@hotmail.com

LSC Communications US, LLC / Creel Printing
Dan Pevonk
4101 Winfield Rd.
Warrenville, IL 60555
Tel: (630) 821-3108
Fax: (630) 821-3093
dan.pevonka@lsccom.com

TGG
Matthew A. Garrett, CEO
10188 Telesis Court, Suite 130
San Diego, CA 92121
Tel: (760) 697-1033
matt.garrett@tgg-accounting.com

s:\penthouse\jt. admin. service lists, etc\service lists\service list secured cred., creditors comm. and req.
for spec. notice 2.1.18.docx

Miller Law Group
Walter M. Stella
111 Sutter Street
San Francisco, CA 94104
Tel: (415) 464-4300
wms@millerlawgroup.com

Palm Coast Data
Neil Gordon
11 Commerce Blvd.
Palm Coast, FL 32164
Tel: (386) 447-6431
Fax: (386) 447-2625
gordon.neil@palmcoastdata.com

**ECF**

Krikor J Meshefejian    kjm@lnbrb.com
Michael St James    ecf@stjames-law.com
Howard Steinberg    steinbergh@gtlaw.com
pearsallt@gtlaw.com;
laik@gtlaw.com
Cathy Ta    cathy.ta@bbklaw.com
Arthur.Johnston@bbklaw.com
lisa.spencer@bbklaw.com

**REQUESTS FOR SPECIAL NOTICE**

Aram Ordubegian
aram.ordubegian@arentfox.com

Robert M. Hirsh
robert.hirsh@arentfox.com

Mark A. Mintz
Mmintz@joneswalker.com

Joseph E. Bain
jbain@joneswalker.com

s:\penthouse\jt. admin. service lists, etc\service lists\service list secured cred., creditors comm. and req.
for spec. notice 2.1.18.docx

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1925 Century Park East, Suite 650
Los Angeles, CA 90067-2701

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/17/2018  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) 02/20/2018  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash, U.S. Bankruptcy Court, 21041 Burbank Boulevard, Courtroom 303, Woodland Hills, CA 91367

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/20/2018 | Laura J. Meltzer | /S/ Laura J. Meltzer |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 3                          F 9013-1.2.NO.REQUEST.HEARING.DEC

ECF 2.17.18

James A Dumas    jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Allan B Gelbard    xxxesq@aol.com, Allan@GelbardLaw.com

David W. Meadows    david@davidwmeadowslaw.com

Krikor J Meshefejian    kjm@lnbrb.com

Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Aram Ordubegian    ordubegian.aram@arentfox.com

Hamid R Rafatjoo    hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

S Margaux Ross    margaux.ross@usdoj.gov

Michael St James    ecf@stjames-law.com

Howard Steinberg    steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta    cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com

Christopher K.S. Wong    christopher.wong@arentfox.com

Beth Ann R Young    bry@lnbyb.com

**U.S. Mail Per ECF 2.17.18**

Joseph E Bain
Jones Walker LLP
811 Main St., Ste 2900
Houston, TX 77002

M. Jonathan Hayes
Simon Resnik Hayes LLP
15233 Ventura Blvd.
Suite 250
Sherman Oaks, CA 91403

Robert M Hirsh
Arent Fox LLP
1675 Broadway
New York, NY 10019-5820

Mark Mintz
Jones Walker LLP
201 St Charles Avenue, Ste 5100
New Orleans, LA 70170-5100