Linda F. Cantor (CA Bar No. 153762)
Harry D. Hochman (CA Bar No. 132515)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
lcantor@pszjlaw.com
hhochman@pszjlaw.com

Counsel for David K. Gottlieb, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE<br>PENTHOUSE GLOBAL MEDIA, INC., a Delaware corporation<br><br>Debtor.<br><br>In re:<br><br>PENTHOUSE GLOBAL BROADCASTING, INC., PENTHOUSE GLOBAL LICENSING, INC., PENTHOUSE GLOBAL DIGITAL, INC., PENTHOUSE GLOBAL PUBLISHING, INC. GMI ONLINE VENTURES, LTD., PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC., TAN DOOR MEDIA, INC., PENTHOUSE IMAGES ACQUISITIONS, LTD., PURE ENTERTAINMENT TELECOMMUNICATIONS, INC., XVHUB GROUP, INC., GENERAL MEDIA COMMUNICATIONS, INC., GENERAL MEDIA ENTERTAINMENT, INC., DANNI ASHE, INC. STREAMRAY STUDIOS, INC.,<br><br>[X] Affects All Debtors<br>☐ Affects:<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☐ See attached for additional Debtors | Case No. 1:18-bk-10098-MB<br><br>Chapter 11<br><br>Jointly Administered With:<br><br>Case No. 1:18-bk-10099-MB, Case No. 1:18-bk-10101-MB, Case No. 1:18-bk-10102-MB, Case No. 1:18-bk-10103-MB, Case No. 1:18-bk-10104-MB, Case No. 1:18-bk-10105-MB, Case No. 1:18-bk-10106-MB, Case No. 1:18-bk-10107-MB, Case No. 1:18-bk-10108-MB, Case No. 1:18-bk-10109-MB, Case No. 1:18-bk-10110-MB, Case No. 1:18-bk-10111-MB, Case No. 1:18-bk-10112-MB and Case No. 1:18-bk-10113-MB<br><br>**INITIAL STATUS REPORT BY CHAPTER 11 TRUSTEE OF PENTHOUSE GLOBAL MEDIA, INC., ET AL.; DECLARATION OF DAVID K. GOTTLIEB**<br><br>Hearing:<br>Date:  March 13, 2018<br>Time:  1:30 p.m.<br>Place:  Courtroom 303<br>  21041 Burbank Blvd.<br>  Woodland Hills, CA 91367 |

TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS, PARTIES REQUESTING SPECIAL NOTICE AND PARTIES IN INTEREST:

1

David K. Gottlieb, Chapter 11 Trustee (the "<u>Trustee</u>") of the above-captioned bankruptcy estates (the "<u>Estates</u>") of Penthouse Global Media, Inc. and its debtor subsidiaries (collectively, "<u>Debtors</u>"), hereby files his initial status report summarizing the tasks undertaken by the Trustee since his appointment on March 6, 2018.

A.     <u>Bank Accounts</u>

Effective March 8, 2018, the Trustee opened up new Trustee bank accounts at Texas Capital Bank, N.A. for Penthouse Global Media, Inc. and each of its affiliated Debtor entities. On March 9, 2018, funds in the amount of $95,217.77 were transferred from the Debtors' Debtor-In-Possession Accounts to the Chapter 11 Trustee Penthouse Global Media, Inc. Account. A copy of the cash report showing the amounts in the DIP Accounts as of March 8, 2018 transferred to the Trustee Account is appended to the Declaration of David Gottlieb (the "<u>Gottlieb Declaration</u>") annexed hereto as **Exhibit A**. On a going-forward basis, all amounts deposited into the Debtors' DIP accounts at East West Bank and Bank of America will be swept on a weekly basis directly into the Chapter 11 Trustee Bank Account at Texas Capital Bank. The East West Bank Accounts will be under the custody and control of the Chapter 11 Trustee and will be restricted to receiving funds from customers. The Trustee will file a cash management plan to be approved by the Office of the United States Trustee.

The Trustee is informed and believes that the Debtors also utilize the services of Humboldt Merchant Services ("<u>HMS</u>"), which provides merchant credit card processing services. As of the January 11, 2018 petition date (the "<u>Petition Date</u>"), HMS was holding funds of the Debtors in three accounts: two HMS merchant accounts held funds in the approximate amounts of $39,000 and $18,000, respectively, and HMS held approximately $432,000 in a reserve account. The merchant accounts were frozen by HMS on or about the Petition Date. The Trustee is informed and believes that the Debtors were unaware of the reserve account until recently, as that account was established in 2009. The reserve account amount is based on the amount of revenue flowing through the credit card accounts which, in 2009, was approximately $6 million per month and HMS set a reserve amount of $500,000. Over the past two years, revenue flowing through the HMS credit card accounts has been approximately $60,000 to $75,000 per month. On March 8, 2018, the Trustee and

his proposed counsel had a conference call with corporate counsel for HMS for the release of the merchant accounts (subject to HMS post-petition fees and chargebacks of approximately $3,700), and a reduction of the reserve account to $50,000, which reflects current account activity. Depending on the HMS formal response to the Trustee verbal request, the Trustee may seek an order for turnover of funds in the HMS accounts.

B.  Accounting Matters / Operations

The Trustee and his proposed professionals met with the Debtors' executives at the Debtors' premises and have conferred with counsel for the Debtors and with counsel for secured lender Dream Media Corporation ("Dream Media"), Debtors' landlord and special litigation counsel in the Donald Slaughter pending litigation. Two members of the Trustee's proposed financial advisory firm, Province, Inc., have been on-site at the Debtors' premises reviewing the Debtors' books and records, analyzing cash flow and developing a budget. The Trustee has been apprised of the Debtors' operations and staffing needs, and is reviewing cost savings measures with the Debtors' CEO.

The Debtors provided evidence to the Trustee of their compliance with the Child Protection and Obscenity and Enforcement Act of 1988 (18 U.S.C. §2257) requiring that all models and performers photographed, filmed or otherwise appearing in any content created by the Debtors have provided government issued identification demonstrating they are at least eighteen (18) years of age on the day they are photographed, filmed or otherwise appearing in such content. Debtors provided evidence to the Trustee that they retain physical files of copies of such models and performers' government issued identification. They also provided evidence to the Trustee that Debtors comply with 28 CFR 75 et seq. recordkeeping and record inspection requirements by maintaining electronic records (with back-up) of each model and performer's given name cross referenced by any alias, maiden name, nickname, stage name or professional name of the performer and further cross-referenced to the title, number, or other similar identifier of each production in which such person appeared or appears. In this manner, the foregoing information is categorized and retrievable according to any name, real or assumed, used by a performer, and according to any title or other identifier of the matter. Debtors have represented to the Trustee that they comply with other applicable measures and statutes.

The Trustee has received indications of interest in a purchase and/or investment relating to the Debtors' assets. The Trustee is in the process of evaluating the feasibility of continued operations under chapter 11 of the Bankruptcy Code and the development of an efficient sale process with the goal of maximizing value for stakeholders. The Trustee and his professionals are scheduled to meet with Dream Media and its counsel on March 12, 2018.

C. <u>Use of Cash Collateral</u>

To address pressing operating needs, the Trustee will seek to enter into a stipulation with Dream Media for use of cash collateral pursuant to a budget prepared by the Trustee's financial advisors (the "<u>Cash Collateral Stipulation</u>"). As of March 9, 2018, there are sufficient funds in the Trustee Bank Account to fund the Debtors' payroll on March 12, 2018, subject to the Cash Collateral Stipulation and/or authorization from the Bankruptcy Court.

The Estates' current general liability insurance policies terminated February 18, 2018 and were bound over by the Debtors for thirty (30) days until March 20, 2018. The Trustee will be filing a motion seeking authority on an ex parte basis to enter into an insurance premium financing agreement with AFCO Acceptance Corporation to finance $85,676.43 of the $141,214.22 annual premium. As part of the Cash Collateral Stipulation, the Trustee will request approval to use funds in the amount of $57,189.00 to make the down payment required under the insurance premium financing agreement. The Trustee is informed and believes that there will be sufficient funds in the Estates to pay the down payment from cash collateral.

D. <u>Retention of Professionals</u>

The Trustee intends to retain Province, Inc. as his financial advisors and Pachulski Stang Ziehl & Jones LLP as his legal counsel. The Trustee is reviewing Debtors' pending litigation and will determine whether to retain current special counsel in those matters. The Trustee may retain special counsel to advise him concerning intellectual property issues and matters relating to the nuances of Debtors' operations.

E. <u>Pending Matters</u>

The Trustee and his professionals are evaluating the *Debtors' Motion to Approve Post-Petition Financing and to Assume Executory Contract* [Dkt. No. 181] (the "<u>Financing Motion</u>")

4

including all pleadings filed in connection therewith and the transcripts of hearings on the Financing Motion as well as the Debtors' cash collateral motion and Dream Media's motion for relief from the automatic stay. The Trustee's professionals are also in the process of evaluating the secured claims, perfection issues, licensing matters and the issues raised in the Debtors' objection to Dream Media's claim.

Dated: March 12, 2018                          PACHULSKI STANG ZIEHL & JONES LLP


By:   /s/ Linda F. Cantor
      Linda F. Cantor

Attorneys for David K. Gottlieb,
Chapter 11 Trustee for Penthouse Blobal
Media, Inc., et al.

# DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1. I am the duly appointed chapter 11 trustee (the "Trustee") for the estate of Penthouse Global Media, Inc., the above-captioned debtor and their related debtor entities (collectively, the "Debtors"). I was appointed Trustee of the Debtor's estate by Order of the Bankruptcy Court entered March 6, 2018.

2. Except as otherwise stated, all facts contained in this Declaration are based upon personal knowledge (albeit my own or that gathered from others at my direction), my review of relevant documents, or my opinion based upon my experience concerning the Debtor and the administration of the estate's assets. If called upon to testify, I could and would testify to the facts set forth in this Declaration. This Declaration is filed in accordance with Local Bankruptcy Rule 2016-1(a)(1)(J).

3. I am filing with Declaration in support of the Initial Status Report By Chapter 11 Trustee Of Penthouse Global Media, Inc., et al. (the "Initial Status Report"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Initial Status Report.

4. Effective March 8, 2018, I opened up new Trustee bank accounts at Texas Capital Bank, N.A. for Penthouse Global Media, Inc. and each of its affiliated Debtor entities. On March 9, 2018, funds in the amount of $95,217.77 were transferred from the Debtors' Debtor-In-Possession Accounts to the Chapter 11 Trustee Penthouse Global Media, Inc. Account. A copy of the cash report showing the amounts in the DIP Accounts as of March 8, 2018 transferred to the Trustee Account is appended hereto as **Exhibit A**. On a going-forward basis, all amounts deposited into the Debtors' Debtor-In-Possession accounts at East West Bank and Bank of America will be swept on a weekly basis directly into the Chapter 11 Trustee Bank Account at Texas Capital Bank. The East West Bank Accounts will be under my custody and control as Chapter 11 Trustee and will be restricted to receiving funds from customers. I will file a cash management plan to be approved by the Office of the United States Trustee.

5. I am informed and believe that the Debtors also utilize the services of Humboldt Merchant Services, which provides merchant credit card processing services. I am further informed and believe that as of the Petition Date, HMS was holding funds of the Debtors in three accounts: two HMS merchant accounts held funds in the approximate amounts of $39,000 and $18,000, respectively, and HMS held approximately $432,000 in a reserve account, and merchant accounts were frozen by HMS on or about the Petition Date. I am also informed and believe that the Debtors were unaware of the reserve account until recently, as that account was established in 2009. I have been advised by HMS that the reserve account amount is based on the amount of revenue flowing through the credit card accounts which, in 2009, was approximately $6 million per month and HMS set a reserve amount of $500,000. Over the past two years, I have been advised and believe that revenue flowing through the HMS credit card accounts has been approximately $60,000 to $75,000 per month. On March 8, 2018, my proposed counsel and I participate in a conference call with Debtors' CEO and COO to corporate counsel for HMS in which I requested the release of the merchant accounts (subject to HMS post-petition fees and chargebacks of approximately $3,700), and a reduction of the reserve account to $50,000, which reflects current account activity. Depending on the HMS formal response to my request, I may seek an order for turnover of funds in the HMS accounts on an ex parte basis.

6. My proposed professionals and I met with the Debtors' executives at the Debtors' premises and have conferred with counsel for the Debtors and with counsel for secured lenders Dream Media, Debtors' landlord and special litigation counsel in the Donald Slaughter pending litigation. Two members of my proposed financial advisory firm, Province, Inc., have been on-site at the Debtors' premises reviewing the Debtors' books and records, analyzing cash flow and developing a budget. My professionals and I have been apprised of the Debtors' operations and staffing needs, and we are reviewing cost savings measures with the Debtors' CEO.

7. The Debtors' personnel provided evidence to me regarding their compliance with the Child Protection and Obscenity and Enforcement Act of 1988 (18 U.S.C. §2257) requiring that all models and performers photographed, filmed or otherwise appearing in any content created by the Debtors have provided government issued identification demonstrating they are at least eighteen (18)

7

years of age on the day they are photographed, filmed or otherwise appearing in such content. Debtors' personnel showed me the physical files they maintain storing copies of models' and performers' government issued identification. The Debtors' personnel also provided evidence to me concerning their compliance with 28 CFR 75 et seq. recordkeeping and record inspection requirements by maintaining electronic records (with back-up) of each model and performer's given name cross referenced by any alias, maiden name, nickname, stage name or professional name of the performer and further cross-referenced to the title, number, or other similar identifier of each production in which such person appeared or appears. Through sampling of examples, the Debtors' personnel were able to demonstrate that the foregoing information was categorized and retrievable according to any name, real or assumed, used by a performer, and according to any title or other identifier of the matter. The Debtors have also represented to me that they comply with other applicable measures and statutes.

8. I have received indications of interest in a purchase and/or investment relating to the Debtors' assets. My professionals and I are in the process of evaluating the feasibility of continued operations under chapter 11 of the Bankruptcy Code and the development of an efficient sale process with the goal of maximizing value for stakeholders. My professionals and I are scheduled to meet with Dream Media and its counsel on March 12, 2018.

9. To meet pressing operating needs of the Estates, I will seek to enter into a stipulation with Dream Media for use of cash collateral pursuant to a budget prepared by my financial advisors. As of March 9, 2018, there are sufficient funds in the Trustee Bank Account to fund the Debtors' payroll on March 12, 2018, subject to the Cash Collateral Stipulation and/or authorization from the Bankruptcy Court.

10. The Estates' current general liability insurance policies terminated February 18, 2018 and were bound over by the Debtors for thirty (30) days until March 20, 2018. I will be filing a motion seeking authority on an ex parte basis to enter into an insurance premium financing agreement with AFCO Acceptance Corporation to finance $85,676.43 of the $141,214.22 annual premium. As part of the Cash Collateral Stipulation, I will request approval to use funds in the amount of $57,189.00 to make the down payment required under the insurance premium financing

agreement. I am informed and believe that there will be sufficient funds in the Estates to pay the down payment from cash collateral.

11. I intend to retain Province, Inc. as my financial advisors and Pachulski Stang Ziehl & Jones LLP as my legal counsel. I am reviewing Debtors' pending litigation and will determine whether to retain current special counsel in those matters. I may retain special counsel to advise me regarding intellectual property issues and matters relating to the nuances of Debtors' operations.

12. My professionals and I are evaluating the *Debtors' Motion to Approve Post-Petition Financing and to Assume Executory Contract* [Dkt. No. 181] including all pleadings filed in connection therewith and the transcripts of hearings on the Financing Motion as well as the Debtors' cash collateral motion and Dream Media's motion for relief from the automatic stay. My professionals are also in the process of evaluating the secured claims, perfection issues, licensing matters and the issues raised in the Debtors' objection to Dream Media's claim.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of March, 2018 at Encino, California.

_____
David K. Gottlieb

# Exhibit A

| Cash Report for all Operating Accounts at 3/8/18 | 3:04 PM | | |
|---|---|---|---|
| Balances with Checks Outstanding: | | | |
| Penthouse Global Publishing (3795): | $20,655.86 | | |
| Publishing Contra (9054) | $0.00 | | |
| Broadcasting (3852): | $70,065.30 | | |
| Penthouse Global Licensing Chapter 11 DIP (3845): | $0.00 | | |
| Licensing Contra (9047) | $0.00 | | |
| Digital (3779): | $3,842.51 | | |
| Digital Sub-Account (6848) | ($3,919.59) | ($261.86-@2/20/18-Analysis Fee 01/18) | |
| Digital Contra Account (9062-ExWorks sweep) | ($487.06) | 2/20/18-Analysis Fee 01/18 | |
| Media (3035): | ($2,538.02) | 2/20/18-Analysis Fee 01/18 | |
| Bank of America (8253) | $128.11 | | |
| Penthouse Global Media Inc. Operating Account (DIP) (5500009646) | $7,470.76 | | |
| Tax Account (DIP) (5500009660) | $0.00 | | |
| Grand Total USD: | $95,217.77 | | |
| Net Cash Total | $95,217.77 | | |
| **Please refer to individual tab for details of checks outstanding** | | | |
| Euro Broadcasting (0448) | - | EURO | |
| Euro Broadcasting (0449) | - | EURO | |
| Net Euro balance | - | EURO | |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled **INITIAL STATUS REPORT BY CHAPTER 11 TRUSTEE OF PENTHOUSE GLOBAL MEDIA, INC., ET AL.; DECLARATION OF DAVID K. GOTTLIEB** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>March 12, 2018</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On <u>March 12, 2018,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method <u>for each person or entity served</u>)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>March 12, 2018</u> served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/ Courtroom 303
Woodland Hills, California 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 12, 2018 | Janice G. Washington | /s/ Janice G. Washington |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:312881.1 32277/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Aram Ordubegian on behalf of Creditor LSC Communications US, LLC / Creel Printing
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney Weiss & Spees, LLP
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Communications, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

DOCS_LA:312881.1 32277/001

Penthouse Digital Media Productions, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Broadcasting, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Digital, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Licensing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Publishing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Images Acquisitions, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure
Entertainment Telecommunications, Inc.
fka For Your Ears Only, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Streamray Studios, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan
Door Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
XVHUB Group, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Christopher K.S. Wong on behalf of
Creditor LSC Communications US, LLC /
Creel Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor
Dream Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor
Interested Party
bry@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  
DOCS_LA:312881.1 32277/001

**F 9013-3.1.PROOF.SERVICE**

**U.S. Bankruptcy Court
Central District of California (San Fernando Valley)
In re Penthouse Global Media, Inc., Case No. 18-10098-MB**

2. **SERVED BY UNITED STATES MAIL**:

*Office of U.S. Trustee*
Margaux S. Ross
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

*Requests for Special Notice*
Howard J. Steinberg (CA SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

Aram Ordubegian (SBN 185142)
Robert M. Hirsh (*pro hac vice* application to be submitted)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:312881.1 32277/001