BUCHALTER
A Professional Corporation
JEFFREY K. GARFINKLE (SBN: 153496)
MIRCO J. HAAG (SBN: 316111)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: mhaag@buchalter.com

Attorneys for Creditor
Easy Online Solutions, Ltd. d/b/a MojoHost

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:18-bk-10098-MB |
| PENTHOUSE GLOBAL MEDIA, INC., et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |
| | **MOTION PURSUANT TO 11 U.S.C. § 366 FOR ADEQUATE PROTECTION OF MOJOHOST AS A UTILITY OR IN THE ALTERNATIVE FOR RELIEF UNDER 11 U.S.C. § 365; AND** |
| | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| | [Declaration of Brad Mitchell in Support of Motion Filed Concurrently Herewith] |
| | [Hearing Set by Notice] |

TO THE HONORABLE MARTIN R. BARASH, DAVID GOTTLIEB, THE CHAPTER 11 TRUSTEE, DEBTORS PENTHOUSE GLOBAL MEDIA, INC., ET AL., THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THEIR COUNSEL OF RECORD AND ALL OTHER INTERESTED PARTIES:

Creditor, Easy Online Solutions, Ltd. d/b/a MojoHost ("MojoHost"), by and through undersigned counsel, makes this motion pursuant to 11 U.S.C. § 366 for adequate protection of an

internet hosting service provider as a utility, or in the alternative, for relief under 11 U.S.C. § 365 (the "Motion")[1], and submits the following memorandum of points and authorities along with the concurrently filed declaration of MojoHost CEO Brad Mitchell:

### Jurisdiction and Venue

Penthouse Global Media, Inc., et al.[2] ("Debtors"), "a leader in the Adult Entertainment Industry for over 50 years," as self-described in a status report, filed for Chapter 11 on January 11, 2018 (the "Petition Date").  Docket Entry No. 55 at Page 2, Lines 4-5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

The statutory basis for the relief requested herein is Sections 365 and 366 of Title 11 of the United States Code (the "Bankruptcy Code").

### Background

MojoHost is the Debtors' internet hosting service allowing Debtors serve content over the internet.  According to Debtors' status report, "Penthouse [Global Digital] runs membership websites as well as several free websites."  Docket Entry No. 55 at page 3, lines 5-6.

Persevering utility services on an uninterrupted basis is essential to Debtors' ongoing operations.  Indeed, any interruption to utility services, even for a brief period of time, would disrupt Debtors' ability to continue operations.  The disruption to Debtors' web presence would adversely impact customer relationships resulting in a decline in Debtors' revenues and profits.  Such a result would undermine any eventual creditor recoveries.

---

[1] MojoHost is also concurrently filing a Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d)(1).

[2] Other debtors in jointly administered cases include GMI Online Ventures, Ltd., Penthouse Digital Media Productions, Inc., Tan Door Media, Inc., Penthouse Images Acquisitions, Ltd., Pure Entertainment Telecommunications, Inc. fka Fo, XVHUB Group, Inc., Penthouse Global Broadcasting, Inc., Penthouse Global Licensing, Inc., Penthouse Global Digital, Inc., Penthouse Global Publishing, Inc., General Media Communications, Inc., General Media Entertainment, Inc., Danni Ashe, Inc., Streamray Studios, Inc. To the extent it appears those entities are jointly benefiting from MojoHost's services, they are included in this motion.

As of the Petition Date, MojoHost was owed approximately $50,000.00 and is an unsecured creditor. Post-petition, MojoHost's charges accrue at the rate of approximately $12,500.00 per month. No payments have been made to date.

While an internet hosting service displays some characteristics of traditional broadcast media, it also functions in a manner more akin to a utility, acting like a common carrier moving data from one computer to another with no regard for the information being transferred. An entity other than a public utility can be considered a "utility" for purposes of the Bankruptcy Code. *In re Good Time Charlie's, Ltd.*, 25 B.R. 226 (Bankr. E.D. Pa. 1982) (shopping mall owner who contracted with local electric company for electrical service for tenants is "utility" as that term is used in 11 U.S.C. § 366); *In re Spence*, 545 B.R. 280 (Bankr. W.D. Mo. 2016), *aff'd*, 2016 Bankr. LEXIS 2815 (BAP 8th Cir. 2016) (homeowners association should be considered a utility for purposes of 11 U.S.C. § 366, because water was necessity and condos could not get it except through association).[3]

**Adequate Assurances**

Pursuant to Section 366 of the Bankruptcy Code, adequate assurance of future payment must be offered by the debtor to the utility within 20 days of the bankruptcy filing. However, Debtors in this case have not complied with Section 366. Debtors should make an adequate assurance deposit of two-months' service, which amounts to $25,000.00. If Debtors fail to do so, this Court should authorize MojoHost to terminate service.

**Alternative Relief**

In the event the Court determines an internet hosting service is not a utility and Section 366 does not apply, MojoHost is still entitled to relief. Despite being in bankruptcy for two and half months, Debtors have failed to make any post-petition payments to MojoHost. Under these circumstances, this Court has the authority to order Debtors to assume or reject

---

[3] MojoHost recognizes a 1997 district court decision which held that an internet hosting service was not a utility because "[i]nternet access and electronic mail services are simply not essential to society. There are many alternative forms of communication which are customarily used for the same purposes." *Compuserve Inc. v. Cyber Promotions*, 962 F. Supp. 1015, 1025 (S.D. Ohio 1997). Whatever may have been the case in 1997, by 2018, the facts have completely changed, and an internet hosting service now qualifies as a utility.

contracts after a reasonable period.  11 U.S.C. § 365(d)(2); *see Theater Holding Co. v. Mauro*, 681 F.2d 102 (2d Cir. 1982) (ordering assumption or rejection of lease within 30 days); *In re Rebel Rents, Inc.*, 291 B.R. 520, 530-31 (Bankr. C.D. Cal. 2003) (finding contract was important to Debtor's business and ordering assumption or rejection within 30 days).

MojoHost has already provided unpaid internet services to Debtors for several months (while exposed to financial risk without assurances of payment) which is a more than reasonable time for Debtors to determine whether to assume or reject this contract.  As mentioned above, continued service from MojoHost is necessary for Debtors' business.  If Debtors intend to assume the contract with MojoHost, it would suffer no prejudice by doing so now.  And if Debtors intend to reject its contract with MojoHost, they should do so now, preventing further harm to MojoHost.  To the extent the Court does not find MojoHost to be a utility and declines to grant relief from the stay, the Court should require Debtors to either assume or reject their agreement with MojoHost within 30 days.

### Relief Requested

By this Motion, MojoHost seeks entry of an order, pursuant to Section 366 of the Bankruptcy Code: (a) determining that MojoHost is a utility under Section 366; or in the alternative, (b) pursuant to 365(d)(2) compelling Debtors to within 30 days of the Court's order either reject the executory contract with MojoHost or assume the agreement, cure all defaults, and provide adequate assurances as required by statute.

///
///
///
///
///
///

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

4
**MOTION PURSUANT TO 11 U.S.C. § 366 FOR ADEQUATE PROTECTION OF AN INTERNET SERVICE PROVIDER AS A UTILITY**
BN 31959629v5

WHEREFORE, for the reasons set forth herein MojoHost respectfully requests that the Court (a) enter an order granting the relief requested herein and (b) grant such other and further relief as is just and proper.

DATED: March 13, 2018

BUCHALTER
A Professional Corporation

By: /s/ *Jeffrey K. Garfinkle*
JEFFREY K. GARFINKLE
MIRCO J. HAAG
Attorneys for Creditor Easy Online Solutions, Ltd. d/b/a MojoHost

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

5
**MOTION PURSUANT TO 11 U.S.C. § 366 FOR ADEQUATE PROTECTION OF AN INTERNET SERVICE PROVIDER AS A UTILITY**
BN 31959629v5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

    18400 Von Karman Avenue, Suite 800
    Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **MOTION PURSUANT TO 11 U.S.C. § 366 FOR ADEQUATE PROTECTION OF MOJOHOST AS A UTILITY OR IN THE ALTERNATIVE FOR RELIEF UNDER 11 U.S.C. § 365; AND MEMORANDUM OF POINTS AND AUTHORITIES**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 13, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    ☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 13, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

    ☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 13, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    ☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2018 | Danielle Cyrankowski | /s/ Danielle Cyrankowski |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*      **F 9013-3.1.PROOF.SERVICE**
BN 32166078v1

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Ron Bender**  rb@lnbyb.com
- **Linda F Cantor**  lcantor@pszjlaw.com, lcantor@pszjlaw.com
- **Russell Clementson**  russell.clementson@usdoj.gov
- **James A Dumas**  jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
- **Allan B Gelbard**  xxxesq@aol.com, Allan@GelbardLaw.com
- **David Keith Gottlieb (TR)**  dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- **David W. Meadows**  david@davidwmeadowslaw.com
- **Krikor J Meshefejian**  kjm@lnbrb.com
- **Alan I Nahmias**  anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- **Aram Ordubegian**  ordubegian.aram@arentfox.com
- **Hamid R Rafatjoo**  hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- **S Margaux Ross**  margaux.ross@usdoj.gov
- **Michael St James**  ecf@stjames-law.com
- **Howard Steinberg**  steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- **Cathy Ta**  cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com
- **United States Trustee (SV)**  ustpregion16.wh.ecf@usdoj.gov
- **Michael H Weiss**  mw@weissandspees.com, lm@weissandspees.com
- **Christopher K.S. Wong**  christopher.wong@arentfox.com
- **Beth Ann R Young**  bry@lnbyb.com

**SERVED BY UNITED STATES MAIL**:

S Margaux Ross
Office of the U.S. Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Debtor (Lead)
Penthouse Global Media, Inc., et al.
8944 Mason Ave.
Chatsworth, CA 91311

The Official Committee of Unsecured Creditors
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars
12th Floor
Los Angeles, CA 90067

**SERVED BY PERSONAL DELIVERY:**

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
BN 32166078v1