1   Linda F. Cantor (CA Bar No. 153762)
    PACHULSKI STANG ZIEHL & JONES LLP
2   10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA  90067
3   Telephone: 310/277-6910
    Facsimile: 310/201-0760
4   E-mail:  lcantor@pszjlaw.com

5

6   Proposed Attorneys for David K. Gottlieb, Chapter 11 Trustee

7

8               **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SAN FERNANDO VALLEY DIVISION**

11  In re:                                Cases No.: 1:18-BK-10098-MB

12  PENTHOUSE GLOBAL MEDIA, INC.,         Chapter 11

13              Debtor.                   Jointly Administered with Cases Nos.:
                                          1:18-bk-10099-MB; 1:18-bk-10101-MB;
14  ☒ Affects All Debtors                 1:18-bk-10102-MB; 1:18-bk-10103-MB;
                                          1:18-bk-10104-MB; 1:18-bk-10105-MB;
15  ☐ Affects Penthouse Global Broadcasting, Inc.   1:18-bk-10106-MB; 1:18-bk-10107-MB;
                                          1:18-bk-10108-MB; 1:18-bk-10109-MB;
16  ☐ Affects Penthouse Global Licensing, Inc.      1:18-bk-10110-MB; 1:18-bk-10111-MB;
    ☐ Affects Penthouse Global Digital, Inc.        1:18-bk-10112-MB; 1:18-bk-10113-MB
17  ☐ Affects Penthouse Global Publishing, Inc.
    ☐ Affects GMI Online Ventures, Ltd.   **CHAPTER 11 TRUSTEE'S APPLICATION**
18  ☐ Affects Penthouse Digital Media Productions, Inc.   **TO EMPLOY PACHULSKI STANG ZIEHL**
                                          **& JONES LLP AS GENERAL**
19  ☐ Affects Tan Door Media, Inc.        **BANKRUPTCY COUNSEL EFFECTIVE**
    ☐ Affects Penthouse Images Acquisitions, Ltd.   **MARCH 6, 2018; DECLARATION OF**
20  ☐ Affects Pure Entertainment Telecommunications, Inc.   **LINDA F. CANTOR IN SUPPORT**
                                          **THEREOF**
21  ☐ Affects XVHUB Group, Inc.
    ☐ Affects General Media Communications, Inc.
22  ☐ Affects General Media Entertainment, Inc.
    ☐ Affects Danni Ashe, Inc.
23  ☐ Affects Streamray Studios, Inc.

24

25  **TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE,**
    **THE DEBTORS AND THEIR COUNSEL OF RECORD, THE SECURED LENDER,**
26  **OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES REQUESTING SPECIAL**
    **NOTICE:**
27
        David K. Gottlieb, the duly appointed chapter 11 trustee (the "Trustee") in the above-
28
    captioned bankruptcy cases of Penthouse Global Media, Inc. and its debtor affiliates (collectively,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the "Debtors"), hereby files this application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ") as general bankruptcy counsel to the Trustee in these cases (the "Cases"), effective as of March 6, 2018. This Application is brought pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1. In support of the Application, the Trustee respectfully represents as follows:

1.      On January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases are being jointly administered under cases number 1:18-bk-10098-MB [Docket No. 17].

2.      On March 2, 2018, the Court entered an order directing the appointment of a Chapter 11 Trustee [Docket No. 231].

3.      On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236]. On that same day, the Court entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue is proper pursuant to 28 U.S.C. § § 1408 and 1409.

## I.

## RELIEF REQUESTED

The Trustee seeks Court approval to retain PSZJ, effective as of March 6, 2018, to provide the legal services to the Trustee that will be required to administer these Cases. The Trustee desires to retain PSZJ because of its particular expertise in the areas of insolvency, business reorganization, and other debtor/creditor matters. PSZJ has served as general bankruptcy counsel to chapter 7 and 11 trustees in many cases and to a wide range of debtors in various industries. In addition, PSZJ has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. PSZJ also has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out of court restructurings. Copies of the resumes of PSZJ's attorneys who are expected to be principally responsible for the Cases are attached to the Declaration of Linda F. Cantor (the "Cantor Declaration") as Exhibit A. PSZJ's depth of experience in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

bankruptcy makes it well qualified to represent the Trustee. More information about PSZJ is available at its website, www.pszjlaw.com. Therefore, the Trustee believes that PSZJ's retention is in the best interest of the estates.

The Trustee desires to retain PSZJ, at the expense of the Estates, to undertake such tasks as required by the Trustee, including, but not limited to, the following:

(a)    Advising the Trustee concerning the rights and remedies of the estates in regard to the assets of the estates, and with respect to the secured, priority and unsecured claims of creditors;

(b)    Representing the Trustee in connection with financial and business matters, including the sale of any assets;

(c)    Representing the Trustee in connection with investigation of potential causes of action, and the litigation thereof if warranted and directed by the Trustee;

(d)    Investigating and prosecuting preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

(e)    Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estates may be litigated or affected;

(f)    Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and papers, etc.;

(g)    Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the estates; and

(h)    Rendering such other advice and services as the Trustee may require in connection with these Cases.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## II.

## DISINTERESTEDNESS

To the best of the Trustee's knowledge and based upon the Cantor Declaration attached hereto, neither PSZJ nor any of its partners, of counsel, or associates has any connection with the Debtors, any creditor of the estates, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth in the Cantor Declaration.

In particular, the Cantor Declaration discloses the following:

(a)    Robert J. Feinstein, a partner in the Firm's New York Office who joined the Firm in September 2001, represented General Media, Inc. ("GMI") and certain of its affiliates in relation to general business matters:[1] GMI, along with its direct and indirect subsidiaries, was a publishing, online and entertainment company engaged in the publication and sale of Penthouse magazine and four affiliate magazines, various adult-oriented entertainment products and services, the licensing of its trademarks to foreign countries and live entertainment clubs.

(b)    Prior to joining the Firm, a law firm of which Mr. Feinstein was a member also represented Penthouse Mayflower Corporation and Columbus Plaza Site Associates (both wholly-owned subsidiaries of GMI).  Such representation was terminated as of August 31, 2001.

(c)    In August 2003, GMI filed for protection under chapter 11 of the Bankruptcy Code and the Firm served as general bankruptcy counsel for GMI and the following debtor affiliates: General Media Art Holding, Inc., General Media Communications, Inc., General Media Entertainment, Inc., General Media (UK), Ltd., GMCI Internet Operations, Inc., GMI On-Line Ventures, Ltd., Penthouse Images Acquisitions, Ltd., and Pure Entertainment Telecommunications, Inc.

(d)    Through their chapter 11 plan, which became effective on or about October 5, 2004, ownership of GMI was transferred to its bondholders and Penthouse Media Group, Inc. ("PMGI"),

---

[1] The GMI related entities were: Penthouse International, Inc. ("PII"), (which held a majority ownership interest in GMI); Robert C. Guccione (who owned 66% of GMI); General Media Fine Arts, Inc. (a wholly owned subsidiary of GMI); Locusts on Hudson River Corp. (a wholly owned subsidiary of GMI); Penthouse Clubs International Establishment (a wholly owned subsidiary of GMI); and Penthouse Financial Services, N.V. (a wholly owned subsidiary of GMI).  Mr. Feinstein had represented GMI and these entities since May 1998.

became the successor to the GMI debtors. Prior equity received no value on account of its interests.
The Firm filed its notice of withdrawal as counsel for the reorganized PMGI on or about September
1, 2005.

(e)     No further services were provided by the Firm to PMGI, its successor FriendFinder
Networks Inc. ("FFN") or any affiliate of such entities or any affiliate of GMI after September 2005.

(f)     In July 2007, FFN filed a third-party action against Pachulski, Stang, Ziehl, Young,
Jones & Weintraub, P.C., a predecessor of the Firm ("PSZJW") in an action commenced by a former
employee of PMGI against FFN (the "Krynicki Action"). In September 2008, FFN commenced a
third-party action against PSZJW in an action commenced by Mr. Guccione against FFN (the
"Guccione Action"). The two actions were settled by the Firm. The Krynicki Action was dismissed
in March, 2011, and the Guccione Action was dismissed in October 2011.

(g)     The Firm has no personal knowledge regarding PMGI, its successors or affiliates
after its withdrawal as counsel of record for PMGI in September 2005.

Nevertheless, in connection with the Firm's conflicts check and to confirm that the Firm
meets the Bankruptcy Code's requisite "disinterested" standard, the Firm reviewed the public
records regarding various transactions involving PMGI and its successors subsequent to the
termination of its representation in September 2005. Those transactions are described in pleadings
filed in the Bankruptcy Court Docket of the Chapter 11 case of PGMI Holdings, Inc., et al., Case No.
13-12404, filed on September 17, 2013, in the District of Delaware (the "PGMI Holdings Case").
The description of transactions set forth in the following two paragraphs are set forth in the
*Declaration of Ezra Shashoua in Support of the Debtors' Chapter 11 Petitions and Requests for
First Day Relief* [Dkt. No. 16 in the PGMI Holdings Case] (the "Shashoua Declaration"), the
*Modified Second Amended Joint Plan Of Reorganization Of PMGI Holdings, Inc. et al. Under
Chapter 11 of the Bankruptcy Code* [Dkt No. 359 in the PGMI Holdings Case] (the "PGMI Holdings
Case Plan"), and the notice of effective date filed in that case.[2]

---

[2] *See Notice of (A) Entry of Order Confirming Modified Second Amended Joint Plan Of Reorganization Of Pmgi
Holdings Inc. et al. Under Chapter 11 of The Bankruptcy Code, (B) Occurrence Of Effective Date and (C) Deadlines
For Filing Certain Claims* [Dkt. No. 369] (the "Effective Date Notice").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1       The PGMI Holdings Case filings disclose that in 2007, PMGI acquired Various, Inc. after

2  which the business was held by the newly created entity FFN.  On October 27, 2010, FFN completed a

3  debt restructuring which consolidated substantially all of its debt into three tranches with maturities in

4  September, 2013 and April, 2014.  On May 16, 2011, FFN and its related companies (the "FNN

5  Companies") issued 5,000,000 shares of common stock at a price of $10.00 per share and completed its

6  Initial Public Offering (the "IPO").  Following the IPO, the equity of FFN was traded on NASDAQ

7  Global Market under the ticker symbol "FFN" until August 7, 2013.  Beginning on August 8, 2013, the

8  equity of FFN began trading on the OTCQB Marketplace under the ticker symbol "FFNT."  On July 12,

9  2011, the FNN Companies acquired substantially all the assets of PerfectMatch.com from Matrima, Inc.,

10  for approximately $2,000,000 in cash and common shares of FFN worth approximately $500,000.[3]

11       The PGMI Holdings Case filings further disclose that the FNN Companies actively pursued a

12  financial restructuring or refinancing transaction beginning in October 2012.  Those efforts resulted in a

13  Transaction Support Agreement dated as of September 16, 2013 between the FFN Companies and certain

14  of its secured lenders, the terms of which were implemented though the filing of chapter 11 cases for

15  PGMI Holdings, Inc., and related entities.[4]  The cases were commenced in the U.S. Bankruptcy

16  Court for the District of Delaware on September 17, 2013, case no. 13-12404,[5] and the entities' plan

17  of reorganization became effective on December 20, 2013.[6]  The plan implemented a financial

18  restructuring of the FNN Companies' debt, cancelled then-existing equity and issued new equity to

19  certain holders of claims.[7]

20       As set forth in the judicial findings of fact by Montgomery-Reeves, Vice Chancellor, in his

21  Memorandum Opinion filed May 26, 2017, in *FriendFinder Networks, Inc. v. Penthouse Global*

22  *Media, Inc.*, 12436-VCMR (Del. Ch. 2017) (the "Memorandum Opinion"), in 2014, FFN began

23  exploring the possibility of selling the Penthouse entertainment business consisting of broadcasting,

24  publishing, licensing and online sites.  FFN engaged SSG Advisors, an investment banker, to market the

25  Penthouse entities for sale.  On February 19, 2016, FFN and Steamray as sellers and Penthouse Global

---

[3] *See* Shashoua Declaration at paragraphs 12 – 15.
[4] *See* Shashoua Declaration at paragraphs 25 – 28.
[5] See Shashoua Declaration at paragraph 10.
[6] *See* Effective Date Notice at paragraph 2.
[7] See PGMI Holdings Case Plan.

Media, Inc., a company formed by Kelly Holland, as buyer, purchased the stock of sixteen subsidiaries of FFN.[8]

To the best of the Trustee's knowledge and based upon the Cantor Declaration, neither PSZJ nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

To the best of the Trustee's knowledge and based upon the Cantor Declaration, neither PSZJ nor any of its partners, of counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors.

To the best of the Trustee's knowledge and based upon the Cantor Declaration, neither PSZJ nor any of its partners, of counsel, or associates has any interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors for any other reason. Accordingly, PSZJ and its partners, of counsel, and associates are "disinterested persons" as that term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

To the best of the Trustee's knowledge and based upon the Cantor Declaration, the Firm does not have a legal, business, financial, professional or personal relationship with a party or a witness in these Cases, and its prior representation of different entities that previously held interests in the Debtors' assets will not affect the Firm's representation of the Trustee in these Cases.

To the best of the Trustee's knowledge and based upon the Cantor Declaration, the Firm has no confidential information concerning the current Debtors from its prior representation of GMI and PMGI that is material to these Cases, and its representation of the Trustee herein is in no way adverse to former clients who no longer have any relationship to or interest in the Debtors or their assets. Nevertheless, none of the Firm's attorneys that provided legal services in connection with the GMI bankruptcy cases or the reorganized PMGI will work on these cases and those attorneys will be walled off from any information concerning these cases.

To the best of the Trustee's knowledge and based upon the Cantor Declaration, the Firm has conducted an extensive conflicts check relating to its proposed retention as counsel for the Trustee,

---

[8] *See* Memorandum Opinion at Section B.3.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    including the Debtors, equity holder of Penthouse Global Media, Inc., Debtors' directors, their

2    secured lender, professionals and all creditors of each of the Debtors. Thus far, the Firm has not

3    encountered any creditors of the Debtors or parties in interest in which an actual conflict exists

4    between the Firm and such parties. If, at any subsequent time during the course of these

5    proceedings, the Firm learns of any other representation which may give rise to a conflict, the Firm

6    will promptly file with the Court and the Office of the United States Trustee an amended declaration

7    identifying and specifying such involvement.

8       As stated in the Cantor Declaration, given the Firm's extensive experience representing

9    various parties in interest in bankruptcy proceedings throughout the United States, the Firm may

10    have represented creditors' committees in other cases in which the members of such committees or

11    their constituencies have included creditors and current or former creditors of the Debtor; however,

12    PSZJ is not representing any of those entities in the Cases and will not represent any members of

13    these committees in any claims that they may have collectively or individually against the Debtors.

14       To the best of the Trustee's knowledge and based upon the Cantor Declaration, PSZJ and

15    certain of its shareholders, counsel and associates may have in the past represented, and may

16    currently represent and will likely in the future represent creditors of the Debtors in connection with

17    matters unrelated to the Debtors and this Cases. To the best of the Trustee's knowledge and based

18    upon the Cantor Declaration, PSZJ is not aware of any current representations in unrelated cases of

19    parties who are creditors of the Debtors or other parties on the conflicts list attached as Exhibit B to

20    the Cantor Declaration.

21       To the best of the Trustee's knowledge and based upon the Cantor Declaration, PSZJ may

22    retain various professionals during the pendency of these Cases, and the Trustee may retain other

23    professionals in the future. PSZJ has previously worked with and will continue to work with certain

24    of these professionals on various representations, at times representing the same parties and at other

25    times representing parties with similar interests or parties with adverse interests.

26       The Firm has represented and, in some cases, continues to represent the Trustee, solely in the

27    capacity as trustee or examiner in bankruptcy cases that were or are pending in the Central District

28    of California that are unrelated to these Cases.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## III.

## COMPENSATION

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay PSZJ its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The hourly rate of Linda Cantor, the attorney currently expected to be principally responsible for the Cases, is $975, effective as of January 1, 2018. The hourly rate for Beth Dassa, the paralegal assigned to the Cases, is $375. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached to the Cantor Declaration as Exhibit C.

The Firm has not received any retainer in contemplation of its proposed employment. However, it is contemplated that the Firm may seek interim compensation during the Cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in these Cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f) and must be filed with the Court and served upon the Trustee, its proposed counsel, and the United States Trustee no later than fourteen (14) days from the date of service of notice of the filing of the Application.

Notice of filing of this Application was provided to the Office of the United States Trustee, the Debtors and their counsel of record, the official committee of unsecured creditors and its counsel, and all parties who filed and served a request for special notice as of the date of service of the Notice.

1  **WHEREFORE**, the Trustee requests that this Court approve the employment of Pachulski

2  Stang Ziehl & Jones LLP as general bankruptcy counsel, as of March 6, 2018, to render services as

3  described above, with compensation to be paid by the estates as an administrative expense in such

4  amounts as this Court may hereafter determine and allow.

5  Dated: April 4, 2018                    Chapter 11 Trustee

6

7                                          By: _____

8                                              David K. Gottlieb

9

10

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Linda F. Cantor (CA Bar No. 153762)
   Jeffrey L. Kandel (CA Bar No. 115832)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, CA 90067
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760
   E-mail: lcantor@pszjlaw.com

6  Proposed Attorneys for David K. Gottlieb, Chapter 11 Trustee

8  ## UNITED STATES BANKRUPTCY COURT

9  ## CENTRAL DISTRICT OF CALIFORNIA

10  ## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Cases No.: 1:18-BK-10098-MB |
| PENTHOUSE GLOBAL MEDIA, INC., | Chapter 11 |
| Debtor. | Jointly Administered with Cases Nos.: |
| | 1:18-bk-10099-MB; 1:18-bk-10101-MB; |
| ☒ Affects All Debtors | 1:18-bk-10102-MB; 1:18-bk-10103-MB; |
| ☐ Affects Penthouse Global Broadcasting, Inc. | 1:18-bk-10104-MB; 1:18-bk-10105-MB; |
| ☐ Affects Penthouse Global Licensing, Inc. | 1:18-bk-10106-MB; 1:18-bk-10107-MB; |
| ☐ Affects Penthouse Global Digital, Inc. | 1:18-bk-10108-MB; 1:18-bk-10109-MB; |
| ☐ Affects Penthouse Global Publishing, Inc. | 1:18-bk-10110-MB; 1:18-bk-10111-MB; |
| ☐ Affects GMI Online Ventures, Ltd. | 1:18-bk-10112-MB; 1:18-bk-10113-MB |
| ☐ Affects Penthouse Digital Media Productions, Inc. | **DECLARATION OF LINDA F. CANTOR** |
| ☐ Affects Tan Door Media, Inc. | **IN SUPPORT OF CHAPTER 11** |
| ☐ Affects Penthouse Images Acquisitions, Ltd. | **TRUSTEE'S APPLICATION TO EMPLOY** |
| ☐ Affects Pure Entertainment Telecommunications, Inc. | **PACHULSKI STANG ZIEHL & JONES** |
| ☐ Affects XVHUB Group, Inc. | **LLP AS GENERAL BANKRUPTCY** |
| ☐ Affects General Media Communications, Inc. | **COUNSEL EFFECTIVE MARCH 6, 2018** |
| ☐ Affects General Media Entertainment, Inc. | |
| ☐ Affects Danni Ashe, Inc. | |
| ☐ Affects Streamray Studios, Inc. | |

I, Linda F. Cantor, declare and state as follows:

1.  I am a partner of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm")[1] and am

duly admitted to practice in the State of California and before this Court.

----

[1] Capitalized terms not defined herein have the meanings used in the Application.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.      I make this declaration in support of the application (the "<u>Application</u>") filed by David K. Gottlieb, Chapter 11 Trustee of the estates of Penthouse Global Media, Inc. (the "<u>Trustee</u>"), to employ the PSZJ as general bankruptcy counsel, effective as of March 6, 2018.

3.      The name, address, telephone number, and facsimile number of the Firm are as follows:

> Pachulski Stang Ziehl & Jones LLP
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, California 90067
> Telephone:  (310) 277-6910
> Facsimile:   (310) 201-0760

4.      The Firm has particular expertise in the areas of insolvency, business reorganization, and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to chapter 7 and 11 trustees in many cases and to a wide range of debtors in various industries. In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out of court restructurings. Copies of the resumes of the Firm's attorneys who are expected to be principally responsible for the representation of the Trustee in the bankruptcy cases of Penthouse Global Media, Inc. and its affiliated debtor entities (the "<u>Cases</u>"), are attached hereto as **Exhibit A.**

5.      The Trustee desires to retain the Firm, at the expense of the estates, to undertake such tasks as required by the Trustee, including, but not limited to the following:

(a)      Advising the Trustee concerning the rights and remedies of the estates in regards to the assets of the estates, and with respect to the secured, priority and unsecured claims of creditors;

(b)      Representing the Trustee in connection with financial and business matters, including the sale of any assets;

(c)      Representing the Trustee in connection with investigation of potential causes of action, and the litigation thereof if warranted and directed by the Trustee;

(d)      Investigating and prosecuting preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(e)     Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estates may be litigated or affected;

(f)     Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and papers, etc.;

(g)     Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the estates; and

(h)     Rendering such other advice and services as the Trustee may require in connection with the Cases.

6.      To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates has any connection with Penthouse Global Media, Inc. and its debtor affiliates (collectively, the "Debtors"), any creditor of the estates, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth below:

(a)     Robert J. Feinstein, a partner in the Firm's New York Office who joined the Firm in September 2001, represented General Media, Inc. ("GMI") and certain of its affiliates in relation to general business matters:[2]  GMI, along with its direct and indirect subsidiaries, was a publishing, online and entertainment company engaged in the publication and sale of Penthouse magazine and four affiliate magazines, various adult-oriented entertainment products and services, the licensing of its trademarks to foreign countries and live entertainment clubs.

(b)     Prior to joining the Firm, a law firm of which Mr. Feinstein was a member also represented Penthouse Mayflower Corporation and Columbus Plaza Site Associates (both wholly-owned subsidiaries of GMI).  Such representation was terminated as of August 31, 2001.

---

[2]  The GMI related entities were: Penthouse International, Inc. ("PII"), (which held a majority ownership interest in GMI); Robert C. Guccione (who owned 66⅔% of GMI); General Media Fine Arts, Inc. (a wholly owned subsidiary of GMI); Locusts on Hudson River Corp. (a wholly owned subsidiary of GMI); Penthouse Clubs International Establishment (a wholly owned subsidiary of GMI); and Penthouse Financial Services, N.V. (a wholly owned subsidiary of GMI).  Mr. Feinstein had represented GMI and these entities since May 1998.

(c)      In August 2003, GMI filed for protection under chapter 11 of the Bankruptcy Code and the Firm served as general bankruptcy counsel for GMI and the following debtor affiliates: General Media Art Holding, Inc., General Media Communications, Inc., General Media Entertainment, Inc., General Media (UK), Ltd., GMCI Internet Operations, Inc., GMI On-Line Ventures, Ltd., Penthouse Images Acquisitions, Ltd., and Pure Entertainment Telecommunications, Inc.

(d)      Through their chapter 11 plan, which became effective on or about October 5, 2004, ownership of GMI was transferred to its bondholders and Penthouse Media Group, Inc. ("PMGI"), became the successor to the GMI debtors.  Prior equity received no value on account of its interests. The Firm filed its notice of withdrawal as counsel for the reorganized PMGI on September 1, 2005.

(e) No further services were provided by the Firm to PMGI, its successor FriendFinder Networks Inc. ("FFN") or any affiliate of such entities or any affiliate of GMI after September 1, 2005.

(f)      In July 2007, FFN filed a third-party action against Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C., a predecessor of the Firm ("PSZJW") in an action commenced by a former employee of PMGI against FFN (the "Krynicki Action").  In September 2008, FFN commenced a third-party action against PSZJW in an action commenced by Mr. Guccione against FFN (the "Guccione Action").  The two actions were settled by the Firm.  The Krynicki Action was dismissed in March, 2011, and the Guccione Action was dismissed in October 2011.

(g)      Neither I nor other members of the Firm have personal knowledge regarding PMGI, its successors or affiliates after the Firm's withdrawal as counsel of record for PMGI in September 2005.

7.      Nevertheless, in connection with the Firm's conflicts check and to confirm that the Firm meets the Bankruptcy Code's requisite "disinterested" standard, I reviewed the public records regarding various transactions involving PMGI and its successors subsequent to the termination of the Firm's representation in September 2005.  Those transactions are described in pleadings filed in the Bankruptcy Court Docket of the Chapter 11 case of PGMI Holdings, Inc., et al., Case No. 13-12404, filed on September 17, 2013, in the District of Delaware (the "PGMI Holdings Case").  The

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

description of transactions set forth in the following two paragraphs are set forth in the *Declaration of Ezra Shashoua in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Dkt. No. 16 in the PGMI Holdings Case] (the "Shashoua Declaration"), the *Modified Second Amended Joint Plan Of Reorganization Of PMGI Holdings, Inc. et al. Under Chapter 11 of the Bankruptcy Code* [Dkt No. 359 in the PMGI Holdings Case] (the "PGMI Holdings Case Plan"), and the notice of effective date filed in that case.[3]

8.        The PGMI Holdings Case filings disclose that in 2007, PMGI acquired Various, Inc. after which the business was held by the newly created entity FFN.  On October 27, 2010, FFN completed a debt restructuring which consolidated substantially all of its debt into three tranches with maturities in September, 2013 and April, 2014.  On May 16, 2011, FFN and its related companies (the "FNN Companies") issued 5,000,000 shares of common stock at a price of $10.00 per share and completed its Initial Public Offering (the "IPO").  Following the IPO, the equity of FFN was traded on NASDAQ Global Market under the ticker symbol "FFN" until August 7, 2013.  Beginning on August 8, 2013, the equity of FFN began trading on the OTCQB Marketplace under the ticker symbol "FFNT."  On July 12, 2011, the FNN Companies acquired substantially all the assets of PerfectMatch.com from Matrima, Inc., for approximately $2,000,000 in cash and common shares of FFN worth approximately $500,000.[4]

9.        The PGMI Holdings Case filings further disclose that the FNN Companies actively pursued a financial restructuring or refinancing transaction beginning in October 2012.  Those efforts resulted in a Transaction Support Agreement dated as of September 16, 2013 between the FFN Companies and certain of its secured lenders, the terms of which were implemented though the filing of chapter 11 cases for PGMI Holdings, Inc., and related entities.[5] The cases were commenced in the U.S. Bankruptcy Court for the District of Delaware on September 17, 2013, case no. 13-12404,[6] and the entities' plan of reorganization became effective on December 20, 2013.[7]  The plan implemented a

---

[3] *See Notice of (A) Entry of Order Confirming Modified Second Amended Joint Plan Of Reorganization Of Pmgi Holdings Inc. et al. Under Chapter 11 of The Bankruptcy Code, (B) Occurrence Of Effective Date and (C) Deadlines For Filing Certain Claims* [Dkt. No. 369] (the "Effective Date Notice").
[4] *See* Shashoua Declaration at paragraphs 12 – 15.
[5] *See* Shashoua Declaration at paragraphs 25 – 28.
[6] See Shashoua Declaration at paragraph 10.
[7] *See* Effective Date Notice at paragraph 2.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    financial restructuring of the FNN Companies' debt, cancelled then-existing equity and issued new

2    equity to certain holders of claims.[8]

3        10.    As set forth in the judicial findings of fact by Montgomery-Reeves, Vice Chancellor,

4    in his Memorandum Opinion filed May 26, 2017, in *FriendFinder Networks, Inc. v. Penthouse*

5    *Global Media, Inc.*, 12436-VCMR (Del. Ch. 2017) (the "Memorandum Opinion"), in 2014, FFN

6    began exploring the possibility of selling the Penthouse entertainment business consisting of

7    broadcasting, publishing, licensing and online sites.  FFN engaged SSG Advisors, an investment banker,

8    to market the Penthouse entities for sale.  On February 19, 2016, FFN and Steamray as sellers and

9    Penthouse Global Media, Inc., a company formed by Kelly Holland, as buyer, purchased the stock of

10   sixteen subsidiaries of FFN.[9]

11       11.    Notwithstanding the Firm's representation approximately 13 years ago of entities that

12   held rights to the Penthouse entertainment business, the Firm believes that it is a "disinterested person"

13   within the meaning of Section 101(14) and 327 of the Bankruptcy Code.  Specifically, to the best of my

14   knowledge (1) the Firm is not a creditor, equity holder or insider of the Debtors herein as that term is

15   defined in section 101(31) of the Bankruptcy Code; (2) the Firm is not and was not, within 2 years

16   before the date of the filing of the petition, a director, officer or employee of the Debtors; and (3) the

17   Firm does not have an interest materially adverse to the interest of the estates or of any class of creditors

18   or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest

19   in, the Debtors, or for any other reason.

20       12.    The Firm believes that its representation of the Trustee in these cases comports with Rule

21   3-310 of the Rules of Professional Conduct for the State of California concerning Avoiding the

22   Representation of Adverse Interests.  To the best of my knowledge, the Firm does not have a legal,

23   business, financial, professional or personal relationship with a party or a witness in these Cases, and its

24   prior representation of different entities that previously held interests in the Debtors' assets will not affect

25   the Firm's representation of the Trustee in these cases. California Rule of Professional Conduct 3-310

26   (B).

27   ───────────────

28   [8] See PGMI Holdings Case Plan.
     [9] *See* Memorandum Opinion at Section B.3.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13.     To the best of my knowledge, the Firm has no confidential information concerning the current Debtors from its prior representation of GMI and PMGI that is material to these Cases, and its representation of the Trustee herein is in no way adverse to former clients who no longer have any relationship to or interest in the Debtors or their assets. California Rule of Professional Conduct 3-310(C). Nevertheless, in an abundance of caution, none of the Firm's attorneys that provided legal services in connection with the GMI bankruptcy cases or the reorganized PMGI will work on these cases and those attorneys will be walled off from any information concerning these cases.

14.     To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

15.     To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors.

16.     To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or associates has any interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors for any other reason. Accordingly, PSZJ and its partners, of counsel, and associates are "disinterested persons" as that term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

17.     To the best of my knowledge, the Firm does not have a legal, business, financial, professional or personal relationship with a party or a witness in these Cases, and its prior representation of different entities that previously held interests in the Debtors' assets will not affect the Firm's representation of the Trustee in these Cases.

18.     To the best of my knowledge, the Firm has no confidential information concerning the current Debtors from its prior representation of GMI and PMGI that is material to these Cases, and its representation of the Trustee herein is in no way adverse to former clients who no longer have any relationship to or interest in the Debtors or their assets. Nevertheless, none of the Firm's

attorneys that provided legal services in connection with the GMI bankruptcy cases or the reorganized PMGI will work on these cases and those attorneys will be walled off from any information concerning these cases.

19.    The Firm has conducted an extensive conflicts check relating to its proposed retention as counsel for the Trustee, including the Debtors, equity holder of Penthouse Global Media, Inc., Debtors' directors, their secured lender, professionals and all creditors of each of the Debtors.  Thus far, the Firm has not encountered any creditors of the Debtors or parties in interest in which an actual conflict exists between the Firm and such parties.  If, at any subsequent time during the course of these proceedings, the Firm learns of any other representation which may give rise to a conflict, the Firm will promptly file with the Court and the Office of the United States Trustee an amended declaration identifying and specifying such involvement.

20.    Given the Firm's extensive experience representing various parties in interest in bankruptcy proceedings throughout the United States, the Firm may have represented creditors' committees in other cases in which the members of such committees or their constituencies have included creditors and current or former creditors of the Debtor; however, PSZJ is not representing any of those entities in the Cases and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtors.

21.    To the best of my knowledge, PSZJ and certain of its shareholders, counsel and associates may have in the past represented, and may currently represent and will likely in the future represent creditors of the Debtors in connection with matters unrelated to the Debtors and these Cases. To the best of my knowledge, PSZJ is not aware of any current representations in unrelated cases of parties who are creditors of the Debtors or other parties on the conflicts list attached hereto as **Exhibit B**.

22.    To the best of my knowledge, PSZJ may retain various professionals during the pendency of these Cases, and the Trustee may retain other professionals in the future.  PSZJ has previously worked with and will continue to work with certain of these professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

23.     The Firm has represented and, in some cases, continues to represent the Trustee, solely in the capacity as trustee or examiner in bankruptcy cases that were or are pending in the Central District of California that are unrelated to these Cases.

24.     Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies.   My hourly rate is $975, effective as of January 1, 2018. The hourly rate for Beth Dassa, the paralegal assigned to the Cases, is $375. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached hereto as **Exhibit C**.

25.     The Firm has not received any retainer in contemplation of its proposed employment. However, it is contemplated that the Firm will seek interim compensation during the Cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the Cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

26.     The attorneys at the Firm that will be involved in the Cases are familiar with the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules and will comply with them.

To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 5th day of April, 2018, at Los Angeles, California.

*/s/ Linda F. Cantor*
Linda F. Cantor

# Exhibit A

PACHULSKI
STANG
ℰ ZIEHL
JONES



10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003

# Linda F. Cantor

Tel: 310.277.6910    |    lcantor@pszjlaw.com

## EDUCATION

University of Michigan (A.B.,
with high distinction, 1979)

University of Michigan (M.S.
W. 1982)

University of Michigan (J.D.,
cum laude, 1987)

## BAR AND COURT
## ADMISSIONS

1988, Illinois

1991, California

Ms. Cantor's practice focuses on representing companies and creditor representatives in financial restructurings and bankruptcy reorganizations. Ms. Cantor has substantial experience representing debtors, trustees, secured creditors and official creditors' committees in chapter 11 bankruptcy cases. She is a graduate of the University of Michigan, where she later received her J.D. She holds an AV Preeminent Peer Rating, Martindale-Hubbell's highest recognition for ethical standards and legal ability, and was listed among the Top Women Attorneys in Southern California for Bankruptcy by Super Lawyers. She was also listed in the 2018 edition of *Best Lawyers in America*. Ms. Cantor, a member of the firm since 1990, is admitted to practice in Illinois and California, and is a resident in our Los Angeles office.

## Representations

Chapter 11 debtors in American Suzuki Motor Corporation, Woodside Homes (formerly one of the nation's largest privately owned homebuilders), Ownlt Mortgage Solutions (formerly a major national subprime lender and loan originator), Prime Measurement Products, Whitehouse Hotels (developer of the Ritz Carlton Hotel and related developments in New Orleans, Louisiana), Breed Technologies (manufacturer of crash sensors and airbag systems), American Rice, Focal Communications, Gateway Educational Products (developer of "Hooked on Phonics"), Imperial Aluminum; Vulcan Metal Products, Dana Corporation, Ocean Park Hotels, Arlie & Company

Chapter 11 trustees in New Val Ford dba Magic Ford (formerly the nation's 5th largest Ford dealership), 21st Century Film Corporation, NSB Film Corporation, Georges Marciano; The Tulving Company

Court-appointed receiver in Mazda and Kia Superstores

Linda F. Cantor (Cont.)

PACHULSKI
STANG
ZIEHL
&
JONES

Creditors' committees in Loews Cineplex Entertainment, B.U.M. International, The Boston Stores, Madison Associates (formerly Pannell Kerr Foster), C&R Clothiers

## Programs and Lectures

ABI Winter Leadership Conference (issues arising in hotel bankruptcy cases);

ABI Southwest Bankruptcy Conference (post-confirmation/jurisdiction);

California Bankruptcy Forum (ethics matters)

## Publications

"The Impact of Bankruptcy on Entertainment License Agreements: Protecting the Rights of Debtor Licensees," 19 *California Bankruptcy Journal* 225 (1991)



# PACHULSKI
## STANG
### ℰ ZIEHL
JONES

10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003

# Iain A.W. Nasatir

Tel: 310.277.6910    |    inasatir@pszjlaw.com

**EDUCATION**

Williams College; Columbia
University (B.A. 1979)

Benjamin N. Cardozo School
of Law (J.D., *cum laude*,
1982)

Order of Barristers; National
Moot Court Team

**BAR AND COURT
ADMISSIONS**

1983, New York

1991, California

Iain Nasatir specializes in insurance and reinsurance disputes, including in particular insolvency and coverage matters for primary, reinsurance, and excess carriers. He has had substantial experience in representing clients in coverage disputes with state guaranty associations, including, for example, those arising out of the Executive Life Insurance Company insolvency.

On the litigation front, in 2005 Mr. Nasatir obtained a defense judgment at trial on behalf of Fremont General in a suit brought by the Bank of New York over workers compensation deposits. He also obtained dismissals for the same client in litigations brought by the California Insurance Commissioner. On behalf of his Superior National client, he settled a reinsurance fraud dispute with a "walk-away." In the course of his firm's representation of Sizzler Restaurants International in bankruptcy, Mr. Nasatir advised on complex reinsurance and insurance defense issues arising in the bankruptcy regarding the debtor's captive, and successfully implemented a mandatory mediation program in the bankruptcy court to maximize the opportunity for a premium refund to be paid to the debtor. Mr. Nasatir has also been involved in similar capacities for the trustee of a bankrupt American subsidiary of a Japanese scrap metal company and for Breed Technologies in its bankruptcy. In addition to handling coverage issues on primary insurance and reinsurance agreements, Mr. Nasatir has represented policyholders in coverage disputes, including D & O coverage litigation with National Union Fire Insurance Company of Pittsburgh, Pa. and other similar carriers.

He attended Stowe School in Bucks, England, Williams College, Columbia College, and Cardozo School of Law. In 2006, he was named a Southern California Super Lawyer. Mr. Nasatir is admitted to practice in New York and California, and is a resident in our Los Angeles office.

Iain A.W. Nasatir  (Cont.)

PACHULSKI

STANG

ZIEHL

JONES

## Representations

Fremont General; Superior National; Commonwealth Insurance; Farmers; Certain Underwriters at Lloyds; Reinsurance Association of America

Insurance Insolvencies: KWELM; Mission Insurance; Transit Insurance; Executive Life

## Professional Affiliations

Conference of Insurance Counsel

Inter-Pacific Bar Association

Vice-chair, ABA Torts & Insurance Practice Section (2006-2007)

Member, International Association of Insurance Receivers

## Programs and Lectures

Lecturer, International Reinsurance Congress; Inter-Pacific Bar Association

## Publications

Co-author, "Recent Developments in Excess, Surplus Lines, and Reinsurance," 39 *ABA Tort Trial & Insurance Practice Law Journal* 376 (2004)

"Insurer's Collapse Highlights Hazards to Investors," *National Law Journal* (April 1995)

"For All the Wrong Reasons D & O Claims Should Diminish," *Risk Management* (Oct. 1994)

"Whose Contract Is It Anyway?" *Mealey's Litigation Reports Reinsurance* (Aug. 1994)

Co-author, "Communications Under Wraps," *Best's Review* (Sept.1992)

Co-Author, "Late Notice: In Harm's Way," *Best's Review* (Sept.1991)

PACHULSKI
STANG
*&* ZIEHL
JONES



150 California Street
15th Floor
San Francisco, CA
94111-4500

# Henry C. Kevane

Tel: 415.263.7000    |    hkevane@pszjlaw.com

**EDUCATION**

Brown University (A.B.,
*magna cum laude*, 1982)

Southwestern Law School
(J.D., *magna cum laude*,
1986)

**BAR AND COURT
ADMISSIONS**

1986, California

Mr. Kevane is the managing partner of the firm's San Francisco office. He has worked on transactional and bankruptcy matters with clients from a variety of industries, and is listed among the "Best Lawyers in America" and "San Francisco's Best Lawyers" for his work in bankruptcy and creditor-debtor rights law. He has also been named a "Northern California Super Lawyer" every year since 2004 in a peer survey conducted by Law & Politics and the publishers of *San Francisco* magazine, an honor bestowed on only 5% of Northern California attorneys. In 2011, the *Daily Journal* profiled him in a special supplement as one of the top 25 municipal lawyers in California for his work in chapter 9 bankruptcy cases. Mr. Kevane was inducted into the American College of Bankruptcy as a fellow in 2015. He is a graduate of Brown University and received his J.D. from Southwestern Law School, where he was editor in chief of the *Southwestern University Law Review*. He holds an AV Preeminent Peer Rating, Martindale-Hubbell's highest recognition for ethical standards and legal ability. Mr. Kevane is admitted to practice in California.

## Representations

Creditors' committees in SeraCare Life Sciences; Guy F. Atkinson Company; America West Airlines

Chapter 11 debtors in Deltagen; Thorpe Insulation; Point Blank Solutions; Champion Enterprises, Aegis Mortgage; Yipes Communications; E/O Networks; Worlds of Wonder; Frederick & Nelson

Participated in the municipal restructurings of the County of Orange, Heffernan Memorial Hospital District (chapter 9 debtor located in Calexico, California); Palm Drive Healthcare District; West Contra Costa Healthcare District; Valley Health System, Adair County Hospital District (Kentucky)

Henry C. Kevane (Cont.)

PACHULSKI
STANG
& ZIEHL
JONES

Debtor's counsel to Mendocino Coast Health Care District in its chapter 9 case

## Professional Affiliations

Fellow, American College of Bankruptcy

Director, *Business Law Today* (ABA Business Law Section)

Chair, Bankruptcy Committees Subcommittee of the ABA Business Law Section Business Bankruptcy Committee

Vice chair, Individual Chapter 11 Subcommittee of the ABA Business Law Section Business Bankruptcy Committee

Chair, State Bar of California Committee on Federal Courts (1996-2001)

Chair, State Bar of California Business Law Section Insolvency Law Committee (1995-1999)

## Programs and Lectures

American Intellectual Property Law Association, American Conference Institute, ALI/ABA, Association of Insolvency & Restructuring Advisors

## Publications

Is a Bankruptcy Court's Determination of Insider Status Reviewed Under the Rigorous De Novo Standard or the More Deferential Clear-Error Standard?
45 ABA PREVIEW of United States Supreme Court Cases 42 (2017), October 27, 2017

Does the FDCPA Cover a Party That Purchases Defaulted Debt for Its Own Account?
44 ABA PREVIEW of United States Supreme Court Cases 218 (2017), April 14, 2017

Does the Bankruptcy Code Preclude Puerto Rico From Adopting a Local Insolvency Scheme for Restructuring the Debts of Its Public Utilities?
43 PREVIEW of United States Supreme Court Cases 200 (2016), March 22, 2016

Legislative Update: "Indicative Rulings" Under New Bankruptcy Rule 8008
ABA Business Bankruptcy Committee e-Newsletter, July 2015

No More Ad Lib: The Nuts and Bolts of Ad Hoc Committees
Business Law Today, December 2014

Legislative Update: Senate Bill 2418
Bankruptcy Fairness and Employee Benefits Protection Act
ABA Business Bankruptcy Committee of the Business Law Section, June 11, 2014

Henry C. Kevane (Cont.)

PACHULSKI
STANG
ZIEHL
JONES

Bond Insurers Become Active Participants in Chapter 9s
26 Journal of Corporate Renewal 24, May 2013

Debtor-in-Possession Financing
Funding a Chapter 11 Case
December 2012

What Just Happened? How Asset Forfeiture Affects Bankruptcy Distributions
Business Law Today, June 2012

Legislative Update: California Assembly Bill 506 on Bankruptcy Code
Chapter 9 Eligibility
American Bar Association Business Law Section Business Bankruptcy
Committee Newsletter, January 2012

Deploying the "Prepackaged" Plan of Adjustment in Chapter 9
Chapter 9 Bankruptcy Strategies, October 2011

Across the Border: IP Entanglements in Chapter 15 Bankruptcies
May 2011

Chapter 9 Municipal Bankruptcy – The New "New Thing"?
Parts I & II
20 Business Law Today (May and June 2011)

"Legislative Solutions in the Orange County Chapter 9 Case," published in
course handbook, *The Aftermath of Bankruptcy: Legislative Reform -- State
and Federal* (1996)

"The Treatment of Financing Leases in a Chapter 9 Bankruptcy Case," in *AGL
& F Tax-Exempt Leasing Letter* (1996)

"The Legislative Side of the Orange County Chapter 9 Case" for Sacramento
County Bar Association (1996)

"Now What? Three Questions Facing the Municipal Bondholder Upon
Commencement of a Chapter 9 Case," published in course handbook,
*Municipal Bond Law for the Bankruptcy Practitioner* (1996)

"Fee Shifting by (1) Oversecured Creditors in Bankruptcy Cases & (2)
Prevailing Parties in Civil Litigation," published in course handbook *Getting
Paid What You Are Worth* (1996)

"The Newsgatherer's Shield: Why Waste Space in the California
Constitution?" 15 *Southwestern University Law Review* 527 (1985)

Coauthor, "Principles of Equitable Subordination Under Section 510 of the
Bankruptcy Code," in *Selected Issues in Bankruptcy Practice* (1991)

Contributing author, *Bankruptcy Practice: Annual Recent Developments*
(Calif. Contin. Ed. Bar 1992-1998)

PACHULSKI
STANG
ℰ ZIEHL
JONES



10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003

# Victoria A. Newmark

Tel: 310.277.6910    |    vnewmark@pszjlaw.com

**EDUCATION**

University of California at
Berkeley (B.A. 1991, with
honors)

Yale Law School (J.D. 1995)

**BAR AND COURT
ADMISSIONS**

1996, California

Ms. Newmark has extensive experience as a bankruptcy lawyer, including representation of debtors, creditors, and equity holders in chapter 11 reorganization cases. She has also represented buyers and sellers in acquisitions and sales of distressed assets, and borrowers and lenders in loan originations and out-of-court work-outs.

Ms. Newmark is a graduate of UC Berkeley and received her J.D. from Yale Law School, where she was an editor of the *Yale Law Journal* and managing editor of the *Yale Journal of International Law*. She co-authored an article on trade vendor rights legislation under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. She currently teaches legal writing as an adjunct instructor at Cal State, Los Angeles.

She has also been recognized annually ever year from 2004 to 2010 as a Southern California Rising Star in the Law & Politics Media Inc. survey published in *Los Angeles Magazine* and the Southern California edition of *Super Lawyers*. Ms. Newmark is admitted to practice in California and is a resident of our Los Angeles office.

## Representations

Represented a subprime mortgage loan originator and servicer, the nation's second-largest at the time of its chapter 11 filing, as debtor's counsel

Represented the purchaser of a mid-size nutritional supplements distributorship in contested bankruptcy auction proceedings

Represented a publicly held ISP and global online media content company and its affiliates as debtors' counsel in their chapter 11 cases

Represented the seed investor and acquirer of a California specialty retail business pursuant to section 363 of the Bankruptcy Code

Victoria A. Newmark (Cont.)

PACHULSKI

STANG

ℰ  ZIEHL

JONES

## Publications

First Day Motions (3d ed.)
A Guide to the Critical First Days of a Bankruptcy Case
American Bankruptcy Institute, June 2012

Coauthor, "Tradeoffs," *The Deal* (May 23, 2005)

PACHULSKI
STANG
&amp; ZIEHL
JONES



# Cia H. Mackle

cmackle@pszjlaw.com

**EDUCATION**

Duke University (A.B. 2003).

University of Southern California (J.D. 2006).

**BAR AND COURT ADMISSIONS**

2006, Florida.

Ms. Mackle's practice has focused on a broad range of domestic and international business reorganization and restructuring matters, including the representation of debtors in possession, chapter 11 trustees, creditors' committees, and institutional creditors acting in various capacities. Ms. Mackle has also been involved in various bankruptcy litigation matters. She is a graduate of Duke University and received her J.D. from University of Southern California where she was a member of the *Southern California Law Review*. Ms. Mackle is admitted to practice in Florida.

## Representations

Chapter 11 trustee in Estate Financial

## BETH DASSA

Ms. Dassa has been employed by the Firm as a paralegal since January 2007. She has worked as a paralegal in chapter 7 and chapter 11 debtor cases since 1998. Her education includes a B.A. in Speech Communications, California State University Northridge, 1987 and the Attorney Assistant Training Program, University of California, Los Angeles (Paralegal Certificate, 1988).

# EXHIBIT B

## CONFLICTS CHECK PARTIES

| | |
|---|---|
| 10 Homersham Road Kingston | Dream Media Corporation |
| Abramowitz, Paul | Driver, Timothy |
| Adult Talent Managers | DSS Consulting Corporation |
| AJ Park IP Pty Ltd. | DVD Factory |
| Akerman LLP | Edgewood Paper |
| Allen Dyer Dopplet Milbrath & Gilchris | Elle et Lui |
| Allgemeines Treuunternehmen (ATU) | Elliott, Warren E. |
| Andreas Andreou International | EX Situ Marketing |
| Androcles Entertainment Pty Ltd | Ex-Works Capital Funds I LP |
| Apparel Brand Consultants LLC | Federal Express |
| Arkena Inc. | Ferrise, Ricardo C. |
| Arkena SAS | Feuer, Sharon |
| Art Attack Productions | Fluffy White Dog Media |
| Aspen Setaro | Francis, Todd |
| Basmedia BV Pluggematen | Gallagher, Matt |
| Bayard PA | General Media Communications Inc. |
| Behrle, Candace | General Media Entertainment Inc. |
| Bekoski, Jason | Getty Images |
| Bishop, Madilyn | GMI Online Ventures Ltd. |
| Bizarre Video | Gottlieb, David |
| Blockbuster Locations | Greenberg Traurig LLP |
| Brandt, Catherine | GRM Information Management Services Inc. |
| Brenda Reshell Kibler | Hanrahan Jr., Phillip J. |
| Bressler Law PLLC ILOTA Account | Harary, Keith |
| Broder, Melissa | Henderson, Jolie K. |
| C. Hocquel Inc. | Hingston, Michael |
| California Choice Benefit Administrators | Hodges, Brad |
| Calucag, Alexis | Hogan Lovelis US LLP |
| Campbell, Robert | Holland, Kelly |
| Carnie, David | Hollywood Vaults Inc. |
| Cherry, Debbie | Hotel Majestic |
| Collingwood, Chris | Hudson News Distributors LLC |
| Combat Zone | Hyatt, Jessica |
| Corporation Service Company | Interactive Media |
| Corsearch | Iron Mountain |
| Creel LLC | Jantshukovitsh, Sergei A. |
| Crispin Boyar | Jeanette Beebe Poet & Journalist LLC |
| Cyber Pro Hosting | Johnson, Charlina |
| Dadashzadeh, Arash | Kelly, John |
| Danay Lynn Gonzalez | Kirkendoll Management LLC |
| Danni Ashe Inc. | Laura Arielle Willette |
| Del Carlo, Eric | Law Offices of Max J. Sprecher |
| Denean Gable | Lehrman, Jessica |
| Digital Media Consultants LLC | Levene Neale Bender Yoo & Brill |
| Disgraceful Inc. | Levin, Adam |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | | |
|---|---|---|
| 1 | Lipez, Zachary | Raines Feldman LLP |
| | M7 Group | RD Productions |
| 2 | Mannassi IT Solutions | Revideo Inc. |
| 3 | McSweeney, Leah | Sahar Yakhi |
| | Melissa Reanna de Biel Way | Savana Maisah Johnson |
| 4 | Michel Plante International | Seay, Allison |
| | Midwest Lists and Media | Sedgwick LLP |
| 5 | Mile High | Sergio Freixas International |
| | Millard, Drew | SESAC |
| 6 | Miller Law Group | Shahar, Yehuda |
| 7 | Mojo Host | So Cal Licensing |
| | Monteleone, Marcella | Sotello, Robert |
| 8 | Morton, Thomas | Spieglergirls.com |
| | Moser, Steven | Squar Milner LLP |
| 9 | Murat Saygi Ebulula Mardin | Stec, Kristin |
| | Nathanael Kalfa Consulting | SternDoor Inc. |
| 10 | NetNames Accounts Receivable | Steven Austin Barber |
| 11 | Nextgen Reporting | Streamray Studios Inc. |
| | Nick Miseur International | Szili Miklos |
| 12 | Ninja Partners Inc. | Tan Door Media Inc. |
| | Noonan, Kevin | Tanguay, David |
| 13 | Nordbak, Jennifer | Taylor, John |
| | O'Brien, Thomas | TGG Accounting |
| 14 | OC Modeling | Todaro, Camille |
| 15 | Ogun Consulting | Tom Fox |
| | Olson, Jerrod | Total Records Information Management LLC |
| 16 | Palan, Emily | Ukanis, Whitney |
| | Palm Coast Data LLC | USA |
| 17 | Pell, Thomas | V&M Design |
| 18 | Penthouse Digital Media Productions Inc. | Verizon Business |
| | Penthouse Global Broadcasting Inc. | Vincenza Vignetti |
| 19 | Penthouse Global Digital Inc. | Vladyslav Plashchevatyl International |
| | Penthouse Global Licensing Inc. | WebDotCalm |
| 20 | Penthouse Global Publishing Inc. | Weiss & Spees, LLP |
| | Penthouse Images Acquisitions Ltd. | Whitworth, Keith |
| 21 | Pevarnik, Christine | Willett Associates |
| 22 | Phe Inc. | Williams, Christina |
| | Philip Tranker International | Wood, Mark |
| 23 | Pink Panda LLC | Wood, Megan |
| | Pizio, Barbara F. | XVHUB Group Inc. |
| 24 | Ponce, Jose | Zinio LLC |
| | PR Newswire Assoices LLC | |
| 25 | Premium Assignment Corporation/Marsh | |
| 26 | Pretty Things Press | |
| | PriorityWorkforce | |
| 27 | Pryor Cashman LLP | |
| | Pure Entertainment Telecommunications Inc. | |
| 28 | Radisav Antic | |

# Exhibit C

**HOURLY BILLING RATES FOR PROFESSIONALS AND PARAPROFESSIONALS OF
PACHULSKI STANG ZIEHL & JONES LLP
JANUARY 2018 RATES**

| Partners | Billing Rate |
|---|---|
| Isaac M. Pachulski | $1,295.00 |
| Jeffrey H. Davidson | $1,245.00 |
| Richard M. Pachulski | $1,245.00 |
| Laura Davis Jones | $1,145.00 |
| Dean A. Ziehl | $1,095.00 |
| James I. Stang | $1,095.00 |
| Robert J. Feinstein | $1,095.00 |
| Scott L. Hazan | $1,095.00 |
| Ira D. Kharasch | $1,050.00 |
| Jeremy V. Richards | $1,050.00 |
| Robert B. Orgel | $1,050.00 |
| Alan J. Kornfeld | $1,050.00 |
| Richard E. Mikels | $1,025.00 |
| Andrew W. Caine | $995.00 |
| Debra Grassgreen | $995.00 |
| Henry C. Kevane | $975.00 |
| Jeffrey N. Pomerantz | $975.00 |
| David J. Barton | $975.00 |
| David M. Bertenthal | $975.00 |
| John A. Morris | $975.00 |
| Linda F. Cantor | $975.00 |
| Stanley E. Goldich | $925.00 |
| Iain A.W. Nasatir | $925.00 |
| Kenneth H. Brown | $925.00 |
| Bradford J. Sandler | $925.00 |
| Ellen M. Bender | $895.00 |
| John D. Fiero | $875.00 |
| Maxim B. Litvak | $875.00 |
| William N. Lobel | $850.00 |
| James E. O'Neill | $850.00 |
| Joshua M. Fried | $850.00 |
| Jeffrey W. Dulberg | $795.00 |
| Nina L. Hong | $750.00 |
| Gabriel I. Glazer | $750.00 |
| Ilan D. Scharf | $725.00 |
| John W. Lucas | $725.00 |
| Timothy P. Cairns | $695.00 |
| Teddy M. Kapur | $650.00 |

| Of Counsel | Billing Rate |
|---|---|
| Richard J. Gruber | $1,025.00 |
| Daryl G. Parker | $925.00 |
| James E. Mahoney | $925.00 |
| James K.T. Hunter | $925.00 |
| Steven J. Kahn | $925.00 |
| Harry D. Hochman | $850.00 |
| Shirley S. Cho | $850.00 |
| Victoria A. Newmark | $850.00 |
| Maria Bove | $795.00 |
| Gina F. Brandt | $775.00 |
| Jason S. Pomerantz | $775.00 |
| Jeffrey Kandel | $775.00 |
| Jonathan J. Kim | $775.00 |
| Malhar S. Pagay | $775.00 |
| Michael R. Seidl | $750.00 |
| Beth E. Levine | $750.00 |
| Erin Gray | $750.00 |
| Gail S. Greenwood | $750.00 |
| Jeffrey P. Nolan | $750.00 |
| Robert M. Saunders | $750.00 |
| Colin R. Robinson | $750.00 |
| Amman A. Khan | $750.00 |
| Elissa A. Wagner | $725.00 |
| Miriam Manning | $725.00 |
| William L. Ramseyer | $725.00 |
| Gillian N. Brown | $675.00 |
| Tavi C. Flanagan | $650.00 |
| Peter J. Keane | $625.00 |
| Cia H. Mackle | $595.00 |

| Associates | Billing Rate |
|---|---|
| Jason H. Rosell | $595.00 |
| Joseph M. Mulvihill | $495.00 |
| Steven W. Golden | $495.00 |

| Paralegals | Billing Rate |
|---|---|
| Elizabeth C. Thomas | $375.00 |
| Beth D. Dassa | $375.00 |
| Patricia J. Jeffries | $375.00 |
| Felice S. Harrison | $375.00 |
| Karina K. Yee | $375.00 |
| Patricia E. Cuniff | $375.00 |
| La Asia S. Canty | $375.00 |
| Nancy P F Lockwood | $375.00 |
| Cheryl A. Knotts | $350.00 |
| Michael A. Matteo | $350.00 |

| Law Library Dir. | Billing Rate |
|---|---|
| Leslie A. Forrester | $395.00 |

| Law Clerks/Clerks | Billing Rate |
|---|---|
| Sheryle L. Pitman | $295.00 |
| Beatrice M. Koveleski | $295.00 |
| Charles J. Bouzoukis | $295.00 |
| Andrea R. Paul | $295.00 |
| Karen S. Neil | $295.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled **CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE MARCH 6, 2018; DECLARATION OF LINDA F. CANTOR IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 5, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒     Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On April 5, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒     Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 5, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite  342/ Courtroom 303
Woodland Hills, California  91367

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 5, 2018 | Janice G. Washington | /s/ Janice G. Washington |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:312807.6 32277/001

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Ron Bender on behalf of Interested Party Courtesy
NEF
rb@lnbyb.com

Linda F Cantor, ESQ on behalf of Trustee David
Keith Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Russell Clementson on behalf of U.S. Trustee
United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor NOA
Productions SPRL
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor
Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

Jeffrey K Garfinkle on behalf of Creditor Easy
Online Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com,
docket@buchalter.com;dcyrankowski@buchalter.c
om

Allan B Gelbard on behalf of Other Professional
Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.c
om,akuras@dkgallc.com

Mirco J Haag on behalf of Creditor Easy Online
Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com,
dcyrankowski@buchalter.com

David W. Meadows on behalf of Interested Party
Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor
Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party
Courtesy NEF
anahmias@mbnlawyers.com,
jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Interested Party
Courtesy NEF
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor
Committee The Official Committee of Unsecured
Creditors
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

S Margaux Ross on behalf of U.S. Trustee United
States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor Interested
Party
ecf@stjames-law.com

Michael St James on behalf of Interested Party
Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor Greenberg
Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party Penthouse
Clubs Worldwide, LLC
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;lisa.spencer@bbkla
w.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney Weiss &
Spees, LLP
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni Ashe,
Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI Online

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Ventures, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General
Media Communications, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General
Media Entertainment, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Digital Media Productions, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Broadcasting, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Digital, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Licensing, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Media, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Publishing, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Images Acquisitions, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure
Entertainment Telecommunications, Inc. fka For
Your Ears Only, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Streamray
Studios, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan Door
Media, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor XVHUB
Group, Inc.
mw@weissandspees.com, lm@weissandspees.com

Christopher K.S. Wong on behalf of Creditor LSC
Communications US, LLC / Creel Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor Dream
Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested
Party
bry@lnbyb.com

Brian L. Davidoff
bdavidoff@greenbergglusker.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**U.S. Bankruptcy Court**
**Central District of California (San Fernando Valley)**
**In re Penthouse Global Media, Inc., Case No. 18-10098-MB**

2.    **SERVED BY UNITED STATES MAIL:**

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq.
WEISS & SPEES LLP
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048

*Trustee*
David Keith Gottlieb, Managing Member
D. Gottlieb & Associates, LLC
17000 Ventura Blvd., Suite 300
Encino, California, 91403

*Office of U.S. Trustee*
Margaux S. Ross
915 Wilshire Blvd. , Suite 1850
Los Angeles, CA 90017

*Counsel for The Official Committee of Unsecured*
*Creditors*
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

*Interested Parties*
Kelly Holland
President and Chief Executive Officer
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Robert W. Campbell
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Allan B. Gelbard
Attorney at Law
15760 Ventura Boulevard, Suite 801
Encino, CA 91436

Mark A. Mintz
Attorney at Law
JONES WALKER
201 St. Charles Avenue
New Orleans, LA 70170-5100

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
201 St Charles Ave., Suite 3915
New Orleans, LA 70170

M. Jonathan Hayes
Simon Resnik Hayes LLP
15233 Ventura Boulevard, Suite 250
Sherman Oaks, CA 91403

*Requests for Special Notice*
Howard J. Steinberg (CA SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

**ARENT FOX LLP**
Aram Ordubegian (SBN 185142)
Robert M. Hirsh (*pro hac vice* application to be
submitted)
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Joseph E Bain
Jones Walker LLP
811 Main St., Ste 2900
Houston, TX 77002

Timothy Driver
433 North Camden, Suite 970
Beverly Hills, CA 90210

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:312807.6 32277/001