Linda F. Cantor (CA Bar No. 153762)
Harry D. Hochman (CA Bar No. 132515)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email:   lcantor@pszjlaw.com
             hhochman@pszjlaw.com

Counsel for David K. Gottlieb, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| IN RE<br><br>PENTHOUSE GLOBAL MEDIA, INC., a Delaware corporation<br><br>Debtor.<br><hr>In re:<br><br>PENTHOUSE GLOBAL BROADCASTING, INC., PENTHOUSE GLOBAL LICENSING, INC., PENTHOUSE GLOBAL DIGITAL, INC., PENTHOUSE GLOBAL PUBLISHING, INC. GMI ONLINE VENTURES, LTD., PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC., TAN DOOR MEDIA, INC., PENTHOUSE IMAGES ACQUISITIONS, LTD., PURE ENTERTAINMENT TELECOMMUNICATIONS, INC., XVHUB GROUP, INC., GENERAL MEDIA COMMUNICATIONS, INC., GENERAL MEDIA ENTERTAINMENT, INC., DANNI ASHE, INC. STREAMRAY STUDIOS, INC.,<br><br>**X** Affects All Debtors<br>☐ Affects:<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☐ See attached for additional Debtors | Case No. 1:18-bk-10098-MB<br><br>Chapter 11<br><br>Jointly Administered With:<br><br>Case No. 1:18-bk-10099-MB, Case No. 1:18-bk-10101-MB, Case No. 1:18-bk-10102-MB, Case No. 1:18-bk-10103-MB, Case No. 1:18-bk-10104-MB, Case No. 1:18-bk-10105-MB, Case No. 1:18-bk-10106-MB, Case No. 1:18-bk-10107-MB, Case No. 1:18-bk-10108-MB, Case No. 1:18-bk-10109-MB, Case No. 1:18-bk-10110-MB, Case No. 1:18-bk-10111-MB, Case No. 1:18-bk-10112-MB and Case No. 1:18-bk-10113-MB<br><br>**SECOND STATUS REPORT BY CHAPTER 11 TRUSTEE OF PENTHOUSE GLOBAL MEDIA, INC. , ET AL.; DECLARATION OF DAVID K. GOTTLIEB**<br><br>Hearing:<br>Date:     May 1, 2018<br>Time:    1:30 p.m.<br>Place:    Courtroom 303<br>             21041 Burbank Blvd.<br>             Woodland Hills, CA 91367<br>Judge:   Hon. Martin R. Barash |

1

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS, PARTIES REQUESTING SPECIAL NOTICE AND PARTIES IN INTEREST:**

David K. Gottlieb, Chapter 11 Trustee (the "Trustee") of the above-captioned bankruptcy estates (the "Estates") of Penthouse Global Media, Inc. and its debtor subsidiaries (collectively, "Debtors"), hereby files his second status report summarizing the tasks undertaken by the Trustee since his initial status conference held on March 13, 2018.

A.   Bank Accounts

After his appointment, the Trustee set-up new Trustee bank accounts at Texas Capital Bank. All amounts deposited into the Debtors' DIP accounts at East West Bank and Bank of America are now swept on a weekly basis directly into the Chapter 11 Trustee Bank Account at Texas Capital Bank. The East West Bank Accounts are now under the custody and control of the Chapter 11 Trustee and are restricted to receiving funds from customers. The Trustee controls all cash disbursements and checks payable from the Debtors' estates.

The Trustee had discussions with Humboldt Merchant Services ("HMS"), which provides merchant credit card processing services to the Debtors. As of the Petition Date, HMS was holding funds of the Debtors in three accounts: two HMS merchant accounts held funds in the approximate amounts of $39,000 and $18,000, respectively (the "Merchant Accounts"), and HMS held approximately $432,000 in a reserve account (the "Reserve Account"). Those Merchant Accounts and the Reserve Accounts had been frozen by HMS on the Petition Date. The Trustee requested that HMS release the funds in the Merchant Accounts and reduce the required amounts to be held in the Reserve Account from $500,000 (which had been based on 2009 revenue of approximately $6 million per month) to $50,000, based upon the revenue flowing into the Merchant Accounts over the last two years, averaging between $60,000 and $75,000 per month. Based upon the Trustee's discussions, HMS has released funds in the amount of $368,191 to the Trustee. HMS is processing the Trustee's request for the release of an additional $50,000, and has advised the Trustee that it has obtained authority to reduce the Reserve Account to $50,000. In the event that additional amount is

not timely remitted to the Estates, the Trustee will seek an order for turnover of the additional $50,000 in funds in the Reserve Account.

B.   Accounting Matters / Operations

The Trustee and his proposed financial advisors and counsel met extensively with the Debtors' CEO, Kelly Holland, and met with accounting staff regarding day-to-day operations. For the first five (5) weeks after his appointment, David Roberts and Walter Bowser, members of the Trustee's proposed financial advisory firm Province, Inc. ("Province") worked full time on-site at the Debtors' premises on a daily basis (including weekends) reviewing and reconciling the Debtors' books and records, analyzing cash flow and developing projections. This was a time intensive task because the Debtors' books and records were in serious disarray. Among other things, David Roberts and Walter Bowser advised the Trustee that (a) the Debtors' historical records for 2016 and 2017 were incomplete and reportedly inaccurate, (b) many of the reports in the accounting system are out of synch because cash postings of collections against receivables; payment posting to payables; invoicing customers and entering vendor invoices into payables are not performed on a timely basis, (c) Province encountered hundreds of entries to the cash receipts and disbursements journal with blank descriptions for the payor, which required Province to resort to bank statements and invoices to test the accuracy of certain revenue streams in the cash projections, (d) source documents have to be reviewed to investigate many transactions and many of such documents are incomplete or cannot be located, (e) Debtors did not establish a new set of books and records on the Petition Date, and (f) fundamental reporting systems and processes for tracking cash, payables, and receivables had to be modified or established to meet the needs of the Trustee.

Based upon Province's lengthy and detailed analysis of the Debtors' books and accounting records, the Debtors are not meeting their obligations as they come due on a post-petition basis. Based upon the foregoing, on April 16, 2018, the Trustee filed a motion to convert the cases to chapter 7 and an application to hear such motion on shortened notice. However, in light of the strenuous objections by other case constituents to the application to shorten notice, the lengthy period of time before a hearing could be held on the conversion motion due to discovery requests and the availability of the parties and the Court, and the clear indication of substantial litigation on

the conversion motion, the Trustee determined to withdraw the conversion motion at this time, with a reservation of rights to file such motion at a later date. The Trustee is focusing his efforts on a sale process and thereafter will likely renew the conversion motion.

### C. Plan / Sale Transaction

The Trustee has received indications of interest in purchasing the Debtors' assets and/or proposing a chapter 11 plan. The Trustee has had discussions with such parties and with Dream Media. In light of the financial status of the Debtors, the Trustee intends to seek court approval to pursue a sale process in the near future and resolve the Estates' issues with Dream Media.

### D. Use of Cash Collateral

To address pressing operating needs, the Trustee entered into the stipulations [Docket Nos. 248, 276 and 294] with Dream Media for use of cash collateral for the periods March 13, 2018 through April 14, 2018. The Trustee has sought further use of cash collateral through April 28, 2018.

### E. Insurance

The Estates' prior insurance policies terminated February 18, 2018 and were renewed by the Debtors under a thirty (30) day binder until March 20, 2018, with the intent of financing the premiums for those renewed policies. Once the Trustee was appointed, he obtained authority on an emergency basis to enter into an insurance premium financing agreement with AFCO Acceptance Corporation to finance $85,676.43 of the $141,214.22 annual premium for the renewed policies.[1] Both before and after obtaining authorization to finance Debtors' insurance, the Trustee's proposed counsel had discussions with Debtors' insurance broker, Marsh, regarding the appointment of the Trustee and its effect on coverage and pricing under the Debtors' various policies. While the terms and pricing of the policies for Auto, General Liability, Property and Workers Compensation remained consistent with the proposed premium financing agreement, Marsh informed the Trustee that Lloyds of London, the insurers for Media/Cyber liability coverage, insisted on changing the

---

[1] *See Order Approving Emergency Motion Of Chapter 11 Trustee Of Penthouse Global Media, Inc. For Order Authorizing It To Enter Into Insurance Premium Finance Agreement With AFCO Acceptance Corporation dated March 16, 2018* [Dkt. No. 264].

4

terms of the policy, increasing the premium and requiring the posting of $150,000 collateral to satisfy the self-insured retention obligation.

Since March 16, 2018, extensive negotiations have ensued between the Trustee's professionals, Marsh and Lloyds of London over the policy terms, the length of coverage and the insurer's collateral requirements, but Lloyds of London remained unwilling to drop its collateral requirements without increasing the premiums (allegedly due to the Trustee's appointment). During these negotiations, the other placed insurance has remained in place subject to the payment of the premium due. On April 4, 2018, the Trustee was informed that the estates' general liability insurance would lapse for failure to pay unless the AFCO financing agreement was signed and funded on April 5, 2018. To prevent the loss of insurance, on April 5, 2018, the Trustee agreed to pay the installment due under a revised premium financing agreement covering Auto, General Liability, Property and Workers Compensation premiums due, but not the Lloyds of London Media/Cyber liability policy. The Trustee did not renew coverage for that policy because Lloyds of London's failure to adhere to the original terms of the binder, the financial burden of the new terms for payment, and the understanding from Marsh that this coverage had had no prior claims in the last several years.

F. Retention of Professionals

The Trustee filed his applications to retain Province as his financial advisors and Pachulski Stang Ziehl & Jones LLP as his legal counsel. See Docket Nos. 292 and 297, respectively. The Trustee is reviewing Debtors' pending litigation and will determine whether to retain current special counsel in those matters. The Trustee may retain special counsel to advise him concerning intellectual property issues and matters relating to the nuances of Debtors' operations.

G. Other Matters

The Trustee consensually resolved motions filed by MojoHost for adequate protection and relief from stay [filed as Dkt. Nos. 249 and 252] and has continued the time for Dream Media to file its response to the Debtors' objection to its claims. The Trustee's professionals have reviewed and evaluated Dream Media's secured claims, perfection issues, licensing matters and the issues raised in the Debtors' objection to Dream Media's claim.

| | |
|---|---|
| Dated:  April 17, 2018 | PACHULSKI STANG ZIEHL & JONES LLP |
| | By:  */s/ Linda F. Cantor*<br>    Linda F. Cantor |
| | Attorneys for David K. Gottlieb,<br>Chapter 11 Trustee for Penthouse Global Media, Inc., et al. |

## DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1. I am the duly appointed chapter 11 trustee (the "Trustee") for the estate of Penthouse Global Media, Inc., the above-captioned debtor and their related debtor entities (collectively, the "Debtors"). I was appointed Trustee of the Debtor's estate by Order of the Bankruptcy Court entered March 6, 2018.

2. Unless otherwise indicated, all facts set forth in this Declaration are based on either (a) my personal knowledge, (b) information gathered by professionals rendering services to me), (c) my review of relevant documents including, without limitation, the court file in these Cases, or (d) my opinion based upon my experience and knowledge of the circumstances as described in the Motion. If I were called to testify thereto, I could and would competently do so.

3. I am filing with Declaration in support of the Second Status Report By Chapter 11 Trustee Of Penthouse Global Media, Inc. , et al. (the "Second Status Report"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Second Status Report.

4. After my appointment I set-up new Trustee bank accounts at Texas Capital Bank. All amounts deposited into the Debtors' DIP accounts at East West Bank and Bank of America are now swept on a weekly basis directly into my Chapter 11 Trustee Bank Account at Texas Capital Bank. The East West Bank Accounts are now under my custody and control and those accounts are restricted to receiving funds from customers. I control all cash disbursements and checks payable from the Debtors' estates.

5. I have had discussions with Humboldt Merchant Services ("HMS"), which provides merchant credit card processing services to the Debtors. As of the Petition Date, HMS was holding funds of the Debtors in three accounts: two HMS merchant accounts held funds in the approximate amounts of $39,000 and $18,000, respectively (the "Merchant Accounts"), and HMS held approximately $432,000 in a reserve account (the "Reserve Account"). Those Merchant Accounts and the Reserve Accounts had been frozen by HMS on the Petition Date. I requested that HMS release the funds in the Merchant Accounts and reduce the required amounts to be held in the

1

Reserve Account from $500,000 (which I am informed and believe had been based on 2009 revenue of approximately $6 million per month) to $50,000, based upon the revenue flowing into the Merchant Accounts over the last two years, averaging between $60,000 and $75,000 per month. Based upon those discussions, HMS has released funds in the amount of $368,191 to the Estates. HMS is processing my request for the release of an additional $50,000, and has advised me that it has obtained authority to reduce the Reserve Account to $50,000. In the event that additional amount is not timely remitted to the Estates, I will seek an order for turnover of the additional $50,000 in funds in the Reserve Account.

6. I, along with my proposed financial advisors and counsel, met extensively with the Debtors' CEO, Kelly Holland, and met with accounting staff regarding day-to-day operations. For the first five (5) weeks after my appointment, David Roberts and Walter Bowser, members of my proposed financial advisory firm Province, Inc. worked full time on-site at the Debtors' premises on a daily basis (including weekends) reviewing and reconciling the Debtors' books and records, analyzing cash flow and developing projections. This was a time intensive task because the Debtors' books and records were in serious disarray. Among other things, David Roberts and Walter Bowser advised me that (a) the Debtors' historical records for 2016 and 2017 were incomplete and reportedly inaccurate, (b) many of the reports in the accounting system are out of synch because cash postings of collections against receivables; payment posting to payables; invoicing customers and entering vendor invoices into payables are not performed on a timely basis, (c) Province encountered hundreds of entries to the cash receipts and disbursements journal with blank descriptions for the payor, which required Province to resort to bank statements and invoices to test the accuracy of certain revenue streams in the cash projections, (d) source documents have to be reviewed to investigate many transactions and many of such documents are incomplete or cannot be located, (e) Debtors did not establish a new set of books and records on the Petition Date, and (f) fundamental reporting systems and processes for tracking cash, payables, and receivables had to be modified or established to meet the needs of a chapter 11 trustee.

7. Based upon Province's lengthy and detailed analysis of the Debtors' books and accounting records, the Debtors are not meeting their obligations as they come due on a post-petition

basis. Based upon the foregoing, on April 16, 2018, I filed a motion to convert the cases to chapter 7 and an application to hear such motion on shortened notice. However, in light of the strenuous objections by other case constituents to the application to shorten notice, the lengthy period of time before a hearing could be held on the conversion motion due to discovery requests and the availability of the parties and the Court, and the clear indication of substantial litigation on the conversion motion, I determined to withdraw the conversion motion at this time, with a reservation of rights to file such motion at a later date. I am focusing my efforts on a sale process and thereafter will likely renew the conversion motion.

8.  I have received indications of interest in purchasing the Debtors' assets and/or proposing a chapter 11 plan. I have had discussions with such parties and with Dream Media. In light of the financial status of the Debtors, I intend to seek court approval to pursue a sale process in the near future and resolve the Estates' issues with Dream Media.

9.  To address pressing operating needs, I entered into stipulations [Docket Nos. 248, 276 and 294] with Dream Media for use of cash collateral for the periods March 13, 2018 through April 14, 2018. I have sought further use of cash collateral through April 28, 2018.

10.  The Estates' prior insurance policies terminated February 18, 2018 and were renewed by the Debtors under a thirty (30) day binder until March 20, 2018, with the intent of financing the premiums for those renewed policies. Once I was appointed, I obtained authority on an emergency basis to enter into an insurance premium financing agreement with AFCO Acceptance Corporation to finance $85,676.43 of the $141,214.22 annual premium for the renewed policies.[1] Both before and after obtaining authorization to finance Debtors' insurance, my proposed counsel had discussions with Debtors' insurance broker, Marsh, regarding the appointment of a trustee and its effect on coverage and pricing under the Debtors' various policies. While the terms and pricing of the policies for Auto, General Liability, Property and Workers Compensation remained consistent with the proposed premium financing agreement, Marsh informed me that Lloyds of London, the insurers for Media/Cyber liability coverage, insisted on changing the terms of the policy, increasing

---

[1] *See Order Approving Emergency Motion Of Chapter 11 Trustee Of Penthouse Global Media, Inc. For Order Authorizing It To Enter Into Insurance Premium Finance Agreement With AFCO Acceptance Corporation dated March 16, 2018* [Dkt. No. 264].

3

the premium and requiring the posting of $150,000 collateral to satisfy the self-insured retention obligation.

11. Since March 16, 2018, extensive negotiations have ensued between my professionals, Marsh and Lloyds of London over the policy terms, the length of coverage and the insurer's collateral requirements, but Lloyds of London remained unwilling to drop its collateral requirements without increasing the premiums (allegedly due to the appointment of a trustee). During these negotiations, the other placed insurance has remained in place subject to the payment of the premium due. On April 4, 2018, I was informed that the estates' general liability insurance would lapse for failure to pay unless the AFCO financing agreement was signed and funded on April 5, 2018. To prevent the loss of insurance, on April 5, 2018, I agreed to pay the installment due under a revised premium financing agreement covering Auto, General Liability, Property and Workers Compensation premiums due, but not the Lloyds of London Media/Cyber liability policy. I did not renew coverage for that policy because Lloyds of London's failure to adhere to the original terms of the binder, the financial burden of the new terms for payment, and the understanding from Marsh that this coverage had had no prior claims in the last several years.

12. I filed applications to retain Province as my financial advisors and Pachulski Stang Ziehl & Jones LLP as my legal counsel. [See Docket Nos. 292 and 297, respectively.] I have reviewed Debtors' pending litigation and am considering whether to retain current special counsel in those matters given the upcoming proposed sale process. I may retain special counsel to advise me concerning intellectual property issues and matters relating to the nuances of Debtors' operations.

13. I consensually resolved motions filed by MojoHost for adequate protection and relief from stay [filed as Dkts. Nos 249 and 252] and have continued the time for Dream Media to file its response to the Debtors' objection to its claims. My professionals have reviewed and evaluated Dream Media's secured claims, perfection issues, licensing matters and the issues raised in the Debtors' objection to Dream Media's claim.

4

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of April, 2018 at Calabasas, California.

_____
David K. Gottlieb

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled **SECOND STATUS REPORT BY CHAPTER 11 TRUSTEE OF PENTHOUSE GLOBAL MEDIA, INC. , ET AL.; DECLARATION OF DAVID K. GOTTLIEB** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 17, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 17, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 17, 2018 served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Personal Delivery*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/ Courtroom 303
Woodland Hills, California  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 17, 2018 | Nancy Brown | /s/ Nancy Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:312881.1 32277/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyb.com

Linda F Cantor, ESQ on behalf of Trustee David Keith Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com, akuras@dkgallc.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Aram Ordubegian on behalf of Creditor LSC Communications US, LLC / Creel Printing
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney Weiss & Spees, LLP
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Communications, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Digital Media Productions, Inc.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:312881.1 32277/001

mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Broadcasting, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Digital, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Licensing, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Media, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Publishing, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Images Acquisitions, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure Entertainment Telecommunications, Inc. fka For Your Ears Only, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Streamray Studios, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan Door Media, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor XVHUB Group, Inc.
mw@weissandspees.com, lm@weissandspees.com

Christopher K.S. Wong on behalf of Creditor LSC Communications US, LLC / Creel Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor Dream Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested Party
bry@lnbyb.com

Jonathan Hayes jhayes@SRHLawFirm.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:312881.1 32277/001

**U.S. Bankruptcy Court**
**Central District of California (San Fernando Valley)**
**In re Penthouse Global Media, Inc., Case No. 18-10098-MB**

2.  **SERVED BY UNITED STATES MAIL**:

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq.
WEISS & SPEES LLP
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048

*Trustee*
David Keith Gottlieb, Managing Member
D. Gottlieb & Associates, LLC
17000 Ventura Blvd., Suite 300
Encino, California, 91403

*Office of U.S. Trustee*
Margaux S. Ross
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

*Counsel for The Official Committee of Unsecured Creditors*
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

*Committee Members*
DVD Factory Inc.
Representative: Steve Kalson
7230 Coldwater Canyon Ave.
North Hollywood, CA 91605

LSC Communications US, LLC / Creel Printing.
Representative: Dan Pevonk
4101 Winfield Rd.
Warrenville, IL 60555

TGG
Representative: Matthew A. Garrett, CEO
10188 Telesis Court
Suite 130
San Diego, CA 92121

Miller Law Group
Representative: Walter M. Stella
111 Sutter Street
San Francisco, CA 94104

Palm Coast Data
Representative: Neil Gordon
11 Commerce Blvd.
Palm Coast, FL 32164

*Interested Parties*
Kelly Holland
President and Chief Executive Officer
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Robert W. Campbell
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Allan B. Gelbard
Attorney at Law
15760 Ventura Boulevard, Suite 801
Encino, CA 91436

Mark A. Mintz
Attorney at Law
JONES WALKER
201 St. Charles Avenue
New Orleans, LA 70170-5100

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
201 St Charles Ave., Suite 3915
New Orleans, LA 70170

*Requests for Special Notice*
Howard J. Steinberg (CA SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:312881.1 32277/001

Aram Ordubegian (SBN 185142)
Robert M. Hirsh (*pro hac vice* application to be submitted)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

*20 Largest Creditors*

ExWorks Capital Funds I, LP
333 W. Wacker Drive
Suite 1620
Chicago, IL 60606

Dream Media Corporation
10990 Wilshire Blvd., Penthouse
Los Angeles, CA 90024

Greenberg Traurig, LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067

Bayard, P.A.
222 Delaware Avenue
Suite 900
P.O. Box 25130
Wilmington, De 19899

TGG Accounting
10188 Telesis Court
Suite 130
San Diego, CA 92121

Hogan Lovells US, LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067

Squar Milner LLP
4100 Newport Place
Suite 600
Newport Beach, CA 92660

Miller Law Group
111 Sutter Street
Suite 700
San Francisco, CA 94104

Joseph E Bain
Jones Walker LLP
811 Main St., Ste 2900
Houston, TX 77002

Timothy Driver
433 North Camden, Suite 970
Beverly Hills, CA 90210

Sedgwick, LLP
2301 McGee Street
Suite 500
Kansas City, MO 64108-2662

Allen, Dyer, Dopplet, Milbrath & Gilchris
255 South Orange Avenue
Suite 1401
Orlando, FL 32801

Bressler Law PLLC IOLTA Account
3 West 35th Street
9th Floor
New York, NY 10001

Premium Assignment Corporation/Marsh USA
P.O. Box 8000
Tallahassee, FL 32314-8000

California Choice Benefit Administrators
721 South Parker
Suite 200
Orange, CA 92868

Tom Fox
P.O. Box 2402
Santa Cruz, CA 95063

Total Records Information Management LLC
371 Starke Road
Carlstadt, NJ 07072

Iron Mountain
1000 Campus Drive
Collegeville, PA 19426

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                   **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:312881.1 32277/001

| | |
|---|---|
| Akerman LLP<br>601 West Fifth Street<br>Suite 300<br>Los Angeles, CA  90071 | Allgemeines Treuuternehmen (ATU)<br>Aeulestrasse 5 P.O. Box 83<br>9490 Vaduz<br>Furstentum, Liechtenstein |
| GRM Information Management<br>Services, Inc.<br>P.O. Box 35539<br>Newark, NJ  07193-5539 | DSS Consulting Corporation<br>638 Lindero Canyon Road,<br>Suite 117<br>Oak Park, CA  91377 |
| C. Hocquel Inc.<br>8310 Jayseel Street<br>Sunland, CA  91040 | Nextgen Reporting<br>999 Old Eagle School<br>Suite 118<br>Wayne, PA  19087 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                         **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:312881.1 32277/001