MARK A. MINTZ, admitted pro hac vice
mmintz@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170
Tel: (504) 582-8000 / Fax: (504) 589-8368

JOSEPH E. BAIN, admitted pro hac vice
jbain@joneswalker.com
JONES WALKER LLP
811 Main St., Suite 2900
Houston, TX 77002
Tel: (713) 437-1820 / Fax: (713) 437-1917

General Counsel for Penthouse Clubs Worldwide, LLC, Penthouse Clubs Global Licensing, LLC, and Kirkendoll Management, LLC

MARC J. WINTHROP – State Bar No. 63218
mwinthrop@wcghlaw.com
PETER W. LIANIDES – State Bar No. 160517
plianides@wcghlaw.com
WINTHROP COUCHOT GOLUBOW HOLLANDER, LLP
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Tel: (949) 720-4100 / Fax: (949) 720-4111

Local Counsel for Penthouse Clubs Worldwide, LLC, Penthouse Clubs Global Licensing, LLC, and Kirkendoll Management, LLC

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor. | Case No. 1:18-bk-10098-MB<br><br>Chapter: 11 |
| In re:<br><br>Penthouse Global Broadcasting, Inc.<br>Penthouse Global Licensing, Inc.<br>Penthouse Global Digital, Inc.<br>Penthouse Global Publishing, Inc.<br>GMI Online Ventures, Ltd.<br>Penthouse Digital Media Productions, Inc.<br>Tan Door Media, Inc.<br>Penthouse Images Acquisitions, Ltd.<br>Pure Entertainment Telecommunications, Inc.<br>XVHUB Group, Inc.<br>General Media Communications, Inc.<br>General Media Entertainment, Inc.<br>Danni Ashe, Inc.<br>Streamray Studios, Inc.,<br><br>Debtors. | Jointly Administered With:<br><br>1:18-bk-10099-MB<br>1:18-bk-10101-MB<br>1:18-bk-10102-MB<br>1:18-bk-10103-MB<br>1:18-bk-10104-MB<br>1:18-bk-10105-MB<br>1:18-bk-10106-MB<br>1:18-bk-10107-MB<br>1:18-bk-10108-MB<br>1:18-bk-10109-MB<br>1:18-bk-10110-MB<br>1:18-bk-10111-MB<br>1:18-bk-10112-MB<br>1:18-bk-10113-MB |

| | Chapter 11 Cases |
|---|---|
| ☒ Affects all Debtors<br>☐ Affects PENTHOUSE GLOBAL MEDIA, INC. | OBJECTION OF PENTHOUSE CLUBS WORLDWIDE, LLC, PENTHOUSE CLUBS GLOBAL LICENSING, LLC, AND KIRKENDOLL MANAGEMENT, LLC TO APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE<br><br>Date: [Not Set]<br>Time: [Not Set]<br>Place: Courtroom 303, 21041 Burbank Blvd. Woodland Hills, CA 91367 |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE TRUSTEE, AND HIS COUNSEL, THE DEBTORS AND THEIR COUNSEL OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND ITS COUNSEL, AND ALL OTHER PARTIES IN INTEREST:**

Creditor Penthouse Clubs Global Licensing, LLC and its affiliates Penthouse Clubs Worldwide, LLC, and Kirkendoll Management, LLC (collectively, "Penthouse Clubs")[1] hereby submits this objection ("Objection") to the *Application for Order Setting Hearing on Shortened Notice* ("Motion to Expedite") [Dkt. No. 329] filed by David K. Gottlieb, in his capacity as Chapter 11 Trustee (in such capacity, "Trustee") of the above-captioned debtors ("Debtors") and respectfully state as follows:

**I.**

In less than a week, the Trustee has vacillated wildly between an immediate need to convert this case to allegedly reaching a settlement with Dream Media and trying to move towards a sale of the estate assets. Such conduct is far from the Court's stated intention in appointing a Chapter 11 Trustee. See Tr. 2/28/18 Tr. at 183:7-9 ("… I want to see the company stabilized and the number of fire drills eliminated so everybody can go about the business of maximizing value.").[2] Nevertheless, the Trustee's Motion to Expedite is premised on the same

[1] Pursuant to Rule 2019(b)(1), Penthouse Clubs Worldwide, LLC, Penthouse Clubs Global Licensing, LLC, and Kirkendoll Management, LLC are each affiliates of one another.

[2] Attached hereto as Exhibit 1 is a true and correct excerpt from transcript from the Court's hearing held on Feb. 28, 2018, wherein the Court held that a Trustee should be appointed.

faulty logic as his ill-fated Motion to Convert (Dkt. No. 302) – i.e. the assumption that these estates are administratively insolvent and becoming increasingly so on an ongoing basis.

This Motion to Expedite, like the last one, is predicated on numerous factual statements regarding the financial health of the Debtors. Creditors, like Penthouse Clubs, are entitled to conduct discovery into the basis of the Trustee's determinations, including the Trustee's assertion that the estates are losing money, and that there is no hope of a plan of reorganization.

The sole reason for the Trustee's Motion to Expedite is his determination "that a sale of the Debtors' Assets is necessary to maximize value for the estates" and to "limit the further accrual of operating losses by conducting a sale process in short order." Neither of these reasons supports shortening the time to hear the Trustee's motions. Even if the Trustee is correct, the Trustee is seeking a sale to occur on or before June 1. The Trustee has provided no information indicating that there needs to be a long marketing process or that the sale process would be materially harmed if it occurred at a different time. Further shortening the time only serves to deprive creditors from conducting meaningful discovery and hamstrings any defense to the Trustee's motions that may be presented.

The Trustee's insistence that the estates are losing money is belied by the Cash Collateral Stipulation recently filed. The Cash Collateral Budget (Dkt. 324 at page 10) shows that the Debtors will be operating at a surplus for the two week period ending April 28. Further, even the day before the Motion to Expedite was filed, the Trustee's counsel informed Penthouse Clubs that a motion to sell and a settlement motion would be "heard on full 21 day notice." (See email from Linda Cantor to Joseph Bain attached as Exhibit 2). The Trustee has presented no reason to have backtracked from this representation.

Finally, as the Trustee knows, Penthouse Clubs is working as quickly as possible to bring forth a Plan that will result in payment of administrative claimants in full and a substantial portion of unsecured claims. Penthouse Clubs has offered a DIP loan to permit the Debtors to continue functioning as we proceed on the path to gathering the necessary information to present a confirmable plan. Indeed, shortly after the Trustee's appointment, John Kirkendoll wrote to the Trustee communicating that Penthouse Clubs had (i) retained 8020 Consulting and Stout to

provide a valuation in support of a plan and (ii) that Penthouse Clubs intends to sponsor a Chapter 11 plan shortly after the necessary valuation is completed.[3] Penthouse Clubs has been rebuffed by the Trustee at every turn. Indeed, as this Objection is being filed, there are a number of items that Penthouse Clubs' are waiting on from the Trustee. Penthouse Clubs has to question whether the Trustee's professed concern for administrative costs is self-inflicted.

For the foregoing reasons, Penthouse Clubs requests that the Order for Shortened Time be denied and the hearing on the Trustee's Motion to Sell and the Motion to Approve Settlement be set in the regular order after discovery can be completed.

Dated: April 19, 2018

JONES WALKER LLP

and

WINTHROP COUCHOT
GOLUBOW HOLLANDER, LLP

By: /s/ *Marc J. Winthrop*
Marc J. Winthrop, Esq.
Peter W. Lianides, Esq.
Local Counsel for Penthouse Clubs Worldwide, LLC, Penthouse Clubs Global Licensing, LLC, and Kirkendoll Management, LLC

[3] Attached hereto as Exhibit 3 is a true and correct copy of the email from John Kirkendoll to the Trustee, sent April 8, 2018 and declaration by Mr. Kirkendoll swearing to the authenticity thereof. The email has been redacted to remove privileged information.

# Exhibit 1

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

--oOo--

In Re: ) Case No. 1:18-bk-10098-MB
)
PENTHOUSE GLOBAL MEDIA INC., ) Chapter 11
)
Debtor. ) Woodland Hills, California
) Wednesday, February 28, 2018
1:30 p.m.

MOTION FOR ORDER (A) GRANTING (1) USE OF CASH COLLATERAL (11) ADEQUATE PROTECTION AND (111) OTHER RELATED RELIEF: AND (8) ESTABLISHING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

MOTION FOR RELIEF FROM STAY [PP] DREAM MEDIA CORPORATION

MOTION TO APPROVE POST-PETITION FINANCING AND TO ASSUME EXECUTORY CONTRACT

SCHEDULING AND CASE MANAGEMENT CONFERENCE RE CHAPTER 11 VOLUNTARY PETITION NON-INDIVIDUAL

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MARTIN R. BARASH
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor: MICHAEL H. WEISS, ESQ.
Weiss & Spees
1925 Century Park East
Suite 650
Los Angeles, California 90067
(424) 245-3100

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

APPEARANCES: (cont'd.)

| | |
|---|---|
| For Dream Media: | BETH ANN YOUNG, ESQ.<br>RON BENDER, ESQ.<br>Levene, Neale, Bender, Yoo & Brill, LLP<br>10250 Constellation Boulevard<br>Suite 1700<br>Los Angeles, California 90067<br>(310) 229-1234 |
| For Penthouse Clubs: | MARK A. MINTZ, ESQ.<br>Jones Walker, LLP<br>201 St. Charles Avenue<br>New Orleans, Louisiana 70170<br>(504) 582-8368 |
| | JOSEPH BAIN, ESQ.<br>Jones Walker, LLP<br>811 Main Street<br>Suite 2900<br>Houston, Texas 77002<br>(713) 437-1820 |
| For the Committee: | HAMID RAFATJOO, ESQ.<br>Raines Feldman, LLP<br>1800 Avenue of the Stars<br>12th Floor<br>Los Angeles, California 90067<br>(310) 440-4100 |
| For the United States Trustee: | S. MARGAUX ROSS, ESQ.<br>Office of the United States Trustee<br>915 Wilshire Boulevard<br>Suite 1850<br>Los Angeles, California 90017<br>(213) 894-4494 |

Court Recorder: Ana Gasparian
United States Bankruptcy Court
21041 Burbank Boulevard
Woodland Hills, California 91367

Transcriber: Briggs Reporting Company, Inc.
4455 Morena Boulevard
Suite 104
San Diego, California 92117
(310) 410-4151

# I N D E X


| WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| Kelly Holland | 11 | 16 | -- | -- |
| Keith Whitworth | -- | 29 | 76 | 90 |

| EXHIBITS | IDENTIFIED | RECEIVED |
|---|---|---|
| (None.) | | |

having been doing the best that they could. They brought the deal they had. They brought the Androcles deal.

I'm not being critical of trying to do it. I just think we've gotten too deep into it and it hasn't been very successful yet.

So we're deep into the case and we're still having fire drills. And I want to see the company stabilized and the number of fire drills eliminated so everybody can go about the business of maximizing value.

Okay. Any other questions?

Yes, Ms. Ross.

MS. ROSS: It's not a question but to expedite the process, I need to consult -- the Code requires me to and we also want to consult with all the attorneys here, any party who wants to be heard on the qualifications of that trustee.

THE COURT: Right.

You don't need to do that on the record, though, do you?

MS. ROSS: No, I don't. I'm inviting them afterwards, and I apologize, your Honor, to stay if they don't mind, and speak to me.

THE COURT: Okay.

MS. ROSS: And I'm willing to start that process tonight.

THE COURT: Ms. Ross invites you to stay and talk

to her after the hearing. But you -- we will have to kick you out.

MS. ROSS: Okay. We can go out in the cold.

THE COURT: Seriously, the CSOs have to go home so don't stay too long and if you --

MS. ROSS: We can go outside.

THE COURT: Yeah, as long as it's not raining.

Let me also just say for the record, 1104(a)(2) is the basis of which I'm appointing a trustee, not (a)(1). (a)(1) is, as I said earlier, cause including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor.

I'm not concluding that. I'm concluding that the appointment is in the best interest of creditors and the equity holder and the other interests of the estate, which include by the way, licensees, although I know they didn't -- they weren't in favor of the trustee.

I think, again, reducing the fire drills and bringing some order here, what I hope will be order, should inure to their best interests as well.

Okay.

MR. BENDER: Your Honor, two things. One, who will prepare the order? You will or do you want to direct somebody to prepare that order?

THE COURT: You will.

# Exhibit 2

**From:** Linda Cantor
**To:** Bain, Joseph
**Cc:** Mintz, Mark
**Subject:** Penthouse
**Date:** Tuesday, April 17, 2018 6:10:25 PM

Joe:

As I mentioned may occur on our call, the Trustee has determined to withdraw the motion to convert cases. While the court order required me to serve the order setting hearing on the motion today (which you have likely received by now), the notice of withdrawal will be filed tomorrow morning and I will submit a proposed order vacating the order setting hearing on the conversion motion.

As for use of cash collateral, the Trustee does not want to have a battle over a cash collateral motion with the Penthouse Club owners' cash collateral given that we will be likely fighting over a settlement motion and motion to sell assets. I may be seeking to have hearings on the sale and settlement motions on May 9th in the afternoon, as the court has availability that day. Assuming I can file my pleadings by end of the day tomorrow, the matters will be heard on full 21 days' notice.

**Linda Cantor**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

# Exhibit 3



Begin forwarded message:

**From:** John Kirkendoll <jkirkendoll@kirkmgmt.com>
**Subject: Penthouse Ch 11**
**Date:** April 8, 2018 at 4:07:38 PM CDT
**To:** David Gottlieb <dgottlieb@dkgallc.com>
**Cc:** lcantor@pszjlaw.com, Kelly Holland <kholland@penthouse.com>

Hello David,

I wanted to take a second an update you on our submission of a Ch.11 plan of reorganization. As you know, we determined that in order to arrive at an accurate valuation we needed to make sure the historical financial statements were 100% reliable. We have hired 8020 Consulting to assist us with the FA work. They will work hand in hand in assisting Stout, as needed, with the valuation. The team from 8020 has been on standby since April 5th awaiting a green light from you to dig into the company's financials. As asked by you, 8020 delivered a list of items they wanted to review to us on Thursday, April 5th and we forwarded that list on to you late on April 5th. We have invested approximately $75,000 in the FA/Valuation process.

Regarding the plan, we intend to submit a plan by no later than May 15, assuming we are not hindered in our efforts to complete the valuation. Big picture, we intend to pay the secured creditor the value of its collateral as supported by the valuation. We intend to divide the unsecured creditors into three groups, paying each differing percentages based upon the need for

their continued services with the post chapter 11 company. We will pay 100% of the administrative fees.

Again, we stand ready to assist the debtor with a DIP loan. As you know, we have offered $200,000 but stand ready as necessary to increase that amount if need be. We are hopeful we can hit the ground running with the FA tomorrow. Please let me know if I can answer any questions you might have.

John Kirkendoll
Founder / CEO
jkirkendoll@kirkmgmt.com

**Kirkendoll Management, LLC**
201 St. Charles Ave
Suite 3915
New Orleans, LA 70170
Cell: 970.729.1333
Office: 504.267.5498
www.kirkmgmt.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1301 Dove Street, Suite 500 Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION OF PENTHOUSE CLUBS WORLDWIDE, LLC, PENTHOUSE CLUBS GLOBAL LICENSING, LLC, AND KIRKENDOLL MANAGEMENT, LLC TO APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/19/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 4/19/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

VIA FIRST CLASS MAIL
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ________________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/19/2018 | Stacy Ly | /s/ Stacy Ly |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

NEF SERVICE LIST

- **Ron Bender** rb@lnbyb.com
- **Linda F Cantor** lcantor@pszjlaw.com, lcantor@pszjlaw.com
- **Russell Clementson** russell.clementson@usdoj.gov
- **Brian L Davidoff** bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- **James A Dumas** jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
- **Jeffrey K Garfinkle** jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com
- **Allan B Gelbard** xxxesq@aol.com, Allan@GelbardLaw.com
- **David Keith Gottlieb (TR)** dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com
- **Mirco J Haag** mhaag@buchalter.com, dcyrankowski@buchalter.com
- **Mark S Horoupian** mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com
- **Peter W Lianides** plianides@wcghlaw.com, pj@wcghlaw.com;sly@wcghlaw.com
- **David W. Meadows** david@davidwmeadowslaw.com
- **Krikor J Meshefejian** kjm@lnbrb.com
- **Alan I Nahmias** anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- **Iain A W Nasatir** inasatir@pszjlaw.com, jwashington@pszjlaw.com
- **Hamid R Rafatjoo** hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- **S Margaux Ross** margaux.ross@usdoj.gov
- **Michael St James** ecf@stjames-law.com
- **Howard Steinberg** steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- **Cathy Ta** cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com
- **United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov
- **Michael H Weiss** mw@weissandspees.com, lm@weissandspees.com
- **Michael H Weiss** lm@weissandspees.com, lm@weissandspees.com
- **Marc J Winthrop** mwinthrop@wcghlaw.com, pj@wcghlaw.com;sly@wcghlaw.com
- **Christopher K.S. Wong** christopher.wong@arentfox.com
- **Beth Ann R Young** bry@lnbyb.com