Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: lcantor@pszjlaw.com

Proposed Counsel for David K. Gottlieb, Chapter 11 Trustee

FILED & ENTERED

APR 19 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Reaves    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor.<br><br>In re:<br><br>PENTHOUSE GLOBAL BROADCASTING, INC.<br>PENTHOUSE GLOBAL LICENSING, INC.<br>PENTHOUSE GLOBAL DIGITAL, INC.<br>PENTHOUSE GLOBAL PUBLISHING, INC.<br>GMI ONLINE VENTURES, LTD.<br>PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC.<br>TAN DOOR MEDIA, INC.<br>PENTHOUSE IMAGES ACQUISITIONS, LTD.<br>PURE ENTERTAINMENT TELECOMMUNICATIONS, INC., FKA FOR YOUR EARS ONLY, LTD.<br>XVHUB GROUP, INC., FKA GIANT SWALLOWTAIL INC.<br>GENERAL MEDIA COMMUNICATIONS, INC.<br>GENERAL MEDIA ENTERTAINMENT, INC., FKA PENTHOUSE VIDEO, INC.<br>DANNI ASHE, INC.<br>STREAMRAY STUDIOS, INC.,<br><br>Debtors.<br><br> X  Affects All Debtors. | Lead Case No.: 1:18-bk-10098-MB<br><br>Jointly administered with:<br><br>Case No.: 1:18-bk-10099-MB<br>Case No: 1:18-bk-10101-MB<br>Case No: 1:18-bk-10102-MB<br>Case No: 1:18-bk-10103-MB<br>Case No: 1:18-bk-10104-MB<br>Case No: 1:18-bk-10105-MB<br>Case No: 1:18-bk-10106-MB<br>Case No. 1:18-bk-10107-MB<br>Case No. 1:18-bk-10108-MB<br>Case No. 1:18-bk-10109-MB<br>Case No. 1:18-bk-10110-MB<br>Case No. 1:18-bk-10111-MB<br>Case No. 1:18-bk-10112-MB<br>Case No. 1:18-bk-10113-MB<br><br>Chapter 11 Cases<br><br>ORDER APPROVING TRUSTEE'S CONTINUED USE OF CASH COLLATERAL THROUGH APRIL 24, 2018 |

DOCS_LA:313696.1 32277/001

This Order for Continued Use of Cash Collateral is made with reference to the following facts, stipulated to by David K. Gottlieb, acting as the duly appointed Chapter 11 Trustee (the "Trustee") and secured creditor Dream Media Corporation ("Dream Media"), as confirmed through their counsel of record below.

A.    Debtors filed their petitions on January 11, 2018 (the "Petition Date").

B.    On March 6, 2018, the Court entered its Order Approving Appointment of David K. Gottlieb as the Chapter 11 Trustee in these jointly administered Chapter 11 bankruptcy cases [Docket No. 239].

C.    Dream Media asserts secured claims against substantially all of the Debtors' pre-petition assets including cash collateral (the "Pre-Petition Collateral").

D.    The Trustee previously requested and Dream Media consented to the Trustee's use of cash collateral for the periods (a) March 13, 2018 through March 20, 2018, pursuant to the *Order Approving Trustee's Use of Cash Collateral Through March 20, 2018* [Dkt. No.248], (b) March 21, 2018 through March 28, 2018, pursuant to the *Order Approving Trustee's Continued Use of Cash Collateral Through March 28, 2018* [Dkt. No.276], and (c) March 29, 2018 through April 14, 2018, pursuant to the *Order Approving Trustee's Continued Use of Cash Collateral Through April 14, 2018* [Dkt. No.294].

E.    Based upon the estate's critical need for continued use of cash collateral, the Trustee has requested that Dream Media authorize the continued use of cash collateral for the period March April 15, 2018 through April 24, 2018 (the "Continued Cash Collateral Period"), to make certain payments in accordance with the Trustee's budget attached hereto as Exhibit "A."

F.    The Trustee has determined, based upon his professionals' in depth-review of Debtors' books and records, analysis of receivables and payables and the development of projections based on such analysis that the Debtors are not meeting their obligations as they become due. Based

DOCS_LA:313696.1 32277/001    2

upon the foregoing, Dream Media asserts that it lacks adequate protection.

G. On April 17, 2018, the Trustee and Dream Media entered into that certain Settlement Agreement, which, *inter alia,* (i) fixes the amount of Dream Media's secured claim and resolves the Debtors' Claim Objection; (ii) sets out a sales process including bidding procedures, an auction date, and related deadlines; and (iii) provides a carve out of the sales proceed otherwise subject to Dream Media's security interest to the Trustee (the "Settlement"), which is further outlined in detail in the Settlement Agreement, the Trustee's 9019 Motion to Approve the Settlement (the "9019 Motion")as well as the Trustee's Motion to Approve the Sales Process and Bidding Procedures (the "Sale Motion"), both of which are to be filed on April 18, 2018.

H. The Trustee has requested Dream Media's consent to the Trustee's use of cash collateral during the Continued Cash Collateral Period to make the payments set forth on Exhibit "A." Given the Debtors' precarious financial condition as determined by the Trustee's professionals, Dream Media has reluctantly consented to the Trustee's use of cash collateral during the Continued Cash Collateral Period but only on the conditions that: (1) the Trustee uses reasonable best efforts to have the 9019 Motion and the Sale Motion set for hearing to take place on or prior to May 1, or as soon thereafter as available on the Court's calendar, in order to avoid further losses and diminution in value to Dream Media's collateral; and (2) as adequate protection, Dream Media is provided with and shall have a replacement lien, to the extent of any cash collateral actually used during the Continued Cash Collateral Period, upon the Prepetition Collateral and all postpetition proceeds thereof, excluding all claims, causes of action and recoveries arising under Sections 510, 544, 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code (collectively "Avoidance Actions") (the "Collateral"). The adequate protection liens of Dream Media in the Collateral shall be subject only to any valid, perfected, enforceable and nonavoidable prepetition liens and security interests, if any ("Prior Permitted Liens"), which replacement liens shall have the respective validity, scope,

priority and enforceability of the liens of Dream Media in the cash actually used; and (2) all of Dream Media's rights under 11 U.S.C. §507(b) are reserved to the extent of any post-petition diminution in the value of Dream Media's collateral.

I. The Trustee has agreed to each of Dream Media's conditions in order to proceed with use of cash collateral during the Continued Cash Collateral Period, if as or to the extent that the estate has sufficient funds to make those payments as reflected on Exhibit "A".

J. If the 9019 Motion is granted and the Settlement Agreement is approved, then the parties will have their rights and interests as outlined in the Settlement Agreement. However, if the 9019 Motion is denied, then Dream Media's rights and interests are as set forth herein and in accordance with all applicable law.

Therefore, based upon the foregoing and the consent of the Trustee and Dream Media as reflected below, and good cause appearing thereon,

IT IS HEREBY ORDERED THAT:

1. The Trustee may use cash collateral during the Continued Cash Collateral Period to make the payments set forth on Exhibit "A" annex hereto.

2. Dream Media is hereby provided with and shall have a replacement lien, to the extent of any cash collateral actually used during the Continued Cash Collateral Period, upon the Collateral. The adequate protection liens of Dream Media in the Collateral shall be subject only to Prior Permitted Liens, if any, which replacement liens shall have the same validity, scope, priority and enforceability of the liens of Dream Media in the cash actually used.

//

//

3. All of Dream Media's rights under 11 U.S.C. §507(b) are reserved to the extent of any post-petition diminution in the value of Dream Media's collateral.

###

Date: April 19, 2018

Martin R Barash
United States Bankruptcy Judge

DOCS_LA:313696.1 32277/001

5

It is so agreed.

David K. Gottlieb, Chapter 11 Trustee

By: /s/ Linda F. Cantor
     Linda F. Cantor, Esq.
Pachulski Stang Ziehl & Jones LLP
Proposed Counsel to Chapter 11 Trustee

Dream Media Corporation

By: /s/ B. Young
     Beth Ann R. Young, Esq.
Levene, Neale, Bender, Yoo & Brill L.L.P.
Attorneys for Dream Media Corporation

DOCS_LA:313671.1 32277/001

5

**In Re: Penthouse Global Media, Inc. et al** (Lead Case No. 1:18-10098-MB)
**Cash Collateral Budget**

|  | For the two weeks ending April 28 |
|---|---:|
| **REVENUES** |  |
| Broadcast | $ 202,561 |
| Digital | 59,653 |
| Publishing | 137,318 |
| Licensing | 5,503 |
| **Total Revenues** | 405,035 |
|  |  |
| **OPERATING EXPENSES** |  |
| Payroll & taxes | 82,000 |
| Rent | - |
| Corporate expenses | 36,947 |
| Insurance | 57,379 |
| Broadcast costs | 38,776 |
| Publishing costs | 63,661 |
| Digital costs | 12,123 |
| Outside legal for IP | 10,000 |
| Miscellaneous expenses | 30,000 |
| **Total Operating Expenses** | 330,886 |
| **Net Cash Basis Operating Income (Loss)** | 74,150 |