1  Linda F. Cantor (CA Bar No. 153762)
   Jeffrey L. Kandel (CA Bar No. 115832)
2  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, CA  90067
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760
   E-mail:  lcantor@pszjlaw.com
5          jkandel@pszjlaw.com

6  Attorneys for David K. Gottlieb, Chapter 11 Trustee

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SAN FERNANDO VALLEY DIVISION

11 In re:                                    Case No.: 1:18-BK-10098-MB

12 PENTHOUSE GLOBAL MEDIA, INC.,             Chapter 11

13              Debtor.                       Jointly Administered with Case Nos.:
                                             1:18-bk-10099-MB; 1:18-bk-10101-MB;
14 ☐ Affects All Debtors                     1:18-bk-10102-MB; 1:18-bk-10103-MB;
                                             1:18-bk-10104-MB; 1:18-bk-10105-MB;
15 ☐ Affects Penthouse Global Broadcasting, Inc.   1:18-bk-10106-MB; 1:18-bk-10107-MB;
   ☐ Affects Penthouse Global Licensing, Inc.      1:18-bk-10108-MB; 1:18-bk-10109-MB;
16 ☐ Affects Penthouse Global Digital, Inc.        1:18-bk-10110-MB; 1:18-bk-10111-MB;
                                             1:18-bk-10112-MB; 1:18-bk-10113-MB
17 ☐ Affects Penthouse Global Publishing, Inc.
   ☐ Affects GMI Online Ventures, Ltd.       CHAPTER 11 TRUSTEE'S APPLICATION
18 ☐ Affects Penthouse Digital Media Productions, Inc.   TO EMPLOY AKERMAN LLP AS
                                             SPECIAL INTELLECTUAL PROPERTY
19 ☐ Affects Tan Door Media, Inc.            COUNSEL, EFFECTIVE AS OF MAY 1,
   ☐ Affects Penthouse Images Acquisitions, Ltd.   2018, PURSUANT TO SECTIONS 327(e),
20 ☐ Affects Pure Entertainment Telecommunications, Inc.   330 AND 331 OF THE BANKRUPTCY
                                             CODE; DECLARATION OF CAROLINE
21 ☐ Affects XVHUB Group, Inc.               MANKEY IN SUPPORT THEREOF
   ☒ Affects General Media Communications, Inc.
22 ☐ Affects General Media Entertainment, Inc.
   ☐ Affects Danni Ashe, Inc.                [No Hearing Required]
23 ☐ Affects Streamray Studios, Inc.

24

25 TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE,
   THE DEBTORS AND THEIR COUNSEL OF RECORD, THE UNITED STATES TRUSTEE,
26 AND PARTIES REQUESTING SPECIAL NOTICE:

27         David K. Gottlieb, the duly appointed chapter 11 trustee (the "Trustee") in the above-

28 captioned bankruptcy case (the "Case") of Penthouse Global Media, Inc. and its debtor affiliates

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(collectively, the "Debtors"), hereby files this application (the "Application") to employ Akerman LLP ("Akerman"), whose business offices are located at 601 West Fifth Street, Suite 300, Los Angeles, California 90071, as special intellectual property counsel to the Trustee in this Case, effective as of May 1, 2018. This Application is brought pursuant to section 327(e), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1. In support of the Application, the Trustee respectfully represents as follows:

1.     On January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which Cases are being jointly administered under case number 1:18-bk-10098-MB [Docket No. 17].

2.     On March 2, 2018, the Court entered an order directing the appointment of a Chapter 11 Trustee [Docket No. 231].

3.     On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236].

4.     On March 6, 2018, the Court entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

5.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue is proper pursuant to 28 U.S.C. § § 1408 and 1409.

## I.

## RELIEF REQUESTED

The Trustee seeks Court approval to retain Akerman as special intellectual property counsel, effective as of May 1, 2018.  The Trustee requests that the Court authorize Akerman to be retained to perform the services described in this Application and the supporting declaration of Caroline Mankey (the "Mankey Declaration") annexed hereto.

## II.

## BASIS FOR RELIEF

Section 327(e) of the Bankruptcy Code authorizes a debtor, with court approval, to retain:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:314003.1 32277/001

for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Clarifying the statute, Bankruptcy Code section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

Accordingly, retention of special counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention, and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994); *In re Carla Leather, Inc.*, 44 B.R. 457, 474 (Bankr. S.D. N.Y. 1984), aff'd, 50 B.R. 764 (S.D. N.Y. 1985) ("[section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement."). Akerman's retention as the Trustee's special intellectual property counsel falls within the scope of section 327(e) of the Bankruptcy Code. The Debtors' primary assets are copyrights and trademarks, which are licensed by the Debtors to various parties. The Trustee seeks legal advice from intellectual property counsel with respect to sale and licensing matters as well as with respect to contested use, transfer and ownership issues. Akerman is being retained to advise the Trustee with respect to such intellectual property issues that arise in the Debtors' cases.

The Trustee believes that Akerman is eminently qualified to serve the estates as special intellectual property counsel, and that the retention of Akerman is in the best interest of all constituents. Akerman's intellectual property group deals with a wide array of intellectual property issues including ownership and use issues as well as rights and remedies in complex intellectual property disputes. Akerman served as litigation counsel to debtor Penthouse Global Media, Inc. in the matter of *Penthouse Global Media, Inc., et al. v. Guccione Collection, LLC, et al.*, pending in the United States District Court for the Central District of California, Case No. 2:17-CV-04980-PA (FFMx) (the "Penthouse v. Guccione Lawsuit"). While the Trustee has requested that ongoing

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

litigation in the Penthouse and Guccione Lawsuit be stayed during these bankruptcy proceedings, Akerman has a familiarity with the Debtors' business and its intellectual property assets as a result of its representation of the Debtors.

The attorneys at Akerman that are anticipated to provide services to the Trustee at hourly rates ranging from $320.00 to $495.00, as further disclosed in the accompanying Mankey Declaration in support of this Application.[1]

### III.

### SERVICES TO BE PROVIDED BY AKERMAN

This Application seeks to retain Akerman as special intellectual property counsel to advise the Trustee concerning the licensing and sale of the Debtors' intellectual property as well as to address contested use, transfer and ownership issues.

Akerman will not be involved in interfacing with this Court and will not be responsible for the Trustee's general restructuring efforts. By delineating Akerman's role, the Trustee has ensured there will be no duplication of services.

### IV.

### AKERMAN'S QUALIFICATIONS

From pharmaceuticals and medical devices, to computer software and technology, to fashion and music, Akerman's Intellectual Property Practice Group serves clients in all aspects of intellectual property counseling, litigation, licensing, transactions, and due diligence. Akerman has substantial experience in intellectual property matters and its understanding of the Debtors' business operations will assist the Trustee successfully manage, protect, and maximize the value of the Debtors' intellectual property assets. Akerman effectively handles all aspects of intellectual property disputes and provides to its clients critical counsel on transactions involving intellectual property. It negotiates licensing and distribution agreements and intellectual property acquisition documents, providing the necessary due diligence to assess the validity and enforceability of intellectual property rights and freedom to operate.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] This represents a courtesy discount from Caroline Mankey's standard hourly rate of $550.

The Trustee believes that Akerman is well qualified to act as special intellectual property counsel on behalf of the Trustee in these Cases.  Akerman represents clients in the entertainment, arts, fashion, retail, and technology sectors, including motion picture studios and production companies, major media companies, film libraries, artists, designers and others, in disputes involving copyrights, trademarks, trade secrets, design patents, defamation, licensing and other contract rights, rights of publicity, business interference, and partnership disputes.

In light of Akerman's historical relationship with the Debtors and the work it has performed for the Debtors, the Trustee believe that Akerman's retention is in the best interests of the Debtors' estates and creditors.

## V.

## CONFLICTS INVESTIGATION

To check and clear potential conflicts of interest in these Cases, Akerman researched its client database for the past two years to determine whether it had any relationships with the following entities, limited to potential conflicts in its engagement as special intellectual property counsel (collectively, the "Interested Parties"):

    (a)    the Debtors;

    (b)    the creditors holding the 20 largest unsecured claims against the Debtors;

    (c)    Exworks Capital Funds I LP and Dream Media Corporation; and

    (d)    the parties listed on the Debtors' creditor matrix.

In addiiton to its representation of the Debtors as noted above, Akerman's research of its relationships with the Interested Parties indicates that Akerman has in the past taken positons adverse to three creditors of the Debtors and has represented two creditors of the Debtors in other matters.  The foregoing representations were in connection with matters unrelated to the Debtors and these Cases.  Akerman is not representing (or taking adverse positions against) any of the foregoing creditors in the Debtors' Cases and will not represent any creditors of the Debtors in any claims that they may have against the Debtors or in any matters relating to the Debtors' Cases.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:314003.1 32277/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Akerman has advised the Trustee that it will conduct an ongoing review of its files to ensure

2    that no conflicts or other disqualifying circumstances exist or arise.  If any new facts or relationships

3    are disclosed, Akerman will supplement its disclosure to this Court.

4    Therefore, in reliance on the Mankey Declaration, the Trustee believes that (a) Akerman has

5    no connection with the Interested Parties (other than the Debtors and the creditors as stated herein),

6    the United States Trustee for the Central District of California (the "U.S. Trustee"), any person

7    employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United

8    States Bankruptcy Court for the Central District of California, except as set forth in the Mankey

9    Declaration; and (b) does not represent or hold any interest adverse to the Trustee, the Debtors or to

10   their estates with respect to the matters on which Akerman is to be employed.  Therefore, the Trustee

11   believes that Akerman's representation is permissible under section 327(e) of the Bankruptcy Code

12   and is in the best interests of the Debtors' estates.

13   Finally, the Debtors note that Akerman will have no involvement with respect to actually

14   conducting the Debtors' chapter 11 Cases.  The Trustee has retained Pachulski Stang Ziehl & Jones

15   LLP ("PSZJ") as general bankruptcy counsel to the Trustee.  Although PSZ&J and Akerman have

16   coordinated and expect to continue to coordinate on matters that generally concern the Debtors,

17   Akerman will not conduct the Debtors' bankruptcy Cases.

## VI.

## COMPENSATION AND FEE APPLICATIONS

20   Ms. Mankey's discounted hourly rate for work performed in these cases is $495.00.  The

21   rates for the other  attorneys at Akerman who may work on this matter are as follows: Patricia

22   Flanagan's hourly rate is $425 and Amy Price's hourly rate is $320.  Their biographical material is

23   attached to the Mankey Declaration as Exhibit "B".

24   Akerman intends to apply to the Court for allowance of compensation and reimbursement of

25   expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy

26   Rules, the Local Rules and the guidelines promulgated by the U.S. Trustee, and pursuant to any

27   additional procedures that may be established by the Court in these Cases.

28

DOCS_LA:314003.1 32277/001

1     Akerman will maintain records in support of any actual and necessary costs and expenses

2  incurred in connection with the rendering of its services in these Cases.  Subject to application for

3  and allowance by the Court, Akerman will receive reimbursement for reasonable and documented

4  out-of-pocket expenses incurred in connection with the services rendered to the Debtors.

5     All compensation and expenses will be sought in accordance with section 327(e), 330 and

6  331of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court.

7     The Trustee believes that the compensation arrangements with Akerman are reasonable and

8  at market rates, and similar to the rates charged to other clients in similar circumstances.

9     **WHEREFORE,** the Trustee requests that this Court approve the employment of Akerman

10  LLP as special intellectual property counsel, effective as of May 1, 2018, pursuant to section 327(e),

11  330 and 331 of the Bankruptcy Code, to render services as described above, with compensation to be

12  paid by the estates as an administrative expense in such amounts as this Court may hereafter

13  determine and allow.

14

15  Dated: May 1, 2018                                          Chapter 11 Trustee

16                                                                        By:

17                                                                              David K. Gottlieb

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:314003.1 32277/001

### DECLARATION OF CAROLINE MANKEY

I, Caroline Mankey, declare and state as follows:

1.     I am a partner of Akerman LLP ("Akerman").  Each of the facts contained in this declaration is based upon my personal knowledge and, if called as a witness, I could and would competently testify thereto.  Terms not otherwise defined herein shall have the meanings ascribed to them in the Chapter 11 Trustee's Application to Employ Akerman LLP as Special Intellectual Property Counsel, Effective as of May 1, 2018, Pursuant to Sections 327(e), 330 and 331 of the Bankruptcy Code (the "Application").

2.     The name, address, telephone number and facsimile number of Akerman are:

> Akerman LLP
> 601 West Fifth Street, Suite 300
> Los Angeles, CA 90071
> Telephone:     213.688.9500
> Facsimile:     213.627.6342

3.     A true and correct copy of my resume is attached hereto as Exhibit "A".

4.     The Trustee seeks to retain Akerman as special intellectual property counsel to advise the Trustee concerning the licensing and sale of the Debtors' intellectual property as well as to address contested use, transfer and ownership issues.

5.     Akerman's Intellectual Property Practice Group serves clients in all aspects of intellectual property counseling, litigation, licensing, transactions, and due diligence.  Akerman has substantial experience in intellectual property matters and its understanding of the Debtors' business operations will assist the Trustee successfully manage, protect, and maximize the value of the Debtors' intellectual property assets.  Akerman effectively handles all aspects of intellectual property disputes and provides to its clients critical counsel on transactions involving intellectual property.  It negotiates licensing and distribution agreements and intellectual property acquisition documents, providing the necessary due diligence to assess the validity and enforceability of intellectual property rights and freedom to operate.   Based on the foregoing, I believe that Akerman is eminently qualified to serve the estates as special intellectual property counsel.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6.      Akerman is serving as litigation counsel to Debtors Penthouse Global Media, Inc. and General Media Communications, Inc. in the matter of *Penthouse Global Media, Inc., et al. v. Guccione Collection, LLC, et al.*, pending in the United States District Court for the Central District of California, Case No. 2:17-CV-04980-PA (FFMx) (the "Penthouse v. Guccione Lawsuit"). While the Trustee has requested that ongoing litigation in the Penthouse and Guccione Lawsuit be stayed during these bankruptcy proceedings, and I anticipate filing a formal motion to stay the Penthouse v. Guccione Lawsuit by no later than May 4, 2018, Akerman has a familiarity with the Debtors' business and its intellectual property assets as a result of its representation of this Debtor.

7.      Akerman will not be involved in interfacing with this Court and will not be responsible for the Trustee's general restructuring efforts. By delineating Akerman's role, the Trustee has ensured there will be no duplication of services.

8.      Akerman has not requested any postpetition retainer. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and this Court's rules, the Trustee proposes to pay Akerman its customary hourly rates in effect from time to time and to reimburse Akerman according to its customary reimbursement policies. I am the attorney expected to be principally responsible for the case, and the discounted hourly rate that I charge the Debtor is $495.00. Akerman periodically increases its hourly rates and reserves the right to do so in this case. The rates for the other attorneys at Akerman who may work on this matter are as follows: Patricia Flanagan's hourly rate is $425 and Amy Price's hourly rate is $320. Their biographical material is attached hereto as Exhibit "B".

9.      It is contemplated that Akerman will seek interim compensation during the case as permitted by § 327(e), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1. Akerman understands that its compensation in these Cases is subject to the prior approval of this Bankruptcy Court and that no compensation will be paid except upon application to and approval by this Bankruptcy Court after notice and a hearing.

10.     To check and clear potential conflicts of interest in these Cases, Akerman researched its client database for the past two years to determine whether it has or had any relationships with the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

following entities, limited to potential conflicts in its engagement as special litigation counsel

(collectively, the "Interested Parties"):

    (a)    the Debtors;

    (b)    the creditors holding the 20 largest unsecured claims against the Debtors;

    (c)    Exworks Capital Funds I LP and Dream Media Corporation; and

    (d)    the parties listed on the Debtors' creditor matrix.

    11.    Akerman's research of its relationships with the Interested Parties indicates that

Akerman has no connection with Exworks Capital Funds I LP or Dream Media Corporation.

Akerman has not encountered any creditors of the Debtors or parties in interest in which an actual

conflict exists between Akerman and such parties in the matters for which Akerman is being retained

by the Trustee in these Cases. Akerman's research of its relationships with the Interested Parties

indicates that Akerman has no connection with the Interested Parties other than as follows: (a)

Akerman has represented Debtors Penthouse Global Media, Inc. and General Media

Communications, Inc. in the Penthouse v. Guccione Lawsuit; (b) Akerman has represented parties

over the past two years who were adverse to Iron Mountain, Inc., Iron Mountain Information

Management, Inc., and Marsh McLennan (of which Marsh USA is a subsidiary), each of which is a

creditor of the Debtors, and (c) Akerman has represented Greenberg Traurig and Premium

Assignment Corporation, two creditors of the Debtors. The foregoing representations were in

connection with matters unrelated to the Debtors and these Cases. Akerman is not representing (or

taking adverse positions against) any of the foregoing creditors in the Debtors' Cases and will not

represent any creditors of the Debtors in any claims that they may have against the Debtors. Based

on the foregoing, to the best of my knowledge, Akerman holds no adverse interest against the

Debtors or their estates.

    12.    Akerman has advised the Trustee that it will conduct an ongoing review of its files to

ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or

relationships are disclosed, Akerman will supplement its disclosure to this Court.

    13.    Akerman has no connection with the United States Trustee for the Central District of

California (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, or any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Central District of

2  California, and Akerman does not represent or hold any interest adverse to the Trustee, the Debtors

3  or to their estates with respect to the matters on which Akerman is to be employed.

4       14.    Akerman will have no involvement with respect to actually conducting the Debtors'

5  chapter 11 Cases.  PSZJ and Akerman have coordinated and expect to continue to coordinate on

6  matters that generally concern the Debtors, however Akerman will not conduct the Debtors'

7  bankruptcy Cases.

8       15.    Each member of Akerman that will work on these cases is familiar with the

9  Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and United States Trustee Guidelines

10  with respect to its retention by the Trustee and will comply with them.

11      To the best of my knowledge, after conducting or supervising the investigation described

12  above, I declare under penalty of perjury that the foregoing under the laws of the United States of

13  America that the foregoing is true and correct.

14      Executed this ___ day of May, 2018 at Los Angeles, California.

16

17  _____
            Caroline Mankey

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Caroline H. Mankey
Partner, Akerman LLP, Los Angeles, California
caroline.mankey@akerman.com
601 W. Fifth Street, Third Floor
Los Angeles, CA 90071
213.533.5949 (office direct)

## Practice Description

Intellectual property and commercial litigation practice representing clients in the entertainment, arts, fashion, market research, design, automotive, and technology industries in disputes involving copyrights, trademarks, trade secrets, defamation, licensing and other contract rights, rights of publicity, business interference, and partnership disputes, as well as sensitive employment issues, including sexual harassment and discrimination, and personal disputes arising out of domestic relationships.

## Trials, Arbitrations and Appeals

- First-chaired and won a $1 million+ judgment on behalf of the founder of a renowned rock band in a jury trial for misappropriation of her client's statutory and common law publicity rights arising out of the unauthorized use of photographs in a national print advertising campaign for athletic shoes.

- First-chaired and won trial of a multi-party partnership dispute and secured a $10 million+ judgment for her client.

- Tried and won a two-month-long jury trial against a major film and television production company for breach of an intellectual property license concerning the rights to manufacture and distribute electronic toys.

- Argued and prevailed before the Ninth Circuit Court of Appeals in defense of Los Angeles County Metropolitan Transportation Authority's bus system, concluding more than 10 years of contentious, high-profile litigation.

- Successfully defended a multinational mass media corporation in United States District Court and in the Ninth Circuit Court of Appeals in a suit alleging the client's motion picture infringed on the copyright to a 1925 comedy film.

- Served as trial and appellate counsel for entertainment company and prevailed in both courts in a dispute over the unauthorized manufacturing and sale of T-shirts and posters bearing the images of a famous comedy team. Served as counsel for *amici curiae* clients in connection with the California Supreme Court's review of the case, which became one of the seminal California cases on right of publicity law.

- First-chaired and won bench trial for specific performance of buy-sell agreement among shareholders in closely held corporation.

- First chaired 7-day bench trial and secured judgment in favor of the defense in probate case involving claims by the sister of client's deceased life partner seeking to recover all property and assets that had been co-owned by the couple prior to the death of the decedent. Judgment affirmed on appeal.

- First chaired bench trial and defeated all disputed claims for breach of oral agreement arising out of a former domestic relationship.

- First chaired jury trial defending movie producer against claims of assault and abuse arising out of former domestic relationship and prevailed on key evidentiary disputes leading to favorable settlement midway through jury selection.

- Prevailed on behalf of respondent in arbitration of claims arising out of a manufacturing agreement to bottle wine in single serving pouches and secured an award of all attorneys' fees and costs.

**Dispositive Motions and Settlements**

- Filed summary judgment motion seeking dismissal of plaintiff's claims for alleged trademark and copyright infringement arising out of competing jewelry designs, leading to the voluntary dismissal of the copyright infringement claim by the plaintiff, and after statements made by the District Court judge at the hearing on the motion suggesting that she would find the plaintiff's trademarks descriptive and unprotectable, leading to settlement on terms very favorable to the client.

- In a lawsuit for copyright infringement filed against the firm's client, a renowned artist, Ms. Mankey successfully argued on summary judgment of the copyright infringement claim that the idea of two dolphins swimming underwater, with one swimming upright and the other crossing horizontally, is not protected by copyright.  Judgment affirmed on appeal.

- Successfully moved for dismissal of all claims in patent infringement case pursuant to Federal Rule of Civil Procedure 11 and was awarded over $50,000 in attorneys' fees.

- Obtained preliminary and permanent injunction preventing the use or dissemination of videotaped footage of a well-known comedian/actor.

- Prevailed against media defendants' anti-SLAPP motion to strike a supermodel's claim for breach of oral contract arising from defendants' creation of a television show different from the agreed-upon nature and focus of the show.

- Prevailed in probate court proceeding resulting in order that an oral license defense to a copyright infringement action violated the no-contest provisions of a well-known comedian's trust.

- Represented well-known comedian's estate and successfully opposed the defendant's motion to stay copyright infringement action, pending appeal of an order of the Probate Department of the Los Angeles Superior Court that the assertion of a proposed defense to the action would violate the no-contest provisions of a trust. Successfully opposed the defendant's motion to dismiss a complaint for copyright infringement for lack of personal jurisdiction and improper venue or, in the alternative, to transfer for improper venue or convenience, leading to settlement.

- Successfully moved to dismiss plaintiff's claim for violation of the Computer Fraud and Abuse Act arising from alleged access of plaintiff's proprietary source code.

- Defended a start-up and its founders in suit for misappropriation of trade secrets, leading to settlement.

- Represented a loan-out corporation for a television host in a suit for breach of a talent licensing agreement, leading to settlement.

- Co-wrote a motion to dismiss that disposed of the bulk of an actor's challenges to a motion picture company's rights to a movie franchise, leading to settlement.

- Defended client in copyright infringement suit that settled for $1.00 on the eve of trial.

**Key Published Cases**

- *AtPac, Inc. v. Aptitude Solutions, Inc.*, 730 F. Supp. 2d 1174 (E.D. Cal. 2010)

- *Labor/Community Strategy Center v. L.A. County Metropolitan Transportation Authority*, 564 F.3d 1115 (9th Cir. 2009)

- *Comedy III Productions, Inc. v. Gary Saderup, Inc.*, 25 Cal.4th 387 (2001)

- *Comedy III Productions, Inc. v. New Line Cinema*, 200 F.3d 593 (9th Cir. 2000)

- *Comedy III Productions, Inc. v. Gary Saderup, Inc.*, 68 Cal. App. 4th 744 (1998)

**Speaking Engagements**

- Panelist, Application of Copyright Law to New Technologies, Beverly Hills Bar Association (scheduled for May 10, 2018)

- Los Angeles Intellectual Property Law Association Roundtable at Loyola Law School (April 4, 2018).

- Advisor, Association of Media and Entertainment Counsel's Women Who Lead Board Board Event: Advice & Appetizers (March 26, 2018).

- Loyola Law School Entertainment Law Practicum session on entertainment litigation (March 21, 2018).

- "Pirates, Hackers & Thieves – Oh My!  New Cyberrisks Facing the Entertainment Industry" Sedgwick LLP Webinar (August 23, 2017).

- "A Primer for Trademark and Copyright Issues in Fashion" Sedgwick LLP Webinar (June 6, 2017).

- Entertainment Law Practicum session on entertainment litigation at Loyola Law School (March 16, 2016).

- "Truth Is the New Black: A Conversation Series" in Costa Mesa (December 2, 2015).

- "Practical Implications of the Newly Amended FRCP," Panelist, Today's General Counsel Institute "The Exchange" Conference, Los Angeles, California (December 7, 2015).

- "Cooperation and Collaboration," Panelist, Today's General Counsel Institute "The Exchange" Conference, Los Angeles, California (December 8, 2015).

- Los Angeles Intellectual Property Law Association Roundtable at Loyola Law School (October 13, 2015).

- "Privacy Piracy," Radio Interview by Mari Frank, KUCI (May 5, 2014).

- Moderator, "BYOD and Social Media — Can the Chaos Evolve Into Order?" ASU-Arkfeld eDiscovery and Digital Evidence Conference, Tempe, Arizona (March 14, 2014).

- Moderator, "Cloudy Skies Ahead? Practical Approaches to the Uncertainties and Risks of Cloud Computing," ASU-Arkfeld eDiscovery and Digital Evidence Conference, Tempe, Arizona (March 12, 2014).

- Panelist, "The Importance of Process and Project Management Skills," Today's General Counsel Institute "The Exchange" Conference, Los Angeles, California (December 11, 2013).

- Panelist, "ESI in Small Actions," Federal Judicial Center E-Discovery Seminar for Federal Judges, Philadelphia, Pennsylvania (September 10, 2013).

- Moderator, "Social Media Discovery Considerations," ASU-Arkfeld eDiscovery and Digital Evidence Conference, Tempe, Arizona (March 14, 2013).

- Panelist, "Litigation Holds — Know When to (Litigation) Hold 'em, Know When to Fold 'em," ASU-Arkfeld eDiscovery and Digital Evidence Conference, Tempe, Arizona (March 13, 2013).

- Moderator, "Atypical Discovery," ASU-Arkfeld eDiscovery and Digital Evidence Conference, Tempe, Arizona (May 25, 2012).

- Speaker, "Social Media as Electronic Evidence," Bar Association of San Francisco Webinar (May 15, 2012).

## Published Articles

- "Hollywood hackers: How to prevent and respond to cyberattacks in the entertainment industry," *L.A. Biz*, September 5, 2017 (co-authored with John F. Stephens).

- "'All I've Got Is a Photograph' – Copyright Law's Preemption of Right of Publicity Claims," *Sedgwick LLP Media Law Bulletin*, July 13, 2017.

- "To Sample or Not To Sample," *Sedgwick LLP Media Law Bulletin*, June 2, 2017.

- "'Tweet, Tweet,' Went the Rock Star," *Los Angeles Daily Journal* (January 30, 2014).

- "But My Lawyer Told Me to Delete the Facebook Posts!" *Los Angeles Daily Journal* (March 6, 2012).

- "Life After Death," *Los Angeles Lawyer* (April 1999).

- "Commercial Speech Disorder," *Los Angeles Daily Journal* (December 15, 1998).

- Contributor, "California Expands the Statutory Right of Publicity for Deceased Celebrities While Its Courts Are Examining the First Amendment Limitations of that Statute" by Bela G. Lugosi, *DePaul Journal of Art & Entertainment* Law, Vol. X, No. 2 (Spring 2000).

## Honors

- Daily Journal's Top Intellectual Property Lawyers in California, 2017
- National Law Journal's List of Intellectual Property Trailblazers, 2017
- Top 50 Women Lawyers of Southern California, Super Lawyers, 2014
- Super Lawyer, *Southern California Super Lawyers*, 2011–2018
- Super Lawyer, "Rising Star," Super Lawyers, 2005

**Admissions**

- State Bar of California
- 7th U.S. Circuit Court of Appeals
- 9th U.S. Circuit Court of Appeals
- U.S. District Court (C.D. Cal.)
- U.S. District Court (E.D. Cal.)
- Supreme Court of California

**Previous Employment**

- **Sedgwick LLP** (February 2015 – December 2017) – Partner and Chair, Intellectual Property, Media and Entertainment Practice Group

- **Cypress, LLP** (January 2010 - February 2015) – Partner

- **Glaser, Weil, Fink, Howard, Avchen & Shapiro, LLP** (March 1999 – December 2009) – Associate (March 1999 – January 2004); Partner and Co-Hiring Partner (January 2004 – December 2009)

- **Benjamin, Lugosi & Benjamin, LLP** (December 1996 – March 1999)

**Education**

- J.D. (1996) University of California, Los Angeles School of Law — co-president of the Entertainment Law Society, *Women's Law Journal* staff member, Moot Court Honors Program participant

- B.A. (1990), *cum laude,* University of California, Los Angeles (Germanic Languages)

**Memberships/Associations**

- Chair, Women Who Lead Board, Association of Media and Entertainment Counsel
- Vice-Chair, Board of Directors, The Industry
- Board Member, Female Executives in Media and Entertainment
- Paley Center Media Council
- Los Angeles Copyright Society
- ChIPs (Chiefs in Intellectual Property)
- Chair for the Class of 1996 UCLA School of Law Reunion 2016
- ASU-Arkfeld eDiscovery Conference Advisory Committee 2012-2016
- 2015 Member of Board of Directors of Reading Opens Minds (non-profit organization that promotes literacy through book clubs)
- United States District Court for the Central District of California, Attorney Settlement Officer for copyright and trademark cases (2010-2015)

**Externship**

- ▪ Judicial extern with the Honorable Stephen Reinhardt, United States Court of Appeals for the Ninth Circuit (summer 1994)

# Exhibit B

# akerman

People



## Patricia M. Flanagan

Partner, Intellectual Property
West Palm Beach

T: +1 561 653 5000
patti.flanagan@akerman.com
vCard

Connect With Me

Patricia Flanagan helps emerging and industry leading companies protect and enforce their U.S. and international intellectual property rights. She focuses on representing clients in the strategic management and utilization of their trademark portfolios, including procurement, maintenance, licensing, and asserting and defending trademark and unfair competition litigation. From startups to established global companies, Patricia's clients span a diverse range of sectors, including retail, fashion, and hospitality brands; international music festivals; production companies and entertainment professionals; technology and software companies; private equity firms; and real estate owners and developers.

Patricia works with her clients to help them develop business strategies that cultivate and protect their intellectual property assets through the use of trademark and copyright registrations, trade secrets, licensing, publicity, digital media, and internet-related content. When litigation is the appropriate path, Patricia takes action to protect and defend her clients' businesses, brands, and proprietary information. She has extensive experience litigating cases that center on trademark infringement, copyright infringement, unfair competition, false advertising, and entertainment litigation in federal courts across the country, as well before the Trademark Trial and Appeal Board.

She regularly counsels clients on clearance and registration of trademarks and service marks, and worldwide brand management strategies, evaluates and represents clients in trademark oppositions in cancellation proceedings before the U.S. Trademark Office, and counsels and assists clients on policing and enforcement issues. She has substantial experience counseling clients on consumer advertising and marketing laws, including guidance on and counseling clients in respect of advertising reviews and compliance matters, including with respect to the Federal Trade Commission's truth-in-advertising rules.

She regularly assists clients with a variety of contracts and commercial transactions related to intellectual property, from development and intellectual property ownership agreements for employees and consultants to licenses, manufacturing, and distribution agreements. She also assists clients by conducting intellectual property due diligence for acquisition/sale transactions and advises on intellectual property provisions in asset purchase agreements.

## Notable Work

**Global Brand Management:** Represent clients in the retail, fashion, technology, real estate, and hospitality sectors, including the owner of an internationally renowned music festival in managing worldwide intellectual

### Areas of Experience

Intellectual Property
Copyrights
Intellectual Property Licensing
Intellectual Property Litigation
Trade Secrets, Restrictive Covenants, and Unfair Competition
Trademarks

### Education

Certificate, Fordham University School of Law, 2016, Fashion Law Institute, Summer Intensive Program a.k.a. Fashion Law Bootcamp
J.D., Stetson University College of Law, 2008, cum laude
M.B.A., Stetson University, 2008
B.S., University of Central Florida, 2005, Alpha Xi Delta

### Admissions

#### Bars

Florida

#### Courts

U.S. District Court, Middle District of Florida
U.S. District Court, Southern District of Florida
U.S. District Court, Northern District of Florida
U.S. Court of Appeals, Eighth Circuit
U.S. Court of Appeals, Second Circuit
U.S. Court of Appeals, Eleventh Circuit
U.S. Court of Appeals, Sixth Circuit
U.S. Supreme Court

### Related Content

Akerman Elevates 19 Lawyers to Partnership
February 2, 2017

The FTC Social Media Consent Order Against SmartClick: Injunctive Relief and Monetary Judgment For Doctor Certification Program and Paid Promotions Formatted To Appear As Independent Lifestyle Blogs and Review Sites

property portfolios.

**Trademark Litigation:** Represented Grammy award-winning musical artist in trademark suit brought against his record company.

**Trademark Litigation:** Represented client in federal trademark suit where client sought enforcement of trademark rights against competitor. Case settled favorably for client.

**Trademark Litigation:** Represented hospitality management company in defending federal trademark suit brought against it.

**Entertainment:** Represented client in federal trademark suit on behalf of an entertainment startup enforcing trademark rights against infringer. Case settled favorably for client.

**Patent Litigation:** Represented software company defending against claim that its online auction of foreclosed property and tax certificates infringed a patent.

**Trade Dress Litigation:** Represented client in enforcement of its trade dress in culinary products.

**Global Licensing:** Represented consumer products company in negotiating various complex worldwide trademark licenses and manufacturing and distribution agreements.

**Entertainment:** Represented production company in negotiating various talent and related agreements.

**Hospitality:** Represented resort and spa in negotiating various licenses and operational agreements.

## Published Work and Lectures

- MIP Luxury Brand and Retail Forum, Speaker, "Online Brand Protection and Anti-counterfeiting Strategies," April 19, 2016
- Applying For A U.S. Trademark Registration: Punctuation Matters(?), Intellectual Property Today, March 2013, Vol. 20, No. 3

## Affiliations

- American Apparel and Footwear Association (AAFA), Brand Protection Council Committee, Member
- The Federal Bar Association, Member
- The Florida Bar, Business Law Section, Member

## Honors and Distinctions

- *Daily Business Review*, 2014-2017 Litigation Department of the Year for Intellectual Property, Member

The 2015 FTC Policy Statement: An Advertisement Can Be Deceptive Based On Its Formatting

akerman

People



## Amy S. Price

Associate, Intellectual Property
West Palm Beach

T: +1 561 653 5000
amy.price@akerman.com
vCard

Connect With Me

Amy Price has extensive experience litigating cases in federal court involving trademark, copyright and patent infringement, and unfair competition. She also assists clients with the selection, procurement, protection, enforcement, and licensing of their intellectual property rights. Her practice is focused on brand management trademarks, trade dress, patents, copyrights, and music and entertainment industry transactions. She is also well-versed in litigating domain name disputes before the World Intellectual Property Organization and cancellation and opposition proceedings before the Trademark Trial and Appeal Board.

Additionally, Amy assists clients in the purchase and sale of music assets, including recorded music, music publishing catalogs, and music royalty streams. Such representation includes conducting in-depth copyright and related intellectual property due diligence and drafting and negotiating asset and purchase agreements. She also represents individuals in terminating their grants of copyright and recapturing copyrights. Amy's broad industry experience includes music, entertainment, television, film, fashion and apparel, hospitality, restaurants, and consumer products.

## Affiliations

- American Intellectual Property Law Association, Member
- The Florida Bar Entertainment and Sports Law Section, Member
- Florida Association For Women Lawyers, Member
- International Trademark Association (INTA), Member

## Honors and Distinctions

- *Daily Business Review*, 2014, 2015, and 2016 Litigation Department of the Year for Intellectual Property, Member

### Areas of Experience

Intellectual Property
Copyrights
Entertainment
Intellectual Property Licensing
Intellectual Property Litigation
Intellectual Property Transactions and Due Diligence
Internet Law
Trademarks

### Education

J.D., University of Miami School of Law, 2011, *cum laude*
B.M., Florida Atlantic University, Music, 2004, *summa cum laude*

### Admissions

#### Bars

Florida

#### Courts

U.S. District Court, Southern District of Florida
U.S. District Court, Northern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Eastern District of Texas

### Related Content

Akerman's Support of Dreyfoos School of the Arts Highlighted in *Palm Beach Post*

Dreyfoos in White

Akerman Represents BMG Rights Management in Multi-Million Dollar Acquisition of Publishing and Recording Catalogs from Verse Music Group

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled **CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY AKERMAN LLP AS SPECIAL INTELLECTUAL PROPERTY COUNSEL, EFFECTIVE AS OF MAY 1, 2018, PURSUANT TO SECTIONS 327(e), 330 AND 331 OF THE BANKRUPTCY CODE; DECLARATION OF CAROLINE MANKEY IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 1, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On May 1, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 1, 2018 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Via Federal Express***
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite  342/ Courtroom 303
Woodland Hills, California  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 1, 2018 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*June 2012*
DOCS_LA:313822.2 32277/001

1

2

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

3

Russell Clementson on behalf of U.S.
Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

4

5

James A Dumas, Jr on behalf of Creditor
NOA Productions SPRL
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

6

7

8

James A Dumas, Jr on behalf of Creditor
Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

9

10

Allan B Gelbard on behalf of Other
Professional Allan B. Gelbard
xxxesq@aol.com,
Allan@GelbardLaw.com

11

12

13

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@
dkgallc.com,akuras@dkgallc.com

14

15

David W. Meadows on behalf of
Interested Party Courtesy NEF
david@davidwmeadowslaw.com

16

17

Krikor J Meshefejian on behalf of
Creditor Interested Party
kjm@lnbrb.com

18

19

Alan I Nahmias on behalf of Interested
Party Courtesy NEF
anahmias@mbnlawyers.com,
jdale@mbnlawyers.com

20

21

Aram Ordubegian on behalf of Creditor
LSC Communications US, LLC / Creel
Printing
ordubegian.aram@arentfox.com

22

23

24

Hamid R Rafatjoo on behalf of Creditor
Committee The Official Committee of
Unsecured Creditors
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raines
law.com

25

26

S Margaux Ross on behalf of U.S.
Trustee United States Trustee (SV)

27

margaux.ross@usdoj.gov

Michael St James on behalf of Creditor
Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested
Party Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor
Greenberg Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party
Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;lisa.spenc
er@bbklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney
Weiss & Spees, LLP
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Danni Ashe, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
GMI Online Ventures, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
General Media Communications, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
General Media Entertainment, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Penthouse Digital Media Productions, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Broadcasting, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Digital, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Licensing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Publishing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Images Acquisitions, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Pure Entertainment Telecommunications,
Inc. fka For Your Ears Only, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Streamray Studios, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan
Door Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
XVHUB Group, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Christopher K.S. Wong on behalf of
Creditor LSC Communications US, LLC
/ Creel Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor
Dream Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor
Interested Party
bry@lnbyb.com

Brian L. Davidoff
bdavidoff@greenbergglusker.com

Jonathan Hayes
jhayes@SRHLawFirm.com

Peter W. Lianides
plianides@wcghlaw.com

Mark S. Horoupian
mhoroupian@sulmeyerlaw.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**U.S. Bankruptcy Court
Central District of California (San Fernando Valley)
In re Penthouse Global Media, Inc., Case No. 18-10098-MB**

2. **SERVED BY UNITED STATES MAIL:**

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq.
WEISS & SPEES LLP
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048

*Trustee*
David Keith Gottlieb, Managing Member
D. Gottlieb & Associates, LLC
17000 Ventura Blvd., Suite 300
Encino, California, 91403

*Office of U.S. Trustee*
Margaux S. Ross
915 Wilshire Blvd. , Suite 1850
Los Angeles, CA 90017

*Counsel for The Official Committee of Unsecured Creditors*
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

Kelly Holland
President and Chief Executive Officer
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311