| | |
|---|---|
| PAUL SIGELMAN, SBN 45954<br>433 NORTH CAMDEN DRIVE<br>Suite 970<br>Beverly Hills, CA  90201<br>(310) 278-8011<br>FAX: (310) 278-2254<br><br>☐ Individual *appearing without an attorney*<br>☐ *Attorneys for:* Androcoles Entertainment Pty Ltd, | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br>    PENTHOUSE GLOBAL MEDIA, INC., a Delaware corporation<br><br>                      Debtor.<br>---<br>Penthouse Global Broadcasting, Inc.,<br>Penthouse Global Licensing, Inc.,<br>Penthouse Global Digital, Inc.,<br>Penthouse Global Publishing, Inc.<br>GMI Online Ventures, Ltd.,<br>Penthouse Digital Media Productions, Inc.,<br>Tan Door Media, Inc.<br>Penthouse Images Acquisitions, Ltd.,<br>Pure Entertainment Telecommunications, Inc.,<br>XVHUB Group, Inc.,<br>General Media Communications, Inc.,<br>General Media Entertainment, Inc.,<br>Danni Ashe, Inc. Streamray Studios, Inc.,<br><br>☒ Affects All Debtors<br><br>                                             Debtor(s) | CASE NO.: 1:18-bk-10098-MB<br>Jointly Administered With:<br><br>Case No. 1:18-bk-10099-MB,<br>Case No. 1:18-bk-10101-MB,<br>Case No. 1:18-bk-10102-MB,<br>Case No. 1:18-bk-10103-MB,<br>Case No. 1:18-bk-10104-MB,<br>Case No. 1:18-bk-10105-MB,<br>Case No. 1:18-bk-10106-MB,<br>Case No. 1:18-bk-10107-MB,<br>Case No. 1:18-bk-10108-MB,<br>Case No. 1:18-bk-10109-MB,<br>Case No. 1:18-bk-10110-MB,<br>Case No. 1:18-bk-10111-MB,<br>Case No. 1:18-bk-10112-MB and<br>Case No. 1:18-bk-10113-MB<br><br>CHAPTER: 11<br><br>**DISCLOSURE STATEMENT FILED BY ANDROCOLES ENTERTAINMENT PTY LTD TO PLAN OF REORANIZATION FILED BY  ANDROCOLES ENTERTAINMENT PTY LTD, DATED May 9, 2018**<br><br><u>Hearing/Status Conference</u><br>Date: May 9, 2018<br>Time:1.30 pm<br>Courtroom:  303<br>Address:      21041 Burbank Blvd<br>                      Woodland Hills,California |

    This Chapter 11 Disclosure Statement filed by Androcoles Entertainment Pty Ltd, (Disclosure Statement) relates to the accompanying Chapter 11 Plan filed by Androcoles Entertainment Pty Ltd,  (Plan).  The Plan proposes to restructure the financial affairs of the above-named Debtor.  You may be entitled to vote on the Plan.

The voting rules are explained below, along with a summary of the Plan and other relevant information. This Disclosure Statement is explanatory only. The Plan will be the binding document, if it is confirmed by the court.

*Your rights may be affected. Read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)* Definitions and rules of construction are as set forth below and in the Plan.

## PART 1. SUMMARY OF PLAN

**Article One of The Plan** divides creditors and interest holders into the following groups. The precise treatment proposed for each group is specified in Exhibit A to the Plan. What follows is only a summary. Please review the Plan carefully.

**SUMMARY:** Exhibit A to this Plan shows how claims and interests are treated, as qualified and explained below.

**A. Unclassified claims.** Some claims are unclassified (because they cannot vote and, unless the claim holder agrees otherwise, their treatment is fixed by the Bankruptcy Code). These claims include costs of administering this bankruptcy case (Administrative Claims), such as professionals' fees and expenses. Administrative Claims bar date: The last day to file a request for payment of Administrative Claims is 28 days after the Effective Date or such other date as the court may order

**B. Classified claims.** All other claims and interests are separated into one of the following classes. Classes 1 and 2 are for claims "secured" by collateral – such as a mortgage/deed of trust (DOT), a secured car loan, or any other claim secured by a lien on property of the bankruptcy estate (Collateral). Class 3 is for "priority" unsecured claims, class 4 is for general (nonpriority) unsecured claims, and class 5 is for "interests" (defined below). All classes are divided into subclasses for each unique type of claim (class 1A, 1B, 2A, 2B, etc.).

> **Class 1: Claims secured by principal residence.** This class is reserved for claims secured *only* by real estate that is an individual Debtor's principal residence. If you hold that type of claim then it cannot be modified by this Plan unless you consent. *See* § 1123(b)(5). (If Debtor is not an individual, or if there is no such claim, then class 1 should be left blank.)
>
> **Class 2: Other secured claims.** Dream Media Inc as Secured Lender under The Plan is being offered $3,000,000 on the Effective Date of the Plan to settle their claim. In the event. Settlement of the Secured Lender claim is not accepted and approved by the Court the Plan proponent reserves the right to amend The Plan to reduce or increase the offer or to adjust a The Plan Terms to all for a Cram Down under the Code provisions relating to that procedure.
>
> **Class 3: Priority Claims.** A claim has "priority" if it is entitled to certain special treatment under § 507. For example, if Debtor owes you wages that you earned within 180 days before the bankruptcy petition was filed, then you may hold a priority claim for those unpaid wages. Under past group net operating tax losses no tax priority claims are currently being claimed by the IRS against any debtor entity.
>
> **Class 4: General Unsecured Claims.** If you hold a claim that is not secured and is not entitled to priority, then you hold a general unsecured claim. The plan proposes all unsecured claims in group B, C and D entities being paid 98% of their claim. The Plan proposes all Group A unsecured creditors being paid 50% of their claim. The Plan provides for a change in unsecured creditor payment if the secured loan is reduced to unsecured status.
>
> **Class 5 consists of "interests."** If Debtor is an organization then "interests" means ownership interests (such as corporate stock, or a partner's interest in a partnership). The Plan envisaged either the 100 percent sale of stock in entities specified or liquidation of all entities not being acquired. Under the Plan the Buy Out entity Penthouse Capital Inc will be the 100% Owner of all acquired entities. In the event the Secured Lender claim is Subordinated to an equity level interest the Plan envisages nonpayment of the claim.

    **C. Disputed claims or interests.**  A claim or interest is Disputed if (1) an objection has been filed against it <u>or</u> (2)(a) it is not listed on Debtor's bankruptcy schedules, or it is listed as disputed, contingent, or unliquidated, and (b) no proof of claim or interest has been filed.  *See* §§ 502(a), 1111(a).  *Exception:* a claim or interest ceases to be Disputed once it is allowed by a final non-appealable order.

    **Article II of the Plan** governs "executory" contracts and unexpired leases (a contract is generally defined as executory when both Debtor and the other party to the contract have not yet fully performed their obligations, and the unperformed obligations of both parties are significant enough that either party's breach would excuse the other party from performing). The Plan specifies whether, on the Effective Date, each such contract or lease (a) will be "assumed" as an obligation of the reorganized Debtor (generally meaning that defaults will be cured and the agreement will be reinstated), or (b) will be assumed and then instantaneously assigned to a specified person, or (c) will be "rejected" (meaning that Debtor will no longer perform under the agreement, and the other party can file a claim for damages resulting from that rejection (§ 502(g)).

On the Effective Date, Debtor's "executory" contracts and unexpired leases and licenses will be

(a) assumed (*i.e.,* cured and reinstated) as obligations of the reorganized Debtor operating entities being purchased under the Plan as operating entities all existing licenses, subscription, output agreements and related business contracts OR

(b) in relation to asset purchases from all entities being liquidated under The Plan all existing licenses, leases, contracts, subscription agreements, output agreements are deemed to be assumed and then instantaneously assigned as follows including but not limited to The Vice Token License, Caligula License, Androcles Entertainment Pty Ltd license, and the lease of premises at 8944 Mason Ave but excluding the Penthouse Club License Agreement as rejected in (c).

(c) In relation to asset purchases the Penthouse Club License in Penthouse Global Licensing shall be rejected on the grounds of imperfection and inability to perfect.  In the event the Penthouse License by way of Court Order is assumed then the License will be purchased under the Plan. The purchase of the Penthouse Club License under a The Plan is conditional upon the rejection of the License not being upheld.

The order confirming this Plan will constitute an order approving this paragraph's treatment of executory contracts and unexpired leases.

    **Rejection bar date.**  Any claim arising from the rejection of an executory contract or unexpired lease under the immediately preceding paragraph must be filed by the later of (1) the general bar date for claims or (2) 28 days after the date of the order confirming this Plan.  Rejection claims are general unsecured claims in class 4, unless the claim is allowed as a priority claim in class 3.

    **Article III Implementation of the Plan.**  This Plan will be funded as explained herein and as further described in the Disclosure Statement.  All transfers of property under this Plan shall be made in accordance with any applicable provisions of non-bankruptcy law to the extent required by § 1129(a)(16).

The Disbursing Agent shall be the Trustee as the context for each Debtor Group requires under the terms of the Plan in relation.

    **Article IV of the Plan** provides that Debtor will be discharged from existing debts as provided in § 1141(d). Generally this means that (1) if Debtor is *not an individual* then the discharge occurs when the Plan is confirmed (except for a liquidating Plan), and (2) if Debtor *is an individual* then (a) the discharge will not occur unless and until Debtor completes all payments under the Plan (all payments for the Plan Term, as specified in <u>Exhibit A</u> to the Plan), unless the court orders otherwise in certain situations, and (b) Debtor will not be discharged from debts that are nondischargeable under § 523.  Article IV of the Plan also specifies certain effects of confirmation, including that creditors are prevented from attempting to collect preconfirmation obligations except in specific circumstances or in accordance with the terms of the Plan.

**Article V of the Plan** includes General Provisions, such as how the Plan can be modified, and a provision that if the Plan complies with certain technical rules then it can be confirmed even if one or more classes of creditors or interest holders vote to reject the Plan (§ 1129(b)).

### PART 2.  VOTING ON PLAN, AND OBJECTIONS

**A. Who may vote:** You are entitled to vote on the Plan <u>unless</u>: (1) your claim or interest is Disputed (as defined in the Plan); (2) your class is to receive no distribution (presumed to reject the Plan); (3) your class is "unimpaired" (presumed to accept the Plan – see <u>Exhibit A</u> to the Plan for the proponent's designation of which classes are "impaired") (§ 1124); or (4) your claim is unclassified (and thus is required by law to be paid in full) (§§ 1123(a)(1) & 1129(a)(9)(A) & (C)).  If your claim or interest is Disputed then you must file a motion to have it allowed for voting purposes (you must do that soon, so that your motion can be heard before votes are counted) (Rule 3018(a)).

**B. Who may vote in more than one class:** If your claim has been allowed in part as a secured claim and in part as an unsecured claim, or if you otherwise hold claims or interests in more than one class, you are entitled to accept or reject the Plan in each capacity and you should return one ballot for each claim or interest.

**C. How to vote:** Fill out and return the attached ballot (if you are entitled to vote) so that it is ***received by the deadline*** and according to the other instructions in the enclosed order or court-approved notice regarding voting and procedures.

**D. Effect of vote:** The Plan will be confirmed only if (1) it is accepted by each impaired class, or (2) it is accepted by at least one impaired class (without counting the votes of "insiders," as defined in § 101(31)) and the court determines that the Plan is "fair and equitable" (as defined by § 1129(b)) to all rejecting classes of creditors, and (3) it meets all of the other legal requirements for confirmation.  A class of creditors accepts the Plan if a majority in number and at least two-thirds in dollar amount of the claims in that class are timely voted in favor of the Plan (§ 1126(c)).  A class of interests accepts the Plan if at least two-thirds of those interests are timely voted in favor of the Plan (§ 1126(d)).

**E. Solicitation of votes:** Nobody is permitted to solicit your vote to accept or reject any plan during the bankruptcy case unless, at or before the time of the solicitation, you have been provided with the plan or a summary of the plan and a written disclosure statement that has been approved by the court as containing adequate information for you to make an informed judgment about the plan.  Then any person may solicit your vote for or against the Plan.

**F. Who may object:** Even if you are not entitled to vote, you can object to confirmation of the Plan if you believe that the requirements for confirmation are not met (and if you are a party in interest in this bankruptcy case).  For the deadlines and procedures, see the enclosed order or court-approved notice.

### PART 3.  OTHER INFORMATION

**A. Background/Risk Factors.** This Disclosure Statement normatively includes a brief description of: (1) Debtor's history: the events leading to the chapter 11 bankruptcy, and any other relevant history of Debtor's business and financial affairs; (2) significant events during the bankruptcy case; and (3) exit strategy: steps taken or planned to fix the problems that led to bankruptcy, and the principal risk factors in future.

**The Plan does not depend upon future business performance to pay creditor claims due under a The Plan. Given this reality it is contended that there is no need to present future projections related to financial performance unless required by the Court,**

**However the Plan Proponent undertakes to amend The Plan to provide a detailed past history of the Debtor and the course of the Chapter 11 proceedings. The current legal and factual uncertainties in play preclude the provision of Exhibits that as at the date of filing remain problematic and potentially highly misleading.**

**B. Litigation.  Debtor might sue you if, for example, you received a transfer of funds or any other property from Debtor that is avoidable under the Bankruptcy Code.**  Other types of claims also may be made, and the Plan proponent has not completed investigations, but the anticipated and pending legal proceedings by or against the purchased entities and purchased assets only related to the Caligula litigation which is being fully assumed by the Purchaser. Potential litigation that may affect Penthouse Global Licensing Inc and Penthouse Global Media Inc due to rejection of the Penthouse Club License,

**C. Feasibility:**  The Plan provides for settlement of all creditor claims as at the Effective Date of The Plan from Cash and Cash Equivalents provided by the Buy Out Entity. The payment of creditors under The Plan is not dependent on the future performance of the Debtor.

**D. Tax consequences of the Plan:**  (1) <u>Tax consequences to the debtor</u>:  The tax consequences to Debtor of the Plan's implementation, including but not limited to tax attribute reduction and the recognition of gain or loss on any sale of Debtor's assets (and the projected tax thereon), have been taken into account and are properly reflected in the financial projections attached are subject to a tax sharing agreement that is yet to be concluded between the parties to The Plan. This Disclosure Statement will be amended to show the tax consequences on the Debtor entities. Given a past tax history of net operating losses the expectation is that the sale of assets and entities contemplated under The Plan are expected to be tax neutral and to not impact payments to other creditors under The Plan.

(2) <u>Tax consequences to holders of claims and interests</u>:  You should consult your own accountant, attorney and/or advisors as to the tax effect to you of Plan transactions.

*[Note:  Pursuant to § 1125(a)(1), the court may require a more detailed description of the tax consequences of the Plan to the debtor and other interested parties, including holders of claims and interests, if the court determines that such information is required in view of the Plan's complexity, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information].*

**E. Liquidation analysis:**  The Plan proceeds conditionally on the basis of full acceptance of The Plan creditor classes that are impaired. A liquidation analysis maybe prepared if required by the Court, At the current time there is no practical ability to prepare a liquidation analysis due to inherent legal and factual uncertainties identified under The Plan. The Plan proponent reserves the right to amend The Plan should the Court Order a liquidation analysis be provided.

**F. Special procedures:**  This Disclosure Statement and the accompanying Plan, with exhibits, are the principal documents for Debtor's proposed financial restructuring, but the court may authorize more lengthy documents to be filed separately (a Plan supplement), or may authorize shorter documents to be served on some classes.  Streamlined procedures are encouraged, both to save costs and because that may provide creditors and other parties in interest with more meaningful disclosure.  For example, the court may consider: (1) whether, instead of receiving the full Plan and Disclosure Statement, some classes should receive a "court-approved summary" such as a brief table showing the proposed treatment of each class, with prominent instructions on how to request a copy of the full documents and/or review them online (*see* § 1125(b) & (c) and Rule 3017(d)(1)); (2) whether to establish special procedures for transmitting documents and information "to beneficial holders of stock, bonds, debentures, notes, and other securities" (*see* Rule 3017(e)), (3) whether to adjust any deadlines (*see* Rule 9006(c)), and (4) whether to adopt any other special procedures.

# PROOF OF SERVICE OF DOCUMENT

I am 18 years old or older and not a party to this bankruptcy case or adversary proceeding.  My business address is:

433 NORTH CAMDEN DRIVE, Suite 970, Beverly Hills, CA  90201

A true and correct copy of the foregoing document entitled: **CHAPTER 11 DISCLOSURE STATEMENT DATED** May 9**, 2013** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/09/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated b

See NEF for confirmation of electronic transmission to the U.S. Trustee and any trustee in this case, and to any attorneys who receive service by NEF

☐ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:  On (*date*) 05/09/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/09/2018, 05/09/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable Martin R. Barash, Bankruptcy Judge, 21041 Burbank Boulevard, Woodland Hills, CA  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/09/2018, | Paul Sigelman | /s/ Paul Sigelman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

9

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Aram Ordubegian on behalf of Creditor LSC Communications US, LLC / Creel Printing
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney Weiss & Spees, LLP
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Communications, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor

Penthouse Digital Media Productions, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Broadcasting, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Digital, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Licensing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Publishing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Images Acquisitions, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure
Entertainment Telecommunications, Inc.
fka For Your Ears Only, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Streamray Studios, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan
Door Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
XVHUB Group, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Christopher K.S. Wong on behalf of
Creditor LSC Communications US, LLC /
Creel Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor
Dream Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor
Interested Party
bry@lnbyb.com