Linda F. Cantor (CA Bar No. 153762)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   lcantor@pszjlaw.com
          vnewmark@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>　　　　　　　　　Debtor.<br><br>---<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Cases No.: 1:18-BK-10098-MB<br><br>Chapter 11<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING TRUSTEE TO (A) ASSUME UNEXPIRED LEASES AND EXECUTORY CONTRACTS; (B) ESTABLISH CURE AMOUNTS; (C) ASSIGN UNEXPIRED LEASES AND EXECUTORY CONTRACTS; AND (D) GRANT RELATED RELIEF PURSUANT TO SECTION 365(A) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB**<br><br>**Hearing:**<br>Date:　　　June 4, 2018<br>Time:　　　12:00 p. m.<br>Place:　　　United States Bankruptcy Court<br>　　　　　　21041 Burbank Boulevard<br>　　　　　　Courtroom 303<br>　　　　　　Woodland Hills, California<br><br>Judge:  Hon. Martin R. Barash |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS, COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that David K. Gottlieb, Chapter 11 Trustee (the "Trustee") of the above-captioned bankruptcy estates (the "Estates") of Penthouse Global Media, Inc. and its debtor subsidiaries (the "Debtors"), hereby moves the Court for the entry of an order, pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Trustee to (a) Assume Unexpired Leases and Executory Contracts (the "Assigned Contracts"); (b) Establish Cure Amounts; (c) Assign the Assigned Contracts; and (d) Grant Related Relief Pursuant to Section 365(a ) of the Bankruptcy Code (the "Motion"). The Assigned Contracts will be assumed by the Estates and assigned to the winning bidder(s) (the "Successful Bidder(s)") determined at the auction ("Auction") to be held in connection with the sale of substantially all of the Debtors' assets ("Assets") as set forth in that certain motion (the "Sale Motion")[1], which was approved by the Bankruptcy Court at a hearing held on May 9, 2018. The Assigned Contracts are listed for each Debtor alphabetically by counterparty name on **Exhibit A** hereto, together with proposed amounts to cure any defaults under such Assigned Contracts.

**PLEASE TAKE FURTHER NOTICE** that, as explained more fully in the attached Memorandum of Points and Authorities and the Sale Motion,[2] the Trustee determined in his sound business judgment that the proposed assumption and assignment of the Assigned Contracts to the Successful Bidder(s) in connection with the Auction is in the best interest of the Estates.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities and Declaration of David K. Gottlieb (the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] *See Motion for Order (a) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (b) Scheduling Auction and Sale Hearing; (c) Approving Sale Procedures and Notice of Sale; and (d) Granting Related Relief* [Dkt. No. 327].

[2] Any capitalized term not defined in this Notice and Motion shall have the meaning ascribed to such term in the Memorandum of Points and Authorities or Sale Motion, as applicable.

"Gottlieb Declaration"), and the arguments of counsel and other admissible evidence properly

brought before the Court at or before the hearing on this Motion.  In addition, the Trustee requests

that the Court take judicial notice of all documents filed with the Court in these cases.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion will take place on

**June 4, 2018, at 12:00 p.m. noon (Pacific Time)** in Courtroom 303 of the United States Bankruptcy

Court located at 21041 Burbank Boulevard, Woodland Hills, California 91367, before the Honorable

Martin R. Barash, United States Bankruptcy Judge, and, if not completed on June 4, 2018, to

continue on June 5, 2018, commencing at 9:00 a.m. (Pacific Time) until completed.  The Motion

will be heard after the Auction of the Debtors' Assets which has been set for the same date and time.

Immediately following the Auction, the Bankruptcy Court will consider approval of the winning

bid(s) and confirm the results at the Auction for the Assets (the "Sale Hearing").  The Motion will be

heard as part of the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that any counter-party to an executory contract or

unexpired lease that (i) opposes the Trustee's assumption and assignment of their executory contract

or unexpired lease, (ii) disputes the amount of their proposed cure amount, or (iii) contends that they

have incurred any actual pecuniary loss resulting from any existing default under such executory

contract or unexpired lease, must file a pleading with the Bankruptcy by **May 21, 2018** setting forth

(i) all objections to the Trustee's proposed assumption and assignment of their executory contract or

unexpired lease, (ii) all objections to the Trustee's proposed cure amount, and/or (iii) any actual

pecuniary loss that they contend must be paid as condition of the Trustee's assumption and

assignment of their executory contract or unexpired lease along with all supporting evidence.  Any

counter-party to an executory contract or unexpired lease who does not file such a pleading by **May

21, 2018** will be irrevocably deemed to have consented to (i) the Trustee's assumption and

assignment of their executory contract or unexpired lease to the Successful Bidder(s), (ii) the

Trustee's proposed cure amount, and (iii) there being no actual pecuniary loss which must be paid.

**PLEASE TAKE FUTHER NOTICE** that any counter-party to an executory contract or

unexpired lease who wishes to have the right to require that the Successful Bidder who intends to

take an assignment of their executory contract or unexpired lease demonstrate adequate assurance of

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  future performance must attend the Sale Hearing and make such an assertion, in which case the

2  Court will require the Successful Bidder to make such a demonstration at the Sale Hearing.  Any

3  counter-party to an executory contract or unexpired lease who does not attend the Sale Hearing and

4  make such an assertion will be deemed to have consented to the Successful Bidder(s) having

5  satisfied the adequate assurance of future performance requirement of Section 365(b)(1)(C) of the

6  Bankruptcy Code.

7  **PLEASE TAKE FURTHER NOTICE** that objections to the relief requested by the Motion

8  must be filed with the clerk of the Bankruptcy Court and served upon the Trustee's counsel, Linda

9  Cantor, Esq., Pachulski, Stang, Ziehl & Jones LLP, 13th Floor, Los Angeles, CA 90067, fax: 310-

10  201-0760, lcantor@pszjlaw.com, and the Stalking Horse Bidder's counsel, Ron Bender and Beth

11  Young, fax: 310-229-1244, RB@lnbyb.com and bry@lnbyb.com, so as to be received no later than

12  **May 21, 2018**.  UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN

13  ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE

14  BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF

15  REQUESTED.

16  **PLEASE TAKE FURTHER NOTICE** that all requests for any additional information

17  related to the matters set forth in the Motion should be directed in writing to Pachulski Stang Ziehl &

18  Jones LLP, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA  90067, Attn: Linda F. Cantor,

19  lcantor@ pszjlaw.com.

20  **PLEASE TAKE FURTHER NOTICE** that counsel to the Trustee will serve this Notice

21  and Motion, the attached Memorandum of Points and Authorities and the Declaration on:  (1) the

22  Office of the United States Trustee, (2) counsel for the Official Committee of Unsecured Creditors,

23  (3) counsel to the Dream Media Corporation, (4) the counterparties to the Assigned Contracts, and

24  (5) parties that have filed with the Court and requested special notice.  To the extent necessary, the

25  Trustee requests that the Court waive compliance with Local Bankruptcy Rule 9075-1(a)(5) and

26  approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by

27  overnight delivery.   In the event that the Court grants the relief requested by the Motion, the Trustee

28  shall provide notice of the entry of the order granting such relief upon each of the foregoing parties

1    and any other parties in interest as the Court directs.  The Trustee submits that such notice is

2    sufficient and that no other or further notice be given.

3        **WHEREFORE**, the Trustee respectfully requests that the Court enter an order (a) approving

4    the assumption and assignment of the Assigned Contracts to the Successful Bidder(s);(b)

5    establishing the cure amounts for the assumption of the Assumed Contracts; and (c) granting such

6    other relief as is fair and equitable.

7    Dated:    May 14, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

8                                        By      */s/ Linda F. Cantor*
                                                    Linda F. Cantor
9

10                                       Attorneys for David K. Gottlieb, Chapter 11
                                         Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Trustee seeks authorization to assume and assign the Assigned Contracts to the Successful Bidder(s) determined at the Auction for the sale of the Debtors' Assets, solely to the extent that such Assigned Contracts are included as purchased assets of such Successful Bidder's bid as of the closing of sale of the Debtors' Assets. The Trustee anticipates that assumption and assignment of certain executory contracts may be included in the bid of Dream Media Corporation ("Dream Media"), the Stalking Horse Bidder as set forth in the Sale Motion, which at a minimum will generate consideration of at least $3,000,000 in the form of a credit bid, reducing the estates' secured debt, and provide other consideration in accordance with the settlement reached between the Trustee and Dream Media which was approved by the Bankruptcy Court at a hearing held on May 9, 2018.[3] Additionally, the sale of the Debtors' Assets is subject to overbid in the event another party is willing to provide greater consideration than that offered by the Stalking Horse Bidder. Such overbid(s) may also include assumption and assignment of executory contracts and unexpired leases.

As to each Assigned Contract listed by Debtor on Exhibit A hereto, the assumption and assignment proposed herein is conditioned upon such Assigned Contract ultimately being included in the bid(s) of the Successful Bidder(s) as of the closing of sale of the Debtors' Assets, which is scheduled to occur on or before June 15, 2018.[4] Therefore, notwithstanding the listing of an executory contract or lease as an Assigned Contract on Exhibit A, the Trustee reserves his rights to assume, assume and assign, or reject any and all of the Assigned Contracts as of the closing of sale of the Debtors' Assets.[5] Furthermore, the Trustee may supplement Exhibit A prior to the hearing on this Motion in the event that any additional executory contracts or leases that may be assumed and

---

[3] See *Motion for Order Approving Settlement with Dream Media Corporation* [Dkt. No. 325].

[4] In the event the sale to the Successful Bidder does not close by June 15, 2018, any Back-Up Bidder(s) shall have ten calendar days following the date they are notified by the Trustee that their Back-Up Bid(s) have been accepted to consummate the sale.

[5] After the close of sale, the Trustee will send a supplemental notice to all counterparties listed on Exhibit A whose contracts or leases were not assumed and assigned in the sale.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  assigned are identified.[6]

2                                          **II.**

3                        **JURISDICTION AND VENUE**

4       The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334.  This

5  proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2).  Venue of these cases and this Motion

6  is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the

7  relief sought herein are section 365(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6006

8  and 9014.

9                                          **III.**

10                              **BACKGROUND**

11      The Debtors operate an adult entertainment empire that includes the publication *Penthouse*

12 *Magazine*, originally founded in 1965 by Bob Guccione.  In addition to putting out a monthly

13 magazine, the Debtors oversee several adult cable and satellite channels that reach more than 100

14 countries.  The Debtors also run a licensing business for their intellectual property and iconic brand.

15      On January 11, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of the

16 Bankruptcy Code, in the United States Bankruptcy Court for the Central District of California, San

17 Fernando Valley Division (the "Bankruptcy Court").

18      On February 21, 2018, the Bankruptcy Court held a status conference, at which time it

19 determined that the appointment of a chapter 11 trustee of the Estates was appropriate.  On March 2,

20 2018 the Court entered its order directing the appointment of a chapter 11 trustee [Docket No. 231],

21 and on March 6, 2018, the Office of the United States Trustee appointed David K. Gottlieb as the

22 chapter 11 trustee in the cases [Docket No. 239].

23

24

25

26

27

28

---

[6] The inclusion of a contract or lease on Exhibit A does not constitute an admission by the Trustee that such contract is
an executory contract and the Trustee reserves all rights with respect to the list of Assumed Contracts set forth on Exhibit
A.

# IV.

## ARGUMENT

### A.    Assumption and Assignment of the Assigned Contracts Is Beneficial to the Estates

Section 365(a) of the Bankruptcy Code provides that, "subject to the court's approval a trustee may assume or reject any executory contract or unexpired lease of the debtor."[7]  A trustee's decision to assume an executory contract is subject to review under the "business judgment standard." *Group of Institutional Investors v. Chicago, M., S. P. & P. R. Co.*, 318 U.S. 523, 550 (1943) ('[T]he question whether a lease should be rejected and, if not, on what terms it should be assumed is one of business judgment."); *see Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *In re Gardiner, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re America Suzuki Motor Corp.*, 494 B.R. 466, 475 n.4 (Bankr. C.D. Cal. 2013) ("Whether to assume or reject an executory contract is generally left to the business judgment of the trustee or debtor in possession." (citing *In re G.I. Indus.*, 204 F.3d 1276, 1282 (9th Cir. 2000)); *In re Cook*, 2015 Bankr. LEXIS 1900, at *1-2 (Bankr. C.D. Cal. June 8, 2015) ("motions to assume or reject executory contracts under 11 U.S.C. § 365 should be summary proceedings focusing on whether the decision of the trustee, or debtor-in-possession, to assume or reject an executory contract is a good business decision or bad one").

Bankruptcy courts must approve a debtor's decision to assume or reject an executory contract "unless there is bad faith or a gross abuse of discretion."  In other words, the court must decide "whether the decision of the debtor is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice." *In re Health Science Products*, 191 B.R. 895, 909 n.15 (Bankr. N.D. Ala. 1995).  Outside of bankruptcy, the business judgment rule "can be simply stated: in making a business decision, the directors are presumed to have acted independently, on an informed basis, in good faith, and in the honest belief that the decision is in the best interests of the corporation."

Thus, a business decision will normally be sustained unless the presumption is rebutted in either of two ways: (i) the process, independence, or good faith of the directors is compromised; or

---

[7] 11 U.S.C. § 365(a).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  (ii) the decision cannot be attributed to a rational business purpose. E. Norman Veasey, *The*

2  *Defining Tension in Corporate Governance in America*, 52 Bus. Law. 393, 394 (Feb. 1997). In

3  *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310 (Bankr. D. Utah 1981), the court

4  concluded that a trustee's decision regarding the assumption or rejection of a lease should be granted

5  as a matter of course:

6  > [C]ourt approval under Section 365(a), if required, except in
7  > extraordinary situations, should be granted as a matter of course. To
   > begin, this rule places responsibility for administering the estate with
8  > the trustee, not the court, and therefore furthers the policy of judicial
   > independence considered vital by the authors of the Code. Second,
9  > this rule expedites the administration of estates, another goal of the
   > Bankruptcy Reform Act. Third, the rule encourages rehabilitation by
   > permitting the replacement of marginal with profitable business
10 > arrangements.

11  *Summit Land Co.*, 13 B.R. at 315; *see also In re Waldron*, 36 B.R. 633, 640 (Bankr. S.D. Fla. 1984).

12      The Trustee determined in his sound business judgment that it is in the best interests of the

13  Estates and their creditors to sell substantially all of the Debtors' Assets for the reasons set forth in

14  the Sale Motion. The Trustee also determined in his sound business judgment to assume and assign

15  the Assigned Contracts in connection with such sale. Based on their financial condition, the Debtors

16  can no longer operate on any long term basis and cannot assume any executory contracts or leases of

17  the Debtors. Absent an assumption and assignment of the Assigned Contracts, such contracts will be

18  rejected and the contract counter-parties will assert claims against the Estates. To the extent the

19  Assumed Contracts, or some sub-set thereof, are assumed and assigned, contract rejection claims

20  (and in some cases, administrative claims) will be reduced to the benefit of contract counter-parties

21  and creditors. Further, the Assigned Contracts may be beneficial to the Successful Bidder(s)

22  providing additional value to the underlying assets of the Debtors. Therefore, assumption and

23  assignment of the Assigned Contracts identified by the Successful Bidder(s) will be a critical

24  component of the sale. Under the business judgment test, if assumption or rejection would benefit

25  the estate, the court should approve the trustee's proposed assumption or rejection. *Agarwal v.*

26  *Pomona Valley Med. Group (In re Pomona Valley Medical Group)*, 476 F.3d 665, 670-71 (9th Cir.

27  2006) ("[The court] should approve the rejection of an executory contract under § 365(a) unless it

28  finds that the debtor-in-possession's conclusion that rejection would be 'advantageous is so

manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" (quoting *In re Lubrizol*, 756 F.2d 1043, 1047 (4th Cir. 1985)); *see also In re FCX, Inc.,* 60 B.R. 405, 411 (Bankr. E.D.N.Y. 1986) ("the debtor must have a good business judgment reason for asking the Bankruptcy Court to permit it to assume the executory contract").

## B.    The Requirements for Assumption and Assignment Have Been Met

Pursuant to section 365(f)(2) of the Bankruptcy Code, a trustee may assign its executory contracts and unexpired leases, provided the trustee first assumes such executory contracts and unexpired leases in accordance with section 365(b)(1), and provides adequate assurance of future performance by the assignee. Section 365(b)(1) provides as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

Pursuant to section 365(f)(1) of the Bankruptcy Code, a trustee may assign an executory contract or unexpired lease pursuant to section 365(f)(2) of the Bankruptcy Code notwithstanding any provision in such executory contract or unexpired lease that prohibits, restricts or conditions the assignment of such executory contract or unexpired lease.

As stated in the Gottlieb Declaration, to the best of the Trustee's knowledge, the cure amounts listed by Debtor on Exhibit A accurately reflect the Debtors' books and records.  Moreover, prior to or at the hearing, each Qualified Bidder will furnish information demonstrating (a) its ability to cure any defaults under the Assigned Contracts, and (b) adequate assurance of future performance under the relevant Assigned Contracts, to the extent necessary.  In light of the sale of substantially all of the Debtors' assets, the Trustee has demonstrated that he has sound business justifications to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  assume and assign the Assigned Contracts and subject to the Court's determination of objections to

2  assumption and assignment on any grounds, the requirements of the Bankruptcy Code to assume and

3  assign the Assigned Contracts will be met.  The Court, therefore, should approve the Trustee's

4  assumption and assignment of the Assigned Contracts.

5  **C.    Determination of Assumed and Assigned Contracts and Assumption Requirements**

6      The Stalking Horse Bidder has not yet identified for the Trustee which of the Debtors'

7  executory contracts and unexpired leases that the Stalking Horse Bidder desires to have assigned to

8  it if it is a Successful Bidder at the Auction (or if there is no Auction).  The Successful Bidder(s) are

9  required to make that designation by one day prior to the closing of the sale transaction.  If someone

10  other than the Stalking Horse Bidder is a Successful Bidder at the Auction, the Trustee will not know

11  which of their executory contracts and unexpired leases such Successful Bidder(s) will desire to have

12  assigned to it until the Successful Bidder(s)  make that determination which it will also be required

13  to make by one day prior to the closing of the sale transaction.

14      As a result of the foregoing, by way of this Motion, the Trustee is seeking the Court's

15  authority to assume and assign to the Successful Bidder(s) all of the Debtors' executory contracts

16  and unexpired leases that the Successful Bidder(s) want to have assigned to them and to fix the

17  required Cure Amounts that would need to be paid to the other parties to the executory contracts and

18  unexpired leases to enable compliance with the provisions of Section 365(b)(1)(A) of the

19  Bankruptcy Code at the cure amounts set forth in the schedule of Assigned Contracts set forth on

20  Exhibit A unless the other parties to the executory contracts and unexpired leases file a timely

21  objection to this Motion and the Court determines at the hearing hereon that the required cure

22  Amount is different than the amount set forth on Exhibit A.  The Trustee submits that any party that

23  fails to file a timely objection to this Motion should be deemed to have consented to the Debtors'

24  proposed cure Amounts.

25      The Successful Bidder(s) will be required to file with the Court not later than one day prior to

26  the closing of the sale which of the Debtors' executory contracts and unexpired leases the Successful

27  Bidder(s) have decided not to take an assignment of, in which case those executory contracts and

28  unexpired leases will not be assumed and assigned to the Successful Bidder(s) at the closing and,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    instead, will be deemed rejected effective as of the date of the closing of the sale of the Debtors'

2    Assets.

3         After the closing of the sale transaction, the Trustee will send a notice to all counterparties

4    listed on Exhibit A whose executory contract or lease will not be assumed and assigned in the sale.

5    **V.**

6    **CONCLUSION**

7         For the foregoing reasons, the Trustee respectfully requests that the Court enter an order

8    (a) granting the Motion; (b) approving the assumption and assignment of the Assigned Contracts to

9    the Successful Bidder(s), as applicable; (c) setting the cure amounts for the Assigned Contracts, and

10   (d) granting such other relief as is fair and equitable.

11   Dated:    May 14, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

12                                             By    */s/ Linda F. Cantor*
                                                   Linda F. Cantor
13

14                                             Attorneys for David K. Gottlieb, Chapter 11
                                               Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare:

1. I am the duly appointed chapter 11 trustee (the "Trustee") in the bankruptcy cases of Penthouse Global Media, Inc. and its debtor subsidiaries (the "Debtors").

2. I submit this declaration in support of the *Motion for Order Authorizing Trustee to (a) Assume Unexpired Leases and Executory Contracts; (b) Establish Cure Amounts; (c) Assign the Assigned Contracts; and (d) Grant Related Relief Pursuant to Section 365(a) of the Bankruptcy Code* (the "Motion"). Capitalized terms which I use below are as defined in the Motion.

3. Unless otherwise stated, all matters set forth in this Declaration are based on my personal knowledge and my review of relevant documents, including, without limitation, information supplied to me by the Debtors and by others, as well as matters for which judicial notice is sought. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. The Debtors operate an adult entertainment empire that includes the publication *Penthouse Magazine*, originally founded in 1965 by Bob Guccione. In addition to putting out a monthly magazine, the Debtors oversee several adult cable and satellite channels that reach more than 100 countries. The Debtors also run a licensing business for their intellectual property and iconic brand.

5. On January 11, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division.

6. On February 21, 2018, the Court held a status conference, at which time it determined that the appointment of a chapter 11 trustee of the Estates was appropriate. On March 2, 2018 the Court entered its order directing the appointment of a chapter 11 trustee [Docket No. 231], and on March 6, 2018, the Office of the United States Trustee appointed David K. Gottlieb as the chapter 11 trustee in the cases [Docket No. 239].

7. In the exercise of my business judgment, I have determined that it is in the best interest of the Estates and creditors to seek to assume and assign the Assigned Contracts that are

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    included in the Successful Bidder(s) bid(s). Based on their financial condition, the Debtors can no

2    longer operate on any long term basis and I cannot assume any executory contracts or leases of the

3    Debtors. Absent an assumption and assignment of Assigned Contracts, such contracts will be

4    rejected and the contract counter-parties will assert claims against the Estates. To the extent the

5    Assumed Contracts, or some sub-set thereof, are assumed and assigned, contract rejection claims

6    (and in some cases, administrative claims) will be reduced to the benefit of contract counter-parties

7    and creditors. Further, the Assigned Contracts may be beneficial to the Successful Bidder(s)

8    providing additional value to the underlying assets of the Debtors. Therefore, assumption and

9    assignment of the Assigned Contracts identified by the Successful Bidder(s) will be a critical

10    component of the sale.

11        8.    To the best of my knowledge the cure amounts listed by Debtor on Exhibit A

12    accurately reflect the Debtors' books and records.

13        9.    The Stalking Horse Bidder has not yet identified which of the Debtors' executory

14    contracts and unexpired leases that the Stalking Horse Bidder desires to have assigned to it if it is the

15    Successful Bidder at the Auction (or if there is no Auction). The Stalking Horse Bidder is required

16    to make that designation by one day prior to the closing of the sale transaction. If someone other

17    than the Stalking Horse Bidder is the Successful Bidder(s) at the Auction, I will not know which of

18    their executory contracts and unexpired leases such Successful Bidder(s) will desire to have assigned

19    to them until the Successful Bidder(s) makes that determination which they will also be required to

20    make by one day prior to the closing of the sale transaction.

21        10.    As a result of the foregoing, by way of the Motion, I am seeking the Court's authority

22    to assume and assign to the Successful Bidder(s) all of the Debtors' executory contracts and

23    unexpired leases that the Successful Bidder(s) want to have assigned to them and to fix the required

24    cure amounts that would need to be paid to the other parties to the executory contracts and unexpired

25    leases to enable compliance with the provisions of Section 365(b)(1)(A) of the Bankruptcy Code at

26    the cure amounts set forth in the schedule of Assigned Contracts set forth on Exhibit A unless the

27    other parties to the executory contracts and unexpired leases file a timely objection to the Motion

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

and the Court determines at the hearing on the Motion that the required cure amount is different than the amount set forth on Exhibit A.

11.     The Successful Bidder(s) will be required to file with the Court not later than one day prior to the closing of the sale which of the Debtors' executory contracts and unexpired leases the Successful Bidder(s) have decided not to take an assignment of, in which case those executory contracts and unexpired leases will not be assumed and assigned to the Successful Bidder(s) at the closing and, instead, will be deemed rejected effective as of the date of the closing of the sale of the Debtors' Assets.

12.     After the closing of the sale transaction, I will send a notice to all counterparties listed on Exhibit A whose executory contract or lease will not be assumed and assigned in the sale.

13.     For the reasons stated herein, and in the Motion, in my capacity as chapter 11 Trustee of the Debtors' Estates, on behalf of the Estates, I submit that the relief sought in the Motion is in the best interest of the Estates and their creditors and should be granted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of May, 2018 at Encino, California.

DAVID K. GOTTLIEB

## EXHIBIT A

**Assigned Contracts**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

PENTHOUSE GLOBAL MEDIA, INC.
SCHEDULE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES BY PH ENTITIES
PH GLOBAL MEDIA, INC. (MAIN CASE)
CASE NO. 18-10098

| PENTHOUSE ENTITY | NAME OF CONTRACT | EXPIRATION DATE | CONTACT, STREET ADRESS, CITY, STATE, COUNTRY | CURE AMOUNT | PRE-PETITION | POST-PETITION |
|---|---|---|---|---|---|---|
| **PH GLOBAL MEDIA, INC.** | | | | | | |
| **CASE NO. 18-10098** | | | | | | |
| **COUNTER-PARTY(IES)** | | | | | | |
| Adobe | Software subscription agreement | | 345 Park Avenue, San Jose, CA 95110 | $0.00 | - | - |
| AFCO Credit Corp | General liability insurance premium finance agreement | | 8885 Rio San Diego Drive, Suite 347, San Diego, CA 92108 | $0.00 | - | email to Renee requesting balance owed |
| Aflac | Supplemental accident and disability insurance. Account no. KWH12 | | 1932 Wynnton Road, Columbus, GA 31999 | $4,312.12 | 4,312.12 | |
| Allen Dopplet, Milbrath & Gilchris | Trademark maintenance legal services | n/a | 255 S. Orange Avenue, Suite 1401, Orlando, FL 32801 | $55,024.83 | 39,829.08 | 15,195.75 |
| Allgemeines Treuunternehmen | | | Allgemeines Treuunternehmen Aeulestrasse 5 9490 Vaduz, Liectenstein | $9,882.80 | 9,882.80 | |
| AT&T | Broadband services for content delivery | Month to month | PO Box 5019, Carol Stream, IL 60197-5019 | $0.00 | | |
| C.HOCQUEL Inc | Consulting agreement | | Catherine Brandt 9993 Wornom Avenue Sunland, CA 91040 | $40,500.00 | 18,000.00 | 22,500.00 |
| California Choice | Employer-sponsored health care plan | | 721 S. Parker, Suite 200, Orange, CA 92868 | $0.00 | | |
| Choice Builder | Employer-sponsored dental insurance plan | | 721 S. Parker, Suite 200, Orange, CA 92868 | $0.00 | | |
| Cybex Security Solutions | | | Cybex Security of Southern California 30 Fairbanks #114 Irvine, CA 92618 | $264.43 | 264.43 | |
| Dennemeyer & Associate S.A. | | | Dennemeyer & Associates S.A. 55 rue des Bruyeres  1274 Howald, Luxembourg | $5,188.01 | 5,188.01 | |
| Eli B Dubrow trustee of the Eli B Dubrow and Mary Collins Dubrow 1981 Trust | Lease agreement for 8944 Mason | | Eli B Dubrow trustee of the Eli B Dubrow and Mary Collins Dubrow 1981 Trust P.O. Box 491995     Los Angeles, CA 90049 | $7,952.45 | 7,952.45 | |
| GAM Inventory Management services | | | Gam Inventory Management Services 205 Campus Drive     Kearny, NJ 07032 | $1,309.23 | 1,122.19 | 187.04 |
| GRM Information Management Services | | | P.O. Box 35539 Newark, NJ 07193-5539 | $12,604.54 | 12,604.54 | |
| Iron Mountain | Film and records storage | | One Federal Street, Boston, MA 02110 | $21,083.15 | 15,023.06 | 6,060.09 |
| Keith L. Whitworth, CPA | Contractor agreement for accounting services | | Keith L Whitworth, CPA     595 Lincoln Avenue Suite 206                   Pasadena, CA 91103 | $14,665.50 | 2,444.20 | 12,221.30 |
| Kim & Chang Intellectual Property | | | Kim & Chang Intellectual Property     Jeongdong Building, 177, 21-15 Jeongdong-gil,     Jung-gu, Seoul 04518, Korea | $3,839.49 | 3,839.49 | |
| Lincoln National Life Insurance company | Key person life insurance Policy no. T400043791 | May 19, 2048 | PO Box 21008, Greensboro, NC 27420-1008 | $4,397.93 | | 4,397.93 |
| Mitratech Holdings, Inc. | | | Mitratech Holdings, Inc.     5001 Plaza on the lake Suite 111, Austin, TX 78746 | $4,000.00 | | 4,000.00 |
| Parasec Global Document Filing & Retrieval | | | Parasec Inc d/b/a Parasec PO Box 16058 Sacramento, CA 95816 | $678.00 | 678.00 | |
| Safe Keeping Records | Contractor agreement for accounting services | | 8826 Megan Avenue, West Hills, CA 91304 | $2,074.40 | 2,009.20 | 65.20 |
| **Total Record Information Management** | Film and records storage | Month to month | 371 Starke Road, Carlstadt, NJ 07072 | $26,203.89 | 22,757.75 | 3,446.14 |

PH GLOBAL BROADCASTING, INC.: COUNTER-PARTY(IES)
CASE NO. 18-10099

| PENTHOUSE ENTITY | NAME OF CONTRACT | EXPIRATION DATE | CONTACT, STREET ADRESS, CITY, STATE, COUNTRY | CURE AMOUNT | PRE-PETITION | POST-PETITION |
|---|---|---|---|---|---|---|
| **COUNTER-PARTY(IES)** | | | | | | |
| Arkena Inc. | | | 125 S. Barrington Place<br>Los Angeles, CA 90049 | $2,000.00 | 2,000.00 | |
| Arkena SAS | | | 15 Rue Cognacq-Jay<br>75007 Paris France | $9,377.89 | 4,582.35 | 4,795.54 |
| Art attack dba revideo * see comment column H | | | 10945 Old Santa Susana Pass<br>Chatsworth, CA 91311 | $18,000.00 | 18,000.00 | |
| Atlassian Pty Ltd. | | | 341 George Street, Sydney, NSW, 2000, Australia | $0.00 | | |
| Basmedia B.V./Pluggmatten | | | 2 8331TV Steenwijk<br>The Netherlands | $152,947.51 | 119,441.98 | 33,505.53 |
| Belgacom SA and Skynet iMotions Activities SA/NV | PH HD1 Channel Linear channel Distribution Agreement; and Transactional Video-on-Demand License Agreement | January 4, 2013 through January 3, 2016 (with successive renewal of 1 year periods "Belgacom"); and April 1, 2013 through 2 years (2 years from the commencement or the last day of the License Period) | Boulevard du Roi albert 11 27<br>B 1030<br>Brussels Belgium;    and<br>Rue Carli 2, 1140 Brussels, Belgium | $0.00 | | |
| Bizzare Video | Upon Debtors' information and belief, spot purchases under a master agreement | | 21621 Nordhoff Street, Suite B<br>Chatsworth, CA 91311 | $13,673.00 | 2,473.00 | 11,200.00 |
| BK International 2016, S.L. | European entity maintenance agreement | | José Luis De la Guardia Cassinello<br>DE LA GUARDIA Law Firm<br>C/ Tubo, 8 (2ª-G)<br>28223 Madrid<br>SPAIN | $10,277.81 | 1,444.11 | 8,833.70 |
| Bouygues Telecom | License Agreement Penthouse Channels HD1/HD1/HD2 | January 1, 2013 (original Agreement) Amended on January 13, 2016 through January 13, 2019 (successive renewal of 1 year periods) | 32 Avenue Hoche,        75008 Paris France | $0.00 | | |
| Bulgarian Telecommunications Company EAD trading as Vivacom | License Agreement;<br>1) Year 1: €450.00 per month throughout the first 12 months<br>2) Year 2: €550.00 per month throughout the second 12 months; and<br>3) Year 3: €700.00 per month throughout the third 12 months.  In the event the amount of Service Subscribers exceeds 15,000 during the Term the parties shall renegotiate a new License fee for the remainder of the Term; Amendment to License Agreement in redline May 3, 2018 relating to the 10% increase re-service subscribers. | October 1, 2016 through September 30, 2019 | Attn: Mr. Evelin Iliev<br>N1531 Tsarigradsko Shose Blvd., Building A<br>Sofia, Bulgaria 1784 | $0.00 | | |
| Bulsatcom AD | License Agreement Penthouse Channels HD1/HD1 | October 17, 2013 through October 1, 2016 (successive renewal of 3 year periods) | 15 Magnaurska Shkola Str., 2IT, Corpus II, Floor 3<br>1784 Sofia Burgaria | $0.00 | | |
| CAIW Meida BV | License Agreement Penthouse HD1 Channel | January 1, 2017 through March 1, 2019 | Instrestraat 30, 2671 CT<br>Naaldwijk<br>The Netherlands | $0.00 | | |
| Canal + International | Term Sheet for the Distribution and Carriage of Penthouse Black channel | April 1, 2016 through March 31, 2019 | 48, Quai du Point du Jour, 92659 Boulogne-Billancourt<br>Cedex France | $0.00 | | |
| Claxon Media, LLC Playboy TV Latin America | International Broadcast Distribution Content & Trademark License Agreement | January 1, 2017 through 4 years | Claxon Media LLC<br>990 Biscayne Boulevard<br>Suite 1003<br>Miami, Florida 33132 | $0.00 | | |

| PENTHOUSE ENTITY | NAME OF CONTRACT | EXPIRATION DATE | CONTACT, STREET ADRESS, CITY, STATE, COUNTRY | CURE AMOUNT | PRE-PETITION | POST-PETITION |
|---|---|---|---|---|---|---|
| Codiel Brabant sprl & Coditel Sarl | Amendment to Amended and Restated License Agreement Penthouse HD Channels | October 31, 2011 (original agreement); Amended on November 25, 2013 through December 31, 2016 (successive renewal 3 years period) | Rue deux Eglises 26 1000 Brussels, Belgium; and Route d'Arlon 283, 8011 Strassen Luxembourg | $0.00 | | |
| Colorado Satellite Broadcasting (NOOF) | License Agreement | September 7, 2017 through September 7, 2020 | 7007 Winchester Circle Suite 200 Boulder, CO 80301 | $0.00 | | 3,500.00 |
| Combat ZONE | Upon Debtors' information and belief, spot purchases under a master agreement | | Dion Giarrusso 9909 Topanga Canyon Blvd., #207 Chatsworth, CA 91311 | $8,000.00 | 4,500.00 | |
| DBS Satellite Services (1998) LTD, Trading as Yes | Main Agreement, Terms and Conditions | February 1, 2018 through 1 year | 6 Hayozma Street Industrial Area Kfar Sava Israel | $0.00 | | |
| Digital Cable Group AG | License Agreement Penthouse Channel HD | December 23, 2014 through January 31, 2018 (successive renewal of 1 year periods) | Chollerstarasse 24 Ch-6301 Zug Switzerland | $0.00 | | |
| Digital Media Consultants, LLC | | | 21781 Ventura Blvd, Suite 644 Woodland Hills, CA 91364 | $14,473.93 | 12,813.48 | 1,660.45 |
| Encuentros | 4K Material for editing bay. | month to month | 10945 Old Santa Susana Pass Chatsworth, CA 91311 | | | |
| Faronet Srl | License Agreement SVOD Rights | March 18, 2015 through March 18, 2018 (successive renewal of 1 year periods) | Via Atto Tigri 11 00197 Roma Italy | $0.00 | | |
| Fifth Dimension Properties Inc. | Amendment to Canadian Broadcast Venture Agreement - Term 33.3% of Gross Revenue from the Channel and PPV; 50% of Gross Revenues from VOD | November 20, 2006 original Agreement; Amendment July 22, 2013 through December 19, 2018 | 5582 Manotick Main Street Manotick, ON K4M 1E2 Canada | $0.00 | | |
| FREE | License Agreement Penthouse HD Channels - Amendment to License Agreement PH HD Channels | August 25, 2009 original Agreement; Amended May 20, 2015 through October 4, 2018 **successive renewal of 1 year period | 8 rue La Ville L'Eveque   75008 Paris France | $0.00 | | |
| Groupe Canal + | Contrat de Distribution de la chaine Penthouse HD1 | December 3, 2015 through December 12, 2018 | 1 Place du Spectacle 92863 Issy Les Moulineaux France | $0.00 | | |
| Hellenic Telecommunications Organizations S.A. (OTE) | License Agreement Penthouse HD1 Channel PH HD1, and Amendment | March 29, 2012 (original Agreement); Amended on September 15, 2014, Amendment June 23, 2017 through August 31, 2018 (with successive 1 year periods) | 99 Kifissias Avenue      15124 Maroussi Athens, Greece Attn: Head of IPTV Content | $0.00 | | |
| Hot Telecommunications Systems Ltd. | License Agreement PH HD Channel, and First and Second Amendments to License Agreement PH HD Channel | March 1, 2010 original Agreement, amended on December 2, 2013; amended on June 7, 2016 extending the Term through 36 months | Euro park, Yakum Industrial Zone, Kibbutz Yakum 60972 Israel | $0.00 | | |
| HP Hrvska posta d.d. (Electra | License Agreement Penthouse Channel & SD Version of the HD1/HD2 Channels | November 2, 2012 (original Agreement); Amendment on October 28,2015 extending the Term through November 2, 2018 | Jurisiceva 13,          10 000 Zagreb Croatia | | | |

| PENTHOUSE ENTITY | NAME OF CONTRACT | EXPIRATION DATE | CONTACT, STREET ADDRESS, CITY, STATE, COUNTRY | CURE AMOUNT | PRE-PETITION | POST-PETITION |
|---|---|---|---|---|---|---|
| Kabel Deutsch G | VOD License Agreement | February 28, 2015 (successive automatic renewal 1 year periods) TERMINATED ON FEBRUARY 28, 2018 | Germany | | | |
| Lay International | Exclusive Media Licenses - $170,000 per year | November 1, 2017 through November 1, 2020, Lay International may request an extension of an additional 7 years | 17867 Suite 201-1202 Hyeonsin 76, 3-gil Pyeonteak South Korea | $0.00 | | |
| M7 (2 Agreements) | Satellite Capacity Agreement | June 1, 2016 through July 31, 2019 | 2 Rue Albert Borschette L-1246 Luxembourg | $193,489.41 | 193,489.41 | |
| M7 (2 Agreements) | Penthouse HD Channels Distribution Agreement HD/HD1/HD2 Channels; | | | | | |
| Magyar Telekom Nyrt | Commercial Agreement and Annex No. 5 General Terms and Conditions | January 9, 2018 through December 31, 2019 | H-1117 Budapest Kaposvar utca 5-7 Hungary | $0.00 | | |
| Mikarnial Ltd d/b/a Divan TV Service | License Agreement PH HD Channel | October 24, 2016 through January 31, 2020 (successive automatic renewal of 2 year periods) | Spyrou Kyprianou 61 SK House, 4003 Limassol, Cyprus | $0.00 | | |
| Mile High | Spot purchases under a master agreement? | | 8148 Devonshire Ville Mont-Royal Quebec, Canada H4p 2k3 | $41,000.00 | 41,000.00 | |
| Monaco Telecom | License Agreement PH, HD, HD1; Amendment to License Agreement PH HD1 | May 31, 2010 original Agreement; Amended on June 6, 2016 Extending Term through June 7, 2019 | 25 Boulevard de Suisse  98000 Monaco | $0.00 | | |
| NC Numericable | License Agreement for the €5.00 per subscriber HC, Amendment to License Agreement PH HD1 Channel Tacit Agreement (PGBI is receiving payments) | October 31, 2011 original Agreement, Amended on September 15, 2013 through September 30, 2016 | 10 Rue Albert Einstein    77420 Champs sur Marne France | | | |
| Ogun Consulting | European agency agreement | | Sprl Chaussee de Gand, 443 1080 Brussels Belgium | $644.71 | 644.71 | |
| Ogun Sprl | | | Sprl Chaussee de Gand, 443 1080 Brussels Belgium | $2,715.83 | 2,162.40 | 553.43 |
| OK SnowProblem, SL | Financial statement audit services for European entity | | Orense, 5 Street Planta 28020 Madrid | $4,254.29 | 433.48 | 3,820.81 |
| One. VIP Doo Skopje f/k/a one.Vip Skopje | License Agreement Penthouse HD1 Channel | August 1, 2017 through September 30, 2020 (successive renewal of 1 year periods) | Blvd. Treta Makedonska Brigada 48    1000 Skopje, Macedonia | $0.00 | | |
| ORANGE (a/k/a France Telecom) | Distribution Contract for Penthouse HD1, Penthouse HD2 and Penthouse Black | April 5, 2016 through 3 years with successive automatic renewal of 3 years (April 5, 2019) | ContentDepartment CS 50010 92326    44 Avenue de la Republique Chatillon Cedex France | $0.00 | | |
| Orange Belgium S.A./N.V. | Channel Distribution Agreement | August 1, 2016 through November 15, 2019 | Avenue du Bourget 3 - Bourgetlaan 3 1140 Bruxelles Belgium | $0.00 | | |
| RD Productions f/s/o Rick Gunerman | | | 5720 Owensmouth Avenue, Suite 136 Woodland Hills, CA 91367 | | | |
| Salt Mobile SA | Channel Distribution Agreement (Term Sheet) | December 12, 2017 in redline; effective as of March 1, 2018 Launch Date through 2 years (March 1, 2020) | Rue du Caudray 4 CH-1020 Renens Switzerland Attention of: Yoann Carroux | $0.00 | | |

| PENTHOUSE ENTITY | NAME OF CONTRACT | EXPIRATION DATE | CONTACT, STREET ADDRESS, CITY, STATE, COUNTRY | CURE AMOUNT | PRE-PETITION | POST-PETITION |
|---|---|---|---|---|---|---|
| Skytalia S.r.l. | Exclusive License Agreement | July 1, 2017 through June 30, 2018 - Hybrid Channel and VOD Deal | Via Monte Penice 7          20138 Milano, Italy | $0.00 | | |
| Smash | | | | | 10,000.00 | |
| So Cal Licensing International, Inc. | Upon Debtors' information and belief, spot purchases under a master agreement | | 3430 Precision Drive, North Las Vegas, NV 89032 | $1,000.00 | | |
| Tango S.A. | Distribution Agreement Contract of Adherence (a subsidiary of Belgacom a tacit Agreement) | June 13, 2013 (tacit Agreement Tango is a subsidiary of Belgacom) | 177 rue de Luxembourg, L-8077 Bertance Grand Dutch of Luxembourg | $0.00 | | |
| Tele 2 Netherlands BV | Heads of Agreement Distribution Agreement | February 1, 2014 through May 1, 2017 with automatic successive renewal of 1 year periods | Wisselwerking 58, Diemen The Netherlands | $0.00 | | |
| Telekom Deutsch AG | Content Specific Agreement on the Supply & Licensing Content; Channel Specific Agreement; Frame Agreement on the Delivery of TV for Platform Offers | November 1, 2011 (original Agreement)and May 21, 2012; Amended on September 9, 2015, March 31, 2015; (successive renewal 1 year periods) | Deutsch Telekom AG          T-Online Allee 1 D-64295 Darmstadt | $0.00 | | |
| Telekom Romania f/k/a sc Romtelecom | Retransmission Agreement | December 7, 2017 through August 31, 2019, the Term may be extended based on the mutual written consent of the Parties | City Gate North Tower 3-5 Plata Presci Libere 7 18 Floors District 1 Bucharest Romania | $0.00 | | |
| Telenet b.v.b.a. | Distribution & Carriage Agreement PH HD1/HD2 Amendment to Term Sheet Agreement International distribution License SVOD, VOD & Pay TV (new Agreement in redline) | September 14, 2015 (successive renewal 2 years period); and November 29, 2015 (with successive renewal of 2 years) | Telenet b.v.b.a. Liersesteenweg 4 2800 Mechelen Belgium | $0.00 | | |
| Telia Estonia AS f/k/a Elion | Amendment to License Agreement PH HD Channels | March 9, 2011 original Agreement; Amendment on March 31, 2017 extending Term through March 31, 2020 | 16 Valge Str. Harjumaa 11415 Tallinn Estonia | $0.00 | | |
| Telia Lietuva AB | License Agreement Penthouse HD Channel - in redline | September 30, 2017 through December 31, 2020 (in redline) (with successive automatic renewal of 3 years period) | Attention: Tomas Tamulevicius Lvovo Str. 25 LT-03501 Vilnus Lithuania | $0.00 | | |
| T-Mobile Thuis B.V. f/k/a Vodafone Thuis B.V. f/k/a Vodafone | License Agreement Penthouse Channel (HD1/SD1) | December 31, 2015 (original agreement); February 22, 2017 through January 31, 2019 as amended | Barbara Strozzilaan 101 1083 HN Amsterdam The Netherlands | $0.00 | | |
| Tokken MSB Inc. o/a Viceorg | The CrowdSale ITO | | Tokken MSB Inc. o/a Vice.org 5582 Manotick Main Street Manotick, Ontario, Canada K4M 1B3 | | | |
| Top Media Distribution Limited "Top Media"; (Platform: Megogo) | License Agreement Penthouse HD Channel | August 29, 2016 through April 30, 2020 (with successive automatic renewal of 2 years periods on the same compensation) | Rialto, BC                    188 Novokostyantynivska Street                    Kyiv, 04080 Ukraine | $0.00 | | |
| TVN Distribution Ltd. f/ka Nordelink Bulgaria Ltd. d/b/a Networks TV | License to Agreement Penthouse HD Channel | Original Agreement March 31, 2016; Amendment April 2, 107 through March 31, 2019 | 18, Tsarkovna Nezavisimost str. 7000 Rousse, Bulgaria Attn: Mr. Damyan Naidenov, CEO | $0.00 | | |
| Unitymedia NRW Gmbh, Unitymedia Hessen GmbH & Co KG, and Unitymedia BW GmbH | Term Sheet Agreement | November 1, 2017 (successive renewal 1 year periods) | The Managing Director Programming Liberty Global B.V. Boeing Avenue 53 1119 PE Schiphot Rijk The Netherlands | $0.00 | | |

| PENTHOUSE ENTITY | NAME OF CONTRACT | EXPIRATION DATE | CONTACT, STREET ADDRESS, CITY, STATE, COUNTRY | CURE AMOUNT | PRE-PETITION | POST-PETITION |
|---|---|---|---|---|---|---|
| UPC Romania S.R.L. | Term Sheet Agreement | February 1, 2016 through January 31, 2018 (with successive automatic renewals of 1 year periods) | 62D Sos Nordlui Bucharest Romania | $0.00 | | |
| Vision TV LLC | License Agreement Penthouse HD/SD Channel | November 1, 2017 through October 31, 2020 (with successive automatic renewal of 3 years period). | 3/42 Polovetska St. Kyriv 04107 Ukraine | $0.00 | | |
| VITIS SAS | International Distribution License VOD Rights Agreement | August 24, 2017 through May 31, 2020 | 10 Avenue de l'Arche CS 50052 92419 Courbevoie Cedex | $0.00 | | |
| Vubiquity Management Limited | License Agreement Penthouse HD Channel – in redline currently at VM for comments | No launch Date – 3 years following the launch Date | 3 More London Riverside London SE1 2AQ | $0.00 | | |
| Ziggo B.V. | Term Sheet Agreement Penthouse Channel HD/SD1 | September 1, 2017 through August 31, 2019 with successive renewal of 1 year periods | Attn: Director Content & Programming Atoomweg 100 3542 AB Utrecht The Netherlands With a copy to: Liberty Global Attn: Managing Director Programming Boeing Avenue 53, 1119 PE Schiphol Rijk The Netherlands | $0.00 | | |

| | NAME OF CONTRACT | | | CURE AMOUNT | | |
|---|---|---|---|---|---|---|
| **PH GLOBAL LICENSING, INC. CASE NO. 18-10101** | | | | | | |
| **COUNTER-PARTY(IES)** | | | | | | |
| Palm Beach Beaute | Product License Agreement | March 19, 2014 original Agreement; Amendment as of December 31, 2016 through December 31, 2019 | Paul Smith 124 N. Swinton Avenue Delray, Florida 33444 | | | 312.00 |
| Corsearch | TRADEMARK monitoring | | P.O. Box 4349 Carol Stream, IL 60197-4349 | $0.00 | 3,878.00 | 630.00 |
| WSM Investment d/b/a Topco | Product License Agreement | October 1, 2016 through December 31, 2019 | WSM Investment, LLC d/b/a Topsco Sales 3900 Heritage Oak Court, #B Simi Valley, CA 93063 Attn: Autumn O'Bryan | $4,508.00 | | |
| Sicem International Srl | Product License Agreement | November 1, 2017 through December 31, 2018 | Via Provinciale Lucchese 145, 50019 Sesto Florentino, Italy Attn: Andreas Lastraioli | $0.00 | | |
| POS Innovation GmbH | Product License Agreement | October 13, 2010 original agreement as amended; amendment November 11, 2016 through December 31, 2018 | POS: Innovation GmbH Osterallee 1-3 59063 Hamm, Germany | $0.00 | | |
| TeNeues Calendars & Stationary GmbH f/b/a TeNeues Verlag GmbH & Co KG | Product License Agreement | November 1, 2009 original Agreement as amended; Amendment Augustu 31, 2017 through April 30, 2019 | Am Seider 37, D-47906 Kempen Germany | $0.00 | | |

5/14/2018

| PENTHOUSE ENTITY / COUNTER-PARTY(IES) | NAME OF CONTRACT | EXPIRATION DATE | CONTRACT, STREET ADDRESS, CITY, STATE, COUNTRY | CURE AMOUNT | PRE-PETITION | POST-PETITION |
|---|---|---|---|---|---|---|
| **PH GLOBAL DIGITAL, INC. CASE NO. 18-10102** | | | | | | |
| **COUNTER-PARTY(IES)** | NAME OF CONTRACT | | | CURE AMOUNT | | |
| CSC Corporate Domains Inc. | Not Applicable | | 25 little falls drive , Wilmington , DE 19808-1674 | $0.00 | | |
| Cyber Pro, Inc. f/s/o Michael Schultz DUPLICATE | Independent Contractor Agreement (Consulting & Web Hosting Services) | Effective October 1, 2017 | PO Box 26203    Milwaukee, WI 53226 | $14,049.55 | 6,614.83 | 7,434.72 |
| GoDaddy, Inc. | Web hosting agreement | | 14455 N. Hayden Rd., Scottsdale, AZ 85260 | $9,159.32 | 6,167.47 | 2,991.85 |
| Hollywood Vaults Inc | | | | $0.00 | | |
| JIRA | Software subscription | April 18, 2019 | | $1,600.00 | 1,600.00 | |
| Inovio Payments, LLC | Payment Gateway Account Set up Form | July 14, 2016 | Woodland Hills, CA | $843.19 | | 843.19 |
| Mannassi IT Solutions, Inc. d/b/a Mannassi IT Solutions | Mannassi IT Solutions - Consulting Agreement | September 27, 2017 | 22222 Sherman Way,    Suite 206, Canoga Park, CA 91303 | $19,219.59 | 13,999.59 | 5,220.00 |
| Mojehost: | Service Level Agreement, Terms of Use Agreement | April 5, 2015 | 30300 Telegraph Road, Suite 300, Bingham Farms, Michigan 48025 | $59,481.00 | 59,481.00 | |
| NetNames | Brand Protection Service Schedule | September 2, 2016 through 2 years. | 25 Canada Square    Canary Wharf London, UK E14 5LQ | $12,500.00 | 6,250.00 | 6,250.00 |
| Support Ninja | Master Service Agreement | June 13, 2016 through 1 year. | 701 Brazos St., Suite 1616 Austin, Texas 78701 | $14,640.00 | 14,640.00 | - |
| Verizon | | | | $0.00 | | |
| Webdot calm | Consulting agreement | | Lucky Smith 237 Town Center West #267 Santa Maria, CA 93458 | $10,271.48 | 8,531.48 | 1,740.00 |
| Ynot mail | email marketing | | | $597.00 | - | 597.00 |
| Zendesk | | | | $0.00 | | |
| **PH GLOBAL PUBLISHING, INC. CASE NO. 18-10103** | | | | | | |
| **COUNTER-PARTY(IES)** | NAME OF CONTRACT | | | CURE AMOUNT | | |
| Borgmeier Media Groupe GmbH | Magazine Publishing License Agreement (International Edition) | January 15, 2015 original Agreement; Amendment as of December 31, 2017 through December 31, 2020 | Lange Strabe 12, 22749 Delmenhorst, Germany | $0.00 | | |
| Creel Printing | Magazine printing agreement | October 1, 2015 original Agreement; Amended on June 8, 2017 through June 29, 2018 | 6330 W Sunset Rd, Las Vegas, NV 89118 | $423,872.47 | 423,872.47 | |
| John Willett d/b/a Willett Associates | Independent Contractor Agreement; Supplemental Publishing Services; and Amendment | October 1, 2002 original Agreement; Amended on January 1, 2003; on September 1, 2005, on January 1, 2006; and on December 7, 2006 (successive automatic renewal of 2 years periods) | PO Box 380414    Birmingham, AL 35238 | $4,250.00 | 4,250.00 | |
| Palm Coast Data, LLC | Addendum #4 to that certain Agreement, as amended Addendum #1, #2 and #3. | October 1, 2002 original Agreement; Amended on January 1, 2003; on September 1, 2005; on January 1, 2006; and on December 7, 2006 (successive automatic renewal of 2 years periods). | 11 Commerce Boulevard Palm Coast, Florida 32164 | $36,284.12 | 36,284.12 | |
| Zinio, LLC | Zinio Publisher Services Agreement; Contract Amendment Order | March 10, 2016 original Agreement; amended on September 7, 2017 (with successive automatic renewal of 2 years periods); and amended on September 20, 2017 | 575 Lexington Avenue,    17th Floor, New York, New York, NY 10022 | $13,060.31 | 13,060.31 | |
| | Independent Contractor Agreement | April 4, 2016 month to month basis | 2342 82nd Avenue, #3 Brooklyn, NY 11214 | $0.00 | | |
| **GMI ONLINE VENTURES, LTD. CASE NO. 18-10104-MB** | | | | | | |
| **COUNTER-PARTY(IES)** | NAME OF CONTRACT | | | CURE AMOUNT | | |
| | Not Applicable | | | $0.00 | | |

| PENTHOUSE ENTITY | NAME OF CONTRACT | EXPIRATION DATE | CONTACT, STREET ADRESS, CITY, STATE, COUNTRY | CURE AMOUNT | PRE-PETITION | POST-PETITION |
|---|---|---|---|---|---|---|
| PH DIGITAL MEDIA PRODUCTIONS, INC. CASE NO. 18-10105 | NAME OF CONTRACT | | | CURE AMOUNT | | |
| COUNTER-PARTY(IES) | Not Applicable | | | $0.00 | | |
| TAN DOOR MEDIA, INC. CASE NO. 18-10106 | NAME OF CONTRACT | | | CURE AMOUNT | | |
| COUNTER-PARTY(IES) | Not Applicable | | | $0.00 | | |
| PH IMAGES ACQUISITIONS, LTD. CASE NO. 18-10107 | NAME OF CONTRACT | | | CURE AMOUNT | | |
| COUNTER-PARTY(IES) | Not Applicable | | | $0.00 | | |
| PURE ENTERTAINMENT TELECOMMUNICATIONS, INC. FKA FO CASE NO. 18-10108 | NAME OF CONTRACT | | | CURE AMOUNT | | |
| COUNTER-PARTY(IES) | Not Applicable | | | $0.00 | | |
| XVHUB GROUP, INC. CASE NO. 18-10109 | NAME OF CONTRACT | | | CURE AMOUNT | | |
| COUNTER-PARTY(IES) | Not Applicable | | | $0.00 | | |
| GENERAL MEDIA COMMUNICATIONS, INC. CASE NO. 18-10110 | NAME OF CONTRACT | | | CURE AMOUNT | | |
| COUNTER-PARTY(IES) | Not Applicable | | | $0.00 | | |
| GENERAL MEDIA ENTERTAINMENT, INC. CASE NO. 18-10111 | NAME OF CONTRACT | | | CURE AMOUNT | | |
| COUNTER-PARTY(IES) | Not Applicable | | | $0.00 | | |
| DANNI ASHE, INC. CASE NO. 18-10112 | NAME OF CONTRACT | | | CURE AMOUNT | | |
| COUNTER-PARTY(IES) | Not Applicable | | | $0.00 | | |
| STREAMRAY STUDIOS, INC. CASE NO. 18-10113 | NAME OF CONTRACT | | | CURE AMOUNT | | |
| COUNTER-PARTY(IES) | Not Applicable | | | $0.00 | $1,310,171.18 | $1,157,521.51 |
| | | | | | | $161,961.68 |
| Penthouse buy or license and re-license service provider | | | | | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO SECTION 365(A) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 14, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On May 14, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 14, 2018 served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/ Courtroom 303
Woodland Hills, California 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 14, 2018 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## 1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Russell Clementson on behalf of U.S. Trustee
United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor NOA
Productions SPRL
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor
Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

Allan B Gelbard on behalf of Other
Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgal
lc.com,akuras@dkgallc.com

David W. Meadows on behalf of Interested
Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor
Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party
Courtesy NEF
anahmias@mbnlawyers.com,
jdale@mbnlawyers.com

Aram Ordubegian on behalf of Creditor LSC
Communications US, LLC / Creel Printing
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor
Committee The Official Committee of
Unsecured Creditors
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.c
om

S Margaux Ross on behalf of U.S. Trustee
United States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor
Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested Party
Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor
Greenberg Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party
Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;lisa.spencer@b
bklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney Weiss
& Spees, LLP
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni
Ashe, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI
Online Ventures, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor General
Media Communications, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor General
Media Entertainment, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Digital Media Productions, Inc.
mw@weissandspees.com,
lm@weissandspees.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Michael H Weiss on behalf of Debtor
Penthouse Global Broadcasting, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Digital, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Licensing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Publishing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Images Acquisitions, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure
Entertainment Telecommunications, Inc. fka
For Your Ears Only, Ltd.
mw@weissandspees.com,
lm@weissandspees.com
Michael H Weiss on behalf of Debtor

Streamray Studios, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan
Door Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor XVHUB
Group, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Christopher K.S. Wong on behalf of Creditor
LSC Communications US, LLC / Creel
Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor
Dream Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor
Interested Party
bry@lnbyb.com

Brian L. Davidoff
bdavidoff@greenbergglusker.com

Jonathan Hayes jhayes@SRHLawFirm.com

Peter W. Lianides plianides@wcghlaw.com

Mark S. Horoupian
mhoroupian@sulmeyerlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**U.S. Bankruptcy Court**
**Central District of California (San Fernando Valley)**
**In re Penthouse Global Media, Inc., Case No. 18-10098-MB**

2.    <u>SERVED BY UNITED STATES MAIL</u>:

*Interested Parties*
Kelly Holland
President and Chief Executive Officer
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Robert W. Campbell
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Allan B. Gelbard
Attorney at Law
15760 Ventura Boulevard, Suite 801
Encino, CA 91436

Mark A. Mintz
Attorney at Law
JONES WALKER
201 St. Charles Avenue
New Orleans, LA 70170-5100

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
201 St Charles Ave., Suite 3915
New Orleans, LA 70170

*Requests for Special Notice*
Howard J. Steinberg (CA SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

Aram Ordubegian (SBN 185142)
Robert M. Hirsh (*pro hac vice*
application to be submitted)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Joseph E Bain
Jones Walker LLP
811 Main St., Ste 2900
Houston, TX 77002

Timothy Driver
433 North Camden, Suite 970
Beverly Hills, CA 90210

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:314027.4 32277/001

**F 9013-3.1.PROOF.SERVICE**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNTER-PARTIES**

| PENTHOUSE GLOBAL MEDIA, INC. |
| CASE NO. 18-10098 |
| COUNTER-PARTY(IES) |

**Adobe**
345 Park Avenue
San Jose, CA 95110

**AFCO Credit Corp**
8885 Rio San Diego Drive
Suite 347
San Diego, CA 92108

**Aflac**
1932 Wynnton Road
Columbus, GA 31999

**Allen Dopplet , Milbrath & Gilchris**
255 S. Orange Avenue
Suite 1401
Orlando, FL 32801

**Allgemeines Treuunternehmen**
Allgemeines Treuunternehmen Aeulestrasse 5
9490 Vaduz, Liectenstein

**AT&T**
PO Box 5019
Carol Stream, IL  60197-5019

**C. HOCQUEL Inc**
Catherine Brandt
9993 Wornom Avenue
Sunland, CA 91040

**California Choice**
721 S. Parker, Suite 200,
Orange, CA 92868

**Choice Builder**
721 S. Parker
Suite 200
Orange, CA 92868

**Cybex Security Solutions**
Cybex Security of Southern California
30 Fairbanks, #114
Irvine, CA 92618

**Dennemeyer & Associate S.A.**
Denneymeyer & Associates S.A.
55 rue des Bruyeres
1274 Howald,
Luxembourg

**Eli B Dubrow trustee of the Eli B Dubrow and Mary Collins Dubrow 1981 Trust**
Eli B Dubrow trustee of the Eli B Dubrow and
Mary Collins Dubrow
1981 Trust
P.O. Box 491995
Los Angeles, CA 90049

**GAM inventory Management services**
Gam Inventory Management Services
205 Campus Drive
Kearny, NJ 07032

**GRM Information Management Services
Iron Mountain**
One Federal Street
Boston, MA 02110

**Keith L. Whitworth, CPA**
Keith L. Whitworth, CPA
595 Lincoln Avenue
Suite 206
Pasadena, CA 91103

**Kim & Chang Intellectual Property**
Kim & Chang Intellectual Property
Jeongdong Building,
17F,
21-15 Jeongdong-gil,
Jung-gu,
Seoul 04518, Korea

**Lincoln National Life Insurance company**
PO Box 21008
Greensboro, NC  27420-1008

**Mitratech Holdings, Inc.**
Mitratech Holdings, Inc.
5001 Plaza on the Lake, Suite 111
Austin, TX 78746
**Parasec Global Document Filing &
Retrieval
Safe Keeping Records**
8826 Megan Avenue
West Hills, CA 91304

**Total Record Information Management**
371 Starke Road
Carlstadt, NJ 07072

| PENTHOUSE GLOBAL BROADCASTING, INC.:  COUNTER-PARTY(IES) CASE NO. 18-10099 |
| :--- |
| **COUNTER-PARTY(IES)** |

**Arkena Inc**
125 S. Barrington Place
Los Angeles, CA 90049

**Arkena SAS**
15 Rue Cognacq-Jay
75007
Paris France

**Art attack dba revideo Atlassian Pty Ltd.**
341 George Street, Sydney
NSW, 2000, Australia

**Basmedia B.V. Pluggematen**
2 8331TV Steenwijk
The Netherlands

**Belgacom SA and Skynet iMotions Activities SA/NV**
Boulevard du Roi albert 11 27
B 1030
Brussels Belgium

**Belgacom SA and Skynet iMotions Activities SA/NV**
Rue Carli 2, 1140
Brussels, Belgium

**Bizzare Video**
21621 Nordhoff Street, Suite B
Chatsworth, CA  91311

**BK International 2016, S.L.**
José Luis De la Guardia Cassinello
DE LA GUARDIA Law Firm
C/ Tubo, 8 (2°-G)
28223 Madrid
SPAIN

**Bouygues Telecom**
32 Avenue Hoche,
75008 Paris France

**Bulgarian Telecommunications Company EAD trading as Vivacom**
Attn:  Mr. Evelin Iliev
N151i  Tsarigradsko Shose Blrd., Building A
Sofia, Bulgaria 1784

**Bulsatcom AD**
15 Magnaurska Shkola Str., ZIT, Corpus II,
Floor 3
1784 Sofia Burgaria

**CAIW Meida BV**
Instriestraat 30, 2671 CT
Naaldwijk
The Netherlands

**Canal + International**
48, Quai du Point du Jour,
92659 Boulogne-Billancourt
Cedex France

**Claxon Media, LLC Playboy TV Latin America**
Claxon Media LLC
990 Biscayne Boulevard
Suite 1003
Miami, Florida 33132

**Coditel Brabant sprl & Coditel Sarl**
Rue des Deux Eglises 26
1000
Brussels, Belgium

**Coditel Brabant sprl & Coditel Sarl**
Route d'Arlon 283, 8011
Strassen Luxembourg

**Colorado Satellite Broadcasting (NOOF)**
7007 Winchester Circle
Suite 200
Boulder, CO  80301

**Combat ZONE**
Dion Giarrusso
9909 Topanga Canyon Blvd., #207
Chatsworth, CA  91311

**DBS Satellite Services (1998) LTD, Trading as Yes**
6 Hayozma Street
Industrial Area Kfar Sava Israel

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Digital Cable Group AG**
Chollerstarasse 24 Ch-6301
Zug Switzerland

**Digital Media Consultants, LLC**
21781 Ventura Blvd, Suite 644
Woodland Hills, CA 91364

**Encuentros**
10945 Old Santa Susana Pass
Chatsworth, CA 91311

**Faronet Srl**
Via Atto Tigri 11
00197 Roma Italy

**Fifth Dimension Properties Inc.**
5582 Manotick Main Street
Manotick, ON
K4M 1E2
Canada

**FREE**
8 rue La Ville L'Eveque
75008 Paris France

**Groupe Canal +**
1 Place du Spectacle
92863 Issy
Les Moulineaux France

**Hellenic Telecommunications
Organizations S.A. (OTE)**
Attn: Head of IPTV Content
99 Kifissias Avenue
15124 Maroussi Athens, Greece

**Hot Telecommunications Systems Ltd.**
Euro park, Yakum Industrial Zone,
Kibbutz Yakum 60972 Israel

**HP Hrvtska posta d.d. (Electra)**
Jurisiceva 13,
10 000 Zagreb Croatia

**Kabel Deutsch G**
Germany

**Lay International**
17867 Suite 201-1202
Hyeonsin 76,
3-gil Pyeonteak
South Korea

**M7 (2 Agreements)**
2 Rue Albert Borschette
L-1246 Luxembourg

**Magyar Telekom Nyrt**
H-1117
Budapest
Kaposvar utca 5-7
Hungary

**Mikarnial Ltd d/b/a Divan TV Service**
Spyrou Kyprianou 61
SK House,
4003 Limassol, Cyprus

**Mile High**
8148 Devonshire Ville Mont-Royal
Quebec, Canada
H4p 2k3

**Monaco Telecom**
25 Boulevard de Suisse
98000 Monaco

**NC Numericable**
10 Rue Albert Einstein
77420 Champs sur
Marme, France

**Ogun Consulting**
Sprl Chaussee de Gand, 443
1080 Brussels Belgium

**Ogun Sprl**
Sprl Chaussee de Gand, 443
1080 Brussels Belgium

**OK SnowProblem ,SL**
Orense, 5 Street
Planta
28020 Madrid

**One. VIP Doo Skopje f/k/a one.Vip Skopje**
Blvd. Treta Makedonska Brigada 48
1000 Skopje, Macedonia

**ORANGE (a/k/a France Telecom)**
Content Department
44 Avenue de la Republique
CS 50010 92326
Chatillon Cedex France

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**Orange Belgium S.A./N.V.**
Avenue du Bourget 3 -
Bourgetlaan 3
1140 Bruxelles
Belgium

**RD Productions f/s/o Rick Gunerman**
5720 Owensmouth Avenue, Suite 136
Woodland Hills, CA 91367

**Salt Mobile SA**
Attention of:  Yoann Carroux
Rue du Caudray 4
CH-1020 Renens
Switzerland

**SkyItalia S.r.I.**
Via Monte Penice 7
20138 Milano, Italy

**Smash**

**So Cal Licensing International, Inc.**
3430 Precision Drive
North Las Vegas, NV 89032

**Tango S.A.**
177 rue de Luxembourg,
L-8077 Bertance Grand Dutch of Luxembourg

**Tele 2 Netherlands BV**
Wisselwerking 58,
Diemen The Netherlands

**Telekom Deutsch AG**
Deutsch Telekom AG
T-Online Allee 1 D-64295 Darmstadt

**Telekom Romania f/k/a sc Romtelecom**
City Gate North Tower 3-5 Piata Presci Libere
7 18 Floors District 1 Bucharest Romania

**Telenet b.v.b.a.**
Telenet b.v.b.a. Liersesteenweg 4 2800
Mechelen Belgium

**Telia Estonia AS f/k/a Elion**
16 Valge Str. Harjumaa 11415
Tallinn Estonia

**Telia Lietuva AB**
Attention:  Tomas Tamulevicius
Lvovo Str. 25
LT-03501 Vilnus
Lithuania

**T-Mobile Thuis B.V. f/k/a Vodafone Thuis B.V. f/k/a Vodafone**
Barbara Strozzilaan 101
1083 HN Amsterdam
The Netherlands

**Tokken MSB Inc. o/a Viceorg**
Tokken MSB Inc. o/a Vice.org
5582 Manotick Main Street
Manotick, Ontario, Canada K4M 1B3

**Top Media Distribution Limited "Top Media";  (Platform: Megogo)**
Rialto, BC
188 Novokostyantynivska Street
Kyiv, 04080 Ukraine

**TVN Distribution Ltd. fka Nordelink Bulgaria Ltd. d/b/a Networkx TV**
18,
Tsarkovna Nezavisimost str. 7000 Rousse,
Bulgaria
Attn: Mr. Damyan Naidenov, CEO

**Unitymedia NRW GmbH, Unitymedia Hessen GmbH & Co KG, and Unitymedia BW GmbH**
The Managing Director Programming Liberty
Global B.V.
Boeing Avenue 53 1119 PE
Schiphot Rijk The Netherlands

**UPC Romania S.R.L.**
62D Sos Nordlui
Bucharest Romania

**Vision TV LLC**
3/42 Polovetska St.
Kyiv 04107
Ukraine

**VITIS SAS**
10 Avenue de l'Arche
CS 50052
92419
Courbevoie Cedex

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Vubiquity Management Limited**
3 More London Riverside
London SE1 2AQ   .

**Ziggo B.V.**
Attn: Dirextor Content & Programming
Atoomweg 100
3542 AB Utrecht
The Netherlands

**With a copy to:**
Liberty Global
Attn:  Managing Director Programming
Boeing Avenue 53, 1119 PE
Schiphol Rijk
The Netherlands

| PENTHOUSE GLOBAL LICENSING, INC. CASE NO. 18-10101 |
| --- |
| COUNTER-PARTY(IES) |

**Palm Beach Beaute**
Paul Smith
124 N. Swinton Avenue
Delray, Florida 33444

**Corsearch**
P.O. Box 4349
Carol Stream, IL 60197-4349

**WSM Investment d/b/a Topco**
WSM Investment, LLC
d/b/a Topsco Sales
3900 Heritage Oak Court, #B
Simi Valley, CA 93063
Attn:  Autumn O'Bryan

**Sicem International Srl**
Via Provinciale Lucchese 145,
50019 Sesto Florentino, Italy
Attn:  Andreas Lastraioli

**POS Innovation GmbH**
POS:  Innovation GmbH Ostenallee
1-3 59063
Hamm, Germany

**TeNeues Calendars & Stationary GmbH f/k/a TeNeues Verlag GmbH & Co KG**
Am Selder 37, D-47906
Kempen
Germany

| PENTHOUSE GLOBAL DIGITAL, INC. CASE NO. 18-10102 |
| --- |
| COUNTER-PARTY(IES) |

**Cyber Pro, Inc. f/s/o Michael Schultz**
DUPLICATE
PO Box 26203
Milwaukee, WI 53226

**GoDaddy, Inc.**
14455 N. Hayden Rd.,
Scottsdale, AZ 85260

**Mannassi IT Solutions, Inc. d/b/a Mannassi IT Solutions**
22222 Sherman Way,
Suite 206
Canoga Park, CA 91303

**MojoHost**
30300 Telegraph Road,
Suite 300,
Bingham Farms, Michigan 48025

**NetNames**
25 Canada Square
Canary Wharf London, UK E14 5LQ

**Support Ninja**
701 Brazos St.,
Suite 1616
Austin, Texas 78701

**Webdot calm**
Lucky Smith
237 Town Center West #267
Santa Maria, CA 93458

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:314027.4 32277/001                    **F 9013-3.1.PROOF.SERVICE**

| **PENTHOUSE GLOBAL PUBLISHING, INC.**<br>**CASE NO. 18-10103** |
|---|
| **COUNTER-PARTY(IES)** |

**Borgmeier Media Groupe GmbH**
Lange Strabe
12, 22749 Delmenhorst,
Germany

**Creel Printing**
6330 W Sunset Rd,
Las Vegas, NV 89118

**John Willett d/b/a Willett Associates**
PO Box 380414
Birmingham, AL 35238

**Palm Coast Data, LLC**
11 Commerce Boulevard
Palm Coast, Florida 32164

**Zinio, LLC**
575 Lexington Avenue,
17th Floor,
New York, NY 10022

**GMI ONLINE VENTURES, LTD.**
2342 82nd Avenue, #3
Brooklyn, NY 11214

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**