Linda F. Cantor (CA Bar No. 153762)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   lcantor@pszjlaw.com
          vnewmark@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

FILED & ENTERED

JUN 08 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier     DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>                    Debtor.<br><br>☒  Affects All Debtors<br>☐  Affects Penthouse Global Broadcasting, Inc.<br>☐  Affects Penthouse Global Licensing, Inc.<br>☐  Affects Penthouse Global Digital, Inc.<br>☐  Affects Penthouse Global Publishing, Inc.<br>☐  Affects GMI Online Ventures, Ltd.<br>☐  Affects Penthouse Digital Media Productions, Inc.<br>☐  Affects Tan Door Media, Inc.<br>☐  Affects Penthouse Images Acquisitions, Ltd.<br>☐  Affects Pure Entertainment Telecommunications, Inc.<br>☐  Affects XVHUB Group, Inc.<br>☐  Affects General Media Communications, Inc.<br>☐  Affects General Media Entertainment, Inc.<br>☐  Affects Danni Ashe, Inc.<br>☐  Affects Streamray Studios, Inc. | Cases No.: 1:18-BK-10098-MB<br><br>Chapter 11<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**ORDER APPROVING SETTLEMENT WITH KIRKENDOLL MANAGEMENT, LLC AND ITS RELATED AFFILIATES**<br><br>**Hearing**:<br>Date:       May 30, 2018<br>Time:      2:30 p.m.<br>Place:      United States Bankruptcy Court<br>                21041 Burbank Boulevard<br>                Courtroom 303<br>                Woodland Hills, California<br><br>Judge: Hon. Martin R. Barash |

On May 30, 2018, this Court held a hearing on the *Motion for Order Approving Settlement with Kirkendoll Management, LLC and its Related Affiliates* [Dkt. No. 502] ("Motion") [1] filed by

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion and in the Term Sheet dated May 9, 2018, submitted to the Court as Exhibit "1" to Dkt. No. 341 (the "Term Sheet").

-1-

1  David K. Gottlieb, chapter 11 trustee (the "Trustee") for the estates (the "Estates") of Penthouse Global Media, Inc. and its debtor subsidiaries (the "Debtors"), in the above-entitled chapter 11 cases (the "Cases").  Appearances at the hearing on the Motion (the "Settlement Hearing") are set forth on the record.  This Court has considered the Motion and the terms of the settlement as documented in the Term Sheet (the "Settlement"), the representations of counsel at the Settlement Hearing, no objections to the Motion having been filed or presented at the Settlement Hearing, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  The Court has jurisdiction over this matter and over the property of the Debtors and the Estates pursuant to 28 U.S.C. §§ 157(a) and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).  Venue of the Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The Court has Constitutional authority to enter a final order on the Motion.  The statutory predicates for the relief sought herein are section 105(a) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Fed. R. Bankr. P. 9019 ("Rule 9019").

B.  The notice of the Motion given by the Trustee constitutes due and sufficient notice under the circumstances of these Cases.

C.  Any and all objections to the relief requested in the Motion, whether or not filed or presented at the Settlement Hearing are overruled in their entirety.

D.  The factors for approval of a Rule 9019 settlement articulated by the Ninth Circuit Court of Appeals in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986) (the "A & C Factors") weigh heavily in support of the Court approving the Settlement.

E.  With regard to the each of the A & C Factors, the Court finds that: (1) the Trustee's probability of success in litigation against Kirkendoll Management, LLC ("Kirkendoll") over certain of their disputes is low, insofar as that there is uncertainty in the law as to the rights of a licensee under a rejected trademark license and it is unclear whether a third party would purchase the rights that are the subject of the Estates' MLA with Kirkendoll; with respect to litigation over a plan, the evidence in the Court record shows that no plan is feasible in these Cases and that plan litigation

would be a futile exercise; (2) there is no issue regarding difficulties in the matter of collection; (3) the complexity of litigation against Kirkendoll relating to the MLA, the retention of intellectual property rights and plan matters is high, and such litigation would be long and drawn out, time consuming and expensive, which the Estates have no funds to pursue, and the cost of further discovery and litigation over the Kirkendoll objection to the settlement with Dream Media Corporation (the "<u>Dream Media Settlement Objection</u>") is wasteful to the Estates; and (4) approval of the settlement is in the best interests of the Estates and their creditors, as it resolves the Dream Media Settlement Objection and the costs of litigating those matters, allows for the Trustee to focus his efforts on the sale of the Debtors' assets, which (along with the Settlement) will bring substantial value to the Estates.

F.  The terms of the Settlement are fair, equitable and reasonable under the circumstances of these Cases and fall within the lowest range of reasonableness as applied to the A & C factors.

G.  The Trustee's determination to enter into the Settlement was fair and reasonable under the circumstances of these Cases.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.
2. All findings and conclusions set forth above and as set forth by the Court on the record at the Settlement Hearing are incorporated herein by reference and are made a part of this Order.
3. The Settlement as set forth in the Term Sheet is approved.
4. The Trustee is authorized to take such further actions as may be necessary to consummate the Settlement as set forth in the Motion.
5. The Court shall retain jurisdiction to enforce and interpret the provisions of this Order.
6. Notwithstanding any applicability of Bankruptcy Rule 6004(h) and/or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon entry hereof.

7. The relief granted to the Trustee in this Order shall be enforceable by any successor to the Trustee, including any trustee appointed in the Cases in the event that the Cases are converted to cases under chapter 7 of the Bankruptcy Code.

# # # # #

Date: June 8, 2018

*Martin R. Barash* (signature)

Martin R Barash
United States Bankruptcy Judge