Linda F. Cantor (CA Bar No. 153762)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: lcantor@pszjlaw.com
vnewmark@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

**FILED & ENTERED**

**JUN 08 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

In re:

PENTHOUSE GLOBAL MEDIA, INC.,

Debtor.

☒ Affects All Debtors
☐ Affects Penthouse Global Broadcasting, Inc.
☐ Affects Penthouse Global Licensing, Inc.
☐ Affects Penthouse Global Digital, Inc.
☐ Affects Penthouse Global Publishing, Inc.
☐ Affects GMI Online Ventures, Ltd.
☐ Affects Penthouse Digital Media Productions, Inc.
☐ Affects Tan Door Media, Inc.
☐ Affects Penthouse Images Acquisitions, Ltd.
☐ Affects Pure Entertainment Telecommunications, Inc.
☐ Affects XVHUB Group, Inc.
☐ Affects General Media Communications, Inc.
☐ Affects General Media Entertainment, Inc.
☐ Affects Danni Ashe, Inc.
☐ Affects Streamray Studios, Inc.

Cases No.: 1:18-BK-10098-MB

Chapter 11

Jointly Administered with Cases Nos.:
1:18-bk-10099-MB; 1:18-bk-10101-MB;
1:18-bk-10102-MB; 1:18-bk-10103-MB;
1:18-bk-10104-MB; 1:18-bk-10105-MB;
1:18-bk-10106-MB; 1:18-bk-10107-MB;
1:18-bk-10108-MB; 1:18-bk-10109-MB;
1:18-bk-10110-MB; 1:18-bk-10111-MB;
1:18-bk-10112-MB; 1:18-bk-10113-MB

**ORDER (A) APPROVING THE ESTATES' SALE OF CERTAIN TRADEMARKS TO PENTHOUSE CLUBS GLOBAL LICENSING, LLC, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) APPROVING THE ESTATES' LICENSE OF CERTAIN RELATED INTELLECTUAL PROPERTY TO PENTHOUSE CLUBS GLOBAL LICENSING, LLC; AND (C) GRANTING RELATED RELIEF**

**Hearing:**
Date:    May 30, 2018
Time:    2:30 p.m.
Place:    United States Bankruptcy Court
         21041 Burbank Boulevard
         Courtroom 303
         Woodland Hills, California

Judge: Hon. Martin R. Barash

DOCS_LA:314691.2 32277/001

On May 30, 2018, at the above-referenced time and place, this Court held a hearing upon the *Notice of Motion and Motion for Order (A) Approving The Estates' Sale Of Certain Trademarks To Penthouse Clubs Global Licensing, LLC, Free and Clear of all Liens, Claims, Encumbrances and Interests; (B) Approving the Estates' License of Certain Related Intellectual Property to Penthouse Clubs Global Licensing, LLC; and (C) Granting Related Relief* (the "Trademark Sale Motion") [Dkt. No. 503] filed by David K. Gottlieb, Chapter 11 Trustee (the "Trustee") of the above-captioned bankruptcy estates (the "Estates") of Penthouse Global Media, Inc. and its debtor subsidiaries (the "Debtors").[1] Appearances at the hearing on the Trademark Sale Motion (the "Trademark Sale Hearing") are set forth on the record.

This Court has considered the Trademark Sale Motion, the representations of counsel at the Trademark Sale Hearing and the record in these cases, and no objection or response to the Trademark Sale Motion having been filed or made; and the Court having determined that notice of the Trademark Sale Motion was adequate and sufficient under the circumstances; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS THAT:**

A. The Court has jurisdiction over this matter and over the property of the Debtors and the Estates pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 2002, 6004 and 9014. Venue of the Debtors' cases (the "Cases") and the Trademark Sale Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The relief granted herein is in the best interests of the Estates, their creditors, and other parties in interest.

C. The consideration to be paid by Penthouse Clubs Global Licensing, LLC ("Purchaser") in the amount of $1,075,000 (the "Purchase Price"), and other consideration as set forth in the Purchase Agreement and as described in the *Notice of Motion and Motion for Order Approving Settlement with Kirkendoll Management LLC and its Related Affiliates; Memorandum of Points and Authorities; Declaration of David K. Gottlieb in Support Thereof* [Dkt. No. 502] (the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Trademark Sale Motion.

"Kirkendoll Settlement Motion") is fair and reasonable compensation for the Sale of the Assets and the License Grant by the Estates.

  D. The notice of the Trademark Sale Motion and the Trademark Sale Hearing given by the Trustee constitutes due and sufficient notice thereof.

  E. Any and all objections to the relief requested in the Trademark Sale Motion, whether or not filed or presented at the Trademark Sale Hearing are hereby overruled in their entirety.

  F. The Trustee has articulated good and sufficient reasons for the Court to approve the Trademark Sale Motion as a reasonable exercise of the Trustee's business judgment.

  G. Based upon the record in these cases, the Sale and License Grant to the Purchaser must be consummated and effectuated promptly in order to preserve the value of the Estates. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rule 6004.

  H. The Purchase Price constitutes fair consideration. Purchaser is a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code.

  I. None of the Trustee, the Purchaser or their respective representatives has engaged in any conduct that would cause or permit the Sale to be avoided pursuant to Bankruptcy Code section 363(n).

  J. All other findings of fact and conclusions of law stated by the Court orally on the record at the Trademark Sale Hearing are incorporated herein by this reference.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

  1. The Trademark Sale Motion is GRANTED in its entirety.

  2. Any and all objections to the relief requested in the Trademark Sale Motion, whether or not filed or presented at the Trademark Sale Hearing, are hereby overruled in their entirety.

  3. The Trustee is authorized to (a) sell to Purchaser the assets listed in the Purchase Agreement appended to the Trademark Sale Motion as Exhibit A (the "Assets"), (b) license to Purchaser the Additional Intellectual Property and Additional Marks under the terms and conditions set forth in the License Agreement appended to the Motion as Exhibit B, and (c) enter into the Consent Agreement appended to the Motion as Exhibit C, governing the future use and registration

DOCS_LA:314691.2 32277/001

of the trademarks that are the subject of the Sale and the License. The Purchase Agreement, License Agreement, and Consent Agreement shall collectively be referred to herein as the "Club Sale Documents."

4.      The Assets shall be sold free and clear of all liens, claims, rights, interests and encumbrances whatsoever, in accordance with section 363(b) and (f) of the Bankruptcy Code, with the liens, claims, rights, interests and encumbrances of Dream Media Corporation, Inc. ("Dream Media") attaching to the proceeds of sale pursuant to the terms of the Settlement Agreement by and between the Trustee and Dream Media as authorized by the Order Approving Settlement With Dream Media Corporation dated May 16, 2018 [Dkt. No. 478].

5.      The Sale and License Grant were negotiated in good faith, at arms' length and without collusion or fraud of any kind in connection with the settlement of certain issues as set forth in the Term Sheet between the Trustee and the Purchaser filed with the Court as Docket No. 461. Accordingly, the Purchaser acted in good faith within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protections afforded a purchaser pursuant to section 363(m) of the Bankruptcy Code. No reversal or modification of this Order on appeal will affect the validity of the transaction contemplated thereby. The Successful Bidder is not an "insider" as defined by Section 101 of the Bankruptcy Code. Neither the Trustee nor the Purchaser entered into the Club Sale Documents fraudulently, or for the purposes of hindering, delaying or defrauding any of the Debtors' creditors, and the Purchase Price constitutes reasonably equivalent and fair value (as those terms or their equivalents are defined by the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act and Section 548 of the Bankruptcy Code) for the purchased Assets and for the License Grant.

6.      None of the Trustee, the Purchaser or their respective representatives has engaged in any conduct that would cause or permit the Sale to be avoided pursuant to Bankruptcy Code section 363(n).

7.      Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, the Sale and License Grant by the Trustee to the Purchaser, pursuant to the terms of the Club Sale Documents, are authorized and approved in all respects.

DOCS_LA:314691.2 32277/001

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h) and/or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon entry hereof.

9. The relief granted to the Trustee in this Order shall be enforceable by any successor to the Trustee, including any trustee appointed in the Cases in the event that the Cases are converted to cases under chapter 7 of the Bankruptcy Code.

10. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to the Purchaser and the grant of rights otherwise granted to Purchaser pursuant to the Club Sale Documents, and the transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report, record, or insure any title or state of title in or to any of the property sold pursuant to this Order or rights otherwise granted pursuant to the Club Sale Documents, including without limitation, all filing agents, filing officers, title agents, title companies, the U.S. Patent and Trademark Office, the U.S. Copyright Office, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and other governmental authorities and foreign intellectual property offices, public records, and registries, and each of such persons, offices, agencies, and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

11. The failure specifically to include any particular provision of the Club Sale Documents or any of the documents, agreements, or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the intent of the Court that the Club Sale Documents and each document, agreement, or instrument be authorized and approved in its entirety.

DOCS_LA:314691.2 32277/001

12. This Court shall retain jurisdiction to enforce and interpret the provisions of this Order.

# # # # #

Date: June 8, 2018

Martin R Barash
United States Bankruptcy Judge

DOCS_LA:314691.2 32277/001