Linda F. Cantor (CA Bar No. 153762)
Iain A.W. Nasatir (CA Bar No. 148977)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: lcantor@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Cases No.: 1:18-BK-10098-MB<br><br>Chapter 11<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**REPLY TO CONDITIONAL OPPOSITION AND RESERVATION OF RIGHTS BY ELI B. DUBROW, TRUSTEE OF THE ELI B. DUBROW AND MARY COLLINS DUBROW 1981 TRUST, DATED MAY 27, 1981 IN RESPONSE TO MOTION FOR SALE OF ASSETS; DECLARATION OF ROBERT SEIFERT IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date:          June 13, 2018<br>Time:         1:30 p.m.<br>Place:         United States Bankruptcy Court<br>                    21041 Burbank Boulevard<br>                    Courtroom 303<br>                    Woodland Hills, California<br><br>Judge: Hon. Martin R. Barash |

David K. Gottlieb, in his capacity as Chapter 11 Trustee (the "Trustee") of the above-captioned bankruptcy estates of Penthouse Global Media, Inc. and its debtor subsidiaries (the "Debtors"), replies as follows to the conditional opposition (the "Conditional Opposition") filed by

DOCS_LA:314937.1 32277/001

Eli B. Dubrow, Trustee of The Eli B. Dubrow and Mary Collins Dubrow 1981 Trust, dated May 27, 1981 ("Lessor") to the Trustee's *Motion For Order Authorizing Trustee To (A) Assume Unexpired Leases And Executory Contracts; (B) Establish Cure Amounts; (C) Assign Unexpired Leases And Executory Contracts; And (D) Grant Related Relief Pursuant To Section 365(A) Of The Bankruptcy Code* [Dkt. No. 469] (the "Assumption Motion").

Pursuant to the *Order (A) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Scheduling Auction and Sale Hearing; (C) Approving Sale Procedures and Notice of Sale; and (D) Granting Related Relief* [Dkt. No. 327] ("Sale Order"), an auction was held on June 4, 2018, following which the Court accepted the bid of WGCZ Limited, s.r.o. as the Successful Bidder and the sale transaction is scheduled to close on June 15, 2018 (the "Closing"). Pursuant to the Assumption Motion and the Sale Order, the Successful Bidder is required to submit its own form of Asset Purchase Agreement ("APA"), substantially in the form filed with the Court on May 14, 2018 [Dkt. No. 468]. Notwithstanding the foregoing, the schedules of unexpired leases and executory contracts (Schedules 1.1(a) and 1.1(b) to the APA, respectively) may be presented by the Successful Bidder prior to the Closing. Because the Trustee will not know which unexpired leases and executory contracts will be assume by the Successful Bidder, the Assumption Motion sought authorization to assume all of the Debtors' unexpired leases and executory contracts, subject to rejection following the Closing.

Debtors have only one unexpired lease, which is the lease for their corporate headquarters (the "Lease") and the subject of the Conditional Opposition filed by Lessor. The basis for the Conditional Opposition is that Lessor contests the "cure" amount set forth in the schedule appended to the Assumption Motion and Lessor seeks adequate assurance of future performance. The declaration of Robert Seifert in support of the Successful Bidder's adequate assurance of future performance is appended hereto. The amount to cure defaults under the Lease is $7,952.45, as set forth on the Schedule appended to the Assumption Motion. The other "cure" amounts listed in the Conditional Opposition are either not supported by the terms of the Lease or allowed under applicable law; therefore additional payment are not necessary to satisfy the requirements for

DOCS_LA:314937.1 32277/001

assumption and assignment under sections 365(f)(1)(A) and (B) of title 11 of the United States Code, 11 U.S.C. § 101 et seq.

For example, Lessor contends that it is entitled to repairs to the premises under the Lease at an estimated cost of $66,647.00. (*See* Declaration of Jeff Jenkins and exhibits appended to the Conditional Opposition.) The Trustee would contest the cost of repairs and require another estimate by an independent third party if repairs were required. However, the purported repair costs do not become an issue until the termination of the Lease in or about October 31, 2019, when the Debtors are required to surrender and restore the premises to their initial condition (ordinary wear and tear, excluded). Those repair costs are not immediately due. To the extent future repairs will be required, the Lessor is already holding a security deposit in the approximate amount of $65,000 which, coincidentally, is very close to the estimated amount of repairs. The security deposit constitutes adequate assurance of future repair costs under the Lease.

With respect to attorneys' fees, the Lessor is not entitled to the legal fees it incurred throughout these entire bankruptcy cases. The Lessor's argument that under *In re Penrod (Penrod v. AmeriCredit Services, Inc.)* 802 F.3d 1084 (9th Cir. 2015) ("Penrod"), it is entitled to attorneys' fees, is misplaced. Penrod is the formative case in the legacy of the Supreme Court's decision in *Travelers Casualty & Surety Co. v. Pacific Gas & Electric*, Co., 549 U.S. 443 (2007) ("Travelers"). In Travelers, the Supreme Court refused to deny attorneys' fees legally compensable under state law because of the Bankruptcy Code. Following Travelers, the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") held in Penrod that a creditor's objection to a plan of reorganization that asserted secured rights under a contract that contained a fee provision in favor of the creditor was subject to the fee-shifting provisions of Cal. Civil Code section 1717 ("Section 1717"), and therefore the creditor, having lost his objection, was liable for the other party's attorneys' fees incurred. Subsequent decisions have brightened the line between Bankruptcy Court proceedings that are and are not subject to Section 1717. In *Bos v. Bd of Trustees*, 818 F.3d 486 (9th Cir. 2016) ("Bos"), the Ninth Circuit refused to grant attorneys' fees under section 1717 to the successful defense of a non-dischargeability action brought by an ERISA board of trustees. Noting that an adversary proceeding was not "on a contract" under prior Ninth Circuit law, the Circuit Court

3

found that the dischargeability issue was "collateral" to breach of contract claims that had already been arbitrated. Penrod involved the enforcement of a contract right, which right was subsequently denied. The Ninth Circuit made the distinction that in the Bos case, "the relevant action did not raise any question of enforceability of [the contract]." 818 F3d at 491. See also *Green Tree Servicing LLC v. Giusto*, 563 B.R. 778 (N.D. Cal. 2016) (Denial of relief from stay motion by loan servicer did not qualify for fees under Cal. Civ. Code Section 1717).[1]

This distinction dooms the Lessor's request for legal fees and expenses in the instant cases, which is based upon a fee provision in the Lease that in any dispute the prevailing party is entitled to recovery reasonable attorneys' fees. The Declaration of Stephen F. Biegenzahn appended to the Conditional Objection states that counsel for the Lessor was retained around the first of the year and that the law firm of Mirman, Bubman & Nahmias, LLP incurred fees and costs through April 30, 2018 in the amount of $29,904.47 and that work in process as of May 20, 2018 amounts to $10,340.00. (See Conditional Opposition at page 9 of 14.) While Lessor, as an interested party in these bankruptcy cases, may choose to retain counsel to monitor these cases, the fees and costs in doing so do not constitute a cure cost that is required to be paid as a condition of assumption and assignment of the Lease. The Lease has been paid on a monthly basis throughout these chapter 11 proceedings and Lessor has not been required to expend approximately $40,000 in any dispute. Indeed, there is sound policy behind disallowing fees not directly related to the enforcement of a party's rights. Any other result would provoke the very mischief occurring here. To allow "reasonable"[2] attorney fees for "enforcing" a lease simply for following a bankruptcy from its very inception would turn fee allowance on its head.

---

[1] The Lessor cited only to Penrod in support of its claim to fees, and Penrod dealt only with section 1717 of the Civil Code. While it may be that section 1021 of the Cal. Code of Civil Procedure could more properly apply, the result and the analysis would remain the same. *See Taburaza v. Zarate*, 567 B.R. 176 (N.D. Cal. Bankr. 2017) (Denying fees under Cal. Civil Code Section 1717 and Cal. Code of Civil Pro. Section 1021 as fee provision covered only enforcement action) (see cases cited therein). Here too, there is no dispute, no enforcement for fees to be applied to under the Lease.

[2] In the event the Court decides to allow "reasonable attorney fees", the Trustee reserves the right to contest the amount and the reasonableness of the fees incurred by the Lessor.

4

DOCS_LA:314937.1 32277/001

Based upon the foregoing and the declaration of Robert Seifert appended hereto, the Conditional Objection should be overruled. The Trustee requests that the Court find that the Successful Bidder has provided adequate assurance of future performance for the performance of continuing obligations under the Lease and that the proposed cure amount, as set forth on the Schedule appended to the Assumption Motion, is the amount necessary to cure any defaults under the Lease as a condition to its assumption by the Trustee and assignment to the Successful Bidder.

Dated: June 11, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

                                        By: /s/ Linda F. Cantor
                                            Linda F. Cantor (CA Bar No. 153762)

                                        Attorneys for David K. Gottlieb,
                                        Chapter 11 Trustee

5

DOCS_LA:314937.1 32277/001

# Exhibit A

# DECLARATION OF ROBERT SEIFERT

I, Robert Seifert, hereby declare and state as follows:

1. I am a principal of WGCZ Limited, s.r.o. I am authorized by WGCZ Limited, s.r.o. to make the representations and statements contained herein on behalf of WGCZ Limited s.r.o., and its affiliated entities (collectively, "WGCZ"). The statements in this declaration are based upon my personal knowledge, information obtained from other members of WGCZ's management team and WGCZ's advisors, my review of documents and information concerning WGCZ's operations and financial affairs, or my opinions based upon my experience and knowledge.

2. I make this declaration in support of the *Notice of Motion and Motion for Order Authorizing Trustee to (A) Assume Unexpired Leases and Executory Contracts; (B) Establish Cure Amounts; (C) Assign Unexpired Leases and Executory Contracts and (D) Grant Related Relief Pursuant to Section 365(A) of the Bankruptcy Code* [Dkt. No. 469] (the "Motion") filed by David K. Gottlieb, Chapter 11 Trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor subsidiaries (collectively, the "Debtors").

3. I can confirm that WGCZ has adequate cash flow, after payment of all cure amounts for assumed unexpired leases and assumed executory contracts, and after payment of the purchase price for the Debtors' assets to be acquired by Buyer, to faithfully perform all of the lease obligations and all obligations of any other executory contracts that Buyer elects to assume.

4. On Friday, June 8, 2018, I caused WGCZ to internally prepare to wire a sum no less than $10,950,000 (i.e., the $11.2 million purchase price for the Debtors' assets, minus $250,000 previously deposited by WGCZ; "Initial Funding Amount") from accounts in Prague to further wire an account under the Trustee's control at Texas Capital Bank, N.A. (the "Trustee

Account"). I understand that the Initial Funding Amount is to be held by the Trustee in escrow until the closing of sale of substantially all of the Debtors' assets to such entities as to be designated by WGCZ.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th date of June, 2018, in Prague, Czech Republic.

<em>s/Robert Seifert</em><br>
Robert Seifert

{N3609757.1}

- 2 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled **REPLY TO CONDITIONAL OPPOSITION AND RESERVATION OF RIGHTS BY ELI B. DUBROW, TRUSTEE OF THE ELI B. DUBROW AND MARY COLLINS DUBROW 1981 TRUST, DATED MAY 27, 1981 IN RESPONSE TO MOTION FOR SALE OF ASSETS; DECLARATION OF ROBERT SEIFERT IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 11, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:** On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 11, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| *Via Federal Express* | *Via Electronic Mail PDF Format* |
|---|---|
| Honorable Martin R. Barash<br>U.S. Bankruptcy Court - Central District of California<br>21041 Burbank Boulevard, Suite 342/<br>Courtroom 303<br>Woodland Hills, California 91367 | Alan I. Nahmias<br>anahmias@mbnlawyers.Com<br>Stephen F. Biegenzahn<br>sbiegenzahn@mbnlawyers.com |

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 11, 2018 | Janice G. Washington | /s/ Janice G. Washington |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:314937.1 32277/001

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Ron Bender on behalf of Interested Party
Courtesy NEF
rb@lnbyb.com

Linda F Cantor, ESQ on behalf of Trustee
David Keith Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Russell Clementson on behalf of U.S. Trustee
United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor
NOA Productions SPRL
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor
Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

Jeffrey K Garfinkle on behalf of Creditor
Easy Online Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com,
docket@buchalter.com;dcyrankowski@buchalter.com

Allan B Gelbard on behalf of Other
Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com

Mirco J Haag on behalf of Creditor Easy
Online Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com,
dcyrankowski@buchalter.com

David W. Meadows on behalf of Interested
Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor
Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party
Courtesy NEF
anahmias@mbnlawyers.com,
jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Interested
Party Courtesy NEF
inasatir@pszjlaw.com,
jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor
Committee The Official Committee of
Unsecured Creditors
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

S Margaux Ross on behalf of U.S. Trustee
United States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor
Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested
Party Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor
Greenberg Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party
Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney
Weiss & Spees, LLP
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni
Ashe, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI
Online Ventures, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
General Media Communications, Inc.

7

DOCS_LA:314937.1 32277/001

mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Digital Media Productions, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Broadcasting, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Digital, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Licensing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Publishing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Images Acquisitions, Ltd.

mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure Entertainment Telecommunications, Inc. fka For Your Ears Only, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Streamray Studios, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan Door Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor XVHUB Group, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Christopher K.S. Wong on behalf of Creditor LSC Communications US, LLC / Creel Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor Dream Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested Party
bry@lnbyb.com

Brian L. Davidoff
bdavidoff@greenbergglusker.com

8

DOCS_LA:314937.1 32277/001