Linda F. Cantor (CA Bar No. 153762)
Jeffrey L. Kandel (CA Bar No. 115832)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  lcantor@pszjlaw.com
         jkandel@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

**FILED & ENTERED**

JUN 13 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier       DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

In re:

PENTHOUSE GLOBAL MEDIA, INC.,

                Debtor.

☒ Affects All Debtors
☐ Affects Penthouse Global Broadcasting, Inc.
☐ Affects Penthouse Global Licensing, Inc.
☐ Affects Penthouse Global Digital, Inc.
☐ Affects Penthouse Global Publishing, Inc.
☐ Affects GMI Online Ventures, Ltd.
☐ Affects Penthouse Digital Media Productions, Inc.
☐ Affects Tan Door Media, Inc.
☐ Affects Penthouse Images Acquisitions, Ltd.
☐ Affects Pure Entertainment Telecommunications, Inc.
☐ Affects XVHUB Group, Inc.
☐ Affects General Media Communications, Inc.
☐ Affects General Media Entertainment, Inc.
☐ Affects Danni Ashe, Inc.
☐ Affects Streamray Studios, Inc.

Cases No.: 1:18-BK-10098-MB

Chapter 11

Jointly Administered with Cases Nos.:
1:18-bk-10099-MB; 1:18-bk-10101-MB;
1:18-bk-10102-MB; 1:18-bk-10103-MB;
1:18-bk-10104-MB; 1:18-bk-10105-MB;
1:18-bk-10106-MB; 1:18-bk-10107-MB;
1:18-bk-10108-MB; 1:18-bk-10109-MB;
1:18-bk-10110-MB; 1:18-bk-10111-MB;
1:18-bk-10112-MB; 1:18-bk-10113-MB

**ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE TO LIMIT SCOPE OF NOTICE**

[Relates to Docket No. 516]

[No Hearing Requested per Local Bankruptcy Rule 9013-1(o)(1)]

      The Court has considered the *Notice of Motion and Motion of Chapter 11 Trustee for Order Limiting Scope of Notice* [Docket No. 516] (the "Motion")[1], filed by the Chapter 11 Trustee (the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DOCS_LA:314865.1 32277/001

"Trustee") for the estate of Penthouse Global Media, Inc. and its debtor subsidiaries (collectively, the "Debtors"). Based upon the Court's review of the Motion and the Trustee's declaration in support of the Motion, this Court finds: (a) notice of the Motion was adequate and appropriate under the circumstances and that no further notice need be given except as set forth herein; and (b) no objections to the Motion were filed, and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. Pursuant to Rules 2002(i), 2002(m), 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019, notice of the Limited Notice Matters, as defined below, is limited to (a) the Office of the United States Trustee, (b) the official committee of unsecured creditors appointed in the Cases (the "Committee"), (c) Dream Media Corporation; (d) parties that file with the Court and serve upon the Trustee requests for notice of all matters in accordance with Bankruptcy Rule 2002(i), (e) the Debtors, and (f) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel (collectively, the "Limited Service List").

3. The Limited Notice Matters are the motions and applications regarding the following matters or proceedings:

- any proposed use, sale, or lease of property of the estates pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004;
- any proposed approval of a compromise or settlement of a controversy pursuant to section Bankruptcy Rules 2002(a)(3) and 9019 and/or section 363 of the Bankruptcy Code;
- any proposed abandonment or disposition of property of the estates pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);
- any proposed assumption, assumption and assignment or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);
- any proposal to prohibit or condition the use, sale or lease of property pursuant to § 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);
- any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;
- any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;
- any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court;

DOCS_LA:314865.1 32277/001

- a hearing on any other contested matter in these Cases that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules; and
- all other pleadings, papers, and requests for relief or other order of the Court, except as limited below.

(The notices, motions and applications for which the Trustee is seeking to limit notice are hereinafter referred to as the "Limited Notice Matters").

4. Notwithstanding the foregoing, the relief requested in this Motion does not affect the rights of all creditors to receive notice of the following matters or proceedings: (i) the date fixed for filing proofs of claim; (ii) the time fixed for filing objections to any disclosure statement and any hearing to consider approval of any disclosure statement; (iii) the time fixed for accepting, rejecting, or objecting to confirmation of a plan or any modification thereof and the hearing thereon; (iv) the entry of an order confirming a plan; and (v) a hearing on the dismissal or conversion of this Case.

6. The Debtor shall provide a copy of the Limited Service List to any creditor or party in interest that makes a written request to the Debtor's bankruptcy counsel.

7. In addition to the service methods authorized by Local Bankruptcy Rule 9075-1, service of emergency or expedited Limited Notice Matters by overnight delivery are authorized if such notice will be delivered prior to the scheduled hearing time.

8. The Debtor shall serve a copy of this Order upon all known creditors.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

####

Date: June 13, 2018

Martin R Barash
United States Bankruptcy Judge

3

DOCS_LA:314865.1 32277/001