1  Linda F. Cantor (CA Bar No. 153762)
   Iain A.W. Nasatir (CA Bar No. 148977)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, CA  90067
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760
   E-mail:  lcantor@pszjlaw.com
5            inasatir@pszjlaw.com

6  Attorneys for David K. Gottlieb, Chapter 11 Trustee

**FILED & ENTERED**

**JUN 14 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier     DEPUTY CLERK

7              **UNITED STATES BANKRUPTCY COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
8              **SAN FERNANDO VALLEY DIVISION**

9  In re:

10 PENTHOUSE GLOBAL MEDIA, INC.,

11                Debtor.

12 ☒ Affects All Debtors
13 ☐ Affects Penthouse Global Broadcasting, Inc.
14 ☐ Affects Penthouse Global Licensing, Inc.
   ☐ Affects Penthouse Global Digital, Inc.
15 ☐ Affects Penthouse Global Publishing, Inc.
16 ☐ Affects GMI Online Ventures, Ltd.
   ☐ Affects Penthouse Digital Media Productions, Inc.
17 ☐ Affects Tan Door Media, Inc.
18 ☐ Affects Penthouse Images Acquisitions, Ltd.
   ☐ Affects Pure Entertainment Telecommunications, Inc.
19 ☐ Affects XVHUB Group, Inc.
   ☐ Affects General Media Communications, Inc.
20 ☐ Affects General Media Entertainment, Inc.
21 ☐ Affects Danni Ashe, Inc.
   ☐ Affects Streamray Studios, Inc.

Cases No.: 1:18-BK-10098-MB

Chapter 11

Jointly Administered with Cases Nos.:
1:18-bk-10099-MB; 1:18-bk-10101-MB;
1:18-bk-10102-MB; 1:18-bk-10103-MB;
1:18-bk-10104-MB; 1:18-bk-10105-MB;
1:18-bk-10106-MB; 1:18-bk-10107-MB;
1:18-bk-10108-MB; 1:18-bk-10109-MB;
1:18-bk-10110-MB; 1:18-bk-10111-MB;
1:18-bk-10112-MB; 1:18-bk-10113-MB

**ORDER (A) APPROVING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS TO SUCCESSFUL BIDDER; (B) APPROVING THE ESTATES' ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS; AND (C) GRANTING RELATED RELIEF**

**Hearing**:
Date:       June 4, 2018
Time:       12:00 p.m.
Place:      United States Bankruptcy Court
            21041 Burbank Boulevard
            Courtroom 303
            Woodland Hills, California

Judge:  Hon. Martin R. Barash

DOCS_LA:314737.6 32277/001

These matters came before the Court (1) pursuant to the *Notice of Motion and Motion for Order (A) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Scheduling Auction and Sale Hearing; (C) Approving Sale Procedures and Notice of Sale; and (D) Granting Related Relief* [Dkt. No. 327] ("Sale Motion"); and the Court's *Order (A) Approving Sale Motion, (B) Scheduling Auction and Hearing for Sale of Substantially All Assets of the Debtors; (C) Approving Sale Procedures; and (D) Granting Related Relief* [Dkt. No. 477] (the "Sale Matters Order")[1] authorizing David K. Gottlieb, Chapter 11 Trustee (the "Trustee") of the above-captioned bankruptcy estates (the "Estates") of Penthouse Global Media, Inc. and its debtor subsidiaries (the "Debtors") to sell the Assets, subject to approval by the Court, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), to the successful bidder at the conclusion of the Auction commenced at the above-referenced time and place (the "Sale"), free and clear of liens, claims, rights, interests and encumbrances, except as provided herein below and in the asset purchase agreement ("APA") by and between the Trustee and the successful bidder, and (2) upon the *Motion for Order Authorizing Trustee to (A) Assume Unexpired Leases and Executory Contracts; (B) Establish Cure Amounts; (C) Assign Unexpired Leases and Executory Contracts; and (D) Grant Related Relief* [Dkt. No. 469] (the "Assumption Motion") and the *Notice of Trustee's Intention to (A) Assume Unexpired Leases and Executory Contracts; (B) Establish Cure Amounts; (C) Assign Unexpired Leases and Executory Contracts; and (D) Grant Related Relief* [Dkt. No. 470] (the "Assumption Notice") authorizing the assumption, assumption and assignment and/or rejection of certain executory contracts and unexpired leases pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6006 and 9014, as set forth herein. Appearances at the Auction and the Assumption Motion are set forth on the Court record.

The Court, having reviewed and considered the Sale Motion, the Sale Matters Order, the Assumption Motion, the Assumption Notice, the objections to the Assumption Motion filed by WSM Investment, LLC dba TOPCO Sales [Dkt. No. 498], M7 Group, S.A.[Dkt. No. 500], Eli B.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Matters Order.

Dubrow [Dkt. No. 501], Claxson Media LLC [Dkt. No. 504] and Alpha Cygni, Inc. [Dkt. Nos. 524, as amended by Dkt. No. 527] (collectively, the "Assumption Objections" and each an "Assumption Objection"), and the *Declaration of Alfred M. Masse Regarding Marketing Efforts in Connection With Sale of Substantially All of the Debtors' Assets* [Dkt. No. 529] ("Investment Banker Declaration"); and having conducted the Auction pursuant to the Sale Matters Order, and the Trustee having recommended that the Court determine that WCGZ Ltd. (the "Successful Bidder") submitted the highest and best bid for the Assets at the Auction in accordance with the Sale Matters Order; and, based upon the record in these cases, the evidence presented to the Court prior to and at the Auction, the testimony at the Auction and the representations of counsel at the Auction and the hearing on the Assumption Motion, the Court having found that (i) the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to consider approval of the Sale to the Successful Bidder at the Auction, determined in accordance with the Sale Matters Order, and the relief requested by the Assumption Motion; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Sales Matters Order, the Auction, the Assumption Motion and the amounts necessary to cure defaults under the Assumed Contracts identified on Exhibit A to the Assumption Motion (the "Cure Amounts") and in the Assumption Notice, was sufficient under the circumstances of these cases; and after due deliberation the Court having determined that the Sale to the Successful Bidder and the relief requested in the Assumption Motion are in the best interests of the Estates and their creditors; and good and sufficient cause having been shown;

**AND IT IS FURTHER FOUND AND DETERMINED THAT**:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    The Trustee's notice of (a) the Sale Motion, the Sale Matters Order, the Sale Procedures set forth therein, and the Auction to be held in connection with the sale of the Assets to the Successful Bidder [Dkt. No. 481] and (b) the assumption and assignment of executory contracts and unexpired leases pursuant to the Assumption Motion and the Assumption Notice, were

DOCS_LA:314737.6 32277/001

appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

C. The Trustee has adequately and sufficiently marketed the Assets.

D. The bidding process at the Auction was conducted in accordance with the Sale Matters Order. The Auction process set forth in the Sale Matters Order afforded a full and fair opportunity for any entity to make a higher or otherwise better offer for the purchase of the Assets.

E. Based upon the record in these cases, the Estates have no financial wherewithal to continue to operate for an extended period of time and therefore the Sale of the Assets to the Successful Bidder represents the best and only option for maximizing value to the Estates and the Sale of the Assets is in the best interests of the Estates.

F. Upon conclusion of the Auction, the Successful Bidder submitted the highest and best bid for the Assets.

G. Based upon the record in these cases, the Sale to the Successful Bidder must be consummated promptly in order to preserve the value of the Estates. Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

H. The Trustee has demonstrated that it is within his sound business judgment to assume and assign the executory contracts and unexpired leases and to assign the licenses which are not executory contracts (collectively, the "Licenses") in connection with the Sale pursuant to the terms of the Assumption Motion, as provided herein.

I. The Purchase Price constitutes fair consideration for the Assets. It appears that the Successful Bidder is a good faith purchaser of the Assets pursuant to section 363(m) of the Bankruptcy Code, that there has been no collusion of any kind and that the provisions of Section 363(n) of the Bankruptcy Code have not been violated.

**IT IS HEREBY ORDERED THAT**:

1. The Sale Motion and Assumption Motion are hereby granted. Except as expressly provided herein, any objections to the Sale Motion and Assumption Motion are overruled.

2. The Sale of the Assets to the Successful Bidder on the terms and conditions set forth in the APA of the Successful Bidder (the "Successful Bidder APA"), in substantially the form that is

DOCS_LA:314737.6 32277/001

appended hereto as Exhibit "1", is approved. The Trustee is authorized to consummate the transactions with the Successful Bidder under the Successful Bidder APA in accordance with this Order. Upon Closing, the Successful Bidder shall acquire all rights in and to the Assets, free and clear of all liens, claims, encumbrances, and interests, including without limitation the right to use, publish, and otherwise commercially exploit all audiovisual works and works of visual art included in the Assets, which works are listed in the schedules of the Successful Bidder APA.

3. All findings and conclusions set forth above and as set forth by the Court on the record at the Auction and the hearing to approve the Sale to the Successful Bidder pursuant to the Sale Matters Order are incorporated herein by reference and are made a part of this Order.

4. A hearing will be held on June 13, 2018 at 1:30 p.m. before the Bankruptcy Court (the "<u>Assumption Objection Hearing</u>") to hear and determine the Assumption Objections.

5. Notwithstanding anything to the contrary, the Successful Bidder is hereby deemed to assume all of the Trustee's obligations under that certain Master Intellectual Property License Agreement and the Consent To Use and Registration Agreement, by and between the Trustee, as Licensor, and Penthouse Clubs Global Licensing, as Licensee, dated as of May 21, 2018.

6. For all other counterparties to executory contracts, unexpired leases and Licenses served with the Assumption Motion and the Assumption Notice, the objection deadline has passed. Except to the extent that counterparty has filed an Assumption Objection and appeared at the hearing on the Assumption Motion, all counterparties to executory contracts, unexpired leases and Licenses shall be deemed to have consented to (a) the assumption and assignment of its executory contract or unexpired lease, (b) the assignment of its License, and (c) the proposed "Cure" amount set forth on Exhibit A to the Assumption Motion, and the Assumption Motion is granted as to any party that did not file an Assumption Objection; *provided that* the Successful Bidder shall have the right to determine which executory contract(s) and unexpired lease(s) shall be (i) assumed and assigned pursuant to Bankruptcy Code § 365 or (ii) rejected pursuant to Bankruptcy Code § 365 up until the closing as set forth in the Successful Bidder APA.

7. The Successful Bidder's offer for the Assets, as embodied in the Successful Bidder APA, is the highest and best offer for the Assets and is hereby approved.

DOCS_LA:314737.6 32277/001

8. The Trustee is authorized to consummate and perform all of its obligations under the Successful Bidder APA and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Successful Bidder APA.

9. Pursuant to section 363(f) of the Bankruptcy Code, the Assets shall be sold and transferred free and clear of all liens, claims, encumbrances, and other interests, except (a) that through the Sale, the Successful Bidder shall only acquire the Debtors' rights (as such rights exist) in its assets as described in the Successful Bidder APA, (b) for claims and objections raised in the Assumption Objections, until such claims and objections are either (i) consensually resolved, (ii) determined by Order of the Bankruptcy Court at the Assumption Hearing, or (iii) rendered moot by the determination of the Successful Bidder not to assume the applicable contracts or leases that are the subject of the Assumption Objections, and (c) as otherwise provided in the Successful Bidder APA, with any and all such liens, claims and encumbrances, and other interests to attach to proceeds of such sale with the same validity (or invalidity), priority, force, and effect such liens, claims and encumbrances, and other interests that existed immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Estates and all interested parties with respect to any such asserted liens, claims and encumbrances, and other interests, provided that the liens, claims, rights, interests and encumbrances of Dream Media Corporation, Inc. ("Dream Media") shall attach to the proceeds of the Sale pursuant to the terms of the Settlement Agreement by and between the Trustee and Dream Media as authorized by the *Order Approving Settlement With Dream Media Corporation* dated May 16, 2018 [Dkt. No. 478], (the "Dream Media Settlement Agreement").

10. No later than the Closing as described in the Successful Bidder APA, the Successful Bidder shall designate any unexpired lease or executory contract that it will include as (a) an assumed lease on Schedule 1.1(a) of the Successful Bidder APA, or (b) an assumed executory contract that it will include on Schedule 1.1(b) of the Successful Bidder APA, in accordance with Section 1.8 thereof (collectively, the "Assumed Executory Contracts").

11. Pursuant to section 365 of the Bankruptcy Code, the assumption and assignment of the Assumed Executory Contracts of the Debtors, as identified or to be identified on Schedules 1.1(a) and 1.1(b) of the Successful Bidder APA, by the Successful Bidder, is hereby authorized and

DOCS_LA:314737.6 32277/001

approved in all respects, <u>provided that</u> the lease and contracts that are the subject of the Assumption Objections may not be assumed and assigned unless authorized by the Bankruptcy Court at the Assumption Hearing or agreed to by the applicable Assumption Objection Parties.

12. The Successful Bidder shall pay, concurrently with the Closing and as a condition to the Trustee's assumption and assignment thereof (or assignment where applicable with respect to Licenses), all Cure Amounts owing to the counterparties to the Assumed Executory Contracts that are assumed at the Closing. Any provision in an Assumed Executory Contract that purports to prohibit the assignment of such Assumed Executory Contract, or that purports to allow the counterparty to terminate, recapture, or impose penalties upon assignment, constitute unenforceable anti-assignment provisions and are void and of no force or effect. Upon Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested with all right, title and interest of the Estates under the Assumed Executory Contracts, and the Assumed Executory Contracts shall remain in full force and effect for the benefit of the Successful Bidder. Other than with respect to the contracts and leases that are the subject of the Assumption Objections for which adequate assurance of future performance will be addressed at the Assumption Objection Hearing (to the extent that any particular Assumption Objection is not otherwise resolved), the Successful Bidder shall be deemed to have provided adequate assurance of future performance under the Assumed Executory Contracts within the meaning of Section 365 of the Bankruptcy Code.

13. All executory contracts and unexpired leases that are not Assumed Executory Contracts shall be deemed rejected as of the Closing; *provided that*, the Master License Agreement, between Penthouse Global Licensing, Inc., on the one hand, and Kirkendoll Management, LLC and Penthouse Clubs Worldwide, LLC, on the other hand, dated as of March 29, 2017 (the "<u>MLA</u>") shall be deemed rejected as of the Closing but, notwithstanding anything to the contrary (including, but not limited to, any language within the MLA), the effect of such rejection shall not cause any interest of property to revert to Penthouse Global Licensing, Inc. with all such assets being sold, transferred, and conveyed pursuant to the Court's *Order (A) Approving the Estates' Sale of Certain Trademarks to Penthouse Clubs Global Licensing, LLC, Free and Clear of All Liens, Claims, Encumbrances and*

DOCS_LA:314737.6 32277/001

*Interests; (B) Approving the Estates' License of Certain Related Intellectual Property to Penthouse Clubs Global Licensing, LLC and (C) Granting Related Relief.* After the Closing, the Trustee will send out notice to all counterparties whose contract or lease will not be assumed and assigned in the Sale.

14. Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, the Sale by the Trustee to the Successful Bidder of the Assets and transactions related thereto, upon the Closing under the Successful Bidder APA, are authorized and approved in all respects.

15. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

16. The terms of this Order shall be binding on the Successful Bidder and its successors, the Debtors, their Estates, creditors of the Debtors, and all other parties in interest in these Bankruptcy cases.

17. The relief granted to the Trustee in this Order shall be enforceable by any successor to the Trustee, including any trustee appointed in the Cases in the event that the Cases are converted to cases under chapter 7 of the Bankruptcy Code.

18. The Successful Bidder is a good faith purchaser entitled to the benefits, protections and immunities afforded by section 363(m) of the Bankruptcy Code and the provisions of section 363(n) of the Bankruptcy Code have not been violated. No reversal or modification of this Order on appeal will affect the validity of the Successful Bidder APA or the transactions contemplated thereby. The Successful Bidder is not an "insider" as defined by Section 101 of the Bankruptcy Code. Neither the Trustee nor the Successful Bidder is or will be entering into the Successful Bidder APA fraudulently, or for the purposes of hindering, delaying or defrauding any of the Debtors' creditors, and the Purchase Price constitutes reasonably equivalent and fair value (as those terms or their equivalents are defined by the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act and Section 548 of the Bankruptcy Code) for the Assets.

19. With respect to the transactions consummated pursuant to this Order, this Order shall be the sole and sufficient evidence of the transfer of title of the Assets to the Successful Bidder and of the Successful Bidder's right to use and commercially exploit the Assets, and the Sale transaction

consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including, without limitation, all filing agents, filing officers, title agents, title companies, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

20. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Successful Bidder APA, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

21. The failure specifically to include any particular provision of the Successful Bidder APA or any of the documents, agreements, or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the intent of the Court that the Successful Bidder APA and each document, agreement, or instrument executed in connection with or in furtherance of the Successful Bidder APA be authorized and approved in its entirety.

22. The Successful Bidder APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' Estates.

DOCS_LA:314737.6 32277/001

23. As soon after the Closing as possible, the Trustee shall pay to Dream Media Corporation, in the manner directed by Dream Media Corporation, all of the proceeds received from the sale of the Assets to the Successful Bidder less the carve out to be retained by the Trustee in accordance with the terms of the Dream Media Settlement Agreement.

# # # # #

Date: June 14, 2018

*Martin R. Barash*
Martin R Barash
United States Bankruptcy Judge

DOCS_LA:314737.6 32277/001