Theodore P. Horton-Billard, Jr.
137 S. Maple Drive, #105
Beverly Hills, CA 90212
(424) 204-9036

**FILED**
JUL 03 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

In re:

PENTHOUSE GLOBAL MEDIA, INC.,

　　　　　　Debtor.

☐ Affects All Debtors
☒ Affects Penthouse Global Media, Inc.
☐ Affects Penthouse Global Broadcasting, Inc.
☐ Affects Penthouse Global Licensing, Inc.
☐ Affects Penthouse Global Digital, Inc.
☐ Affects Penthouse Global Publishing, Inc.
☐ Affects GMI Online Ventures, Ltd.
☐ Affects Penthouse Digital Media Productions, Inc.
☐ Affects Tan Door Media, Inc.
☐ Affects Penthouse Images Acquisitions, Ltd.
☐ Affects Pure Entertainment Telecommunications, Inc.
☐ Affects XVHUB Group, Inc.
☐ Affects General Media Communications, Inc.
☐ Affects General Media Entertainment, Inc.
☐ Affects Danni Ashe, Inc.
☐ Affects Streamray Studios, Inc.

Cases No.: 1:18-BK-10098-MB [Jointly Administered]

Chapter 11

Jointly Administered with Cases Nos.:
1:18-bk-10099-MB; 1:18-bk-10101-MB;
1:18-bk-10102-MB; 1:18-bk-10103-MB;
1:18-bk-10104-MB; 1:18-bk-10105-MB;
1:18-bk-10106-MB; 1:18-bk-10107-MB;
1:18-bk-10108-MB; 1:18-bk-10109-MB;
1:18-bk-10110-MB; 1:18-bk-10111-MB;
1:18-bk-10112-MB; 1:18-bk-10113-MB

**NOTICE OF ADMINISTRATIVE CLAIM**

　　　　Please take notice that Attorney Theodore P. Horton-Billard, Jr. holds an administrative claim pursuant to 11 U.S.C. § 503 as follows:

　　　　**Name of Debtor(s) liable on claims:** Penthouse Global Media, Inc.

　　　　**Amount of Administrative Claim:** Five thousand dollars ($5,000.00)

　　　　**Basis of Administrative Claim:** See attached Declaration of Theodore P. Horton-Billard, Jr. in Support of Administrative Claim; the Engagement Agreement between Debtor and Mr. Horton-Billard executed January 29, 2018, and collectively as one exhibit Mr. Horton-

NOTICE OF ADMINISTRATIVE CLAIM

1. Billard's invoices #369 and #372 dated January 17 and January 29, 2018, for professional
2. services rendered. Each of which is attached hereto, marked as Exhibits 1, 2, 3 respectively, and
3. incorporated herein by reference.
4. 
5.     Payment and/or notices/objections should be sent/directed to:
6.         **Ted Horton-Billard**
7.         **137 S. Maple Drive, #105**
8.         **Beverly Hills, CA 90212**
9. 
10. 
11. Respectfully submitted, this 3rd day of July, 2018.
12. 
13.                                         _____
14.                                         Theodore P. Horton-Billard, Jr.

NOTICE OF ADMINISTRATIVE CLAIM

# Exhibit 1

## Notice of Administrative Claim of Theodore P. Horton-Billard, Jr.

Theodore P. Horton-Billard, Jr.
137 S. Maple Drive, #105
Beverly Hills, CA 90212
(424) 204-9036

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor.<br><br>☐ Affects All Debtors<br>☒ Affects Penthouse Global Media, Inc.<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Cases No.: 1:18-BK-10098-MB [Jointly Administered]<br><br>Chapter 11<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**DECLARATION OF THEODORE P. HORTON-BILLARD, JR. IN SUPPORT OF ADMINISTRATIVE CLAIM** |

I, Theodore P. Horton-Billard, Jr. do hereby declare under penalty of perjury, pursuant to United States' law, that I am a licensed California Attorney, in good standing, California Bar number 116804, and that I was engaged in or around early January 2018, by the Debtor's Chief Executive Officer (CEO), Ms. Kelly Holland, to provide professional services for the Debtor's benefit and protection.

DECLARATION OF THEODORE P. HORTON-BILLARD, JR. IN SUPPORT OF ADMINISTRATIVE CLAIM -
1

More particularly, as set forth in the true and correct copy of the Engagement Agreement between the Debtor and myself, which is attached to my Notice of Administrative Claim herein and marked as Exhibit 2, I was asked to help out the Debtor, at the time it had just filed for Chapter 11 Bankruptcy relief, and after it had recently lost its General Counsel. It should be noted, that although the Engagement Agreement is dated January 29, 2018, it was intended and specifically includes all my professional services, including those performed before the signature date. The date services were actually first provided pursuant to this engagement was in or around January 17, 2018, when I met with Ms. Holland and staff at the Debtor's offices.

It should also be noted, the Engagement Agreement references a flat fee of five thousand dollars ($5,000.00) which was the amount agreed upon by the Parties. However, the breakdown between the three different flat fees as described within the agreement only adds up to four thousand, five hundred dollars ($4,500.00). It was the intention of the Parties that my total services provided would be five thousand dollars ($5,000.00) and the mistaken breakdown provided in the Engagement Agreement ($4,500.00) was as stated therein for "accounting purposes only."

The Debtor had a number of pending and/or potential litigated matters, along with some internal legal issues which required the assistance of legal counsel. As such, I agreed to provide contract General Counsel services to the Debtor during the months of January and February 2018, for a flat fee of three thousand five hundred dollars ($3,500.00) and communicated with the Debtor's CEO regularly, by way of telephone, email and in person, during those months concerning a number of different legal matters.

Although, at the time, I correctly billed for General Counsel Services for both the months of January and February, the invoice mistakenly only mentioned the month of January (See

DECLARATION OF THEODORE P. HORTON-BILLARD, JR. IN SUPPORT OF ADMINISTRATIVE CLAIM -
2

Exhibit 3 which are true and correct copies of my January 17 and January 29, 2018 invoices #369 and #372). I did, however, also provide those same General Counsel services to the Debtor in the month of February 2018, and the invoice should have properly reflected that February services were included.

In addition, I also provided the Debtor with professional services relative to a Labor Commissioner's action, brought by a former independent contractor (Nazarian) who had been hired by Debtor in the past, and who was now claiming he was entitled to employment benefits as if he had been hired as an employee. It was agreed I would charge, and the Debtor agreed it would pay a flat fee of one thousand, five hundred dollars ($1,500.00) for these professional services.

As California Labor Commissioner matters are not typically stayed by Bankruptcy proceedings, it was necessary for me to prepare a written response to the Commissioner's Office and appear on behalf of the Debtor to refute Mr. Nazarian's claims on February 8, 2018, at the Labor Commissioner Hearing. The outcome at the hearing was that I successfully defended the Debtor against Mr. Nazarian's claims and the matter was dismissed in favor of the Debtor. Had the Debtor not appeared in the Labor Commissioner's matter, the Debtor would have likely been held responsible for all Mr. Nazarian's economic claims, along with penalties and interest. As such, incurring this expense was unquestionably necessary and reasonable for the Debtor to avoid incurring further, more substantial liabilities.

In light of the foregoing, I am hereby claiming and respectfully ask for payment, in full, for the amount the Debtor owes me, which is a total amount of five thousand dollars ($5,000.00) for the following professional services rendered for the flat fees listed:

1. General Counsel Services – in January and February 2018, flat fee of three thousand five hundred dollars ($3,500.00); and

2. Handling the Nazarian Labor Commissioner matter – draft opposition and appear at Labor Commissioner's hearing for a flat fee of fifteen hundred ($1,500.00) dollars.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 2nd day of July, 2018.

*[signature]*

Theodore P. Horton-Billard, Jr.

DECLARATION OF THEODORE P. HORTON-BILLARD, JR. IN SUPPORT OF ADMINISTRATIVE CLAIM

4

# Exhibit 2

## Notice of Administrative Claim of Theodore P. Horton-Billard, Jr.

## THB Consulting Services Engagement Agreement

THIS ENGAGEMENT AGREEMENT (hereinafter "Agreement") is made and entered into as of this 29th day of January, 2018, by and among Penthouse Global Media, Inc., a Delaware Corporation, located at 8944 Mason Avenue, Chatsworth, California 91311 (hereinafter as the "Client"), and Ted Horton-Billard, a sole proprietorship doing business as THB Consulting Services, located at 137 S. Maple Drive, #137, Beverly Hills, CA 90212 (hereinafter "Consultant").

### Recitals

WHEREAS, Client informs Consultant that it is in Chapter 11 Bankruptcy and assures Consultant it may engage Consultant to assist with various legal matters post-petition; and

WHEREAS, Client is desirous of having Consultant continue to provide general counsel type services, on an ad hoc basis during the months of January and February 2018, regarding various pending litigation matters, and to also have Consultant appear for Client at a pending Labor Commissioner Hearing scheduled for February 8, 2018; and

WHEREAS, Consultant is a licensed California Attorney in good standing with the State Bar of California, and herein discloses and the Client herein acknowledges that Consultant does not maintain Errors and Omissions (E&O) insurance coverage (malpractice/ professional liability insurance) but, despite this disclosure in compliance with the California Rules of Professional Conduct, Rule 3-410, Client still voluntarily, intelligently and knowingly chooses to engage Consultant; and

WHEREAS, Client has been advised and encouraged to seek the advice of its own independent counsel with respect to any and all aspects of its engagement and/or its interests herein; and

NOW, THEREFORE, in consideration of the recitals above and the mutual conditions and promises herein contained, the parties hereto agree as follows:

1. **DESCRIPTION OF CONSULTING SERVICES.** Consultant shall furnish the Client with his best advice, information, knowledge, judgment, and work-product with respect to providing advice and counsel concerning various litigated matters pending with Client. Further, Consultant agrees to prepare all appropriate pleadings and responsive documentation, and appear at the Labor Commissioner's Hearing in the Nazarian versus Penthouse Global Media matter, Case number WC-CM-324219, with a hearing scheduled on February 8, 2018, at 6150 Van Nuys Blvd. Room 206, Van Nuys, CA 91401. The Client acknowledges and agrees Consultant is best suited, and will be responsible to identify which services Consultant will provide to the Client and which services should be outsourced by the Client to other vendors on an ad hoc, case by case basis, subject to the Client's consent and approval. Consultant will provide those services reasonably required to assist the Client relative to the above-referenced matters. Consultant will take reasonable steps to keep the Client informed of progress and to respond to the Client's inquiries.

2. **TERM.** The term of this Agreement shall begin on the Effective Date and shall, subject to the provisions for termination set forth herein, terminate once the scope of work described herein has been completed by Consultant;

3. **SCOPE OF ENGAGEMENT.** Consultant agrees to perform all services, as set forth in paragraph 1 above, subject to the terms and conditions herein. Client agrees to at all times cooperate with Consultant and to keep Consultant reasonably informed of any and all developments affecting Client and/or otherwise connected with Consultant's engagement herein.

4. **COMPENSATION.** Consultant agrees to charge, and Client agree to pay Consultant a flat fee of five thousand dollars ($5,000.00). This fee shall be apportioned for accounting purposes only as follows: fifteen hundred dollars ($1,500.00) flat fee for Labor Commissioner Hearing; and three thousand dollars ($3,000.00 - $1500 per month x 2 months) for General Counsel Services in January and February 2018. All payments to Consultant shall be deemed earned in full upon receipt and will not be refundable.

5. **CONFIDENTIAL BUSINESS INFORMATION.**

a. As Consultant and Client are forming an Attorney-Client relationship by entering into this Agreement, Client may expect Consultant will comply with all ethical and legal duties imposed on an attorney to maintain the Client's confidences and secrets; and further, to the extent legally permissible, keep Client's confidential business information in the strictest of confidence. Consultant shall continue to do so, except as may be necessary to perform his duties hereunder, or as may otherwise be required by law.

(1) "Confidential Business Information" shall mean any nonpublic information of a competitively sensitive or personal nature acquired by Consultant in connection with performing services for the Clients, including (without limitation) oral and written information concerning the Client's financial positions and results of operations (revenues, margins, assets, net income, etc.)), annual and long-range business plans, marketing plans and methods, processes, account invoices, oral or written customer information, litigation strategies and personnel information.

6. **DISCHARGE AND WITHDRAWAL.** Client may discharge Consultant at any time, with or without cause. Consultant may withdraw with Client's consent or for good cause. Good cause includes, but is not limited to, Client's breach of this Agreement, refusal to cooperate and/or to follow Consultant's advice on a material matter (e.g. failing to comply with the law) and/or any fact and/or circumstance that would render Consultant's continuing engagement unlawful, unethical and/or otherwise improper and/or inappropriate.

7. **DISCLAIMER OF GUARENTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Consultant's statements to Client (both written and/or oral) will be construed as a promise and/or guarantee about the success of any matter. Consultant makes no such promises and/or guarantees. Consultant's comments about such matters are expressions of opinion only. Any estimates regarding time, amounts, and/or ultimate success shall not be a guarantee. Actual times/amounts may vary from estimates given.

8. **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, advertisement, and/or promise made on or before the effective date of this Agreement will be binding on the parties.

9. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

10. **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

11. **EFFECTIVE DATE.** This Agreement will govern all consulting services performed by Consultant on behalf of Client commencing with the date Consultant first performed services. The date at the beginning of this Agreement is for reference only.

12. **RELATIONSHIP OF PARTIES.** The Client and Consultant are independent contractors. Both parties acknowledge and agree that Consultant's engagement hereunder is not exclusive and that either party may provide to, or retain from, others similar such services provided that it does so in a manner that does not otherwise breach this Agreement. Neither party is, nor shall claim to be, a partner or employee of the other, and neither shall have the right or authority to contract in the name of the other nor shall it assume and/or create any obligations, debts, accounts and/or liabilities for the other.

13. **NOTICES.** Any notices and/or other communications required or permitted under this Agreement shall be in writing and shall be deemed to have been duly given and delivered when delivered in person, two (2) days after being mailed postage prepaid by certified or registered mail with return receipt requested, or when delivered by overnight delivery service or by email with confirmation to the recipient at the following addresses:

<u>If to the Client:</u>

Name:      Ms. Kelly Holland,
           President Penthouse Global Media, Inc.
Address:   8944 Mason Avenue,
           Chatsworth, California 91311
           kholland@penthouse.com

**If to the Consultant:**

> Ted Horton-Billard
> 137 S. Maple Drive, #105
> Beverly Hills, CA 90212
> ted@thbconsultingservices.com
> www.thbconsultingservices.com

14. **WAIVER.** Either party's failure to enforce any provision or provisions of this Agreement shall not in any way be construed as a waiver of any such provision or provisions as to future violations thereof, nor prevent that party thereafter from enforcing each and every other provision of this Agreement. The rights granted the parties herein are cumulative and the waiver by a party of any single remedy shall not constitute a waiver of such party's right to assert all other legal remedies available to him/her/it under the circumstances.

15. **GOVERNING LAW AND VENUE.** This Agreement will be governed by and interpreted in accordance with the substantive laws of the State of California without reference to conflicts of law. Further, the appropriate venue for any and all disputes, claims and/or actions in any way connected with and/or arise from this Agreement shall be the Los Angeles County Superior Court.

16. **CAPTIONS AND SECTION HEADINGS.** The various captions and section headings contained in this Agreement are inserted only as a matter of convenience and in no way define, limit or extend the scope or intent of any of the provisions of this Agreement.

17. **ARBITRATIONS.**

    a. **ARBITRATION OF ALL DISPUTES INCLUDING CLAIMS OF MALPRACTICE.** Any dispute between the parties [Consultant and Client] regarding construction, application and/or performance of any services under this Agreement, and any claim arising out of and/or relating to this Agreement and/or its breach, including, without limitation, claims for breach of contract, professional negligence, breach of fiduciary duty, misrepresentation, fraud and disputes regarding attorney fees and/or costs charged under this Agreement (except as provided in paragraph b. below) shall be submitted to binding arbitration with an agreed-upon independent private mediation/arbitration service or tribunal specializing in business issues, such as ADR Services, JAMS/EnDispute or Judicate West, to be heard by a single Arbitrator, upon the written request of either Party after the service of that request on the other Party, with the exception of the terms and conditions of Section 16 b. below. If the Parties cannot agree upon the selection of an individual arbitrator, then the appointed administrative case manager of the arbitration tribunal shall select the Arbitrator.

    b. **STATE BAR FEE ARBITRATION.** Notwithstanding subparagraph a. above, in any dispute over Consultant's compensation, costs and/or both subject to the jurisdiction of the State of California over attorney's fees, charges, costs and/or expenses, Clients have the right to elect arbitration pursuant to the fee arbitration procedures as set forth in California Business and Professions Code, Sections 6200, 6206. Arbitration pursuant to the Mandatory Fee Arbitration Act is non-binding unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. The mandatory fee arbitration procedures permit a court trial after arbitration, or a subsequent binding contractual arbitration if the parties have agreed to binding arbitration and either party rejects the award and request a trial de novo within thirty (30) days after the award is mailed to the parties. If, after receiving a notice of Client's right to arbitrate, Client does not elect to proceed under the State Bar fee arbitration procedures, and file a request for fee arbitration within thirty (30) days, any dispute over fees, charges, costs and/or expenses, will be resolved by binding arbitration as provided in the previous subparagraph a. above.

    c. By initialing below, Client and Consultant confirm that they have read and understand subparagraphs a. and b. above, and voluntarily agree to binding arbitration. In doing so, Client and Consultant voluntarily give up important constitutional rights to trial by judge or jury, as well as rights to appeal. Client is advised that Client has the right to have an independent lawyer of Client's choice review these arbitration provisions, and this entire agreement, prior to initialing this provision or signing this Agreement. The Parties' Initials below, as appropriate, accept and knowingly acknowledge the foregoing.

    _[initials]_ Client     _[initials]_ Consultant

18. **MEDIATION.** If a dispute arises out of and/or relating to any aspect of this Agreement between Consultant and Client, and/or the breach thereof, and if the dispute cannot be settled through negotiation, Consultant and Client agree to first try in good faith to settle the dispute by private mediation or fee mediation provided by a mutually agreeable mediator before resorting to arbitration, litigation, and/or any other

dispute resolution procedure. The cost of such mediation shall be borne equally by the parties, unless otherwise stipulated in a settlement agreement between the parties.

19. **THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE CONSULTANT FIRST PROVIDED SERVICES HEREIN. THE CLIENTS SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.**

IN WITNESS WHEREOF, the parties have executed this Agreement on 29th day of January, 2018.

THB Consulting Services
Consultant
BY: _____
Ted Horton-Billard

Penthouse Global Media, Inc.
Client
BY: _____
Authorized corporate representative

THB Consulting Services

# Exhibit 3

## Notice of Administrative Claim of Theodore P. Horton-Billard, Jr.



**THB Consulting Services**
137 S. Maple Drive #105
Beverly Hills, CA 90212
(424) 204-9036

# INVOICE

**SOLD TO:**
Penthouse Global Media, Inc.
Attn: Kelly Holland
8944 Mason Avenue
Northridge, CA 91311

INVOICE NUMBER    369
INVOICE DATE    January 17, 2018

**REGARDING:**
Steve Nazarian Administrative Employment Law matter

| TIME | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| Flat Fee | Communications with Client re assignment; Review Client's file materials pertaining to Steve Nazarian; prepare for Client's defense and upcoming hearing; attend Labor Commissioner's hearing on Client's behalf in Nazarian matter scheduled for 2/8/2018 and report outcome back to Client | $1,500.00 | $1,500.00 |

**DIRECT ALL INQUIRIES TO:**
Ted Horton-Billard
(562) 301-1203
ted@thbconsultingservices.com

**PLEASE MAKE ALL CHECKS PAYABLE TO:**
**Ted Horton-Billard**
137 S. Maple Drive
#105
Beverly Hills, CA 90212

THANK YOU FOR YOUR BUSINESS!

$1,500.00
PLEASE PAY THIS AMOUNT




