Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: lcantor@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-bk-10098-MB<br><br>Chapter 11<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ESTABLISHING DEADLINE FOR THE FILING OF CHAPTER 11 ADMINISTRATIVE CLAIMS INCURRED BETWEEN JANUARY 11, 2018 AND JUNE 15, 2018; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF**<br><br>[No Hearing Required Unless Requested] |

**PLEASE TAKE NOTICE** that David K. Gottlieb, Chapter 11 Trustee (the "Chapter 11 Trustee" or the "Trustee") of the estates (the "Estates") of Penthouse Global Media, Inc. and its debtor subsidiaries (collectively, the "Debtors"), hereby files this motion (the "Motion") requesting entry of an order of this Court:

DOCS_LA:316692.3 32277/001

(i) fixing a date that is thirty-two (32) days after the date of the filing of this Motion as the deadline by which requests for allowance of chapter 11 administrative claims allowable under section 503(b) of title 11 of the United States Code (the "Bankruptcy Code") incurred between January 11, 2018 and June 15, 2018 (a "Chapter 11 Administrative Claim") must be filed (the "Chapter 11 Administrative Bar Date");

(ii) providing that each request for allowance of an Administrative Claim (the "Chapter 11 Administrative Claim Request") set forth (a) the name, address and telephone number of the claimant, (b) the amount of any Chapter 11 Administrative Claim, (c) a description of the basis for the Chapter 11 Administrative Claim, and (d) the documentary evidence supporting the Chapter 11 Administrative Claim; and

(iii) providing that if a person or entity fails to timely file and serve a Chapter 11 Administrative Claim Request by the Chapter 11 Administrative Claims Bar Date as required above, then such person or entity shall be forever barred, estopped and enjoined from asserting or receiving any distribution with respect to any such Chapter 11 Administrative Claim, and the Estates shall be forever discharged and released from any and all indebtedness or liability with respect to any such Chapter 11 Administrative Claim.

**PLEASE TAKE FURTHER NOTICE** that the Trustee is requesting that the Court approve the form and manner of service of the proposed "Notice of the Chapter 11 Administrative Claims Bar Date" to be served within **two business days** of entry of the order approving this Motion, mailed by first class mail to: (i) any party who, upon reasonable investigation by the Trustee, has provided goods or services to the Debtors or the Estates between January 11, 2018 and June 15, 2018 and has not been paid for such goods or services; (ii) all entities that filed a request for special notice,; and (iii) all other parties known by the Trustee that may hold Chapter 11 Administrative Claims (the "Notice Parties"). A copy of the proposed Notice of the Chapter 11 Administrative Claims Bar Date is attached hereto as **Exhibit "A."**

2

**PLEASE TAKE FURTHER NOTICE** that no hearing on the Motion will be held unless requested, as set forth below, and **if the Court grants the relief requested in the Motion, the Chapter 11 Administrative Claim Bar Date will be set for October 22, 2018.**

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, 11 U.S.C. § 105(a) and/or 503(a), the Memorandum of Points and Authorities and Declaration of David K. Gottlieb filed in support of the Motion, and all pleadings, documents and records on file with this Court, as well as any other documentary evidence as may be presented to this Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Bankruptcy Local Rule 9013-1(o)(1), any objection to or request for hearing on the Motion must be filed and served upon the Trustee within fourteen (14) days of the mailing of this Notice. Any objection or request for hearing must be accompanied by any declarations or memoranda of law that the objecting or requesting party wishes to present in support of its position. If there is no timely objection or request for hearing, the Court may grant the relief requested in the Motion. If an objection or request for hearing is timely made, the Trustee will set the matter for hearing and will provide at least fourteen (14) days' written notice of the hearing to the objecting or requesting party.

DATED: September 20, 2018   PACHULSKI STANG ZIEHL & JONES LLP


By: /s/ *Linda F. Cantor*
      Linda F. Cantor

Attorneys for David K. Gottlieb, Chapter 11 Trustee

3

DOCS_LA:316692.3 32277/001

**I.**

**BACKGROUND**

**A.    The Bankruptcy Case, Jurisdiction and Venue:**

On January 11, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating the above-captioned cases (the Cases"). The Cases are being jointly administered under lead Case No. 1:18-bk-10098-MB in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division.

On March 2, 2018, the Court entered an order directing the appointment of a chapter 11 trustee [Docket No. 231], and on March 6, 2018, the Court entered an order approving the appointment of David K. Gottlieb as the Chapter 11 Trustee [Docket No. 239].

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.**

**DISCUSSION**

**A.    The Bar Date**

Though the Bankruptcy Code and Bankruptcy Rules do not specifically set forth a deadline for filing requests for allowance of administrative expense claims, sections 105(a) and 503(a) of the Bankruptcy Code furnish clear authority for the establishment of the Chapter 11 Administrative Claims Bar Date.

Section 503(a) of the Bankruptcy Code permits "timely" requests for allowance of administrative expenses, and thus presupposes the establishment of a deadline for filing such requests. 11.U.S.C. §503(a).  According to *Collier's*:

> The Bankruptcy Reform Act of 1994 added the word "timely" to the introductory portion of section 503(a) . . . The amended language of section 503(a) thus provides courts with the statutory authority to set and enforce administrative claim bar dates.  Neither the Bankruptcy

4

DOCS_LA:316692.3 32277/001

> Code nor the Federal Rules of Bankruptcy Procedure sets forth a specific limitation period for the filing of administrative expense claims, so courts can exercise their discretion in setting bar dates according to the circumstances of each case.

4 Lawrence P. King, et al., *Collier on Bankruptcy* ¶503.02[2], at 503-11 (15th ed. rev. 2007).

Further, section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). Courts therefore have the discretion to fix deadlines for filing requests for allowance of administrative expense claims.

After the closing of sale of substantially all of the Debtors' assets on June 15, 2018, the Debtors ceased operations. The Trustee is working with the buyer to reconcile and allocate accounts payable and accounts receivable by and between the Estates and the buyer as of June 15th as required by the Asset Purchase Agreement governing the sale. Although the Trustee has been apprised of certain post-petition administrative claims, there may be other claims of which the Trustee is unaware. In order to evaluate plan feasibility, the Trustee needs to know the scope of the Estates' administrative obligations as well as the amounts payable to the Estates. (The Trustee is currently evaluating avoidance actions and other potential recoveries by the Estates.) To determine the scope of professional fees, the Trustee provided 45-days' notice to all professionals whose retention was approved by Court order; first interim fee applications are set for hearing on October 9, 2018. As the Debtors operations ceased on June 15th, the Administrative Claims Bar Date should capture the vast majority of claims arising from chapter 11 operations. Under the circumstances of these Cases, the relief requested in the Motion is necessary and appropriate at this time so that the Trustee may determine the scope of other administrative claims.

**B.**     **<u>Notice of Chapter 11 Administrative Claims Bar Date</u>**

In conjunction with the setting of a Chapter 11 Administrative Claims Bar Date, the Trustee must ensure that interested parties receive appropriate notice of the Chapter 11 Administrative Claims Bar Date. *Perez v. Safety-Kleen Systems, Inc.*, 253 F.R.D. 508 (N.D. Cal. 2008). Creditors are entitled to notice that is reasonably calculated to give them sufficient notice of the Chapter 11

5

Administrative Claims Bar Date to offer them a reasonable opportunity to file their Chapter 11 Administrative Claims Requests. *See Safety-Kleen*, 253 F.R.D. at 518.

Pursuant to Bankruptcy Rule 2002(m), bankruptcy courts may "enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by [the Bankruptcy Rules]." Fed. R. Bankr. P. 2002(m). The Trustee submits that the proposed notice program, described more fully below, respecting the Chapter 11 Administrative Claims Bar Date more than satisfies the notice requirements and should be approved by the Court."

Concurrently with the filing and service of this Motion, the Trustee is filing and serving on the Notice Parties a separate Notice of Filing of Bar Date Motion. The Notice of Filing of Bar Date Motion advises parties that (a) the Trustee has moved the Court to set the Chapter 11 Administrative Claims Bar Date for October 22, 2018, thirty-two (32) days after the filing of the Motion, and (b) if the Court grants the Motion, the Chapter 11 Administrative Claims Bar Date will be set for October 22, 2018. Holders of asserted Chapter 11 Administrative Claims will have 32 days' notice of the requirement to file and serve a Chapter 11 Administrative Claim Request, which the Trustee submits is reasonable and sufficient notice. If the Motion is not approved or a different Chapter 11 Administrative Claims Bar Date is set, the Trustee will so advise the Notice Parties.

Further, the Trustee has prepared a proposed form of the Notice of Chapter 11 Administrative Bar Date, which is attached hereto as **Exhibit "A",** that he proposes to serve within two business days after entry of an order granting this Motion by first class mail on the Notice Parties, namely: (i) any party who, upon reasonable investigation by the Trustee, has provided goods or services to the Debtors or the Estate on and after January 11, 2018 and has not been paid for such goods or services; (ii) all entities that filed a request for special notice; and (iii) all other parties known by the Trustee that may hold Chapter 11 Administrative Claims. The Trustee asserts that the proposed form and manner of service of the Notice of Chapter 11 Administrative Bar Date, along with the Notice of Filing Bar Date Motion, gives all known and potential administrative creditors good and sufficient notice of the Chapter 11 Administrative Claims Bar Date and the procedure to be

6

followed to properly file a Chapter 11 Administrative Claim Requests. The Trustee requests that the form and manner of service be approved.

### III.

### CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order (i) granting the Motion; (ii) setting **October 22, 2018** as the Chapter 11 Administrative Claims Bar Date for filing chapter 11 administrative claims incurred between January 11, 2018 and June 15, 2018; (iii) requiring that Chapter 11 Administrative Claim Requests meet the requirements set forth in the attached Motion; (iv) approving the form and manner of service of the Notice of Administrative Bar Date, substantially in the form attached hereto as **Exhibit "A";** and (v) granting such other relief as is just and proper.

DATED: September 20, 2018            PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *Linda F. Cantor*
        Linda F. Cantor

Attorneys for David K. Gottlieb, Chapter 11 Trustee

7

DOCS_LA:316692.3 32277/001

# EXHIBIT A

Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: lcantor@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-bk-10098-MB<br><br>Chapter 11<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**NOTICE OF DEADLINE FOR FILING REQUESTS FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE CLAIMS THAT AROSE BETWEEN JANUARY 11, 2018 AND JUNE 15, 2018**<br><br>**DEADLINE: OCTOBER 22 , 2018** |

**TO (I) ALL PARTIES WHO PROVIDED GOODS OR SERVICES TO THE DEBTORS AND/OR THE CHAPTER 11 TRUSTEE BETWEEN JANUARY 11, 2018 AND JUNE 15, 2018 AND HAVE NOT BEEN PAID; (II) PARTIES WHO HOLD CHAPTER 11 ADMINISTRATIVE CLAIMS INCURRED DURING THE RELEVANT TIME PERIOD; (III) ALL ENTITIES HAVING FILED A NOTICE OF APPEARANCE AND DEMAND FOR PAPERS, AND (IV) THE OFFICE OF THE UNITED STATES TRUSTEE:**

DOCS_LA:316711.2 32277/001

The Bankruptcy Court has set **October 22, 2018** as the deadline (the "Chapter 11 Administrative Bar Date") for parties who incurred chapter 11 administrative claims between January 11, 2018 and June 15, 2018, to assert administrative claims (an "Administrative Claim"). against the chapter 11 estate (the "Estate") of Penthouse Global Media, Inc. and its debtor subsidiaries (collectively, the "Debtors").

You may assert an Administrative Claim against the Estate by filing a request for payment of Administrative Claim ("Requests for Payment of Administrative Claim").  A Request for Payment of Administrative Claim must be filed on or before the Chapter 11 Administrative Bar Date and must contain the following information:.

    (1)    the name, address and telephone number of the claimant;

    (2)    the amount of any alleged Administrative Claim;

    (3)    a description of the basis for the Administrative Claim; and

    (4)    the documentary evidence supporting the Administrative Claim.

**Failure of a creditor to timely file a Request for Payment of Administrative Claim on or before the Chapter 11 Administrative Claim Bar Date will result in disallowance of the claim without further notice or hearing.  A creditor who fails to timely file a Request for Payment of Administrative Claim shall be forever barred, estopped and enjoined from asserting or receiving any distribution with respect to any such Administrative Claim, and the Estate shall be forever discharged and released from any and all indebtedness or liability with respect to any such Administrative Claims.  You may wish to consult an attorney to protect your rights.**

All Requests for Payment of Administrative Claims must be filed with the United States Bankruptcy Court for the Central District of California on the main case docket (not the claims docket) on or before the Chapter 11 Administrative Bar Date or sent by first class U.S. Mail, overnight delivery or hand delivery so as to be received on or before the Chapter 11 Administrative Bar Date, to:

2

DOCS_LA:316711.2 32277/001

**UNITED STATES BANKRUPTCY COURT**
**CLERK OF THE COURT**
**21041 BURBANK BLVD.**
**WOODLAND HILLS, CA 91367**

Requests for Payment of Administrative Claims that are emailed or sent by facsimile or telecopy to the Clerk of the Court will not be accepted.

Requests for Payment of Administrative Claims must also be served on the Trustee's counsel, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100, Attention: Linda F. Cantor, so that they are received on or before the Chapter 11 Administrative Bar Date.

The following Administrative Claims are excepted from the requirement that Administrative Claims be filed by the Chapter 11 Administrative Bar Date and are not required to be filed on or before the Chapter 11 Administrative Bar Date:

- fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. §1930; and
- fees of professionals retained by Order of the Bankruptcy Court at the expense of the Estate.

This notice may have been sent inadvertently to persons and other entities (including governmental units) that may not actually have a claim against the Debtors or the Estate. The fact that you have received this notice does not mean that you have an Administrative Claim against the Debtors or the Estate, or that the Trustee or the Bankruptcy Court concedes that you have an Administrative Claim against the Estate.

3

DOCS_LA:316711.2 32277/001

Any questions regarding this notice should be directed to the Trustee's counsel identified in the upper left-hand corner of the first page hereof, Attention: Beth Dassa, by email at bdassa@pszjlaw.com (<u>EMAIL PREFERRED</u>) or by telephone at (310) 277-6910 or fax at (310) 201-0760.

DATED: October __, 2018    PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *Linda F. Cantor*
    Linda F. Cantor

Attorneys for David K. Gottlieb, Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

4

DOCS_LA:316711.2 32277/001

## **DECLARATION OF DAVID K. GOTTLIEB**

I, David K. Gottlieb, do hereby declare as follows:

1. I am the duly appointed chapter 11 trustee (the "Trustee") for the estates (the "Estates") of Penthouse Global Media, Inc. and its debtor subsidiaries (collectively, the "Debtors"), whose cases are being jointly administered.

2. Unless otherwise indicated, all facts set forth in this Declaration are based on either (a) my personal knowledge, (b) information gathered by professionals rendering services to me, (c) my review of relevant documents including, without limitation, the court file in these Cases, or (d) my opinion based upon my experience and knowledge of the circumstances as described in the Motion. If I were called to testify thereto, I could and would competently do so.

3. I make this Declaration in support of the *Motion of Chapter 7 Trustee for Order Establishing Deadline for the Filing of Chapter 11 Administrative Claims Incurred Between January 11, 2018 – June 15, 2018*. Capitalized terms not otherwise defined herein have the same meaning ascribed to them in the Motion.

4. The Debtors ceased operations on or about June 15, 2018, the date of the closing of sale of substantially all of the Debtors' assets. The buyer of the Debtors' assets is now operating the Debtors' former businesses and I am working with the buyer to reconcile and allocate accounts payable and accounts receivable pursuant to the terms of the Asset Purchase Agreement governing the sale.

5. Although I am aware of certain post-petition administrative claims, there may be other claims of which I am unaware. In order to evaluate plan feasibility, I am requiring further information as to anticipated accounts receivable and other amounts payable to the Estates as well as all administrative claims. In this regard, I am evaluating avoidance actions and other potential recoveries by the Estates. I have requested that professionals file first interim fee applications, which are set for hearing on October 9, 2018. The Chapter 11 Administrative Claims Bar Date is necessary and appropriate at this time so that I may determine the scope of other administrative claims in order to evaluate plan feasibility and other appropriate strategies to resolve the Cases.

8

6. Concurrently with the filing and service of the Motion, I am filing and serving on the Notice Parties a separate Notice of Filing Bar Date Motion. The Notice of Filing Bar Date Motion advises parties that (a) the Trustee has moved the Court to set the Chapter 11 Administrative Claims Bar Date for October 22, 2018, thirty-two (32) days after the filing of the Motion, and (b) if the Court grants the Motion, the Chapter 11 Administrative Claims Bar Date will be set for October 22, 2018. Holders of asserted Chapter 11 Administrative Claims will have approximately 32 days' notice of the requirement to file and serve a Chapter 11 Administrative Claim Request, which I respectfully submit is reasonable and sufficient notice. If the Motion is not approved or a different Chapter 11 Administrative Claims Bar Date is set, I will so advise the Notice Parties.

7. I also propose to serve the Notice of Chapter 11 Administrative Bar Date within two business days after entry of an order granting the Motion by first class mail on the Notice Parties, namely: (i) any party who, upon reasonable investigation, provided goods or services to the Debtors or the Estates on and after January 11, 2018 and has not been paid for such goods or services; (ii) all entities that filed a request for special notice; and (iii) all other parties known by me that may hold Chapter 11 Administrative Claims. Such notice will give the known creditors and parties in interest approximately thirty-two days' notice of the proposed Chapter 11 Administrative Claims Bar Date. I believe that the proposed form and manner of service of the Notice of Chapter 11 Administrative Bar Date, along with the Notice of Filing Bar Date Motion, gives all known and potential administrative creditors good and sufficient notice of the Chapter 11 Administrative Claims Bar Date and the procedure to be followed to properly file a Chapter 11 Administrative Claim Requests. I request that the form and manner of service be approved.

I declare under penalty of perjury that the foregoing is true and correct and this declaration was executed this 20th day of September, 2018 at Encino, California.

_____
DAVID K. GOTTLIEB, Chapter 11 Trustee

9

DOCS_LA:316692.3 32277/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ESTABLISHING DEADLINE FOR THE FILING OF CHAPTER 11 ADMINISTRATIVE CLAIMS INCURRED BETWEEN JANUARY 11, 2018 AND JUNE 15, 2018; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 20, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **September 20, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 20, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PERSONAL DELIVERY**
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 20, 2018 | Myra Kulick | */s/ Myra Kulick* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:312979.1 32277/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- *Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com*
- *Ron Bender    rb@lnbyb.com*
- *Stephen F Biegenzahn    efile@sfblaw.com*
- *Paul M Brent    snb300@aol.com*
- *Linda F Cantor    lcantor@pszjlaw.com, lcantor@pszjlaw.com*
- *Carol Chow    carol.chow@ffslaw.com*
- *Russell Clementson    russell.clementson@usdoj.gov*
- *Joseph Corrigan    Bankruptcy2@ironmountain.com*
- *Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com*
- *James A Dumas    jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com*
- *Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com*
- *Allan B Gelbard    xxxesq@aol.com, Allan@GelbardLaw.com*
- *David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com*
- *Mirco J Haag    mhaag@buchalter.com, dcyrankowski@buchalter.com;docket@buchalter.com*
- *Mark S Horoupian    mhoroupian@sulmeyerlaw.com, ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com*
- *Jeffrey L Kandel    jkandel@pszjlaw.com*
- *John P Kreis    jkreis@kreislaw.com, j.kreis@ca.rr.com*
- *Andrew B Levin    alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com*
- *Peter W Lianides    plianides@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com*
- *David W. Meadows    david@davidwmeadowslaw.com*
- *Krikor J Meshefejian    kjm@lnbrb.com*
- *Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com*
- *Iain A W Nasatir    inasatir@pszjlaw.com, jwashington@pszjlaw.com*
- *Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com*
- *S Margaux Ross    margaux.ross@usdoj.gov*
- *Michael St James    ecf@stjames-law.com*
- *Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com*
- *Cathy Ta    cathy.ta@bbklaw.com, paul.nordlund@bbklaw.com;sansanee.wells@bbklaw.com*
- *United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov*
- *Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com*
- *Michael H Weiss    lm@weissandspees.com, lm@weissandspees.com*
- *Marc J Winthrop    mwinthrop@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com*
- *Christopher K.S. Wong    christopher.wong@arentfox.com*
- *Beth Ann R Young    bry@lnbyb.com*

2. **SERVED BY UNITED STATES MAIL**:

*See attached Service List*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:312979.1 32277/001

**In re Penthouse Global Media, Inc.**
**Chapter 11 Case No. 1:18-bk-10098-MB**
**2002 Service List**

**SERVED BY UNITED STATES MAIL:**

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq.
WEISS & SPEES LLP
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048

*Trustee*
David Keith Gottlieb, Managing Member
D. Gottlieb & Associates, LLC
17000 Ventura Blvd., Suite 300
Encino, California, 91403

*Office of U.S. Trustee*
Margaux S. Ross
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

*Counsel for The Official Committee of Unsecured Creditors*
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

DVD Factory Inc.
Representative: Steve Kalson
7230 Coldwater Canyon Ave.
North Hollywood, CA 91605

LSC Communications US, LLC / Creel Printing.
Representative: Dan Pevonk
4101 Winfield Rd.
Warrenville, IL 60555

Palm Coast Data
Representative: Neil Gordon
11 Commerce Blvd.
Palm Coast, FL 32164

Allan B. Gelbard
Attorney at Law
15760 Ventura Boulevard
Suite 801
Encino, CA 91436

Kelly Holland
President and Chief Executive Officer
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Robert W. Campbell
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Miller Law Group
Representative: Walter M. Stella
111 Sutter Street
San Francisco, CA 94104

Mark A. Mintz
Attorney at Law
JONES WALKER
201 St. Charles Avenue
New Orleans, LA 70170-5100

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
201 St Charles Ave., Suite 3915
New Orleans, LA 70170

Howard J. Steinberg (CA SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

Joseph E Bain
Jones Walker LLP
811 Main St., Ste 2900
Houston, TX 77002

DOCS_LA:316866.2 32277/001

Timothy Driver
433 North Camden, Suite 970
Beverly Hills, CA 90210

Aram Ordubegian (SBN 185142)
Robert M. Hirsh (pro hac vice application
to be submitted
ARENT FOX LLP
555 West Fifth Street 48th Fl
Los Angeles, CA 90013-1065

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
201 St Charles Ave., Suite 3915
New Orleans, LA 70170