Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  lcantor@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

In re:

PENTHOUSE GLOBAL MEDIA, INC.,

Debtor.

☒ Affects All Debtors
☐ Affects Penthouse Global Broadcasting, Inc.
☐ Affects Penthouse Global Licensing, Inc.
☐ Affects Penthouse Global Digital, Inc.
☐ Affects Penthouse Global Publishing, Inc.
☐ Affects GMI Online Ventures, Ltd.
☐ Affects Penthouse Digital Media Productions, Inc.
☐ Affects Tan Door Media, Inc.
☐ Affects Penthouse Images Acquisitions, Ltd.
☐ Affects Pure Entertainment Telecommunications, Inc.
☐ Affects XVHUB Group, Inc.
☐ Affects General Media Communications, Inc.
☐ Affects General Media Entertainment, Inc.
☐ Affects Danni Ashe, Inc.
☐ Affects Streamray Studios, Inc.

Case No.: 1:18-bk-10098-MB

Chapter 11

Jointly Administered with Cases Nos.:
1:18-bk-10099-MB; 1:18-bk-10101-MB;
1:18-bk-10102-MB; 1:18-bk-10103-MB;
1:18-bk-10104-MB; 1:18-bk-10105-MB;
1:18-bk-10106-MB; 1:18-bk-10107-MB;
1:18-bk-10108-MB; 1:18-bk-10109-MB;
1:18-bk-10110-MB; 1:18-bk-10111-MB;
1:18-bk-10112-MB; 1:18-bk-10113-MB

**CHAPTER 11 TRUSTEE'S MOTION FOR PRODUCTION OF DOCUMENTS FROM WGCZ LTD., S.R.O. PURSUANT TO FED. R. BANKR. P. 2004 AND LBR 2004-1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LINDA F. CANTOR**

[No hearing required pursuant to Local Bankruptcy Rules 2004-1(d) and 9013-1(p)]

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, WGCZ Ltd., S.R.O., STEINBERG, NUTTER & BRENT, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

David K. Gottlieb, the duly appointed chapter 11 trustee (the "Trustee") in the above-

captioned bankruptcy cases (the "Cases") hereby moves pursuant to Rule 2004 of the Federal Rules

of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for entry of an order compelling the production

of certain documents (the "<u>Requested Documents</u>") and authorizing the Trustee to issue a subpoena

to WGCZ Ltd., S.R.O., the purchaser of Debtors' assets (the "<u>Purchaser</u>"), by and through its

attorneys, Steinberg, Nutter & Brent.  The Requested Documents are identified on **Exhibit "A"**

attached to the Declaration of Linda F. Cantor (the "<u>Cantor Declaration</u>"), annexed hereto and filed

in support of the Motion.

## I.

## <u>INTRODUCTION</u>

The Trustee seeks the Requested Documents in order to obtain the information necessary for

his professionals to ensure that the estates' tax returns for the year 2017, filed on October 15, 2018,

are accurate and to analyze claims and potential causes of action.

The Trustee requests that the Purchaser provide his professionals with access to the

Requested Documents on **November 16, 2018 beginning at 8:00 a.m.** at the location where the

Requested Documents are located.

As set forth in the Declaration of Linda Cantor appended hereto (the "<u>Cantor Declaration</u>"),

the Trustee has been attempting to obtain access to the Requested Documents since the first week of

June of 2018, prior to the closing of sale of the Debtors' assets to the Purchaser.  The Debtors were

unwilling to comply with the attempts of the Trustee and his agents to access the Requested

Documents from the computers located on the Debtors' premises.  Since the closing of sale on June

15, 2018, the Trustee has made continuing requests to the Purchaser for access to the Requested

Documents which are now in the Purchaser's possession.  In July 2018, the Trustee's counsel

prepared documents to address Purchaser's requests for protection of attorney-client privileged

information, personal customer information and employee data as a condition to allowing access to

the Requested Documents.  The Trustee received no response to the proposed forms of documents

(which were again transmitted to counsel for the Purchaser on or about October 5, 2018).  Additional

requests to access the Requested Documents were made by the Trustee and his counsel during the

months of August, September and October 2017.  Because of the October 15th deadline for filing

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

corporate tax returns, the Trustee made specific requests for access to the Debtors' QuickBooks'

files in early October.   See **Exhibit "B"** to Cantor Declaration.

Having no access to the Debtors' Quickbooks' files, the 2017 corporate tax returns were filed

based on the incomplete information available to the Trustee and his tax advisors.  The Trustee

requires access to the QuickBooks files sooner rather than later in order to determine whether the tax

returns will need to be amended.  Access to the Requested Documents can be granted electronically

and the relief requested by this Motion should not be burdensome to the Purchaser.

**II.**

**<u>THE TRUSTEE IS ENTITLED TO THE RELIEF REQUESTED HEREIN</u>**

Rule 2004 permits an examination "of an entity" with respect to the "property" and with

respect to "any matter which may affect the administration of the Debtor's estate."  Rule 2004

"necessarily permits a broad investigation into the financial affairs of debtors to assure the proper

administration of bankruptcy estates."  *In re Symington,* 209 B.R. 678, 682-84 (Bankr. D. Md. 1997).

See, also, *In re Tabletalk, Inc.,* 51 B.R. 143, 145 (Bankr. D. Mass. 1985) (providing that the scope a

2004 Examination is "unfettered and broad"); *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D.

Mass. 1983) (noting that Rule 2004 examination it allowed for the "purpose of discovering assets

and unearthing frauds" and "to a considerable extent [may be] a fishing expedition"); *Keene Corp. v.

Johns-Manville Corp. (In re Johns-Manville),* 42 B.R. 362, 364 (S.D.N.Y. 1984) (Rule 2004

examination may "cut a broad swath through the debtor's affairs").

The general purpose of Rule 2004 is to "assist a party in interest in determining the nature

and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether

wrongdoing has occurred."  *In re Recoton Corp.,* 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004)

(citation omitted).

LBR 2004-1 sets forth the prerequisites for filing a motion seeking an examination and/or

production under Bankruptcy Rule 2004, including efforts to meet and confer with the entity to be

examined or its counsel.  LBR 2004-1(a) states:

> **Conference Required**.  Prior to filing a motion for examination or for the
> production of documents under FRBP 2004, the moving party must attempt
> to confer (in person or telephonically) with the entity to be examined, or its

PACHULSKI STANG ZIEHL & JONES LLP

ATTORNEYS AT LAW

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW

1    counsel, to arrange for a mutually agreeable date, time, place, and scope of
2    an examination.

3    As set forth in the Cantor Declaration, counsel for the Trustee sent numerous e-mail

4    correspondence to counsel for the Purchaser requesting access to the Requested Documents, most

5    recently on October 12, 2018.  Copies of various e-mail requests for the Requested Documents to

6    Purchaser's counsel during the months of June, July, August, September and October are attached to

7    the Cantor Declaration as **Exhibit "B"**.  As reflected in the October 12th e-mail, the request

8    specifically noted that the Trustee was seeking to avoid the need for a Rule 2004 Motion and thus in

9    satisfaction of LBR 2004-1(a).

10    As noted above, the documents are necessary in order to obtain the necessary information to

11    ensure the completeness of the tax returns filed on behalf of the Debtors' estates and to review

12    potential claims and causes of action including, without limitation, avoidance actions.

13    The production requested herein cannot proceed under Bankruptcy Rules 7030 or 9014

14    because the documents and issues under investigation do not arise in connection with any pending

15    adversary proceeding or contested matter.

16    The Court is authorized to an enter an order on this Motion without need of a hearing in

17    accordance with to Local Bankruptcy Rules 2004-1(d) and 9013-1(p)(3).

18    **WHEREFORE,** Trustee requests that the Court issue an order directing the Purchaser to

19    produce the Requested Documents listed on **Exhibit "A"** attached hereto, at the location where the

20    Requested Documents are located, either directly or through electronic means.

21

22

23    Dated:    October 19, 2018                PACHULSKI STANG ZIEHL & JONES LLP

24

25                                By    */s/ Linda F. Cantor*
                                   _____
26                                     Linda F. Cantor
                                       Attorneys for the Chapter 11 Trustee
27

28

### DECLARATION OF LINDA F. CANTOR

I, Linda F. Cantor, hereby declare as follows:

1.      I am an attorney at law duly authorized to practice in the State of California and before this court.  I am a partner of the law firm of Pachulski Stang Ziehl & Jones LLP, general bankruptcy counsel to David K. Gottlieb, Chapter 11 Trustee of Penthouse Global Media, Inc. and its debtor subsidiaries (the "Trustee").

2.      I am making this Declaration in support of the annexed *Chapter 11 Trustee's Motion For Production Of Documents From WGCZ Ltd., S.R.O. Pursuant To Fed. R. Bankr. P. 2004 And LBR 2004-1; Memorandum Of Points And Authorities* (the "2004 Motion").  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the 2004 Motion.

3.      Unless otherwise indicated, the facts set forth in this Declaration are known to me personally and if called upon as a witness, I could and would testify competently thereto.

4.      As counsel for the Trustee, I have been attempting to obtain access to the Requested Documents since the first week of June of 2018, prior to the closing of sale of the Debtors' assets to the Purchaser.  The Debtors were unwilling to comply with the attempts of the Trustee and his agents to access the Requested Documents from the Debtors' premises during the week prior to the sale closing.

5.      Since the closing of sale on June 15, 2018, I have made continuing requests, both written and oral, to the Purchaser's counsel for access to the Requested Documents which are now in the Purchaser's possession.  In July 2018, I prepared documents to address Purchaser's requests for protection of attorney-client privileged information, personal customer information and employee data as a condition to allowing access to the Requested Documents.  I received no response to the proposed form of documents (which I again transmitted to counsel for the Purchaser on or about October 5, 2018).  I made additional requests to access the Requested Documents on behalf of the Trustee during the months of August, September and the first half of October 2017.  Some examples of my e-mail requests are appended hereto as **Exhibit "B"**.

6.      The Trustee's tax accountants had requested access to the Debtors' Quickbooks' files in order to prepare and file 2017 corporate tax returns.  As access was not allowed, the Trustee's tax advisors prepared and filed estate tax returns based on the incomplete information available to them. The Trustee needs to know as soon as possible whether the tax returns will require amendment based on the information in the Quickbooks' files.

7.      Earlier this week I spoke to counsel for the Purchaser.  I was advised that the Purchaser's contact person would be unavailable until the week of October 22, 2018.  Based upon the response, I advised Purchaser's counsel that the Trustee was filing this Motion and requesting access to the Requested Documents on or about the 9th of November.

8.      It is my understand from the Trustee's computer technician, David Stevenson of DS Computer Care, that access to the Requested Documents may be granted electronically.  Therefore, I believe that the Trustee's request for an order mandating access to the Requested Documents by November 16, 2018, more than four months after the close of sale of the Debtors' assets, should not burden the Purchaser.

9.      The Requested Documents are necessary in order to obtain the necessary information for the Trustee's professionals to determine whether the tax returns for the year 2017 need to be amended and for the Trustee and his professionals to analyze potential claims and causes of action including, without limitation, avoidance actions.


I declare under penalty of perjury pursuant to the laws of the United States and the State of California that the above is true and correct to the best of my knowledge.

Executed at Los Angeles, California this 19th day of October, 2018.


*/s/ Linda F. Cantor*
Linda F. Cantor

# EXHIBIT A

# EXHIBIT A

## DOCUMENTS TO BE PRODUCED

1.  All data of the Debtors stored in Office 365 data for the time period February 19, 2016 through June 15, 2018, including all information contained in Outlook, Excel, Word, Powerpoint and Access;

2.  All data of the Debtors stored in OneDrive for the time period February 19, 2016 through June 15, 2018; and

3.  All data of the Debtors stored in Quickbooks for the time period February 19, 2016 through June 15, 2018.

# EXHIBIT B

## Linda Cantor

| | |
|---|---|
| **From:** | Linda Cantor |
| **Sent:** | Friday, October 12, 2018 1:09 PM |
| **To:** | Paul M. Brent |
| **Subject:** | Access to Quick Books and computer back-up |

**Importance:** High

Paul:

Have you had any progress getting us the password and access to the computers?   I would rather not have to file something with the Court.

**Linda Cantor**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

## Linda Cantor

| | |
|---|---|
| **From:** | Linda Cantor |
| **Sent:** | Thursday, October 04, 2018 1:04 PM |
| **To:** | Paul M. Brent |
| **Subject:** | Penthouse |
| **Importance:** | High |

Paul:

   Can you please call me at my office?  The Trustee needs access to the Quick Book files as the 2017 tax returns are delinquent.

**Linda Cantor**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

## Linda Cantor

| | |
|---|---|
| **From:** | Linda Cantor |
| **Sent:** | Wednesday, September 26, 2018 12:15 PM |
| **To:** | 'Snb300@Aol.Com' |
| **Subject:** | RE: Penthouse - Fee Applications |

Hello Paul.

     The Trustee is agreeable to providing you with an additional day extension to respond to our fee applications through and including September 27, 2018.  As you will be speaking with your client regarding the proposed hold backs, we request that you also speak with them and provide us am answer regarding the Trustee's request to back-up the former debtors' Office 360 and obtain access to the former debtors' Quick Books.   Thank you.

Regards,

Linda

**Linda Cantor**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

**From:** Snb300@Aol.Com [mailto:snb300@aol.com]
**Sent:** Wednesday, September 26, 2018 8:50 AM
**To:** Linda Cantor
**Subject:** Re: Penthouse - Fee Applications

g'd morning linda

would you please inquire of your client as to whether he would consider granting an additional day extension (through and including thursday the 27th).

much thanks

paul

Paul Brent
Steinberg, Nutter & Brent, Law Corp.
23801 Calabasas Road, #2031

1

Calabasas, CA 91302
818.876.8535 (tel)
818.876.8536 (fax)


-----Original Message-----
From: Linda Cantor <lcantor@pszjlaw.com>
To: Paul M. Brent <snb300@aol.com>
Sent: Tue, Sep 25, 2018 12:18 pm
Subject: Penthouse - Fee Applications

Hi Paul.

  This e-mail will confirm that the chapter 11 Trustee of Penthouse Global Media, Inc. and our firm, as his counsel, have no objection to your filing a response to our fee applications through tomorrow, September 26, 2018.

Regards,

Linda

**Linda Cantor**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

**Linda Cantor**

---

**From:** Linda Cantor
**Sent:** Wednesday, August 22, 2018 1:19 PM
**To:** 'Snb300@Aol.Com'
**Cc:** jason@markbryn.com; cbrandt@penthouse.com
**Subject:** RE: Humboldt Assignment (Penthouse)

Thank you Paul.

Also following up on the Quick Books password and updated data.


Linda Cantor
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa


**From:** Snb300@Aol.Com [mailto:snb300@aol.com]
**Sent:** Wednesday, August 22, 2018 1:17 PM
**To:** Linda Cantor
**Cc:** James Hunter; jason@markbryn.com; cbrandt@penthouse.com
**Subject:** Re: Humboldt Assignment (Penthouse)

Hi LInda

Thanks for your email.

I am seeking confirmation that new Humboldt accounts are set up and active (and my belief is that they are and that I will have that confirmation later today or tomorrow).

Also I did review and make revisions to your draft email and am awaiting some final pieces of data to insert prior to transmitting back to you. Again my belief is that I will have the final info later today or tomorrow.

Paul Brent
Steinberg, Nutter & Brent, Law Corp.
23801 Calabasas Road, #2031
Calabasas, CA 91302
818.876.8535 (tel)
818.876.8536 (fax)

1

## Linda Cantor

**From:** Linda Cantor
**Sent:** Monday, July 30, 2018 4:04 PM
**To:** Paul M. Brent
**Cc:** Linda Cantor
**Subject:** Penthouse information requests

Paul:

As follows, I've compiled a list of the specific information that has been requested by the Trustee and his professionals to date.   This may not be an exclusive list and the Trustee reserves rights to request additional information pursuant to the terms of the Asset Purchase Agreement as well as through 2004 examinations or otherwise in connection with litigation.

## Requests from Province:

1. **Office 365 data** - this is the Microsoft Office suite of programs including Outlook (emails) and Excel, Word, PowerPoint, Access (database), etc.

2. **OneDrive** - (Microsoft's equivalent of DropBox) allows each Office365 user to store data files online.

3. **Quickbooks** - the latest copy of the Debtor's QuickBooks data files for the five "operational" entities (i.e. Penthouse Global Broadcasting, Digital, Licensing, Media and Publishing, Inc.  The Debtor is supposed to have updated through June 15th and perhaps added some entries up to June 30th.   We understand that the buyers started a new set of books for Newco; we are looking for the Debtors' QuickBooks data files.  (Although Province has a copy of the QuickBook files from June 11th, Province hasn't been able to access those files due to a password issue.)  As we are requesting the updated files, it may be simpler to get a password with the new files rather than getting the password for the June 11th files.

## Items needed for Avoidance Action Analysis:

1. **Fraudulent Transfers:** Please provide any information or documents available related to any potential 548 claim loan transfers.

2. **Paid Avoidance Period Detail:** Detailed payment information -- which checks/wires/EFTs paid which invoices, with the vendor number, check number, check issue date, invoice number, invoice date, invoice due date and or terms days, invoice amount, and amount paid -- for payments that cleared the banks during the 90-day period. Excel format preferred.

3. **Paid Historical Period Detail:** The same detailed payment information for the 24 months prior to the start of the Preference Period start date (the Historical period). We need these payment data to evaluate Ordinary Course defenses.

4. **Avoidance Period Bank Statements and Check Clearing Dates:** We need bank statement copies for all accounts issuing vendor payments for the preference period months.  Often AP system data does not capture actual check bank clearing dates and will need bank documents to fill in those dates. If the bank statements provide only summaries of check clearings, we will need an individual check register breakdown.

1

5. **Unpaid Invoice Detail**: We need information -- invoice number, vendor number, invoice date, invoice due date, and invoice amount -- for all unpaid invoices as of the Filing date. Typically an AP aging report as of that date has what we need. If there were pre-petition invoices, paid post-petition, we ask those be marked and identified with the court authority to which they were paid.  Ex) critical vendor, 503(b)(9), etc.  Again, Excel is preferred.

6. **Vendor Contacts**: Vendor numbers, names, and mailing addresses for all vendors receiving payments during the 90-day period.

7. **Multiple Debtor Entities**: If the several debtors were not substantively consolidated for our purposes, we'll need the means to identify which debtor entity made each transfer, and which debtor entity incurred each invoice. See sample spreadsheet layout.

8. **Check / Invoice Copies**: Access to check images or canceled checks, remittance advice if available, and copies of invoices. We may not need this information up front for the initial analysis but may need in the future on a case by case basis.

## Data Needed to Reconcile A/Ps and A/Rs:

1. **A schedule  of cash receipts** received from all customers for the period ending after the sale closing (6/15/18) which indicates what period the payments relate to.  We will need copies of the  invoices  that relate to the cash receipts.   Renee has sent over the listing of all cash receipts the estate received after June 15, 2018 to Wendy Nitz.   We will need the accounts receivable listings updated which should include an accounts receivable detail ledger so that we trace the cash receipts into the accounts receivable ledgers that you received and for the cash receipts the estate has received as well,.  In addition to that, we will need any supporting documents for any adjustments other than cash receipts that reduce the accounts receivable balances as of June 15, 2018.

If a customer pays a subsequent invoice and has not paid a past invoice due as of June 15, 2018, we will need an explanation.


I will also send you a form of data schedule sent to me by ASK this morning, so you can see the level of detail as to the avoidance action matters.


Linda Cantor
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

## Linda Cantor

| | |
|---|---|
| **From:** | Linda Cantor |
| **Sent:** | Monday, July 16, 2018 4:39 PM |
| **To:** | Paul M. Brent |
| **Cc:** | Jason Fischer (jason@markbryn.com); mark@markbryn.com |
| **Subject:** | Penthouse - Non-Disclosure Agreement // Addendum to APA |
| **Attachments:** | DOCS_LA-#315685-v1-Addendum_to_APA.doc; DOCS_LA-#315632-v2-Penthouse_World_Media_NDA.DOC |

Hi Paul.

I'm following up on the two draft documents I sent you last week to address the employee information, attorney/client privilege and customer personal information.    Please let me know if you have any questions or comments on these forms, as I would like to resolve these matters so that we can complete the computer back-up process.  Thank you.

Regards,

Linda

**Linda Cantor**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

## Linda Cantor

**From:** Linda Cantor
**Sent:** Tuesday, June 12, 2018 10:15 AM
**To:** 'Mark Bryn'
**Cc:** mw@weissandspees.com
**Subject:** RE: Unscheduled IT capture after hours

Mark:

The Trustee wants the process to take place immediately as it may take 8 – 10 hours and require several days to perform for this portion. The Trustee will also need to copy ORCA files which will take many hours and may not be able to be accomplished in full before the closing. The purpose of doing this after hours is to not disrupt operations – as well as because that is when the IT person retained by the estate is available.

Please let me know if the company plans to cooperate. As Michael well knows, the Trustee controls the debtors and their premises and does not require approval to copy data. The company and Kelly have generally been cooperative with the Trustee since his appointment and I have not complained to the court when contracts were not timely uploaded because of concerns about competitors seeing other parties' contract terms, even though the court admonished me for it at the last hearing. I am available for a call with you both if you want to discuss.

**Linda Cantor**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
lcantor@pszjlaw.com
vCard | Bio | LinkedIn



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  ***CHAPTER 11 TRUSTEE'S MOTION FOR PRODUCTION OF DOCUMENTS FROM WGCZ LTD., S.R.O. PURSUANT TO FED. R. BANKR. P. 2004 AND LBR 2004-1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LINDA F. CANTOR*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 18, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 18, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 18, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PERSONAL DELIVERY**
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

**By Email:**
Paul M. Brent, Esq. *snb300@aol.com*
*Counsel for WGCZ Ltd., S.R.O.* **-** Mark Bryn *mark@markbryn.com*
Penthouse World Media, LLC - Jason Fischer *jason@fischerlawpl.com*
Penthouse World Broadcasting, LLC - Jason Fischer *jason@fischerlawpl.com*
Penthouse World Licensing, LLC - Jason Fischer *jason@fischerlawpl.com*
Penthouse World Digital, LLC - Jason Fischer *jason@fischerlawpl.com*
Penthouse World Publishing, LLC - Jason Fischer *jason@fischerlawpl.com*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 18, 2018 | Myra Kulick | */s/ Myra Kulick* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- *Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com*
- *Ron Bender    rb@lnbyb.com*
- *Stephen F Biegenzahn    efile@sfblaw.com*
- *Paul M Brent    snb300@aol.com*
- *Linda F Cantor    lcantor@pszjlaw.com, lcantor@pszjlaw.com*
- *Carol Chow    carol.chow@ffslaw.com*
- *Russell Clementson    russell.clementson@usdoj.gov*
- *Joseph Corrigan    Bankruptcy2@ironmountain.com*
- *Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com*
- *James A Dumas    jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com*
- *Jeffrey K Garfinkle    jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com*
- *Allan B Gelbard    xxxesq@aol.com, Allan@GelbardLaw.com*
- *David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com*
- *Mirco J Haag    mhaag@buchalter.com, dcyrankowski@buchalter.com;docket@buchalter.com*
- *Mark S Horoupian    mhoroupian@sulmeyerlaw.com,
ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn@ecf.inforuptcy.com*
- *Jeffrey L Kandel    jkandel@pszjlaw.com*
- *John P Kreis    jkreis@kreislaw.com, j.kreis@ca.rr.com*
- *Andrew B Levin    alevin@wcghlaw.com,
Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com*
- *Peter W Lianides    plianides@wcghlaw.com,
pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com*
- *David W. Meadows    david@davidwmeadowslaw.com*
- *Krikor J Meshefejian    kjm@lnbrb.com*
- *Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com*
- *Iain A W Nasatir    inasatir@pszjlaw.com, jwashington@pszjlaw.com*
- *Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com*
- *S Margaux Ross    margaux.ross@usdoj.gov*
- *Michael St James    ecf@stjames-law.com*
- *Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com*
- *Cathy Ta    cathy.ta@bbklaw.com, paul.nordlund@bbklaw.com;sansanee.wells@bbklaw.com*
- *United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov*
- *Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com*
- *Michael H Weiss    lm@weissandspees.com, lm@weissandspees.com*
- *Marc J Winthrop    mwinthrop@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com*
- *Christopher K.S. Wong    christopher.wong@arentfox.com*
- *Beth Ann R Young    bry@lnbyb.com*


2. **SERVED BY UNITED STATES MAIL**:

**Counsel for WGCZ Ltd., S.R.O.**
Paul M. Brent, Esq.
Steinberg, Nutter & Brent Law Corporation
23801 Calabasas Road, #2031
Calabasas, CA 91302

Penthouse World Media, LLC
c/o Robert Seifert
2600 South Biscayne Boulevard, Suite 2680
Miami, FL 33131,

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Penthouse World Media, LLC,
c/o Jason Fischer, Esq.
Fischer Law, P.L.
2600 South Biscayne Boulevard, Suite 2600
Miami, FL 33131

Penthouse World Broadcasting, LLC
c/o Robert Seifert
2600 South Biscayne Boulevard, Suite 2680
Miami, FL 33131,

Penthouse World Broadcasting, LLC
c/o Jason Fischer, Esq.
Fischer Law, P.L.
2600 South Biscayne Boulevard, Suite 2600
Miami, FL 33131

Penthouse World Licensing, LLC
c/o Robert Seifert
2600 South Biscayne Boulevard, Suite 2680
Miami, FL 33131,

Penthouse World Licensing, LLC
c/o Jason Fischer, Esq.
Fischer Law, P.L.
2600 South Biscayne Boulevard, Suite 2600
Miami, FL 33131

Penthouse World Digital, LLC
c/o Robert Seifert
2600 South Biscayne Boulevard, Suite 2680
Miami, FL 33131,

Penthouse World Digital, LLC
c/o Jason Fischer, Esq.
Fischer Law, P.L.
2600 South Biscayne Boulevard, Suite 2600
Miami, FL 33131

Penthouse World Publishing, LLC
c/o Robert Seifert
2600 South Biscayne Boulevard, Suite 2680
Miami, FL 33131,

Penthouse World Publishing, LLC
c/o Jason Fischer, Esq.
Fischer Law, P.L.
2600 South Biscayne Boulevard, Suite 2600
Miami, FL 33131

*See attached service list*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:312979.1 32277/001

**F 9013-3.1.PROOF.SERVICE**

**In re Penthouse Global Media, Inc.
Chapter 11 Case No. 1:18-bk-10098-MB
2002 Service List**

<u>**SERVED BY UNITED STATES MAIL**</u>:

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq.
WEISS & SPEES LLP
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA  90048

*Trustee*
David Keith Gottlieb, Managing Member
D. Gottlieb & Associates, LLC
17000 Ventura Blvd., Suite 300
Encino, California, 91403

*Office of U.S. Trustee*
Margaux S. Ross
915 Wilshire Blvd. , Suite 1850
Los Angeles, CA 90017

*Counsel for The Official Committee of
Unsecured Creditors*
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, California  90067

DVD Factory Inc.
Representative: Steve Kalson
7230 Coldwater Canyon Ave.
North Hollywood, CA 91605

LSC Communications US, LLC / Creel
Printing.
Representative: Dan Pevonk
4101 Winfield Rd.
Warrenville, IL 60555

Palm Coast Data
Representative: Neil Gordon
11 Commerce Blvd.
Palm Coast, FL 32164

Allan B. Gelbard
Attorney at Law
15760 Ventura Boulevard
Suite 801
Encino, CA  91436

Kelly Holland
10945 Old Santa
Susana Pass Rd.
Chatsworth, California 91311

Robert W. Campbell
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Miller Law Group
Representative: Walter M. Stella
111 Sutter Street
San Francisco, CA 94104

Mark A. Mintz
Attorney at Law
JONES WALKER
201 St. Charles Avenue
New Orleans, LA  70170-5100

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
201 St Charles Ave., Suite 3915
New Orleans, LA 70170

Howard J. Steinberg (CA SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA  90067

Joseph E Bain
Jones Walker LLP
811 Main St., Ste 2900
Houston, TX 77002

Timothy Driver
433 North Camden, Suite 970
Beverly Hills, CA 90210

Aram Ordubegian (SBN 185142)
Robert M. Hirsh (pro hac vice application
to be submitted
ARENT FOX LLP
555 West Fifth Street 48th Fl
Los Angeles, CA 90013-1065

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
201 St Charles Ave., Suite 3915
New Orleans, LA 70170