Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   lcantor@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee

**FILED & ENTERED**

**OCT 29 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier     DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>            Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-bk-10098-MB<br><br>Chapter 11<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR PRODUCTION OF DOCUMENTS FROM WGCZ LTD., S.R.O. PURSUANT TO FED. R. BANKR. P. 2004 AND LBR 2004-1**<br><br>[No Hearing Required] |

This matter came before the Court without a hearing upon consideration of the Chapter 11 Trustee's Motion for Production of Documents From WGCZ Ltd., S.R.O. Pursuant To Fed. R. Bankr. P. 2004 AND LBR 2004-1 (the "Motion") [Docket No. 709].  Based upon the Court's review of the Motion, and good cause appearing therefor,

   **IT IS HEREBY ORDERED THAT:**

DOCS_LA:317408.3 32277/001

1. The Motion is granted.

2. The Trustee, pursuant to Rules 2004 and 9016 of the Fed.R.Bankr.P. and Local Bankruptcy Rule 2004-1, is authorized to issue and serve the 2004 Subpoena attached as Exhibit "1" to compel the production of documents in connection with the Trustee's investigation of the Debtors' estate.

### ###

Date: October 29, 2018

Martin R Barash
United States Bankruptcy Judge

2

DOCS_LA:317408.3 32277/001

# EXHIBIT 1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Central_____ District of _____California_____

In re Penthouse Global Media, Inc., et al.
                    Debtor

Case No. 1-18-bk-10098-MB [Jointly Administered]

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: WGCZ Ltd., S.R.O.
           *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must produce the documents, electronically stored information, or objects described in Exhibit "1" hereto for inspection and copying (the "Requested Documents") on November 9, 2018 beginning at 8:00 a.m. at the location where the Requested Documents are located.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/18/2018

    CLERK OF COURT

                         OR
                         /s/ Linda F. Cantor
_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*
                         Linda F. Cantor

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____Chapter 11 Trustee_____, who issues or requests this subpoena, is:
Linda F. Cantor (310) 277-6910
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Flr., Los Angeles, CA 90067
lcantor@pszjlaw.com

**DOCUMENTS TO BE PRODUCED**

1. All data of the Debtors stored in Office 365 data for the time period February 19, 2016 through June 15, 2018, including all information contained in Outlook, Excel, Word, Powerpoint and Access;

2. All data of the Debtors stored in OneDrive for the time period February 19, 2016 through June 15, 2018; and

3. All data of the Debtors stored in Quickbooks for the time period February 19, 2016 through June 15, 2018.

4

DOCS_LA:317408.3 32277/001

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---