Linda F. Cantor (CA Bar No. 153762)
Harry D. Hochman (CA Bar No. 132515)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
lcantor@pszjlaw.com
Counsel for David K. Gottlieb, Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC., a Delaware corporation<br><br>Debtor. | Case No. 1:18-bk-10098-MB<br><br>Chapter 11<br><br>Jointly Administered With: |

In re:

PENTHOUSE GLOBAL BROADCASTING, INC., PENTHOUSE GLOBAL LICENSING, INC., PENTHOUSE GLOBAL DIGITAL, INC., PENTHOUSE GLOBAL PUBLISHING, INC. GMI ONLINE VENTURES, LTD., PENTHOUSE DIGITAL MEDIA PRODUCTIONS, INC., TAN DOOR MEDIA, INC., PENTHOUSE IMAGES ACQUISITIONS, LTD., PURE ENTERTAINMENT TELECOMMUNICATIONS, INC., XVHUB GROUP, INC., GENERAL MEDIA COMMUNICATIONS, INC., GENERAL MEDIA ENTERTAINMENT, INC., DANNI ASHE, INC. STREAMRAY STUDIOS, INC.,

[X] Affects All Debtors
  ☐ Affects:
  ☐ Affects
  ☐ Affects
  ☐ Affects
  ☐ See attached for additional Debtors

Case No. 1:18-bk-10099-MB, Case No. 1:18-bk-10101-MB, Case No. 1:18-bk-10102-MB, Case No. 1:18-bk-10103-MB, Case No. 1:18-bk-10104-MB, Case No. 1:18-bk-10105-MB, Case No. 1:18-bk-10106-MB, Case No. 1:18-bk-10107-MB, Case No. 1:18-bk-10108-MB, Case No. 1:18-bk-10109-MB, Case No. 1:18-bk-10110-MB, Case No. 1:18-bk-10111-MB, Case No. 1:18-bk-10112-MB and Case No. 1:18-bk-10113-MB

**NOTICE OF MOTION AND MOTION OF DAVID K. GOTTLIEB, CHAPTER 11 TRUSTEE, FOR ORDER CONVERTING CASES TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF**

Hearing:
Date:    February 26, 2019
Time:    1:30 p.m.
Place:    Courtroom 303
        21041 Burbank Blvd.
        Woodland Hills, CA 91367

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY**

1  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS, PARTIES**

2  **REQUESTING SPECIAL NOTICE AND PARTIES IN INTEREST:**

3        **PLEASE TAKE NOTICE** that David K. Gottlieb, the duly appointed chapter 11 trustee

4  ("Trustee") for the estate of Penthouse Global Media, Inc. and its debtor subsidiaries (collectively,

5  the "Debtors"), has filed the within motion ("Motion") for entry of an order converting these chapter

6  11 cases to cases under chapter 7 of the Bankruptcy Code.  The grounds for the Motion are that the

7  Debtors are administratively insolvent, their businesses are no longer operating and there is no

8  reasonable likelihood of effectuating a plan.

9        **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion

10  and Motion, the accompanying Memorandum of Points and Authorities and the supporting

11  Declaration of David K. Gottlieb (the "Gottlieb Declaration") attached hereto (collectively, the

12  "Motion Pleadings"), the record in these cases and any other evidence before the Court prior to or at

13  the hearing on the Motion, and all matters of which this Court may properly take judicial notice

14        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Bankruptcy

15  Procedure 9013-1(o)(1), any objection to the Motion must be filed and served upon the Trustee no

16  later than fourteen (14) days of the mailing of this Notice of Motion and Motion.  Any such

17  objection must be accompanied by any declarations or memoranda of law that the objecting party

18  wishes to present in support of its position.  The failure to properly file and serve a response to this

19  Motion in accordance with the foregoing schedule may be deemed consent to the relief requested in

20  the Motion or a waiver of any right to oppose the Motion.

21        **WHEREFORE**, the Trustee respectfully requests that this Court enter an order: (a)

22  converting these cases to cases under chapter 7 of the Bankruptcy Code, and (b) granting such other

23  and further relief as is just and proper under the circumstances.

24  Dated:    January 31, 2019           PACHULSKI STANG ZIEHL & JONES LLP

25

26                     By   */s/ Linda F. Cantor*
                           Linda F. Cantor

27

28                       Counsel for David K. Gottlieb, Chapter 11
                     Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.    The Debtors' Businesses and Procedural Posture of the Cases**

The Debtors' primary assets consisted of its intellectual property which includes Penthouse™, the iconic men's brand founded by Robert Guccione in 1965.  Penthouse Global Media, Inc. ("PGMI"), the lead Debtor in these administratively consolidated cases, owns the shares of the fourteen other Debtor entities.  The sole shareholder of PGMI is Kelly Holland.

PGMI was comprised of four operating divisions through which it licensed and distributed its intellectual property: the broadcasting division (Penthouse Global Broadcasting, Inc. and its divisions General Media Entertainment Inc., Penthouse Digital Media, Inc. and Pure Entertainment Telecommunications), publishing (Penthouse Global Publishing, Inc.), licensing (Penthouse Global Licensing, Inc.) and digital (Penthouse Global Digital, Inc., operating websites).  Prior to its bankruptcy filing, Debtors' secured creditor, Dream Media Corporation ("Dream Media"), assignee of ExWorks Capital Fund I, Ltd., asserted a claim of approximately $10.4 million secured by all of the Debtors' assets.  In the face of alleged defaults under its debt obligations to Dream Media and Dream Media's asserted intent to file an application to appoint a receiver over the Debtors' businesses, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 11, 2018.  On March 6, 2018, David K. Gottlieb was appointed chapter 11 trustee ("Trustee") of the Debtors' Estates.

**B.    Operations and Accounting Matters**

After his appointment, the Trustee retained counsel and financial advisors, Province Inc., who reviewed and analyzed the Debtors' business operations and financial condition, which was extremely difficult given the disarray of the Debtors' books and records.  By mid-April, the Trustee and his professionals were able to determine that the Debtors had been losing substantial amounts of money on an operating basis.  Although the Trustee was able to curtail some operating losses, it became readily apparent to the Trustee that a rehabilitation of the Debtors' business was not feasible and that a sale of the Debtors' assets, subject to overbid, was in the best interest of the Estates.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**C.    Settlement with Dream Media and Sale of the Debtors' Assets**

After extended negotiations, the Trustee reached a settlement with Dream Media providing, *inter alia*, for the sale of substantially all of the Debtors' assets and a carve-out from Dream Media's collateral for the benefit of the Estates.  Pursuant to that settlement, on June 4, 2018 an auction was held before the Bankruptcy Court and on June 15, 2018, the Trustee consummated the sale of substantially all of the Debtors' assets to Penthouse World Media, LLC, Penthouse World Broadcasting, LLC, Penthouse World Licensing, LLC, Penthouse World Digital, LLC and Penthouse World Publishing, LLC (collectively, the "Buyers"), assignee of WGCZ Ltd., S.R.O., the successful bidder at the auction ("WGCZ").[1]  The Trustee also entered into a settlement with Penthouse Clubs Global Licensing, LLC ("Penthouse Licensing") pursuant to which the Trustee sold certain trademarks and granted a license for the use of related intellectual property to Penthouse Licensing.  Following these sale closings, the Trustee paid secured creditor Dream Media $9,710,000, in payment of its secured claim.  Dream Media was assigned the right to pursue the Vice Coin Receivable (as defined in the Dream Media settlement agreement) for repayment of remaining debt obligations and also for the benefit of the Estates.

**D.    Current Status of the Cases**

The Debtors are no longer operating.  The bar date for filing administrative claims was November 21, 2018.  Administrative claims in the approximate amount of $1,562,393 have been filed including a claim filed by the Buyers exceeding $548,000.  Based upon the asset purchase agreement between the Buyers and the Trustee, and the records previously provided by Buyers' personnel, the Trustee believes the Buyers' (and certain other alleged) administrative claims are vastly overstated and that, in fact, the Buyers owe money to the Estates for accounts receivable erroneously paid to the Buyers.  A document production order requiring the Buyers to turn over data has been entered, subject to the terms of a stipulation addressing confidential and privileged information.  The Trustee continues to wait for further documentation from the Buyers.

The Estates are currently holding approximately $741,683.82.  As noted, the Trustee believes the Buyers still owe the Estates money and there are potential third party claims that may be asserted

---

[1] See Order of the Court dated June 14, 2018 [Dkt. No. 577],

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    by the Estates.  The recovery prospects for the Vice Coin Receivable are also being considered.

2    However, the Estates are currently administratively insolvent.  The Trustee held back over $800,000

3    from payment of allowed chapter 11 professional fees and, while filed administrative claims are

4    overstated, the Estates will incur additional costs to litigate those claims.  The Trustee has consulted

5    with counsel for the Official Committee of Unsecured Creditors and the United States Trustee

6    regarding the case status and his determination that conversion to chapter 7 of the Bankruptcy Code

7    makes the most sense under the circumstances of these cases.  The Trustee is informed and believes

8    that counsel do not dispute the Trustee's determination.

9          Provided that the Court approves this Motion and converts the cases, the Trustee will seek to

10    retain special claims litigation counsel to economically address administrative claims and pursue

11    third party actions on a contingency basis.

## II.

## DISCUSSION

**A.**    **The Trustee has Examined the Debtors' Businesses and the Likelihood of Rehabilitation, and Recommends, Pursuant to Section 1106(a) of the Bankruptcy Code, Conversion of the Cases.**

16          Upon appointment of a chapter 11 trustee, the trustee is required to "investigate

17    the…financial condition of the debtor, the operation of the debtor's business and the desirability

18    of the continuance of such business…." 11 U.S.C. §1106(a)(3).  Following such investigation, a

19    trustee is to either file a plan as soon as possible, report why a plan will not be filed, or

20    recommend conversion or dismissal of the case.  11 U.S.C. §1106(a)(5).

21          As described below and in the Gottlieb Declaration, the Trustee has performed the

22    investigation required by Bankruptcy Code section 1106(a)(3) and recommends conversion

23    pursuant to Bankruptcy Code section 1106(a)(5).

**B.**    **Conversion of These Cases to Chapter 7 is Warranted Under Section 1112(b) of the Bankruptcy Code.**

26          Pursuant to section 1112(b) of the Bankruptcy Code, a court shall convert a Chapter 11

27    case to a Chapter 7 case for cause on request of a party in interest and after notice and a hearing.

28    11 U.S.C. § 1112(b); *see also In re Rubenstein*, 71 B.R. 777, 778 (9th Cir. B.A.P. 1987).  Section

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1112(b) of the Bankruptcy Code provides in pertinent part that:

> (b) (1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court ***shall*** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that—
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> >
> > (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)—
> >
> > > (i) for which there exists a reasonable justification for the act or omission; and
> > >
> > > (ii) that will be cured within a reasonable period of time fixed by the court.
>
> . . .
>
> (4) For purposes of this subsection, the term "cause" includes—
>
> > (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> . . .

11 U.S.C. § 1112(b) (2006) (emphasis added).

Historically, under section 1112(b) of the Bankruptcy Code, bankruptcy courts are given wide discretion to convert a case to chapter 7 for cause. *In re Koerner*, 800 F.2d 1358, 1367 (5th Cir. 1986). However, the BAPCPA revisions to section 1112(b) make conversion or dismissal mandatory upon a finding of "cause". Section 1112(b) sets forth a list of items that constitute "cause" for conversion or dismissal. Courts have generally held that this list is not exclusive. *In re Products Int'l Co.*, 395 B.R. 101, 110 (Bankr. D. Ariz. 2008); see also 11 U.S.C. § 102(3), which provides that "[i]n this title 'includes' and 'including' are not limiting."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

C.    **The Debtors Have no Reasonable Likelihood of Rehabilitation.**

Under section 1112(b)(1), cause exists to convert or dismiss where there is both continuing loss to, or diminution of, the estate and absence of a reasonable likelihood of rehabilitation. *Johnston*, 149 B.R. at 162; *In re Citi-Toledo Partners*, 170 B.R. 602, 606 (Bankr. N.D. Ohio 1994). Diminution of an estate exists where, for example, the debtor's business has ceased or the debtor's liabilities outstrip its assets. *Toledo Partners*, 170 B.R. at 606; *In re CCN Realty Corp.*, 23 B.R. 261, 262 (Bankr. S.D.N.Y. 1982). Courts may find that there has been a diminution of the estate where it is shown that "the estate is suffering some diminution in value." *Toledo Partners*, 170 B.R. at 606 (*citing In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y. 1988)).

A debtor lacks "a reasonable likelihood of rehabilitation" where, for example, it lacks income, operating funds, employees, or "continuing revenue-generating activity." *See Citi-Toledo Partners*, 170 B.R. at 606-07, 609; *see also In re Johnston* 149 B.R. at 162 (debtor lacked income); *In Great American Pyramid Joint Venture*, 144 B.R. 780, 791 (Bankr. W.D. Tenn. 1992) (debtor lacked operating funds). Moreover, the fact that a liquidating plan could conceivably be proffered should not result in a finding that "a reasonable likelihood of rehabilitation" exists. "Although the Bankruptcy Code contemplates liquidating plans of reorganization in certain circumstances, the Court cannot equate the determination of whether [the debtor] possesses a reasonable likelihood of rehabilitation with [the debtor's] ability to effectuate a liquidating plan." *Toledo Partners*, 170 B.R. at 607. *See also In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir. 1985) ("The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state ... . '[I]f there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its raison d'etre ...' ") (citation omitted). Where a court finds "no reasonable possibility of reorganization," it need not delay conversion. *Johnston*, 149 B.R. at 162.

The Debtors are no longer operating their businesses. While the Trustee was prepared to file a plan of liquidation, based upon the administrative claims filed to date and the extent of unpaid allowed professional fees, there are currently insufficient funds to pay administrative

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   claims upon plan confirmation and the future recovery of funds is uncertain.

2   **D.     Conversion to Chapter 7, Not Dismissal, is in the Best Interests of Creditors.**

3             Conversion of these cases is in the best interests of creditors.  Conversion to chapter 7

4   will provide a fiduciary in the chapter 7 trustee who can utilize its powers under the Bankruptcy

5   Code to complete the administration of claims, reconcile amounts owed to the Estates by the

6   Buyers and liquidate any remaining assets in a manner designed to maximize values for the

7   benefit of the estates.  Dismissal, on the other hand, makes little sense given that bankruptcy will

8   provide a forum for claims administration, analysis and pursuit of third party claims and

9   avoidance actions that may be initiated for the benefit of all similarly situated creditors.  Given

10  the requirement that the Court convert or dismiss the cases upon a showing of cause, conversion

11  is the only realistic alternative in this instance.

### III.

### CONCLUSION

            For the reasons set forth herein, the Trustee respectfully requests that the Court (a)

convert these cases to cases under chapter 7 of the Bankruptcy Code, and (b) grant such other

and further relief as the Court deems just and appropriate.


Dated: January 31, 2019                    **PACHULSKI STANG ZIEHL & JONES LLP**

                                           */s/ Linda F. Cantor*
                                           ─────────────────────────
                                           Linda F. Cantor

                                           Counsel for David K. Gottlieb, Chapter 11
                                           Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1.      I am the duly appointed chapter 11 trustee ("Trustee") of the estates of Penthouse Global Media, Inc. ("PGMI") and its affiliated debtor entities whose cases are being jointly administered with the PGMI case.

2.      Unless otherwise indicated, all facts set forth in this Declaration are based on either (a) my personal knowledge, (b) information gathered by professionals rendering services to me), (c) my review of relevant documents including, without limitation, the court file in these Cases, or (d) my opinion based upon my experience and knowledge of the circumstances as described in the Motion.  If I were called to testify thereto, I could and would competently do so.

3.      I make this Declaration in support of the preceding *Notice Of Motion and Motion Of David K. Gottlieb, Chapter 11 Trustee, For Order Converting Cases To Chapter 7* (the "Motion").  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

4.      The Debtors' primary assets consisted of its intellectual property which includes Penthouse™, the iconic men's brand founded by Robert Guccione in 1965.  Penthouse Global Media, Inc., the lead Debtor in these administratively consolidated cases, owns the shares of the fourteen other Debtor entities.  The sole shareholder of PGMI is Kelly Holland.

5.      PGMI was comprised of four operating divisions through which it licensed and distributed its intellectual property: the broadcasting division (Penthouse Global Broadcasting, Inc. and its divisions General Media Entertainment Inc., Penthouse Digital Media, Inc. and Pure Entertainment Telecommunications), publishing (Penthouse Global Publishing, Inc.), licensing (Penthouse Global Licensing, Inc.) and digital (Penthouse Global Digital, Inc., operating websites).  Prior to its bankruptcy filing, Debtors' secured creditor, Dream Media Corporation ("Dream Media"), assignee of ExWorks Capital Fund I, Ltd., asserted a claim of approximately $10.4 million secured by all of the Debtors' assets.  In the face of alleged defaults under its debt obligations to Dream Media and Dream Media's asserted intent to file an application to appoint a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

receiver over the Debtors' businesses, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 11, 2018. On March 6, 2018, I was appointed chapter 11 Trustee of the Debtors' Estates.

6.    After my appointment, I retained counsel and financial advisors, Province Inc., who reviewed and analyzed the Debtors' business operations and financial condition, which was extremely difficult given the disarray of the Debtors' books and records. By mid-April, my professionals and I were able to determine that the Debtors had been losing substantial amounts of money on an operating basis. Although I was able to curtail some operating losses, it became readily apparent to me that a rehabilitation of the Debtors' business was not feasible and that a sale of the Debtors' assets, subject to overbid, was in the best interest of the Estates.

7.    After extended negotiations, I reached a settlement with Dream Media providing, *inter alia*, for the sale of substantially all of the Debtors' assets and a carve-out from Dream Media's collateral for the benefit of the Estates. Pursuant to that settlement, on June 4, 2018 an auction was held before the Bankruptcy Court and on June 15, 2018, the sale of substantially all of the Debtors' assets to Penthouse World Media, LLC, Penthouse World Broadcasting, LLC, Penthouse World Licensing, LLC, Penthouse World Digital, LLC and Penthouse World Publishing, LLC, assignee of WGCZ Ltd., S.R.O., the successful bidder at the auction, was consummated. I also entered into a settlement with Penthouse Clubs Global Licensing, LLC pursuant to which I caused the Estates to sell certain trademarks and granted a license for the use of related intellectual property to Penthouse Licensing. Following these sale closings, the Estates paid secured creditor Dream Media $9,710,000, in payment of its secured claim. Dream Media was assigned the right to pursue the Vice Coin Receivable (as defined in the Dream Media settlement agreement) for repayment of remaining debt obligations and also for the benefit of the Estates.

8.    The Debtors are no longer operating. The bar date for filing administrative claims was November 21, 2018. Administrative claims in the approximate amount of $1,562,393 have been filed including a claim filed by the Buyers exceeding $548,000. Based upon the asset purchase agreement between the Buyers and the Trustee, on behalf of the Debtors, and the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    records previously provided by Buyers' personnel, I am informed and believe the Buyers' (and

2    certain other alleged) administrative claims are vastly overstated and that, in fact, the Buyers owe

3    money to the Estates for accounts receivable erroneously paid to the Buyers. A document

4    production order requiring the Buyers to turn over data has been entered, subject to the terms of a

5    stipulation addressing confidential and privileged information. I am continuing to wait for

6    further documentation from the Buyers.

7         9.     The Estates are currently holding approximately $741,683.82. As noted, I am

8    informed and believe the Buyers still owe the Estates money and there are potential third party

9    claims that may be asserted by the Estates. The recovery prospects of the Vice Coin Receivable

10    are also being considered. However, the Estates are currently administratively insolvent. Per

11    order of the Court, I caused the Estates to hold back over $800,000 from the payment of allowed

12    chapter 11 professional fees and, while filed administrative claims are overstated, the Estates will

13    incur additional costs to litigate those claims. While I was prepared to file a plan of liquidation,

14    based upon the extent of asserted claims, there are insufficient funds to confirm a plan at this

15    time and the future recovery of funds is uncertain. At my request, my counsel consulted with

16    counsel for the Official Committee of Unsecured Creditors and the United States Trustee

17    regarding the case status and my determination that conversion to chapter 7 of the Bankruptcy

18    Code makes the most sense under the circumstances of these cases. I am informed and believe

19    that counsel for the committee and the U.S. Trustee do not dispute that determination.

20         10.     Provided that the Court approves the Motion and converts the cases, I will apply

21    to the Court to retain special claims litigation counsel to economically address administrative

22    claims and pursue third party actions on a contingency basis.

23         I declare under penalty of perjury under the laws of the United States of America that the

24    forgoing is true and correct.

25         Executed this 31st day of January, 2019, at Encino, California.

26

27                         David K. Gottlieb

28

*PACHULSKI STANG ZIEHL & JONES LLP*
*ATTORNEYS AT LAW*
*LOS ANGELES, CALIFORNIA*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION OF DAVID K. GOTTLIEB, CHAPTER 11 TRUSTEE, FOR ORDER CONVERTING CASES TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 31, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On January 31, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 31, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/ Courtroom 303
Woodland Hills, California  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 31, 2019 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:318772.2 32277/001

**F 9013-3.1.PROOF.SERVICE**

## 1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Russell Clementson on behalf of U.S. Trustee
United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor NOA
Productions SPRL
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor
Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

Allan B Gelbard on behalf of Other
Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgal
lc.com,akuras@dkgallc.com

David W. Meadows on behalf of Interested
Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor
Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party
Courtesy NEF
anahmias@mbnlawyers.com,
jdale@mbnlawyers.com

Aram Ordubegian on behalf of Creditor LSC
Communications US, LLC / Creel Printing
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor
Committee The Official Committee of
Unsecured Creditors
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.c
om

S Margaux Ross on behalf of U.S. Trustee
United States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor
Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested Party
Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor
Greenberg Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party
Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;lisa.spencer@b
bklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney Weiss
& Spees, LLP
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni
Ashe, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI
Online Ventures, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor General
Media Communications, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor General
Media Entertainment, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Digital Media Productions, Inc.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:318772.2 32277/001

**F 9013-3.1.PROOF.SERVICE**

mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Broadcasting, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Digital, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Licensing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Global Publishing, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Images Acquisitions, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure
Entertainment Telecommunications, Inc. fka
For Your Ears Only, Ltd.

mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Streamray Studios, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan
Door Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor XVHUB
Group, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Christopher K.S. Wong on behalf of Creditor
LSC Communications US, LLC / Creel
Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor
Dream Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor
Interested Party
bry@lnbyb.com

Brian L. Davidoff
bdavidoff@greenbergglusker.com

Jonathan Hayes jhayes@SRHLawFirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:318772.2 32277/001

**U.S. Bankruptcy Court**
**Central District of California (San Fernando Valley)**
**In re Penthouse Global Media, Inc., Case No. 18-10098-MB**

2.   **SERVED BY UNITED STATES MAIL**:

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq.
WEISS & SPEES LLP
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA  90048

*Trustee*
David Keith Gottlieb, Managing
Member
D. Gottlieb & Associates, LLC
17000 Ventura Blvd., Suite 300
Encino, California, 91403

*Office of U.S. Trustee*
Margaux S. Ross
915 Wilshire Blvd. , Suite 1850
Los Angeles, CA 90017

*Counsel for The Official Committee of
Unsecured Creditors*
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

*Committee Members*
DVD Factory Inc.
Representative: Steve Kalson
7230 Coldwater Canyon Ave.
North Hollywood, CA 91605

LSC Communications US, LLC / Creel Printing.
Representative: Dan Pevonk
4101 Winfield Rd.
Warrenville, IL 60555

TGG
Representative: Matthew A. Garrett, CEO
10188 Telesis Court
Suite 130
San Diego, CA 92121

Miller Law Group
Representative: Walter M. Stella
111 Sutter Street
San Francisco, CA 94104

Palm Coast Data
Representative: Neil Gordon
11 Commerce Blvd.
Palm Coast, FL 32164

*Interested Parties*
Kelly Holland
President and Chief Executive Officer
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Robert W. Campbell
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Allan B. Gelbard
Attorney at Law
15760 Ventura Boulevard, Suite 801
Encino, CA  91436

Mark A. Mintz
Attorney at Law
JONES WALKER
201 St. Charles Avenue
New Orleans, LA  70170-5100

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
201 St Charles Ave., Suite 3915
New Orleans, LA 70170

*Requests for Special Notice*
Howard J. Steinberg (CA SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA  90067

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

AKERMAN LLP
CAROLINE H. MANKEY (SBN
187302)
caroline.mankey@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071

Scott Eisner
21300 Victory Blvd., Suite 520
Woodland Hills, CA  91367

Walter Bowser
Director
Province
17000 Ventura Blvd, Suite 300
Encino, CA 91316

Aram Ordubegian (SBN 185142)
Robert M. Hirsh (*pro hac vice*
application to be submitted)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**