1  Linda F. Cantor (CA Bar No. 153762)
   PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
3  Telephone: 310/277-6910
   Facsimile: 310/201-0760
4  E-mail:  lcantor@pszjlaw.com

5
   Proposed Attorneys for David K. Gottlieb, Chapter 7
6  Trustee

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SAN FERNANDO VALLEY DIVISION

11 In re:                                Cases No.: 1:18-bk-10098-MB

12 PENTHOUSE GLOBAL MEDIA, INC.,          Chapter 7

13                          Debtor.       Jointly Administered with Cases Nos.:
                                          1:18-bk-10099-MB; 1:18-bk-10101-MB;
14                                         1:18-bk-10102-MB; 1:18-bk-10103-MB;
   ☒ Affects All Debtors                   1:18-bk-10104-MB; 1:18-bk-10105-MB;
15                                          1:18-bk-10106-MB; 1:18-bk-10107-MB;
   ☐ Affects Penthouse Global Broadcasting, Inc.  1:18-bk-10108-MB; 1:18-bk-10109-MB;
16 ☐ Affects Penthouse Global Licensing, Inc.  1:18-bk-10110-MB; 1:18-bk-10111-MB;
   ☐ Affects Penthouse Global Digital, Inc.  1:18-bk-10112-MB; 1:18-bk-10113-MB
17 ☐ Affects Penthouse Global Publishing, Inc.
   ☐ Affects GMI Online Ventures, Ltd.     CHAPTER 7 TRUSTEE'S APPLICATION
18 ☐ Affects Penthouse Digital Media Productions, Inc.  FOR AN ORDER AUTHORIZING AND
   ☐ Affects Tan Door Media, Inc.          APPROVING THE EMPLOYMENT OF
19 ☐ Affects Penthouse Images Acquisitions, Ltd.  PACHULSKI STANG ZIEHL & JONES
   ☐ Affects Pure Entertainment Telecommunications, Inc.  LLP, AS HIS GENERAL BANKRUPTCY
20                                          COUNSEL EFFECTIVE MARCH 12,
   ☐ Affects XVHUB Group, Inc.             2019; DECLARATION OF LINDA F.
21 ☐ Affects General Media Communications, Inc.  CANTOR
   ☐ Affects General Media Entertainment, Inc.
22 ☐ Affects Danni Ashe, Inc.              [No Hearing Required Per Local Bankruptcy
23 ☐ Affects Streamray Studios, Inc.       Rule 2014-1(b)]

24

25      David K. Gottlieb, the duly appointed Chapter 7 trustee (the "Trustee") in the jointly

26 administered bankruptcy cases (the "Cases") of Penthouse Global Media, Inc. and its debtor

27 affiliates (collectively, the "Debtors"), hereby applies to the Court (the "Application"), solely in his

28 capacity as chapter 7 trustee for the Debtors' bankruptcy estates (the "Estates"), for entry of an order

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

authorizing the Trustee's retention and employment of Pachulski Stang Ziehl & Jones LLP

("PSZ&J" or the "Firm"), whose business offices are located at 10100 Santa Monica Boulevard, 13ᵗʰ

Floor, Los Angeles, California 90067, as his general bankruptcy counsel effective as of March 12,

2019.

This Application is brought pursuant to section 327 of title 11 of the United States Code (the

"Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule

2014-1. In support of the Application, the Trustee represents as follows:

## I.

## BACKGROUND

On January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of

the Bankruptcy Code, which Cases are being jointly administered under lead case number 1:18-bk-

10098-MB [Docket No. 17]. On March 2, 2018, the Court entered an order directing the

appointment of a chapter 11 Trustee [Docket No. 231]. On March 6, 2018, the United States Trustee

filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236]. On that same day, the Court

entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

On January 31, 2019, the Trustee filed a *Notice of Motion and Motion for Order Converting

Cases to Chapter 7* [Docket No. 790] (the "Conversion Motion"). The Bankruptcy Court entered its

Order converting the Cases to Cases under chapter 7 of the Bankruptcy Code [Docket No. 810] (the

"Conversion Order") on March 12, 2019, and the Office of the United States Trustee appointed

David K. Gottlieb as the chapter 7 trustee in the Cases [Docket No. 812]. The Cases continue to be

jointly administered under Case No.: 1:18-bk-10098-MB.

## II.

## RELIEF REQUESTED AND SCOPE OF SERVICES

The Trustee seeks Court approval to retain PSZJ, effective as of March 12, 2019, to provide

the legal services to the Trustee that will be required to administer these Cases under chapter 7 of the

Bankruptcy Code. The Trustee desires to retain PSZJ because of its particular expertise in the areas

of insolvency, bankruptcy, and other debtor/creditor matters. Moreover, PSZJ is most familiar with

these Cases, having served as counsel to the Chapter 11 Trustee pursuant to the *Order Authorizing*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:319112.5 32277/001

*And Approving Chapter 11 Trustee's Application To Employ Pachulski Stang Ziehl & Jones LLP As General Bankruptcy Counsel Effective March 6, 2018* [Dkt. No. 375]. In addition to its knowledge of the facts and issues in these Cases, PSZJ has served as general bankruptcy counsel to chapter 7 and 11 trustees in many cases and to a wide range of debtors in various industries. In addition, PSZJ has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. PSZJ also has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out of court restructurings. A copy of the resume Linda F. Cantor, the PSZJ attorney who is expected to be principally responsible for the Cases is attached to the Declaration of Linda F. Cantor (the "Cantor Declaration") as Exhibit "A". PSZJ's depth of experience in bankruptcy makes it well qualified to represent the Trustee. More information about PSZJ is available at its website, www.pszjlaw.com. Therefore, the Trustee believes that PSZJ's retention is in the best interest of the Estates.

The Trustee desires to retain PSZJ, at the expense of the Estates, to undertake such tasks as required by the Trustee, including, but not limited to, the following –

(a)    Advising the Trustee concerning the rights and remedies of the Estates in regard to the assets of the Estates, and with respect to the secured, priority and unsecured claims of creditors;

(b)    Representing the Trustee in connection with financial and business matters, including the sale of any remaining assets;

(c)    Representing the Trustee in connection with investigation and analysis of potential causes of action, and to assist in the litigation thereof if warranted and directed by the Trustee;

(d)    Investigating and analyzing preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

(e)    Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the Estates may be litigated or affected;

(f)    Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and papers, etc.;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

(g)    Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the Estates; and

(h)    Rendering such other advice and services as the Trustee may require in connection with these cases.

The Trustee is seeking to employ special litigation and claims counsel in these Cases to prosecute certain claim objections and pursue causes of action against third parties including, without limitation, avoidance actions ("Special Litigation Counsel"). The Trustee will ensure that there is no duplication of the services to be performed by PSZJ and by those of Special Litigation Counsel.

## III.

### PSZ&J'S DISCLOSURES

To the best of the Trustee's knowledge and based upon the Cantor Declaration attached hereto, neither PSZJ nor any of its partners, of counsel, or associates has any connection with the Debtors, any creditor of the Estates, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except (a) PSZJ has served as counsel to the Chapter 11 Trustee in these Cases, and (b) to the extent set forth in the Declaration of Linda F. Cantor appended hereto.[1]

## IV.

### PSZ&J'S COMPENSATION

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay PSZJ its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The hourly rate of Linda Cantor, the attorney currently expected to be principally responsible for the Cases, is $1,025, effective as of January 1, 2019. The hourly rate for Beth Dassa,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The Trustee respectfully requests that the Court take judicial notice of the Chapter 11 Trustee's Application, the Prior Cantor Declaration and the record in these Cases pursuant to Federal Rule of Evidence 201.

4

DOCS_LA:319112.5 32277/001

the paralegal assigned to the Cases, is $395. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached to the Cantor Declaration as Exhibit "B".

The Firm has not received any retainer in contemplation of its proposed employment by the Chapter 7 Trustee. However, it is contemplated that the Firm may seek compensation during the Cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in these Cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f) and must be filed with the Court and served upon the Trustee, its proposed counsel, and the United States Trustee no later than fourteen (14) days from the date of service of notice of the filing of the Application.

Notice of filing of this Application was provided to the Office of the United States Trustee, the Debtors and their counsel of record, the official committee of unsecured creditors and its counsel, and all parties who filed and served a request for special notice as of the date of service of the Notice.

**WHEREFORE**, the Trustee requests that this Court approve the employment of Pachulski Stang Ziehl & Jones LLP, as his general bankruptcy counsel, effective as of March 12, 2019 to render services as described above, with compensation to be paid by the Estates as an administrative expense in such amounts as this Court may hereafter determine and allow.

Dated: April 10, 2019

By: _____
David K. Gottlieb
Chapter 7 Trustee

PACHULSKI STANG ZIEHL & JONES LLP.
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5

DOCS_LA:319112.4 32277/001

1   Linda F. Cantor (CA Bar No. 153762)
    PACHULSKI STANG ZIEHL & JONES LLP
2   10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA 90067
3   Telephone: 310/277-6910
    Facsimile: 310/201-0760
4   E-mail: lcantor@pszjlaw.com

5
    Proposed Attorneys for David K. Gottlieb, Chapter 7 Trustee
6

7                    UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                    SAN FERNANDO VALLEY DIVISION

10  | In re:                                  | Cases No.: 1:18-BK-10098-MB |
    |                                         |                              |
11  | PENTHOUSE GLOBAL MEDIA, INC.,           | Chapter 7                    |
12  |                                         | Jointly Administered with Cases Nos.: |
    |                      Debtor.            | 1:18-bk-10099-MB; 1:18-bk-10101-MB; |
13  |                                         | 1:18-bk-10102-MB; 1:18-bk-10103-MB; |
    |                                         | 1:18-bk-10104-MB; 1:18-bk-10105-MB; |
14  | ☒ Affects All Debtors                   | 1:18-bk-10106-MB; 1:18-bk-10107-MB; |
    | ☐ Affects Penthouse Global Broadcasting, Inc. | 1:18-bk-10108-MB; 1:18-bk-10109-MB; |
15  | ☐ Affects Penthouse Global Licensing, Inc. | 1:18-bk-10110-MB; 1:18-bk-10111-MB; |
    | ☐ Affects Penthouse Global Digital, Inc. | 1:18-bk-10112-MB; 1:18-bk-10113-MB |
16  | ☐ Affects Penthouse Global Publishing, Inc. |                              |
17  | ☐ Affects GMI Online Ventures, Ltd.     | **DECLARATION OF LINDA F. CANTOR** |
    | ☐ Affects Penthouse Digital Media Productions, Inc. | **IN SUPPORT OF CHAPTER 7 TRUSTEE'S** |
18  | ☐ Affects Tan Door Media, Inc.          | **APPLICATION TO EMPLOY** |
    | ☐ Affects Penthouse Images Acquisitions, Ltd. | **PACHULSKI STANG ZIEHL & JONES** |
19  | ☐ Affects Pure Entertainment Telecommunications, Inc. | **LLP AS GENERAL BANKRUPTCY** |
    | ☐ Affects XVHUB Group, Inc.             | **COUNSEL EFFECTIVE MARCH 12, 2019** |
20  | ☐ Affects General Media Communications, Inc. |                              |
21  | ☐ Affects General Media Entertainment, Inc. |                              |
22  | ☐ Affects Danni Ashe, Inc.              |                              |
    | ☐ Affects Streamray Studios, Inc.       |                              |
23

24          I, Linda F. Cantor, declare and state as follows:

25          1.      I am a partner of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm")[2] and am

26  duly admitted to practice in the State of California and before this Court.

27

28
    _____
    [2] Capitalized terms not defined herein have the meanings used in the Application.

DOCS_LA:319112.5 32277/001

2.      I make this declaration in support of the application (the "Application") filed by David K. Gottlieb, Chapter 7 Trustee ("Trustee") of the Estates of Penthouse Global Media, Inc. and to related debtor subsidiaries (collectively, the "Debtor"), to employ PSZJ as his general bankruptcy counsel, effective as of March 12, 2019.

3.      The name, address, telephone number, and facsimile number of the Firm are as follows:

> Pachulski Stang Ziehl & Jones LLP
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, California 90067
> Telephone:  (310) 277-6910
> Facsimile:  (310) 201-0760

4.      The Firm has particular expertise in the areas of insolvency, bankruptcy and other debtor/creditor matters. The Firm served as counsel to David K. Gottlieb in his capacity as the Chapter 11 Trustee in these Cases pursuant to the *Order Authorizing And Approving Chapter 11 Trustee's Application To Employ Pachulski Stang Ziehl & Jones LLP As General Bankruptcy Counsel Effective March 6, 2018* [Dkt. No. 375]. Consequently, the Firm is very familiar with the facts and issues in these Cases.

5.      The Firm has also served as general bankruptcy counsel to chapter 7 and 11 trustees in many cases and to a wide range of debtors in various industries. The Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases and, in addition, the Firm has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out of court restructurings. As I will be the attorney at the Firm who is expected to be principally responsible for the representation of the Trustee in the chapter 7 bankruptcy cases of Penthouse Global Media, Inc. and its affiliated debtor entities (the "Cases"), a copy of my resume is attached hereto as Exhibit "A".

6.      The Trustee desires to retain the Firm, at the expense of the chapter 7 Estates, to undertake such tasks as required by the Trustee, including, but not limited to the following:

(a)      Advising the Trustee concerning the rights and remedies of the Estates in regards to the assets of the Estates, and with respect to the secured, priority and unsecured claims of creditors;

7

1       (b)    Representing the Trustee in connection with financial and business matters,

2   including the sale of any remaining assets;

3       (c)    Representing the Trustee in connection with the investigation and analysis of

4   potential causes of action, and to assist in litigation thereof if warranted and directed by the Trustee;

5       (d)    Investigating and analyzing preference, fraudulent transfer and other actions,

6   if any, arising under the Trustee's avoiding powers;

7       (e)    Representing the Trustee in any proceeding or hearing in the Bankruptcy

8   Court, and in any action in other courts where the rights of the Estates may be litigated or affected;

9       (f)    Conducting examinations of witnesses, claimants, or adverse parties and

10   preparing and assisting in the preparation of motions, applications, answers, orders, memoranda,

11   reports and papers, etc.;

12       (g)    Advising the Trustee concerning the requirements of the Bankruptcy Code

13   and Rules and the requirements of the Office of the United States Trustee relating to the

14   administration of the Estates; and

15       (h)    Rendering such other advice and services as the Trustee may require in

16   connection with the Cases.

17       7.    Notwithstanding the foregoing, the Firm understands that the Trustee is seeking to

18   employ special litigation and claims counsel in these Cases to prosecute certain claim objections and

19   pursue causes of action against third parties including, without limitation, avoidance actions

20   ("Special Litigation Counsel").  The Firm will not duplicate the services to be performed by Special

21   Litigation Counsel.

22       8.    To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or

23   associates has any connection with the Debtors, any creditor of the Estates, any party in interest,

24   their respective attorneys or accountants, the United States Trustee, or any person employed in the

25   Office of the United States Trustee, except (a) PSZJ has served as counsel to the Chapter 11 Trustee

26   in these Cases, and (b) to the extent set forth in my prior declaration (the "Prior Cantor Declaration")

27   filed in support of the *Chapter 11 Trustee's Application to Employ Pachulski Stang Ziehl & Jones*

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

1  *LLP as General Bankruptcy Counsel Effective March 6, 2018* (the "Chapter 11 Trustee's

2  Application") [Docket No. 297], a copy of which is attached hereto as Exhibit "C".

3       9.    To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or

4  associates is an equity security holder or an "insider" of the Debtors as that term is defined in section

5  101(31) of the Bankruptcy Code.

6       10.    To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or

7  associates (a) is or was, within two years before the date of the filing of the petition, a director,

8  officer, or employee of the Debtors, or (b) holds a prepetition claim against the Debtors. PSZJ has

9  incurred professional fees in connection with its representation of the Chapter 11 Trustee. PSZJ's

10  fees and expenses through August 31, 2018 were approved by the Court, and payment of

11  approximately 68% of the Firm's fees and expenses was authorized.[3] PSZJ will seek approval of

12  additional Chapter 11 fees and expenses, upon notice and hearing, at a later date.

13       11.    To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or

14  associates has any interest materially adverse to the interest of the Estates or of any class of creditors

15  or equity security holders, by reason of any direct or indirect relationship to, connection with, or

16  interest in the Debtors for any other reason. Accordingly, PSZJ and its partners, of counsel, and

17  associates are "disinterested persons" as that term is defined and used in sections 101(14) and 327 of

18  the Bankruptcy Code with respect to the Chapter 7 Estates.

19       12.    The Firm conducted an extensive conflicts check relating to its proposed retention as

20  counsel for the Chapter 7 Trustee, including the Debtors, equity holder of Penthouse Global Media,

21  Inc., Debtors' directors, their secured lender, professionals and all creditors of each of the Debtors.

22  Thus far, the Firm has not encountered any creditors of the Debtors or parties in interest in which an

23  actual conflict exists between the Firm and such parties. If, at any subsequent time during the course

24  of these proceedings, the Firm learns of any other representation which may give rise to a conflict,

25  the Firm will promptly file with the Court and the Office of the United States Trustee an amended

26  declaration identifying and specifying such involvement.

27

28  [3] See *Order Granting Interim Fee Applications Filed By 1) David K. Gottlieb, Chapter 11 Trustee; 2) Akerman LLP; 3) BPE&H; 4) Pachulski Stang Ziehl & Jones LLP; 5) Province, Inc.; 6) Raines Feldman LLP, and 7) Weiss & Spees, LLP On An Interim Basis* [Dkt. No. 715].

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

13.     Given the Firm's extensive experience representing various parties in interest in bankruptcy proceedings throughout the United States, the Firm may have represented creditors' committees in other cases in which the members of such committees or their constituencies have included creditors and current or former creditors of the Debtors; however, PSZJ is not representing any of those entities in the Cases and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtors.

14.     To the best of my knowledge, PSZJ and certain of its shareholders, counsel and associates may have in the past represented, and may currently represent and will likely in the future represent creditors of the Debtors in connection with matters unrelated to the Debtors and these Cases. The list of creditors in these cases is set forth on Exhibit "D" hereto.

15.     To the best of my knowledge, PSZJ may retain various professionals during the pendency of these Cases, and the Trustee may retain other professionals in the future.  PSZJ has previously worked with and will continue to work with certain of these professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

16.     The Firm has represented and, in some cases, continues to represent the Trustee, solely in the capacity as trustee or examiner in bankruptcy cases that were or are pending in the Central District of California that are unrelated to these Cases.

17.     Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies.   My hourly rate is $1,025, effective as of January 1, 2019. The hourly rate for Beth Dassa, the paralegal assigned to the Cases, is $395. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached hereto as Exhibit "B".

18.     The Firm has not received any retainer in contemplation of its proposed employment. However, it is contemplated that the Firm will seek compensation during the Cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the Cases is subject to the prior approval of this Court. No compensation will be

10

DOCS_LA:319112.5 32277/001

paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

19.    The attorneys at the Firm that will be involved in the Cases are familiar with the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules and will comply with them.

To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 11th day of  April, 2019, at Los Angeles, California.

Linda F. Cantor

DOCS_LA:319112.5 32277/001

# Exhibit A

PACHULSKI
STANG
ℰ ZIEHL
JONES



10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003

# Linda F. Cantor

Tel: 310.277.6910    |    lcantor@pszjlaw.com

**EDUCATION**

University of Michigan (A.B.,
with high distinction)

University of Michigan (M.S.
W.)

University of Michigan (J.D.,
*cum laude*)

**BAR AND COURT
ADMISSIONS**

1988, Illinois

1991, California

Ms. Cantor's practice focuses on representing companies and creditor representatives in financial restructurings and bankruptcy reorganizations. Ms. Cantor has substantial experience representing debtors, trustees, secured creditors and official creditors' committees in chapter 11 bankruptcy cases. She is a graduate of the University of Michigan, where she later received her J.D. She holds an AV Preeminent Peer Rating, Martindale-Hubbell's highest recognition for ethical standards and legal ability, and was listed among the Top Women Attorneys in Southern California for Bankruptcy by Super Lawyers. She was also listed in the 2018 and 2019 editions of *Best Lawyers*. Ms. Cantor, a member of the firm since 1990, is admitted to practice in Illinois and California, and is a resident in our Los Angeles office.

## Representations

Chapter 11 debtors in American Suzuki Motor Corporation, Woodside Homes (formerly one of the nation's largest privately owned homebuilders), Ownlt Mortgage Solutions (formerly a major national subprime lender and loan originator), Prime Measurement Products, Whitehouse Hotels (developer of the Ritz Carlton Hotel and related developments in New Orleans, Louisiana), Breed Technologies (manufacturer of crash sensors and airbag systems), American Rice, Focal Communications, Gateway Educational Products (developer of "Hooked on Phonics"), Imperial Aluminum; Vulcan Metal Products, Dana Corporation, Ocean Park Hotels, Arlie & Company

Chapter 11 trustees in New Val Ford dba Magic Ford (formerly the nation's 5th largest Ford dealership), 21st Century Film Corporation, NSB Film Corporation, Georges Marciano; The Tulving Company; Penthouse Global Media

PACHULSKI
STANG
ZIEHL
JONES

Linda F. Cantor (Cont.)

Court-appointed receiver in Mazda and Kia Superstores

Creditors' committees in Loews Cineplex Entertainment, B.U.M.
International, The Boston Stores, Madison Associates (formerly Pannell Kerr
Foster), C&R Clothiers

## Programs and Lectures

ABI Winter Leadership Conference (issues arising in hotel bankruptcy
cases);

ABI Southwest Bankruptcy Conference (post-confirmation/jurisdiction);

California Bankruptcy Forum (ethics matters)

## Publications

"The Impact of Bankruptcy on Entertainment License Agreements:
Protecting the Rights of Debtor Licensees," 19 *California Bankruptcy Journal*
225 (1991)

# Exhibit B

EXHIBIT

# HOURLY BILLING RATES FOR PROFESSIONALS AND PARAPROFESSIONALS OF
## PACHULSKI STANG ZIEHL & JONES LLP
### JANUARY 2019 RATES

| Partners | Billing Rate |
|---|---|
| Isaac M. Pachulski | $1,395.00 |
| Jeffrey H. Davidson | $1,395.00 |
| Richard M. Pachulski | $1,345.00 |
| Laura Davis Jones | $1,245.00 |
| Dean A. Ziehl | $1,145.00 |
| James I. Stang | $1,145.00 |
| Robert J. Feinstein | $1,145.00 |
| Scott L. Hazan | $1,145.00 |
| David J. Barton | $1,145.00 |
| Ira D. Kharasch | $1,095.00 |
| Jeremy V. Richards | $1,095.00 |
| Robert B. Orgel | $1,095.00 |
| Alan J. Kornfeld | $1,095.00 |
| Richard E. Mikels | $1,075.00 |
| Andrew W. Caine | $1,050.00 |
| Debra Grassgreen | $1,050.00 |
| Henry C. Kevane | $1,025.00 |
| Jeffrey N. Pomerantz | $1,025.00 |
| David M. Bertenthal | $1,025.00 |
| John A. Morris | $1,025.00 |
| Linda F. Cantor | $1,025.00 |
| Stanley E. Goldich | $1,025.00 |
| Iain A.W. Nasatir | $975.00 |
| Kenneth H. Brown | $975.00 |
| Bradford J. Sandler | $975.00 |
| John D. Fiero | $925.00 |
| Maxim B. Litvak | $925.00 |
| William N. Lobel | $895.00 |
| James E. O'Neill | $895.00 |
| Joshua M. Fried | $895.00 |
| Jeffrey W. Dulberg | $850.00 |
| Nina L. Hong | $775.00 |
| Gabriel I. Glazer | $835.00 |
| Ilan D. Scharf | $775.00 |
| John W. Lucas | $775.00 |
| Timothy P. Cairns | $750.00 |
| Teddy M. Kapur | $725.00 |

| Of Counsel | Billing Rate |
|---|---|
| Richard J. Gruber | $1,095.00 |
| Daryl G. Parker | $975.00 |
| James E. Mahoney | $975.00 |
| James K.T. Hunter | $975.00 |
| Steven J. Kahn | $975.00 |
| Harry D. Hochman | $925.00 |
| Shirley S. Cho | $895.00 |
| Victoria A. Newmark | $895.00 |
| Gina F. Brandt | $795.00 |
| Jason S. Pomerantz | $825.00 |
| Jeffrey Kandel | $850.00 |
| Jonathan J. Kim | $850.00 |
| Malhar S. Pagay | $825.00 |
| Michael R. Seidl | $795.00 |
| Beth E. Levine | $795.00 |
| Erin Gray | $795.00 |
| Gail S. Greenwood | $795.00 |
| Jeffrey P. Nolan | $795.00 |
| Robert M. Saunders | $795.00 |
| Colin R. Robinson | $795.00 |
| Elissa A. Wagner | $775.00 |
| Miriam Manning | $775.00 |
| William L. Ramseyer | $775.00 |
| Gillian N. Brown | $775.00 |
| Tavi C. Flanagan | $695.00 |
| Peter J. Keane | $695.00 |
| Cia H. Mackle | $650.00 |

| Associates | |
|---|---|
| Jason H. Rosell | $695.00 |
| Joseph M. Mulvihill | $575.00 |
| Steven W. Golden | $575.00 |

| Paralegals | Billing Rate |
|---|---|
| Elizabeth C. Thomas | $395.00 |
| Beth D. Dassa | $395.00 |
| Patricia J. Jeffries | $395.00 |
| Felice S. Harrison | $395.00 |
| Karina K. Yee | $395.00 |
| Patricia E. Cuniff | $395.00 |
| La Asia S. Canty | $395.00 |
| Nancy P F Lockwood | $395.00 |
| Cheryl A. Knotts | $375.00 |
| Michael A. Matteo | $375.00 |

| Law Library Dir. | |
|---|---|
| Leslie A. Forrester | $425.00 |

| Law Clerks/Clerks | |
|---|---|
| Sheryle L. Pitman | $325.00 |
| Beatrice M. Koveleski | $325.00 |
| Charles J. Bouzoukis | $325.00 |
| Andrea R. Paul | $325.00 |
| Karen S. Neil | $325.00 |

# Exhibit C

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Linda F. Cantor (CA Bar No. 153762)
     PACHULSKI STANG ZIEHL & JONES LLP
2    10100 Santa Monica Blvd., 13th Floor
     Los Angeles, CA  90067
3    Telephone: 310/277-6910
     Facsimile: 310/201-0760
4    E-mail:  lcantor@pszjlaw.com

5
     Proposed Attorneys for David K. Gottlieb, Chapter 11 Trustee
6

7
8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SAN FERNANDO VALLEY DIVISION

11   In re:                                    Cases No.: 1:18-BK-10098-MB

12   PENTHOUSE GLOBAL MEDIA, INC.,             Chapter 11

13                           Debtor.           Jointly Administered with Cases Nos.:
                                               1:18-bk-10099-MB; 1:18-bk-10101-MB;
14   ☒ Affects All Debtors                     1:18-bk-10102-MB; 1:18-bk-10103-MB;
                                               1:18-bk-10104-MB; 1:18-bk-10105-MB;
15   ☐ Affects Penthouse Global Broadcasting, Inc.  1:18-bk-10106-MB; 1:18-bk-10107-MB;
                                               1:18-bk-10108-MB; 1:18-bk-10109-MB;
16   ☐ Affects Penthouse Global Licensing, Inc.  1:18-bk-10110-MB; 1:18-bk-10111-MB;
     ☐ Affects Penthouse Global Digital, Inc.  1:18-bk-10112-MB; 1:18-bk-10113-MB
17   ☐ Affects Penthouse Global Publishing, Inc.
                                               CHAPTER 11 TRUSTEE'S APPLICATION
18   ☐ Affects GMI Online Ventures, Ltd.       TO EMPLOY PACHULSKI STANG ZIEHL
     ☐ Affects Penthouse Digital Media Productions, Inc.  & JONES LLP AS GENERAL
19   ☐ Affects Tan Door Media, Inc.            BANKRUPTCY COUNSEL EFFECTIVE
                                               MARCH 6, 2018; DECLARATION OF
20   ☐ Affects Penthouse Images Acquisitions, Ltd.  LINDA F. CANTOR IN SUPPORT
     ☐ Affects Pure Entertainment Telecommunications, Inc.  THEREOF
21   ☐ Affects XVHUB Group, Inc.
     ☐ Affects General Media Communications, Inc.
22   ☐ Affects General Media Entertainment, Inc.
     ☐ Affects Danni Ashe, Inc.
23   ☐ Affects Streamray Studios, Inc.

24

25   TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE,
     THE DEBTORS AND THEIR COUNSEL OF RECORD, THE SECURED LENDER,
26   OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES REQUESTING SPECIAL
     NOTICE:
27
           David K. Gottlieb, the duly appointed chapter 11 trustee (the "Trustee") in the above-
28
     captioned bankruptcy cases of Penthouse Global Media, Inc. and its debtor affiliates (collectively,

the "Debtors"), hereby files this application (the "Application") to employ Pachulski Stang Ziehl &

Jones LLP ("PSZJ") as general bankruptcy counsel to the Trustee in these cases (the "Cases"),

effective as of March 6, 2018. This Application is brought pursuant to section 327(a) of title 11 of

the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014, and

Local Bankruptcy Rule 2014-1. In support of the Application, the Trustee respectfully represents as

follows:

        1.      On January 11, 2018, the Debtors each filed voluntary petitions for relief under

chapter 11 of the Bankruptcy Code, which cases are being jointly administered under cases number

1:18-bk-10098-MB [Docket No. 17].

        2.      On March 2, 2018, the Court entered an order directing the appointment of a Chapter

11 Trustee [Docket No. 231].

        3.      On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter
11 Trustee* [Docket No. 236]. On that same day, the Court entered an order approving the

appointment of David K. Gottlieb as Trustee [Docket No. 239].

        This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue is proper pursuant to

28 U.S.C. § § 1408 and 1409.

## I.

## RELIEF REQUESTED

        The Trustee seeks Court approval to retain PSZJ, effective as of March 6, 2018, to provide

the legal services to the Trustee that will be required to administer these Cases. The Trustee desires

to retain PSZJ because of its particular expertise in the areas of insolvency, business reorganization,

and other debtor/creditor matters. PSZJ has served as general bankruptcy counsel to chapter 7 and 11

trustees in many cases and to a wide range of debtors in various industries. In addition, PSZJ has

served as counsel to unsecured creditors' committees in numerous chapter 11 cases. PSZJ also has

extensive experience in representing individual creditors, special interest committees, asset

purchasers and investors in both in and out of court restructurings. Copies of the resumes of PSZJ's

attorneys who are expected to be principally responsible for the Cases are attached to the Declaration

of Linda F. Cantor (the "Cantor Declaration") as Exhibit A. PSZJ's depth of experience in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    bankruptcy makes it well qualified to represent the Trustee. More information about PSZJ is

2    available at its website, www.pszjlaw.com. Therefore, the Trustee believes that PSZJ's retention is

3    in the best interest of the estates.

4    　　　　The Trustee desires to retain PSZJ, at the expense of the Estates, to undertake such tasks as

5    required by the Trustee, including, but not limited to, the following:

6    　　　　(a)    Advising the Trustee concerning the rights and remedies of the estates in regard to the

7    assets of the estates, and with respect to the secured, priority and unsecured claims of creditors;

8    　　　　(b)    Representing the Trustee in connection with financial and business matters, including

9    the sale of any assets;

10    　　　　(c)    Representing the Trustee in connection with investigation of potential causes of

11    action, and the litigation thereof if warranted and directed by the Trustee;

12    　　　　(d)    Investigating and prosecuting preference, fraudulent transfer and other actions, if any,

13    arising under the Trustee's avoiding powers;

14    　　　　(e)    Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and

15    in any action in other courts where the rights of the estates may be litigated or affected;

16    　　　　(f)    Conducting examinations of witnesses, claimants, or adverse parties and preparing

17    and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and

18    papers, etc.;

19    　　　　(g)    Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules

20    and the requirements of the Office of the United States Trustee relating to the administration of the

21    estates; and

22    　　　　(h)    Rendering such other advice and services as the Trustee may require in connection

23    with these Cases.

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

## II.

## DISINTERESTEDNESS

To the best of the Trustee's knowledge and based upon the Cantor Declaration attached hereto, neither PSZJ nor any of its partners, of counsel, or associates has any connection with the Debtors, any creditor of the estates, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth in the Cantor Declaration.

In particular, the Cantor Declaration discloses the following:

(a)    Robert J. Feinstein, a partner in the Firm's New York Office who joined the Firm in September 2001, represented General Media, Inc. ("GMI") and certain of its affiliates in relation to general business matters:[1] GMI, along with its direct and indirect subsidiaries, was a publishing, online and entertainment company engaged in the publication and sale of Penthouse magazine and four affiliate magazines, various adult-oriented entertainment products and services, the licensing of its trademarks to foreign countries and live entertainment clubs.

(b)    Prior to joining the Firm, a law firm of which Mr. Feinstein was a member also represented Penthouse Mayflower Corporation and Columbus Plaza Site Associates (both wholly-owned subsidiaries of GMI). Such representation was terminated as of August 31, 2001.

(c)    In August 2003, GMI filed for protection under chapter 11 of the Bankruptcy Code and the Firm served as general bankruptcy counsel for GMI and the following debtor affiliates: General Media Art Holding, Inc., General Media Communications, Inc., General Media Entertainment, Inc., General Media (UK), Ltd., GMCI Internet Operations, Inc., GMI On-Line Ventures, Ltd., Penthouse Images Acquisitions, Ltd., and Pure Entertainment Telecommunications, Inc.

(d)    Through their chapter 11 plan, which became effective on or about October 5, 2004, ownership of GMI was transferred to its bondholders and Penthouse Media Group, Inc. ("PMGI"),

---

[1] The GMI related entities were: Penthouse International, Inc. ("PII"), (which held a majority ownership interest in GMI); Robert C. Guccione (who owned 66⅔ of GMI); General Media Fine Arts, Inc. (a wholly owned subsidiary of GMI); Locusts on Hudson River Corp. (a wholly owned subsidiary of GMI); Penthouse Clubs International Establishment (a wholly owned subsidiary of GMI); and Penthouse Financial Services, N.V. (a wholly owned subsidiary of GMI). Mr. Feinstein had represented GMI and these entities since May 1998.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  became the successor to the GMI debtors. Prior equity received no value on account of its interests.

2  The Firm filed its notice of withdrawal as counsel for the reorganized PMGI on or about September

3  1, 2005.

4      (e) No further services were provided by the Firm to PMGI, its successor FriendFinder

5  Networks Inc. ("FFN") or any affiliate of such entities or any affiliate of GMI after September 2005.

6      (f)    In July 2007, FFN filed a third-party action against Pachulski, Stang, Ziehl, Young,

7  Jones & Weintraub, P.C., a predecessor of the Firm ("PSZJW") in an action commenced by a former

8  employee of PMGI against FFN (the "Krynicki Action"). In September 2008, FFN commenced a

9  third-party action against PSZJW in an action commenced by Mr. Guccione against FFN (the

10  "Guccione Action"). The two actions were settled by the Firm. The Krynicki Action was dismissed

11  in March, 2011, and the Guccione Action was dismissed in October 2011.

12      (g)    The Firm has no personal knowledge regarding PMGI, its successors or affiliates

13  after its withdrawal as counsel of record for PMGI in September 2005.

14      Nevertheless, in connection with the Firm's conflicts check and to confirm that the Firm

15  meets the Bankruptcy Code's requisite "disinterested" standard, the Firm reviewed the public

16  records regarding various transactions involving PMGI and its successors subsequent to the

17  termination of its representation in September 2005. Those transactions are described in pleadings

18  filed in the Bankruptcy Court Docket of the Chapter 11 case of PGMI Holdings, Inc., et al., Case No.

19  13-12404, filed on September 17, 2013, in the District of Delaware (the "PGMI Holdings Case").

20  The description of transactions set forth in the following two paragraphs are set forth in the

21  *Declaration of Ezra Shashoua in Support of the Debtors' Chapter 11 Petitions and Requests for*

22  *First Day Relief* [Dkt. No. 16 in the PGMI Holdings Case] (the "Shashoua Declaration"), the

23  *Modified Second Amended Joint Plan Of Reorganization Of PMGI Holdings, Inc. et al. Under*

24  *Chapter 11 of the Bankruptcy Code* [Dkt No. 359 in the PGMI Holdings Case] (the "PGMI Holdings

25  Case Plan"), and the notice of effective date filed in that case.[2]

26

27  _____

[2] *See Notice of (A) Entry of Order Confirming Modified Second Amended Joint Plan Of Reorganization Of Pmgi
28  Holdings Inc. et al. Under Chapter 11 of The Bankruptcy Code, (B) Occurrence Of Effective Date and (C) Deadlines
For Filing Certain Claims* [Dkt. No. 369] (the "Effective Date Notice").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1      The PGMI Holdings Case filings disclose that in 2007, PMGI acquired Various, Inc. after

2 which the business was held by the newly created entity FFN.  On October 27, 2010, FFN completed a

3 debt restructuring which consolidated substantially all of its debt into three tranches with maturities in

4 September, 2013 and April, 2014.  On May 16, 2011, FFN and its related companies (the "FNN

5 Companies") issued 5,000,000 shares of common stock at a price of $10.00 per share and completed its

6 Initial Public Offering (the "IPO").  Following the IPO, the equity of FFN was traded on NASDAQ

7 Global Market under the ticker symbol "FFN" until August 7, 2013.  Beginning on August 8, 2013, the

8 equity of FFN began trading on the OTCQB Marketplace under the ticker symbol "FFNT."  On July 12,

9 2011, the FNN Companies acquired substantially all the assets of PerfectMatch.com from Matrima, Inc.,

10 for approximately $2,000,000 in cash and common shares of FFN worth approximately $500,000.[3]

11      The PGMI Holdings Case filings further disclose that the FNN Companies actively pursued a

12 financial restructuring or refinancing transaction beginning in October 2012.  Those efforts resulted in a

13 Transaction Support Agreement dated as of September 16, 2013 between the FFN Companies and certain

14 of its secured lenders, the terms of which were implemented though the filing of chapter 11 cases for

15 PGMI Holdings, Inc., and related entities.[4]  The cases were commenced in the U.S. Bankruptcy

16 Court for the District of Delaware on September 17, 2013, case no. 13-12404,[5] and the entities' plan

17 of reorganization became effective on December 20, 2013.[6]  The plan implemented a financial

18 restructuring of the FNN Companies' debt, cancelled then-existing equity and issued new equity to

19 certain holders of claims.[7]

20      As set forth in the judicial findings of fact by Montgomery-Reeves, Vice Chancellor, in his

21 Memorandum Opinion filed May 26, 2017, in *FriendFinder Networks, Inc. v. Penthouse Global

22 Media, Inc.*, 12436-VCMR (Del. Ch. 2017) (the "Memorandum Opinion"), in 2014, FFN began

23 exploring the possibility of selling the Penthouse entertainment business consisting of broadcasting,

24 publishing, licensing and online sites.  FFN engaged SSG Advisors, an investment banker, to market the

25 Penthouse entities for sale.  On February 19, 2016, FFN and Steamray as sellers and Penthouse Global

---

[3] *See* Shashoua Declaration at paragraphs 12 – 15.
[4] *See* Shashoua Declaration at paragraphs 25 – 28.
[5] See Shashoua Declaration at paragraph 10.
[6] *See* Effective Date Notice at paragraph 2.
[7] See PGMI Holdings Case Plan.

6

1  Media, Inc., a company formed by Kelly Holland, as buyer, purchased the stock of sixteen subsidiaries of

2  FFN.[8]

3          To the best of the Trustee's knowledge and based upon the Cantor Declaration, neither PSZJ

4  nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider"

5  of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

6          To the best of the Trustee's knowledge and based upon the Cantor Declaration, neither PSZJ

7  nor any of its partners, of counsel, or associates is or was, within two years before the date of the

8  filing of the petition, a director, officer, or employee of the Debtors.

9          To the best of the Trustee's knowledge and based upon the Cantor Declaration, neither PSZJ

10  nor any of its partners, of counsel, or associates has any interest materially adverse to the interest of

11  the estates or of any class of creditors or equity security holders, by reason of any direct or indirect

12  relationship to, connection with, or interest in the Debtors for any other reason.  Accordingly, PSZJ

13  and its partners, of counsel, and associates are "disinterested persons" as that term is defined and

14  used in sections 101(14) and 327 of the Bankruptcy Code.

15          To the best of the Trustee's knowledge and based upon the Cantor Declaration, the Firm does not

16  have a legal, business, financial, professional or personal relationship with a party or a witness in these

17  Cases, and its prior representation of different entities that previously held interests in the Debtors' assets

18  will not affect the Firm's representation of the Trustee in these Cases.

19          To the best of the Trustee's knowledge and based upon the Cantor Declaration, the Firm has

20  no confidential information concerning the current Debtors from its prior representation of GMI and

21  PMGI that is material to these Cases, and its representation of the Trustee herein is in no way

22  adverse to former clients who no longer have any relationship to or interest in the Debtors or their

23  assets.  Nevertheless, none of the Firm's attorneys that provided legal services in connection with the

24  GMI bankruptcy cases or the reorganized PMGI will work on these cases and those attorneys will be

25  walled off from any information concerning these cases.

26          To the best of the Trustee's knowledge and based upon the Cantor Declaration, the Firm has

27  conducted an extensive conflicts check relating to its proposed retention as counsel for the Trustee,

28

[8] *See* Memorandum Opinion at Section B.3.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  including the Debtors, equity holder of Penthouse Global Media, Inc., Debtors' directors, their

2  secured lender, professionals and all creditors of each of the Debtors. Thus far, the Firm has not

3  encountered any creditors of the Debtors or parties in interest in which an actual conflict exists

4  between the Firm and such parties. If, at any subsequent time during the course of these

5  proceedings, the Firm learns of any other representation which may give rise to a conflict, the Firm

6  will promptly file with the Court and the Office of the United States Trustee an amended declaration

7  identifying and specifying such involvement.

8       As stated in the Cantor Declaration, given the Firm's extensive experience representing

9  various parties in interest in bankruptcy proceedings throughout the United States, the Firm may

10  have represented creditors' committees in other cases in which the members of such committees or

11  their constituencies have included creditors and current or former creditors of the Debtor; however,

12  PSZJ is not representing any of those entities in the Cases and will not represent any members of

13  these committees in any claims that they may have collectively or individually against the Debtors.

14       To the best of the Trustee's knowledge and based upon the Cantor Declaration, PSZJ and

15  certain of its shareholders, counsel and associates may have in the past represented, and may

16  currently represent and will likely in the future represent creditors of the Debtors in connection with

17  matters unrelated to the Debtors and this Cases. To the best of the Trustee's knowledge and based

18  upon the Cantor Declaration, PSZJ is not aware of any current representations in unrelated cases of

19  parties who are creditors of the Debtors or other parties on the conflicts list attached as Exhibit B to

20  the Cantor Declaration.

21       To the best of the Trustee's knowledge and based upon the Cantor Declaration, PSZJ may

22  retain various professionals during the pendency of these Cases, and the Trustee may retain other

23  professionals in the future. PSZJ has previously worked with and will continue to work with certain

24  of these professionals on various representations, at times representing the same parties and at other

25  times representing parties with similar interests or parties with adverse interests.

26       The Firm has represented and, in some cases, continues to represent the Trustee, solely in the

27  capacity as trustee or examiner in bankruptcy cases that were or are pending in the Central District

28  of California that are unrelated to these Cases.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### III.

### COMPENSATION

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay PSZJ its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The hourly rate of Linda Cantor, the attorney currently expected to be principally responsible for the Cases, is $975, effective as of January 1, 2018. The hourly rate for Beth Dassa, the paralegal assigned to the Cases, is $375. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached to the Cantor Declaration as Exhibit C.

The Firm has not received any retainer in contemplation of its proposed employment. However, it is contemplated that the Firm may seek interim compensation during the Cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in these Cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f) and must be filed with the Court and served upon the Trustee, its proposed counsel, and the United States Trustee no later than fourteen (14) days from the date of service of notice of the filing of the Application.

Notice of filing of this Application was provided to the Office of the United States Trustee, the Debtors and their counsel of record, the official committee of unsecured creditors and its counsel, and all parties who filed and served a request for special notice as of the date of service of the Notice.

9

Case 1:18-bk-10098-MB    Doc 297    Filed 04/05/18    Entered 04/05/18 11:40:21    Desc
Main Document    Page 10 of 39

1      **WHEREFORE**, the Trustee requests that this Court approve the employment of Pachulski

2  Stang Ziehl & Jones LLP as general bankruptcy counsel, as of March 6, 2018, to render services as

3  described above, with compensation to be paid by the estates as an administrative expense in such

4  amounts as this Court may hereafter determine and allow.

5  Dated: April 4, 2018

                           Chapter 11 Trustee

7                         By: _____

                       David K. Gottlieb

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Linda F. Cantor (CA Bar No. 153762)
Jeffrey L. Kandel (CA Bar No. 115832)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  lcantor@pszjlaw.com

Proposed Attorneys for David K. Gottlieb, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Cases No.: 1:18-BK-10098-MB<br><br>Chapter 11<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**DECLARATION OF LINDA F. CANTOR IN SUPPORT OF CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE MARCH 6, 2018** |

I, Linda F. Cantor, declare and state as follows:

1.    I am a partner of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm")[1] and am duly admitted to practice in the State of California and before this Court.

---

[1]  Capitalized terms not defined herein have the meanings used in the Application.

DOCS_LA:312807.6 32277/001

2.    I make this declaration in support of the application (the "<u>Application</u>") filed by David K. Gottlieb, Chapter 11 Trustee of the estates of Penthouse Global Media, Inc. (the "<u>Trustee</u>"), to employ the PSZJ as general bankruptcy counsel, effective as of March 6, 2018.

3.    The name, address, telephone number, and facsimile number of the Firm are as follows:

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760

4.    The Firm has particular expertise in the areas of insolvency, business reorganization, and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to chapter 7 and 11 trustees in many cases and to a wide range of debtors in various industries. In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out of court restructurings. Copies of the resumes of the Firm's attorneys who are expected to be principally responsible for the representation of the Trustee in the bankruptcy cases of Penthouse Global Media, Inc. and its affiliated debtor entities (the "<u>Cases</u>"), are attached hereto as **<u>Exhibit A</u>**.

5.    The Trustee desires to retain the Firm, at the expense of the estates, to undertake such tasks as required by the Trustee, including, but not limited to the following:

(a)    Advising the Trustee concerning the rights and remedies of the estates in regards to the assets of the estates, and with respect to the secured, priority and unsecured claims of creditors;

(b)    Representing the Trustee in connection with financial and business matters, including the sale of any assets;

(c)    Representing the Trustee in connection with investigation of potential causes of action, and the litigation thereof if warranted and directed by the Trustee;

(d)    Investigating and prosecuting preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(e)    Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estates may be litigated or affected;

(f)    Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and papers, etc.;

(g)    Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the estates; and

(h)    Rendering such other advice and services as the Trustee may require in connection with the Cases.

6.    To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates has any connection with Penthouse Global Media, Inc. and its debtor affiliates (collectively, the "Debtors"), any creditor of the estates, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth below:

(a)    Robert J. Feinstein, a partner in the Firm's New York Office who joined the Firm in September 2001, represented General Media, Inc. ("GMI") and certain of its affiliates in relation to general business matters:[2] GMI, along with its direct and indirect subsidiaries, was a publishing, online and entertainment company engaged in the publication and sale of Penthouse magazine and four affiliate magazines, various adult-oriented entertainment products and services, the licensing of its trademarks to foreign countries and live entertainment clubs.

(b)    Prior to joining the Firm, a law firm of which Mr. Feinstein was a member also represented Penthouse Mayflower Corporation and Columbus Plaza Site Associates (both wholly-owned subsidiaries of GMI).  Such representation was terminated as of August 31, 2001.

---

[2] The GMI related entities were: Penthouse International, Inc. ("PII"), (which held a majority ownership interest in GMI); Robert C. Guccione (who owned 66⅔% of GMI); General Media Fine Arts, Inc. (a wholly owned subsidiary of GMI); Locusts on Hudson River Corp. (a wholly owned subsidiary of GMI); Penthouse Clubs International Establishment (a wholly owned subsidiary of GMI); and Penthouse Financial Services, N.V. (a wholly owned subsidiary of GMI).  Mr. Feinstein had represented GMI and these entities since May 1998.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1      (c)    In August 2003, GMI filed for protection under chapter 11 of the Bankruptcy Code

2 and the Firm served as general bankruptcy counsel for GMI and the following debtor affiliates:

3 General Media Art Holding, Inc., General Media Communications, Inc., General Media

4 Entertainment, Inc., General Media (UK), Ltd., GMCI Internet Operations, Inc., GMI On-Line

5 Ventures, Ltd., Penthouse Images Acquisitions, Ltd., and Pure Entertainment Telecommunications,

6 Inc.

7      (d)    Through their chapter 11 plan, which became effective on or about October 5, 2004,

8 ownership of GMI was transferred to its bondholders and Penthouse Media Group, Inc. ("PMGI"),

9 became the successor to the GMI debtors.  Prior equity received no value on account of its interests.

10 The Firm filed its notice of withdrawal as counsel for the reorganized PMGI on September 1, 2005.

11      (e) No further services were provided by the Firm to PMGI, its successor FriendFinder

12 Networks Inc. ("FFN") or any affiliate of such entities or any affiliate of GMI after September 1,

13 2005.

14      (f)    In July 2007, FFN filed a third-party action against Pachulski, Stang, Ziehl, Young,

15 Jones & Weintraub, P.C., a predecessor of the Firm ("PSZJW") in an action commenced by a former

16 employee of PMGI against FFN (the "Krynicki Action").  In September 2008, FFN commenced a

17 third-party action against PSZJW in an action commenced by Mr. Guccione against FFN (the

18 "Guccione Action").  The two actions were settled by the Firm.  The Krynicki Action was dismissed

19 in March, 2011, and the Guccione Action was dismissed in October 2011.

20      (g)    Neither I nor other members of the Firm have personal knowledge regarding PMGI,

21 its successors or affiliates after the Firm's withdrawal as counsel of record for PMGI in September

22 2005.

23      7.    Nevertheless, in connection with the Firm's conflicts check and to confirm that the

24 Firm meets the Bankruptcy Code's requisite "disinterested" standard, I reviewed the public records

25 regarding various transactions involving PMGI and its successors subsequent to the termination of

26 the Firm's representation in September 2005.  Those transactions are described in pleadings filed in

27 the Bankruptcy Court Docket of the Chapter 11 case of PGMI Holdings, Inc., et al., Case No. 13-

28 12404, filed on September 17, 2013, in the District of Delaware (the "PGMI Holdings Case").  The

1  description of transactions set forth in the following two paragraphs are set forth in the *Declaration*

2  *of Ezra Shashoua in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief*

3  [Dkt. No. 16 in the PGMI Holdings Case] (the "Shashoua Declaration"), the *Modified Second*

4  *Amended Joint Plan Of Reorganization Of PMGI Holdings, Inc. et al. Under Chapter 11 of the*

5  *Bankruptcy Code* [Dkt No. 359 in the PMGI Holdings Case] (the "PGMI Holdings Case Plan"), and

6  the notice of effective date filed in that case.[3]

7      8.      The PGMI Holdings Case filings disclose that in 2007, PMGI acquired Various, Inc.

8  after which the business was held by the newly created entity FFN.  On October 27, 2010, FFN

9  completed a debt restructuring which consolidated substantially all of its debt into three tranches with

10  maturities in September, 2013 and April, 2014.  On May 16, 2011, FFN and its related companies (the

11  "FNN Companies") issued 5,000,000 shares of common stock at a price of $10.00 per share and

12  completed its Initial Public Offering (the "IPO").  Following the IPO, the equity of FFN was traded on

13  NASDAQ Global Market under the ticker symbol "FFN" until August 7, 2013.  Beginning on August 8,

14  2013, the equity of FFN began trading on the OTCQB Marketplace under the ticker symbol "FFNT."  On

15  July 12, 2011, the FNN Companies acquired substantially all the assets of PerfectMatch.com from

16  Matrima, Inc., for approximately $2,000,000 in cash and common shares of FFN worth approximately

17  $500,000.[4]

18      9.      The PGMI Holdings Case filings further disclose that the FNN Companies actively

19  pursued a financial restructuring or refinancing transaction beginning in October 2012.  Those efforts

20  resulted in a Transaction Support Agreement dated as of September 16, 2013 between the FFN

21  Companies and certain of its secured lenders, the terms of which were implemented though the filing of

22  chapter 11 cases for PGMI Holdings, Inc., and related entities.[5]  The cases were commenced in the

23  U.S. Bankruptcy Court for the District of Delaware on September 17, 2013, case no. 13-12404,[6] and

24  the entities' plan of reorganization became effective on December 20, 2013.[7]  The plan implemented a

[3] *See Notice of (A) Entry of Order Confirming Modified Second Amended Joint Plan Of Reorganization Of Pmgi Holdings Inc. et al. Under Chapter 11 of The Bankruptcy Code, (B) Occurrence Of Effective Date and (C) Deadlines For Filing Certain Claims* [Dkt. No. 369] (the "Effective Date Notice").
[4] *See* Shashoua Declaration at paragraphs 12 – 15.
[5] *See* Shashoua Declaration at paragraphs 25 – 28.
[6] See Shashoua Declaration at paragraph 10.
[7] *See* Effective Date Notice at paragraph 2.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 | financial restructuring of the FNN Companies' debt, cancelled then-existing equity and issued new

2 | equity to certain holders of claims.[8]

3 |      10.     As set forth in the judicial findings of fact by Montgomery-Reeves, Vice Chancellor,

4 | in his Memorandum Opinion filed May 26, 2017, in *FriendFinder Networks, Inc. v. Penthouse*

5 | *Global Media, Inc.*, 12436-VCMR (Del. Ch. 2017) (the "Memorandum Opinion"), in 2014, FFN

6 | began exploring the possibility of selling the Penthouse entertainment business consisting of

7 | broadcasting, publishing, licensing and online sites. FFN engaged SSG Advisors, an investment banker,

8 | to market the Penthouse entities for sale. On February 19, 2016, FFN and Steamray as sellers and

9 | Penthouse Global Media, Inc., a company formed by Kelly Holland, as buyer, purchased the stock of

10 | sixteen subsidiaries of FFN.[9]

11 |      11.     Notwithstanding the Firm's representation approximately 13 years ago of entities that

12 | held rights to the Penthouse entertainment business, the Firm believes that it is a "disinterested person"

13 | within the meaning of Section 101(14) and 327 of the Bankruptcy Code. Specifically, to the best of my

14 | knowledge (1) the Firm is not a creditor, equity holder or insider of the Debtors herein as that term is

15 | defined in section 101(31) of the Bankruptcy Code; (2) the Firm is not and was not, within 2 years

16 | before the date of the filing of the petition, a director, officer or employee of the Debtors; and (3) the

17 | Firm does not have an interest materially adverse to the interest of the estates or of any class of creditors

18 | or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest

19 | in, the Debtors, or for any other reason.

20 |      12.     The Firm believes that its representation of the Trustee in these cases comports with Rule

21 | 3-310 of the Rules of Professional Conduct for the State of California concerning Avoiding the

22 | Representation of Adverse Interests. To the best of my knowledge, the Firm does not have a legal,

23 | business, financial, professional or personal relationship with a party or a witness in these Cases, and its

24 | prior representation of different entities that previously held interests in the Debtors' assets will not affect

25 | the Firm's representation of the Trustee in these cases. California Rule of Professional Conduct 3-310

26 | (B).

27 |

28 | [8] See PGMI Holdings Case Plan.
[9] *See* Memorandum Opinion at Section B.3.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13.   To the best of my knowledge, the Firm has no confidential information concerning the current Debtors from its prior representation of GMI and PMGI that is material to these Cases, and its representation of the Trustee herein is in no way adverse to former clients who no longer have any relationship to or interest in the Debtors or their assets.  California Rule of Professional Conduct 3-310(C).  Nevertheless, in an abundance of caution, none of the Firm's attorneys that provided legal services in connection with the GMI bankruptcy cases or the reorganized PMGI will work on these cases and those attorneys will be walled off from any information concerning these cases.

14.   To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

15.   To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors.

16.   To the best of my knowledge, neither PSZJ nor any of its partners, of counsel, or associates has any interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors for any other reason.  Accordingly, PSZJ and its partners, of counsel, and associates are "disinterested persons" as that term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

17.   To the best of my knowledge, the Firm does not have a legal, business, financial, professional or personal relationship with a party or a witness in these Cases, and its prior representation of different entities that previously held interests in the Debtors' assets will not affect the Firm's representation of the Trustee in these Cases.

18.   To the best of my knowledge, the Firm has no confidential information concerning the current Debtors from its prior representation of GMI and PMGI that is material to these Cases, and its representation of the Trustee herein is in no way adverse to former clients who no longer have any relationship to or interest in the Debtors or their assets.  Nevertheless, none of the Firm's

1  attorneys that provided legal services in connection with the GMI bankruptcy cases or the

2  reorganized PMGI will work on these cases and those attorneys will be walled off from any

3  information concerning these cases.

4      19.    The Firm has conducted an extensive conflicts check relating to its proposed retention

5  as counsel for the Trustee, including the Debtors, equity holder of Penthouse Global Media, Inc.,

6  Debtors' directors, their secured lender, professionals and all creditors of each of the Debtors.  Thus

7  far, the Firm has not encountered any creditors of the Debtors or parties in interest in which an actual

8  conflict exists between the Firm and such parties.  If, at any subsequent time during the course of

9  these proceedings, the Firm learns of any other representation which may give rise to a conflict, the

10  Firm will promptly file with the Court and the Office of the United States Trustee an amended

11  declaration identifying and specifying such involvement.

12      20.    Given the Firm's extensive experience representing various parties in interest in

13  bankruptcy proceedings throughout the United States, the Firm may have represented creditors'

14  committees in other cases in which the members of such committees or their constituencies have

15  included creditors and current or former creditors of the Debtor; however, PSZJ is not representing

16  any of those entities in the Cases and will not represent any members of these committees in any

17  claims that they may have collectively or individually against the Debtors.

18      21.    To the best of my knowledge, PSZJ and certain of its shareholders, counsel and

19  associates may have in the past represented, and may currently represent and will likely in the future

20  represent creditors of the Debtors in connection with matters unrelated to the Debtors and these

21  Cases. To the best of my knowledge, PSZJ is not aware of any current representations in unrelated

22  cases of parties who are creditors of the Debtors or other parties on the conflicts list attached hereto

23  as **Exhibit B**.

24      22.    To the best of my knowledge, PSZJ may retain various professionals during the

25  pendency of these Cases, and the Trustee may retain other professionals in the future.  PSZJ has

26  previously worked with and will continue to work with certain of these professionals on various

27  representations, at times representing the same parties and at other times representing parties with

28  similar interests or parties with adverse interests.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

23. The Firm has represented and, in some cases, continues to represent the Trustee, solely in the capacity as trustee or examiner in bankruptcy cases that were or are pending in the Central District of California that are unrelated to these Cases.

24. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. My hourly rate is $975, effective as of January 1, 2018. The hourly rate for Beth Dassa, the paralegal assigned to the Cases, is $375. The hourly rates of all of the Firm's attorneys and paraprofessionals are attached hereto as **Exhibit C**.

25. The Firm has not received any retainer in contemplation of its proposed employment. However, it is contemplated that the Firm will seek interim compensation during the Cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the Cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

26. The attorneys at the Firm that will be involved in the Cases are familiar with the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules and will comply with them.

To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 5th day of April, 2018, at Los Angeles, California.

/s/ Linda F. Cantor
Linda F. Cantor

# Exhibit A

PACHULSKI
STANG
ZIEHL
JONES



10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003

# Linda F. Cantor

Tel: 310.277.6910    |    lcantor@pszjlaw.com

**EDUCATION**

University of Michigan (A.B.,
with high distinction, 1979)

University of Michigan (M.S.
W. 1982)

University of Michigan (J.D.,
*cum laude*, 1987)

**BAR AND COURT
ADMISSIONS**

1988, Illinois

1991, California

Ms. Cantor's practice focuses on representing companies and creditor
representatives in financial restructurings and bankruptcy reorganizations.
Ms. Cantor has substantial experience representing debtors, trustees,
secured creditors and official creditors' committees in chapter 11 bankruptcy
cases. She is a graduate of the University of Michigan, where she later
received her J.D. She holds an AV Preeminent Peer Rating, Martindale-
Hubbell's highest recognition for ethical standards and legal ability, and was
listed among the Top Women Attorneys in Southern California for
Bankruptcy by Super Lawyers. She was also listed in the 2018 edition of
*Best Lawyers in America*. Ms. Cantor, a member of the firm since 1990, is
admitted to practice in Illinois and California, and is a resident in our Los
Angeles office.

## Representations

Chapter 11 debtors in American Suzuki Motor Corporation, Woodside Homes
(formerly one of the nation's largest privately owned homebuilders), OwnIt
Mortgage Solutions (formerly a major national subprime lender and loan
originator), Prime Measurement Products, Whitehouse Hotels (developer of
the Ritz Carlton Hotel and related developments in New Orleans, Louisiana),
Breed Technologies (manufacturer of crash sensors and airbag systems),
American Rice, Focal Communications, Gateway Educational Products
(developer of "Hooked on Phonics"), Imperial Aluminum; Vulcan Metal
Products, Dana Corporation, Ocean Park Hotels, Arlie & Company

Chapter 11 trustees in New Val Ford dba Magic Ford (formerly the nation's
5th largest Ford dealership), 21st Century Film Corporation, NSB Film
Corporation, Georges Marciano; The Tulving Company

Court-appointed receiver in Mazda and Kia Superstores

PACHULSKI

STANG

ZIEHL

JONES

Linda F. Cantor (Cont.)

Creditors' committees in Loews Cineplex Entertainment, B.U.M. International, The Boston Stores, Madison Associates (formerly Pannell Kerr Foster), C&R Clothiers

## Programs and Lectures

ABI Winter Leadership Conference (issues arising in hotel bankruptcy cases);

ABI Southwest Bankruptcy Conference (post-confirmation/jurisdiction);

California Bankruptcy Forum (ethics matters)

## Publications

"The Impact of Bankruptcy on Entertainment License Agreements: Protecting the Rights of Debtor Licensees," 19 *California Bankruptcy Journal* 225 (1991)





PACHULSKI
STANG
ZIEHL
JONES

10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003

# Iain A.W. Nasatir

Tel: 310.277.6910    |    inasatir@pszjlaw.com

**EDUCATION**

Williams College; Columbia
University (B.A. 1979)

Benjamin N. Cardozo School
of Law (J.D., *cum laude*,
1982)

Order of Barristers; National
Moot Court Team

**BAR AND COURT
ADMISSIONS**

1983, New York

1991, California

Iain Nasatir specializes in insurance and reinsurance disputes, including in particular insolvency and coverage matters for primary, reinsurance, and excess carriers. He has had substantial experience in representing clients in coverage disputes with state guaranty associations, including, for example, those arising out of the Executive Life Insurance Company insolvency.

On the litigation front, in 2005 Mr. Nasatir obtained a defense judgment at trial on behalf of Fremont General in a suit brought by the Bank of New York over workers compensation deposits. He also obtained dismissals for the same client in litigations brought by the California Insurance Commissioner. On behalf of his Superior National client, he settled a reinsurance fraud dispute with a "walk-away." In the course of his firm's representation of Sizzler Restaurants International in bankruptcy, Mr. Nasatir advised on complex reinsurance and insurance defense issues arising in the bankruptcy regarding the debtor's captive, and successfully implemented a mandatory mediation program in the bankruptcy court to maximize the opportunity for a premium refund to be paid to the debtor. Mr. Nasatir has also been involved in similar capacities for the trustee of a bankrupt American subsidiary of a Japanese scrap metal company and for Breed Technologies in its bankruptcy. In addition to handling coverage issues on primary insurance and reinsurance agreements, Mr. Nasatir has represented policyholders in coverage disputes, including D & O coverage litigation with National Union Fire Insurance Company of Pittsburgh, Pa. and other similar carriers.

He attended Stowe School in Bucks, England, Williams College, Columbia College, and Cardozo School of Law. In 2006, he was named a Southern California Super Lawyer. Mr. Nasatir is admitted to practice in New York and California, and is a resident in our Los Angeles office.

Iain A.W. Nasatir (Cont.)

PACHULSKI
STANG
ZIEHL
JONES

## Representations

Fremont General; Superior National; Commonwealth Insurance; Farmers; Certain Underwriters at Lloyds; Reinsurance Association of America

Insurance Insolvencies: KWELM; Mission Insurance; Transit Insurance; Executive Life

## Professional Affiliations

Conference of Insurance Counsel

Inter-Pacific Bar Association

Vice-chair, ABA Torts & Insurance Practice Section (2006-2007)

Member, International Association of Insurance Receivers

## Programs and Lectures

Lecturer, International Reinsurance Congress; Inter-Pacific Bar Association

## Publications

Co-author, "Recent Developments in Excess, Surplus Lines, and Reinsurance," 39 *ABA Tort Trial & Insurance Practice Law Journal* 376 (2004)

"Insurer's Collapse Highlights Hazards to Investors," *National Law Journal* (April 1995)

"For All the Wrong Reasons D & O Claims Should Diminish," *Risk Management* (Oct. 1994)

"Whose Contract Is It Anyway?" *Mealey's Litigation Reports Reinsurance* (Aug. 1994)

Co-author, "Communications Under Wraps," *Best's Review* (Sept. 1992)

Co-Author, "Late Notice: In Harm's Way," *Best's Review* (Sept. 1991)

## PACHULSKI
## STANG
## ZIEHL
## JONES



# Henry C. Kevane

Tel: 415.263.7000    |    hkevane@pszjlaw.com

150 California Street
15th Floor
San Francisco, CA
94111-4500

**EDUCATION**

Brown University (A.B.,
*magna cum laude*, 1982)

Southwestern Law School
(J.D., *magna cum laude*,
1986)

**BAR AND COURT
ADMISSIONS**

1986, California

Mr. Kevane is the managing partner of the firm's San Francisco office. He has worked on transactional and bankruptcy matters with clients from a variety of industries, and is listed among the "Best Lawyers in America" and "San Francisco's Best Lawyers" for his work in bankruptcy and creditor-debtor rights law. He has also been named a "Northern California Super Lawyer" every year since 2004 in a peer survey conducted by Law & Politics and the publishers of *San Francisco* magazine, an honor bestowed on only 5% of Northern California attorneys. In 2011, the *Daily Journal* profiled him in a special supplement as one of the top 25 municipal lawyers in California for his work in chapter 9 bankruptcy cases. Mr. Kevane was inducted into the American College of Bankruptcy as a fellow in 2015. He is a graduate of Brown University and received his J.D. from Southwestern Law School, where he was editor in chief of the *Southwestern University Law Review.* He holds an AV Preeminent Peer Rating, Martindale-Hubbell's highest recognition for ethical standards and legal ability. Mr. Kevane is admitted to practice in California.

## Representations

Creditors' committees in SeraCare Life Sciences; Guy F. Atkinson Company; America West Airlines

Chapter 11 debtors in Deltagen; Thorpe Insulation; Point Blank Solutions; Champion Enterprises, Aegis Mortgage; Yipes Communications; E/O Networks; Worlds of Wonder; Frederick & Nelson

Participated in the municipal restructurings of the County of Orange, Heffernan Memorial Hospital District (chapter 9 debtor located in Calexico, California); Palm Drive Healthcare District; West Contra Costa Healthcare District; Valley Health System, Adair County Hospital District (Kentucky)

PACHULSKI

STANG

ZIEHL

JONES

Henry C. Kevane (Cont.)

Debtor's counsel to Mendocino Coast Health Care District in its chapter 9 case

## Professional Affiliations

Fellow, American College of Bankruptcy

Director, *Business Law Today* (ABA Business Law Section)

Chair, Bankruptcy Committees Subcommittee of the ABA Business Law Section Business Bankruptcy Committee

Vice chair, Individual Chapter 11 Subcommittee of the ABA Business Law Section Business Bankruptcy Committee

Chair, State Bar of California Committee on Federal Courts (1996-2001)

Chair, State Bar of California Business Law Section Insolvency Law Committee (1995-1999)

## Programs and Lectures

American Intellectual Property Law Association, American Conference Institute, ALI/ABA, Association of Insolvency & Restructuring Advisors

## Publications

Is a Bankruptcy Court's Determination of Insider Status Reviewed Under the Rigorous De Novo Standard or the More Deferential Clear-Error Standard? 45 ABA PREVIEW of United States Supreme Court Cases 42 (2017), October 27, 2017

Does the FDCPA Cover a Party That Purchases Defaulted Debt for Its Own Account? 44 ABA PREVIEW of United States Supreme Court Cases 218 (2017), April 14, 2017

Does the Bankruptcy Code Preclude Puerto Rico From Adopting a Local Insolvency Scheme for Restructuring the Debts of Its Public Utilities? 43 PREVIEW of United States Supreme Court Cases 200 (2016), March 22, 2016

Legislative Update: "Indicative Rulings" Under New Bankruptcy Rule 8008 ABA Business Bankruptcy Committee e-Newsletter, July 2015

No More Ad Lib: The Nuts and Bolts of Ad Hoc Committees Business Law Today, December 2014

Legislative Update: Senate Bill 2418 Bankruptcy Fairness and Employee Benefits Protection Act ABA Business Bankruptcy Committee of the Business Law Section, June 11, 2014

Henry C. Kevane (Cont.)

PACHULSKI

STANG

ZIEHL

JONES

Bond Insurers Become Active Participants in Chapter 9s
26 Journal of Corporate Renewal 24, May 2013

Debtor-in-Possession Financing
Funding a Chapter 11 Case
December 2012

What Just Happened? How Asset Forfeiture Affects Bankruptcy Distributions
Business Law Today, June 2012

Legislative Update: California Assembly Bill 506 on Bankruptcy Code
Chapter 9 Eligibility
American Bar Association Business Law Section Business Bankruptcy
Committee Newsletter, January 2012

Deploying the "Prepackaged" Plan of Adjustment in Chapter 9
Chapter 9 Bankruptcy Strategies, October 2011

Across the Border: IP Entanglements in Chapter 15 Bankruptcies
May 2011

Chapter 9 Municipal Bankruptcy – The New "New Thing"?
Parts I & II
20 Business Law Today (May and June 2011)

"Legislative Solutions in the Orange County Chapter 9 Case," published in
course handbook, *The Aftermath of Bankruptcy: Legislative Reform -- State
and Federal* (1996)

"The Treatment of Financing Leases in a Chapter 9 Bankruptcy Case," in *AGL
& F Tax-Exempt Leasing Letter* (1996)

"The Legislative Side of the Orange County Chapter 9 Case" for Sacramento
County Bar Association (1996)

"Now What? Three Questions Facing the Municipal Bondholder Upon
Commencement of a Chapter 9 Case," published in course handbook,
*Municipal Bond Law for the Bankruptcy Practitioner* (1996)

"Fee Shifting by (1) Oversecured Creditors in Bankruptcy Cases & (2)
Prevailing Parties in Civil Litigation," published in course handbook *Getting
Paid What You Are Worth* (1996)

"The Newsgatherer's Shield: Why Waste Space in the California
Constitution?" 15 *Southwestern University Law Review* 527 (1985)

Coauthor, "Principles of Equitable Subordination Under Section 510 of the
Bankruptcy Code," in *Selected Issues in Bankruptcy Practice* (1991)

Contributing author, *Bankruptcy Practice: Annual Recent Developments*
(Calif. Contin. Ed. Bar 1992-1998)

PACHULSKI
STANG
ℰ ZIEHL
JONES



10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003

# Victoria A. Newmark

Tel: 310.277.6910    |    vnewmark@pszjlaw.com

**EDUCATION**

University of California at
Berkeley (B.A. 1991, with
honors)

Yale Law School (J.D. 1995)

**BAR AND COURT
ADMISSIONS**

1996, California

Ms. Newmark has extensive experience as a bankruptcy lawyer, including representation of debtors, creditors, and equity holders in chapter 11 reorganization cases. She has also represented buyers and sellers in acquisitions and sales of distressed assets, and borrowers and lenders in loan originations and out-of-court work-outs.

Ms. Newmark is a graduate of UC Berkeley and received her J.D. from Yale Law School, where she was an editor of the *Yale Law Journal* and managing editor of the *Yale Journal of International Law*. She co-authored an article on trade vendor rights legislation under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. She currently teaches legal writing as an adjunct instructor at Cal State, Los Angeles.

She has also been recognized annually ever year from 2004 to 2010 as a Southern California Rising Star in the Law & Politics Media Inc. survey published in *Los Angeles Magazine* and the Southern California edition of *Super Lawyers*. Ms. Newmark is admitted to practice in California and is a resident of our Los Angeles office.

## Representations

Represented a subprime mortgage loan originator and servicer, the nation's second-largest at the time of its chapter 11 filing, as debtor's counsel

Represented the purchaser of a mid-size nutritional supplements distributorship in contested bankruptcy auction proceedings

Represented a publicly held ISP and global online media content company and its affiliates as debtors' counsel in their chapter 11 cases

Represented the seed investor and acquirer of a California specialty retail business pursuant to section 363 of the Bankruptcy Code

Victoria A. Newmark  (Cont.)

PACHULSKI
STANG
ZIEHL
JONES

## Publications

First Day Motions (3d ed.)
A Guide to the Critical First Days of a Bankruptcy Case
American Bankruptcy Institute, June 2012

Coauthor, "Tradeoffs," *The Deal* (May 23, 2005)

PACHULSKI
STANG
ZIEHL
JONES



# Cia H. Mackle

cmackle@pszjlaw.com

**EDUCATION**

Duke University (A.B. 2003).

University of Southern
California (J.D. 2006).

**BAR AND COURT
ADMISSIONS**

2006, Florida.

Ms. Mackle's practice has focused on a broad range of domestic and
international business reorganization and restructuring matters, including
the representation of debtors in possession, chapter 11 trustees, creditors'
committees, and institutional creditors acting in various capacities. Ms.
Mackle has also been involved in various bankruptcy litigation matters. She
is a graduate of Duke University and received her J.D. from University of
Southern California where she was a member of the *Southern California
Law Review*. Ms. Mackle is admitted to practice in Florida.

## Representations

Chapter 11 trustee in Estate Financial

**BETH DASSA**

Ms. Dassa has been employed by the Firm as a paralegal since January 2007. She has worked as a paralegal in chapter 7 and chapter 11 debtor cases since 1998. Her education includes a B.A. in Speech Communications, California State University Northridge, 1987 and the Attorney Assistant Training Program, University of California, Los Angeles (Paralegal Certificate, 1988).

# EXHIBIT B

## CONFLICTS CHECK PARTIES

10 Homersham Road Kingston
Abramowitz, Paul
Adult Talent Managers
AJ Park IP Pty Ltd.
Akerman LLP
Allen Dyer Dopplet Milbrath & Gilchris
Allgemeines Treuunternehmen (ATU)
Andreas Andreou International
Androcles Entertainment Pty Ltd
Apparel Brand Consultants LLC
Arkena Inc.
Arkena SAS
Art Attack Productions
Aspen Setaro
Basmedia BV Pluggematen
Bayard PA
Behrle, Candace
Bekoski, Jason
Bishop, Madilyn
Bizarre Video
Blockbuster Locations
Brandt, Catherine
Brenda Reshell Kibler
Bressler Law PLLC ILOTA Account
Broder, Melissa
C. Hocquel Inc.
California Choice Benefit Administrators
Calucag, Alexis
Campbell, Robert
Carnie, David
Cherry, Debbie
Collingwood, Chris
Combat Zone
Corporation Service Company
Corsearch
Creel LLC
Crispin Boyar
Cyber Pro Hosting
Dadashzadeh, Arash
Danay Lynn Gonzalez
Danni Ashe Inc.
Del Carlo, Eric
Denean Gable
Digital Media Consultants LLC
Disgraceful Inc.

Dream Media Corporation
Driver, Timothy
DSS Consulting Corporation
DVD Factory
Edgewood Paper
Elle et Lui
Elliott, Warren E.
EX Situ Marketing
Ex-Works Capital Funds I LP
Federal Express
Ferrise, Ricardo C.
Feuer, Sharon
Fluffy White Dog Media
Francis, Todd
Gallagher, Matt
General Media Communications Inc.
General Media Entertainment Inc.
Getty Images
GMI Online Ventures Ltd.
Gottlieb, David
Greenberg Traurig LLP
GRM Information Management Services Inc.
Hanrahan Jr., Phillip J.
Harary, Keith
Henderson, Jolie K.
Hingston, Michael
Hodges, Brad
Hogan Lovelis US LLP
Holland, Kelly
Hollywood Vaults Inc.
Hotel Majestic
Hudson News Distributors LLC
Hyatt, Jessica
Interactive Media
Iron Mountain
Jantshukovitsh, Sergei A.
Jeanette Beebe Poet & Journalist LLC
Johnson, Charlina
Kelly, John
Kirkendoll Management LLC
Laura Arielle Willette
Law Offices of Max J. Sprecher
Lehrman, Jessica
Levene Neale Bender Yoo & Brill
Levin, Adam

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| 1 | Lipez, Zachary |
| | M7 Group |
| 2 | Mannassi IT Solutions |
| | McSweeney, Leah |
| 3 | Melissa Reanna de Biel Way |
| | Michel Plante International |
| 4 | Midwest Lists and Media |
| 5 | Mile High |
| | Millard, Drew |
| 6 | Miller Law Group |
| | Mojo Host |
| 7 | Monteleone, Marcella |
| 8 | Morton, Thomas |
| | Moser, Steven |
| 9 | Murat Saygi Ebulula Mardin |
| | Nathanael Kalfa Consulting |
| 10 | NetNames Accounts Receivable |
| 11 | Nextgen Reporting |
| | Nick Miseur International |
| 12 | Ninja Partners Inc. |
| | Noonan, Kevin |
| 13 | Nordbak, Jennifer |
| | O'Brien, Thomas |
| 14 | OC Modeling |
| | Ogun Consulting |
| 15 | Olson, Jerrod |
| 16 | Palan, Emily |
| | Palm Coast Data LLC |
| 17 | Pell, Thomas |
| | Penthouse Digital Media Productions Inc. |
| 18 | Penthouse Global Broadcasting Inc. |
| 19 | Penthouse Global Digital Inc. |
| | Penthouse Global Licensing Inc. |
| 20 | Penthouse Global Publishing Inc. |
| | Penthouse Images Acquisitions Ltd. |
| 21 | Pevarnik, Christine |
| 22 | Phe Inc. |
| | Philip Tranker International |
| 23 | Pink Panda LLC |
| | Pizio, Barbara F. |
| 24 | Ponce, Jose |
| | PR Newswire Assoices LLC |
| 25 | Premium Assignment Corporation/Marsh |
| 26 | Pretty Things Press |
| | PriorityWorkforce |
| 27 | Pryor Cashman LLP |
| | Pure Entertainment Telecommunications Inc. |
| 28 | Radisav Antic |

Raines Feldman LLP
RD Productions
Revideo Inc.
Sahar Yakhi
Savana Maisah Johnson
Seay, Allison
Sedgwick LLP
Sergio Freixas International
SESAC
Shahar, Yehuda
So Cal Licensing
Sotello, Robert
Spieglergirls.com
Squar Milner LLP
Stec, Kristin
SternDoor Inc.
Steven Austin Barber
Streamray Studios Inc.
Szili Miklos
Tan Door Media Inc.
Tanguay, David
Taylor, John
TGG Accounting
Todaro, Camille
Tom Fox
Total Records Information Management LLC
Ukanis, Whitney
USA
V&M Design
Verizon Business
Vincenza Vignetti
Vladyslav Plashchevatyl International
WebDotCalm
Weiss & Spees, LLP
Whitworth, Keith
Willett Associates
Williams, Christina
Wood, Mark
Wood, Megan
XVHUB Group Inc.
Zinio LLC

# Exhibit C

**HOURLY BILLING RATES FOR PROFESSIONALS AND PARAPROFESSIONALS OF**
**PACHULSKI STANG ZIEHL & JONES LLP**
**JANUARY 2018 RATES**

| Partners | Billing Rate |
|---|---|
| Isaac M. Pachulski | $1,295.00 |
| Jeffrey H. Davidson | $1,245.00 |
| Richard M. Pachulski | $1,245.00 |
| Laura Davis Jones | $1,145.00 |
| Dean A. Ziehl | $1,095.00 |
| James I. Stang | $1,095.00 |
| Robert J. Feinstein | $1,095.00 |
| Scott L. Hazan | $1,095.00 |
| Ira D. Kharasch | $1,050.00 |
| Jeremy V. Richards | $1,050.00 |
| Robert B. Orgel | $1,050.00 |
| Alan J. Kornfeld | $1,050.00 |
| Richard E. Mikels | $1,025.00 |
| Andrew W. Caine | $995.00 |
| Debra Grassgreen | $995.00 |
| Henry C. Kevane | $975.00 |
| Jeffrey N. Pomerantz | $975.00 |
| David J. Barton | $975.00 |
| David M. Bertenthal | $975.00 |
| John A. Morris | $975.00 |
| Linda F. Cantor | $975.00 |
| Stanley E. Goldich | $925.00 |
| Iain A.W. Nasatir | $925.00 |
| Kenneth H. Brown | $925.00 |
| Bradford J. Sandler | $925.00 |
| Ellen M. Bender | $895.00 |
| John D. Fiero | $875.00 |
| Maxim B. Litvak | $875.00 |
| William N. Lobel | $850.00 |
| James E. O'Neill | $850.00 |
| Joshua M. Fried | $850.00 |
| Jeffrey W. Dulberg | $795.00 |
| Nina L. Hong | $750.00 |
| Gabriel I. Glazer | $750.00 |
| Ilan D. Scharf | $725.00 |
| John W. Lucas | $725.00 |
| Timothy P. Cairns | $695.00 |
| Teddy M. Kapur | $650.00 |

| Of Counsel | Billing Rate |
|---|---|
| Richard J. Gruber | $1,025.00 |
| Daryl G. Parker | $925.00 |
| James E. Mahoney | $925.00 |
| James K.T. Hunter | $925.00 |
| Steven J. Kahn | $925.00 |
| Harry D. Hochman | $850.00 |
| Shirley S. Cho | $850.00 |
| Victoria A. Newmark | $850.00 |
| Maria Bove | $795.00 |
| Gina F. Brandt | $775.00 |
| Jason S. Pomerantz | $775.00 |
| Jeffrey Kandel | $775.00 |
| Jonathan J. Kim | $775.00 |
| Malhar S. Pagay | $775.00 |
| Michael R. Seidl | $750.00 |
| Beth E. Levine | $750.00 |
| Erin Gray | $750.00 |
| Gail S. Greenwood | $750.00 |
| Jeffrey P. Nolan | $750.00 |
| Robert M. Saunders | $750.00 |
| Colin R. Robinson | $750.00 |
| Amman A. Khan | $750.00 |
| Elissa A. Wagner | $725.00 |
| Miriam Manning | $725.00 |
| William L. Ramseyer | $725.00 |
| Gillian N. Brown | $675.00 |
| Tavi C. Flanagan | $650.00 |
| Peter J. Keane | $625.00 |
| Cia H. Mackle | $595.00 |

| Associates | Billing Rate |
|---|---|
| Jason H. Rosell | $595.00 |
| Joseph M. Mulvihill | $495.00 |
| Steven W. Golden | $495.00 |

| Paralegals | Billing Rate |
|---|---|
| Elizabeth C. Thomas | $375.00 |
| Beth D. Dassa | $375.00 |
| Patricia J. Jeffries | $375.00 |
| Felice S. Harrison | $375.00 |
| Karina K. Yee | $375.00 |
| Patricia E. Cuniff | $375.00 |
| La Asia S. Canty | $375.00 |
| Nancy P F Lockwood | $375.00 |
| Cheryl A. Knotts | $350.00 |
| Michael A. Matteo | $350.00 |

| Law Library Dir. | Billing Rate |
|---|---|
| Leslie A. Forrester | $395.00 |

| Law Clerks/Clerks | Billing Rate |
|---|---|
| Sheryle L. Pitman | $295.00 |
| Beatrice M. Koveleski | $295.00 |
| Charles J. Bouzoukis | $295.00 |
| Andrea R. Paul | $295.00 |
| Karen S. Neil | $295.00 |

Document Number: 247995

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled **CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE MARCH 6, 2018; DECLARATION OF LINDA F. CANTOR IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 5, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 5, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 5, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/ Courtroom 303
Woodland Hills, California 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 5, 2018 | Janice G. Washington | /s/ Janice G. Washington |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.** <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):</u>

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyb.com

Linda F Cantor, ESQ on behalf of Trustee David Keith Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

Jeffrey K Garfinkle on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com,
docket@buchalter.com;dcyrankowski@buchalter.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com

Mirco J Haag on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com,
dcyrankowski@buchalter.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com,
jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Interested Party Courtesy NEF
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney Weiss & Spees, LLP
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI Online

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:312807.6 32277/001

**F 9013-3.1.PROOF.SERVICE**

Ventures, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General
Media Communications, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General
Media Entertainment, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Digital Media Productions, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Broadcasting, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Digital, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Licensing, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Media, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Global Publishing, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse
Images Acquisitions, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure
Entertainment Telecommunications, Inc. fka For
Your Ears Only, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Streamray
Studios, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan Door
Media, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor XVHUB
Group, Inc.
mw@weissandspees.com, lm@weissandspees.com

Christopher K.S. Wong on behalf of Creditor LSC
Communications US, LLC / Creel Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor Dream
Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested
Party
bry@lnbyb.com

Brian L. Davidoff
bdavidoff@greenbergglusker.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1.PROOF.SERVICE

**U.S. Bankruptcy Court**
**Central District of California (San Fernando Valley)**
**In re Penthouse Global Media, Inc., Case No. 18-10098-MB**

2.    **SERVED BY UNITED STATES MAIL:**

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq.
WEISS & SPEES LLP
6310 San Vicente Boulevard, Suite 401
Los Angeles, CA 90048

*Trustee*
David Keith Gottlieb, Managing Member
D. Gottlieb & Associates, LLC
17000 Ventura Blvd., Suite 300
Encino, California, 91403

*Office of U.S. Trustee*
Margaux S. Ross
915 Wilshire Blvd. , Suite 1850
Los Angeles, CA 90017

*Counsel for The Official Committee of Unsecured Creditors*
c/o Hamid R. Rafatjoo
Raines Feldman LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

*Interested Parties*
Kelly Holland
President and Chief Executive Officer
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Robert W. Campbell
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Allan B. Gelbard
Attorney at Law
15760 Ventura Boulevard, Suite 801
Encino, CA 91436

Mark A. Mintz
Attorney at Law
JONES WALKER
201 St. Charles Avenue
New Orleans, LA 70170-5100

John D. Kirkendoll
Founder/CEO
Kirkdoll Management, LLC
201 St Charles Ave., Suite 3915
New Orleans, LA 70170

M. Jonathan Hayes
Simon Resnik Hayes LLP
15233 Ventura Boulevard, Suite 250
Sherman Oaks, CA 91403

*Requests for Special Notice*
Howard J. Steinberg (CA SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

**ARENT FOX LLP**
Aram Ordubegian (SBN 185142)
Robert M. Hirsh (*pro hac vice* application to be submitted)
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Joseph E Bain
Jones Walker LLP
811 Main St., Ste 2900
Houston, TX 77002

Timothy Driver
433 North Camden, Suite 970
Beverly Hills, CA 90210

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:312807.6 32277/001

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT D

## CONFLICTS CHECK PARTIES

10 Homersham Road Kingston
101 Modelling Inc.
321 Bayshore Investments Inc.
Abramowitz, Paul
Adult Talent Managers
AJ Park IP Pty Ltd.
Akerman LLP
Allen Dyer Dopplet Milbrath & Gilchris
Allgemeines Treuunternehmen (ATU)
Andreas Andreou International
Androcles Entertainment Pty Ltd
Apparel Brand Consultants LLC
Arash Dadashzadeh
Arkena Inc.
Arkena SAS
Art Attack Productions
Aspen Setaro
Atlassian
Basmedia BV Pluggematen
Bayard PA
Behrle, Candace
Bekoski, Jason
Bishop, Christine
Bishop, Madilyn
Bizarre Video
Blockbuster Locations
BPE&H, an Accountancy corporation
Brandt, Catherine
Brenda Reshell Kibler
Bressler Law PLLC ILOTA Account
Broder, Melissa
C. Hocquel Inc.
California Choice Benefit Administrators
Calucag, Alexis
Campbell, Robert
Carnie, David
Cherry, Debbie
Collingwood, Chris
Combat Zone
Corporation Service Company
Corsearch
Creel LLC
Crispin Boyar
CSC Corporate Domains, Inc
Curacao International Trust Company

Cyber Pro Hosting
Cyber Security Solutions
Dadashzadeh, Arash
Danay Lynn Gonzalez
Danni Ashe Inc.
Del Carlo, Eric M.
Denean Gable
Dennemeyer & Associates S.A.
Digital Media Consultants LLC
Disgraceful Inc.
Dream Media Corporation
Driver, Timothy
DSS Consulting Corporation
Dubrow, Eli B., Trustee
Durand, Romaric
DVD Factory
Edgewood Paper
Elle et Lui
Elliott, Warren E.
Encuertros
EX Situ Marketing
Ex-Works Capital Funds I LP
Federal Express
Ferrise, Ricardo C.
Feuer, Sharon
Florence, William G.
Fluffy White Dog Media
Francis, Todd
Franchise Tax Board
Function Fox Systems Inc
Gallagher, Matt
GAM Inventory Management Services
General Media Communications Inc.
General Media Entertainment Inc.
Getty Images
GMI Online Ventures Ltd.
Gonzalez, Victor
Gorilla Convict, LLC
Gottlieb, David K.
Greenberg Traurig LLP
GRM Information Management Services Inc.
Gronbak, Rasmus
GSI US
Hanrahan Jr., Phillip J.
Harary, Keith

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| 1 | |
| | Heller, Brianna |
| | Henderson, Jolie K. |
| 2 | Hiltpold, Sasha |
| | Hingston, Michael |
| 3 | Hodges, Brad |
| | Hogan Lovelis US LLP |
| 4 | Holland, Kelly |
| | Hollywood Vaults Inc. |
| 5 | Horton-Billard, Jr., Theodore |
| 6 | Hotel Majestic |
| | Hudson News Distributors LLC |
| 7 | Hyatt, Jessica |
| 8 | Inovio Payments, Inc |
| | Interactive Media |
| 9 | Iron Mountain |
| | J.A. Cast Capital, LLC |
| 10 | Jantshukovitsh, Sergei A. |
| 11 | Jeanette Beebe Poet & Journalist LLC |
| | Johnson, Charlina |
| 12 | Kelly, John |
| | Kelly Publishing |
| 13 | Kirkendoll Management LLC |
| 14 | LSC Communications Inc |
| | Laura Arielle Willette |
| 15 | Law Offices of Max J. Sprecher |
| | Lehrman, Jessica |
| 16 | Levene Neale Bender Yoo & Brill |
| | Levin, Adam |
| 17 | Lincoln National Life Insurance Company |
| | Lipez, Zachary |
| 18 | Los Angeles County Treasurer & Tax |
| 19 | Collector |
| | Los Angeles Office of the City Attorney |
| 20 | M7 Group |
| | Mannassi IT Solutions |
| 21 | Matrix Models |
| 22 | McSweeney, Leah |
| | Melissa Reanna de Biel Way |
| 23 | Michel Plante International |
| | Midwest Lists and Media |
| 24 | Mikios, Szili |
| | Mile High |
| 25 | Millard, Drew |
| 26 | Miller Law Group |
| | Mish Way, Inc., The |
| 27 | Mojo Host |
| | Monteleone, Marcella |
| 28 | Morton, Thomas |

Moser, Steven
Murat Saygi Ebulula Mardin
Nathanael Kalfa Consulting
NetNames Accounts Receivable
Nextgen Reporting
Nick Miseur International
Ninja Partners Inc.
NOA Productions SPRL
Noonan, Kevin
Nordbak, Jennifer
O'Brien, Thomas
OC Modeling
O'Callaghan, Deidre
Ogun Consulting
Olson, Jerrod
Orkin
Pachulski Stang Ziehl & Jones LLP
Palan, Emily
Palm Beach Beaute
Palm Coast Data LLC
Pell, Thomas
Penthouse Digital Media Productions Inc.
Penthouse Global Broadcasting Inc.
Penthouse Global Digital Inc.
Penthouse Global Licensing Inc.
Penthouse Global Publishing Inc.
Penthouse Images Acquisitions Ltd.
Penthouse World Broadcasting, LLC
Penthouse World Digital, LLC
Penthouse World Licensing, LLC
Penthouse World Media, LLC,
Penthouse World Publishing, LLC
Personnel Concepts
Pevarnik, Christine
Phe Inc.
Philip Tranker International
Picha, Tracy
Pink Panda LLC
Pintaric, Dubravka
Pizio, Barbara F.
Plashchevatyi, Vladyskav
Ponce, Jose
PR Newswire Associates LLC
Premium Assignment Corporation/Marsh
Pretty Things Press
PriorityWorkforce
Province, Inc.
Pryor Cashman LLP
Pure Entertainment Telecommunications Inc.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| 1 | Radisav Antic |
| | Raganeto, Luciano |
| 2 | Raines Feldman LLP |
| 3 | Ready Refresh by Nestle |
| | RD Productions |
| 4 | Right Networks |
| | Revideo Inc. |
| 5 | Rollin Dice Productions, LLC |
| | Safe Keeping Records |
| 6 | Sahar Yakhi |
| 7 | Savana Maisah Johnson |
| | Seay, Allison |
| 8 | Sedgwick LLP |
| | Serenity Balthazar |
| 9 | Sergio Freixas International |
| | SESAC |
| 10 | Shahar, Yehuda |
| 11 | Smash Pictures |
| | So Cal Licensing |
| 12 | Sotello, Robert |
| | Spieglergirls.com |
| 13 | Spratt, Shannon |
| | Squar Milner LLP |
| 14 | Stec, Kristin |
| 15 | SternDoor Inc. |
| | Steven Austin Barber |
| 16 | Streamray Studios Inc. |
| | Szili Miklos |
| 17 | Tan Door Media Inc. |
| | Tanguay, David |
| 18 | Templeton, Susan |
| 19 | Taylor, John |
| | TGG Accounting |
| 20 | Todaro, Camille |
| | Tom Fox |
| 21 | Total Records Information Management LLC |
| | Turner, Gareth |
| 22 | Ukanis, Whitney |
| 23 | Uline |
| | USPS/Creel |
| 24 | US Postal Service |
| | United States Trustee |
| 25 | USA |
| | V&M Design |
| 26 | Varko, Ivan |
| 27 | Verizon Business |
| | Vincenza Vignetti |
| 28 | Vladyslav Plashchevatyl International |

WGCZ LTD., SRO; Penthouse World Media
Wallace, Caroline
Waste Management
WebDotCalm
Weiss & Spees, LLP
WGCZ Ltd. S.R.O.
Whitworth, Keith L.
Willett Associates
Williams, Christina
WIPO
Wood, Mark
Wood, Megan
XVHUB Group Inc.
Zinio LLC

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP, AS HIS GENERAL BANKRUPTCY COUNSEL EFFECTIVE MARCH 12, 2019; DECLARATION OF LINDA F. CANTOR** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 11, 2019, I checked the CMp/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On April 11, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 11, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/ Courtroom 303
Woodland Hills, California  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 11, 2019 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## 1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com,
Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com,
jdale@mbnlawyers.com

Aram Ordubegian on behalf of Creditor LSC Communications US, LLC / Creel Printing
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com,
Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney Weiss & Spees, LLP
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Communications, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Digital Media Productions, Inc.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    mw@weissandspees.com,
     lm@weissandspees.com

2
     Michael H Weiss on behalf of Debtor
3    Penthouse Global Broadcasting, Inc.
     mw@weissandspees.com,
4    lm@weissandspees.com

5    Michael H Weiss on behalf of Debtor
     Penthouse Global Digital, Inc.
6    mw@weissandspees.com,
     lm@weissandspees.com
7
     Michael H Weiss on behalf of Debtor
8    Penthouse Global Licensing, Inc.
     mw@weissandspees.com,
9    lm@weissandspees.com

10   Michael H Weiss on behalf of Debtor
     Penthouse Global Media, Inc.
11   mw@weissandspees.com,
     lm@weissandspees.com
12
     Michael H Weiss on behalf of Debtor
13   Penthouse Global Publishing, Inc.
     mw@weissandspees.com,
14   lm@weissandspees.com

15   Michael H Weiss on behalf of Debtor
     Penthouse Images Acquisitions, Ltd.
16   mw@weissandspees.com,
     lm@weissandspees.com
17
     Michael H Weiss on behalf of Debtor
18   Pure Entertainment Telecommunications,
     Inc. fka For Your Ears Only, Ltd.
19   mw@weissandspees.com,
     lm@weissandspees.com
20   Michael H Weiss on behalf of Debtor

Streamray Studios, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan
Door Media, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
XVHUB Group, Inc.
mw@weissandspees.com,
lm@weissandspees.com

Christopher K.S. Wong on behalf of
Creditor LSC Communications US, LLC
/ Creel Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor
Dream Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor
Interested Party
bry@lnbyb.com

Brian L. Davidoff
bdavidoff@greenbergglusker.com

Jonathan Hayes
jhayes@SRHLawFirm.com

Peter W. Lianides
plianides@wcghlaw.com

Mark S. Horoupian
mhoroupian@sulmeyerlaw.com

21

22

23

24

25

26

27

28

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**U.S. Bankruptcy Court - Central District of California**
**In re Penthouse Global Media, Inc.,**
**Case No. 18-10098-MB**

**2. SERVED BY UNITED STATES MAIL:**

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

**3. SERVICE VIA ELECTRONIC MAIL IN PDF FORMAT**
*Debtor*
Robert W. Campbell
Penthouse Global Media, Inc.
rcampbell@penthouse.com

*Request for Special Notice or Pecuniary Interest*
Rollin' Dice Productions
842 Wilcox Ave #1
Los Angeles Ca 90038-3654

*Counsel for Walter*
Miller Law Group
Representative: Walter M. Stella
wms@millerlawgroup.com

*Counsel for Penthouse Clubs Worldwide, LLC, Penthouse Clubs Global Licensing, LLC and Kirkendoll Management, LLC*
Mark A. Mintz
mmintz@joneswalker.com

Joseph Bain on behalf Penthouse Clubs
jBain@joneswalker.com

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
jkirkendoll@kirkmgmt.com

*Counsel for WGCZ Ltd., S.R.O.*
Mark Bryn
mark@markbryn.com

Paul M. Brent, Esq.
Steinberg, Nutter & Brent
snb300@aol.com

*Counsel for LSC Communications, US, LL*
Aram Ordubegian (SBN 185142)
aram.ordubegian@arentfox.com
Robert M. Hirsh
(pro hac vice application to be submitted)
ARENT FOX LLP
robert.hirsh@arentfox.com

*Counsel for Jerrick Media Jerrick Media Holdings, Inc. And Jerrick Ventures LLC*
Theodore B. Stolman
ted.stolman@ffslaw.com

Blaine Bortnick
bbortnick@rascoklock.com

*Counsel for Alpha Cygni, Inc*
Rochelle@rjslawconsult.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:319112.5 32277/001

**F 9013-3.1.PROOF.SERVICE**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA