1  Linda F. Cantor (CA SBN 153762)
   PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Boulevard, 13th floor
   Los Angeles, CA 90067-4003
3  Telephone: (310) 277-6910
   Facsimile: (310) 201.0760
4
   Proposed Attorneys for David K. Gottlieb, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re: | Case No.: 1:18-bk-10098-MB |
|---|---|
| PENTHOUSE GLOBAL MEDIA, INC., | Chapter 7 |
| Debtor. | Jointly Administered with Cases Nos.: 1:18-bk-10099-MB; 1:18-bk-10101-MB; 1:18-bk-10102-MB; 1:18-bk-10103-MB; 1:18-bk-10104-MB; 1:18-bk-10105-MB; 1:18-bk-10106-MB; 1:18-bk-10107-MB; 1:18-bk-10108-MB; 1:18-bk-10109-MB; 1:18-bk-10110-MB; 1:18-bk-10111-MB; 1:18-bk-10112-MB; 1:18-bk-10113-MB |
| In re:<br>☒ Affects all Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc., f/k/a For Your Ears Only, Ltd.<br>☐ Affects Xvhub Group, Inc., Fka Giant Swallowtail Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc., f/k/a Penthouse Video, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc.,<br>Debtors. | **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY PROVINCE INC. AS FINANCIAL ADVISOR; DECLARATION OF WALTER C. BOWSER IN SUPPORT THEREOF**<br><br>[No Hearing Required Unless Requested] |

DOCS_LA:319220.2 32277/001

I.

**RELIEF REQUESTED**

David K. Gottlieb, the duly appointed chapter 7 trustee (the "Trustee") in the above-captioned bankruptcy cases (the "Cases") of Penthouse Global Media, Inc. and its fourteen debtor affiliates (collectively, the "Debtors"), hereby files this application (the "Application") to employ Province, Inc. ("Province" or the "Firm") as financial advisor to the Debtors' estates (the "Estates"), effective, March 12, 2019. Province's business offices are located at 17000 Ventura Blvd., Suite 300, Encino, California 91316.

**A.     Commencement of the Bankruptcy Case and Background Information**

On January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which Cases are being jointly administered under case number 1:18-bk-10098-MB [Docket No. 17].

On March 2, 2018, the Court entered an order directing the appointment of a Chapter 11 Trustee [Docket No. 231]. On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236]. On March 6, 2018, the Court entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

On March 29, 2018, the Trustee filed an *Application to Employ Province Inc. as Financial Advisor* [Docket No. 292], which was approved by order entered on April 25, 2018 [Docket No. 375].

On January 31, 2019, the Trustee filed a *Notice of Motion and Motion for Order Converting Cases to Chapter 7* [Docket No. 790] (the "Conversion Motion"). The Bankruptcy Court entered its Order converting the Cases to Cases under chapter 7 of the Bankruptcy Code [Docket No. 810] (the "Conversion Order") on March 12, 2019, and the Office of the United States Trustee appointed David K. Gottlieb as the chapter 7 trustee in the Cases [Docket No. 812]. The Cases continue to be jointly administered under Case No.: 1:18-bk-10098-MB.

**B.     Services to be Performed**

The Trustee has selected Province to act as financial advisor based upon its experience, skill level, and familiarity with the Cases.

2

The Trustee seeks Court approval to retain Province, effective as of March 12, 2019 to provide such advisory services to the Trustee and his legal advisors as Province and the Trustee deem appropriate and feasible, including but not limited to

(a) reconciling and finalizing allocation of accounts receivable by and between the Estates and the purchasers of Debtors' assets;

(b) assisting with reviewing all data of the Debtors stored in Office 365 data for the time period February 19, 2016 through June 15, 2018, including all information contained in Outlook, Excel, Word, Powerpoint and Access;

(c) assisting with reviewing all data of the Debtors stored in OneDrive for the time period February 19, 2016 through June 15, 2018;

(d) assisting with reviewing all data of the Debtors stored in Quickbooks for the time period February 19, 2016 through June 15, 2018.

(e) preparing and/or reviewing as applicable, potential avoidance actions including: preferences, fraudulent transfers and post-petition payments on pre-petition debt;

(f) preparing and reviewing as applicable, claim analyses and estimation process, if necessary;

(g) performing forensic accounting, including reconstruction of financial data to allow analyses to be performed;

(h) reviewing prior tax returns and reconstructing, if necessary, data for tax return preparation;

(i) providing litigation support as necessary;

(j) if necessary, participating as a witness in hearings before the bankruptcy court with respect to matters upon which Province has provided advice, including avoidance actions, claims, appropriate interest rate, plan provisions, as necessary; and

(k) providing other accounting services and activities as are approved by the Trustee, the Trustee's counsel, and as agreed to by Province.

## C. **Province's Qualifications**

Province has extensive experience representing trustees, debtors, creditors, creditors' committees, and others in a wide variety of bankruptcy cases, including but not limited to, as financial advisor to the trustee in Samson Resources, Maxus Energy, Radio Shack, Coldwater Creek, KSL Media, Loehmann's and Circuit City, the debtors in Woodbridge, Focus Property Group, Argosy Casino (Penn National) and American West Homes, and the official committees of unsecured creditors in Aerosoles, Payless ShoeSource, True Religion, Fresh & Easy, Aéropostale,

Golfsmith, HHGregg, Performance Sports Group, Pacific Sunwear, The Wet Seal, National Air Cargo, Magnetation, and numerous other matters.

Province employees specialize in providing financial advisory services in connection with bankruptcies, distressed assets and asset sales in the bankruptcy context and are well-qualified to represent the Trustee in rendering the services described above. A summary of the experience and qualifications of those members of Province expected to render services to the Trustee is attached as **Exhibit A** to the Declaration of Walter C. Bowser attached hereto and filed in support hereof (the "Bowser Declaration").

### D. Absence of Adverse Interests

To the best of the Trustee's knowledge and based upon the Bowser Declaration[1], the partners of, counsel to, and associates of Province do not have any connection with or any interest adverse to the Debtors, its creditors, or any other party in interest, or their respective attorneys and accountants, except (a) Province has served as financial advisor to the Chapter 11 Trustee in these Cases; and (b) to the extent set forth in the Bowser Declaration.

### E. Compensation of the Firm

The Trustee desires to employ the Firm and compensate the Firm with reasonable fees to be determined by the Court. No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. Province has not received a retainer in these Cases.

Province's standard hourly rates are:

| Position | Rate |
|---|---|
| Principal | $775 - 835 |
| Managing Director | $620 - 685 |
| Senior Director | $570 - 610 |
| Director | $480 - 560 |
| Senior Associate | $395 - 475 |
| Associate | $350 - 390 |
| Analyst | $285 - 345 |
| Paraprofessional | $150 |

---

[1] The Trustee respectfully requests that the Court take judicial notice of the Chapter 11 Trustee's Application, the Prior Declaration of David Roberts and the record in these Cases pursuant to Federal Rule of Evidence 201.

DOCS_LA:319220.2 32277/001

Province's approach is to utilize a small staff to optimize efficiencies and avoid redundant efforts. Where work could be performed by professionals with lower rates, Province intends to use such professionals to perform these assignments.

In addition to the hourly rate, Province will bill for all of its out-of-pocket expenses reasonably incurred by Province in connection with the matters contemplated by this Application.

Payments will be made to Province for its services only from the Estates. There are no arrangements between Province and any other entity for the sharing of compensation received or to be received in connection with the Cases, except insofar as such compensation may be shared among the members of Province.

F. **Absence of Pre-Petition Claims**

Province has no prepetition claim against the Debtors.

G. **Awareness of and Compliance with Applicable Law**

Province is familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the Guidelines of the Office of the United States Trustee and will comply with them.

H. **Effective Date of Employment**

Province requests that the Firm's employment be approved effective as of the date of entry of the Conversion Order (i.e., March 12, 2019).

I. **Notice**

Pursuant to Local Bankruptcy Rule 2014-1(b)(2)(A), notice of this Application was provided to the Debtors and their counsel of record, the creditors holding the twenty largest unsecured claims, and all parties who filed and served a request for special notice as of the date of service of the Notice.

Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(5), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(o)(4) and must be filed with the Court and served upon the Trustee, the United States Trustee, the

DOCS_LA:319220.2 32277/001

creditors holding the twenty largest unsecured claims, and parties requesting special notice no later than fourteen (14) days from the date of service of notice of the filing of the Application.

**WHEREFORE**, the Trustee respectively requests that he, solely in his capacity as the chapter 7 trustee, requests that he be authorized to employ Province effective March 12, 2019, as financial advisor to render services as described above, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow.

Dated: April 10, 2019

David K. Gottlieb,
Chapter 7 Trustee

6

DOCS_LA:319220.2 32277/001

## DECLARATION OF WALTER C. BOWSER

I, WALTER C. BOWSER, declare as follows:

1. I am a Director of Province, Inc. and a Certified Public Accountant. Except as otherwise stated, each of the facts contained in this declaration is based upon my personal knowledge and if called upon to do so, I could competently testify thereto.

2. I make this declaration in support of the Chapter 7 Trustee's Application of the Trustee to Employ Province, Inc. as Financial Advisor (the "Application"). Capitalized terms not otherwise defined herein shall have the meaning given to them in the Application.

3. I participated in the preparation of the Application and know its contents and the exhibit referenced herein.

4. Specifically, the Trustee proposes to retain Province to perform, among other tasks, the following:

   (a) reconciling and finalizing allocation of accounts receivable by and between 'the Estates and the purchasers of Debtors' assets;

   (b) assisting with reviewing all data of the Debtors stored in Office 365 data for the time period February 19, 2016 through June 15, 2018, including all information contained in Outlook, Excel, Word, Powerpoint and Access;

   (c) assisting with reviewing all data of the Debtors stored in OneDrive for the time period February 19, 2016 through June 15, 2018;

   (d) assisting with reviewing all data of the Debtors stored in Quickbooks for the time period February 19, 2016 through June 15, 2018.

   (e) preparing and/or reviewing as applicable, potential avoidance actions including: preferences, fraudulent transfers and post-petition payments on pre-petition debt;

   (f) preparing and reviewing as applicable, claim analyses and estimation process, if necessary;

   (g) performing forensic accounting, including reconstruction of financial data to allow analyses to be performed;

   (h) reviewing prior tax returns and reconstructing, if necessary, data for tax return preparation;

   (i) providing litigation support as necessary;

   (j) if necessary, participating as a witness in hearings before the bankruptcy court with respect to matters upon which Province has provided advice, including

7

avoidance actions, claims, appropriate interest rate, plan provisions, as necessary; and

    (k)    providing other accounting services and activities as are approved by the Trustee, the Trustee's counsel, and as agreed to by Province.

5. Province is well qualified to provide the above services to the Trustee, and has done so in its previous capacity as financial advisor to the Chapter 11 Trustee. Province has extensive experience representing trustees, debtors, creditors, creditors' committees, and others in a wide variety of bankruptcy cases, including but not limited to, as financial advisor to the trustee in Samson Resources, Maxus Energy, Radio Shack, Coldwater Creek, KSL Media, Loehmann's and Circuit City, the debtors in Woodbridge, Focus Property Group, Argosy Casino (Penn National) and American West Homes, and the official committees of unsecured creditors in Aerosoles, Payless ShoeSource, True Religion, Fresh & Easy, Aéropostale, Golfsmith, HHGregg, Performance Sports Group, Pacific Sunwear, The Wet Seal, National Air Cargo, Magnetation, and numerous other matters.

6. I will be the Province professional who will be primarily responsible for this engagement; my hourly billing rate is $540. Other professionals and staff with Province may from time to time serve the Trustee as the demands of the Trustee and these Cases may require. The hourly rates of those professionals are as follows:

7. Province's standard hourly rates are:

| | |
|---|---|
| Principal | $775 - 835 |
| Managing Director | $620 – 685 |
| Senior Director | $570 - 610 |
| Director | $480 - 560 |
| Senior Associate | $395 - 475 |
| Associate | $350 - 390 |
| Analyst | $285 - 345 |
| Paraprofessional | $150 |

8. Province's approach is to utilize a small staff to optimize efficiencies and avoid redundant efforts. Where work could be performed by professionals with lower rates, Province intends to use such professionals to perform these assignments.

9. Province's employees specialize in providing financial advisory services in connection with bankruptcies, distressed assets and asset sales in the bankruptcy context and are well-qualified to represent the Trustee in rendering the services described above. A summary of the

8

DOCS_LA:319220.2 32277/001

experience and qualifications of those members of Province expected to render services to the Trustee is attached here to as **Exhibit A**.

10. Province will charge its normal and customary hourly rates for the services to be provided hereunder.

11. The hourly rates currently in effect are subject to periodic adjustments to reflect economic and other conditions.

12. Province will also seek reimbursement of actual and necessary expenses incurred. Actual and necessary expenses would include any reasonable legal fees incurred in defense of its retention application and fee applications in this matter subject to Court approval.

13. The Trustee and Province understand that any compensation or reimbursement of expenses paid to Province must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and any administrative or other order concerning professional compensation and reimbursement entered in this proceeding.

14. It is contemplated that Province will seek interim compensation during the Cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. No compensation will be paid to Province except as ordered by the Bankruptcy Court pursuant to any interim compensation procedures or upon application to and approval by, the Bankruptcy Court after notice and a hearing.

15. Every effort will be made to ensure that Province's services are rendered in the most cost-effective manner possible.

16. Payments will be made to Province for its services only from the Estates. There are no arrangements between Province and any other entity for the sharing of compensation received or to be received in connection with the Cases, except insofar as such compensation may be shared among the partners of Province.

17. No separate written agreement exists pertaining to the Firm's employment in connection with the Cases.

18. Province has no prepetition claim against the Debtors.

19. Province has conducted an extensive conflict check within its database and thus far, Province has not encountered any creditors of the Debtors in which an actual conflict exists between Province and such creditors. If, at any time during the course of this proceeding, Province learns of any representation which may give rise to a conflict, Province will promptly file with the Court and the US Trustee, an amended declaration identifying and specifying such involvement.

20. Province and certain of its principals have represented and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these chapter 7 cases. At this time, Province is unaware of any such representation. If Province identifies any further such representations, Province shall make further disclosures as may be appropriate at that time.

21. Province represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtors and these Cases, whose members may be creditors in these cases. Province will not represent any members of these committees in any claims that they may have individually against the Debtors.

22. Province has represented, represents, and in the future will likely represent debtors, creditors' committees, and other parties in interest in cases unrelated to the Debtors and these chapter 7 cases wherein professionals retained in these cases have also served as professionals.

23. Province represented, represents, and in the future will likely represent parties in interest in other bankruptcy cases that are wholly unrelated to the Debtors and these chapter 7 cases wherein advisors to creditors retained in these cases are also serving as professionals.

24. Pachulski Stang Ziehl & Jones LLP (counsel to the Trustee) has worked and currently works with Province on various matters unrelated to the Debtors.

25. Province currently works with the Trustee in the KSL Media matter.

26. The Trustee is the Managing Member of the firm D. Gottlieb & Associates, LLC. D. Gottlieb & Associates, LLC has a monthly leasing agreement and maintains space in Province's Encino office. D. Gottlieb & Associates, LLC has no direct or indirect financial interest in Province, Inc. and Province, Inc. has no direct or indirect interest in D. Gottlieb & Associates, LLC.

DOCS_LA:319220.2 32277/001

27. Province is not, and has never been a creditor, an equity security holder or an insider of the Debtors.

28. Province is not and has never been an investment banker for any outstanding security of the Debtors.

29. Province is not, and was not, within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtors, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtors.

30. Province is not, and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtors.

31. Province represented the Chapter 11 Trustee in these Cases and has incurred professional fees in connection with that representation. Province's fees and expenses through August 31, 2018 were approved by the Court, and payment of approximately 69% of the Firm's fees and expenses was authorized.[2] Province will seek approval of additional Chapter 11 fees and expenses, upon notice and hearing, at a later date.

32. Neither Province nor any of its principals, associates or staff represents any interest adverse to that of the Estates. Accordingly, Province and its members are "disinterested" persons as that term is defined in section 101(14) of the Bankruptcy Code.

33. Province is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Guidelines of the Office of the United States Trustee and will comply with them.

---

[2] See *Order Granting Interim Fee Applications Filed By 1) David K. Gottlieb, Chapter 11 Trustee; 2) Akerman LLP; 3) BPE&H; 4) Pachulski Stang Ziehl & Jones LLP; 5) Province, Inc.; 6) Raines Feldman LLP, and 7) Weiss & Spees, LLP On An Interim Basis* [Dkt. No. 715].

11

DOCS_LA:319220.2 32277/001

34. The Trustee requests that Province's employment be approved effective as of the date of entry of the Conversion Order (i.e., March 12, 2019).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10TH day of April, 2019 in Encino, California.

*/s/ Walter Bowser*
Walter Bowser

DOCS_LA:319220.2 32277/001

# Exhibit A

**PETER KRAVITZ**
**PRINCIPAL & GENERAL COUNSEL**

## EDUCATIONAL BACKGROUND AND BAR ADMISSIONS

J.D., Rutgers University Law School, 1995 (Editorial Board of Rutgers Law Journal)
B.A., Lehigh University, 1992
Directors' Consortium Graduate Fall 2013 (jointly offering by Chicago Booth School of Business, Stanford Graduate School of Business, Rock Center for Corporate Governance and the Tuck School of Business at Dartmouth)
Bar Admissions: CA and USDC for Central District of California, 1995

## COMPLEX CIVIL LITIGATION AND BUSINESS COUNSELING BACKGROUND

American Lawyer Top 100 law firm partner; Martindale-Hubbell Peer Review of AV (Preeminent, 5.0 out of 5.0); selected as 2013 and 2014 Southern California Super Lawyer for Bankruptcy, Litigation and Trusts.

## BUSINESS AFFAIRS

Served as Executive VP of Business Affairs and General Counsel of the largest privately held RV dealership group ($425+ million in annual revenues and over 500 employees to manage). Mr. Kravitz undertook a prominent role within the industry by reshaping manufacturer-dealer agreements, forcing repurchases of entire aging inventories, ensuring financial compliance practices and managing corporate property development.

## RESTRUCTURING SERVICES

The focus of Mr. Kravitz' national practice is now dedicated to serving as a Chief Restructuring Officer; advisor to and member of bankruptcy oversight and creditor committees; Chapter 11/ Liquidating Trustee/Plan Administrator; Disbursing Agent; and member of Boards of Directors where his legal and business backgrounds are well-served.
Additionally, as President of a winding-down insurance company, Mr. Kravitz has personally managed the resolution of billions of dollars of personal injury, workers compensation and environmental claims returning over $20+ million in previously unaccounted for returns to the related bankruptcy estate and its beneficiaries.

**PAUL HUYGENS**
**PRINCIPAL**

**EDUCATIONAL BACKGROUND AND CERTIFICATIONS**

B.A., Santa Clara University, 1997
CPA License, Nevada
Certified Fraud Examiner
Member, Association of Certified Fraud Examiners
Member, Nevada Society of CPAs
Board Member, Meadows Bank
Chairman of the Board, Boys Town

**BUSINESS RESTRUCTURING AND TURNAROUND BACKGROUND**

Mr. Huygens is a founding principal of Province and has 20 years of experience in consulting and management on a national basis, primarily involving out-of-court restructurings, complex chapter 11 cases, and distressed financial transactions. He is an effective leader who produces creative and pragmatic solutions to complicated issues, and is a recent award winner in the Service Provider category with M&A Advisor. Mr. Huygens has represented debtors, chapter 7 and 11 trustees, creditors and creditor committees in cases spanning a range of industries, including gaming, hospitality, construction, metals & mining, real estate, media, alternative energy, ecommerce and retail. His experience includes the origination and restructuring of debt, fraud investigation, expert testimony, prepackaged and traditional reorganization plans, forensic and reconstructive accounting, asset sales, debtor-in-possession and exit financing, crisis management, interim management and strategic alternative consulting.

**PRIOR BUSINESS EXPERIENCE**

Mr. Huygens has spent the bulk of his career in the financial arena, serving as COO, CFO, Restructuring Officer or equivalent positions. He was previously a manager of assurance and advisory services for Deloitte with an emphasis in gaming and real estate, where he was responsible for coordinating the firm's efforts for audit and consulting engagements and numerous financial transactions, including public equity offerings, public and private debt offerings, and purchase and merger transactions.

**WALTER BOWSER**
**DIRECTOR**

**EDUCATIONAL BACKGROUND AND CERTIFICATIONS**

M.B.A., Carnegie Mellon University, 1989
B.A., University of Southern California, 1983
CPA License, Texas
Certified Fraud Examiner
Member, American Institute of CPAs
Member, Association of Certified Fraud Examiners

**BUSINESS RESTRUCTURING & CONSULTING BACKGROUND**

Mr. Bowser provides financial advisory and project management services in complex situations including acquisitions, forensic accounting, acquisition integration, and debt restructuring resulting in significant value increase to owners. Mr. Bowser has represented debtors, chapter 7 and 11 trustees, creditors and creditor committees in a variety of industries, including construction, metals, real estate, advertising, manufacturing, aerospace, and retail. Before joining Province, he worked for PriceWaterhouseCoopers, providing consulting and accounting services to clients in the real estate, banking, and manufacturing industries.

**PRIOR BUSINESS EXPERIENCE**

Mr. Bowser is a financial executive with 25 years of financial management experience in retail, manufacturing, professional services, real estate, and IT. He has served as a controller, VP of Finance, and CFO in companies ranging in size from $50 million to $500 million. Throughout his career, he has guided companies through major changes such as merger integration, divestitures, ERP implementation, major contract negotiation, capital restructuring, and bankruptcy. Mr. Bowser has acquired skills in managing the IT, insurance, and supply chain functions as well as the typical responsibilities of the CFO related to banking, tax, audit, financial planning, and control.

**RICKY NG**
**ASSOCIATE**

**EDUCATIONAL BACKGROUND & CERTIFICATIONS**
M.S., Finance, Shanghai Advanced Institute of Finance, SJTU, 2013
B.B.A., University of Michigan, Ross School of Business, 2008
NASD Series 7
NASD Series 63

**BUSINESS ADVISORY BACKGROUND**
Mr. Ng has experience in financial analysis, valuation, market analytics, banking, and real estate, and has been providing his financial expertise to companies for nearly a decade. Most recently he worked for a public merchant home builder where he performed market research to help price current and potential new inventory, and worked on the cash flow model for new project feasibility. In addition, he has provided pro forma revenue projections of potential retail tenants for a new shopping center in Asia to maximize the project's overall profitability.

**PRIOR EXPERIENCE**
Mr. Ng started his career in the ABS Conduit Group at JP Morgan where he monitored the collateral (trade receivables, credit cards, auto loans/leases) in the group's securitized loan portfolio. While with the firm, he has worked on the restructuring of a cross-border warehouse revolver for Macquarie. Afterwards, he was a co-founder of on-demand delivery startup in Manhattan and held acquisition discussions with the subsidiary of a major financial institution.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY PROVINCE INC. AS FINANCIAL ADVISOR; DECLARATION OF WALTER C. BOWSER IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 11, 2019, I checked the CMp/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 11, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 11, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/ Courtroom 303
Woodland Hills, California 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 11, 2019 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested Party
kjm@lnbrb.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Aram Ordubegian on behalf of Creditor LSC Communications US, LLC / Creel Printing
ordubegian.aram@arentfox.com

Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Interested Party Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney Weiss & Spees, LLP
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Communications, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Digital Media Productions, Inc.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| 1 | mw@weissandspees.com,<br>lm@weissandspees.com | Streamray Studios, Inc.<br>mw@weissandspees.com,<br>lm@weissandspees.com |
| 2 | | |
| 3 | Michael H Weiss on behalf of Debtor<br>Penthouse Global Broadcasting, Inc.<br>mw@weissandspees.com,<br>lm@weissandspees.com | Michael H Weiss on behalf of Debtor Tan<br>Door Media, Inc.<br>mw@weissandspees.com,<br>lm@weissandspees.com |
| 4 | | |
| 5 | Michael H Weiss on behalf of Debtor<br>Penthouse Global Digital, Inc.<br>mw@weissandspees.com,<br>lm@weissandspees.com | Michael H Weiss on behalf of Debtor<br>XVHUB Group, Inc.<br>mw@weissandspees.com,<br>lm@weissandspees.com |
| 6 | | |
| 7 | Michael H Weiss on behalf of Debtor<br>Penthouse Global Licensing, Inc.<br>mw@weissandspees.com,<br>lm@weissandspees.com | Christopher K.S. Wong on behalf of<br>Creditor LSC Communications US, LLC<br>/ Creel Printing<br>christopher.wong@arentfox.com |
| 8 | | |
| 9 | | |
| 10 | Michael H Weiss on behalf of Debtor<br>Penthouse Global Media, Inc.<br>mw@weissandspees.com,<br>lm@weissandspees.com | Beth Ann R Young on behalf of Creditor<br>Dream Media Corporation<br>bry@lnbyb.com |
| 11 | | |
| 12 | Michael H Weiss on behalf of Debtor<br>Penthouse Global Publishing, Inc.<br>mw@weissandspees.com,<br>lm@weissandspees.com | Beth Ann R Young on behalf of Creditor<br>Interested Party<br>bry@lnbyb.com |
| 13 | | |
| 14 | | Brian L. Davidoff<br>bdavidoff@greenbergglusker.com |
| 15 | Michael H Weiss on behalf of Debtor<br>Penthouse Images Acquisitions, Ltd.<br>mw@weissandspees.com,<br>lm@weissandspees.com | Jonathan Hayes<br>jhayes@SRHLawFirm.com |
| 16 | | |
| 17 | Michael H Weiss on behalf of Debtor<br>Pure Entertainment Telecommunications,<br>Inc. fka For Your Ears Only, Ltd.<br>mw@weissandspees.com,<br>lm@weissandspees.com | Peter W. Lianides<br>plianides@wcghlaw.com |
| 18 | | |
| 19 | | Mark S. Horoupian<br>mhoroupian@sulmeyerlaw.com |
| 20 | Michael H Weiss on behalf of Debtor | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

# U.S. Bankruptcy Court - Central District of California
## In re Penthouse Global Media, Inc.,
## Case No. 18-10098-MB

**2. SERVED BY UNITED STATES MAIL:**

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

**3. SERVICE VIA ELECTRONIC MAIL IN PDF FORMAT**

*Debtor*
Robert W. Campbell
Penthouse Global Media, Inc.
rcampbell@penthouse.com

*Request for Special Notice or Pecuniary Interest*
Rollin' Dice Productions
842 Wilcox Ave #1
Los Angeles Ca 90038-3654

*Counsel for Walter*
Miller Law Group
Representative: Walter M. Stella
wms@millerlawgroup.com

*Counsel for Penthouse Clubs Worldwide, LLC, Penthouse Clubs Global Licensing, LLC and Kirkendoll Management, LLC*
Mark A. Mintz
mmintz@joneswalker.com

Joseph Bain on behalf Penthouse Clubs
jBain@joneswalker.com

John D. Kirkendoll
Founder/CEO
Kirkendoll Management, LLC
jkirkendoll@kirkmgmt.com

*Counsel for WGCZ Ltd., S.R.O.*
Mark Bryn
mark@markbryn.com

Paul M. Brent, Esq.
Steinberg, Nutter & Brent
snb300@aol.com

*Counsel for LSC Communications, US, LL*
Aram Ordubegian (SBN 185142)
aram.ordubegian@arentfox.com
Robert M. Hirsh
(pro hac vice application to be submitted)
ARENT FOX LLP
robert.hirsh@arentfox.com

*Counsel for Jerrick Media Jerrick Media Holdings, Inc. And Jerrick Ventures LLC*
Theodore B. Stolman
ted.stolman@ffslaw.com

Blaine Bortnick
bbortnick@rascoklock.com

*Counsel for Alpha Cygni, Inc*
Rochelle@rjslawconsult.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:319220.2 32277/001

**F 9013-3.1.PROOF.SERVICE**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA