Bradley E. Brook, Esq. #125323
LAW OFFICES OF BRADLEY E. BROOK, APC
10866 Washington Blvd. #108
Culver City, California 90232
Phone Number: (310) 839-2004
Fax Number: (310) 945-0022
Email: bbrook@bbrooklaw.com

Attorneys for Chapter 7 Trustee David K. Gottlieb

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-BK-10098-MB<br><br>Chapter 7<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB; 1:18-bk-10102-MB; 1:18-bk-10103-MB; 1:18-bk-10104-MB; 1:18-bk-10105-MB; 1:18-bk-10106-MB; 1:18-bk-10107-MB; 1:18-bk-10108-MB; 1:18-bk-10109-MB; 1:18-bk-10110-MB; 1:18-bk-10111-MB; 1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT BETWEEN TRUSTEE OF DEBTORS' ESTATES AND LSC COMMUNICATIONS US, LLC DBA CREEL PRINTING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB**<br><br>Date:   June 26, 2020<br>Time:  1:30 p.m.<br>Place: 21041 Burbank Blvd.<br>          Courtroom 303<br>          Woodland Hills, CA 91367<br><br>Judge:    Hon. Martin R. Barash |

1

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, LSC COMMUNICATIONS US, LLC dba CREEL PRINTING AND ITS ATTORNEY OF RECORD, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on June 26, 2020 at 1:30 p.m. in Courtroom 303 of the above entitled court located at 21041 Burbank Blvd., Woodland Hills, CA 91367, pursuant to Federal Rule of Bankruptcy Procedure 9019, and Local Rule 9013-1, David K. Gottlieb, Chapter 7 Trustee of the above-captioned debtors' estates (the "Trustee"), will and hereby does move  (the "Motion") the Court for approval of the settlement (the "Settlement"), the terms of which are set forth in the Settlement Agreement between the Trustee and LSC Communications US, LLC dba Creel Printing attached hereto as Exhibit "1". Creel filed a request for the allowance of a Chapter 11 administrative claim ("Administrative Claim") pursuant to 11 U.S.C. § 503(b)(9) both as part of a filing made in this case [Dkt. No. 526] and as part of its proof of claim [No. 37-1]. Approval of this Motion resolves both the Trustee's motion to disallow the Administrative Claim ("Motion to Disallow") [Dkt. No. 891] and the adversary proceeding he initiated against Creel for the recovery of alleged preferential transfers which was assigned number 1:20-ap-01002-MB ("Adversary Proceeding"). The substantive content of this Motion, although captioned different, is concurrently filed both in this case and in the Adversary Proceeding and is the same.

Creel has sought allowance of its Administrative Claim in the sum of $131,504.19. In the Motion to Disallow, the Trustee made several arguments supporting his position that it should be entirely disallowed, including that Creel principally provided services rather than goods for Debtors. In the Adversary Proceeding, the Trustee alleges that he is entitled to recover $215,062.25 from Creel in avoidable preferential transfers. In response to both the Motion to Disallow and the Adversary Proceeding, Creel's counsel provided certain information and arguments to Trustee's counsel in support of its assertions. To avoid the costs, risks and uncertainties of litigation, the parties have agreed to resolve all of their disputes whereby Creel's Administrative Claim will be allowed as a Chapter 11 administrative claim in the sum of $65,000 only and the parties will mutually waive all other claims each may have. The specific terms of the settlement are set forth in the executed settlement agreement attached to the Declaration of David K. Gottlieb as Exhibit "1".

000002

The Trustee believes that the settlement reflects a fair and reasonable resolution of the parties' assertions and is in the best interests of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice, the Motion and the supporting Memorandum of Points and Authorities, the files and records in the Debtors' cases, and such further evidence and arguments as may be presented before or at the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that formal responses to the Motion (i) must be filed with the Court and served upon the Trustee's counsel at the address in the upper left hand corner of this Motion no later than 14 days prior to the date of hearing set forth above, and (ii) must contain a written statement of all reasons the Motion is opposed, and must include declarations and copies of all documentary evidence on which the Claimant intends to rely.

**PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed and served upon undersigned counsel, the Court may grant the relief requested in the Motion without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Motion involves issues of disputed fact or will require substantial time for presentation of evidence or argument.

**WHEREFORE**, the Trustee respectfully requests that the Court approve the settlement agreement attached as Exhibit 1.

Dated: June 1, 2020                    **LAW OFFICES OF BRADLEY E. BROOK, APC**

By: _/s/ Bradley E. Brook_
Bradley E. Brook
Attorneys for Chapter 7 Trustee, David K. Gottlieb

000003

I.    **INTRODUCTION**

Each of the above-named debtors ("Debtors") filed its respective Chapter 11 case on January 11, 2018 and the cases were ordered jointly administered. Subsequently, the Trustee was appointed as Chapter 11 trustee for each and then each was converted to Chapter 7. The Trustee was then appointed as the Chapter 7 trustee for all of Debtors' estates.

Both prior to the bankruptcy filings and continuing post-petition, Creel printed Debtors' magazines. In a pleading filed in this case [Dkt. No. #526] and as part of a general unsecured claim [Claim 37-1], Creel asserts that it is owed $555,792.35 prepetition of which the sum of $131,504.91 is allowable as an 11 U.S.C. § 503(b)(9) administrative claim (the "Administrative Claim"). The Trustee filed the Motion to Disallow and, among other arguments, asserted that the predominant purpose of Debtors' relationship with Creel was for its specialty printing service in connection with the preparation of Debtors' magazines rather than the production of goods for Debtors. In discussions with Trustee's counsel, Creel's counsel provided information and analysis in support of its position. The Trustee also initiated the Adversary Proceeding wherein the Trustee alleges that he is entitled to recover no less than $215,062.25 from Creel in avoidable preferential transfers. Creel's counsel provided data and argument as to why it had a complete defense to the Trustee's claims.

To avoid the costs, risks and uncertainties of litigation, the parties have agreed to resolve all of their disputes whereby Creel will have the Administrative Claim allowed as a Chapter 11 administrative claim in the sum of $65,000 only and the parties will mutually waive all other claims each may have as more fully set forth in the Settlement Agreement attached as Exhibit "1" hereto. The settlement is fair and equitable, was negotiated in good faith, reduces risk, costs and delay and represents a reasonable compromise. The Trustee respectfully requests that the settlement be approved and his entry into the Settlement Agreement be authorized by the Court.

//

//

//

//

4

000004

## II.   **BACKGROUND**

1.      On January 11, 2018, the Debtors initiated Bankruptcy Case Nos. 1:18-bk-10098-MB through 1:18-bk-10113-MB (collectively, the "Bankruptcy Case"), when each of the Debtors filed its respective Chapter 11 petition. Per Court order entered January 17, 2018, the Cases are being jointly administered.

2.      On March 2, 2018, the Court entered its order directing the appointment of a chapter 11 trustee, and on March 6, 2018, the Office of the United States Trustee appointed David K. Gottlieb as the Chapter 11 trustee in the Cases.

3.      On May 30, 2018, Creel filed a request for the allowance of an administrative claim in the Chapter 11 proceedings against Debtors as reflected by Docket No. 526 and Proof of Claim No. 37-1 asserting that it was owed $555,792.35 prepetition of which the sum of $131,504.91 is allowable as the Administrative Claim.

4.      On March 12, 2019, the Court entered an order granting the Trustee's motion to convert the Cases to Chapter 7 and the Office of the United States Trustee appointed David Gottlieb to serve as Chapter 7 trustee (the "Trustee").

5.      On December 18, 2019, the Trustee filed his Notice of Objection and the Motion to Disallow.

6.      On January 9, 2020, the Trustee filed an adversary proceeding against Creel to avoid and recover preferential transfers totaling 215,062.25 from Creel in avoidable preferential transfers pursuant to U.S.C. §§ 547 and 550, Case No. 1:20-ap-01002 (the "Adversary Proceeding").

7.      In discussing potential resolutions to both matters, the parties exchanged information, arguments and settlement proposals culminating in a settlement whereby Creel will receive an allowed $65,000 Chapter 11 administrative claim and the parties otherwise mutually release one another. A true and correct copy of the settlement agreement between the parties is attached as Exhibit 1.

//

//

//

000005

1 | **III.    ARGUMENT**

2 |      A.    <u>Legal Standard</u>.

3 |      Bankruptcy courts may, after the filing of a motion and with notice and the opportunity to

4 | request a hearing provided to the estate creditors, approve a compromise or settlement. FRBP Rule

5 | 9019(a). The Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in

6 | approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson*), 839

7 | F.2d 610, 620 (9th Cir. 1988). The purpose underlying a settlement agreement is to avoid the

8 | expenses and burdens that are associated with litigating deeply contested and questionable claims.

9 | *Martin v. Kane (In re A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986).

10 |      When approving a settlement agreement, the court need not conduct an exhaustive

11 | investigation of the claims sought to be compromised. *See United States v. Alaska Nat'l Bank (In re*

12 | *Walsh Constr., Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the court find

13 | that the settlement is "fair and equitable," negotiated in good faith and reasonably believed to be the

14 | best compromise negotiable under the circumstances. *See In re A & C Properties*, 784 F.2d at

15 | 1381.

16 |      In determining whether to approve a compromise pursuant to FRBP Rule 9019, the Ninth

17 | Circuit Court of Appeals has identified four factors that indicate whether the settlement is fair and

18 | equitable: (1) the probability of success in the litigation; (2) the difficulties, if any, to be

19 | encountered in the matters of collection; (3) the complexity of the litigation involved, and the

20 | expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the

21 | creditors and a proper deference to their reasonable views. *See In re A & C Properties*, 784 F.2d at

22 | 1381. Consideration of these factors does not require the court to determine whether a settlement

23 | presented is the best one that could possibly have been achieved. Rather, the court need only

24 | canvas the issues to determine whether the settlement falls "below the lowest point in the zone of

25 | reasonableness." *In re Pacific Gas & Electric Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004).

26 |      B.    <u>The Court Should Approve the Settlement Agreement</u>.

27 |      Here, the proposed settlement between the Trustee and Creel provides for the allowance of

28 | the Administrative Claim, but only for approximately fifty percent (50%) of the amount Creel had

requested. The principal legal issue involved in the Motion to Disallow – whether the predominant benefit from Debtors relationship with Creel was for the provision of services as compared to the production of goods when it printed Debtor's magazines – has been litigated in various jurisdictions with split outcomes. Although the Trustee believes the Motion to Disallow would be ultimately successful, it certainly was not a risk-free proposition. The Trustee considered the strength of Creel's counsel's assertions as to what defenses Creel may have to the Adversary Action and in doing so, the Trustee recognized that there were likely to be significant additional attorneys' fees and costs to be incurred which, unless he were fully successful in both actions, could largely negate any benefit he might achieve if all litigation was not resolved consensually. The Settlement Agreement was the product of good faith and several rounds of arm's-length negotiations between counsel for the Trustee, on behalf of the Debtors' estates, on the one hand, and counsel for Creel, on the other hand. While the issues and preparation of the Motion to Disallow required substantial analysis, the parties' willingness to work to achieve the resolution allowed the Trustee to forego any substantial additional fees or costs as well as eliminating risks and delay.

In addition, the Cases appear to be administratively insolvent. Thus, even if the Trustee were to fully prevail on both matters, after deduction of fees and costs to be incurred, there would be no distribution available to general unsecured creditors. Thus, allowance of the Administrative Claim as a Chapter 11 administrative claim for $65,000 with the parties otherwise fully releasing one another represents a fair and reasonable settlement.

**IV.    CONCLUSION.**

The Trustee respectfully requests that the Court grants the Motion and approves and authorizes the Trustee to enter into the Settlement Agreement and grant such other and further relief as it may deem just and proper.

Dated: June 1, 2020                    **LAW OFFICES OF BRADLEY E. BROOK, APC**

By: /s/ *Bradley E. Brook*
    Bradley E. Brook
    Attorneys for Chapter 7 Trustee, David K. Gottlieb

000007

### DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare:

1.        I am the Chapter 7 Trustee of the bankruptcy estate of Penthouse Global Media, Inc., et al., the above-captioned debtors in these chapter 7 proceedings. I make this Declaration in support of the Motion to Approve Settlement Between Trustee of Debtors' Estates and LSC Communications US, LLC dba Creel Printing (the "Motion") as set forth in the Settlement Agreement between the parties, a true and correct copy of which is attached hereto as Exhibit "1" ("Settlement Agreement"). All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion to which this Declaration is attached.

2.        Except as otherwise stated, all facts contained in this Declaration is attached are based upon personal knowledge (albeit my own or that gathered from others at my direction), my review of relevant documents, or my opinion based upon my experience concerning the Debtors' operations. If called upon, I would testify to the facts set forth in this Declaration.

3.        I am familiar with the background facts set forth in the Motion and, to the best of my knowledge, each is true.

4.        My counsel has provided me with information regarding the legal issues involved and the decisions made in other jurisdictions. While I am confident that I would ultimately prevail in the Motion to Disallow, I recognized the risks of succeeding in this litigation are likely to be large and costly.

5.        The Settlement Agreement provides that Creel will have its Administrative Claim allowed as a Chapter 11 administrative claim in the amount of $65,000.00 only and the parties will mutually release one another.  I believe that the Settlement Agreement is fair and reasonable and in the best interests of the Estate for the reasons set forth in the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 1, 2020 at Calabasas, California.

David K. Gottlieb

8

**Exhibit 1**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between David K. Gottlieb (the "Trustee"), solely in his capacity as Trustee of the estates (the "Estates") of Penthouse Global Media, Inc. and related entities (collectively, "Debtors") as identified in U.S. Bankruptcy Case No. 1:18-bk-10098-MB through 1:18-bk-10113-MB (collectively, the "Bankruptcy Case"), on the one hand, and LSC Communications US, LLC dba Creel Printing ("Creel"), on the other.  The Trustee and Creel may hereinafter be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, the Bankruptcy Cases of the Debtors were initiated on January 11, 2018, when each of the Debtors filed its respective Chapter 11 petition.

WHEREAS, the Cases are being jointly administered by order entered January 17, 2018.

WHEREAS, on March 2, 2018, the Court entered its order directing the appointment of a chapter 11 trustee, and on March 6, 2018, the Office of the United States Trustee appointed David K. Gottlieb as the Chapter 11 trustee in the Cases.

WHEREAS, on May 30, 2018, Creel filed for the allowance of an administrative claim in the Chapter 11 proceedings against Debtors as reflected by Docket No. 526 and Proof of Claim No. 37-1 (either, the "Creel Claim").

WHEREAS, by order dated March 12, 2019, the Court entered an order granting the Trustee's motion to convert the Cases to Chapter 7 and the Office of the United States Trustee appointed David Gottlieb to serve as Chapter 7 trustee (the "Trustee").

WHEREAS, on December 18, 2019, the Trustee filed his Notice of Objection to the Creel Claim and Notice of Motion and Motion for Order Disallowing Administrative Claim Asserted by LSC Communications US, LLC.

WHEREAS, on January 9, 2020, the Trustee filed an adversary proceeding against Creel to avoid and recover preferential transfer pursuant to U.S.C. §§ 547 and 550, Case No. 1:20-ap-01002 (the "Adversary Proceeding").

WHEREAS, following good faith, arm's length negotiations, and to avoid the expense, delay and risks of litigation, the Parties desire to resolve the disputes between and among them, subject to the terms and conditions as hereinafter set forth.

NOW, THEREFORE, in consideration of the mutual terms and covenants to be performed by each of the Parties hereto, and subject to approval of this Agreement by the Bankruptcy Court, the Parties hereby agree as follows:

1

000010

## TERMS AND CONDITIONS

1.  <u>Recitals Acknowledged</u>.
    The foregoing recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

2.  <u>Bankruptcy Court Approval</u>.
    The terms of this Agreement, and the effectiveness thereof, are subject to the approval of the Bankruptcy Court, after the Parties' compliance with the notice and hearing requirements of the Bankruptcy Code, the federal rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.  Within 10 days of execution of this Agreement, the Trustee will file a motion seeking Bankruptcy Court approval of the Agreement.

3.  <u>Effective Date</u>.
    This Agreement shall become effective on the first business day following the tenth (10th) calendar day after entry of an order by the Bankruptcy Court approving this Agreement for which no stay of the order granting the motion to approve this agreement is in effect, unless the order expressly provides that the order shall be effective and enforceable immediately upon entry, in which case the Agreement shall become effective on the date of entry of the order (the "Effective Date").

4.  <u>Settlement</u>.
    In full settlement of all issues between the parties, including the allowance and amount of any administrative claim on account of the Creel Claim and the Adversary Proceeding, Creel shall be deemed to have an allowed Chapter 11 administrative claim in the amount of $65,000 ("Chapter 11 Administrative Claim").

5.  <u>Release of the Trustee and the Estates</u>.
    Except as for the allowance of Creel's Chapter 11 Administrative Claim in the sum of $65,000, Creel hereby releases and forever discharges the Estates, the Trustee, the Debtors, their successors in interest and their respective agents, attorneys, consultants, financial advisors and insurers each in their capacity(ies) as such (collectively, the "Trustee Release Parties") from and against any and all claims (including, without limitation, all complaints, causes of action, lawsuits, charges, debts, liens, contracts, agreements, promises, liabilities, judgments, demands, damages, losses, emotional distress, rights, benefits, obligations, attorneys' fees, costs and expenses), of any kind, nature or type, whether known or unknown, liquidated or unliquidated, matured or unmatured, that Creel has or may have against any, some, or all of the Trustee Release Parties.

6.  <u>Release of Creel</u>.
    Except as for the obligations contained in this Agreement, the Trustee on behalf of each of the Debtors and their respective bankruptcy estates (collectively, the "Trust Releasors") hereby release and forever discharge Creel and its predecessors, successors, assigns, and attorneys (the "Creel Released Parties") from and against any and all claims (including, without limitation, all complaints, causes of action, lawsuits, charges, debts, liens, contracts, agreements, promises, liabilities, judgments, demands, damages, losses, emotional distress, rights, benefits,

000011

obligations, attorneys' fees, costs and expenses), of any kind, nature or type, whether known or unknown, liquidated or unliquidated, matured or unmatured, that the Trust Releasors have or may have against the Creel Released Parties.

7.    <u>Unknown Claims</u>.
       In this connection, the Parties each acknowledge and assume the risk that subsequent to the execution of this Agreement, he or it may discover facts or law, or may incur, suffer or discover losses, damage or injuries which are unknown and unanticipated at the time this Agreement was executed or became effective, which if known at such time may have materially affected his decision to give the release contained herein.

       Having been fully advised by counsel, the Trustee on behalf of the Debtors and their Estates, and Creel each voluntarily and with full knowledge of the potential consequences of doing so, assumes the obligations of this Agreement and all risks of any detriment arising from the execution of this Agreement, and hereby waives any possible right to set aside or rescind this Agreement, and further waives any and all rights he might otherwise possess under California Civil Code section 1542 and similar provisions of law existing in any other jurisdiction.

       California Civil Code Section 1542 provides as follows:
       A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

8.    <u>Entire Agreement</u>.
       This Agreement constitutes the final and entire agreement between the Parties hereto pertaining to the subject matter hereof and supersedes all prior and contemporaneous negotiations, discussions, agreements and understandings of the Parties, whether oral or written, with respect to such subject matter.

9.    <u>Binding on Successors</u>.
       This Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties.

10.    <u>No Assignments or Delegation of Rights</u>.
       Neither Party hereto has assigned or delegated any rights to any other party or person any of the rights or interests related to the Creel Claim, Adversary Proceeding, or the Chapter 11 Administrative Claim.

11.    <u>Jurisdiction and Venue</u>.
       Any action to enforce this Agreement must be brought in the United States Bankruptcy Court, Central District of California, in the Bankruptcy Case.  The Parties each hereby waive their right to trial by jury, if any, in connection with any such legal action.  The Parties consent to entry of a final judgment or order by the Bankruptcy Court as a core matter.

12.    <u>Modification</u>.  This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

000012

13.   <u>Further Assurances</u>.
    The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.

14.   <u>Signature and Execution</u>.
    A signed copy of this Agreement shall have the same force and effect as the original. This settlement agreement may be executed in counterparts, each of which is deemed to be an original, but such counterparts together shall constitute one and the same instrument.

15.   <u>Severability</u>.
    In the event that any Court determines that any provision of this Agreement is unenforceable, the provision at issue shall be enforced to the maximum extent permitted by law, and all other provisions shall remain in full effect.

16.   <u>Full Authority to Sign Agreement</u>.
    Any individual signing this Agreement on behalf of any Party hereto expressly represents and warrants to each other Party hereto that he or she has full authority and power to do so and to bind such Party hereto.

17.   <u>No Penalty for Drafting Agreement</u>.
    No provisions of this Agreement shall be interpreted for or against any Party because that Party or its legal representative drafted this Agreement.

18.   <u>Parties to Bear Own Costs</u>.
    Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution and approval of this Agreement.  Notwithstanding the foregoing, if legal action is necessary to enforce the terms of this Agreement, the Party declared to be the prevailing party in such proceedings shall be entitled to its reasonable attorneys' fees and costs incurred in enforcing this Agreement.

    IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

Dated: May 21, 2020            DAVID K. GOTTLIEB, CHAPTER 7 TRUSTEE

                    By: _____
                        David K. Gottlieb, solely in his capacity as Chapter 7
                        trustee of the jointly administered estates of Debtors

Dated: May __, 2020            LSC COMMUNICATIONS US, LLC
                    dba CREEL PRINTING

                    By:_____
                    Name:_____
                    Title:_____

4

13. <u>Further Assurances</u>.

The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.

14. <u>Signature and Execution</u>.

A signed copy of this Agreement shall have the same force and effect as the original. This settlement agreement may be executed in counterparts, each of which is deemed to be an original, but such counterparts together shall constitute one and the same instrument.

15. <u>Severability</u>.

In the event that any Court determines that any provision of this Agreement is unenforceable, the provision at issue shall be enforced to the maximum extent permitted by law, and all other provisions shall remain in full effect.

16. <u>Full Authority to Sign Agreement</u>.

Any individual signing this Agreement on behalf of any Party hereto expressly represents and warrants to each other Party hereto that he or she has full authority and power to do so and to bind such Party hereto.

17. <u>No Penalty for Drafting Agreement</u>.

No provisions of this Agreement shall be interpreted for or against any Party because that Party or its legal representative drafted this Agreement.

18. <u>Parties to Bear Own Costs</u>.

Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution and approval of this Agreement. Notwithstanding the foregoing, if legal action is necessary to enforce the terms of this Agreement, the Party declared to be the prevailing party in such proceedings shall be entitled to its reasonable attorneys' fees and costs incurred in enforcing this Agreement.

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

Dated: May __, 2020             DAVID K. GOTTLIEB, CHAPTER 7 TRUSTEE


                                By:_____
                                David K. Gottlieb, solely in his capacity as Chapter 7
                                trustee of the jointly administered estates of Debtors


Dated: May 21, 2020             LSC COMMUNICATIONS US, LLC
                                dba CREEL PRINTING

                                By: _____
                                Name: DAN PGVONKA
                                Title: V.P. FINANCE

                                      4

000014

**PROOF OF SERVICE OF DOCUMENT**
I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10866 Washington Blvd. #108, Culver City, CA 90232.

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT BETWEEN TRUSTEE OF DEBTORS' ESTATES AND LSC COMMUNICATIONS US, LLC DBA CREEL PRINTING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 2, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **June 2, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method <u>for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 2, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Overnight Delivery*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/ Courtroom 303
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **June 2, 2020** | Michael Mosher | */s/ Michael Mosher* |
| --- | --- | --- |
| Date | Printed Name | Signature |

9

1
2

### 1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

3

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

4

5

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

6

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

7

8

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

9

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com

10

11

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

12

13

Krikor J Meshefejian on behalf of Creditor Interested Party
kjm@lnbrb.com

14

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

15

16

Aram Ordubegian on behalf of Creditor LSC Communications US, LLC / Creel Printing
ordubegian.aram@arentfox.com

17

Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured
Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com

18

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

19

20

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com

21

22

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com

23

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

24

25

Cathy Ta on behalf of Interested Party Penthouse Clubs Worldwide, LLC
cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com

26

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

27

28

Michael H Weiss on behalf of Attorney Weiss & Spees, LLP

10

mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Communications, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Digital Media Productions, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Broadcasting, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Digital, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Licensing, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Media, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Global Publishing, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Penthouse Images Acquisitions, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure Entertainment Telecommunications, Inc. fka For
Your Ears Only, Ltd.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Streamray Studios, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan Door Media, Inc.
mw@weissandspees.com, lm@weissandspees.com

Michael H Weiss on behalf of Debtor XVHUB Group, Inc.
mw@weissandspees.com, lm@weissandspees.com

Christopher K.S. Wong on behalf of Creditor LSC Communications US, LLC / Creel Printing
christopher.wong@arentfox.com

Beth Ann R Young on behalf of Creditor Dream Media Corporation
bry@lnbyb.com

11

1  Beth Ann R Young on behalf of Creditor Interested Party
   bry@lnbyb.com

2

3  Brian L. Davidoff  bdavidoff@greenbergglusker.com

4  Jonathan Hayes jhayes@SRHLawFirm.com

5  Peter W. Lianides plianides@wcghlaw.com

6  Mark S. Horoupian mhoroupian@sulmeyerlaw.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

000018