Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Tel: 310/277-6910; Fax: 310/201-0760
E-mail: lcantor@pszjlaw.com

Bradley E. Brook (CA Bar No. 125323)
LAW OFFICES OF BRADLEY E. BROOK, APC
10866 Washington Blvd. #108
Culver City, CA 90232
Tel: 310/839-2004; Fax: 310/945-0022
E-mail: bbrook@bbrooklaw.com

Attorneys for David K. Gottlieb, Chapter 7 Trustee

**FILED & ENTERED**

**JAN 11 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Cetulio    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>           Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-BK-10098-MB<br><br>Chapter 7<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**ORDER APPROVING SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE AND WGCZ LTD., S.R.O AND ITS ASSIGNEES PER BANKRUPTCY RULE 9019 AND AUTHORIZING THE TRUSTEE TO SELL THE ESTATE'S EQUITY INTEREST IN CERTAIN PROPERTY PURSUANT TO 11 U.S.C. § 363**<br><br>**SCHEDULED HEARING**<br>Date:  January 5, 2020<br>Time:  11:00 a.m.<br>Place: 21041 Burbank Blvd., Courtroom 303<br>           Woodland Hills, CA 91367<br> Judge: Hon. Martin R. Barash |

1

1  This matter came before the Court upon the motion ("Motion") of David K. Gottlieb, Chapter 7 Trustee (the "Trustee") of the above-captioned bankruptcy estates (the "Estates") of Penthouse Global Media, Inc. and its debtor subsidiaries (the "Debtors") to approve a settlement ("Settlement") by and between the Trustee, on the one hand, and WGCZ Ltd., S.R.O. and its assignees Penthouse World Media, LLC, Penthouse World Broadcasting, LLC, Penthouse World Licensing, LLC, Penthouse World Digital, LLC, and Penthouse World Publishing, LLC, on the other hand (collectively, the "Buyer" and, together with the Trustee, the "Parties") and to authorize the sale of the Estates' equity interests in certain of the Debtors to the Buyer's designees pursuant to 11 U.S.C. § 363, free and clear of any and all interests in such property (the "Sale"). The Motion was filed and served upon all creditors pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(3).

The Court, having reviewed and considered the Motion, the Memorandum of Points and Authorities annexed thereto, the Declaration of David K. Gottlieb in support thereof and the record in these cases, no opposition to the Motion having been filed, and the Court finding that adequate and proper notice of the Motion has been given and no further notice is required and good case appearing for the granting of the Motion; and no hearing on the Motion being required and therefore appearances of counsel have been excused,

**IT IS HEREBY FOUND AND DETERMINED:**

A. The factors for approval of a Rule 9019 settlement articulated by the Ninth Circuit Court of Appeals in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986) (the "A & C Factors") weigh heavily in support of the Court approving the Settlement Agreement.

B. With regard to the each of the A & C Factors, the Court finds that: (1) while the Trustee believes that his probability of success in litigation against the Buyer regarding the Parties' reconciliations are good, all litigation carries risk and given the $365,000 settlement sum is within ten percent (10%) of the maximum sum the Trustee would expect to recover and also obtains a full release without any risks inherent in any litigation; (2) there may be collection difficulties as the Trustee does not know the Buyer's current financial status nor that of any of its assignees; (3) while the litigation should not be particularly complex, it would be time consuming, expensive, and

unnecessary given the Estates' recovery via settlement and (4) approval of the Settlement Agreement is in the best interests of the Estates and their creditors, especially given that the Estates are administratively insolvent.

      C.      The terms of the settlement as set forth in the Settlement Agreement are fair, equitable and reasonable under the circumstances of these Cases and fall within the lowest range of reasonableness as applied to the A & C factors.

      D.      The Trustee's determination to enter into the Settlement Agreement was fair and reasonable.

      E.      The Trustee's Sale of stock and modification of intellectual property ("IP") assignments as set forth in the following schedule are in the best interests of the Estates:

| No. | Entity | PENTHOUSE IP | Action to be Taken |
|---|---|---|---|
| 01 | General Media Communications, Inc. | Trademarks & Copyrights | To be acquired via stock purchase along with modified IP assignment |
| 02 | Pure Entertainment Telecommunications, Inc. | Copyrights | Modified assignment to be executed by Trustee |
| 03 | General Media Entertainment Inc. | Copyrights | Modified assignment to be executed by Trustee |
| 04 | Penthouse Images Acquisitions, Ltd. | Copyrights | Modified assignment to be executed by Trustee |
| 05 | XVHUB Group, Inc. | Copyrights | Modified assignment to be executed by Trustee |
| 06 | Penthouse Digital Media Productions, Inc. | Trademarks & Copyrights | To be acquired in stock purchase along with modified IP assignment |
| 07 | Danni Ashe, Inc. | Trademarks & Copyrights | To be acquired in stock purchase along with modified IP assignment |
| 08 | Steamray Studios, Inc. | Copyrights | Modified assignment to be executed by Trustee |
| 09 | Tan Door Media, Inc. | Trademarks & Copyrights | To be acquired in stock purchase along with modified IP assignment |
| 10 | GMI Online Ventures, Ltd. | Copyrights | To be acquired in stock purchase along with modified IP assignment |

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

      1.      The Motion is granted;

      2.      The findings set forth above are incorporated into this Order;

3. The Settlement Agreement is approved;

4. The Sale is approved free and clear of any interest in such property;

5. The Trustee is authorized to take such further actions as may be necessary to consummate the Settlement Agreement and Sale and to execute and deliver to the Buyer the modified Intellectual Property assignments upon and contemporaneously with receipt of the $365,000 settlement sum; and

6. The Court shall retain jurisdiction to enforce and interpret the provisions of this Order.

###

Date: January 11, 2021

Martin R Barash
United States Bankruptcy Judge