1   Bradley E. Brook (CA Bar No. 125323)
    LAW OFFICES OF BRADLEY E. BROOK, APC
2   10866 Washington Blvd. #108
    Culver City, CA 90232
3   Tel: 310/839-2004; Fax: 310-945-0022
    E-mail: bbrook@bbrooklaw.com
4

5   Special Counsel for David K. Gottlieb, Chapter 7 Trustee

6                **UNITED STATES BANKRUPTCY COURT**

7       **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

8   In re:                                          Case No.: 1:18-BK-10098-MB

9   PENTHOUSE GLOBAL MEDIA, INC.,                   Chapter 7

10                          Debtor.                 Jointly Administered with Cases Nos.:
                                                    1:18-bk-10099-MB; 1:18-bk-10101-MB;
11  ☒  Affects All Debtors                          1:18-bk-10102-MB; 1:18-bk-10103-MB;
    ☐  Affects Penthouse Global Broadcasting,       1:18-bk-10104-MB; 1:18-bk-10105-MB;
12  Inc.                                            1:18-bk-10106-MB; 1:18-bk-10107-MB;
    ☐  Affects Penthouse Global Licensing, Inc.     1:18-bk-10108-MB; 1:18-bk-10109-MB;
13  ☐  Affects Penthouse Global Digital, Inc.       1:18-bk-10110-MB; 1:18-bk-10111-MB;
    ☐  Affects Penthouse Global Publishing, Inc.    1:18-bk-10112-MB; 1:18-bk-10113-MB
14  ☐  Affects GMI Online Ventures, Ltd.
    ☐  Affects Penthouse Digital Media              **NOTICE OF MOTION AND MOTION OF**
15  Productions, Inc.                               **CHAPTER 7 TRUSTEE FOR ORDER**
    ☐  Affects Tan Door Media, Inc.                 **APPROVING SETTLEMENT BETWEEN**
16  ☐  Affects Penthouse Images Acquisitions,       **THE TRUSTEE AND ROBERT**
    Ltd.                                            **CAMPBELL PURSUANT TO**
17  ☐  Affects Pure Entertainment                   **BANKRUPTCY RULE 9019;**
    Telecommunications, Inc.                        **MEMORANDUM OF POINTS AND**
18  ☐  Affects XVHUB Group, Inc.                    **AUTHORITIES; DECLARATION OF**
    ☐  Affects General Media Communications,        **DAVID K. GOTTLIEB IN SUPPORT**
19  Inc.                                            **THEREOF**
    ☐  Affects General Media Entertainment, Inc.
20  ☐  Affects Danni Ashe, Inc.                     **HEARING**
    ☐  Affects Streamray Studios, Inc.              Date:   October 27, 2021
21                                                  Time:  1:30 p.m.
22                                                  Place: 21041 Burbank Blvd., Courtroom 303
                                                           Woodland Hills, CA 91367
23                                                  Judge: Hon. Martin R. Barash
24

25                                                  **RELATES TO ADV. NO. 01:20-01003-MB**

26

27

28

DOCS_LA:339993.2 32277/002

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; DEFENDANT ROBERT CAMPBELLAND HIS ATTORNEYS OF RECORD AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that David K. Gottlieb, in his capacity as Chapter 7 Trustee (the "Trustee") of the above-captioned bankruptcy estates (the "Estates") of Penthouse Global Media, Inc. and its debtor subsidiaries (the "Debtors"), hereby moves (the "Motion") the Court for entry of an order pursuant Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to approve the settlement ("Settlement") by and between the Trustee, on behalf of the Estates, and Robert Campbell ("Defendant" or "Campbell") and together with the Trustee, the "Parties") in adversary proceeding case no. 01-20:01003-MB ("Adversary Action").

The terms of the Settlement are more fully set forth in the Settlement Agreement attached as Exhibit "1" to the Declaration of David K. Gottlieb (the Settlement Agreement"). The principal terms include: (1) the payment by the Defendant to the Trustee the sum of $4,000.00 for the benefit of the Estates, a sum which they have already tendered; and (2) the Parties' full mutual release and discharge of the other (the "Mutual Release").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion has been scheduled for **October 27, 2021 at 1:30 p.m. Pacific Time**, or as soon thereafter as counsel may be heard before the Honorable Martin R. Barash, United States Bankruptcy Judge, in Courtroom 303, 21041 Burbank Boulevard, Woodland Hills, California 91367.

Pursuant to the SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO, the Court will conduct the hearing remotely, using ZoomGov audio and video technology. Individuals will not be permitted access to the courtroom. The following is the unique ZoomGov connection information for the above-referenced hearing:

**Video/audio web address:   https://cacb.zoomgov.com/j/1600150150**

**ZoomGov meeting number: 160 015 0150**

**Password: 602527**

**Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666**

DOCS_LA:339993.2 32277/002

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of David K. Gottlieb annexed thereto, the record in these chapter 7 cases ("Cases"), as well as any other documentary evidence as may be presented to this Court at or before the hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the Motion. The failure to properly file and serve an opposition may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting the Motion; (b) approving the terms of the Settlement as set forth in the Settlement Agreement and the Trustee's execution thereof; and (c) granting the Trustee such other and further relief as the Court deems just and proper.

Dated: September 30, 2021            LAW OFFICES OF BRADLEY E. BROOK, APC


                                     By: _Bradley E. Brook_____
                                         Bradley E. Brook, Esq.
                                         Special Counsel for David K. Gottlieb, Chapter 7
                                         Trustee of Penthouse Global Media, Inc. and its
                                         affiliated debtor entities

_Submitted by:_

Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: lcantor@pszjlaw.com


By: _/s/ Linda F. Cantor_____
    Linda F. Cantor
    Counsel for David K. Gottlieb, Chapter 7 Trustee
    of Penthouse Global Media, Inc. and its debtor affiliates

DOCS_LA:339993.2 32277/002

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

These Estates are administratively insolvent. By way of this Motion, the Trustee seeks approval of the Settlement, a compromise between the Trustee, as Chapter 7 trustee for the Estates, on the one hand, and Defendant, on the other hand, as more fully set forth in the Settlement Agreement that will resolve all claims, matters and disputes as between them, including this Adversary Action. As more fully set forth in the Settlement Agreement, the Settlement has two principal terms. First, the Defendant has agreed to pay to the Trustee the sum of $4,000.00 for the benefit of the Estates (the "Settlement Sum"), and that sum has already been tendered to the Trustee. Second, the Settlement Agreement includes the Mutual Release whereby the Parties have agreed to fully and broadly release each of the other Parties which includes, but is not limited to, the Defendant's release of the right to receive any distribution from the Estates, whether on account of a claim or otherwise, and the waiver of California Civil Code § 1542.

The Trustee submits that, under the circumstances of these Cases, his receipt of the Settlement Sum and the Mutual Release of the Parties constitutes a reasonable resolution and he avoids incurring the meaningful risks associated with litigation, likely lengthy delays in resolution and collection, and potentially significant legal fees and costs in connection with this Adversary Proceeding. Accordingly, the Trustee requests that the terms of the Settlement and his entry into the Settlement Agreement be approved by the Court.

## II.    BACKGROUND.

### A.    The Administration Of The Bankruptcy Cases.

The instant cases (the "Cases") were commenced by the filing of voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on January 11, 2018 (the "Petition Date"). Prior to the appointment of the Trustee, the Estates acted as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Court entered an Order Approving the Motion for Joint Administration on of the Debtors' cases on January 16, 2018 [Docket No. 18] designating the case of *In re Penthouse Global*

4

*Media, Inc.*, Case No. 1:18-bk-10098 as the "Lead Case." On February 21, 2018, the Court held a status conference, at which time it was determined that the appointment of a chapter 11 trustee of the Estates was appropriate.  On March 2, 2018, the Court entered its order directing the appointment of a chapter 11 trustee [Docket No. 231] and on March 6, 2018, the Office of the United States Trustee appointed David K. Gottlieb as the chapter 11 trustee in the cases [Docket No. 239].

By order entered June 14, 2018, the Trustee obtained Bankruptcy Court authorization to sell substantially all of the Estates' assets to the successful bidder at a bankruptcy auction that was held on June 4, 2018 [Docket No. 577]. On June 15, 2018 (the "Sale Closing Date"), the sale of substantially all of the Debtors' assets to the Buyer was consummated pursuant to the terms of the Asset Purchase Agreement (the "Closing").

On January 31, 2019, the Trustee filed a motion to convert the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. The Court granted the motion to convert cases by order entered March 12, 2019 [Docket No. 810]. The Office of the United States Trustee appointed David Gottlieb to serve as Chapter 7 Trustee [Docket No. 812].  The Cases are administratively insolvent.

### B.    The Adversary Action.

The Trustee alleged that Campbell, a director of Penthouse Global Media, Inc. and a financial consultant for it, received $150,000 out of a financing undertaken by PGMI with Noble Financial Capital Markets ("Noble") which had also been Campbell's former employer receiving $100,000. PGMI was allegedly rendered insolvent as a result of the financing. Campbell also received $54,000, allegedly for fees as a director, although there was no documentation to substantiate the basis for the payments. Campbell filed a cross-complaint against the Trustee for compensation allegedly due him, but did not serve the cross-complaint.

 To see if they could avoid the incurrence of significant legal fees by resolving the Adversary Proceeding consensually with the assistance of an experienced mediator, the Parties prepared briefs and thereafter participated in a mediation with the Hon. Meredith Jury. While the mediation itself did not resolve the Adversary Action, certain portions of the mediator's analysis did resonate with the Trustee who shortly thereafter made a settlement proposal to the Defendants which they accepted. The Settlement terms are more fully set forth in the attached Settlement Agreement.

DOCS_LA:339993.2 32277/002

## IV.    SUMMARY OF THE SETTLEMENT.

As more fully set forth in the Settlement Agreement, the Settlement has two principal terms. First, the Defendant has agreed to pay to the Trustee the Settlement Sum for the benefit of the Estates and that payment has already been tendered. Second, the Settlement Agreement includes the Mutual Release whereby the Parties have agreed to fully and broadly release each of the other Parties which includes, but is not limited to, the Defendants' release of the right to receive any distribution from the Estates, whether on account of a claim or otherwise, and the waiver of California Civil Code § 1542.

## V.    THE SETTLEMENT SHOULD BE APPROVED.

### A.    <u>Standard of Review for Approval of a Compromise.</u>

Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Bankruptcy courts favor compromise. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the bankruptcy judge."). In reviewing a settlement, bankruptcy courts must determine whether the settlement is "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee v. Anderson*, 390 U.S. 414, 424 (1968). When deciding whether to approve a settlement, the bankruptcy court must determine if the settlement is reasonable under the circumstances of the case, fair and equitable, and in the best interest of the estate. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986). Courts generally should "give[ ] deference to a trustee's business judgment in deciding whether to settle a matter" for the benefit of the estate." (citations omitted). *In re Douglas J. Roger, M.D., Inc., APC, ("Roger"),* 393 F. Supp. 3d 940, 961 (C.D. Cal. 2019). Under the circumstances of this case, the Settlement as set forth in the Settlement Agreement between the Trustee and the Buyer meets this standard.

DOCS_LA:339993.2 32277/002

1    The United States Court of Appeals for the Ninth Circuit has indicated that in determining

2    the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should

3    consider the following factors:  (1) the probability of success in litigation; (2) the difficulties, if any,

4    to be encountered in the matter of collection; (3) the complexity of the litigation involved and the

5    expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the

6    creditors and the proper deference to their reasonable views in the premises. *See Woodson v.*

7    *Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*,

8    784 F.2d at 1380). It is not necessary that all of the conclusions reached in the consideration of each

9    of the foregoing factors support the settlement, but taken as a whole, those conclusions must favor

10    the approval of the settlement. *See In re Pacific Gas & Elec. Co*, 304 B.R. 395, 417 (Bankr. N.D.

11    Cal. 2004) (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). "Ultimately,

12    the court must determine whether the individual settlement sought to be approved under Bankruptcy

13    Rule 9019(a) falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R.

14    117, 136 (Bankr. D.N.J. 2010).

15    In this case, the Trustee has used his business judgment to obtain the Settlement and

16    negotiated the terms of the Settlement Agreement. Under the circumstances of these administratively

17    insolvent Cases, the payment of the Settlement Sum and the Mutual Releases represent a fair and

18    adequate settlement which should be approved by this Court.

19    **B.    The Settlement Agreement Satisfies The Rule 9019(a) Standard.**

20    As discussed below, consideration of the foregoing factors supports Court approval of the

21    proposed Settlement. Campbell had a potential defense to the receipt of the $150,000 because, he

22    claimed that Noble was due $250,000 with respect to the financing from PGMI and paid Campbell

23    due to his coordination of the deal. To defeat Campbell's defense, the Trustee would have needed to

24    engage in substantial discovery, including taking a number of depositions, some of which would

25    have been out of state. The Trustee also determined that Campbell had switched brokerage house

26    employers frequently and had faced a number of SEC related inquiries. After an asset analysis was

27    undertaken, the Trustee determined that collection of any meaningful judgment that may be obtained

28

7

against Campbell. The settlement also provides for a broad, mutual releases by the Parties which is also a benefit to the Estates.

### 1.    Probability of Success.

The Trustee believes his claims against Campbell were meritorious. However, to prevail on the claim to recover $150,000, the Trustee would likely need to obtain testimony from witnesses associated with, or formerly associated with, Noble and others involved in the financing because he expected that Kelly Holland, the Debtors' former CEO and president, would be supportive of Campbell's assertions. Depositions would need to be taken, including some of which would be out of state. While there was no written record approving any payments to Campbell as directors' fees, the Trustee was aware that both Campbell and Holland would testify to support the appropriateness of the payments.

### 2.    Difficulties With Collection.

The Trustee believes that even if he were to obtain a meaningful judgment against Campbell, there was a substantial risk of collecting little or nothing. While there is always some risk that any judgment may not be fully collectible, the Trustee's counsel undertook a background investigation which led him to believe that a judgment of any sum beyond a modest amount may be materially challenging to collect in full. Unlike when a judgment is obtained against a defendant which has insurance or a publicly traded corporation, it often is very difficult to enforce a judgment against an individual or a closely held private corporation, especially if the judgment is of any significant sum. There are typically significant delays associated with attempting to collect judgments through judgment enforcement procedures which, at a minimum, first require identifying potentially available assets and then applying approved court process for their turnover or recovery. Judgment collection is often a very frustrating, time consuming and expensive process, all of which is separate and apart from what is necessary to obtain a judgment in the first place. These challenges appear to all be present in this instance.

### 3.    The Complexity of the Litigation.

The complexity of the litigation was not a major concern for the Trustee.

DOCS_LA:339993.2 32277/002

**4.    Interests of Creditors.**

The Estates are administratively insolvent. There are a moderate number of Chapter 11 claimants meaning that holders of allowed Chapter 11 administrative claims are likely to have their recoveries impacted significantly if further legal and expert expenses need to now be incurred in this Adversary Action. Notwithstanding the merits of this litigation, the recognition that substantial legal fees and deposition costs would likely need to be incurred, and given the significant collection risks, the Trustee determined it was in the creditors' best interests to enter into the Settlement and its approval is justified

As a result of settling before discovery, trial prep and the trial itself, the payment of the Settlement Sum constitutes a recovery of a material portion of the fees and costs incurred by the Chapter 7 Trustee in connection with this Adversary Proceeding. Second, exclusive of Motions to Disallow Requests for Payment of Chapter 11 Administrative Expenses, this case and the companion adversary action of *David K. Gottlieb, Chapter 7 trustee v. Kelly Holland and Revideo, Inc., a/k/a The Art Attack Productions,* Adversary Case No. 1:20-bk-01004-MB, represent the final litigation matters which the Trustee intends to initiate. Any delay in their resolution could significantly slow the time when disbursements to claimants with allowed Chapter 11 administrative expenses can be made. Third, the Mutual Release removes any risk that the Defendant have, can or will assert a right to payment from the Estates.

[*Remainder of Page Intentionally Left Blank*]

9

1     **WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting

2 the Motion; (b) approving the Settlement and his entry into the Settlement Agreement; and (c)

3 granting the Trustee such other and further relief as the Court deems just and proper.

4

5

6 Dated: September 30, 2021            LAW OFFICES OF BRADLEY E. BROOK, APC

7

8            By: *Bradley E. Brook*_____
                Bradley E. Brook, Esq.

9                 Special Counsel for David K. Gottlieb, Chapter 7
                Trustee of Penthouse Global Media, Inc. and its

10                 affiliated debtor entities

11 *Submitted by:*

12 Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP

13 10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067

14 Telephone: 310/277-6910
Facsimile: 310/201-0760

15 E-mail:  lcantor@pszjlaw.com

16

17 By: */s/ Linda F. Cantor*_____
     Linda F. Cantor

18      Counsel for David K. Gottlieb, Chapter 7 Trustee
     of Penthouse Global Media, Inc. and its debtor affiliates

19

20

21

22

23

24

25

26

27

28

DOCS_LA:339993.2 32277/002

### DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1.      I am the duly appointed Chapter 7 Trustee of the estates of PGMI and its affiliated debtor entities whose cases are being jointly administered with the PGMI case.

2.      I make this Declaration in support of the *Motion for Order Approving Settlement Between The Trustee And Robert Campbell* (the "Motion") to which this Declaration is annexed.  All matters set forth herein are based on either my personal knowledge, my review of relevant documents and information, including, without limitation, documents and information supplied to me by my professionals, and the record in these Cases for which judicial notice is sought.  All capitalized terms herein which are otherwise not defined herein shall have the same meaning ascribed to them in the Motion to which this Declaration is attached. If called upon to testify, I could and would testify competently to the facts set forth herein.

3.      A true and correct copy of the Settlement Agreement is attached to this Declaration as Exhibit "1".

4.      I believe that the claims raised in the Adversary Action against Campbell are both meritorious. However, there would be a need for substantial discovery, including out of state depositions of current and/or former Noble employees to determine whether it had agreed to share its financing fee with him. Not only would the Estates incur meaningful legal fees and expenses, but if the witnesses testified adversely to the Trustee's position, it was possible that the claim was entirely defensible. The claim against Campbell for recovery of amounts paid purportedly to him as a director of PGMI would not be as expensive to prosecute, but the amount at stake was comparatively modest and I expected that Holland and Campbell would provide testimony to defend the payments.

7.      I believe that there is a substantial risk of collecting little or nothing from the Defendant should I prevail in the Adversary Action. While there is always some risk that any judgment may not be fully collectible, I understand that my counsel undertook a background investigation which led him to believe that a judgment of any sum beyond a modest amount may be materially challenging to collect in full. Unlike when a judgment is obtained against a defendant which has insurance or a publicly traded corporation, it often is very difficult to enforce a judgment

DOCS_LA:339993.2 32277/002

against an individual or a closely held private corporation, especially if the judgment is of any significant sum. There are typically significant delays associated with attempting to collect judgments through judgment enforcement procedures which, at a minimum, first require identifying potentially available assets and then applying approved court process for their turnover or recovery. Judgment collection is often a very frustrating, time consuming and expensive process, all of which is separate and apart from what is necessary to obtain a judgment in the first place. These challenges appear to all be present in this instance.

9.    The Estates are administratively insolvent and there are a moderate number of Chapter 11 claimants meaning that holders of allowed Chapter 11 administrative claims are likely to have their recoveries impacted significantly if further legal and expert expenses need to now be incurred in this Adversary Action.

9.    Notwithstanding the merits of this litigation, the risks associated with potential defenses, the recognition that meaningful legal fees and deposition costs will necessarily need to be incurred, and the collection risks are all significant in this case are all strong reasons why the Settlement should be approved. By settling at this early juncture, the payment of the Settlement Sum constitutes a recovery of a material portion of the fees and costs I have incurred in connection with this Adversary Proceeding.

10.    Exclusive of Motions to Disallow Requests for Payment of Chapter 11 Administrative Expenses, this case and the companion adversary action of *David K. Gottlieb, Chapter 7 trustee v. Robert Campbell,* Adversary Case No. 1:20-bk-10113-MB, represent the final litigation matters which I intend to initiate. I believe a delay in the resolution of the Adversary Actions could significantly slow the time when disbursements to claimants with allowed Chapter 11 administrative expenses can be made. Moreover, the Mutual Release obtained through the Settlement not only removes any risk that either of the Defendants have, can or will assert a right to payment from the Estates.

11,    Accordingly, I believe in my capacity as Trustee of these Estates that under the circumstances of these Cases, the Settlement is fair, reasonable and in the best interests of creditors and that the Settlement Agreement should be approved.

DOCS_LA:339993.2 32277/002

1      I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.  Executed this 28th day of September, 2021 at _ENCINO_____,

3    California.

4

                          _____

5                          David K. Gottlieb

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between David K. Gottlieb ("Gottlieb"), solely in his capacity as chapter 7 trustee ("Trustee") of the estates of Penthouse Global Media, Inc. and related debtor entities (collectively, "Debtors") as identified in U.S. Bankruptcy Case No. 1:18-bk-10098-MB through 1:18-bk-10113-MB (collectively, the "Bankruptcy Case"), on the one hand, and Robert Campbell ("Campbell"), on the other. The Trustee and Campbell may hereinafter be referred to individually as a "Party" and collectively as the "Parties".

## RECITALS

WHEREAS, the Bankruptcy Cases of the Debtors were initiated on January 11, 2018, when each of the Debtors filed its respective Chapter 11 petition and are being jointly administered pursuant to an order entered on January 17, 2018;

WHEREAS, on March 2, 2018, the Court entered an order directing the appointment of a chapter 11 trustee and on March 6, 2018, the Office of the United States Trustee appointed David K. Gottlieb as the chapter 11 trustee in the Bankruptcy Cases;

WHEREAS, on January 31, 2019, the Trustee filed a motion to convert the Debtors' cases to cases under chapter 7 of the Bankruptcy Code which the Court granted and on March 12, 2019, entered an order granting the Trustee's motion and the Office of the United States Trustee appointed David Gottlieb to serve as Chapter 7 trustee;

WHEREAS, on January 10, 2020, the Trustee initiated adversary proceeding case no. 1:20-01003-MB (the "Adversary") wherein he alleged that the Trustee was entitled to recover from Campbell pursuant to the Bankruptcy Code or on account of California law to which Campbell filed an answer denying that he owed any sum to the Estates and a cross-complaint alleging that he was owed additional compensation (the "Campbell Cross-Claim");

WHEREAS, following good faith, arm's length negotiations, including mediation, and to avoid the expense, delay and risks of litigation, the Parties desire to resolve the disputes and claims between and among them, subject to the terms and conditions as hereinafter set forth;

NOW, THEREFORE, in consideration of the mutual terms and covenants to be performed by each of the Parties hereto, and subject to approval of this Agreement by the Bankruptcy Court, the Parties hereby agree as follows:

## TERMS AND CONDITIONS

1.    Recitals Acknowledged.
      The foregoing recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

1

2.    Settlement.

The Trustee agrees to dismiss the Adversary, with prejudice, and waive the estates' claims against Campbell in exchange for the waiver by Campbell of all claims against the estates including, without limitation, the Campbell Cross-Claim and Campbell's payment of the sum of Four Thousand Dollars ($4,000) (the "Settlement Sum") to the Trustee. Campbell agrees that he shall receive no money on account of the Campbell Cross-Claim or otherwise.

3.    Bankruptcy Court Approval.

The terms of this Agreement, and the effectiveness thereof, are subject to the approval of the Bankruptcy Court, after the Parties' compliance with the notice and hearing requirements of the Bankruptcy Code, the federal rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. Provided the Settlement Sum is paid to the Trustee within fourteen (14) days after execution of this Agreement, to be held by the Trustee pending the Effective Date (defined below), the Trustee will file a motion seeking Bankruptcy Court approval of this Agreement (the "Settlement Motion") within seven days of such payment.

4.    Effective Date.

This Agreement shall become effective and enforceable immediately upon Bankruptcy Court approval of the Settlement Motion (the "Effective Date"). Within seven (7) days of the Effective Date, the Trustee and Campbell shall file a stipulation with the Bankruptcy Court dismissing the Adversary and the Campbell Cross-Claim, with prejudice, and waiving all claims in accordance with the mutual releases set forth below.

5.    Mutual Release.

Except for Campbell's obligation to make pay the Settlement Sum and the Parties' obligations set forth in this Agreement, (a) the Trustee on behalf of each of the Debtors and their respective bankruptcy estates, and Gottlieb (collectively, the "Trustee Releasors"), hereby release and forever discharge Campbell and each of his agents, representatives and attorneys from and against any and all claims (including, without limitation, the claims asserted in the Adversary, all complaints, causes of action, lawsuits, charges, debts, liens, contracts, agreements, promises, liabilities, judgments, demands, damages, losses, emotional distress, rights, benefits, obligations, attorneys' fees, costs and expenses), of any kind, nature or type, whether known or unknown, liquidated or unliquidated, matured or unmatured, that Gottlieb and the Trustee Releasors has or may have against Campbell, and (b) Campbell hereby releases and forever discharge Gottlieb and the Trustee Releasors and each of their agents, representatives and attorneys from and against any and all claims (including, without limitation, the claims asserted in the Campbell Cross-Claim, all complaints, causes of action, lawsuits, charges, debts, liens, contracts, agreements, promises, liabilities, judgments, demands, damages, losses, emotional distress, rights, benefits, obligations, attorneys' fees, costs and expenses), of any kind, nature or type, whether known or unknown, liquidated or unliquidated, matured or unmatured, that Campbell has or may have against Gottlieb and the Trustee Releasors.

6.    Unknown Claims.

The Parties each acknowledge and assume the risk that subsequent to the execution of this Agreement, he or it may discover facts or law, or may incur, suffer or discover losses, damage or injuries which are unknown and unanticipated at the time this Agreement was

2

executed or became effective, which if known at such time may have materially affected his decision to give the release contained herein.

Having been fully advised by counsel, the Trustee on behalf of the Debtors and their Estates, and Campbell voluntarily and with full knowledge of the potential consequences of doing so, assumes the obligations of this Agreement and all risks of any detriment arising from the execution of this Agreement, and hereby waives any possible right to set aside or rescind this Agreement, and further waives any and all rights he might otherwise possess under California Civil Code section 1542 and similar provisions of law existing in any other jurisdiction.

California Civil Code Section 1542 provides as follows:

A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor.

For the protection of the undersigned, California law requires the following to appear on this form:

Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to a fine and confinement in state prison.

7.   <u>Entire Agreement</u>.
This Agreement constitutes the final and entire agreement between the Parties hereto pertaining to the subject matter hereof and supersedes all prior and contemporaneous negotiations, discussions, agreements and understandings of the Parties, whether oral or written, with respect to such subject matter.

8.   <u>Binding on Successors</u>.
This Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties.

9.   <u>No Assignments or Delegation of Rights</u>.
Neither Party hereto has assigned or delegated any rights to any other party or person any of the rights or interests related to any claim which may be subject to the terms of this Agreement including, but not limited to unsecured claims, secured claims and administrative claims.

10.   <u>Jurisdiction and Venue</u>.
Any action to enforce this Agreement must be brought in the United States Bankruptcy Court, Central District of California, in the Bankruptcy Case. The Parties each hereby waive their right to trial by jury, if any, in connection with any such legal action. The Parties consent to entry of a final judgment or order by the Bankruptcy Court as a core matter.

11.   <u>Modification</u>. This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

3

12.     Further Assurances.
        The Parties shall take all further acts and sign all further documents necessary or
convenient to effectuate the purpose of this Agreement.

13.     Signature and Execution.
        A signed copy of this Agreement shall have the same force and effect as the original.
This settlement agreement may be executed in counterparts, each of which is deemed to be an
original, but such counterparts together shall constitute one and the same instrument.

14.     Severability.
        In the event that any Court determines that any provision of this Agreement is
unenforceable, the provision at issue shall be enforced to the maximum extent permitted by law,
and all other provisions shall remain in full effect.

15.     Full Authority to Sign Agreement.
        Any individual signing on behalf of any Party hereto expressly represents and warrants to
each other Party that he or she has full authority to do so and to bind such Party hereto.

16.     No Penalty for Drafting Agreement.
        No provisions of this Agreement shall be interpreted for or against any Party because that
Party or its legal representative drafted this Agreement.

17.     Parties to Bear Own Costs.
        Each Party shall be responsible for the payment of its own costs, attorneys' fees, and all
other expenses in connection with negotiation, preparation, execution and approval of this
Agreement.  Notwithstanding the foregoing, if legal action is necessary to enforce the terms of
this Agreement, the prevailing party in such proceedings shall be entitled to its reasonable
attorneys' fees and costs incurred in enforcing this Agreement.

        IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement
as of the date of final signature below.

Dated: March __, 2021                    David K. Gottlieb, Chapter 7 Trustee

                              By: _____
                                   David K. Gottlieb, solely in his capacity as Chapter 7
                                   trustee of the jointly administered estates of Debtors

Dated: March 8·31, 2021

Robert Campbell

By: _____

Robert Campbell

DOCS_LA:338776.3 32277/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled:  **NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING SETTLEMENT BETWEEN THE TRUSTEE AND ROBERT CAMPBELL PURSUANT TO BANKRUPTCY RULE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 30, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **September 30, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 30, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 30, 2021 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# 1.  1:18-bk-10098-MB Notice will be electronically mailed to:

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyb.com

Stephen F Biegenzahn on behalf of Creditor Eli B.
Dubrow
efile@sfblaw.com

Paul M Brent on behalf of Interested Party WGCZ Ltd.,
S.R.O.
snb300@aol.com

Bradley E Brook on behalf of Plaintiff DAVID K
GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Plaintiff DAVID K
GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Trustee David Keith
Gottlieb (TR)
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Linda F Cantor, ESQ on behalf of Debtor Penthouse
Global Media, Inc.
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee David Keith
Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Carol Chow on behalf of Interested Party Jerrick Media
Holdings, Inc.
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Carol Chow on behalf of Interested Party Jerrick Ventures
LLC
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Russell Clementson on behalf of U.S. Trustee United
States Trustee (SV)
russell.clementson@usdoj.gov

Joseph Corrigan on behalf of Creditor Iron Mountain
Information Management, LLC
Bankruptcy2@ironmountain.com

Brian L Davidoff on behalf of Interested Party Silver Reel
Entertainment Mezzanine Fund, L.P.
bdavidoff@greenbergglusker.com,

calendar@greenbergglusker.com;jking@greenbergglusker.com

James A Dumas, Jr on behalf of Creditor NOA
Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse
Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Jeffrey K Garfinkle on behalf of Creditor Easy Online
Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com,
docket@buchalter.com;dcyrankowski@buchalter.com

Allan B Gelbard on behalf of Other Professional Allan B.
Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com

Mirco J Haag on behalf of Creditor Easy Online
Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com,
dcyrankowski@buchalter.com;docket@buchalter.com

Mark S Horoupian on behalf of Interested Party Courtesy
NEF
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Mark S Horoupian on behalf of Interested Party WSM
Investment, LLC dba TOPCO Sales
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Razmig Izakelian on behalf of Interested Party WGCZ
Ltd., S.R.O.
razmigizakelian@quinnemanuel.com

John P Kreis on behalf of Creditor Claxson Media LLC
jkreis@kreislaw.com, j.kreis@ca.rr.com

Michael D Kwasigroch on behalf of Defendant Revideo,
Inc.
attorneyforlife@aol.com

---

Michael D Kwasigroch on behalf of Defendant Kelly
Holland
attorneyforlife@aol.com

Michael D Kwasigroch on behalf of Defendant Robert
Campbell
attorneyforlife@aol.com

Andrew B Levin on behalf of Interested Party Kirkendoll
Management LLC
alevin@wcghlaw.com,
Meir@virtualparalegalservices.com;pj@wcghlaw.com;jm
artinez@wcghlaw.com

Peter W Lianides on behalf of Interested Party Kirkendoll
Management LLC
plianides@wghlawyers.com,
jmartinez@wghlawyers.com;mweinberg@wghlawyers.co
m

David W. Meadows on behalf of Interested Party
Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested
Party
kjm@lnbyb.com

Alan I Nahmias on behalf of Interested Party Courtesy
NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Interested Party Courtesy
NEF
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Iain A W Nasatir on behalf of Trustee David Keith
Gottlieb (TR)
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor Committee The
Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com

Kate Bunker on behalf of U.S. Trustee United States
Trustee (SV)
Kate.Bunker@UST.DOJ.GOV

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.com

Michael St James on behalf of Interested Party Michael
St. James
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.com

Howard Steinberg on behalf of Creditor Greenberg
Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Creditor Penthouse Clubs
Worldwide, LLC
cathyta@cathyta.net

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss
mhw@mhw-pc.com,

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor GMI Online
Ventures, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media
Communications, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media
Entertainment, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Digital
Media Productions, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Broadcasting, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Digital, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Licensing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Media, Inc.
mhw@mhw-pc.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:339996.1 32277/002

Michael H Weiss on behalf of Debtor Penthouse Global
Publishing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Images
Acquisitions, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Pure Entertainment
Telecommunications, Inc. fka For Your Ears Only, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Streamray Studios,
Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Tan Door Media,
Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor XVHUB Group,
Inc.
mhw@mhw-pc.com

Marc J Winthrop on behalf of Interested Party Kirkendoll
Management LLC
mwinthrop@wghlawyers.com,
jmartinez@wghlawyers.com

Christopher K.S. Wong on behalf of Creditor LSC
Communications US, LLC / Creel Printing
christopher.wong@arentfox.com,
yvonne.li@arentfox.com

Beth Ann R Young on behalf of Creditor Dream Media
Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested Party
bry@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:339996.1 32277/002

**F 9013-3.1.PROOF.SERVICE**

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq., P.C.
8581 Santa Monica Boulevard, #4
West Hollywood, CA 90069

*Counsel for Defendants*
Michael D. Kwasigroch, Esq.
Law Offices of Michael D. Kwasigroch
1975 Royal Ave. #4
Simi Valley, CA 93065

*Trustee*
David K. Gottlieb
Managing Member
D. Gottlieb & Associates, LLC
16255 Ventura Blvd., Suite 440
Encino, California, 91436

*Office of U.S. Trustee*
**Kate Bunker**
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:339996.1 32277/002

**F 9013-3.1.PROOF.SERVICE**