1  Bradley E. Brook (CA Bar No. 125323)
   LAW OFFICES OF BRADLEY E. BROOK, APC
2  10866 Washington Blvd. #108
   Culver City, CA 90232
3  Tel: 310/839-2004; Fax: 310-945-0022
   E-mail: bbrook@bbrooklaw.com
4

5  Special counsel for David K. Gottlieb, Chapter 7 Trustee

6               **UNITED STATES BANKRUPTCY COURT**

7       **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

8  In re:                                    Case No.: 1:18-BK-10098-MB
                                             Chapter 7
9  PENTHOUSE GLOBAL MEDIA, INC.,
                                             Jointly Administered with Cases Nos.:
10                          Debtor.          1:18-bk-10099-MB; 1:18-bk-10101-MB;
                                             1:18-bk-10102-MB; 1:18-bk-10103-MB;
11  ☒ Affects All Debtors                    1:18-bk-10104-MB; 1:18-bk-10105-MB;
    ☐ Affects Penthouse Global Broadcasting, 1:18-bk-10106-MB; 1:18-bk-10107-MB;
12  Inc.                                     1:18-bk-10108-MB; 1:18-bk-10109-MB;
    ☐ Affects Penthouse Global Licensing, Inc. 1:18-bk-10110-MB; 1:18-bk-10111-MB;
13  ☐ Affects Penthouse Global Digital, Inc. 1:18-bk-10112-MB; 1:18-bk-10113-MB
    ☐ Affects Penthouse Global Publishing, Inc.
14  ☐ Affects GMI Online Ventures, Ltd.
    ☐ Affects Penthouse Digital Media        **NOTICE OF MOTION AND MOTION OF**
15  Productions, Inc.                        **TRUSTEE FOR ORDER DISALLOWING**
    ☐ Affects Tan Door Media, Inc.           **REQUEST FOR PAYMENT OF**
16  ☐ Affects Penthouse Images Acquisitions, **ADMINISTRATIVE CLAIM NO. 54-1**
    Ltd.                                     **FILED BY THEODORE HORTON-**
17  ☐ Affects Pure Entertainment             **BILLARD, JR. IN THE SUM OF $5,000.00;**
    Telecommunications, Inc.                 **MEMORANDUM OF POINTS AND**
18  ☐ Affects XVHUB Group, Inc.              **AUTHORITIES; DECLARATION OF**
    ☐ Affects General Media Communications,  **DAVID K. GOTTLIEB IN SUPPORT**
19  Inc.                                     **THEREOF**
    ☐ Affects General Media Entertainment, Inc.
20  ☐ Affects Danni Ashe, Inc.               **Date:   October 27, 2021**
    ☐ Affects Streamray Studios, Inc.        **Time:   11:00 am**
21                                           **Place:  Courtroom 303**
                                                      **21041 Burbank Blvd.**
22                                                    **Woodland Hills, CA 91367**
                                             **Judge:  Hon. Martin R. Barash**
23

24

25

26

27

28

                                             1

1     **PLEASE TAKE NOTICE** that David K. Gottlieb, solely in his capacity as the duly

2 appointed, authorized and acting Chapter 7 Trustee (the "<u>Trustee</u>") of Penthouse Global Media, Inc.

3 and its debtor affiliates (collectively, the "<u>Debtors</u>") hereby moves (the "<u>Motion</u>") the Court for an

4 order disallowing the Request for Payment of Administrative Claim No. 54-1 filed by Theodore

5 Horton-Billard, Jr. ("<u>Claimant</u>") in the sum of $5,000.00 (the "<u>Claim</u>"). The grounds for the Motion

6 are that Claimant, an attorney, never sought nor obtained court approval for his employment under

7 11 U.S.C. § 327 and is barred from being compensated from these estates whether under 11 U.S.C. §

8 503 or otherwise.

9     **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion has been

10 scheduled for October 27, 2021 at 11:00 a.m. before the Honorable Martin Barash, United States

11 Bankruptcy Judge, in Courtroom 303, 20141 Burbank Boulevard, Woodland Hills, California 91367.

12 Pursuant to the SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING

13 ZOOMGOV AUDIO AND VIDEO, the Court will conduct the hearing remotely, using ZoomGov

14 audio and video technology. Individuals will not be permitted access to the courtroom. The

15 following is the unique ZoomGov connection information for the above-referenced hearing:

16 **Video/audio web address:    https://cacb.zoomgov.com/j/1600150150**

17 **ZoomGov meeting number: 160 015 0150**

18 **Password: 602527**

19 **Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666**

20     **PLEASE TAKE FURTHER NOTICE** that the Motion has been served upon the claimant

21 listed above and all parties entitled thereto and is based upon the supporting Memorandum of Points

22 and Authorities and Declaration of David K. Gottlieb, the statements, arguments and representations

23 of counsel who appear at the hearing on the Motion, the files and records in the above-captioned

24 cases, any evidence properly before the court prior to or at the hearing regarding the Motion and all

25 matters of which the court may properly take judicial notice.

26     **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f),

27 responses to the Motion must be filed with the Court and served upon the Trustee's counsel at the

28 address in the upper left-hand corner of this Motion no later than fourteen (14) days prior to the

hearing date.  Responses must contain a written statement of all reasons the Motion is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely.  Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
21041 Burbank Blvd.
Woodland Hills, CA 91367

**PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed and served, the Trustee will request that the court grant the relief requested in the Motion without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Trustee's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Motion involves disputed factual issues or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) disallowing the Claim as an administrative expense; and (c) granting the Trustee such other and further relief as may appropriate under the circumstances.

Dated: September 29, 2021                    LAW OFFICES OF BRADLEY E. BROOK, APC


By: _Bradley E. Brook_____
    Bradley E. Brook, Esq.
    Special counsel for David K. Gottlieb, Chapter 7
    Trustee of Penthouse Global Media, Inc. and its
    affiliated debtor entities

_Submitted by:_

Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  lcantor@pszjlaw.com


By: _/s/ Linda F. Cantor_____
    Linda F. Cantor
    Counsel for David K. Gottlieb, Chapter 7 Trustee
    of Penthouse Global Media, Inc. and its debtor affiliates

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    BACKGROUND.

### A.    The Debtors' Bankruptcy Cases, Jurisdiction and Venue.

On January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code ("Petition Date"). The Debtors' Cases are being jointly administered under lead case number 1:18-bk-10098-MB [Docket No. 17].  On March 2, 2018, the Court entered an order directing the appointment of a chapter 11 Trustee [Docket No. 231].  On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236].  On that same day, the Court entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

On January 31, 2019, the Trustee filed a *Notice of Motion and Motion for Order Converting Cases to Chapter 7* [Docket No. 790] (the "Conversion Motion").  The Bankruptcy Court entered its Order converting the Cases to Cases under chapter 7 of the Bankruptcy Code [Docket No. 810] (the "Conversion Order") on March 12, 2019, and the Office of the United States Trustee appointed David K. Gottlieb as the chapter 7 trustee in the Cases [Docket No. 812].

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    The Administrative Claims Bar Date And The Claim.

On October 22, 2018, the Trustee filed and served the *Notice Of Deadline For Filing Requests For Payment Of Chapter 11 Administrative Claims That Arose Between January 11, 2018 And June 15, 2018* [Docket No. 714] (the "Administrative Claim Bar Date Notice"), setting November 21, 2018 as the bar date for filing chapter 11 administrative claims (the "Bar Date").

On or about October 19, 2018, the Claimant filed the Claim which was assigned claim number 54-1 by the court clerk requesting payment in the sum of $5,000.00. A true and correct copy of the Claim is attached hereto as Exhibit "1". The Claim describes the sum due on account of "legal services provided." Attached to the Claim is a declaration of the Claimant in which he states that he

4

provided legal services for the Debtor beginning on or about January 17, 2018 under the terms of a legal services agreement he executed with Debtor's former principal on or about January 19, 2018 for a flat fee of $5,000.00. [See page 5 of 15 of Exhibit "1"].

### C.    The Claimant Never Sought Nor Obtained Approval For His Employment.

The Claimant does not present any evidence that approval for its employment in this case was sought nor does the court docket reflect that an application seeking approval for its employment under 11 U.S.C. § 327 was filed. There is no order approving Claimant's employment in these cases.

## II.    ARGUMENT

### A.    The Claimant Is Barred From Receiving Payment From The Estates On Account Of The Claim Which Must Be Disallowed As An Administrative Expense.

Court approval for the employment of Claimant by the debtor in possession or the Trustee pursuant to 11 U.S.C. §327 was never sought nor obtained in these cases. It is well-settled in this Circuit that employment of a professional for a debtor in possession is a prerequisite to the payment of fees. *Atkins v. Wain, Samuel & Co.*, 69 F.3d 970, 973 (9th Cir. 1995) ("[P]rofessionals who perform services for a debtor in possession cannot recover fees for services rendered to the estate unless those services have been previously authorized by a court order."). Courts generally rely on 11 U.S.C. § 503(b)(2) as a basis for granting administrative status to compensation to professionals.[1] Section 503 grants administrative status to claims for "compensation and reimbursement awarded under section 330(a) of this title." *In re Weibel*, 176 B.R. at 212. Section 503 is not permitted to be used to allow professionals to side-step or otherwise avoid the requirements of §§ 327 and 330. *In re Mehdipour*, 202 B.R. 474, 479 (9th Cir. BAP 1996). "Court approval of the employment of counsel for a debtor in possession is *sine qua non* to counsel getting paid. Failure to receive court approval for the employment of a professional in accordance with §327 and Rule 2014 precludes the payment of fees." *In re Weibel*, 176 B.R. at 211 quoting *In re Shirley*, 134 B.R. 940, 944 (9th Cir. BAP 1992). The Code and Rules preclude fee awards for services performed on behalf of a bankruptcy estate

---

[1] An attorney cannot receive an administrative claim under section 503(b)(1) for professional services rendered when counsel has not been employed because to do so would nullify the reference to section 330(a) in section 503(b)(2). *In re Weibel, Inc.*, 176 B.R. 209, 213 (9th Cir. BAP 1994).
.

based on state law theories not provided for by the Code, such as quantum meruit. *In re Weibel*, 176 B.R. at 212; *In re Shirley*, 134 B.R. at 944.

Since approval of the Claimant's employment was never sought nor obtained, Claimant is barred from obtaining any recovery for any sum. Accordingly, the Claim must be disallowed as an administrative expense against the Debtors' estates.

## III.  RESERVATION OF RIGHTS.

The Trustee has not attempted to raise in this Motion each defense, counterclaim, or setoff that may apply to the Claim.  If a response to this Motion is received, the Trustee reserves the right to amend or supplement it, or file additional pleadings to assert any defenses, counterclaims, and/or setoffs against the Claim. In all instances, the Trustee reserves the right to file pleadings to challenge the validity, amount, or status of the Claim upon different grounds than set forth herein or otherwise.

## IV.  CONCLUSION.

For the reasons set forth herein, the Trustee respectfully requests that the Court enter an order: (a) granting the Motion; (b) disallowing the Claim as an administrative expense; and (c) granting such other and further relief as may be appropriate under the circumstances.

Dated: September 29, 2021          LAW OFFICES OF BRADLEY E. BROOK, APC

By: *Bradley E. Brook*_____
    Bradley E. Brook, Esq.
    Special counsel for David K. Gottlieb, Chapter 7
    Trustee of Penthouse Global Media, Inc. and its
    affiliated debtor entities

*Submitted by:*

Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  lcantor@pszjlaw.com

By: */s/ Linda F. Cantor*_____
    Linda F. Cantor
    Counsel for David K. Gottlieb, Chapter 7 Trustee
    of Penthouse Global Media, Inc. and its debtor affiliates

6

## DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1.      I am the duly appointed chapter 7 trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor subsidiaries. I make this Declaration in support of the *Motion Of Trustee For Order Disallowing Request For Payment Of Administrative Claim No. 54-1 Filed By Theodore Horton-Billard, Jr. In The Sum Of $5,000* (the "Motion").  All capitalized terms used but not defined in this Declaration have the meanings ascribed to them in the Motion.

2.      Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others under my supervision), my review of the books and records of the Debtors, the proofs of claim filed in this case, or my opinion based on my experience as a consultant and financial advisor for trustees.  If called upon to testify, I would testify to the facts set forth in this Declaration.

3.      Attached hereto as Exhibit "1" is a true and correct copy of Administrative Claim Number 54-1.

4.      I have reviewed the docket in these cases and the Administrative Claims and other pleadings register via the Public Access to Court Electronic Records. There is no docket entry reflecting that any application to approve the employment of the Claimant was ever filed nor has an order approving his employment ever been entered.  As such, I respectfully request that the Motion be granted and the Claim disallowed as an administrative expense against the Debtors' estates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 29th day of September, 2021 at Calabasas, California.

_____
David K. Gottlieb

EXHIBIT "1"

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION | REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM | Administrative Expense Claims Bar Date<br><br>October 22, 2018 |
| --- | --- | --- |

USE OF THIS FORM IS VOLUNTARY - NOT MANDATORY - NO REPRESENTATION AS TO THE ADEQUACY OF THIS FORM IS MADE - THIS FORM MAY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE BELOW DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS ARISING ON OR AFTER JANUARY 11, 2018.

**FILED**

**OCT 19 2018**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

In re: PENTHOUSE GLOBAL MEDIA, INC, Debtor, Case no. 1:18-bk-10098-MB (Lead Case - Jointly Administered)

Penthouse Global Broadcasting, Inc. 1:18-bk-10099-MB; Penthouse Global Licensing, Inc. 1:18-bk-10101-MB; Penthouse Global Digital, Inc. 1:18-bk-10102-MB; Penthouse Global Publishing, Inc. 1:18-bk-10103-MB; GMI Online Ventures, Ltd. 1:18-bk-10104-MB; Penthouse Digital Media Productions, Inc. 1:18-bk-10105-MB; Tan Door Media, Inc. 1:18-bk-10106-MB; Penthouse Images Acquisitions, Ltd. 1:18-bk-10107-MB; Pure Entertainment Telecommunications, Inc. 1:18-bk-10108-MB; XVHUB Group, Inc. 1:18-bk-10109-MB; General Media Communications, Inc. 1:18-bk-10110-MB; General Media Entertainment, Inc. 1:18-bk-10111-MB; Danni Ashe, Inc. 1:18-bk-10112-MB; Streamray Studios, Inc. 1:18-bk-10113-MB

| Name of Creditor (The person or entity to whom the debtor owes money or property)<br><br>**Theodore P. Horton-Billard, Jr.** | Name, Address and tel. no. of Creditor<br><br>**137 S. Maple Drive, #105**<br>**Beverly Hills, CA 90212**<br>**Cell (562) 301-1203**<br>**Office (424) 204-9036** |
| --- | --- |

1.  BASIS FOR CLAIM (check one) :
    __ Goods sold    **X** Services performed
    __ Money loaned
    __ Other (Specify):

2.  DESCRIPTION OF CLAIM (IF KNOWN): **Legal Services provided. For a further description, please see the attached Notice Of Administrative Claim filed by Creditor with the Court in this matter on July 3, 2018**

3.  TOTAL AMOUNT OF CLAIM: **$5,000.00**

4.  SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. Do not send original documents. **Please see the attached Notice Of Administrative Claim filed by Creditor with the Court in this matter on July 3, 2018**

Date: **October 17, 2018**    Sign and print the name and title, if any of the creditor or other person authorized to file this Claim

_Theodore P. Hff Billd_

**Theodore P. Horton-Billard, Jr.**

All Requests for Payment of Administrative Claims must be filed with the United States Bankruptcy Court for the Central District of California on the main case docket (not the claims docket) on or before the Chapter 11 Administrative Bar Date or sent by first class U.S. Mail, overnight delivery or hand delivery so as to be received on or before the Chapter 11 Administrative Bar Date, to: **UNITED STATES BANKRUPTCY COURT CLERK OF THE COURT, 21041 BURBANK BLVD. WOODLAND HILLS, CA 91367 w/ a copy to** Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100, Attention: Linda F. Cantor

Billard's invoices #369 and #372 dated January 17 and January 29, 2018, for professional

services rendered.   Each of which is attached hereto, marked as Exhibits 1, 2, 3 respectively, and

incorporated herein by reference.

Payment and/or notices/objections should be sent/directed to:

**Ted Horton-Billard**

**137 S. Maple Drive, #105**

**Beverly Hills, CA 90212**

Respectfully submitted, this 3rd day of July, 2018.

Theodore P. Horton-Billard, Jr.

# Exhibit 1

## Notice of Administrative Claim of
## Theodore P. Horton-Billard, Jr.

Theodore P. Horton-Billard, Jr.
137 S. Maple Drive, #105
Beverly Hills, CA 90212
(424) 204-9036

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

In re:

PENTHOUSE GLOBAL MEDIA, INC.,

Debtor.

---

☐ Affects All Debtors
☒ Affects Penthouse Global Media, Inc.
☐ Affects Penthouse Global Broadcasting, Inc.
☐ Affects Penthouse Global Licensing, Inc.
☐ Affects Penthouse Global Digital, Inc.
☐ Affects Penthouse Global Publishing, Inc.
☐ Affects GMI Online Ventures, Ltd.
☐ Affects Penthouse Digital Media Productions, Inc.
☐ Affects Tan Door Media, Inc.
☐ Affects Penthouse Images Acquisitions, Ltd.
☐ Affects Pure Entertainment Telecommunications, Inc.
☐ Affects XVHUB Group, Inc.
☐ Affects General Media Communications, Inc.
☐ Affects General Media Entertainment, Inc.
☐ Affects Danni Ashe, Inc.
☐ Affects Streamray Studios, Inc.

Cases No.: 1:18-BK-10098-MB [Jointly Administered]

Chapter 11

Jointly Administered with Cases Nos.:
1:18-bk-10099-MB; 1:18-bk-10101-MB;
1:18-bk-10102-MB; 1:18-bk-10103-MB;
1:18-bk-10104-MB; 1:18-bk-10105-MB;
1:18-bk-10106-MB; 1:18-bk-10107-MB;
1:18-bk-10108-MB; 1:18-bk-10109-MB;
1:18-bk-10110-MB; 1:18-bk-10111-MB;
1:18-bk-10112-MB; 1:18-bk-10113-MB

**DECLARATION OF THEODORE P. HORTON-BILLARD, JR. IN SUPPORT OF ADMINISTRATIVE CLAIM**

I, Theodore P. Horton-Billard, Jr. do hereby declare under penalty of perjury, pursuant to

United States' law, that I am a licensed California Attorney, in good standing, California Bar

number 116804, and that I was engaged in or around early January 2018, by the Debtor's Chief

Executive Officer (CEO), Ms. Kelly Holland, to provide professional services for the Debtor's

benefit and protection.

DECLARATION OF THEODORE P. HORTON-BILLARD, JR. IN SUPPORT OF ADMINISTRATIVE CLAIM -
1

More particularly, as set forth in the true and correct copy of the Engagement Agreement between the Debtor and myself, which is attached to my Notice of Administrative Claim herein and marked as Exhibit 2, I was asked to help out the Debtor, at the time it had just filed for Chapter 11 Bankruptcy relief, and after it had recently lost its General Counsel.  It should be noted, that although the Engagement Agreement is dated January 29, 2018, it was intended and specifically includes all my professional services, including those performed before the signature date. The date services were actually first provided pursuant to this engagement was in or around January 17, 2018, when I met with Ms. Holland and staff at the Debtor's offices.

It should also be noted, the Engagement Agreement references a flat fee of five thousand dollars ($5,000.00) which was the amount agreed upon by the Parties. However, the breakdown between the three different flat fees as described within the agreement only adds up to four thousand, five hundred dollars ($4,500.00).  It was the intention of the Parties that my total services provided would be five thousand dollars ($5,000.00) and the mistaken breakdown provided in the Engagement Agreement ($4,500.00) was as stated therein for "accounting purposes only."

The Debtor had a number of pending and/or potential litigated matters, along with some internal legal issues which required the assistance of legal counsel.   As such, I agreed to provide contract General Counsel services to the Debtor during the months of January and February 2018, for a flat fee of three thousand five hundred dollars ($3,500.00) and communicated with the Debtor's CEO regularly, by way of telephone, email and in person, during those months concerning a number of different legal matters.

Although, at the time, I correctly billed for General Counsel Services for both the months of January and February, the invoice mistakenly only mentioned the month of January (See

DECLARATION OF THEODORE P. HORTON-BILLARD, JR. IN SUPPORT OF ADMINISTRATIVE CLAIM -
2

Exhibit 3 which are true and correct copies of my January 17 and January 29, 2018 invoices #369 and #372). I did, however, also provide those same General Counsel services to the Debtor in the month of February 2018, and the invoice should have properly reflected that February services were included.

In addition, I also provided the Debtor with professional services relative to a Labor Commissioner's action, brought by a former independent contractor (Nazarian) who had been hired by Debtor in the past, and who was now claiming he was entitled to employment benefits as if he had been hired as an employee.   It was agreed I would charge, and the Debtor agreed it would pay a flat fee of one thousand, five hundred dollars ($1,500.00) for these professional services.

As California Labor Commissioner matters are not typically stayed by Bankruptcy proceedings, it was necessary for me to prepare a written response to the Commissioner's Office and appear on behalf of the Debtor to refute Mr. Nazarian's claims on February 8, 2018, at the Labor Commissioner Hearing.  The outcome at the hearing was that I successfully defended the Debtor against Mr. Nazarian's claims and the matter was dismissed in favor of the Debtor.  Had the Debtor not appeared in the Labor Commissioner's matter, the Debtor would have likely been held responsible for all Mr. Nazarian's economic claims, along with penalties and interest.  As such, incurring this expense was unquestionably necessary and reasonable for the Debtor to avoid incurring further, more substantial liabilities.

In light of the foregoing, I am hereby claiming and respectfully ask for payment, in full, for the amount the Debtor owes me, which is a total amount of five thousand dollars ($5,000.00) for the following professional services rendered for the flat fees listed:

DECLARATION OF THEODORE P. HORTON-BILLARD, JR. IN SUPPORT OF ADMINISTRATIVE CLAIM -
3

1. General Counsel Services – in January and February 2018, flat fee of three thousand five hundred dollars ($3,500.00); and

2. Handling the Nazarian Labor Commissioner matter – draft opposition and appear at Labor Commissioner's hearing for a flat fee of fifteen hundred ($1,500.00) dollars.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 2nd day of July, 2018.

_____
Theodore P. Horton-Billard, Jr.

# Exhibit 2

## Notice of Administrative Claim of
## Theodore P. Horton-Billard, Jr.



# THB Consulting Services Engagement Agreement

**THIS ENGAGEMENT AGREEMENT** (hereinafter "Agreement") is made and entered into as of this 29th day of January, 2018, by and among Penthouse Global Media, Inc., a Delaware Corporation, located at 8944 Mason Avenue, Chatsworth, California 91311 (hereinafter as the "Client"), and Ted Horton-Billard, a sole proprietorship doing business as THB Consulting Services, located at 137 S. Maple Drive, #137, Beverly Hills, CA 90212 (hereinafter "Consultant").

Recitals

**WHEREAS,** Client informs Consultant that it is in Chapter 11 Bankruptcy and assures Consultant it may engage Consultant to assist with various legal matters post-petition; and

**WHEREAS,** Client is desirous of having Consultant continue to provide general counsel type services, on an ad hoc basis during the months of January and February 2018, regarding various pending litigation matters, and to also have Consultant appear for Client at a pending Labor Commissioner Hearing scheduled for February 8, 2018; and

**WHEREAS,** Consultant is a licensed California Attorney in good standing with the State Bar of California, and herein discloses and the Client herein acknowledges that Consultant does not maintain Errors and Omissions (E&O) insurance coverage (malpractice/ professional liability insurance) but, despite this disclosure in compliance with the California Rules of Professional Conduct, Rule 3-410, Client still voluntarily, intelligently and knowingly chooses to engage Consultant; and

**WHEREAS,** Client has been advised and encouraged to seek the advice of its own independent counsel with respect to any and all aspects of its engagement and/or its interests herein; and

**NOW, THEREFORE,** in consideration of the recitals above and the mutual conditions and promises herein contained, the parties hereto agree as follows:

1. **DESCRIPTION OF CONSULTING SERVICES.** Consultant shall furnish the Client with his best advice, information, knowledge, judgment, and work-product with respect to providing advice and counsel concerning various litigated matters pending with Client. Further, Consultant agrees to prepare all appropriate pleadings and responsive documentation, and appear at the Labor Commissioner's Hearing in the Nazarian versus Penthouse Global Media matter, Case number WC-CM-324219, with a hearing scheduled for February 8, 2018, at 6150 Van Nuys Blvd. Room 206, Van Nuys, CA 91401. The Client acknowledges and agrees Consultant is best suited, and will be responsible to identify which services Consultant will provide to the Client and which services should be outsourced by the Client to other vendors on an ad hoc, case by case basis, subject to the Client's consent and approval. Consultant will provide those services reasonably required to assist the Client relative to the above-referenced matters. Consultant will take reasonable steps to keep the Client informed of progress and to respond to the Client's inquiries.

2. **TERM.** The term of this Agreement shall begin on the Effective Date and shall, subject to the provisions for termination set forth herein, terminate once the scope of work described herein has been completed by Consultant;

3. **SCOPE OF ENGAGEMENT.** Consultant agrees to perform all services, as set forth in paragraph 1 above, subject to the terms and conditions herein. Client agrees to at all times cooperate with Consultant and to keep Consultant reasonably informed of any and all developments affecting Client and/or otherwise connected with Consultant's engagement herein.

4. **COMPENSATION.** Consultant agrees to charge, and Client agree to pay Consultant a flat fee of five thousand dollars ($5,000.00). This fee shall be apportioned for accounting purposes only as follows: fifteen hundred dollars ($1,500.00) flat fee for Labor Commissioner Hearing; and three thousand dollars ($3,000.00 - $1500 per month x 2 months) for General Counsel Services in January and February 2018. All payments to Consultant shall be deemed earned in full upon receipt and will not be refundable.

5. **CONFIDENTIAL BUSINESS INFORMATION.**

a. As Consultant and Client are forming an Attorney-Client relationship by entering into this Agreement, Client may expect Consultant will comply with all ethical and legal duties imposed on an attorney to maintain the Client's confidences and secrets; and further, to the extent legally permissible, keep Client's confidential business information in the strictest of confidence. Consultant shall continue to do so, except as may be necessary to perform his duties hereunder, or as may otherwise be required by law.

(1) "Confidential Business Information" shall mean any nonpublic information of a competitively sensitive or personal nature acquired by Consultant in connection with performing services for the Clients, including (without limitation) oral and written information concerning the Client's financial positions and results of operations (revenues, margins, assets, net income, etc.)), annual and long-range business plans, marketing plans and methods, processes, account invoices, oral or written customer information, litigation strategies and personnel information.

6. **DISCHARGE AND WITHDRAWAL.** Client may discharge Consultant at any time, with or without cause. Consultant may withdraw with Client's consent or for good cause. Good cause includes, but is not limited to, Client's breach of this Agreement, refusal to cooperate and/or to follow Consultant's advice on a material matter (e.g. failing to comply with the law) and/or any fact and/or circumstance that would render Consultant's continuing engagement unlawful, unethical and/or otherwise improper and/or inappropriate.

7. **DISCLAIMER OF GUARENTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Consultant's statements to Client (both written and/or oral) will be construed as a promise and/or guarantee about the success of any matter. Consultant makes no such promises and/or guarantees. Consultant's comments about such matters are expressions of opinion only. Any estimates regarding time, amounts, and/or ultimate success shall not be a guarantee. Actual times/amounts may vary from estimates given.

8. **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, advertisement, and/or promise made on or before the effective date of this Agreement will be binding on the parties.

9. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

10. **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

11. **EFFECTIVE DATE.** This Agreement will govern all consulting services performed by Consultant on behalf of Client commencing with the date Consultant first performed services. The date at the beginning of this Agreement is for reference only.

12. **RELATIONSHIP OF PARTIES.** The Client and Consultant are independent contractors. Both parties acknowledge and agree that Consultant's engagement hereunder is not exclusive and that either party may provide to, or retain from, others similar such services provided that it does so in a manner that does not otherwise breach this Agreement. Neither party is, nor shall claim to be, a partner or employee of the other, and neither shall have the right or authority to contract in the name of the other nor shall it assume and/or create any obligations, debts, accounts and/or liabilities for the other.

13. **NOTICES.** Any notices and/or other communications required or permitted under this Agreement shall be in writing and shall be deemed to have been duly given and delivered when delivered in person, two (2) days after being mailed postage prepaid by certified or registered mail with return receipt requested, or when delivered by overnight delivery service or by email with confirmation to the recipient at the following addresses:

**If to the Client:**

| | |
|---|---|
| Name: | Ms. Kelly Holland, |
| | President Penthouse Global Media, Inc. |
| Address: | 8944 Mason Avenue, |
| | Chatsworth, California 91311 |
| | kholland@penthouse.com |

Ted Horton-Billard
137 S. Maple Drive, #105
Beverly Hills, CA 90212
ted@thbconsultingservices.com
www.thbconsultingservices.com

14. **WAIVER.** Either party's failure to enforce any provision or provisions of this Agreement shall not in any way be construed as a waiver of any such provision or provisions as to future violations thereof, nor prevent that party thereafter from enforcing each and every other provision of this Agreement. The rights granted the parties herein are cumulative and the waiver by a party of any single remedy shall not constitute a waiver of such party's right to assert all other legal remedies available to him/her/it under the circumstances.

15. **GOVERNING LAW AND VENUE.** This Agreement will be governed by and interpreted in accordance with the substantive laws of the State of California without reference to conflicts of law. Further, the appropriate venue for any and all disputes, claims and/or actions in any way connected with and/or arise from this Agreement shall be the Los Angeles County Superior Court.

16. **CAPTIONS AND SECTION HEADINGS.** The various captions and section headings contained in this Agreement are inserted only as a matter of convenience and in no way define, limit or extend the scope or intent of any of the provisions of this Agreement.

17. **ARBITRATIONS.**

a. **ARBITRATION OF ALL DISPUTES INCLUDING CLAIMS OF MALPRACTICE.** Any dispute between the parties [Consultant and Client] regarding construction, application and/or performance of any services under this Agreement, and any claim arising out of and/or relating to this Agreement and/or its breach, including, without limitation, claims for breach of contract, professional negligence, breach of fiduciary duty, misrepresentation, fraud and disputes regarding attorney fees and/or costs charged under this Agreement (except as provided in paragraph b. below) shall be submitted to binding arbitration with an agreed-upon independent private mediation/arbitration service or tribunal specializing in business issues, such as ADR Services, JAMS/EnDispute or Judicate West, to be heard by a single Arbitrator, upon the written request of either Party after the service of that request on the other Party, with the exception of the terms and conditions of Section 16 b. below. If the Parties cannot agree upon the selection of an individual arbitrator, then the appointed administrative case manager of the arbitration tribunal shall select the Arbitrator.

b. **STATE BAR FEE ARBITRATION.** Notwithstanding subparagraph a. above, in any dispute over Consultant's compensation, costs and/or both subject to the jurisdiction of the State of California over attorney's fees, charges, costs and/or expenses, Clients have the right to elect arbitration pursuant to the fee arbitration procedures as set forth in California Business and Professions Code, Sections 6200, 6206. Arbitration pursuant to the Mandatory Fee Arbitration Act is non-binding unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. The mandatory fee arbitration procedures permit a court trial after arbitration, or a subsequent binding contractual arbitration if the parties have agreed to binding arbitration and either party rejects the award and request a trial de novo within thirty (30) days after the award is mailed to the parties. If, after receiving a notice of Client's right to arbitrate, Client does not elect to proceed under the State Bar fee arbitration procedures, and file a request for fee arbitration within thirty (30) days, any dispute over fees, charges, costs and/or expenses, will be resolved by binding arbitration as provided in the previous subparagraph a. above.

c. By initialing below, Client and Consultant confirm that they have read and understand subparagraphs a. and b. above, and voluntarily agree to binding arbitration. In doing so, Client and Consultant voluntarily give up important constitutional rights to trial by judge or jury, as well as rights to appeal. Client is advised that Client has the right to have an independent lawyer of Client's choice review these arbitration provisions, and this entire agreement, prior to initialing this provision or signing this Agreement. The Parties' Initials below, as appropriate, accept and knowingly acknowledge the foregoing.

_____KH_____ Client          _____TDHB_____ Consultant

18. **MEDIATION.** If a dispute arises out of and/or relating to any aspect of this Agreement between Consultant and Client, and/or the breach thereof, and if the dispute cannot be settled through negotiation, Consultant and Client agree to first try in good faith to settle the dispute by private mediation or fee mediation provided by a mutually agreeable mediator before resorting to arbitration, litigation, and/or any other

dispute resolution procedure. The cost of such mediation shall be borne equally by the parties, unless otherwise stipulated in a settlement agreement between the parties.

19. **THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE CONSULTANT FIRST PROVIDED SERVICES HEREIN. THE CLIENTS SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.**

**IN WITNESS WHEREOF,** the parties have executed this Agreement on 29th day of January, 2018.

THB Consulting Services
Consultant

BY: _____
Ted Horton-Billard

Penthouse Global Media, Inc.
Client

BY: _____
Authorized corporate representative

# Exhibit 3

## Notice of Administrative Claim of
## Theodore P. Horton-Billard, Jr.



## THB Consulting Services

137 S. Maple Drive #105
Beverly Hills, CA 90212
(424) 204-9036

# INVOICE

**SOLD TO:**
Penthouse Global Media, Inc.
Attn: Kelly Holland
8944 Mason Avenue
Northridge, CA 91311

**INVOICE NUMBER**  369
**INVOICE DATE**  January 17, 2018

**REGARDING:**
Steve Nazarian Administrative Employment Law matter

| TIME | DESCRIPTION | RATE | AMOUNT |
|------|-------------|------|--------|
| Flat Fee | Communications with Client re assignment;  Review Client's file materials pertaining to Steve Nazarian; prepare for Client's defense and upcoming hearing; attend Labor Commissioner's hearing on Client's behalf in Nazarian matter scheduled for 2/8/2018 and report outcome back to Client | $1,500.00 | $1,500.00 |

|  |  |  | **$1,500.00** |
|--|--|--|--|

**DIRECT ALL INQUIRIES TO:**
Ted Horton-Billard
(562) 301-1203
ted@thbconsultingservices.com

**PLEASE MAKE ALL CHECKS PAYABLE TO:**
**Ted Horton-Billard**
137 S. Maple Drive
#105
Beverly Hills, CA 90212

PLEASE
PAY THIS
AMOUNT




**THANK YOU FOR YOUR BUSINESS!**






## THB Consulting Services

137 S. Maple Drive #105
Beverly Hills, CA 90212
(424) 204-9036

# INVOICE

**SOLD TO:**
Penthouse Global Media, Inc.
Attn: Kelly Holland
8944 Mason Avenue
Northridge, CA 91311

**INVOICE NUMBER**  372
**INVOICE DATE**  January 29, 2018

**REGARDING:**
Steve Nazarian Administrative Employment Law matter

| TIME | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|
| Flat Fee | Previous Invoice #369 still outstanding, described below Communications with Client re assignment;  Review Client's file materials pertaining to Steve Nazarian; prepare for Client's defense and upcoming hearing; attend Labor Commissioner's hearing on Client's behalf in Nazarian matter scheduled for 2/8/2018 and report outcome back to Client | $1,500.00 | $1,500.00 |
| Flate Fee | General Counsel services for January 2018 | $3,500.00 | $3,500.00 |

**DIRECT ALL INQUIRIES TO:**
Ted Horton-Billard
(562) 301-1203
ted@thbconsultingservices.com

**PLEASE MAKE ALL CHECKS PAYABLE TO:**
**Ted Horton-Billard**
137 S. Maple Drive
#105
Beverly Hills, CA 90212

**$5,000.00**

PLEASE
PAY THIS
AMOUNT





**THANK YOU FOR YOUR BUSINESS!**




# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled**: NOTICE OF MOTION AND MOTION OF TRUSTEE FOR ORDER DISALLOWING REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM NO. 54-1 FILED BY THEODORE HORTON-BILLARD, JR. IN THE SUM OF $5,000.00; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF** will be served or was served (a) on the Judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below**:**

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 30, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:  On **September 30, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 30, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 30, 2021 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:340025.1 32277/002

## 1.  1:18-bk-10098-MB Notice will be electronically mailed to:

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyb.com

Stephen F Biegenzahn on behalf of Creditor Eli B.
Dubrow
efile@sfblaw.com

Paul M Brent on behalf of Interested Party WGCZ Ltd.,
S.R.O.
snb300@aol.com

Bradley E Brook on behalf of Plaintiff DAVID K
GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Plaintiff DAVID K
GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Trustee David Keith
Gottlieb (TR)
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Linda F Cantor, ESQ on behalf of Debtor Penthouse
Global Media, Inc.
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee David Keith
Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Carol Chow on behalf of Interested Party Jerrick Media
Holdings, Inc.
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Carol Chow on behalf of Interested Party Jerrick Ventures
LLC
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Russell Clementson on behalf of U.S. Trustee United
States Trustee (SV)
russell.clementson@usdoj.gov

Joseph Corrigan on behalf of Creditor Iron Mountain
Information Management, LLC
Bankruptcy2@ironmountain.com

Brian L Davidoff on behalf of Interested Party Silver Reel
Entertainment Mezzanine Fund, L.P.

bdavidoff@greenbergglusker.com,
calendar@greenbergglusker.com;jking@greenberggluske
r.com

James A Dumas, Jr on behalf of Creditor NOA
Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse
Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Jeffrey K Garfinkle on behalf of Creditor Easy Online
Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com,
docket@buchalter.com;dcyrankowski@buchalter.com

Allan B Gelbard on behalf of Other Professional Allan B.
Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,ak
uras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com

Mirco J Haag on behalf of Creditor Easy Online
Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com,
dcyrankowski@buchalter.com;docket@buchalter.com

Mark S Horoupian on behalf of Interested Party Courtesy
NEF
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerla
w.com

Mark S Horoupian on behalf of Interested Party WSM
Investment, LLC dba TOPCO Sales
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerla
w.com

Razmig Izakelian on behalf of Interested Party WGCZ
Ltd., S.R.O.
razmigizakelian@quinnemanuel.com

John P Kreis on behalf of Creditor Claxson Media LLC
jkreis@kreislaw.com, j.kreis@ca.rr.com

Michael D Kwasigroch on behalf of Defendant Revideo,
Inc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

attorneyforlife@aol.com

Michael D Kwasigroch on behalf of Defendant Kelly
Holland
attorneyforlife@aol.com

Michael D Kwasigroch on behalf of Defendant Robert
Campbell
attorneyforlife@aol.com

Andrew B Levin on behalf of Interested Party Kirkendoll
Management LLC
alevin@wcghlaw.com,
Meir@virtualparalegalservices.com;pj@wcghlaw.com;jm
artinez@wcghlaw.com

Peter W Lianides on behalf of Interested Party Kirkendoll
Management LLC
plianides@wghlawyers.com,
jmartinez@wghlawyers.com;mweinberg@wghlawyers.co
m

David W. Meadows on behalf of Interested Party
Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested
Party
kjm@lnbyb.com

Alan I Nahmias on behalf of Interested Party Courtesy
NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Interested Party Courtesy
NEF
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Iain A W Nasatir on behalf of Trustee David Keith
Gottlieb (TR)
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor Committee The
Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com

Kate Bunker on behalf of U.S. Trustee United States
Trustee (SV)
Kate.Bunker@UST.DOJ.GOV

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.com

Michael St James on behalf of Interested Party Michael
St. James
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.com

Howard Steinberg on behalf of Creditor Greenberg
Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Creditor Penthouse Clubs
Worldwide, LLC
cathyta@cathyta.net

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss mhw@mhw-pc.com,

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor GMI Online
Ventures, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media
Communications, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media
Entertainment, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Digital
Media Productions, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Broadcasting, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Digital, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Licensing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Media, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
DOCS_LA:340025.1 32277/002

F 9013-3.1.PROOF.SERVICE

Publishing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Images
Acquisitions, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Pure Entertainment
Telecommunications, Inc. fka For Your Ears Only, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Streamray Studios,
Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Tan Door Media,
Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor XVHUB Group,
Inc.
mhw@mhw-pc.com

Marc J Winthrop on behalf of Interested Party Kirkendoll
Management LLC
mwinthrop@wghlawyers.com,
jmartinez@wghlawyers.com

Christopher K.S. Wong on behalf of Creditor LSC
Communications US, LLC / Creel Printing
christopher.wong@arentfox.com,
yvonne.li@arentfox.com

Beth Ann R Young on behalf of Creditor Dream Media
Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested Party
bry@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:340025.1 32277/002

**F 9013-3.1.PROOF.SERVICE**

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:

*Claimant*
Theodore P. Horton-Billard, Jr
137 S. Maple Dr. #105
Beverly Hills, CA 90212


*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq., P.C.
8581 Santa Monica Boulevard, #4
West Hollywood, CA 90069

*Trustee*
David K. Gottlieb
Managing Member
D. Gottlieb & Associates, LLC
16255 Ventura Blvd., Suite 440
Encino, California, 91436

*Office of U.S. Trustee*
**Kate Bunker**
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:340025.1 32277/002

**F 9013-3.1.PROOF.SERVICE**