Bradley E. Brook (CA Bar No. 125323)
LAW OFFICES OF BRADLEY E. BROOK, APC
10866 Washington Blvd. #108
Culver City, CA 90232
Tel: 310/839-2004; Fax: 310-945-0022
E-mail: bbrook@bbrooklaw.com

Special counsel for David K. Gottlieb, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>               Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-BK-10098-MB<br>Chapter 7<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**NOTICE OF MOTION AND MOTION OF TRUSTEE FOR ORDER DISALLOWING REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM NO. 57-1 FILED BY WEBDOTCALM IN THE SUM OF $2,515.00; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF**<br><br>**Date:** October 27, 2021<br>**Time:** 11:00 am<br>**Place:** Courtroom 303<br>       21041 Burbank Blvd.<br>       Woodland Hills, CA 91367<br>**Judge:** Hon. Martin R. Barash |

**PLEASE TAKE NOTICE** that David K. Gottlieb, solely in his capacity as the duly appointed, authorized and acting Chapter 7 Trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor affiliates (collectively, the "Debtors") hereby moves (the "Motion") the Court for an order disallowing the Request for Payment of Administrative Claim No. 57-1 filed by WebDotCalm ("Claimant") in the sum of $2,515.00 (the "Claim") on the grounds that the estates have no liability for the Claim.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion has been scheduled for October 27, 2021 at 11:00 a.m. before the Honorable Martin Barash, United States Bankruptcy Judge, in Courtroom 303, 20141 Burbank Boulevard, Woodland Hills, California 91367. Pursuant to the SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO, the Court will conduct the hearing remotely, using ZoomGov audio and video technology. Individuals will not be permitted access to the courtroom. The following is the unique ZoomGov connection information for the above-referenced hearing:

**Video/audio web address:    https://cacb.zoomgov.com/j/1600150150**

**ZoomGov meeting number: 160 015 0150**

**Password: 602527**

**Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666**

**PLEASE TAKE FURTHER NOTICE** that the Motion has been served upon the claimant listed above and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of David K. Gottlieb, the statements, arguments and representations of counsel who appear at the hearing on the Motion, the files and records in the above-captioned cases, any evidence properly before the court prior to or at the hearing regarding the Motion and all matters of which the court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Motion must be filed with the Court and served upon the Trustee's counsel at the address in the upper left-hand corner of this Motion no later than fourteen (14) days prior to the hearing date. Responses must contain a written statement of all reasons the Motion is opposed and

must include declarations and copies of all documentary evidence on which the responding party intends to rely. Responses must be filed either electronically or at the following location:

United States Bankruptcy Court<br>
21041 Burbank Blvd.<br>
Woodland Hills, CA 91367

**PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed and served, the Trustee will request that the court grant the relief requested in the Motion without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Trustee's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it determines that the Motion involves disputed factual issues or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) disallowing the Claim as an administrative expense; and (c) granting the Trustee such other and further relief as may appropriate under the circumstances.

Dated: September 29, 2021          LAW OFFICES OF BRADLEY E. BROOK, APC

By: *Bradley E. Brook*_____
Bradley E. Brook, Esq.
Special counsel for David K. Gottlieb, Chapter 7
Trustee of Penthouse Global Media, Inc. and its
affiliated debtor entities

*Submitted by:*

Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   lcantor@pszjlaw.com


By: */s/ Linda F. Cantor*_____
Linda F. Cantor
Counsel for David K. Gottlieb, Chapter 7 Trustee
of Penthouse Global Media, Inc. and its debtor affiliates

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND.

### A. The Debtors' Bankruptcy Cases, Jurisdiction and Venue.

On January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtors' Cases are being jointly administered under lead case number 1:18-bk-10098-MB [Docket No. 17]. On March 2, 2018, the Court entered an order directing the appointment of a chapter 11 Trustee [Docket No. 231]. On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236]. On that same day, the Court entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

On January 31, 2019, the Trustee filed a *Notice of Motion and Motion for Order Converting Cases to Chapter 7* [Docket No. 790] (the "Conversion Motion"). The Bankruptcy Court entered its Order converting the Cases to Cases under chapter 7 of the Bankruptcy Code [Docket No. 810] (the "Conversion Order") on March 12, 2019, and the Office of the United States Trustee appointed David K. Gottlieb as the chapter 7 trustee in the Cases [Docket No. 812].

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. The Administrative Claims Bar Date And The Claim.

On October 22, 2018, the Trustee filed and served the *Notice Of Deadline For Filing Requests For Payment Of Chapter 11 Administrative Claims That Arose Between January 11, 2018 And June 15, 2018* [Docket No. 714] (the "Administrative Claim Bar Date Notice"), setting November 21, 2018 as the bar date for filing chapter 11 administrative claims (the "Bar Date").

On or about October 19, 2018, the Claimant filed the Claim which was assigned claim number 57-1 by the court clerk requesting payment in the sum of $2,515.00. A true and correct copy of the Claim is attached hereto as Exhibit "1".

//

## II. ARGUMENT.

### A. The Contract Upon Which The Claim Is Based Was Assumed By The Buyer Who Was Solely Responsible For Any Defaults As A Condition Of Assumption.

On April 14, 2018, the Trustee filed a Notice of *Motion and Motion for Order (A) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Scheduling Auction and Sale Hearing; (C) Approving Sale Procedures and Notice of Sale; and (D) Granting Related Relief* [Docket No. 327] ("Sale Motion"). On May 14, 2018, the Trustee filed a *Notice of Motion and Motion for Order Authorizing Trustee to (A) Assume Unexpired Leases and Executory Contracts; (B) Establish Cure Amounts; (C) Assign Unexpired Leases and Executory Contracts; and (D) Grant Related Relief Pursuant to Section 365(A) of the Bankruptcy Code* [Docket No. 469] (the "Assumption Motion"). Attached as Exhibit "A" to the Assumption Motion is a schedule of executory contracts and leases which were eligible to be designated by the successful bidder for the Debtors' assets for the Trustee to assume and assign to it (the "Schedule"). The Schedule sets forth the amount, if any, which was owed to the counterparty and that sum included any incurred but unpaid postpetition obligations (the "Cure Amount") and which the designating party would become solely liable to pay if it designated that contract. The contract upon which the Claim is based appears in the Schedule along with the Cure Amount. The Claimant was served with the Assumption Motion and did not file an objection to the proposed Cure Amount or any other pleading in connection with the Assumption Motion.

On June 14, 2018, the Court entered its *Order (A) Approving Sale Of Substantially All Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests To Successful Bidder; (B) Approving The Estates' Assumption And Assignment Of Certain Unexpired Leases And Executory Contracts; And (C) Granting Related Relief* [Docket No. 577] (the "Sale Order"). Among other things, the Sale Order approved WCGZ Ltd. as the successful bidder (the "Buyer") and authorized the assumption and assignment to it of certain executory contracts and leases (collectively, the "Assumed Contracts"). The Sale Order provides that unless the contract party filed an objection to the Cure Amount, such contract party was deemed to have consented to the Trustee's assumption

and assignment of their executory contract or unexpired lease and the Trustee's proposed cure amount. Paragraph 6 of the Sale Order provides:

> For all other counterparties to executory contracts, unexpired leases and licenses served with the Assumption Motion and the Assumption Notice, the objection deadline has passed. Except to the extent that counterparty has filed an Assumption Objection and appeared at the hearing on the Assumption Motion, all counterparties to executory contracts, unexpired leases and Licenses shall be deemed to have consented to (a) the assumption and assignment of its executory contract or unexpired lease, (b) the assignment of its License, and (c) the proposed "Cure" amount set forth on Exhibit A to the Assumption Motion, and the Assumption Motion is granted as to any party that did not file an Assumption Objection; provided that the Successful Bidder shall have the right to determine which executory contract(s) and unexpired lease(s) shall be (i) assumed and assigned pursuant to Bankruptcy Code § 365 or (ii) rejected pursuant to Bankruptcy Code § 365 up until the closing as set forth in the Successful Bidder APA.

Thus, the Buyer became exclusively responsible for curing any monetary pre-petition and post-petition defaults of any executory contract and lease which it agreed to have assumed and assigned. Paragraph 12 of the Sale Order provides, in relevant part:

> The Successful Bidder shall pay, concurrently with the Closing and as a condition to the Trustee's assumption and assignment thereof (or assignment where applicable with respect to Licenses), all Cure Amounts owing to the counterparties to the Assumed Executory Contracts that are assumed at the Closing…Upon Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested with all right, title and interest of the Estates under the Assumed Executory Contracts, and the Assumed Executory Contracts shall remain in full force and effect for the benefit of the Successful Bidder. Other than with respect to the contracts and leases that are the subject of the Assumption Objections for which adequate assurance of future performance will be addressed at the Assumption Objection Hearing (to the extent that any particular Assumption Objection is not otherwise resolved), the Successful Bidder shall be deemed to have provided adequate assurance of future performance under the Assumed Executory Contracts within the meaning of Section 365 of the Bankruptcy Code.

The Buyer subsequently identified to the Trustee the specific executory contracts and leases which would constitute the Assumed Contracts. On June 25, 2018, the Trustee filed a *Notice pf Rejection of Certain Executory Contracts and Deadline to File Proof of Claim Based On Rejection Of Such Executory Contracts* (the "Notice Of Assumed Contracts") [Docket No. 596] designating those leases and executory contracts which the Buyer agreed to have be assumed and assigned which included the contract of the Claimant. [See Page 5 of 16 of Docket No. 596]. The Claimant was served with the Notice of Assumed Contracts.

The Claim is based upon the Claimant's contract with the Debtors which was assumed and assigned to the Buyer. The Sale Order provides that Buyer is solely responsible for paying the Cure Amount to the Claimant. The Cure Amount includes all post-petition sums due the Claimant, including the amounts alleged to be owed on account of the Claim. All other different or additional sums allegedly due the Claimant were disallowed by the Court. The Debtors' estates are not liable to the Claimant and it should be disallowed as an administrative expense against the Debtors' estates.

### B. Claimant Has the Burden to Prove the Validity of its Administrative Expense Claim.

The allowance of an administrative expense claim is codified in section 503(b) of the Bankruptcy Code, which states in relevant part:

After notice and a hearing, there shall be allowed administrative expenses . . . including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . . 11 U.S.C. § 503 (b)(1)(A). Unlike general unsecured proofs of claims, administrative claims lack presumptive validity. *In re Blanchard,* 547 B.R. 347, 352 (Bankr.C.D. Cal. 2016). "The burden of proving an administrative expense claim is on the claimant." *Microsoft Corp. v. DAK Indus. (In re DAK Indus.),* 66 F.3d, 1091,1094 (9th Cir. 1995); *see also Einstein/Noah Bagel Corp. v. Smith* (*In re BCE West LP*), 319 F.3d 1166, 1173 (9th Cir. 2003). "The administrative expense applicant must prove entitlement to the requested reimbursement by a preponderance of the evidence." *Gull Indus. v. John Mitchell, Inc. (In re Hanna)*, 168 B.R. 386, 388 (9th Cir. BAP 1994). The Trustee has demonstrated that the sole responsibility for satisfying this Claim belonged to the Buyer. The Claimant has not met its burden and the Claim must be disallowed in its entirety against the Debtors' estates.

### III. RESERVATION OF RIGHTS.

The Trustee has not attempted to raise in this Motion each defense, counterclaim, or setoff that may apply to the Claim. If a response to this Motion is received, the Trustee reserves the right to amend or supplement it, or file additional pleadings to assert any defenses, counterclaims, and/or setoffs against the Claim. In all instances, the Trustee reserves the right to file pleadings to challenge the validity, amount, or status of the Claim upon different grounds than set forth herein or otherwise.

## IV. **CONCLUSION.**

For the reasons set forth herein, the Trustee respectfully requests that the Court enter an order: (a) granting the Motion; (b) disallowing the Claim in its entirety against the Debtors' estates; and (c) granting such other and further relief as may be appropriate under the circumstances.

Dated: September 29, 2021                    LAW OFFICES OF BRADLEY E. BROOK, APC

                                          By: *Bradley E. Brook*
                                              Bradley E. Brook, Esq.
                                              Special counsel for David K. Gottlieb, Chapter 7 Trustee of Penthouse Global Media, Inc. and its affiliated debtor entities

*Submitted by:*
Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   lcantor@pszjlaw.com


By: */s/ Linda F. Cantor*
    Linda F. Cantor
    Counsel for David K. Gottlieb, Chapter 7 Trustee
    of Penthouse Global Media, Inc. and its debtor affiliates

8

## DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1. I am the duly appointed chapter 7 trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor subsidiaries. I make this Declaration in support of the *Motion Of Trustee For Order Disallowing Request For Payment Of Administrative Claim No. 57-1 Filed By WebDotCalm In The Sum Of $2,515.00* (the "Motion"). All capitalized terms used but not defined in this Declaration have the meanings ascribed to them in the Motion.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others under my supervision), my review of the books and records of the Debtors, the Administrative Claims and other pleadings filed in this case, or my opinion based on my experience as a consultant and financial advisor for trustees. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. Attached hereto as Exhibit "1" is a true and correct copy of Claim Number 57-1.

4. I have reviewed the Claim with persons under my supervision. The Claim arises from a contract that was assumed and assigned to the Buyer, who was solely responsible for paying the Cure Amount set forth in the Assumption Motion in accordance with the Sale Order. The Court docket reflects that no objection to the Cure Amount set forth in the Assumption Motion was filed by the Claimant. As such, I respectfully request the entry of an order granting the Motion and disallowing the Claim as an administrative expense against the Debtors' estates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ____ day of September, 2021 at Calabasas, California.

_____
David K. Gottlieb

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION | REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM | Administrative Expense Claims Bar Date October 22, 2018 |
|---|---|---|

USE OF THIS FORM IS VOLUNTARY - NOT MANDATORY - NO REPRESENTATION AS TO THE ADEQUACY OF THIS FORM IS MADE – THIS FORM MAY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE BELOW DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS ARISING ON OR AFTER JANUARY 11, 2018.

In re: PENTHOUSE GLOBAL MEDIA, INC, Debtor, Case no. 1:18-bk-10098-MB
(Lead Case - Jointly Administered)

Penthouse Global Broadcasting, Inc. 1:18-bk-10099-MB; Penthouse Global Licensing, Inc. 1:18-bk-10101-MB; Penthouse Global Digital, Inc. 1:18-bk-10102-MB; Penthouse Global Publishing, Inc. 1:18-bk-10103-MB; GMI Online Ventures, Ltd. 1:18-bk-10104-MB; Penthouse Digital Media Productions, Inc. 1:18-bk-10105-MB; Tan Door Media, Inc. 1:18-bk-10106-MB; Penthouse Images Acquisitions, Ltd. 1:18-bk-10107-MB; Pure Entertainment Telecommunications, Inc. 1:18-bk-10108-MB; XVHUB Group, Inc. 1:18-bk-10109-MB; General Media Communications, Inc. 1:18-bk-10110-MB; General Media Entertainment, Inc. 1:18-bk-10111-MB; Danni Ashe, Inc. 1:18-bk-10112-MB; Streamray Studios, Inc. 1:18-bk-10113-MB

| Name of Creditor (The person or entity to whom the debtor owes money or property) **WebDotCalm** | Name, Address and tel. no. of Creditor Lucky Smith 237 Town Center West, #267 Santa Maria, CA 93458 (818)349-5748 |
|---|---|

FILED OCT 18 2018 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: _____ Deputy Clerk

1. BASIS FOR CLAIM (check one):
   __ Goods sold          X Services performed
   __ Money loaned
   __ Other (Specify):

2. DESCRIPTION OF CLAIM (IF KNOWN): Continuing work at company during final week of Trustee oversight

3. TOTAL AMOUNT OF CLAIM: $2,515.00

4. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. Do not send original documents.

Date: 10/17/2018

Sign and print the name and title, if any, of the creditor or other person authorized to file this Claim

All Requests for Payment of Administrative Claims must be filed with the United States Bankruptcy Court for the Central District of California on the main case docket (not the claims docket) on or before the Chapter 11 Administrative Bar Date or sent by first class U.S. Mail, overnight delivery or hand delivery so as to be received on or before the Chapter 11 Administrative Bar Date, to: **UNITED STATES BANKRUPTCY COURT CLERK OF THE COURT 21041 BURBANK BLVD. WOODLAND HILLS, CA 91367 w/ a copy to** Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100, Attention: Linda F. Cantor

# WebDotCalm

**Lucky Smith**
**237 Town Center West, #267**
**Santa Maria, CA 93458**

**818.349.5748** - office
**818.262.1814** - cell
**WebDotCalm.com**
**lucky@webdotcalm.com**

**6/13/2018**

**Date Paid:**

| | |
|---|---|
| **Invoice No.** | 2018-0617-ph |
| **Bill To** | PGMI |
| **Address** | Penthouse |
| | 8944 Mason Avenue |
| | Chatsworth, CA 91311 |
| **Phone** | 310.280.1900 |
| **E-Mail** | kholland@penthouse.com |
| **Deposit Received** | $0.00 |
| **Invoice Subtotal** | $2,515.00 |
| **Carryover** | $0.00 |
| **Invoice Total** | $2,515.00 |
| **Total Amount Due** | $2,515.00 |
| **Amount Paid** | |

| Date | Description | | Amount |
|---|---|---|---|
| Jun 11, 2018 | Web Content Oversight — Week End 6/15 | $ | 1,350.00 |
| Jun 13, 2018 | Staybridge Suites — Checkout 6/15 (estimate) | $ | 370.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| DEV/TECH | PHLetters Mem site - Epoch config (DEV-470) | $ | 180.00 |
| | Thumbnail Generation for Wowza Player (DEV-481) | $ | 225.00 |
| | | | |
| SERVER/TECH | PHLetters Mem site - Epoch config (DEV-470) | $ | 390.00 |
| | | | |
| | | | |
| | Subtotal - | $ | 2,515.00 |
| | carryover | | |
| | TOTAL - | $ | 2,515.00 |

*Make check Payable to WebDotCalm*
*An Adventure as Always*
*Thank you for the business.*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled**: NOTICE OF MOTION AND MOTION OF TRUSTEE FOR ORDER DISALLOWING REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM NO. 57-1 FILED BY WEBDOTCALM IN THE SUM OF $2,515.00; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF**  will be served or was served (a) on the Judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below**:**

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 30, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On **September 30, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 30, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 30, 2021 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:340029.1 32277/002

## 1. 1:18-bk-10098-MB Notice will be electronically mailed to:

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyb.com

Stephen F Biegenzahn on behalf of Creditor Eli B. Dubrow
efile@sfblaw.com

Paul M Brent on behalf of Interested Party WGCZ Ltd., S.R.O.
snb300@aol.com

Bradley E Brook on behalf of Plaintiff DAVID K GOTTLIEB
bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Plaintiff DAVID K GOTTLIEB
bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Trustee David Keith Gottlieb (TR)
bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com

Linda F Cantor, ESQ on behalf of Debtor Penthouse Global Media, Inc.
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee David Keith Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Carol Chow on behalf of Interested Party Jerrick Media Holdings, Inc.
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Carol Chow on behalf of Interested Party Jerrick Ventures LLC
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Joseph Corrigan on behalf of Creditor Iron Mountain Information Management, LLC
Bankruptcy2@ironmountain.com

Brian L Davidoff on behalf of Interested Party Silver Reel Entertainment Mezzanine Fund, L.P.
bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Jeffrey K Garfinkle on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com

Mirco J Haag on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com, dcyrankowski@buchalter.com;docket@buchalter.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Mark S Horoupian on behalf of Interested Party WSM Investment, LLC dba TOPCO Sales
mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Razmig Izakelian on behalf of Interested Party WGCZ Ltd., S.R.O.
razmigizakelian@quinnemanuel.com

John P Kreis on behalf of Creditor Claxson Media LLC
jkreis@kreislaw.com, j.kreis@ca.rr.com

Michael D Kwasigroch on behalf of Defendant Revideo, Inc.
attorneyforlife@aol.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:340029.1 32277/002

**F 9013-3.1.PROOF.SERVICE**

Michael D Kwasigroch on behalf of Defendant Kelly Holland
attorneyforlife@aol.com

Michael D Kwasigroch on behalf of Defendant Robert Campbell
attorneyforlife@aol.com

Andrew B Levin on behalf of Interested Party Kirkendoll Management LLC
alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com

Peter W Lianides on behalf of Interested Party Kirkendoll Management LLC
plianides@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested Party
kjm@lnbyb.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Interested Party Courtesy NEF
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Iain A W Nasatir on behalf of Trustee David Keith Gottlieb (TR)
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com

S. Marguax Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Creditor Penthouse Clubs Worldwide, LLC
cathyta@cathyta.net

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss mhw@mhw-pc.com,

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media Communications, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Digital Media Productions, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Broadcasting, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Digital, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Licensing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Media, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Publishing, Inc.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:340029.1 32277/002

mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Images
Acquisitions, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Pure Entertainment
Telecommunications, Inc. fka For Your Ears Only, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Streamray Studios,
Inc.
mhw@mhw-pc.com


Michael H Weiss on behalf of Debtor Tan Door Media,
Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor XVHUB Group,
Inc.
mhw@mhw-pc.com

Marc J Winthrop on behalf of Interested Party Kirkendoll
Management LLC
mwinthrop@wghlawyers.com,
jmartinez@wghlawyers.com

Christopher K.S. Wong on behalf of Creditor LSC
Communications US, LLC / Creel Printing
christopher.wong@arentfox.com,
yvonne.li@arentfox.com

Beth Ann R Young on behalf of Creditor Dream Media
Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested Party
bry@lnbyb.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:340029.1 32277/002

**F 9013-3.1.PROOF.SERVICE**

2. **SERVED BY UNITED STATES MAIL**:

*Claimant*
Webdotcalm
c/o Lucky Smith
237 Town Center West #267
Santa Maria, CA 93458

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq., P.C.
8581 Santa Monica Boulevard, #4
West Hollywood, CA 90069

*Trustee*
David K. Gottlieb
Managing Member
D. Gottlieb & Associates, LLC
16255 Ventura Blvd., Suite 440
Encino, California, 91436

*Office of U.S. Trustee*
**Kate Bunker**
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                       **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:340029.1 32277/002