Bradley E. Brook (CA Bar No. 125323)
LAW OFFICES OF BRADLEY E. BROOK, APC
10866 Washington Blvd. #108
Culver City, CA 90232
Tel: 310/839-2004; Fax: 310-945-0022
E-mail: bbrook@bbrooklaw.com

Special counsel for David K. Gottlieb, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>      Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-BK-10098-MB<br>Chapter 7<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**NOTICE OF MOTION AND MOTION OF TRUSTEE FOR ORDER DISALLOWING REQUESTS FOR PAYMENT OF ADMINISTRATIVE CLAIM NO. 69-1 IN THE SUM OF $5,382.98 AND ADMINISTRATIVE CLAIM NO. 70-1 IN THE SUM OF $5,810.98 WHICH WERE BOTH FILED BY DIGITAL MEDIA CONSULTANTS, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF**<br><br>**Date: October 27, 2021<br>Time: 11:00 am<br>Place: Courtroom 303<br>    21041 Burbank Blvd.<br>    Woodland Hills, CA 91367<br>Judge: Hon. Martin R. Barash** |

1

**PLEASE TAKE NOTICE** that David K. Gottlieb, solely in his capacity as the duly appointed, authorized and acting Chapter 7 Trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor affiliates (collectively, the "Debtors") hereby moves (the "Motion") the Court for an order disallowing the Requests for Payment of Administrative Claim No. 69-1 In The Sum Of $5,382.98 And Administrative Claim No. 70-1 In The Sum Of $5,810.98 Which Were Both Filed By Digital Media Consultants, LLC (collectively, the "Claims").[1]

The grounds for the Motion are that the Claims arose prepetition and may be allowable as prepetition unsecured claims, but neither is allowable as an administrative expense. The Claimant did not attach a copy of the agreement which gave rise to the claims. From the context of the Claim descriptions and the invoices attached to the Claims, it appears that the Claims each arose from a prepetition agency commission agreement between the Claimant and Penthouse Digital Media Productions, Inc. ("PDMPI") whereby the Claimant would earn a monthly commission once PDMPI received payment from the designated customer(s).[2] The Claimant asserts that the Claims are allowable administrative expenses because the commissions were not calculable or owing until payment was actually received by the Debtors which, as to the invoices supporting Claim Nos. 69 and 70 did not occur until after January 11, 2018 (the "Petition Date") when each of these cases was filed. However, a "claim", as defined in 11 U.S.C. § 101(5), arises when the claimant's right to a payment first arises, regardless of whether that right is then contingent, unliquidated, or unmatured. As to these Claims, that right was fixed upon the execution of the agency commission agreement and the customer designation, both of which appeared to have occurred prepetition. The happenstance that certain commission payments did not become calculable or due until after the Petition Date does not transmute a prepetition unsecured claim to a right to obtain an allowable administrative expense. Each of the Claims must be disallowed as an administrative expense.

---

[1] When individually referenced, Administrative Claim No. 69-1 shall hereinafter be referred to as "Claim No. 69" and Administrative Claim No. 70-1 shall hereinafter be referred to as "Claim No. 70".

[2] Each invoice reflects that it is applicable to a specific month and that the sum reflected in the invoice is due as an "agent fee" on account of "Direct TV commission – 10%". Claim #69 attaches invoices for commissions earned for the months of March through June 2018 which were after these cases were initiated on January 11, 2018 (the "Petition Date"). Claim #70 includes invoices for October 2017 through December 2017 and the Claimant asserts that the sums due owed are allowable as a priority unsecured claim under 11 U.S.C. § 507(a)(4).

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion has been scheduled for October 27, 2021 at 11:00 a.m. before the Honorable Martin Barash, United States Bankruptcy Judge, in Courtroom 303, 20141 Burbank Boulevard, Woodland Hills, California 91367. Pursuant to the SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO, the Court will conduct the hearing remotely, using ZoomGov audio and video technology. Individuals will not be permitted access to the courtroom. The following is the unique ZoomGov connection information for the above-referenced hearing:

**Video/audio web address:    https://cacb.zoomgov.com/j/1600150150**

**ZoomGov meeting number: 160 015 0150**

**Password: 602527**

**Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666**

**PLEASE TAKE FURTHER NOTICE** that the Motion has been served upon the claimant listed above and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of David K. Gottlieb, the statements, arguments and representations of counsel who appear at the hearing on the Motion, the files and records in the above-captioned cases, any evidence properly before the court prior to or at the hearing regarding the Motion and all matters of which the court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Motion must be filed with the Court and served upon the Trustee's counsel at the address in the upper left-hand corner of this Motion no later than fourteen (14) days prior to the hearing date.  Responses must contain a written statement of all reasons the Motion is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely.  Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
21041 Burbank Blvd.
Woodland Hills, CA 91367

**PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed and served, the Trustee will request that the court grant the relief requested in the Motion without further notice or hearing.

1     **PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the

2     Trustee's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it

3     determines that the Motion involves disputed factual issues or will require presentation of substantial

4     evidence or argument.

5     **WHEREFORE,** the Trustee respectfully requests that the Court enter an order (a) granting

6     the Motion; (b) disallowing each of the Claims as an administrative expense of the Debtors' estates;

7     and (c) granting the Trustee such other and further relief as may appropriate under the

8     circumstances.

9

10    Dated: September 29, 2021                    LAW OFFICES OF BRADLEY E. BROOK, APC

11                                                 By: *Bradley E. Brook*_____

12                                                     Bradley E. Brook, Esq.
                                                       Special counsel for David K. Gottlieb, Chapter 7
13                                                     Trustee of Penthouse Global Media, Inc. and its
                                                       affiliated debtor entities
14

15    *Submitted by:*
      Linda F. Cantor (CA Bar No. 153762)
16    PACHULSKI STANG ZIEHL & JONES LLP
      10100 Santa Monica Blvd., 13th Floor
17    Los Angeles, CA  90067
      Telephone: 310/277-6910
18    Facsimile: 310/201-0760
      E-mail:  lcantor@pszjlaw.com
19
      By: */s/ Linda F. Cantor*_____
20        Linda F. Cantor
          Counsel for David K. Gottlieb, Chapter 7 Trustee
21        of Penthouse Global Media, Inc. and its debtor affiliates

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    BACKGROUND.

### A.    The Debtors' Bankruptcy Cases, Jurisdiction and Venue.

On the Petition Date of January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors' Cases are being jointly administered under lead case number 1:18-bk-10098-MB [Docket No. 17].  On March 2, 2018, the Court entered an order directing the appointment of a chapter 11 Trustee [Docket No. 231].  On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236].  On that same day, the Court entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

On January 31, 2019, the Trustee filed a *Notice of Motion and Motion for Order Converting Cases to Chapter 7* [Docket No. 790] (the "Conversion Motion").  The Bankruptcy Court entered its Order converting the Cases to Cases under chapter 7 of the Bankruptcy Code [Docket No. 810] (the "Conversion Order") on March 12, 2019, and the Office of the United States Trustee appointed David K. Gottlieb as the chapter 7 trustee in the Cases [Docket No. 812].

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    The Debtors Sold All Of Their Assets.

On April 14, 2018, the Trustee filed a Notice of *Motion and Motion for Order (A) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Scheduling Auction and Sale Hearing; (C) Approving Sale Procedures and Notice of Sale; and (D) Granting Related Relief* [Docket No. 327] ("Sale Motion").

On May 14, 2018, the Trustee filed a *Notice of Motion and Motion for Order Authorizing Trustee to (A) Assume Unexpired Leases and Executory Contracts; (B) Establish Cure Amounts; (C) Assign Unexpired Leases and Executory Contracts; and (D) Grant Related Relief Pursuant to Section 365(A) of the Bankruptcy Code* [Docket No. 469] (the "Assumption Motion"). Attached as

5

Exhibit "A" to the Assumption Motion is a schedule of executory contracts and leases which *may have been* eligible to be designated by the successful bidder for the Debtors' assets for the Trustee to assume and assign to it (the "Schedule"). The Schedule sets forth the amount, if any, which was owed to the counterparty and that sum included any incurred but unpaid post-petition obligations (the "Cure Amount") for which the designating party would become solely liable to pay for each designated contract. The Claimant's contract upon which the Claims appears is included in the Schedule along with a Cure Amount consisting of all amounts owed both pre-petition and post-petition. The Claimant was served with the Assumption Motion and did not file an objection to the proposed Cure Amount or any other pleading in connection with the Assumption Motion.

On June 14, 2018, the Court entered its *Order (A) Approving Sale Of Substantially All Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests To Successful Bidder; (B) Approving The Estates' Assumption And Assignment Of Certain Unexpired Leases And Executory Contracts; And (C) Granting Related Relief* [Docket No. 577] (the "Sale Order"). Among other things, the Sale Order approved WCGZ Ltd. as the successful bidder (the "Buyer") and authorized the assumption and assignment to it of certain executory contracts and leases (collectively, the "Assumed Contracts").

The Buyer subsequently identified to the Trustee the specific executory contracts and leases which would constitute the Assumed Contracts. On June 25, 2018, the Trustee filed a *Notice pf Rejection of Certain Executory Contracts and Deadline to File Proof of Claim Based On Rejection Of Such Executory Contracts* (the "Notice Of Assumed Contracts") [Docket No. 596] designating those leases and executory contracts which the Buyer agreed to have be assumed and assigned. The Claimant's contract was not designated, was not assumed and assigned, and was thus rejected. The Claimant was served with the Notice of Assumed Contracts.

**C.    The Administrative Claims Bar Date And The Claims.**

On October 22, 2018, the Trustee filed and served the *Notice Of Deadline For Filing Requests For Payment Of Chapter 11 Administrative Claims That Arose Between January 11, 2018*

1    *And June 15, 2018* [Docket No. 714] (the "Administrative Claim Bar Date Notice"), setting

2    November 21, 2018 as the bar date for filing chapter 11 administrative claims (the "Bar Date").

3         On or about October 22, 2018, the Claimant filed the Claims which were assigned claim

4    numbers 69-1 and 70-1, respectively. Attached as Exhibit "1" hereto is Claim No. 69 which is in the

5    amount of $5,382.98 and to which the Claimant's invoices for the months of March 2018, April

6    2018, May 2018 and June 2018 are attached. Attached as Exhibit "2" hereto is Claim No. 70 which

7    is in the amount of $5,810.98 and to which Claimant's invoices for the months of October 2017,

8    November 2017 and December 2017 are attached and reflects that the amount due thereon should be

9    allowed as an unsecured priority claim under 11 U.S.C. § 507(a)(4). Claim No. 70 describes the

10   amount due as being owed on a "cash" basis rather than an accrual basis because "Payment is based

11   on date PDMPI received revenue. This amount became due and payable [in] March [and] April

12   2018." [3]

13        Neither of the Claims attaches a copy of any underlying agreement that purports to give rise

14   to them. From the context of the invoices attached to the Claims and their descriptions, it appears

15   that the Claimant and PDMPI entered a commission agreement prepetition and that the Claimant

16   secured the customer then thereby giving it a right to receive monthly commissions. The commission

17   payments were calculable and due when PDMPI received payment from the customer. assuming the

18   facts to be materially accurate and complete, the Trustee moves this Court for the disallowance of

19   the Claims as administrative expenses for the reasons set forth herein. To the extent the facts are

20   materially different than those assumed to be correct here, then the Trustee reserves all of his rights

21   to further respond or to modify, amend or supplement this Motion.

22   II.   **ARGUMENT.**

23        A.    **The Claimant Has the Burden to Prove the Validity of its Administrative**

24   **Expense Claim.**

25        The allowance of an administrative expense claim is codified in section 503(b) of the

26

27   _____

[3] Other than the invoices themselves, the Claimant offers no additional evidence to satisfy all of the terms of that
subsection of the Code. However, since this case is administratively insolvent, there will not be a distribution made to
28   holders of priority unsecured claims.

Bankruptcy Code, which states in relevant part:

After notice and a hearing, there shall be allowed administrative expenses . . . including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . . 11 U.S.C. § 503 (b)(1)(A).  Unlike general unsecured proofs of claims, administrative claims lack presumptive validity. *In re Blanchard,* 547 B.R. 347, 352 (Bankr.C.D. Cal. 2016). "The burden of proving an administrative expense claim is on the claimant."  *Microsoft Corp. v. DAK Indus. (In re DAK Indus.),* 66 F.3d, 1091,1094 (9th Cir. 1995); *see also Einstein/Noah Bagel Corp. v. Smith* (*In re BCE West LP*), 319 F.3d 1166, 1173 (9th Cir. 2003). "The administrative expense applicant must prove entitlement to the requested reimbursement by a preponderance of the evidence." *Gull Indus. v. John Mitchell, Inc. (In re Hanna)*, 168 B.R. 386, 388 (9th Cir. BAP 1994). The Claimant has not met its burden as to either of the Claims. They both should be disallowed as an administrative expense.

**B.    The Claims Arose Prepetition And The Claimant Is Not Entitled To Their Allowance As An Administrative Expense.**

As set forth in 11 U.S.C. § 503(1)(A)(i), the plain meaning of the phrase "...commissions for services rendered after the commencement of the case" unambiguously requires that the services '(1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate.'" *Blanchard,* 547 B.R. at 352 *quoting In re DAK Indus., Inc.*, 66 F.3d at 1094. "[F]ederal law determines when a claim arises under the Bankruptcy Code." *In re SNTL Corp.*  ("*STNL Corp*"), 571 F.3d 826, 839 (9th Cir. 2009).

A claim exists "whenever a party has a right to payment, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 105(A). The Bankruptcy Code utilizes this exceptionally broad definition of the term "claim" in order to ensure that "all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case*." Id.* at 838 *quoting Cal. Dep't of Health Servs. v. Jensen* ("*In re Jensen*"), 995 F.2d 925, 929-30 (9th Cir. 1993)); *In re Christian Life Ctr.*, 821 F.2d 1370, 1375 (9th Cir. 1987) (Congress intended to provide

1   "'the broadest possible definition' of claims so that 'all legal obligations of the debtor, no matter

2   how remote or contingent, will be able to be dealt with in the bankruptcy case.'" (quoting S. Rep.

3   No. 95-989, at 22 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5808)).

4          To determine when a claim arises, the Ninth Circuit ordinarily employs the "fair

5   contemplation" test. *SNTL Corp.*, 571 F.3d at 839*; In re Jensen*, 995 F.2d at 930. A claim arises

6   when the claimant "can fairly or reasonably contemplate the claim's existence even if a cause of

7   action has not yet accrued under nonbankruptcy law." *SNTL Corp.,* 571 F.3d at 839 *citing Cool Fuel,*

8   *Inc. v. Bd. of Equalization*, 210 F.3d 999, 1007 (9th Cir. 2000)). As explained in *STNL Corp.*, if a

9   right to payment exists upon the occurrence of a future contingency, a claim is allowable as a

10  prepetition claim under Section 502(b)(1) even if that contingency is satisfied postpetition. *Id. at*

11  538.  Thus, "[i]f the creditor's services have been fully performed pre-petition and all that remains is

12  the payment of money", the claim is a prepetition unsecured claim, not an administrative claim. *In re*

13  *HSD Venture,* 178 B.R. 831, 836 (Bankr.S.D.Cal. 1985).

14         From context, the commission agreement appears to have been entered by the Claimant and

15  PDMPI prepetition and the Claimant secured the customer(s) at or around that same time which

16  were the events necessary to occur for the Claimant to have the right to receive commission

17  payments. Those events occurred prepetition. A "claim" is defined in 11 U.S.C. § 101(5) and makes

18  clear that it arises when the claimant has a "right to payment", regardless of whether that right may

19  be contingent, unliquidated or unmatured. The happenstance of the timing of when the commission

20  sum was calculable or became due cannot, and does not, transmute the Claims from prepetition

21  unsecured claims to becoming an allowable administrative expense. The Claims must be disallowed

22  as administrative expenses of these Debtors' estates.

23         **C.**     **The Commission Agreement Was Not An Assumable Executory Contract**.

24         The prepetition commission agreement was not eligible for assumption and assignment

25  because it was not an executory contract. The performance necessary to entitle the Claimant to its

26  commissions had already occurred prepetition. The Ninth Circuit has defined the standard for

27  determining whether a contract is executory:

28
                                                      9

Although the Code does not define "executory contract," courts have generally defined such a contract as one on which performance is due to some extent on both sides.... [I]n executory contracts the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other.

This means that when a party has "substantially performed" its side of the bargain, such that the party's failure to perform further would not constitute a material breach excusing performance by the other party, a contract is not executory. *Pacific Express, Inc. v. Teknekron Infoswitch Corp*. (*In re Pacific Express, Inc.*), 780 F.2d 1482, 1487–88 (9th Cir. 1986). **The party who has fully performed is thus relegated to the position of a general creditor of the bankrupt estate.** *Id. at* 1130  (*quoting Griffel v. Murphy* (*In re Wegner*), 839 F.2d 533, 536 (9th Cir. 1987) (citation omitted) (emphasis added).

A commission agreement is performed when a buyer is procured and is not made executory by a provision conditioning payment on closing the sale. *Id.*at 1131. Thus, any commission due Claimant was already earned prepetition. The Claimant has provided no evidence that it was required to provide material and necessary services post-petition before it was entitled to a commission payment. The commission agreement was not an assumable executory contract and its breach constitutes a prepetition unsecured claim.

D.    **Even If The Commission Agreement Was An Assumable Executory Contract, It Was Rejected.**

Even if the commission agreement between the parties had been an assumable contract, it was not an Assumed Contract. Rejection of an executory contract constitutes a breach of such contract "immediately before the date of the filing of the petition." 11 U.S.C. §365(g)(1). In turn, the claim which arises from the rejection is a dischargeable prepetition claim against the estate. 11 U.S.C. § 502(g)(1). *See also, NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 532 (1984) (A claim based upon an executory contract which was not assumed "is not an enforceable contract" of the estate and

rejection is deemed a prepetition breach of contract; the counterparty is a creditor entitled to a prepetition claim for damages). The Claims must be disallowed in their respective entireties as administrative expenses.

## III.    **RESERVATION OF RIGHTS.**

The Trustee has not attempted to raise in this Motion each defense, counterclaim, or setoff that may apply to the Claim.  If a response to this Motion is received, the Trustee reserves the right to amend or supplement it, or file additional pleadings to assert any defenses, counterclaims, and/or setoffs against the Claim.  In all instances, the Trustee reserves the right to file future pleadings to challenge the validity, amount, or status of the Claim upon different grounds than set forth herein or otherwise.

## IV.    **CONCLUSION.**

For the reasons set forth herein, the Trustee respectfully requests that the Court enter an order: (a) granting the Motion; (b) disallowing each of the Claims as administrative expenses; and (c) granting such other and further relief as may be appropriate under the circumstances.

Dated: September 29, 2021                    LAW OFFICES OF BRADLEY E. BROOK, APC

By: *Bradley E. Brook*_____
Bradley E. Brook, Esq.
Special counsel for David K. Gottlieb, Chapter 7
Trustee of Penthouse Global Media, Inc. and its
affiliated debtor entities

*Submitted by:*
Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  lcantor@pszjlaw.com

By: */s/ Linda F. Cantor*_____
Linda F. Cantor
Counsel for David K. Gottlieb, Chapter 7 Trustee
of Penthouse Global Media, Inc. and its debtor affiliates

11

### DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1.     I am the duly appointed chapter 7 trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor subsidiaries. I make this Declaration in support of the *Motion of Trustee For Order Disallowing Requests For Payment Of Administrative Claim No. 69-1 In The Sum Of $5,382.98 And Administrative Claim No. 70-1 In The Sum Of $5,810.98 Which Were Both Filed By Digital Media Consultants, LLC* (the "Motion"). All capitalized terms used but not defined in this Declaration have the meanings ascribed to them in the Motion.

2.     Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others under my supervision), my review of the books and records of the Debtors, the Administrative Claims and other pleadings filed in this case, or my opinion based on my experience as a consultant and financial advisor for trustees.  If called upon to testify, I would testify to the facts set forth in this Declaration.

3.     Attached hereto as Exhibit "1" is a true and correct copy of Claim No. 69.

4.     Attached hereto as Exhibit "2" is a true and correct copy of Claim No. 70.

5.     These cases are administratively insolvent and no distributions are anticipated to holders of priority unsecured claims.

6.     I have reviewed the Claims with persons under my supervision. Neither of the Claims included a copy of the underlying agreement(s) between the Claimant and PDMPI. However, from the context of the invoices attached to the Claims and the Claimant's descriptions of the Claims, it appears that the parties entered into a prepetition commission agreement which entitled the Claimant to commission payments based upon a revenue stream from a customer it secured for the Debtors.

7.     It appears that the commission agreement was not an executory contract. However, even if it was executory, it was not an Assumed Contract. Any breach of the prepetition commission agreement should constitute a prepetition unsecured claim, not an administrative expense.

8.     Based on my understandings, I respectfully request the entry of an order granting the Motion and disallowing each of the Claims as an administrative claim against the Debtors' estates.

1    9.    Should the Claimant file an Opposition and present substantive evidence to the

2    contrary, I reserve all of my rights.

3        I declare under penalty of perjury under the laws of the United States of America that the

4    foregoing is true and correct. Executed on this ___ day of September, 2021 at Calabasas, California.

5

6    _____

7        David K. Gottlieb

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

EXHIBIT "1"

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION | REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM | Administrative Expense Claims Bar Date<br><br>October 22, 2018 |
|---|---|---|

USE OF THIS FORM IS VOLUNTARY - NOT MANDATORY - NO REPRESENTATION AS TO THE ADEQUACY OF THIS FORM IS MADE - THIS FORM MAY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE BELOW DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS ARISING ON OR AFTER JANUARY 11, 2018.

**FILED**

**OCT 22 2018**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

In re: PENTHOUSE GLOBAL MEDIA, INC, Debtor, Case no. 1:18-bk-10098-MB (Lead Case - Jointly Administered)

Penthouse Global Broadcasting, Inc. 1:18-bk-10099-MB; Penthouse Global Licensing, Inc. 1:18-bk-10101-MB; Penthouse Global Digital, Inc. 1:18bk-10102-MB; Penthouse Global Publishing, Inc. 1:18-bk-10103-MB; GMI Online Ventures, Ltd. 1:18bk-10104-MB; Penthouse Digital Media Productions, Inc. 1:18-bk-10105-MB; Tan Door Media, Inc. 1:18bk-10106-MB; Penthouse Images Acquisitions, Ltd. 1:18-bk-10107-MB; Pure Entertainment Telecommunications, Inc. 1:18bk-10108-MB; XVHUB Group, Inc. 1:18-bk-10109-MB; General Media Communications, Inc. 1:18bk-10110-MB; General Media Entertainment, Inc. 1:18-bk-10111-MB; Danni Ashe, Inc. 1:18bk-10112-MB; Streamray Studios, Inc. 1:18-bk-10113-MB

| Name of Creditor<br>(The person or entity to whom the debtor owes money or property)<br><br>DIGITAL MEDIA CONSULTANTS LLC | Name, Address and tel. no. of Creditor<br><br>DAVID KRAVIS<br>21781 VENTURA BLVD. #644<br>WOODLAND HILLS, CA 91364 (818) 402 8584 |
|---|---|

1. **BASIS FOR CLAIM** (check one):
   ___ Goods sold          ___ Services performed
   ___ Money loaned
   ✓ Other (Specify): SALES AGENT COMMISSIONS

2. **DESCRIPTION OF CLAIM (IF KNOWN):** COMMISSIONS DUE ON BROADCAST REVENUE RECEIVED

3. **TOTAL AMOUNT OF CLAIM:** $ $5382 98

4. **SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. Do not send original documents.

| Date:<br><br>10-18-2018 | Sign and print the name and title, if any, of the creditor or other person authorized to file this Claim<br><br>DAVID KRAVIS<br>MANAGER |
|---|---|

All Requests for Payment of Administrative Claims must be filed with the United States Bankruptcy Court for the Central District of California on the main case docket (not the claims docket) on or before the Chapter 11 Administrative Bar Date or sent by first class U.S. Mail, overnight delivery or hand delivery so as to be received on or before the Chapter 11 Administrative Bar Date, to: **UNITED STATES BANKRUPTCY COURT CLERK OF THE COURT  21041 BURBANK BLVD. WOODLAND HILLS, CA 91367 w/ a copy to** Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100, Attention: Linda F. Cantor

DIGITAL MEDIA CONSULTANTS, LLC

21781 Ventura Blvd., #644
Woodland Hills, CA 91364

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/1/2018 | 1306 |

| Bill To | Ship To |
|---------|---------|
| PDMPI<br>8944 Mason St.<br>Chatsworth, CA 91311 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 30 | | 7/1/2018 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | Agent Fee | Direct TV Commissions- 10% March 2018 | 1,829.39 | 1,829.39 |

WIRE TRANSFER INFORMATION:
JP Morgan Chase, N.A.
23703 Calabasas Rd.
Calabasas, CA 91364 USA
Swift Code:     CHASUS33
Account Name:  Digital Media Consultants, LLC.
Account No:     218619128

| | **Total** | $1,829.39 |
|---|-----------|-----------|

DIGITAL MEDIA CONSULTANTS, LLC

21781 Ventura Blvd., #644
Woodland Hills, CA 91364

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/9/2018 | 1298 |

| Bill To | Ship To |
|---------|---------|
| PDMPI<br>8944 Mason St.<br>Chatsworth, CA 91311 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 30 | | 7/9/2018 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | Agent Fee | Direct TV Commissions- 10% April 2018 | 1,465.30 | 1,465.30 |

WIRE TRANSFER INFORMATION:
JP Morgan Chase, N.A.
23703 Calabasas Rd.
Calabasas, CA 91364 USA
Swift Code:    CHASUS33
Account Name:  Digital Media Consultants, LLC.
Account No:    218619128

| | **Total** | $1,465.30 |
|---|---|---|

DIGITAL MEDIA CONSULTANTS, LLC

21781 Ventura Blvd., #644
Woodland Hills, CA 91364

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/10/2018 | 1305 |

| Bill To | Ship To |
|---------|---------|
| PDMPI<br>8944 Mason St.<br>Chatsworth, CA 91311 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Due on receipt | | 8/10/2018 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | Agent Fee | Direct TV Commissions- 10% May 2018 | 1,337.37 | 1,337.37 |

WIRE TRANSFER INFORMATION:
JP Morgan Chase, N.A.
23703 Calabasas Rd.
Calabasas, CA 91364 USA
Swift Code:      CHASUS33
Account Name:   Digital Media Consultants, LLC.
Account No:      218619128

| | Total | $1,337.37 |
|---|-------|-----------|

DIGITAL MEDIA CONSULTANTS, LLC

# Invoice

21781 Ventura Blvd., #644
Woodland Hills, CA 91364

| Date | Invoice # |
|------|-----------|
| 10/19/2018 | 1301 |

| Bill To | Ship To |
|---------|---------|
| Penthouse Global Broadcasting,Inc.<br>8944 Mason St.<br>Chatsworth, CA 91311 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Due on receipt | | 10/19/2018 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | Agent Fee | Direct TV Commissions- 10% June 2018 | 750.92 | 750.92 |

WIRE TRANSFER INFORMATION:
JP Morgan Chase, N.A.
23703 Calabasas Rd.
Calabasas, CA 91364 USA
Swift Code:      CHASUS33
Account Name:   Digital Media Consultants, LLC.
Account No:     218619128

| | Total | $750.92 |
|-|-------|---------|

EXHIBIT "2"

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION | REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM | Administrative Expense Claims Bar Date October 22, 2018 |
|---|---|---|

USE OF THIS FORM IS VOLUNTARY - NOT MANDATORY - NO REPRESENTATION AS TO THE ADEQUACY OF THIS FORM IS MADE – THIS FORM MAY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE BELOW DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS ARISING ON OR AFTER JANUARY 11, 2018.

**FILED**
OCT 22 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

In re: PENTHOUSE GLOBAL MEDIA, INC, Debtor, Case no. 1:18-bk-10098-MB (Lead Case - Jointly Administered)

Penthouse Global Broadcasting, Inc. 1:18-bk-10099-MB; Penthouse Global Licensing, Inc. 1:18-bk-10101-MB; Penthouse Global Digital, Inc. 1:18bk-10102-MB; Penthouse Global Publishing, Inc. 1:18-bk-10103-MB; GMI Online Ventures, Ltd. 1:18-bk-10104-MB; Penthouse Digital Media Productions, Inc. 1:18-bk-10105-MB; Tan Door Media, Inc. 1:18bk-10106-MB; Penthouse Images Acquisitions, Ltd. 1:18-bk-10107-MB; Pure Entertainment Telecommunications, Inc. 1:18bk-10108-MB; XVHUB Group, Inc. 1:18-bk-10109-MB; General Media Communications, Inc. 1:18bk-10110-MB; General Media Entertainment, Inc. 1:18-bk-10111-MB; Danni Ashe, Inc. 1:18bk-10112-MB; Streamray Studios, Inc. 1:18-bk-10113-MB

| Name of Creditor (The person or entity to whom the debtor owes money or property) DIGITAL MEDIA CONSULTANTS LLC | Name, Address and tel. no. of Creditor DAVID KRAVIS 21781 VENTURA BLVD. #644 WOODLAND HILLS, CA 91364  818 402 8584 |
|---|---|

1. BASIS FOR CLAIM (check one):
   ___ Goods sold   ✓ Services performed
   ___ Money loaned
   ___ Other (Specify):  PRIORITY 11 U.S.C. § 507 (a)(4)
   CASH BASIS SALES FEE, NOT ACCRUAL.
   AGREEMENT IS BASED ON WHEN PAID, NOT BROADCAST.

2. DESCRIPTION OF CLAIM (IF KNOWN): COMMISSIONS ON BROADCAST REVENUE RECIVED, PAYMENT IS BASED ON DATE PGMPI ACTUALLY RECIEVED REVENUE

3. TOTAL AMOUNT OF CLAIM: $  #5810.48  THIS AMOUNT BECAME DUE AND PAYABLE MARCH + APRIL 2018

4. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. Do not send original documents.

| Date: 10/19/2018 | Sign and print the name and title, if any, of the creditor or other person authorized to file this Claim   DAVID KRAVIS   MANAGER |
|---|---|

All Requests for Payment of Administrative Claims must be filed with the United States Bankruptcy Court for the Central District of California on the main case docket (not the claims docket) on or before the Chapter 11 Administrative Bar Date or sent by first class U.S. Mail, overnight delivery or hand delivery so as to be received on or before the Chapter 11 Administrative Bar Date, to: **UNITED STATES BANKRUPTCY COURT CLERK OF THE COURT  21041 BURBANK BLVD. WOODLAND HILLS, CA 91367 w/ a copy to** Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100, Attention: Linda F. Cantor

DIGITAL MEDIA CONSULTANTS, LLC

21781 Ventura Blvd., #644
Woodland Hills, CA 91364

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/29/2018 | 1277 |

| Bill To | Ship To |
|---------|---------|
| PDMPI<br>8944 Mason St.<br>Chatsworth, CA 91311 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 30 | | 3/1/2018 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | Agent Fee | Direct TV Commissions- 10% for October 2017 | 1,925.55 | 1,925.55 |

WIRE TRANSFER INFORMATION:
JP Morgan Chase, N.A.
23703 Calabasas Rd.
Calabasas, CA 91364 USA
Swift Code:      CHASUS33
Account Name:   Digital Media Consultants, LLC.
Account No:     218619128

| | Total | $1,925.55 |
|---|-------|-----------|

DIGITAL MEDIA CONSULTANTS, LLC

# Invoice

21781 Ventura Blvd., #644
Woodland Hills, CA 91364

| Date | Invoice # |
|------|-----------|
| 4/6/2018 | 1279 |

| Bill To | Ship To |
|---------|---------|
| PDMPI<br>8944 Mason St.<br>Chatsworth, CA 91311 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 30 | | 4/6/2018 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | Agent Fee | Direct TV Commissions- 10% November 2017<br>Due 30 Days from receipt of payment | 2,089.38 | 2,089.38 |

WIRE TRANSFER INFORMATION:
JP Morgan Chase, N.A.
23703 Calabasas Rd.
Calabasas, CA 91364 USA
Swift Code:    CHASUS33
Account Name:  Digital Media Consultants, LLC.
Account No:    218619128

| | **Total** | **$2,089.38** |
|---|-----------|---------------|

DIGITAL MEDIA CONSULTANTS, LLC

21781 Ventura Blvd., #644
Woodland Hills, CA 91364

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/6/2018 | 1280 |

| Bill To | Ship To |
|---------|---------|
| PDMPI<br>8944 Mason St.<br>Chatsworth, CA 91311 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 30 | | 4/6/2018 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | Agent Fee | Direct TV Commissions- 10% December 2017<br>Due 30 days from receipt of payment | 1,795.55 | 1,795.55 |

WIRE TRANSFER INFORMATION:
JP Morgan Chase, N.A.
23703 Calabasas Rd.
Calabasas, CA 91364 USA
Swift Code:     CHASUS33
Account Name:   Digital Media Consultants, LLC.
Account No:    218619128

| | **Total** | $1,795.55 |
|---|-----------|-----------|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled**:  NOTICE OF MOTION AND MOTION OF TRUSTEE FOR ORDER DISALLOWING REQUESTS FOR PAYMENT OF ADMINISTRATIVE CLAIM NO. 69-1 IN THE SUM OF $5,382.98 AND ADMINISTRATIVE CLAIM NO. 70-1 IN THE SUM OF $5,810.98 WHICH WERE BOTH FILED BY DIGITAL MEDIA CONSULTANTS, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF** will be served or was served (a) on the Judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below**:**

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 30, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **September 30, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 30, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 30, 2021 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:340033.1 32277/002

**F 9013-3.1.PROOF.SERVICE**

## 1.  1:18-bk-10098-MB Notice will be electronically mailed to:

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyb.com

Stephen F Biegenzahn on behalf of Creditor Eli B.
Dubrow
efile@sfblaw.com

Paul M Brent on behalf of Interested Party WGCZ Ltd.,
S.R.O.
snb300@aol.com

Bradley E Brook on behalf of Plaintiff DAVID K
GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Plaintiff DAVID K
GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Trustee David Keith
Gottlieb (TR)
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Linda F Cantor, ESQ on behalf of Debtor Penthouse
Global Media, Inc.
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee David Keith
Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Carol Chow on behalf of Interested Party Jerrick Media
Holdings, Inc.
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Carol Chow on behalf of Interested Party Jerrick Ventures
LLC
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Russell Clementson on behalf of U.S. Trustee United
States Trustee (SV)
russell.clementson@usdoj.gov

Joseph Corrigan on behalf of Creditor Iron Mountain
Information Management, LLC
Bankruptcy2@ironmountain.com

Brian L Davidoff on behalf of Interested Party Silver Reel
Entertainment Mezzanine Fund, L.P.
bdavidoff@greenbergglusker.com,

calendar@greenbergglusker.com;jking@greenbergglusker.com

James A Dumas, Jr on behalf of Creditor NOA
Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse
Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Jeffrey K Garfinkle on behalf of Creditor Easy Online
Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com,
docket@buchalter.com;dcyrankowski@buchalter.com

Allan B Gelbard on behalf of Other Professional Allan B.
Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,ak
uras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com

Mirco J Haag on behalf of Creditor Easy Online
Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com,
dcyrankowski@buchalter.com;docket@buchalter.com

Mark S Horoupian on behalf of Interested Party Courtesy
NEF
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerla
w.com

Mark S Horoupian on behalf of Interested Party WSM
Investment, LLC dba TOPCO Sales
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerla
w.com

Razmig Izakelian on behalf of Interested Party WGCZ
Ltd., S.R.O.
razmigizakelian@quinnemanuel.com

John P Kreis on behalf of Creditor Claxson Media LLC
jkreis@kreislaw.com, j.kreis@ca.rr.com

Michael D Kwasigroch on behalf of Defendant Revideo,
Inc.
attorneyforlife@aol.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
DOCS_LA:340033.1 32277/002

**F 9013-3.1.PROOF.SERVICE**

Michael D Kwasigroch on behalf of Defendant Kelly
Holland
attorneyforlife@aol.com

Michael D Kwasigroch on behalf of Defendant Robert
Campbell
attorneyforlife@aol.com

Andrew B Levin on behalf of Interested Party Kirkendoll
Management LLC
alevin@wcghlaw.com,
Meir@virtualparalegalservices.com;pj@wcghlaw.com;jm
artinez@wcghlaw.com

Peter W Lianides on behalf of Interested Party Kirkendoll
Management LLC
plianides@wghlawyers.com,
jmartinez@wghlawyers.com;mweinberg@wghlawyers.co
m

David W. Meadows on behalf of Interested Party
Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested
Party
kjm@lnbyb.com

Alan I Nahmias on behalf of Interested Party Courtesy
NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Interested Party Courtesy
NEF
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Iain A W Nasatir on behalf of Trustee David Keith
Gottlieb (TR)
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor Committee The
Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com

S. Marguax Ross on behalf of U.S. Trustee United States
Trustee (SV)
margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.com

Michael St James on behalf of Interested Party Michael
St. James
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.com

Howard Steinberg on behalf of Creditor Greenberg
Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Creditor Penthouse Clubs
Worldwide, LLC
cathyta@cathyta.net

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss mhw@mhw-pc.com,

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor GMI Online
Ventures, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media
Communications, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media
Entertainment, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Digital
Media Productions, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Broadcasting, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Digital, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Licensing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Media, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Publishing, Inc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:340033.1 32277/002

**F 9013-3.1.PROOF.SERVICE**

mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Images
Acquisitions, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Pure Entertainment
Telecommunications, Inc. fka For Your Ears Only, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Streamray Studios,
Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Tan Door Media,
Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor XVHUB Group,
Inc.
mhw@mhw-pc.com

Marc J Winthrop on behalf of Interested Party Kirkendoll
Management LLC
mwinthrop@wghlawyers.com,
jmartinez@wghlawyers.com

Christopher K.S. Wong on behalf of Creditor LSC
Communications US, LLC / Creel Printing
christopher.wong@arentfox.com,
yvonne.li@arentfox.com

Beth Ann R Young on behalf of Creditor Dream Media
Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested Party
bry@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:340033.1 32277/002

**F 9013-3.1.PROOF.SERVICE**

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:

*Claimant*

Digital Media Consultants, LLC
Attention: David Kravis
21781 Ventura Blvd., Suite 644
Woodland Hills, CA 91364


*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq., P.C.
8581 Santa Monica Boulevard, #4
West Hollywood, CA 90069

*Trustee*
David K. Gottlieb
Managing Member
D. Gottlieb & Associates, LLC
16255 Ventura Blvd., Suite 440
Encino, California, 91436

*Office of U.S. Trustee*
**Kate Bunker**
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:340033.1 32277/002

**F 9013-3.1.PROOF.SERVICE**