Bradley E. Brook (CA Bar No. 125323)
LAW OFFICES OF BRADLEY E. BROOK, APC
10866 Washington Blvd. #108
Culver City, CA 90232
Tel: 310/839-2004; Fax: 310-945-0022
E-mail: bbrook@bbrooklaw.com

Attorneys for David K. Gottlieb, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>                  Debtor.<br><br>⊠ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-BK-10098-MB<br>Chapter 7<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**NOTICE OF MOTION AND MOTION OF TRUSTEE FOR ORDER DISALLOWING REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM NO. 68-1 FILED BY C. HOCQUEL, INC. IN THE SUM OF $18,000.00; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF**<br><br>**Date:  October 27, 2021**<br>**Time:  11:00 am**<br>**Place:  Courtroom 303**<br>        **21041 Burbank Blvd.**<br>        **Woodland Hills, CA 91367**<br>**Judge:  Hon. Martin R. Barash** |

1

**PLEASE TAKE NOTICE** that David K. Gottlieb, solely in his capacity as the duly appointed, authorized and acting Chapter 7 Trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor affiliates (collectively, the "Debtors") hereby moves (the "Motion") the Court for an order disallowing the Request for Payment of Administrative Claim No. 68-1 (the "Request for Payment") filed by C. Hocquel, Inc. ("Claimant") in the sum of $18,000.00 (the "Claim") on the grounds that the Debtors' estates have no liability for the payment of the Claim.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion has been scheduled for October 27, 2021 at 11:00 a.m. before the Honorable Martin Barash, United States Bankruptcy Judge, in Courtroom 303, 20141 Burbank Boulevard, Woodland Hills, California 91367. Pursuant to the SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO, the Court will conduct the hearing remotely, using ZoomGov audio and video technology. Individuals will not be permitted access to the courtroom. The following is the unique ZoomGov connection information for the above-referenced hearing:

**Video/audio web address:    https://cacb.zoomgov.com/j/1600150150**

**ZoomGov meeting number: 160 015 0150**

**Password: 602527**

**Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666**

**PLEASE TAKE FURTHER NOTICE** that the Motion has been served upon the Claimant listed above and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of David K. Gottlieb, the statements, arguments and representations of counsel who appear at the hearing on the Motion, the files and records in the above-captioned cases, any evidence properly before the court prior to or at the hearing regarding the Motion and all matters of which the court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), responses to the Motion must be filed with the Court and served upon the Trustee's counsel at the address in the upper left-hand corner of this Motion no later than fourteen (14) days prior to the hearing date, plus an additional 3 days if you were served by mail, or pursuant to F.R.Civ.P.

5(b)(2)(D) or (F).  Responses must contain a written statement of all reasons the Motion is opposed

and must include declarations and copies of all documentary evidence on which the responding party

intends to rely.  Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
21041 Burbank Blvd.
Woodland Hills, CA 91367

**PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed and served, the

Trustee will request the relief requested in the Motion be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the

Trustee's counsel, the Court, in its discretion, may treat the initial hearing as a status conference if it

determines that the Motion involves disputed factual issues or will require presentation of substantial

evidence or argument.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order (a) granting

the Motion; (b) disallowing the Request for Payment; and (c) granting the Trustee such other and

further relief as may appropriate under the circumstances.

Dated: October 5, 2021                    LAW OFFICES OF BRADLEY E. BROOK, APC

                                          By: *Bradley E. Brook*_____
                                              Bradley E. Brook, Esq.
                                              Special counsel for David K. Gottlieb, Chapter 7
                                              Trustee of Penthouse Global Media, Inc. and its
                                              affiliated debtor entities

*Submitted by:*
Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  lcantor@pszjlaw.com

By: */s/ Linda F. Cantor*_____
     Linda F. Cantor
     Counsel for David K. Gottlieb, Chapter 7 Trustee
     of Penthouse Global Media, Inc. and its debtor affiliates

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **BACKGROUND.**

    A.    **The Debtors' Bankruptcy Cases, Jurisdiction and Venue.**

On January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date") The Debtors' Cases are being jointly administered under lead case number 1:18-bk-10098-MB [Docket No. 17].  On March 2, 2018, the Court entered an order directing the appointment of a chapter 11 Trustee [Docket No. 231].  On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236].  On that same day, the Court entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

On January 31, 2019, the Trustee filed a *Notice of Motion and Motion for Order Converting Cases to Chapter 7* [Docket No. 790] (the "Conversion Motion").  The Bankruptcy Court entered its Order converting the Cases to Cases under chapter 7 of the Bankruptcy Code [Docket No. 810] (the "Conversion Order") on March 12, 2019, and the Office of the United States Trustee appointed David K. Gottlieb as the chapter 7 trustee in the Cases [Docket No. 812].

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    **The Background For The Claim.**

On April 23, 2018, Debtors, then-Debtors in Possession, filed a *Notice of Motion for Application Approving Compensation For Catherine Brandt, Chief Operating Officer and Keith Whitworth, Chief Financial Officer for the period of January 11, 2018 through March 8, 2018 as an Expense of Administration* [Docket No. 343] ("Application for Compensation").[1] In the Application for Compensation, the arrangement between C. Hocquel and Brandt, on the one hand, and Penthouse Global Media, Inc. ("PGMI"), on the other hand, was described as follows:

---

[1] A true and correct copy of the Application for Compensation is attached as Exhibit "1" to the Declaration of David K. Gottlieb.

4

9.  **Debtor entered into an agreement on September 19, 2017 with C. Hocquel, Inc. ("C. Hocquel") pursuant to which C. Hocquel would provide (loan out) Brandt, its CEO to perform services.** Brandt would assume the title of Debtor's Chief Operating Officer ("COO") (the ["Loan Out Agreement" or] "Brandt Agreement"). Brandt commenced her duties on September 17, 2019. Declaration of Catherin Brandt ("Brandt Decl."), ¶2. Exhibit "1". **(emphasis added).**

10. As described in the [Loan Out] Agreement and the Notice of Setting of Insider Compensation [Dkt. No. 75], Brandt's relationship with Debtor was as a "consultant" for whom Debtor was to issue a 1099. Brandt was not an employee of Debtor. Brandt Decl., ¶3. Exhibits "1" and "2".

11. Debtor's Board of Directors never elected Brandt to the position as COO.  There was never any consideration given by the Board of Directors about formally electing Brandt as Debtor's COO. **From September 19, 2017 to the present time, Brandt's position and relationship with Debtor was as a "consultant", whose services were loaned out by C. Hocquel.** Declaration of Kelly Holland (Holland Decl."), ¶4. **(emphasis added).**

*See,* Application for Compensation [Dkt. #343] at p. 5 of 38:12-24.

In the Declaration of Catherine Brandt filed in support of the Application for Compensation, she stated:

1.  I am the CEO of C. Hocquel, Inc….

2.  Debtor [PGMI] entered into an agreement dated September 17, 2019 with C. Hocquel, Inc. ("[Loan Out] Agreement") pursuant to which C. Hocquel "loaned out" my services to Debtor where I would assume the title of Debtor's Chief Operating Officer (the "[Loan Out Agreement" or] Brandt Agreement"). I commenced my duties on September 17, 2019. A true and correct copy of the [Loan Out] Agreement is attached hereto as Exhibit "1".

3.  As described in the [Loan Out] Agreement and the Notice of Setting Insider Compensation [Dkt. No. 75], my relationship with Debtor was as a "consultant" for whom Debtor was to issue a 1099, not a W-2. I was not an employee of Debtor. I was never elected as an officer by the Debtor or its Board of Directors." A true and correct copy of the Notice of Setting Insider Compensation is attached as Exhibit "2".

4.  **The [Loan Out] Agreement provides that monthly compensation to C. Hocquel for my COO services was $15,000. For the period 1/11/18 through 3/6/18, C. Hocquel seeks wages for my services in the amount of $18,000 as more particularly described in Exhibit "3".** **(emphasis added)**

*See,* Application for Compensation [Dkt #343] at p. 11 of 38:3-17.

Exhibit "1" to the Application for Compensation [Dkt. #343] is a letter agreement between

PGMI and C. Hocquel dated September 19, 2017 at pp. 20-21 of 38. Among other things, the letter

agreement provides that "C. Hocquel, Inc. represented by Catherine Brandt, its CEO, will be in charge of running PGMI operations…", that the fees for this engagement are $15,000 per month and that agreement is for three years.

Exhibit "2" to the Application for Compensation [Dkt. #343] is a Notice of Setting of Insider Compensation at pp. 23-24 of 38. The insider is identified as "C. Hocquel, Inc./Catherine Brandt" and that the relationship was that of a "consultant" as of April 2017 and COO as of September 19, 2017 [p. 23 of 38]. In response to item #15 in the Notice of Setting of Insider Compensation which requests that all compensation be identified and to attach a W-2 or 1099, the response is that "1099 have not been emitted for 2017 yet" below which a list of payments made to C. Hocquel are provided [p. 24 of 38].

Exhibit "3" to the Application for Compensation [Dkt. #343] is a document with the heading "C. Hocquel, Inc." dated March 28, 2018 and is an "Invoice/Recapitulation" of the $18,000 owed for the period of January 12, 2018 to March 6, 2018 with the unpaid services described as "consulting" at p. 26 of 38. At the bottom left corner, wiring instructions for payments to C. Hocquel are provided.

On June 4, 2018, the Court entered an *Order Granting in Part Application for Order For Catherine Brandt, Chief Operating Officer and Keith Whitworth, Chief Financial Officer for the Period January 11, 2018 to March 6, 2018 as an Expense of Administration [11 U.S.C. § 503(b)(1)(A)(i) [Dkt. No. 343]* [Docket No. 533] (the "C.Hocquel/Brandt Order"). The C. Hocquel/Brandt Order provided, in relevant part, that "compensation for Brandt is allowed as an administrative expense in the amount of $18,000 but is not payable at this time." *See,* C.Hocquel/Brandt Order at 2:9-10.

**C.    The Contract Upon Which The Claim Is Based Was Assumed By The Buyer Who Was Solely Responsible For Any Defaults As A Condition Of Assumption.**

On April 14, 2018, the Trustee filed a Notice of *Motion and Motion for Order (A) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Interests;*

6

*(B) Scheduling Auction and Sale Hearing; (C) Approving Sale Procedures and Notice of Sale; and (D) Granting Related Relief* [Docket No. 327] ("Sale Motion").

On May 14, 2018, the Trustee filed a *Notice of Motion and Motion for Order Authorizing Trustee to (A) Assume Unexpired Leases and Executory Contracts; (B) Establish Cure Amounts; (C) Assign Unexpired Leases and Executory Contracts; and (D) Grant Related Relief Pursuant to Section 365(A) of the Bankruptcy Code* [Docket No. 469] (the "Assumption Motion"). Attached as Exhibit "A" to the Assumption Motion is a schedule of executory contracts and leases which may have been eligible to be designated by the successful bidder for the Debtors' assets for the Trustee to assume and assign to it (the "Schedule"). The Schedule sets forth the amount, if any, which was owed to the counterparty and that sum included any incurred but unpaid postpetition obligations (the "Cure Amount") and which the designating party would become solely liable to pay if it designated that contract. The Brandt Agreement is identified in the Schedule as a "consulting agreement" between PGMI and C. Hocquel and the Cure Amount consists of both prepetition and postpetitions sums due but unpaid, including the amount due on account of the Claim. The Claimant was served with the Assumption Motion and did not file an objection to the proposed Cure Amount or any other pleading in connection with the Assumption Motion.

On June 14, 2018, the Court entered its *Order (A) Approving Sale Of Substantially All Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests To Successful Bidder; (B) Approving The Estates' Assumption And Assignment Of Certain Unexpired Leases And Executory Contracts; And (C) Granting Related Relief* [Docket No. 577] (the "Sale Order"). Among other things, the Sale Order approved WCGZ Ltd. as the successful bidder (the "Buyer") and authorized the assumption and assignment to it of certain executory contracts and leases (collectively, the "Assumed Contracts").

The Sale Order provides that unless the contract party filed an objection to the Cure Amount, such contract party was deemed to have consented to the Trustee's assumption and assignment of their executory contract or unexpired lease and the Trustee's proposed cure amount. Paragraph 6 of the Sale Order provides:

For all other counterparties to executory contracts, unexpired leases and licenses served with the Assumption Motion and the Assumption Notice, the objection deadline has passed. Except to the extent that counterparty has filed an Assumption Objection and appeared at the hearing on the Assumption Motion, all counterparties to executory contracts, unexpired leases and Licenses shall be deemed to have consented to (a) the assumption and assignment of its executory contract or unexpired lease, (b) the assignment of its License, and (c) the proposed "Cure" amount set forth on Exhibit A to the Assumption Motion, and the Assumption Motion is granted as to any party that did not file an Assumption Objection; provided that the Successful Bidder shall have the right to determine which executory contract(s) and unexpired lease(s) shall be (i) assumed and assigned pursuant to Bankruptcy Code § 365 or (ii) rejected pursuant to Bankruptcy Code § 365 up until the closing as set forth in the Successful Bidder APA.

Thus, the Buyer became exclusively responsible for curing any monetary pre-petition and post-petition defaults of any executory contract and lease which it agreed to have assumed and assigned.  Paragraph 12 of the Sale Order provides, in relevant part:

The Successful Bidder shall pay, concurrently with the Closing and as a condition to the Trustee's assumption and assignment thereof (or assignment where applicable with respect to Licenses), all Cure Amounts owing to the counterparties to the Assumed Executory Contracts that are assumed at the Closing…Upon Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested with all right, title and interest of the Estates under the Assumed Executory Contracts, and the Assumed Executory Contracts shall remain in full force and effect for the benefit of the Successful Bidder. Other than with respect to the contracts and leases that are the subject of the Assumption Objections for which adequate assurance of future performance will be addressed at the Assumption Objection Hearing (to the extent that any particular Assumption Objection is not otherwise resolved), the Successful Bidder shall be deemed to have provided adequate assurance of future performance under the Assumed Executory Contracts within the meaning of Section 365 of the Bankruptcy Code.

The Buyer subsequently identified to the Trustee the specific executory contracts and leases which would constitute the Assumed Contracts. On June 25, 2018, the Trustee filed a *Notice pf Rejection of Certain Executory Contracts and Deadline to File Proof of Claim Based On Rejection Of Such Executory Contracts* (the "Notice Of Assumed Contracts") [Docket No. 596] designating those leases and executory contracts which the Buyer agreed to have be assumed and assigned which included the Brandt Agreement (i.e., the contract with C. Hocquel). [See Page 6 of 16 of Docket No. 596]. The Claimant was served with the Notice of Assumed Contracts.

8

**D.      The Administrative Claims Bar Date, The Claim Background, And The Claim.**

The Trustee filed and served the *Notice Of Deadline For Filing Requests For Payment Of Chapter 11 Administrative Claims That Arose Between January 11, 2018 And June 15, 2018* [Docket No. 714] (the "Administrative Claim Bar Date Notice"), setting November 21, 2018 as the bar date for filing chapter 11 administrative claims (the "Bar Date").

On or about October 19, 2018, the Claimant filed its Request for Payment for which it sought payment of the Claim in the sum of $18,000. The Claim was assigned claim number 68-1 by the court clerk. A true and correct copy of the Request for Payment is attached hereto as Exhibit "2". The Claim was signed by Catherine Brandt ("Brandt") as president of the Claimant. Attached to the Claim is a copy of the C. Hocquel/Brandt Order.

## II.     ARGUMENT.

**A.      The Claimant Has the Burden to Prove the Validity of its Administrative Expense Claim.**

The allowance of an administrative expense claim is codified in section 503(b) of the Bankruptcy Code, which states in relevant part:

After notice and a hearing, there shall be allowed administrative expenses . . . including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503 (b)(1)(A).  "The burden of proving an administrative expense claim is on the claimant." *Microsoft Corp. v. DAK Indus. (In re DAK Indus.),* 66 F.3d, 1091,1094 (9th Cir. 1995); *see also Einstein/Noah Bagel Corp. v. Smith* (*In re BCE West LP*), 319 F.3d 1166, 1173 (9th Cir. 2003.  "The administrative expense applicant must prove entitlement to the requested reimbursement by a preponderance of the evidence." *Gull Indus. v. John Mitchell, Inc. (In re Hanna)*, 168 B.R. 386, 388 (9th Cir. BAP 1994).

**B.      The Debtors' Estates Are Not Liable For Payment Of The Claim.**

The Request for Payment was filed by C. Hocquel, not Brandt, because it is the counterparty to the Loan Out Agreement with PGMI from which the Claim arose. The Claim was allowed but the C. Hocquel/Brandt Order which is attached to the Claim provides that "compensation for Catherine

9

Brandt" is allowed as an administrative expense "but is not payable at this time". The fact that the compensation was allowed "for" Catherine Brandt rather than "allowed to" or any similar language provides the flexibility, consistent with the Loan Out Agreement terms, that payment is to be made to C. Hocquel, rather than directly to Brandt. The Cure Amount is the sum of all amounts owed C. Hocquel on account of the Loan Out Agreement, whether arising prepetition, postpetition or both. The Cure Amount necessarily includes the $18,000 due on account of the Claim because while it had been allowed, it was not then payable.

Pursuant to the Sale Order, the Buyer is solely liable for paying the Cure Amount because the Loan Out Agreement was assumed and assigned to it. The Debtors' estates are not liable for payment of the Claim and the Request for Payment should therefore be disallowed.

## III.    RESERVATION OF RIGHTS.

The Trustee has not attempted to raise in this Motion each defense, counterclaim, or setoff that may apply to the Request for Payment or the Claim.  If a response to this Motion is received, the Trustee reserves the right to amend or supplement it, or file additional pleadings to assert any defenses, counterclaims, and/or setoffs. In all instances, the Trustee reserves the right to file future pleadings to challenge the validity, amount, or status of the Request for Payment or the Claim upon different grounds than set forth herein or otherwise.

//
//
//
//
//
//
//
//
//
//

10

1

## IV.    **CONCLUSION.**

2

For the reasons set forth herein, the Trustee respectfully requests that the Court enter an

3

order: (a) granting the Motion; (b) disallowing the Request for Payment of the Claim from the

4

Debtors' estates; and (c) granting such other and further relief as may be appropriate under the

5

circumstances.

6

Dated: October 5, 2021                    LAW OFFICES OF BRADLEY E. BROOK, APC

7

By: *Bradley E. Brook*_____

8

Bradley E. Brook, Esq.
Special counsel for David K. Gottlieb, Chapter 7

9

Trustee of Penthouse Global Media, Inc. and its
affiliated debtor entities

10

11

*Submitted by:*
Linda F. Cantor (CA Bar No. 153762)

12

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor

13

Los Angeles, CA  90067
Telephone: 310/277-6910

14

Facsimile: 310/201-0760
E-mail:  lcantor@pszjlaw.com

15

16

By: */s/ Linda F. Cantor*_____
Linda F. Cantor

17

Counsel for David K. Gottlieb, Chapter 7 Trustee
of Penthouse Global Media, Inc. and its debtor affiliates

18

19

20

21

22

23

24

25

26

27

28

11

### DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1.      I am the duly appointed chapter 7 trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor subsidiaries. I make this Declaration in support of the *Motion Of Trustee For Order Disallowing Request For Payment Of Administrative Claim No. 68-1 filed by C. Hocquel, Inc. In The Sum of $18,000.00* (the "Motion").  All capitalized terms used but not defined in this Declaration have the meanings ascribed to them in the Motion.

2.      Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others under my supervision), my review of the books and records of the Debtors, the Administrative Claims and other pleadings filed in this case, or my opinion based on my experience as a consultant and financial advisor for trustees.  If called upon to testify, I would testify to the facts set forth in this Declaration.

3.      Attached hereto as Exhibit "1" is a true and correct copy of the Application for Compensation.

4.      Attached hereto as Exhibit "2" is a true and correct copy of Claim Number 68-1.

5.      I have reviewed the Request for Payment with persons under my supervision. The Claim upon which the Request for Payment is based arises from the Loan Out Agreement. The Loan Out Agreement was assumed and assigned to the Buyer who is solely responsible for paying the Cure Amount set forth in the Assumption Motion in accordance with the Sale Order. The Cure Amount includes all sums due C. Hocquel, whether they arose prepetition, postpetition or both. The C.Hoquel/Brandt Order provides that while $18,000 was allowed as an administrative claim, it was not payable at that time and the Cure Amount thus includes the sum due on account of the Claim.

6.       The Court docket reflects that no objection to the Cure Amount set forth in the Assumption Motion was filed by the Claimant. As such, I respectfully request the entry of an order granting the Motion and disallowing the Request for Payment of the Claim.

1        I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct. Executed this ___ day of October, 2021 at _ENCINO_ ,

3  California.

4

5                                 _____

6                                    David K. Gottlieb

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| WEISS & SPEES, LLP<br>Michael H. Weiss (SBN 107481)<br>6310 San Vicente Blvd., Suite 401<br>Los Angeles, CA 90048<br>TEl. 424-245-3100<br>FAX 424-217-4160<br>mw@weissandspees.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>IN RE<br>PENTHOUSE GLOBAL MEDIA, INC., a Delaware corporation<br><br><br>Debtor.<br>APPLIES TO ALL DEBTORS ON ATTACHED CAPTION<br><br><br><br>Debtor(s). | CASE NO.: 1:18-bk-10098-MB<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br>APPLIC. FOR ORDER APPROVING COMPENSATION FOR CATHERINE BRANDT, CHIEF OPERATING OFFICER AND KEITH WHITWORTH, CHIEF FINANCIAL OFFICER FOR THE PERIOD JANUARY 11, 2018 TO MARCH 6, 2018 AS AN EXPENSE OF ADMINISTRATION<br><br>*(Specify name of Motion)* |
| | DATE: 05/29/2018<br>TIME:  1:30 pm<br>COURTROOM: 303<br>PLACE: 21041 Burbank Blvd.<br>              Woodland Hills, CA |

1. TO (*specify name*):  The Ch. 11 Trustee, the Office of the U.S. Trustee and all parties in interest

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  04/23/2018

Weiss & Spees, LLP
Printed name of law firm

/S/ Michael H. Weiss
Signature

Michael H. Weiss
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 2                    F 9013-1.1.HEARING.NOTICE

1  Michael H. Weiss (State Bar Number 107481)
   mw@weissandspees.com
2  WEISS & SPEES, LLP
3  6310 San Vicente Blvd, Suite 401
   Los Angeles, CA 90048
4  Telephone: 424-245-3100
   Facsimile: 424-217-4160
5
6  Attorneys for Debtors
   Penthouse Global Media, Inc., et al.

7                  **UNITED STATES BANKRUPTCY COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**
8                   **SAN FERNANDO VALLEY DIVISION**

9  IN RE                                    Case No. 1:18-bk-10098-MB

10      PENTHOUSE GLOBAL MEDIA, INC., a      Chapter 11
        Delaware corporation                Jointly Administered With:
11
                            Debtor.
12                                           Case No. 1:18-bk-10099-MB, Case No. 1:18-bk-
   _____         10101-MB, Case No. 1:18-bk-10102-MB, Case
13 In re:                                    No. 1:18-bk-10103-MB, Case No. 1:18-bk-10104-
      Penthouse Global Broadcasting, Inc., Penthouse   MB, Case No. 1:18-bk-10105-MB, Case No. 1:18-
14    Global Licensing, Inc., Penthouse Global    bk-10106-MB, Case No. 1:18-bk-10107-MB, Case
      Digital, Inc., Penthouse Global Publishing, Inc.   No. 1:18-bk-10108-MB, Case No. 1:18-bk-10109-
15    GMI Online Ventures, Ltd., Penthouse Digital   MB, Case No. 1:18-bk-10110-MB, Case No. 1:18-
      Media Productions, Inc., Tan Door Media, Inc.   bk-10111-MB, Case No. 1:18-bk-10112-MB and
16    Penthouse Images Acquisitions, Ltd., Pure    Case No. 1:18-bk-10113-MB
      Entertainment Telecommunications, Inc.,
17    XVHUB Group, Inc., General Media
      Communications, Inc., General Media        **APPLICATION FOR ORDER APPROVING**
18    Entertainment, Inc., Danni Ashe, Inc.      **COMPENSATION FOR CATHERINE**
      Streamray Studios, Inc.,                   **BRANDT, CHIEF OPERATING OFFICER**
19                                               **AND KEITH WHITWORTH, CHIEF**
                                                 **FINANCIAL OFFICER FOR THE PERIOD**
20    [X] Affects All Debtors                    **JANUARY 11, 2018 TO MARCH 6, 2018 AS**
      ☐ Affects:                                 **AN EXPENSE OF ADMINISTRATION [11**
21    ☐ Affects                                  **U.S.C. § 503(b)(1)(A)(i)]; MEMORANDUM OF**
      ☐ Affects                                  **POINTS AND AUTHORITIES;**
22    ☐ Affects                                  **DECLARATIONS OF CATHERINE BRANDT,**
      ☐ See attached for additional Debtors      **KEITH WHITWORTH AND KELLY**
23                                               **HOLLAND; EXHIBITS**

24
25                                               Hearing:
                                                 Date: May 29, 2018
26                                               Time: 1:30 p.m.
                                                 **Place:** Room 303
27                                                      21041 Burbank Blvd.
                                                        Woodland Hills, CA
28

                                      1

Penthouse Global Media, Inc. ("Debtor") applies for an order authorizing the estate to pay actual and necessary wage compensation as an expense of administration for the services of Catherine Brandt, its Chief Operating Officer ("Brandt") and for the services of Keith Whitworth, its part time Chief Financial Officer ("Whitworth") for the period from the petition date, January 11, 2018 to March 6, 2018 (the "Period") (the "Application").  Debtor seeks authorization to pay $18,000 for Brandt's services and $13,102.62 for Whitworth's. The grounds for the Application are as follows:

**Background**

1.     Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code on January 11, 2018 (the "Petition Date").

2.     The Court entered the Order Approving Joint Administration on January 16, 2018 [Dkt. No. 17] designating the case of *In re Penthouse Global Media, Inc.*, Case No. 1:18-bk-10098 as the Lead Case

3.     By order entered on March 2, 2018, the Court directed the United States Trustee to appoint a chapter 11 trustee in all of the above captioned cases [Dkt. No. 231].

4.     The Debtors remained as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the appointment of David K. Gottlieb as Chapter 11 Trustee on March 6, 2018 [Dkt. No. 236].

5.     The general background of Debtor's business and the decision to file these bankruptcy cases is set forth in detail in the Master Declarations of Kelly Holland and Catherine Brandt filed on January 23, 2018 [Dkt. No. 42].

**The Requested Compensation is an Allowed Administrative Expense as an Actual and Necessary Cost of Preserving the Estate**.

6.     11 U.S.C. § 507 "sets forth 10 categories of claims that are entitled to priority in bankruptcy cases." 4 *Collier on Bankruptcy* ¶507.01, at 507-0 (16th ed. 2017).  Pursuant to section 507(a)(2), administrative expenses allowed under section 503(b) have "priority" over most other claims "when assets of the estate are distributed to creditors." *Hartford Underwriters, Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 5, (2000).

7.     Section 503(b)(1)(A) provides, in pertinent part:

2

(b) After notice and a hearing, there shall be allowed administrative expenses, other than the claims allowed under section 502(f) of this title, including—

    (1)(A) the actual, necessary costs and expenses of preserving the estate including—

        (i) wages, salaries, and commissions for services rendered after the commencement of the case.

8.     To qualify as an administrative expense, a debt must: (1) arise from a transaction with the debtor-in-possession and (2) directly and substantially benefit the estate. See *In re Abercrombie*, 139 F.3d 755, 757 (9th Cir. 1998); *In re DAK Indus., Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995). The terms "actual" and "necessary" are construed narrowly to minimize administrative costs. *In re Dant & Russell, Inc.*, 853 F.2d 700, 705 (9th Cir. 1988). The burden of proving an administrative expense claim is on the claimant. *DAK Indus.*, 66 F.3d at 1094.

**Catherine Brandt's services directly and substantially benefitted the estate.**

9.     Debtor entered into an agreement on September 19, 2017 with C. Hocquel, Inc. ("C. Hocquel") pursuant to which C. Hocquel would provide (loan out) Brandt, its CEO, to perform services. Brandt would assume the title of Debtor's Chief Operating Officer ("COO") (the "Brandt Agreement"). Brandt commenced her duties on September 19, 2017. Declaration of Catherine Brandt ("Brandt Decl."), ¶ 2. Exhibit "1".

10.    As described in the Brandt Agreement and the Notice of Setting Insider Compensation [Dkt No. 75], Brandt's relationship with Debtor was as a "consultant" for whom Debtor was to issue a 1099. Brandt was not an employee of Debtor. Brandt Decl., ¶ 3, Exhibits "1" and "2".

11.    Debtor's Board of Directors never elected Brandt to the position as COO. There was never any consideration given by the Board of Directors about formally electing Brandt as Debtor's COO. From September 19, 2017 to the present time, Brandt's position and relationship with Debtor was as a "consultant", whose services were loaned out to Debtor by C. Hocquel. Declaration of Kelly Holland ("Holland Decl."), ¶ 4.

12.    The Brandt Agreement provides that monthly compensation to C. Hocquel for Brandt's COO services was $15,000. For the period January 11, 2018 to March 6, 2018 C. Hocquel seeks compensation for Brandt's services in the amount of $18,000, as more particularly described in Exhibit

1 "3." Brandt Decl., ¶ 4.

2       13.   Brandt's day to day tasks directly and substantially benefitted Debtor's estate. Those

3 tasks included:

4         • Ongoing budget analysis to keep spending in check and to reduce costs

5           without impairing Debtor's operation and revenues;

6         • Weekly/daily discussions with department managers for Penthouse Global

7           Broadcasting, Inc. and Penthouse Global Publishing, Inc., mainly on their past

8           and forward budgets;

9         • Set monthly and weekly budgets, spending and payments and manage daily

10           cash flow each Penthouse owned company;

11         • Communicate daily with approximately 250 vendors about their payable

12           situation;

13         • Daily supervision of incoming revenues with accounting and interaction with

14           Debtor's European agent for follow up of the approximately 60  customers

15           abroad to manage receipt of timely payments and to resolve late payments;

16         • Business development to seek and build strategic and financial model

17           opportunities for Penthouse licensing.

18 These tasks do not include the many additional duties and tasks that Brandt performed in connection with

19 the bankruptcy case, as more particularly described below.  However, while interacting with all staff of

20 the company for the purpose of the above tasks, no one at the company "reported" to Brandt.  Brandt

21 Decl., ¶ 5.

22       **Keith Whitworth's services directly and substantially benefitted the estate.**

23       14.   Debtor entered into an agreement on November 30, 2017 with Keith Whitworth, C.P.A

24 ("Whitworth") for Whitworth's services as Debtor's "part time CFO" (the "Whitworth Agreement").

25 Whitworth commenced his position as Debtor's part time CFO on January 1, 2018.  Compensation for

26 Whitworth's services was $6,667 per month.  Declaration of Keith Whitworth ("Whitworth Decl."), ¶ 2.

27 Exhibit "4".

28       15.   As described in the Whitworth Agreement and the Notice of Setting Insider

1    Compensation [Dkt No. 77], Whitworth's relationship with Debtor was as "part time CFO" for whom

2    Debtor was to issue a 1099.  Whitworth Decl., ¶ 3, Exhibits "4" and "5".

3        16.    Debtor's Board of Directors never elected Whitworth to the position as CFO.  Whitworth

4    Decl., ¶ 3.  There was never any discussion or consideration given by the Board of Directors about

5    formally electing Whitworth as Debtor's CFO.   Holland Decl., ¶ 5.

6        17.    For the period January 11, 2018 to March 6, 2018 Whitworth seeks wage compensation in

7    the amount of $13,102.62, as more particularly described in Exhibit "6".  Whitworth Decl., ¶ 4.

8        18.    Whitworth's day to day tasks directly and substantially benefitted Debtor's estate.  They

9    included:

10       • Finance, accounting, and treasury functions;

11       • Strategic planning and execution with knowledge of contracts, and negotiations;

12       • Create, coordinate, and evaluate the financial programs and supporting information

13         systems;

14       • Ensure compliance with local, state, and federal reporting requirements;

15       • Oversee revenue, expenditure, control documents, budgets, salaries, ledgers, account

16         maintenance and data entry;

17       • Preparation of financial statements, reports, and special analysis;

18       • Develop and implement finance, accounting, billing, and auditing procedures;

19       • Establish and maintain internal control safeguards;

20       • Interact with Senior Staff;

21       • Ensure compliance with generally accepted accounting principles (GAAP);

22       • Manage, account and budget for - gross revenues, and expenditures;

23       • Represented the company in government and internal audits;

24       • Develop and revise corporate-wide accounting, cost control measures and financial

25         policies;

26       • Develop computerized budgeting system;

27       • Negotiated with lending institutions to finance / refinance of debt;

28       • Performed and coordinated with due diligence teams.

These tasks do not include the many additional duties and tasks that Whitworth performed in connection with the bankruptcy case, as more particularly described below.  Whitworth Decl., ¶ 5.

**Neither Brandt Nor Whitworth Are "Officers" of Debtor Under Delaware Law.**

19.    In its Schedules Debtor identified Brandt and Whitworth as "Insiders" based on their titles as COO and CFO, respectively.  Based on their titles, Debtor also filed a Notice of Setting Insider Compensation for each [Dkt. Nos. 75 and 77, respectively], which were withdrawn.  Holland Decl., ¶ 6.

20.    The Bankruptcy Code's definition of insider varies based on the type of debtor and includes different individuals who are insiders depending on whether the debtor is a person, corporation, partnership, or municipality. § 101(31).  *Gladstone v. Schaefer (In re UC Lofts On 4th, LLC)*, 2015 Bankr. LEXIS 3009, *57 (BAP 9th Cir. 2015).

21.    Section 101(31)(B)(ii) defines an "insider" of a debtor that is a corporation as including an "officer" of the debtor."  To be a "statutory insider," one must fall within one of the categories listed in 11 U.S.C. § 101(31).  *U.S. Bank N.A. v. Vill. at Lakeridge, LLC (In re Vill. at Lakeridge, LLC)*, 814 F.3d 993, 996 (9th Cir. 2016).  The term "officer" is not defined by the Bankruptcy Code.  *In re Borders Group, Inc.*, 453 B.R. 459, 468 (Bank. S.D. N.Y. 2011).  An individual's title, by itself, is insufficient to establish that an individual is a director or officer.  *Id.*, 453 B.R. at 469, citing, *In re Longview Aluminum, LLC*, 419 B.R. 351, 355 (Bankr. N.D. Ill. 2009); *NMI Sys. V. Pillard (In re NMI Sys.)*, 179 B.R. 357, 370. (Bankr. D.D.C. 1995).

> "When making the threshold determination of whether a titled position fits the legal definition of officer, other features of that position, such as its range of corporate duties and responsibilities, are less relevant. Most relevant is board appointment or election; if that feature is present, as it is here, the titled position ordinarily is an "officer" position as a matter of law."

*Office of the U.S. Trustee v. Fieldstone Mortg. Co.*, 2008 U.S. Dist. LEXIS 91479, *11-14 (D. MD. 2008).

22.    Debtor is a Delaware corporation.  Holland Decl., ¶ 2. Under the Delaware Corporations Code: "Officers shall be chosen in such manner and shall hold their offices for such terms as are prescribed by the bylaws or determined by the board of directors or other governing body."  8 Del. C. § 142.

23.   Debtor's Bylaws provide:

**4.1 Election of Officers; Terms**:  The officers of the Corporation shall consist of a President, a Secretary and a Treasurer. Other Officers, including a Chairman of the Board, Chief Executive Officer, Chief Operating Officer, one or more Vice Presidents, and assistant and subordinate Officers, may from time to time be elected by the Board. All Officers shall hold offices until the next annual meeting of the Board and until their successors are elected.

Holland Decl., ¶ 3, Exhibit "7".

24.   The Board of Directors never elected Brandt or Whitworth as officers.  Thus, under Debtor's Bylaws and 8 Del. C. § 142, neither was an "Officer" of Debtor.   Holland Decl., ¶ 6.

**The Requested Wage Compensation Is an Actual and Necessary Cost that Directly and Substantially Benefitted the Estate**.

25.   In addition to the described above day to day tasks that Brandt and Whitworth each performed for Debtor in the normal course of their duties, each performed substantial and important additional duties required by Debtor's bankruptcy filing.

26.   Soon after it filed its Petition, Debtor filed a Motion for an Order Approving that Certain Trademark, Trade-Name and Copyright Agreement (the "License Agreement") by between Debtor, as Licensor, and Androcles Entertainment PTY LTD ("Androcles"), as licensee out of the ordinary course of business pursuant to 11 U.S.C. § 363(b)[Dkt. No. 70](the "License Motion").  The License Motion was amended several times to reflect changes to the License Agreement.  The License Motion was not successful but had it been, the benefit to the Debtor would have been significant.  It would have provided $1,000,000 of working capital to Debtor over the next four months and allowed Debtor breathing room necessary to propose a plan of reorganization. The License Agreement would have been a bridge to an initial coin offering ("ICO") to be sponsored by Androcles. If the ICO was successful, Debtor stood to earn at least another $1,000,000 and perhaps significantly more from the offering. The License Agreement required no further expenditure of capital or would not have interfered with Debtor's current licensing activities.  The court conducted extensive hearings on the License Motion over multiple days. Brandt and Whitworth provided declarations and extensive testimony at the hearings.  Brandt Decl., ¶ 6; Whitworth Decl., ¶ 6.

27.   The Debtor also moved for an Order Authorizing the Use of Cash Collateral and for

27.     The Debtor also moved for an Order Authorizing the Use of Cash Collateral and for Adequate Protection [Dkt. No. 71] (the "Cash Collateral Motion").  Brandt and Whitworth provided declarations and extensive testimony at the hearings on the Cash Collateral Motion. Brandt Decl., ¶ 7; Whitworth Decl., ¶ 7.

28.     I addition, Brandt and Whitworth provided information necessary to complete the submissions required by the Office of the United States Trustee and the Debtor's Schedules and Statement of Financial Affairs.[1]  Brandt Decl., ¶ 8; Whitworth Decl., ¶ 8.

29.     The efforts of Brandt and Whitworth during the Period significantly helped Debtor would to continue to operate its business and to maintain the value of its brand and intellectual property. Holland Decl., ¶ 7.

**Conclusion**

For the reasons set forth above, Debtor requests entry of an order authorizing it to pay wage compensation for the services of Catherine Brandt and Keith Whitworth for the period January 11, 2018 to March 6, 2018 as an expense of administration pursuant to 11 U.S.C. §§ 503(b)(1)(A)(i) and 507(a)(2).

Dated:  April 23, 2018

WEISS & SPEES, LLP

/S/ Michael H. Weiss
Michael H. Weiss
Attorneys for Debtors Penthouse Global
Media, Inc. et al.

---

[1]     Their assistance was also required to complete the OUST submissions, Schedules and SOFAs for the other 11 Debtors whose cases are jointly administered with that of Debtor.

# DECLARATION OF CATHERINE BRANDT

I, CATHERINE BRANDT, declare as follows:

1.     I am the chief Operating Officer of debtor Penthouse Global Media, Inc.  Unless stated otherwise, all capitalized terms used herein have the same definition ascribed to them in the Application. I have personal knowledge of the facts set forth herein and would competently testify thereto.

2.     I am the CEO of C.Hocquel, Inc.  Debtor entered into an agreement on September 19, 2017 with C.Hocquel, Inc. (the "Brandt Agreement").  Pursuant to the Brandt Agreement C.Hocquel "loaned out" my services to Debtor where I would assume the title of Debtor's Chief Operating Officer COO.  I commenced my duties as Debtor's COO on September 19, 2017. A true and correct copy of the Brandt Agreement is attached as Exhibit "1".

3.     As described in the Agreement and the Notice of Setting Insider Compensation [Dkt No. 75], my relationship with Debtor was as a "consultant" to whom Debtor was to issue a 1099, not a W-2. I was not an employee of Debtor.  I was never elected as an officer of Debtor by its Board of Directors. A true and correct copy of the Notice of Setting Insider Compensation is attached as Exhibit "2".

4.     The Brandt Agreement provides that monthly compensation to C.Hocquel for my COO services was $15,000.  For the period 1/11/18—3/6/18 C.Hocquel seeks wages for my services in the amount of $18,000, as more particularly described in Exhibit "3".

5.     My day to day tasks directly and substantially benefitted Debtor's estate during the Period.  Those tasks included:

- Ongoing budget analysis to keep spending in check and to reduce costs without impairing Debtor's operation and revenues;

- Weekly/daily discussions with department managers for Penthouse Global Broadcasting, Inc. and Penthouse Global Publishing, Inc., mainly on their past and forward budgets;

- Set monthly and weekly budgets, spending and payments and manage daily cash flow each Penthouse owned company;

- Communicate daily with approximately 250 vendors about their payable situation;

- Daily supervision of incoming revenues with accounting and interaction with Debtor's European agent for follow up of the approximately 60 customers abroad to manage receipt of timely payments and to resolve late payments;

- Business development to seek and build strategic and financial model opportunities for Penthouse licensing.

These tasks do not include the many additional duties and tasks that I performed in connection with the bankruptcy case, as described below. However, while interacting with all staff of the company for the purpose of the above tasks, no one at the company "reported" to me.

6.     Soon after filing its Petition, Debtor filed the License Motion. The License Motion was amended several times to reflect changes to the License Agreement. The License Motion was not successful but had it been, the benefit to the Debtor would have been significant. If approved, it would have provided $1,000,000 of working capital to Debtor over the next four months and allowed Debtor breathing room necessary to propose a plan of reorganization. The License Agreement would have been a bridge to an ICO to be sponsored by Androcles. If the ICO was successful, Debtor stood to earn at least another $1,000,000 and perhaps significantly more from the offering. It required no further expenditure of capital or would not have interfered with Debtor's current licensing activities. The court conducted hearings on the License Motion over multiple days. I provided declarations and extensive testimony at the hearings.

7.     The Debtor also filed a Cash Collateral Motion. I provided declarations and extensive testimony at the many hearings on the Cash Collateral Motion.

8.     I also provided detailed information necessary to complete the submissions required by the Office of the United States Trustee and the Debtor's Schedules and Statement of Financial Affairs not only for Penthouse Global Media, Inc. but for the 11 other debtors whose Petitions were also filed on January 11, 2018 and which are jointly administered with this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true

/ / /

/ / /

/ / /

1 | and correct and that this declaration was executed on this 12 day of April 2018 at Chatsworth,

2 | California.

CATHERINE BRANDT

# DECLARATION OF KEITH WHITWORTH

I, KEITH WHITWORTH, declare as follows:

1.      I am an individual and the Chief Financial Officer of Penthouse Global Media, Inc. Unless stated otherwise, all capitalized terms used herein have the same definition ascribed to them in the Application.  I have personal knowledge of the facts set forth herein and would competently testify thereto.

2.      I am a Certified Public Accountant.  Debtor entered into an agreement on November 30, 2017 with me for my services as Debtor's "part time CFO" (the "Whitworth Agreement").   Under the Whitworth Agreement I was to commence my position as Debtor's part time CFO on January 1, 2018. Compensation for my services was $6,667 per month.  I was never elected as an officer of Debtor by its Board of Directors.  A true and correct copy of the Whitworth Agreement is attached hereto as Exhibit "3".

3.      As described in the Whitworth Agreement and the Notice of Setting Insider Compensation [Dkt No. 77], my relationship with Debtor was as "part time CFO" to whom Debtor would issue a 1099. A true and correct copy of the Notice of Setting Insider Compensation [Dkt No. 77] is attached as Exhibit "4".

4.      For the period 1/11/18 to 3/6/18. I am seeking wages in the amount of $13,102.62, as more particularly described in Exhibit "5".

5.      My day to day tasks during the Period directly and substantially benefitted Debtor's estate.  Those tasks included:

- Finance, accounting, and treasury functions;
- Strategic planning and execution with knowledge of contracts, and negotiations;
- Create, coordinate, and evaluate the financial programs and supporting information systems;
- Ensure compliance with local, state, and federal reporting requirements;
- Oversee revenue, expenditure, control documents, budgets, salaries, ledgers, account maintenance and data entry;
- Preparation of financial statements, reports, and special analysis;

- Develop and implement finance, accounting, billing, and auditing procedures;

- Establish and maintain internal control safeguards;

- Interact with Senior Staff;

- Ensure compliance with generally accepted accounting principles (GAAP);

- Manage, account and budget for - gross revenues, and expenditures;

- Represented the company in government and internal audits;

- Develop and revise corporate-wide accounting, cost control measures and financial policies;

- Develop computerized budgeting system;

- Negotiated with lending institutions to finance / refinance of debt;

- Performed and coordinated with due diligence teams.

These tasks do not include the many additional duties and tasks that I performed in connection with the bankruptcy case, described below.

6.     Soon after filing its Petition, Debtor filed the License Motion. The License Motion was amended several times to reflect changes to the License Agreement. The License Motion was not successful but had it been, the benefit to the Debtor would have been significant. If approved, it would have provided $1,000,000 of working capital to Debtor over the next four months and allowed Debtor breathing room necessary to propose a plan of reorganization. The License Agreement would have been a bridge to an ICO to be sponsored by Androcles. If the ICO was successful, Debtor stood to earn at least another $1,000,000 and perhaps significantly more from the offering. It required no further expenditure of capital or would not have interfered with Debtor's current licensing activities. The court conducted hearings on the License Motion over multiple days. I provided declarations and extensive testimony at the hearings.

7.     The Debtor also filed a Cash Collateral Motion. I provided declarations and extensive testimony at the many hearings on the Cash Collateral Motion.

8.     I also provided detailed information necessary to complete the submissions required by the Office of the United States Trustee and the Debtor's Schedules and Statement of Financial Affairs not only for Penthouse Global Media, Inc. but for the 11 other debtors whose Petitions were also filed on

January 11, 2018 and which are jointly administered with this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this _30_ day of April 2018 at Chatsworth, California.

KEITH WHITWORTH

## DECLARATION OF KELLY HOLLAND

I, KELLY HOLLAND, declare as follows:

1.     I am the Chief Executive Officer of debtor Penthouse Global Media, Inc.  Unless stated otherwise, all capitalized terms used herein have the same definition ascribed to them in the Application. I have personal knowledge of the facts set forth herein and would competently testify thereto.

2.     I own 100% of the shares of Debtor.  The members of the Board of Directors are Robert Campbell and me.  Debtor is a corporation organized and existing under the laws of the State of Delaware.

3.     Debtor's Bylaws provide:

> **ARTICLE IV. OFFICERS**
>
> **3.1 Election of Officers; Terms**:  The officers of the Corporation shall consist of a President, a Secretary and a Treasurer. Other Officers, including a Chairman of the Board, Chief Executive Officer, Chief Operating Officer, one or more Vice Presidents, and assistant and subordinate Officers, may from time to time be elected by the Board.  All Officers shall hold offices until the next annual meeting of the Board and until their successors are elected.

A true and correct copy of Article IV of the Debtor's Bylaws is attached as Exhibit "7".

4.     Debtor's Board of Directors never elected Brandt to the position as COO.  There was never any consideration given by the Board of Directors about electing Brandt as Debtor's COO.  For the period September 19, 2017 to the present time, Brandt's position and relationship with Debtor was as a "consultant", whose services were loaned out to Debtor by C. Hocquel.  No one at the company "reported" to Brandt.

5.     Debtor's Board of Directors never elected Whitworth to the position as CFO.  There was never any consideration given by the Board of Directors about electing Whitworth as Debtor's CFO.

6.     Because the Board of Directors never elected Brandt or Whitworth as officers, under Debtor's Bylaws and 8 Del. C. § 142, neither was an "Officer" of Debtor.  In its Schedules Debtor identified Brandt and Whitworth as "Insiders" based on their titles as COO and CFO, respectively.

15

1    Likewise, based on their titles, Debtor also filed a Notice of Setting Insider Compensation for each [Dkt.

2    Nos. 75 and 77, respectively], which were withdrawn.

3          7.     Without the efforts of Brandt and Whitworth during the Period, Debtor would have been

4    considerably hindered in its ability to continue to operate its business and to maintain the value of its

5    brand and intellectual property. Their efforts significantly aided Debtor in fulfilling its obligations to

6    complete the OUST submissions and to prepare the Schedules and SOFA for Debtor and the other 11

7    affiliated Debtors. Compensation for the work performed by Brandt and Whitworth during the Period is

8    an actual and necessary cost of preserving the estate.

9          I declare under penalty of perjury under the laws of the United States that the foregoing is true

10    and correct and that this declaration was executed on this 20 day of April 2018 at Chatsworth,

11    California.

12

13                           KELLY HOLLAND

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



**Penthouse Global Media Inc.**

September 19th 2017

Catherine Brandt, CEO

C.HOCQUEL Inc.,

8310 Jayseel Street

Sunland, CA 91040

Dear Catherine,

We are pleased to submit this engagement letter for you to join Penthouse Global Media Inc. on September 19 2017, acting as PMGI. Inc. COO.

C.Hocquel Inc. represented by Catherine Brandt its CEO, will be in charge of running PGMI operations in its offices located 8944 Mason Avenue, Chatsworth, CA 91311. The assignment will consist in resetting the whole accounting department and processes, developing the strategic plan and financial forecast and run daily operations in supporting the CEO and implement the necessary action to support the growth of the company revenues and improve its margins.

Professional fees for this engagement will be $ 15,000 per month. These fees are in consideration for your time and expertise, professional services rendered, the nature and value of the advice and deliverables provided, and the value of the intellectual property conferred to you through this engagement.

Unpaid invoices shall accrue a late fee of 1.5% per month calculated retroactively to the original due date. We attest that the company has sufficient liquid assets available to pay for the total engagement cost of $180,000 per year and that the company will set aside funds so project invoices will be paid promptly when due.

This Agreement shall commence on September 19th 2017 and remain in effect for a term of three (3) years and shall continue thereafter until terminated in accordance with this paragraph. This Agreement shall terminate on the last day of any month occurring if PGMI elects to terminate this Agreement and gives at least one hundred eighty (180) days prior written notice of such termination, specifying the date of such termination. All accrued but unpaid fees, and all incurred but unreimbursed expenses, due to C.Hocquel Inc. but outstanding as of the termination date shall be paid in full by PGMI on such date. Would PGMI decide to terminate C.Hocquel Inc. responsibility and agreement within a shorter period of time than the 180 days stated above, that it will have to compensate financially C.Hocquel for the same exact number of days adding up the 180 days from termination date in retrieving the amount of days of activity which will be paid after the termination date.

8944 Mason Avenue, Chatsworth, CA 91311, 310-280-1950, www.penthouse.com

**2**



## PENTHOUSE
### Penthouse Global Media Inc.

Out of pocket expenses will be billed at cost. You will confer with us and obtain our consent before incurring any expenses above $ 2000. You may request reimbursement for major expenses at any time.

This engagement will begin on February 19th 2017.

We are looking forward to welcome you in our management team,

Best Regards,

Kelly Holland CEO

_____

September 19th 2017

C.Hocquel Inc.,

Catherine Brandt, CEO

September 19th 2017

# EXHIBIT 2

**4**

| WEISS & SPEES LLP<br>Michael H. Weiss (SBN 107481)<br>mw@weissandspees.com<br>Laura J. Meltzer (SBN 151889)<br>1925 Century Park East, Suite 650<br>Los Angeles, California 90067<br>Telephone: 424-245-3100<br>Facsimile: 424-217-4160<br><br>[Proposed] Attorneys for Debtors and Debtors<br>in Possession | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
| In re:<br>Penthouse Global Media, Inc.,  Debtor<br>See attached sheet for related cases | Chapter 11 case No.<br>1:18-bk-10098-MB |
| NOTICE OF SETTING INSIDER<br>COMPENSATION | |

| | |
|---|---|
| 1.  Name of Insider: | C.HOCQUEL Inc. / Catherine Brandt |
| 2.  Relationship to Debtor | Consultant / PGMI COO |
| 3.  Date when relationship with Debtor commenced: | Consultant: April 2017<br>COO: September 19, 2017 |
| 4.  Position Title: | COO |
| 5.  Position Description: | Manage and supervise daily operation in relation with customers and vendors for the 5 companies. Manage cash flow on daily bases with accounting team. In charge with CEO of Business Development. Manage the relationships with Vendors with CEO. |
| 6.  Assigned Duties: | |
| 7.  Date employed in current position: | September 19, 2017 |
| 8.  If previously employed with Debtor in the past two years in a different position, state position(s) and dates): | Consultant in Business Development. April to September 2017. |
| 9.  Number of hours worked per week: | 60 |
| 10.  Total amount of compensation and payment interval: | Contractually $15,000 per month compensation in consulting fees since September 19, 2017 paid biweekly. |
| 11.  Breakdown of compensation (specify amount and payment interval). | Have agreed to a lower amount with accruing payable until company re-emerge from cash crunch. (paid $ 5000 every other week to support company from September to December 2017. Last paid $ 7000 on January 10th, 2018. |
| Salary: | |
| Perquisites (total detail below) | |
| Car Allowance | n/a |
| Medical Insurance: | n/a |
| Life Insurance: | n/a |

5

| | |
|---|---|
| Business Expenses: | n/a |
| Other (Specify): | n/a |
| 12. Identify the source of funds to be used to pay No. 10: | PGMI |
| 13. Date and amount of last increase in compensation: | None |
| 14. Identify any creditor that asserts a security interest (whether or not Debtor disputes the validity thereof) the receipts generated by the operation of the Debtor's business and the amount of its claim: | Possibly Dream media Inc |
| 15. Specify all compensation, perquisites, loans, benefits etc. received by insider from the Debtor during the twelve month period immediately preceding the Chapter 11 petition (Attach W-2, 1'099, Individual Payroll Cards and related forms): | 1099 have not been emitted for 2017 yet. |
| Compensation | 4/21: $ 2440<br>5/15: $ 5000<br>06/22: $ 3500<br>07/21: $ 2500<br>07/28: $ 2500<br>08/30: $ 2500<br>09/08: $ 2500<br>TOTAL compensation Consultant: $20 940<br>10/11: $ 5000<br>10/13: $ 5000<br>11/2 : $ 5000<br>11/22: $ 5000<br>12/04: $ 5000<br>12/15 : $ 5000<br>12/29 : $ 5000<br>01/10 : $ 7000<br>Total compensations as COO: $ 42 000 |
| Loans: | N/A |
| Perquisites (specify): | N/A |

I declare under penalty of perjury that the answers in the foregoing Notice are true and correct.

Dated:  January 23, 2018

Catherine BRANDT

Print Name and Title of Authorized Agent for Debtor          Signature of Authorized Agent for Debtor

Attach proof of service on Creditors' Committee or the Twenty Largest if committee has been appointed and to any secured creditors that claim an interest in cash collateral.

# EXHIBIT 3

**C.HOCQUEL Inc.**

8310 Jayseel Street ,Sunland CA 91040 - U.S.A

Phone : 1 203 536 4995 -  Email: catharinahbrandt@gmail.com

EIN : 22-3450008

INVOICE #: Recapitulatif Post-petition  Jan 12 -March6 2018            March 28th 2018

TO: Penthouse Global Media Inc

8944 Mason Av, Chatsworth, CA 91311

| #units | date | MATERIAL | PRICE UNIT | TOTAL | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| | | consulting | | $6,000 | Professional services Jan 12 -Jan 31 |
| | | | | $10,000 | Professional services Feb 1 - Feb 20 |
| | | | | $2,000 | Professional services March1 -March 6 |
| | | | | $0 | |
| | | | | $0 | |
| | | | | $0 | |
| | | | | $0 | |
| | | | | $0 | |
| | | | | $0 | |
| | | | | $0 | |
| | | | | $0 | |
| | | | | $0 | |
| | | | TOTAL | $18,000 | |

Wire to :

Bankwell

208 Elm street  New Canaan , CT 06840

ABA /Routing: 021113682

Beneficiary:

C.HOCQUEL INC.

Beneficiary Account:0002257612

# EXHIBIT 4





Penthouse Global Media Inc.

November 30, 2017

Keith Whitworth, CPA
595 Lincoln Ave. Suite 206
Pasadena, Ca. 91103

Dear Keith,

We are pleased to submit this engagement letter for you to join Penthouse Global Media
Inc. on January 1 2018, acting as PGMI, Inc.'s part-time CFO.

Keith L. Whitworth, CPA, will be in charge of running part-time PGMI's daily
administrative operations in its offices located 8944 Mason Avenue, Chatsworth, CA
91311. The assignment will consist in resetting the whole accounting department and
processes, developing the strategic plan and financial forecast and run daily
administrative operations in supporting the CEO and implement the necessary action to
support the growth of the company revenues and improve its margins.

Professional fees for this engagement will be $ 6,667 per month. These fees are in
consideration for your time and expertise, professional services rendered, the nature
and value of the advice and deliverables provided, and the value of the intellectual
property conferred to you through this engagement.

Unpaid invoices shall accrue a late fee of 1.5% per month calculated retroactively to the
original due date.

This Agreement shall commence on January 1, 2018 and remain in effect for a term of
three (3) years and shall continue thereafter until terminated in accordance with this
paragraph. This Agreement shall terminate on the last day of any month occurring if
PGMI elects to terminate this Agreement and gives at least one hundred eighty (180)
days prior written notice of such termination, specifying the date of such termination.
All accrued but unpaid fees, and all incurred but unreimbursed expenses, due to Keith
L Whitworth CPA but outstanding as of the termination date shall be paid in full by
PGMI on such date. Would PGMI decide to terminate Keith L. Whitworth CPA
responsibility and agreement within a shorter period of time than the 180 days stated
above, that it will have to compensate financially Keith L. Whitworth for the same exact
number of days adding up the 180 days from termination date in retrieving the amount
of days of activity which will be paid after the termination date.

Out of pocket expenses will be billed at cost. You will confer with us and obtain our
consent before incurring any expenses above $2,000. You may request reimbursement
for major expenses at any time.

8944 Mason Avenue, Chatsworth, CA 91311, 310-280-1950, www.penthouse.com

**10**



**Penthouse Global Media Inc.**

This engagement will begin on January 1, 2018.

We are looking forward to welcome you in our management team.

Best Regards,


Kelly Holland CEO


November 30, 2017


Keith L. Whitworth, CPA


November 30, 2017


Kelly Holland, CEO
PENTHOUSE GLOBAL MEDIA, INC.


8944 Mason Avenue, Chatsworth, CA 91311, 310-280-1950, www.penthouse.com

**11**

# EXHIBIT 5

| WEISS & SPEES LLP | |
| Michael H. Weiss (SBN 107481) | |
| mw@weissandspees.com | |
| Laura J. Meltzer (SBN 151889) | |
| 1925 Century Park East, Suite 650 | |
| Los Angeles, California 90067 | |
| Telephone: 424-245-3100 | |
| Facsimile: 424-217-4160 | |
| | |
| [Proposed] Attorneys for Debtors and Debtors in Possession | |

| UNITED STATES BANKRUPTCY COURT | |
| CENTRAL DISTRICT OF CALIFORNIA | |
| In re: | Chapter 11 case No. |
| Penthouse Global Media, Inc., Debtor | 1:18-bk-10098-MB |
| See attached sheet for related cases | |
| NOTICE OF SETTING INSIDER COMPENSATION | |

| 1. Name of Insider: | Keith L. Whitworth, CPA |
| 2. Relationships to Debtor | Pre-2018 Consultant / CPA; post 2018 CFO |
| 3. Date when relationship with Debtor commenced: | Spring of 2016 |
| 4. Position Title: | 2016 to 2017 Consultant; 2018 Acting CFO |
| 5. Position Description: | 2018 Working with Internal Accounting / Senior Staff, Outside Investors / Debtors and Attorneys |
| 6. Assigned Duties: | Finance and Accounting Duties |
| 7. Date employed in current position: | 1/1/2018 |
| 8. If previously employed with Debtor in the past two years in a different position, state position(s) and dates): | Consultant / CPA in original acquisition 2016 to 2017 worked as needed |
| 9. Number of hours worked per week: | 2016 to 2017 as needed 2018 minimum of 40 hours per week |
| 10. Total amount of compensation and payment interval: | 2017 $10,000 as a consultant (As Billed) 2018 $0 monthly as CFO (Not paid yet) |
| 11. Breakdown of compensation (specify amount and payment interval). | 2017 (4) payments of $2,500 for a total of $10,000 2018 None (Stop payment on check $3,333) s/b paid twice per month $3,333 pre-payment |
| Salary: | None (Contracted for $80,000 per year to be paid twice per month at $3,333 per) |

| | |
|---|---|
| Perquisites (total detail below) | |
| Car Allowance: | None |
| Medical Insurance: | None |
| Life Insurance: | None |
| Business Expenses: | None |
| Other (Specify): | Reimbursements of Costs incurred for PGMI |
| 12. Identify the source of funds to be used to pay No. 10: | Penthouse Global Media, Inc ("PGMI") |
| 13. Date and amount of last increase in compensation: | None |
| 14. Identify any creditor that asserts a security interest (whether or not Debtor disputes the validity thereof) the receipts generated by the operation of the Debtor's business and the amount of its claim: | Not known, possible Dream Media |
| 15. Specify all compensation, perquisites, loans, benefits etc. received by insider from the Debtor during the twelve month period immediately preceding the Chapter 11 petition (Attach W-2, 1099, Individual Payroll Cards and related forms): | Compensation: 2017 (1099) $10,000 Consultant |
| Compensation | 2017 $10,000 |
| Loans: | None |
| Perquisites (specify): | None |

I declare under penalty of perjury that the answers in the foregoing Notice are true and correct.

Dated: January 26, 2018

*KEITH WHITWORTH, CFO*
Print Name and Title of Authorized Agent for Debtor

Signature of Authorized Agent for Debtor

> Attach proof of service on Creditors' Committee or the Twenty Largest if committee has been appointed and to any secured creditors that claim an interest in cash collateral.
> If this notice pertains to setting compensation, it must be filed and served fifteen days before any part payout of compensation, although compensation may accrue during this period.
> If this notice pertains to an increase in compensation, it must be filed and served thirty days before the date when the proposed increase takes effect.

# EXHIBIT 6

$80,000 per year.  ($6,667 per month or $1,667 per week)

Equates to 7 weeks 6 days (86% of a week)

$13,102.62 ($1,667 times 7.86 weeks) for 1/11 to 3/6.

# EXHIBIT 7

**17**

of the Board. A committee may be authorized to exercise the authority of the Board, except that a committee may not do the following:

a) Authorize distributions
b) Fill vacancies on the Board
c) Amend the Corporation's Articles of Incorporation
d) Adopt, amend, or repeal these Bylaws
e) Approve a plan of a merger not requiring Shareholder approval
f) Authorize or approve issuance or reacquisition of shares, except according to a method already prescribed by the Board

**3.12 Informal Action by Directors:** Unless otherwise provided by law, any action required to be taken at a meeting of Directors, or other action which may be taken at a meeting of the Directors, may be taken without a meeting if the Directors give unanimous written consent setting forth the action to be taken and signed by all Directors entitled to vote on the action.

## ARTICLE IV. OFFICERS

**4.1 Election of Officers; Terms:** The Officers of the Corporation shall consist of a President, a Secretary, and a Treasurer. Other Officers, including a Chairman of the Board, Chief Executive Officer, Chief Operating Officer, one or more Vice Presidents, and assistant and subordinate Officers, may from time to time be elected by the Board. All Officers shall hold offices until the next annual meeting of the Board and until their successors are elected. Unless prohibited by State law, any two or more offices may be combined in the same person as the Board may determine.

**4.2 Removal of Officers; Vacancies:** Any Officer of the Corporation may be removed summarily with or without cause, at any time, by the Board. Vacancies may be filled by the Board.

**4.3 Resignations:** Any Officer may resign at any time by delivering notice to the Corporation that complies with State law. The resignation shall be effective when the notice is delivered, unless the notice specifies a later effective date and the Corporation accepts the later effective date.

**4.4 Duties:** The Officers of the Corporation shall have such duties as generally pertain to their respective offices as well as such powers and duties as are prescribed by law or are hereinafter provided or as shall be conferred by the Board.

**4.4.1 Duties of the President:** Unless otherwise defined by the Board, the President shall be the Chief Executive Officer of the Corporation and shall be primarily responsible for the implementation of policies of the Board and shall have authority over the general management and direction of the business and operations of the Corporation and its divisions, if any, subject only to the ultimate authority of the Board. In the absence of the Chairman and the Vice Chairman of the Board, or if there are no such Officers, the President shall preside at all corporate meetings. The President may sign and execute, in the name of the Corporation, share certificates, deeds, mortgages, bonds, contracts, or other instruments, except in cases where the signing and the execution thereof shall be expressly delegated by the Board or by these Bylaws to some other Officer or agent of the Corporation or shall be required by law otherwise to be signed or executed. In addition, the President shall perform all duties incident to the office of the President and such other duties as may be assigned by the Board.

Page 4 of 7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6310 San Vicente Blvd., Suite 401, Los Angeles, CA 90048

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
 APPROVING COMPENSATION FOR CATHERINE BRANDT, COO AND KEITH WHITWORTH, CFO FOR THE
 PERIOD JANUARY 11, 2018 TO MARCH 6, 2018 AS AN EXPENSE OF ADMINISTRATION
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
04/23/2018   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 04/23/2018   , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash, U.S. Bankruptcy Court, 21041 Burbank Boulevard, Courtroom 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/23/2018 | Laura J. Meltzer | /S/ Laura J. Meltzer |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 3                          **F 9013-1.1.HEARING.NOTICE**

**ECF 4.23.18**

Ron Bender    rb@lnbyb.com
Linda F Cantor    lcantor@pszjlaw.com, lcantor@pszjlaw.com
Russell Clementson    russell.clementson@usdoj.gov
Brian L Davidoff    bdavidoff@greenbergglusker.com,
calendar@greenbergglusker.com;jking@greenbergglusker.com
James A Dumas    jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
Jeffrey K Garfinkle    jgarfinkle@buchalter.com,
docket@buchalter.com;dcyrankowski@buchalter.com
Allan B Gelbard    xxxesq@aol.com, Allan@GelbardLaw.com
David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com
Mirco J Haag    mhaag@buchalter.com, dcyrankowski@buchalter.com
Mark S Horoupian    mhoroupian@sulmeyerlaw.com,
ppenn@sulmeyerlaw.com;mhoroupian@ecf.inforuptcy.com;dperez@sulmeyerlaw.com;ppenn
@ecf.inforuptcy.com
Peter W Lianides    plianides@wcghlaw.com, pj@wcghlaw.com;sly@wcghlaw.com
David W. Meadows    david@davidwmeadowslaw.com
Krikor J Meshefejian    kjm@lnbrb.com
Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mbnlawyers.com
Iain A W Nasatir    inasatir@pszjlaw.com, jwashington@pszjlaw.com
Hamid R Rafatjoo    hrafatjoo@raineslaw.com,
bclark@raineslaw.com;cwilliams@raineslaw.com
S Margaux Ross    margaux.ross@usdoj.gov
Michael St James    ecf@stjames-law.com
Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Michael H Weiss    mw@weissandspees.com, lm@weissandspees.com
Michael H Weiss    lm@weissandspees.com, lm@weissandspees.com
Marc J Winthrop    mwinthrop@wcghlaw.com, pj@wcghlaw.com;sly@wcghlaw.com
Christopher K.S. Wong    christopher.wong@arentfox.com
Beth Ann R Young    bry@lnbyb.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION | REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM | Administrative Expense Claims Bar Date<br>October 22, 2018 |
|---|---|---|

USE OF THIS FORM IS VOLUNTARY - NOT MANDATORY - NO REPRESENTATION AS TO THE ADEQUACY OF THIS FORM IS MADE – THIS FORM MAY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE BELOW DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS ARISING ON OR AFTER JANUARY 11, 2018.

In re: PENTHOUSE GLOBAL MEDIA, INC. Debtor, Case no. 1:18-bk-10098-MB
(Lead Case - Jointly Administered)

Penthouse Global Broadcasting, Inc. 1:18-bk-10099-MB; Penthouse Global Licensing. Inc. 1:18-bk-10101-MB;
Penthouse Global Digital, Inc. 1:18-bk-10102-MB; Penthouse Global Publishing. Inc. 1:18-bk-10103-MB;
GMI Online Ventures, Ltd. 1:18-bk-10104-MB; Penthouse Digital Media Productions, Inc. 1:18-bk-10105-MB;
Tan Door Media, Inc. 1:18-bk-10106-MB; Penthouse Images Acquisitions, Ltd. 1:18-bk-10107-MB;
Pure Entertainment Telecommunications, Inc. 1:18-bk-10108-MB; XVHUB Group, Inc. 1:18-bk-10109-MB;
General Media Communications, Inc. 1:18-bk-10110-MB; General Media Entertainment, Inc. 1:18-bk-10111-MB;
Danni Ashe, Inc. 1:18-bk-10112-MB; Streamray Studios, Inc. 1:18-bk-10113-MB

| Name of Creditor (The person or entity to whom the debtor owes money or property)<br>C.HOCQUEL Inc | Name, Address and tel. no. of Creditor<br>C.HOCQUEL Inc<br>9993 Wornom Av. Sunland 91040 CA<br>1 2035364995 |
|---|---|

1.  BASIS FOR CLAIM (check one) :
    __ Goods sold    X Services performed
    _ Money loaned
    Other (Specify):

2.  DESCRIPTION OF CLAIM (IF KNOWN)  Services performed and provided from Jan 12 to March 5 for PGMI.

3.  TOTAL AMOUNT OF CLAIM:  $ 18 000

4.  SUPPORTING DOCUMENTS. Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. Do not send original documents  See attached court order

| Date: October 8, 2018 | Sign and print the name and title, if any, of the creditor or other person authorized to file this Claim<br>Catherine Bonnet<br>C-HOCQUEL Inc President |
|---|---|

All Requests for Payment of Administrative Claims must be filed with the United States Bankruptcy Court for the Central District of California on the main case docket (not the claims docket) on or before the Chapter 11 Administrative Bar Date or sent by first class U.S. Mail, overnight delivery or hand delivery so as to be received on or before the Chapter 11 Administrative Bar Date, to: UNITED STATES BANKRUPTCY COURT CLERK OF THE COURT, 21041 BURBANK BLVD. WOODLAND HILLS, CA 91367 w/ a copy to Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100. Attention: Linda F. Cantor

Case 1:18-bk-10098-MB    Doc 533    Filed 06/04/18    Entered 06/04/18 16:05:52    Desc
Main Document    Page 1 of 2

Michael H. Weiss (State Bar Number 107481)
mw@weissandspees.com
Laura J. Meltzer (State Bar Number 151889)
lm@weissandspees.com
WEISS & SPEES, LLP
6310 San Vicente Blvd., Suite 401
Los Angeles, CA 90048
Telephone: 424-245-3100
Facsimile: 424-217-4160

Attorneys for Debtors
Penthouse Global Media, Inc. et al.

FILED & ENTERED

JUN 04 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

IN RE

    PENTHOUSE GLOBAL MEDIA, INC., a
Delaware corporation

              Debtor.

In re:

    Penthouse Global Broadcasting, Inc., Penthouse
Global Licensing, Inc., Penthouse Global
Digital, Inc., Penthouse Global Publishing, Inc.
GMI Online Ventures, Ltd., Penthouse Digital
Media Productions, Inc., Tan Door Media, Inc.
Penthouse Images Acquisitions, Ltd., Pure
Entertainment Telecommunications, Inc.,
XVHUB Group, Inc., General Media
Communications, Inc., General Media
Entertainment, Inc., Danni Ashe, Inc.
Streamray Studios, Inc.,

    [X] Affects All Debtors
    □ Affects:
    □ Affects
    □ Affects
    □ Affects
    □ See attached for additional Debtors

Case No. 1:18-bk-10098-MB

Chapter 11
Jointly Administered With:

Case No. 1:18-bk-10099-MB, Case No. 1:18-bk-10101-MB, Case No. 1:18-bk-10102-MB, Case No. 1:18-bk-10103-MB, Case No. 1:18-bk-10104-MB, Case No. 1:18-bk-10105-MB, Case No. 1:18-bk-10106-MB, Case No. 1:18-bk-10107-MB, Case No. 1:18-bk-10108-MB, Case No. 1:18-bk-10109-MB, Case No. 1:18-bk-10110-MB, Case No. 1:18-bk-10111-MB, Case No. 1:18-bk-10112-MB and Case No. 1:18-bk-10113-MB

**ORDER GRANTING IN PART APPLICATION FOR ORDER APPROVING COMPENSATION FOR CATHERINE BRANDT, CHIEF OPERATING OFFICER AND KEITH WHITWORTH, CHIEF FINANCIAL OFFICER FOR THE PERIOD JANUARY 11, 2018 TO MARCH 6, 2018 AS AN EXPENSE OF ADMINISTRATION [11 U.S.C. § 503(b)(1)(A)(i)][DKT. NO. 343]**

Hearing:
Date: May 31, 2018
Time: 1:00
Place: Courtroom 303
       21041 Burbank Blvd.
       Woodland Hills, CA 91367

1    At the above time the Court conducted a hearing on Debtors' Application for Order Approving

2    Compensation for Catherine Brandt, Chief Operating Officer and Keith Whitworth, Chief Financial

3    Officer for the Period January 11, 2018 to March 6, 2018 as an Expense of Administration [11 U.S.C.

4    § 503(b)(1)(A)(i)f (the "Compensation Application")[Dkt. 343].  Appearances were as noted on the

5    record.

6        Based on the Compensation Application, the Opposition thereto, the arguments of counsel, all

7    documents on file in this case and Good Cause appearing, it is ORDERED that:

8        1.    The Compensation Application is Granted in part;

9        2.    Compensation for Catherine Brandt is allowed as an administrative expense in the amount

10            of $18,000 but is not payable at this time;

11        3.    Compensation for Keith Whitworth is allowed as an administrative expense in the amount

12            of $12,000 but is not payable at this time.

13                                    # # #

Date: June 4, 2018

_____

Martin R Barash
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled**: NOTICE OF MOTION AND MOTION OF TRUSTEE FOR ORDER DISALLOWING REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM NO. 68-1 FILED BY C. HOCQUEL, INC. IN THE SUM OF $18,000.00; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF** will be served or was served (a) on the Judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below**:**

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 5 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.**  **SERVED BY UNITED STATES MAIL**:  On **October 5, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.**  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 5, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

> *Via Federal Express*
> Honorable Martin R. Barash
> United States Bankruptcy Court
> Central District of California
> 21041 Burbank Boulevard, Suite 342 / Courtroom 303
> Woodland Hills, CA 91367

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 5, 2021 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## 1.  1:18-bk-10098-MB Notice will be electronically mailed to:

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyb.com

Stephen F Biegenzahn on behalf of Creditor Eli B.
Dubrow
efile@sfblaw.com

Paul M Brent on behalf of Interested Party WGCZ Ltd.,
S.R.O.
snb300@aol.com

Bradley E Brook on behalf of Plaintiff DAVID K
GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Plaintiff DAVID K
GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Trustee David Keith
Gottlieb (TR)
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Linda F Cantor, ESQ on behalf of Debtor Penthouse
Global Media, Inc.
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee David Keith
Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Carol Chow on behalf of Interested Party Jerrick Media
Holdings, Inc.
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Carol Chow on behalf of Interested Party Jerrick Ventures
LLC
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Russell Clementson on behalf of U.S. Trustee United
States Trustee (SV)
russell.clementson@usdoj.gov

Joseph Corrigan on behalf of Creditor Iron Mountain
Information Management, LLC
Bankruptcy2@ironmountain.com

Brian L Davidoff on behalf of Interested Party Silver Reel
Entertainment Mezzanine Fund, L.P.
bdavidoff@greenbergglusker.com,

calendar@greenbergglusker.com;jking@greenberggluske
r.com

James A Dumas, Jr on behalf of Creditor NOA
Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse
Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Jeffrey K Garfinkle on behalf of Creditor Easy Online
Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com,
docket@buchalter.com;dcyrankowski@buchalter.com

Allan B Gelbard on behalf of Other Professional Allan B.
Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,ak
uras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com

Mirco J Haag on behalf of Creditor Easy Online
Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com,
dcyrankowski@buchalter.com;docket@buchalter.com

Mark S Horoupian on behalf of Interested Party Courtesy
NEF
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerla
w.com

Mark S Horoupian on behalf of Interested Party WSM
Investment, LLC dba TOPCO Sales
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerla
w.com

Razmig Izakelian on behalf of Interested Party WGCZ
Ltd., S.R.O.
razmigizakelian@quinnemanuel.com

John P Kreis on behalf of Creditor Claxson Media LLC
jkreis@kreislaw.com, j.kreis@ca.rr.com

Michael D Kwasigroch on behalf of Defendant Revideo,
Inc.
attorneyforlife@aol.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Michael D Kwasigroch on behalf of Defendant Kelly
Holland
attorneyforlife@aol.com

Michael D Kwasigroch on behalf of Defendant Robert
Campbell
attorneyforlife@aol.com

Andrew B Levin on behalf of Interested Party Kirkendoll
Management LLC
alevin@wcghlaw.com,
Meir@virtualparalegalservices.com;pj@wcghlaw.com;jm
artinez@wcghlaw.com

Peter W Lianides on behalf of Interested Party Kirkendoll
Management LLC
plianides@wghlawyers.com,
jmartinez@wghlawyers.com;mweinberg@wghlawyers.co
m

David W. Meadows on behalf of Interested Party
Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested
Party
kjm@lnbyb.com

Alan I Nahmias on behalf of Interested Party Courtesy
NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Interested Party Courtesy
NEF
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Iain A W Nasatir on behalf of Trustee David Keith
Gottlieb (TR)
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor Committee The
Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com

S. Marguax Ross on behalf of U.S. Trustee United States
Trustee (SV)
margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.com

Michael St James on behalf of Interested Party Michael
St. James
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.com

Howard Steinberg on behalf of Creditor Greenberg
Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Creditor Penthouse Clubs
Worldwide, LLC
cathyta@cathyta.net

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss mhw@mhw-pc.com,

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor GMI Online
Ventures, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media
Communications, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media
Entertainment, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Digital
Media Productions, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Broadcasting, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Digital, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Licensing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Media, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global
Publishing, Inc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
DOCS_LA:340100.1 32277/002

F 9013-3.1.PROOF.SERVICE

mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Images
Acquisitions, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Pure Entertainment
Telecommunications, Inc. fka For Your Ears Only, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Streamray Studios,
Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Tan Door Media,
Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor XVHUB Group,
Inc.
mhw@mhw-pc.com

Marc J Winthrop on behalf of Interested Party Kirkendoll
Management LLC
mwinthrop@wghlawyers.com,
jmartinez@wghlawyers.com

Christopher K.S. Wong on behalf of Creditor LSC
Communications US, LLC / Creel Printing
christopher.wong@arentfox.com,
yvonne.li@arentfox.com

Beth Ann R Young on behalf of Creditor Dream Media
Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested Party
bry@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:340100.1 32277/002

**F 9013-3.1.PROOF.SERVICE**

**2.**  <u>**SERVED BY UNITED STATES MAIL**</u>:

*Claimant*
C. Hocquel, Inc.
Catherine Brandt, President
9993 Wornom Avenue
Sunland, CA 91040

Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

Michael H. Weiss, Esq., P.C.
8581 Santa Monica Boulevard, #4
West Hollywood, CA 90069

David K. Gottlieb
Managing Member
D. Gottlieb & Associates, LLC
16255 Ventura Blvd., Suite 440
Encino, California, 91436

*Office of U.S. Trustee*
**Kate Bunker**
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:340100.1 32277/002

**F 9013-3.1.PROOF.SERVICE**