| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Bradley E. Brook, Esq. #125323<br>Law Offices of Bradley E. Brook, APC<br>10866 Washington Blvd. #108<br>Culver City, CA 90232<br>T: 310-839-2004<br>F: 310-945-0022<br>E: bbrook@bbrooklaw.com | |

☒ *Attorney for:* David K. Gottlieb, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION** ▼

| In re:<br><br>PENTHOUSE GLOBAL MEDIA, et. al.<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:18-bk-10098-MB<br><br>CHAPTER: 7 ▼<br><br>**NOTICE OF OBJECTION TO CLAIM**<br><br>DATE: 12/08/2021<br>TIME: 11:00 am<br>COURTROOM: 303<br>PLACE: 21041 Burbank Blvd., Woodland Hills, CA 91367 |

1. TO *(specify claimant and claimant's counsel, if any):* Combat Zone (Attention Iris Sherman, controller)

2. **NOTICE IS HEREBY GIVEN** that the undersigned has filed an objection to your Proof of Claim (Claim # 86-1    ) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers:** You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: 11/08/2021

Law Offices of Bradley E. Brook, APC
Printed name of law firm

Bradley E. Brook
Signature

Date Notice Mailed: 11/08/2021

Bradley E. Brook
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Bradley E. Brook (CA Bar No. 125323)
LAW OFFICES OF BRADLEY E. BROOK, APC
10866 Washington Blvd. #108
Culver City, CA 90232
Tel: 310/839-2004; Fax: 310-945-0022
E-mail: bbrook@bbrooklaw.com

Special counsel for David K. Gottlieb, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor.<br><br>---<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-BK-10098-MB<br>Chapter 7<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**NOTICE OF MOTION AND MOTION OF TRUSTEE FOR ORDER DISALLOWING REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM NO. 86-1 FILED BY COMBAT ZONE IN THE SUM OF $12,500.00; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF**<br><br>**Date:   December 8, 2021**<br>**Time:   11:00 am**<br>**Place:   Courtroom 303**<br>          **21041 Burbank Blvd.**<br>          **Woodland Hills, CA 91367**<br>**Judge:  Hon. Martin R. Barash**<br><br>**Last Day To File A Response: 11/24/2021** |

 **PLEASE TAKE NOTICE** that David K. Gottlieb, solely in his capacity as the duly

appointed, authorized and acting Chapter 7 Trustee (the "Trustee") of Penthouse Global Media, Inc.

1

and its debtor affiliates (collectively, the "Debtors") hereby moves (the "Motion") the Court for an order disallowing the Request for Payment of Administrative Claim No. 86-1 filed by Combat Zone ("Claimant") in the sum of $12,500.00 (the "Claim"). The Claim attaches four invoices for films or elements that purport to have been delivered to the Debtors, but the Claimant provides no proof of delivery as to any of the movies, the (licensing) or other agreement(s) pursuant to which the movies were provided to Debtors, bills of sale, nor any accounting information. There are several grounds for the Motion, including: (1) that the sums on account of certain invoices arose prepetition and that there was no sale of goods involved; (2) all amounts due on an account of an invoice were paid in full, and (3) the Debtors have no records that a movie allegedly delivered was in fact delivered nor when the delivery was made. The Claim must be disallowed as an administrative expense.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion has been scheduled for December 8, 2021 at 11:00 a.m. before the Honorable Martin Barash, United States Bankruptcy Judge, in Courtroom 303, 20141 Burbank Boulevard, Woodland Hills, California 91367. **The Court will conduct the hearing remotely, using ZoomGov audio and video technology. Individuals will not be permitted access to the courtroom.** The following is the unique ZoomGov connection information for the above-referenced hearing:

**Video/audio web address: https://cacb.zoomgov.com/j/1617986034**

**ZoomGov meeting number: 161 798 6034**

**Password: 477579**

**Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666**

**PLEASE TAKE FURTHER NOTICE** that the Motion has been served upon the claimant listed above and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of David K. Gottlieb, the statements, arguments and representations of counsel who appear at the hearing on the Motion, the files and records in the above-captioned cases, any evidence properly before the court prior to or at the hearing regarding the Motion and all matters of which the court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f),

responses to the Motion must be filed with the Court and served upon the Trustee's counsel at the address in the upper left-hand corner of this Motion no later than fourteen (14) days prior to the hearing date, plus an additional 3 days if you were served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F). Responses must contain a written statement of all reasons the Motion is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely.  Responses must be filed either electronically or at the following location:

United States Bankruptcy Court
21041 Burbank Blvd.
Woodland Hills, CA 91367

**PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed, the Trustee will request that the relief requested in the Motion be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Trustee's counsel, the Court may treat the initial hearing as a status conference if it determines that the Motion involves disputed facts or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) disallowing the Claim as an administrative claim against the Debtors' estates; and (c) granting the Trustee such other and further relief as may appropriate under the circumstances.

Dated: November 8, 2021            LAW OFFICES OF BRADLEY E. BROOK, APC

By: *Bradley E. Brook*_____
    Bradley E. Brook, Esq.
    Special counsel for David K. Gottlieb, Chapter 7 Trustee

*Submitted by:*

Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  lcantor@pszjlaw.com

By: */s/ Linda F. Cantor*_____
    Linda F. Cantor
    Counsel for David K. Gottlieb, Chapter 7 Trustee
    of Penthouse Global Media, Inc. and its debtor affiliates

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    BACKGROUND.

### A.    The Debtors' Bankruptcy Cases, Jurisdiction and Venue.

On January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtors' Cases are being jointly administered under lead case number 1:18-bk-10098-MB [Docket No. 17].  On March 2, 2018, the Court entered an order directing the appointment of a chapter 11 Trustee [Docket No. 231].  On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236].  On that same day, the Court entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

On January 31, 2019, the Trustee filed a *Notice of Motion and Motion for Order Converting Cases to Chapter 7* [Docket No. 790] (the "Conversion Motion").  The Bankruptcy Court entered its Order converting the Cases to Cases under chapter 7 of the Bankruptcy Code [Docket No. 810] (the "Conversion Order") on March 12, 2019, and the Office of the United States Trustee appointed David K. Gottlieb as the chapter 7 trustee in the Cases [Docket No. 812].

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    The Administrative Claims Bar Date And The Claim.

On October 22, 2018, the Trustee filed and served the *Notice Of Deadline For Filing Requests For Payment Of Chapter 11 Administrative Claims That Arose Between January 11, 2018 And June 15, 2018* [Docket No. 714] (the "Administrative Claim Bar Date Notice"), setting November 21, 2018 as the bar date for filing chapter 11 administrative claims (the "Bar Date").

On or about November 21, 2018, the Claimant filed the Claim which was assigned claim number 86-1 by the court clerk requesting payment in the sum of $12,500.00. Attached to the Claim

1  are four invoices, but no other information or documentation was provided by the Claimant. A true

2  and correct copy of the Claim is attached hereto as Exhibit "1".[1]

3  **II.    ARGUMENT.**

4      **A.    <u>The Claimant Has the Burden to Prove the Validity of its Administrative</u>**

5  **<u>Expense Claim</u>.**

6        The allowance of an administrative expense claim is codified in section 503(b) of the

7  Bankruptcy Code, which states in relevant part:

8        After notice and a hearing, there shall be allowed administrative expenses . . . including –

9  (1)(A) the actual, necessary costs and expenses of preserving the estate . . .11 U.S.C. § 503

10  (b)(1)(A). Unlike general unsecured proofs of claims, administrative claims lack presumptive

11  validity. *In re Blanchard,* 547 B.R. 347, 352 (Bankr.C.D. Cal. 2016). "The burden of proving an

12  administrative expense claim is on the claimant." *Microsoft Corp. v. DAK Indus. (In re DAK*

13  *Indus.),* 66 F.3d, 1091,1094 (9th Cir. 1995); *see also Einstein/Noah Bagel Corp. v. Smith* (*In re BCE*

14  *West LP*), 319 F.3d 1166, 1173 (9th Cir. 2003). "The administrative expense applicant must prove

15  entitlement to the requested reimbursement by a preponderance of the evidence." *Gull Indus. v. John*

16  *Mitchell, Inc. (In re Hanna)*, 168 B.R. 386, 388 (9th Cir. BAP 1994).

17        An allowable administrative expense includes "the actual, necessary costs and expenses of

18  preserving the estate, including wages, salaries, or commissions for services rendered after the

19  commencement of the case." § 503(b)(1)(A). To be deemed an administrative expense, the claim

20  must have arisen from a transaction with the debtor in possession, and directly and substantially

21  benefitted the estate. *In re Ybarra ("Ybarra")*, 424 F.3d 1018, 1025 (9th Cir. 2005) *citing In re*

22  *Abercrombie*, 139 F.3d 755, 757 (9th Cir. 1998) *quoting Microsoft Corp. v. DAK Industries,* 66 F.3d

23  1091, 1094 (9th Cir. 1995). "The purpose of administrative priority status is to encourage third

24  parties to contract with the bankruptcy estate for the benefit of the estate as a whole. (citations

25

26

27  [1] Claimant has the same address and controller (who signed the Request for Payment) as Smash Pictures which filed a Request for Payment that was assigned Administrative Claim No. 85-1 to which a Motion to Disallow that Request for

28  Payment has been concurrently filed.

5

omitted)." *Ybarra* at 1026.  "Thus, under the Code, only claims arising from post-petition transactions may be granted such priority. (citations omitted)." *Ybarra* at 1025-26.

      **B.**    **The Invoices And Trustee's Position As To Why No Balance Is Owed On Each.**

**1.**    **Invoice No. 58729**

The first exhibit attached to the Claim is Invoice No. 58729 in the amount of $4500.00 and the description is for a movie title. This invoice is dated January 24, 2018 with a PO number of 01-22-17.[2]

Debtors' records reveal that Invoice No. 58729 was invoiced to it on November 28, 2017, not January 24, 2018. No proof of delivery has been provided by the Claimant nor does Claimant describe the terms of the parties' arrangement for which the movie was provided nor does it provide any documentation related thereto. The date contradiction is critical for two reasons. First, the Debtors' records establish that the sum due on this particular invoice is a prepetition, general unsecured claim, not a sum due as an administrative expense. Second, the veracity of the Claimant is subject to challenge with respect to the entirety of its Claim.

In addition, Debtors' accounting records on both March 6, 2018 and June 15, 2018 reflect as follows:

| Date | Number | Name | Memo | Open Bal. |
|------|--------|------|------|-----------|
| 11/27/18 | 58729 | Combat Zone | PO Box 11-22-17 ILMLS #2 (License) | $4500.00 |

Based upon this information, it appears that the PO Box (or shipping date was 11-22-17 and that the PO Box date of 01-22-17 was a typo) which was prepetition and that the movie was provided pursuant to a licensing agreement and the title and intellectual property was not sold to the Debtors.

No amount which may be due on account of Invoice No. 58729 is entitled to be allowed as an administrative claim.

---

[2] The invoice does not have a line item for "delivery date", but next to the PO number line item is a line item for terms for which "COD" is entered. Given the failure of Claimant to provide any additional documentation or information in support of its Claim beyond the invoices, the Trustee understands that the PO number represents a date of shipment.

**2**.    **Invoice No. 58928**

The second exhibit attached to the Claim is Invoice No. 58928 in the amount of $4500.00 and the description is for a movie title. This invoice is dated January 24, 2018 with a "PO number" of 01-05-18.

Debtors do not have any record relating to Invoice No. 58928. No proof of delivery has been provided by the Claimant nor does Claimant describe the terms of the parties' arrangement for which the movie was provided nor does it provide any documentation related thereto.

In addition, if the PO number is the shipping date, then the movie was shipped to Debtor prepetition. However, given that Debtors typically licensed content and clearly did so with Combat Zone in connection with Invoice No. 58729 discussed above, there was no sale of the movie and the intellectual property to Debtors nor would there be any right to an administrative claim under 11 U.S.C. § 503(b)(9). The Claimant has not met its burden of proof and no sum allegedly be due on account of Invoice No. 58928 is entitled to be allowed as an administrative expense.

**3**.    **Invoice No. 58969**

The third exhibit attached to the Claim is Invoice No. 58969 in the amount of $4500.00 and the description is for a movie title. This invoice is dated January 24, 2018 with a "PO number" of 01-18-18.

Debtors' records reflect that the outstanding sum due as of 03/06/18 on Invoice No. 58969 was $2,250.00. On February 16, 2018, Combat Zone was paid $2,250.00 by check no. 1056 (no invoice detail). On March 28, 2018, Combat Zone was paid $2,250.00 by check no. 51064 with Invoice No. 58969 referenced. The accounting records as of June 15, 2018 do not list any amount due on account of Invoice 58969 which indicates that it was paid in full. The Claimant has not met its burden of proof and it appears that Invoice No. 58969 was paid in full. No sum allegedly be due on account of Invoice No. 58969 is entitled to be allowed as an administrative expense.

**4**.    **Invoice No. 59052**

The fourth exhibit attached to the Claim is Invoice No. 59052 in the amount of $3500.00 and the description reflects five different titles with each also concluding the description with the word

(License) at $700.00 per license. This invoice is dated January 24, 2018 with a "PO number" of "Jan. 5 BM."

No proof of delivery has been provided by the Claimant nor does Claimant describe the terms of the parties' arrangement for which the movie was provided nor does it provide any documentation related thereto.

In addition, if the PO number is the shipping date, then the movies was shipped to Debtor prepetition. However, given that Debtors typically licensed content and the references for each specifically refer to a "license", there was no sale of the movie and the intellectual property to Debtors nor would there be any right to an administrative claim under 11 U.S.C. § 503(b)(9). The Claimant has not met its burden of proof and no sum allegedly be due on account of Invoice No. 59052 is entitled to be allowed as an administrative expense.

Accordingly, the Claim must be disallowed in its entirety as an administrative expense.

## III.    **RESERVATION OF RIGHTS.**

The Trustee has not attempted to raise in this Motion each defense, counterclaim, or setoff that may apply to the Claim.  If a response to this Motion is received, the Trustee reserves the right to amend or supplement it, or file additional pleadings to assert any defenses, counterclaims, and/or setoffs against the Claim.  In all instances, the Trustee reserves the right to file future pleadings to challenge the validity, amount, or status of the Claim upon different grounds than set forth herein or otherwise.

//

//

//

//

//

//

//

//

8

1  | IV.    **CONCLUSION**.

2  |       For the reasons set forth herein, the Trustee respectfully requests that the Court enter an

3  | order: (a) granting the Motion; (b) disallowing the Claim as an administrative expense; and (c)

4  | granting such other and further relief as may be appropriate under the circumstances.

5  |
6  | Dated: November 8, 2021             LAW OFFICES OF BRADLEY E. BROOK, APC

7  |                              By: *Bradley E. Brook*_____
8  |                                  Bradley E. Brook, Esq.
                                       Special counsel for David K. Gottlieb, Chapter 7
9  |                                  Trustee of Penthouse Global Media, Inc. and its
                                       affiliated debtor entities

10 |
11 | *Submitted by:*

12 | Linda F. Cantor (CA Bar No. 153762)
     PACHULSKI STANG ZIEHL & JONES LLP
13 | 10100 Santa Monica Blvd., 13th Floor
     Los Angeles, CA  90067
14 | Telephone: 310/277-6910
     Facsimile: 310/201-0760
15 | E-mail:   lcantor@pszjlaw.com

16 | By: */s/ Linda F. Cantor*_____
17 |     Linda F. Cantor
         Counsel for David K. Gottlieb, Chapter 7 Trustee
18 |     of Penthouse Global Media, Inc. and its debtor affiliates

19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

9

# DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1.      I am the duly appointed chapter 7 trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor subsidiaries. I make this Declaration in support of the *Motion Of Trustee For Order Disallowing Request For Payment Of Administrative Claim No. 86-1 Filed By Combat Zone In The Sum Of $12,500.00* (the "Motion").  All capitalized terms used but not defined in this Declaration have the meanings ascribed to them in the Motion.

2.      Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others under my supervision), my review of the books and records of the Debtors, the Administrative Claims and other pleadings filed in this case, or my opinion based on my experience as a consultant and financial advisor for trustees.  If called upon to testify, I would testify to the facts set forth in this Declaration.

3.      Attached hereto as Exhibit "1" is a true and correct copy of Claim Number 86-1. The Claim attaches four invoices, but the Claimant provides no proof of delivery, no licensing or other agreements with the Debtors pursuant to which the movies were provided, nor any accounting.

4.      I have reviewed the Claim with persons under my supervision. Based on information I have obtained, here is the analysis as it relates to each of the four invoices:

## 1.      Invoice No. 58729

The first exhibit attached to the Claim is Invoice No. 58729 in the amount of $4500.00 and the description is for a movie title. This invoice is dated January 24, 2018 with a PO number of 01-22-17.[3]

Debtors' records reveal that Invoice No. 58729 was invoiced to it on November 28, 2017, not January 24, 2018. No proof of delivery has been provided by the Claimant nor does Claimant describe the terms of the parties' arrangement for which the movie was provided nor does it provide any documentation related thereto. The date contradiction is critical for two reasons. First, the

---

[3] The invoice does not have a line item for "delivery date", but next to the PO number line item is a line item for terms for which "COD" is entered. Given the failure of Claimant to provide any additional documentation or information in support of its Claim beyond the invoices, the Trustee understands that the PO number represents a date of shipment.

Debtors' records establish that the sum due on this particular invoice is a prepetition, general

unsecured claim, not a sum due as an administrative expense.

In addition, Debtors' accounting records on both March 6, 2018 and June 15, 2018 reflect as

follows:

| Date | Number | Name | Memo | Open Bal. |
|------|--------|------|------|-----------|
| 11/27/18 | 58729 | Combat Zone | PO Box 11-22-17 ILMLS #2 (License) | $4500.00 |

Based upon this information, it appears that the PO Box (or shipping date was 11-22-17 and that the

PO Box date of 01-22-17 was a typo) which was prepetition and that the movie was provided

pursuant to a licensing agreement and the title and intellectual property was not sold to the Debtors.

No amount which may be due on account of Invoice No. 58729 is entitled to be allowed as

an administrative claim.

**2**.    **Invoice No. 58928**

The second exhibit attached to the Claim is Invoice No. 58928 in the amount of $4500.00

and the description is for a movie title. This invoice is dated January 24, 2018 with a "PO number"

of 01-05-18.

Debtors do not have any record relating to Invoice No. 58928. No proof of delivery has been

provided by the Claimant nor does Claimant describe the terms of the parties' arrangement for which

the movie was provided nor does it provide any documentation related thereto.

In addition, if the PO number is the shipping date, then the movie was shipped to Debtor

prepetition. However, given that Debtors typically licensed content and clearly did so with Combat

Zone in connection with Invoice No. 58729 discussed above, there was no sale of the movie and the

intellectual property to Debtors nor would there be any right to an administrative claim under 11

U.S.C. § 503(b)(9). The Claimant has not met its burden of proof and no sum allegedly be due on

account of Invoice No. 58928 is entitled to be allowed as an administrative expense.

//

//

//

11

3.    **Invoice No. 58969**

The third exhibit attached to the Claim is Invoice No. 58969 in the amount of $4500.00 and the description is for a movie title. This invoice is dated January 24, 2018 with a "PO number" of 01-18-18.

Debtors' records reflect that the outstanding sum due as of 03/06/18 on Invoice No. 58969 was $2,250.00. On February 16, 2018, Combat Zone was paid $2,250.00 by check no. 1056 (no invoice detail). On March 28, 2018, Combat Zone was paid $2,250.00 by check no. 51064 with Invoice No. 58969 referenced. The accounting records as of June 15, 2018 do not list any amount due on account of Invoice 58969 which indicates that it was paid in full. The Claimant has not met its burden of proof and it appears that Invoice No. 58969 was paid in full. No sum allegedly be due on account of Invoice No. 58969 is entitled to be allowed as an administrative expense.

4.    **Invoice No. 59052**

The fourth exhibit attached to the Claim is Invoice No. 59052 in the amount of $3500.00 and the description reflects five different titles with each also concluding the description with the word (License) at $700.00 per license. This invoice is dated January 24, 2018 with a "PO number" of "Jan. 5 BM."

No proof of delivery has been provided by the Claimant nor does Claimant describe the terms of the parties' arrangement for which the movie was provided nor does it provide any documentation related thereto.

In addition, if the PO number is the shipping date, then the movies was shipped to Debtor prepetition. However, given that Debtors typically licensed content and the references for each specifically refer to a "license", there was no sale of the movie and the intellectual property to Debtors nor would there be any right to an administrative claim under 11 U.S.C. § 503(b)(9). The Claimant has not met its burden of proof and no sum allegedly be due on account of Invoice No. 59052 is entitled to be allowed as an administrative expense.

5.    As such, I respectfully request the entry of an order granting the Motion and disallowing the Claim as an administrative expense against the Debtors' estates. Should the Claimant

12

1    provide timely and responsive admissible evidence in response to this Motion, I respectfully reserve

2    all my rights.

3          I declare under penalty of perjury under the laws of the United States of America that the

4    foregoing is true and correct.  Executed on this 8th day of November, 2021 at Calabasas, California.

5

6                                    _____

7                                        David K. Gottlieb

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    13

# EXHIBIT "1"

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION | REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM | Administrative Expense Claims Bar Date |
|---|---|---|
| | | November 21, 2018 |



USE OF THIS FORM IS VOLUNTARY - NOT MANDATORY - NO REPRESENTATION AS TO THE ADEQUACY OF THIS FORM IS MADE - THIS FORM MAY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE BELOW DEBTORS FOR POST-PETITION ADMINISTRATIVE CLAIMS ARISING ON OR AFTER JANUARY 11, 2018.

In re: PENTHOUSE GLOBAL MEDIA, INC. Debtor. Case no. 1:18-bk-10098-MB
(Lead Case - Jointly Administered)

Penthouse Global Broadcasting, Inc. 1:18-bk-10099-MB; Penthouse Global Licensing, Inc. 1:18-bk-10101-MB;
Penthouse Global Digital, Inc. 1:18-bk-10102-MB; Penthouse Global Publishing, Inc. 1:18-bk-10103-MB;
GMI Online Ventures, Ltd. 1:18-bk-10104-MB; Penthouse Digital Media Productions, Inc. 1:18-bk-10105-MB;
Tan Door Media, Inc. 1:18-bk-10106-MB; Penthouse Images Acquisitions, Ltd. 1:18-bk-10107-MB;
Pure Entertainment Telecommunications, Inc. 1:18-bk-10108-MB; XVHUB Group, Inc. 1:18-bk-10109-MB;
General Media Communications, Inc. 1:18-bk-10110-MB; General Media Entertainment, Inc. 1:18-bk-10111-MB;
Danni Ashe, Inc. 1:18-bk-10112-MB; Streamray Studios, Inc. 1:18-bk-10113-MB

| Name of Creditor (The person or entity to whom the debtor owes money or property)  **Combat Zone** | Name, Address and tel. no. of Creditor  **Combat Zone**  **9619 Canoga Ave**  **Chatsworth, CA 91311** |
|---|---|

1.  BASIS FOR CLAIM (check one):

   **X**  Goods sold          Services performed
      Money loaned
      Other (Specify)

2.  DESCRIPTION OF CLAIM (IF KNOWN): **Invoices: 58729, 58928, 58969, 59052**

3.  TOTAL AMOUNT OF CLAIM:  **$12,500.00**

4.  SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. Do not send original documents.

| Date: **11/20/18** | Sign and print the name and title, if any, of the creditor or other person authorized to file this Claim  Iris Shamam  Controller |
|---|---|

All Requests for Payment of Administrative Claims must be filed with the United States Bankruptcy Court for the Central District of California on the main case docket (not the claims docket) on or before the Chapter 11 Administrative Bar Date or sent by first class U.S. Mail, overnight delivery or hand delivery so as to be received on or before the Chapter 11 Administrative Bar Date, to: **UNITED STATES BANKRUPTCY COURT CLERK OF THE COURT, 21041 BURBANK BLVD, WOODLAND HILLS, CA 91367 w/ a copy to** Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100, Attention: Linda F. Cantor

# COMBATZONE
www.combatzone.us



# FILLY FILMS.COM
A LESBIAN COMPANY

# INVOICE

9619 Canoga Ave
Chatsworth, CA 91311

| Date | Invoice # |
|---|---|
| 1/24/18 | 58729 |

| Bill To | Ship To |
|---|---|
| Penthouse<br>Att: Catherine Brandt<br>8944 Mason Ave<br>Chatsworth, CA 91311 | Penthouse<br>8944 Mason Ave<br>Chatsworth, CA 91311 |

| P.O. Number | Terms | Via | Rep | Tracking Number |
|---|---|---|---|---|
| 01-22-17 | COD | | DG | |

| Item Number | Quantity | Description | Price Each | Amount |
|---|---|---|---|---|
| 6771 | | I Love My Lesbian Stepsister #2 (License) | 4,500.00 | 4,500.00 |

PLEASE NOTE - BUSINESS ADDRESS UPDATE - JULY 2018
9619 CANOGA AVE. CHATSWORTH CA 91311

**Total** $4,500.00

| Phone # | Fax # | Web Site |
|---|---|---|
| (818) 709-0001 | (818) 709-0005 | www.combatzone.us |



**COMBATZONE**  FILLY FILMS.COM  **INVOICE**
www.combatzone.us  A LESBIAN COMPANY

9619 Canoga Ave
Chatsworth, CA 91311

| Date | Invoice # |
|---|---|
| 1/24/18 | 58928 |

| Bill To | Ship To |
|---|---|
| Penthouse<br>Att: Catherine Brandt<br>8944 Mason Ave<br>Chatsworth, CA 91311 | Penthouse<br>Att: Drew Rosenfeld<br>8944 Mason Ave<br>Chatsworth, CA 91311 |

| P.O. Number | Terms | Via | Rep | Tracking Number |
|---|---|---|---|---|
| 01-08-18 | COD | | DG | |

| Item Number | Quantity | Description | Price Each | Amount |
|---|---|---|---|---|
| 6491 | | Lesbian Yoga Retreat (License) | 4,500.00 | 4,500.00 |

| PLEASE NOTE - BUSINESS ADDRESS UPDATE - JULY 2018<br>9619 CANOGA AVE. CHATSWORTH CA 91311 | **Total** | $4,500.00 |
|---|---|---|

| Phone # | Fax # | Web Site |
|---|---|---|
| (818) 709-0001 | (818) 709-0005 | www.combatzone.us |

 **COMBATZONE** *www.combatzone.us*   **FILLY FILMS**.COM   A LESBIAN COMPANY          **INVOICE**

9619 Canoga Ave
Chatsworth, CA 91311

| Date | Invoice # |
|------|-----------|
| 1/24/18 | 58969 |

| Bill To | Ship To |
|---------|---------|
| Penthouse<br>Att: Catherine Brandt<br>8944 Mason Ave<br>Chatsworth, CA 91311 | Penthouse<br>Att: Drew Rosenfeld<br>8944 Mason Ave<br>Chatsworth, CA 91311 |

| P.O. Number | Terms | Via | Rep | Tracking Number |
|-------------|-------|-----|-----|-----------------|
| 01-18-18 | COD | | DG | |

| Item Number | Quantity | Description | Price Each | Amount |
|-------------|----------|-------------|------------|--------|
| 6731 | 1 | Pussy Love (License) | 4,500.00 | 4,500.00 |

PLEASE NOTE - BUSINESS ADDRESS UPDATE - JULY 2018
9619 CANOGA AVE. CHATSWORTH CA 91311

**Total**   $4,500.00

| Phone # | Fax # | Web Site |
|---------|-------|----------|
| (818) 709-0001 | (818) 709-0005 | www.combatzone.us |



# INVOICE

9619 Canoga Ave
Chatsworth, CA 91311

| Date | Invoice # |
|---|---|
| 1/24/18 | 59052 |

| Bill To | Ship To |
|---|---|
| Penthouse<br>Att: Catherine Brandt<br>8944 Mason Ave<br>Chatsworth, CA 91311 | Penthouse<br>Att: Drew Rosenfeld<br>8944 Mason Ave<br>Chatsworth, CA 91311 |

| P.O. Number | Terms | Via | Rep | Tracking Number |
|---|---|---|---|---|
| JAN. 5 BM | COD | | DG | |

| Item Number | Quantity | Description | Price Each | Amount |
|---|---|---|---|---|
| BM-DVD-L | 1 | BM379 Ebony Superfreaks (License) | 700.00 | 700.00 |
| BM-DVD-L | 1 | BM390 Cuties With Booties (License) | 700.00 | 700.00 |
| BM-DVD-L | 1 | BM457 Sweet Black Pussy 2 (License) | 700.00 | 700.00 |
| BM-DVD-L | 1 | BM500 Big Booty Ballers (License) | 700.00 | 700.00 |
| BM-DVD-L | 1 | BM383 Pinky's New Booties (License) | 700.00 | 700.00 |

PLEASE NOTE - BUSINESS ADDRESS UPDATE - JULY 2018
9619 CANOGA AVE. CHATSWORTH CA 91311

**Total**  $3,500.00

| Phone # | Fax # | Web Site |
|---|---|---|
| (818) 709-0001 | (818) 709-0005 | www.combatzone.us |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled **NOTICE OF OBJECTION TO CLAIM** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 8, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠        Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **November 8, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Combat Zone
Attention: Iris Sherman (controller)
9619 Canoga Ave.
Chatsworth, CA 91311

⊠        Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 8, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

⊠        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 8, 2021 | Janice G. Washington | */s/ Janice G. Washington* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

**1. 1:18-bk-10098-MB Notice will be electronically mailed to:**

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyb.com

Stephen F Biegenzahn on behalf of Creditor Eli B. Dubrow
efile@sfblaw.com

Paul M Brent on behalf of Interested Party WGCZ Ltd., S.R.O.
snb300@aol.com

Bradley E Brook on behalf of Plaintiff DAVID K GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Plaintiff DAVID K GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Trustee David Keith Gottlieb (TR)
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Linda F Cantor, ESQ on behalf of Debtor Penthouse Global Media, Inc.
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee David Keith Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Carol Chow on behalf of Interested Party Jerrick Media Holdings, Inc.
carol.chow@ffslaw.com,
easter.santamaria@ffslaw.com

Carol Chow on behalf of Interested Party Jerrick Ventures LLC
carol.chow@ffslaw.com,
easter.santamaria@ffslaw.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Joseph Corrigan on behalf of Creditor Iron Mountain Information Management, LLC
Bankruptcy2@ironmountain.com

Brian L Davidoff on behalf of Interested Party Silver Reel Entertainment Mezzanine Fund, L.P.

bdavidoff@greenbergglusker.com,
calendar@greenbergglusker.com;jking@greenbergglusker.com

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

Jeffrey K Garfinkle on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com,
docket@buchalter.com;dcyrankowski@buchalter.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com

Mirco J Haag on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com,
dcyrankowski@buchalter.com;docket@buchalter.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Mark S Horoupian on behalf of Interested Party WSM Investment, LLC dba TOPCO Sales
mhoroupian@sulmeyerlaw.com,
mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Razmig Izakelian on behalf of Interested Party WGCZ Ltd., S.R.O.
razmigizakelian@quinnemanuel.com

John P Kreis on behalf of Creditor Claxson Media LLC
jkreis@kreislaw.com, j.kreis@ca.rr.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| 1 | |
| 2 | Michael D Kwasigroch on behalf of Defendant Revideo, Inc. attorneyforlife@aol.com |
| 3 | |
| 4 | Michael D Kwasigroch on behalf of Defendant Kelly Holland attorneyforlife@aol.com |
| 5 | |
| 6 | Michael D Kwasigroch on behalf of Defendant Robert Campbell attorneyforlife@aol.com |
| 7 | |
| 8 | Andrew B Levin on behalf of Interested Party Kirkendoll Management LLC alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com |
| 9 | |
| 10 | Peter W Lianides on behalf of Interested Party Kirkendoll Management LLC plianides@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com |
| 11 | |
| 12 | David W. Meadows on behalf of Interested Party Courtesy NEF david@davidwmeadowslaw.com |
| 13 | |
| 14 | Krikor J Meshefejian on behalf of Creditor Interested Party kjm@lnbyb.com |
| 15 | |
| 16 | Alan I Nahmias on behalf of Interested Party Courtesy NEF anahmias@mbnlawyers.com, jdale@mbnlawyers.com |
| 17 | |
| 18 | Iain A W Nasatir on behalf of Interested Party Courtesy NEF inasatir@pszjlaw.com, jwashington@pszjlaw.com |
| 19 | |
| 20 | Iain A W Nasatir on behalf of Trustee David Keith Gottlieb (TR) inasatir@pszjlaw.com, jwashington@pszjlaw.com |
| 21 | |
| 22 | Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors hrafatjoo@raineslaw.com, bclark@raineslaw.com |
| 23 | |
| 24 | S. Marguax Ross on behalf of U.S. Trustee United States Trustee (SV) margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV |
| 25 | |
| 26 | Michael St James on behalf of Creditor Interested Party ecf@stjames-law.com, |
| 27 | |
| 28 | |

stjames.michaelr101488@notify.bestcase.com

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.com

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Creditor Penthouse Clubs Worldwide, LLC
cathyta@cathyta.net

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss mhw@mhw-pc.com,

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media Communications, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Digital Media Productions, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Broadcasting, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Digital, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Licensing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Media, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse
Global Publishing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse
Images Acquisitions, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Pure
Entertainment Telecommunications, Inc. fka For
Your Ears Only, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Streamray
Studios, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Tan Door
Media, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor XVHUB
Group, Inc.
mhw@mhw-pc.com

Marc J Winthrop on behalf of Interested Party
Kirkendoll Management LLC
mwinthrop@wghlawyers.com,
jmartinez@wghlawyers.com

Christopher K.S. Wong on behalf of Creditor LSC
Communications US, LLC / Creel Printing
christopher.wong@arentfox.com,
yvonne.li@arentfox.com

Beth Ann R Young on behalf of Creditor Dream
Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested
Party
bry@lnbyb.com

**2. <u>SERVED BY UNITED STATES MAIL</u>:**

***Debtor***
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

***Counsel for Debtor***
Michael H. Weiss, Esq., P.C.
8581 Santa Monica Boulevard, #4
West Hollywood, CA 90069

***Trustee***
David K. Gottlieb
Managing Member
D. Gottlieb & Associates, LLC
16255 Ventura Blvd., Suite 440
Encino, California, 91436

***Office of U.S. Trustee***
**Kate Bunker**
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA