| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Bradley E. Brook, Esq. #125323<br>Law Offices of Bradley E. Brook, APC<br>10866 Washington Blvd. #108<br>Culver City, CA 90232<br>T: 310-839-2004<br>F: 310-945-0022<br>E: bbrook@bbrooklaw.com | |

☒ *Attorney for:* David K. Gottlieb, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br>PENTHOUSE GLOBAL MEDIA, et. al.<br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:18-bk-10098-MB<br>CHAPTER: 7<br><br>**NOTICE OF OBJECTION TO CLAIM**<br><br>DATE: 12/08/2021<br>TIME: 11:00 am<br>COURTROOM: 303<br>PLACE: 21041 Burbank Blvd., Woodland Hills, CA 91367 |

1. TO *(specify claimant and claimant's counsel, if any)*: Arash Dadashzadeh

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #74-1) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

    **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: 11/08/2021

Law Offices of Bradley E. Brook, APC
Printed name of law firm

Bradley E. Brook
Signature

Date Notice Mailed: 11/08/2021

Bradley E. Brook
Printed name of attorney for objector

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 1     **F 3007-1.1.NOTICE.OBJ.CLAIM**

Bradley E. Brook (CA Bar No. 125323)
LAW OFFICES OF BRADLEY E. BROOK, APC
10866 Washington Blvd. #108
Culver City, CA 90232
Tel: 310/839-2004; Fax: 310-945-0022
E-mail: bbrook@bbrooklaw.com

Special counsel for David K. Gottlieb, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>      Debtor.<br>_____<br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Case No.: 1:18-BK-10098-MB<br>Chapter 7<br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**NOTICE OF MOTION AND MOTION OF TRUSTEE FOR ORDER DISALLOWING REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM NO. 74-1 FILED BY ARASH DADASHZADEH IN THE SUM OF $2,121.60; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT THEREOF**<br><br>**Date: December 8, 2021**<br>**Time: 11:00 am**<br>**Place: Courtroom 303**<br>    **21041 Burbank Blvd.**<br>    **Woodland Hills, CA 91367**<br>**Judge: Hon. Martin R. Barash**<br><br>**Last Date to File Response: 11/24/2021** |

  **PLEASE TAKE NOTICE** that David K. Gottlieb, solely in his capacity as the duly appointed, authorized and acting Chapter 7 Trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor affiliates (collectively, the "Debtors") hereby moves (the "Motion") the Court for an

1

order disallowing the Request for Payment of Administrative Claim No. 74-1 filed by Arash Dadashzadeh ("Claimant") in the sum of $2,121.60 (the "Claim"). The Claim reflects that it is for "affiliate marketing commission owed" and attached to it is a list of dates and amounts due. A copy of the commission contract is not provided, but it appears to be a prepetition agreement because a number of the dates on the attachment predate January 11, 2018 when the Debtors initiated these cases. The Claimant did not provide any evidence that he/she was required to, and did, provide material post-petition services to generate the commissions. As such, the Claimant has not met his/her burden of proof that the Claim is an allowable administrative expense and it must be disallowed. Should the Claimant file and serve a timely response supported by admissible evidence that may show otherwise, the Trustee reserves all rights.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion has been scheduled for December 8, 2021 at 11:00 a.m. before the Honorable Martin Barash, United States Bankruptcy Judge, in Courtroom 303, 20141 Burbank Boulevard, Woodland Hills, California 91367. **The Court will conduct the hearing remotely, using ZoomGov audio and video technology. Individuals will not be permitted access to the courtroom.** The following is the unique ZoomGov connection information for the above-referenced hearing:

**Video/audio web address: https://cacb.zoomgov.com/j/1617986034**

**ZoomGov meeting number: 161 798 6034**

**Password: 477579**

**Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666**

**PLEASE TAKE FURTHER NOTICE** that the Motion has been served upon the claimant listed above and all parties entitled thereto and is based upon the supporting Memorandum of Points and Authorities and Declaration of David K. Gottlieb, the statements, arguments and representations of counsel who appear at the hearing on the Motion, the files and records in the above-captioned cases, any evidence properly before the court prior to or at the hearing regarding the Motion and all matters of which the court may properly take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f),

responses to the Motion must be filed with the Court and served upon the Trustee's counsel at the address in the upper left-hand corner of this Motion no later than fourteen (14) days prior to the hearing date, plus an additional 3 days if you were served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F). Responses must contain a written statement of all reasons the Motion is opposed and must include declarations and copies of all documentary evidence on which the responding party intends to rely.  Responses must be filed either electronically or at the following location:

United States Bankruptcy Court<br>
21041 Burbank Blvd.<br>
Woodland Hills, CA 91367

**PLEASE TAKE FURTHER NOTICE** that if a response is not timely filed, the Trustee will request that the relief requested in the Motion be granted without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that if a response is timely filed and served upon the Trustee's counsel, the Court may treat the initial hearing as a status conference if it determines that the Motion involves disputed facts or will require presentation of substantial evidence or argument.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) disallowing the Claim as an administrative claim against the Debtors' estates; and (c) granting the Trustee such other and further relief as may appropriate under the circumstances.

Dated: November 8, 2021           LAW OFFICES OF BRADLEY E. BROOK, APC

By: *Bradley E. Brook*_____
    Bradley E. Brook, Esq.
    Special counsel for David K. Gottlieb, Chapter 7 Trustee

*Submitted by:*

Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   lcantor@pszjlaw.com

By: */s/ Linda F. Cantor*_____
    Linda F. Cantor
    Counsel for David K. Gottlieb, Chapter 7 Trustee
    of Penthouse Global Media, Inc. and its debtor affiliates

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND.**

    **A.    The Debtors' Bankruptcy Cases, Jurisdiction and Venue.**

On January 11, 2018, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtors' Cases are being jointly administered under lead case number 1:18-bk-10098-MB [Docket No. 17]. On March 2, 2018, the Court entered an order directing the appointment of a chapter 11 Trustee [Docket No. 231]. On March 6, 2018, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 236]. On that same day, the Court entered an order approving the appointment of David K. Gottlieb as Trustee [Docket No. 239].

On January 31, 2019, the Trustee filed a *Notice of Motion and Motion for Order Converting Cases to Chapter 7* [Docket No. 790] (the "Conversion Motion"). The Bankruptcy Court entered its Order converting the Cases to Cases under chapter 7 of the Bankruptcy Code [Docket No. 810] (the "Conversion Order") on March 12, 2019, and the Office of the United States Trustee appointed David K. Gottlieb as the chapter 7 trustee in the Cases [Docket No. 812].

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

    **B.    The Debtors Sold All Of Their Assets And Claimant's Contract With The Debtors Was Rejected.**

On April 18, 2018, the Trustee filed a *Notice of Motion and Motion for Order: (A) Approving Sale of Substantially All Assets Free And Clear Of All Liens, Claims, Encumbrances and Interests; (B) Scheduling Auction And Sale Hearing; (C) Approving Sale Procedures And Notice Of Sale; And (D) Granting Related Relief* [Docket No. 377] (the "Sale Motion").

On May 14, 2018, the Trustee filed a *Notice of Motion and Motion for Order Authorizing Trustee to (A) Assume Unexpired Leases and Executory Contracts; (B) Establish Cure Amounts; (C) Assign Unexpired Leases and Executory Contracts; and (D) Grant Related Relief Pursuant to*

4

*Section 365(A) of the Bankruptcy Code* [Docket No. 469] (the "Assumption Motion") to which a schedule of executory contracts and leases was attached as Exhibit "A" which did not include the Claimant's contract.[1] Claimant was served with the Assumption Motion to which it filed no opposition.

On June 14, 2018, the Court entered its *Order (A) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Interests To Successful Bidder; (B) Approving The Estates' Assumption And Assignment Of Certain Unexpired Leases And Executory Contracts; And (C) Granting Related Relief* ("Sale Order") [Docket No. 577]. Among other things, the Sale Order approved WCGZ Ltd. as the successful bidder (the "Buyer") and authorized the assumption and assignment to it of certain executory contracts and leases (collectively, the "Assumed Contracts").

The Buyer subsequently identified to the Trustee the specific executory contracts and leases which would constitute the Assumed Contracts. On June 25, 2018, the Trustee filed a *Notice pf Rejection of Certain Executory Contracts and Deadline to File Proof of Claim Based On Rejection Of Such Executory Contracts* (the "Notice Of Assumed Contracts") [Docket No. 596] designating those leases and executory contracts which the Buyer agreed to have be assumed and assigned. The Claimant's contract was not included in that designation. Accordingly, the Claimant's contract was deemed rejected by operation of law.

### C.      The Administrative Claims Bar Date And The Claim.

On October 22, 2018, the Trustee filed and served the *Notice Of Deadline For Filing Requests For Payment Of Chapter 11 Administrative Claims That Arose Between January 11, 2018 And June 15, 2018* [Docket No. 714] (the "Administrative Claim Bar Date Notice"), setting November 21, 2018 as the bar date for filing chapter 11 administrative claims (the "Bar Date").

On or about November 13, 2018, the Claimant filed the Claim which was assigned claim number 74-1 by the court clerk requesting payment in the sum of $2,121.60. A true and correct copy of the Claim is attached hereto as Exhibit "1". The Claim reflects that it is for "affiliate marketing

---

[1] The Trustee believes that the commission agreement was not an executory contract. But, if it was an executory contract, it was not an Assumed Contract, as that term is defined below.

5

commission owed" and attached to it is a list of dates and amounts due. A copy of the commission contract was not provided by the Claimant and the Claim is unsupported by any other evidence.

## II. ARGUMENT.

### A. The Claimant Has the Burden to Prove the Validity of its Administrative Expense Claim.

The allowance of an administrative expense claim is codified in section 503(b) of the Bankruptcy Code, which states in relevant part:

After notice and a hearing, there shall be allowed administrative expenses . . . including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . . 11 U.S.C. § 503 (b)(1)(A). Unlike general unsecured proofs of claims, administrative claims lack presumptive validity. *In re Blanchard,* 547 B.R. 347, 352 (Bankr.C.D. Cal. 2016). "The burden of proving an administrative expense claim is on the claimant." *Microsoft Corp. v. DAK Indus. (In re DAK Indus.),* 66 F.3d, 1091,1094 (9th Cir. 1995); *see also Einstein/Noah Bagel Corp. v. Smith* (*In re BCE West LP*), 319 F.3d 1166, 1173 (9th Cir. 2003). "The administrative expense applicant must prove entitlement to the requested reimbursement by a preponderance of the evidence." *Gull Indus. v. John Mitchell, Inc. (In re Hanna)*, 168 B.R. 386, 388 (9th Cir. BAP 1994). The Claimant has not met its burden that it is entitled to an administrative expense.

### B. The Claim Arose Prepetition And Is Not Entitled To Be Allowed As An Administrative Expense.

The Claim reflects that it is for "affiliate marketing commission owed" and attached to it is a list of dates and amounts due. A copy of the commission contract was not provided by the Claimant and the Claim is unsupported by any other evidence. The Claim reflects that it is for "affiliate marketing commission owed" and attached to it is a list of dates and amounts due. A copy of the commission contract is not provided, but it appears to be a prepetition agreement because a number of the dates on the attachment predate January 11, 2018 when the Debtors initiated these cases. The Claimant did not provide any evidence that he/she was required to, and did, provide material post-petition services to generate the commissions.

6

As set forth in 11 U.S.C. § 503(1)(A)(i), the plain meaning of the phrase "...commissions for services rendered after the commencement of the case" unambiguously requires that the services '(1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate.'" *Blanchard,* 547 B.R. at 352 *quoting In re DAK Indus., Inc.*, 66 F.3d at 1094. "[F]ederal law determines when a claim arises under the Bankruptcy Code." *In re SNTL Corp.* ("*STNL Corp*"), 571 F.3d 826, 839 (9th Cir. 2009). A claim exists "whenever a party has a right to payment, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 105(A). The Bankruptcy Code utilizes this exceptionally broad definition of the term "claim" in order to ensure that "all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." *Id.* at 838 *quoting Cal. Dep't of Health Servs. v. Jensen* ("*In re Jensen*"), 995 F.2d 925, 929-30 (9th Cir. 1993)); *In re Christian Life Ctr.*, 821 F.2d 1370, 1375 (9th Cir. 1987) (Congress intended to provide "'the broadest possible definition' of claims so that 'all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.'" (quoting S. Rep. No. 95-989, at 22 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5808)).

To determine when a claim arises, the Ninth Circuit ordinarily employs the "fair contemplation" test. *SNTL Corp.*, 571 F.3d at 839*; In re Jensen*, 995 F.2d at 930. A claim arises when the claimant "can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." *SNTL Corp.,* 571 F.3d at 839 *citing Cool Fuel, Inc. v. Bd. of Equalization*, 210 F.3d 999, 1007 (9th Cir. 2000)). As explained in *STNL Corp.*, if a right to payment exists upon the occurrence of a future contingency, a claim is allowable as a prepetition claim under Section 502(b)(1) even if that contingency is satisfied postpetition. *Id.* at 538. The timing of the happenstance of when the contingency occurs does not control a claim's characterization. Thus, "[i]f the creditor's services have been fully performed pre-petition and all that

remains is the payment of money", the claim is a general unsecured claim, not an administrative claim. *In re HSD Venture,* 178 B.R. 831, 836 (Bankr.S.D.Cal. 1985).

The Commission Agreement appears to have been entered prepetition with the prepetition Debtors. The fact that a sale may have occurred postpetition or the amount of the commission due was not fixed as to the amount or date until after the petition date does not serve to transmute the Claim from a general unsecured claim into an allowable administrative expense.

### C.    The Commission Agreement Was Not An Assumable Executory Contract.

The Trustee believes the commission agreement was not executory. The Ninth Circuit noted that it had recently defined the standard for determining whether a contract is executory:

> Although the Code does not define "executory contract," courts have generally defined such a contract as one on which performance is due to some extent on both sides.... [I]n executory contracts the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other.
>
> This means that when a party has "substantially performed" its side of the bargain, such that the party's failure to perform further would not constitute a material breach excusing performance by the other party, a contract is not executory. *Pacific Express, Inc. v. Teknekron Infoswitch Corp.* (*In re Pacific Express, Inc.*), 780 F.2d 1482, 1487–88 (9th Cir. 1986). **The party who has fully performed is thus relegated to the position of a general creditor of the bankrupt estate.** *Id. at* 1130  (*quoting Griffel v. Murphy* (*In re Wegner*), 839 F.2d 533, 536 (9th Cir. 1987) (citation omitted) (emphasis added).

A commission agreement is performed when a buyer is procured and is not made executory by a provision conditioning payment on closing the sale. *Id.*at 1131. Thus, any commission due Claimant was already earned prepetition. The Claimant has provided no evidence that he/she provided material post-petition services to generate any commissions due pursuant to the parties' agreement. The agreement was not an assumable executory contract and the Claim must be disallowed as an administrative expense.

8

### D. Even If The Commission Agreement Was An Assumable Executory Contract, It Was Rejected.

Even if the commission agreement between the parties had been an assumable contract, it was not an Assumed Contract. Rejection of an executory contract constitutes a breach of such contract "immediately before the date of the filing of the petition." 11 U.S.C. §365(g)(1). In turn, the claim which arises from the rejection is a dischargeable prepetition claim against the estate. 11 U.S.C. § 502(g)(1). *See also, NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 532 (1984) (A claim based upon an executory contract which was not assumed "is not an enforceable contract" of the estate and rejection is deemed a prepetition breach of contract; the counterparty is a creditor entitled to a prepetition claim for damages). The Claim must be disallowed in its entirety as an administrative expense.

## III. RESERVATION OF RIGHTS.

The Trustee has not attempted to raise in this Motion each defense, counterclaim, or setoff that may apply to the Claim.  If a response to this Motion is received, the Trustee reserves the right to amend or supplement it, or file additional pleadings to assert any defenses, counterclaims, and/or setoffs against the Claim.  The Trustee reserves the right to file future pleadings to challenge the validity, amount, or status of the Claim upon different grounds than set forth herein or otherwise.

//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION.

For the reasons set forth herein, the Trustee respectfully requests that the Court enter an order: (a) granting the Motion; (b) disallowing the Claim as an administrative expense; and (c) granting such other and further relief as may be appropriate under the circumstances.

Dated: November 8, 2021    LAW OFFICES OF BRADLEY E. BROOK, APC

By: *Bradley E. Brook* _____
Bradley E. Brook, Esq.
Special counsel for David K. Gottlieb, Chapter 7 Trustee

*Submitted by:*

Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   lcantor@pszjlaw.com

By: */s/ Linda F. Cantor*_____
Linda F. Cantor
Counsel for David K. Gottlieb, Chapter 7 Trustee
of Penthouse Global Media, Inc. and its debtor affiliates

## DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1. I am the duly appointed chapter 7 trustee (the "Trustee") of Penthouse Global Media, Inc. and its debtor subsidiaries. I make this Declaration in support of the *Motion Of Trustee For Order Disallowing Request For Payment Of Administrative Claim No. 74-1 Filed By Arash Dadashzadeh ("Claimant") in the sum of $2,121.60* (the "Motion"). All capitalized terms used but not defined in this Declaration have the meanings ascribed to them in the Motion.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others under my supervision), my review of the books and records of the Debtors, the Administrative Claims and other pleadings filed in this case, or my opinion based on my experience as a consultant and financial advisor for trustees. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. Attached hereto as Exhibit "1" is a true and correct copy of Claim Number 74-1 and have reviewed it with persons under my supervision. The Claim reflects that it is for "affiliate marketing commission owed" and attached to it is a list of dates and amounts due. A copy of the commission contract is not provided, but it appears to be a prepetition agreement because a number of the dates on the attachment predate January 11, 2018 when the Debtors initiated these cases. The Claimant did not provide any evidence that he/she was required to, and did, provide material post-petition services to generate the commissions. As such, the Claimant has not met his/her burden of proof that the Claim is an allowable administrative expense and it must be disallowed.

4. As such, I respectfully request the entry of an order granting the Motion and disallowing the Claim as an administrative claim against the Debtors' estates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 8th day of November, 2021 at Calabasas, California.

_____
David K. Gottlieb

11

# EXHIBIT "1"

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA SAN FERNANDO VALLEY DIVISION | REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM | Administrative Expense Claims Bar Date October 22, 2018 **FILED OCT 26 2018** CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk |
|---|---|---|

USE OF THIS FORM IS VOLUNTARY - NOT MANDATORY - NO REPRESENTATION AS TO THE ADEQUACY OF THIS FORM IS MADE. THIS FORM MAY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST THE BELOW DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS ARISING ON OR AFTER JANUARY 11, 2018.

In re: PENTHOUSE GLOBAL MEDIA, INC, Debtor, Case no. 1:18-bk-10098-MB
(Lead Case - Jointly Administered)

Penthouse Global Broadcasting, Inc. 1:18-bk-10099-MB; Penthouse Global Licensing, Inc. 1:18-bk-10101-MB; Penthouse Global Digital, Inc. 1:18-bk-10102-MB; Penthouse Global Publishing, Inc. 1:18-bk-10103-MB; GMI Online Ventures, Ltd. 1:18-bk-10104-MB; Penthouse Digital Media Productions, Inc. 1:18-bk-10105-MB; Tan Door Media, Inc. 1:18-bk-10106-MB; Penthouse Images Acquisitions, Ltd. 1:18-bk-10107-MB; Pure Entertainment Telecommunications, Inc. 1:18-bk-10108-MB; XVHUB Group, Inc. 1:18-bk-10109-MB; General Media Communications, Inc. 1:18-bk-10110-MB; General Media Entertainment, Inc. 1:18-bk-10111-MB; Danni Ashe, Inc. 1:18-bk-10112-MB; Streamray Studios, Inc. 1:18-bk-10113-MB

| Name of Creditor (The person or entity to whom the debtor owes money or property) Arash Dadashzadeh | Name, Address and tel. no. of Creditor Arash Dadashzadeh 5420 Kodiak Mountain Dr Yorba Linda, CA 92887 (702) 981-0370 |
|---|---|

1. BASIS FOR CLAIM (check one):
   __ Goods sold    __ Services performed
   __ Money loaned
   X Other (Specify): affiliate marketing commission owed

2. DESCRIPTION OF CLAIM (IF KNOWN):

3. TOTAL AMOUNT OF CLAIM: **$2,121.60**

4. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. Do not send original documents.

Date: 10/22/2018

Sign and print the name and title, if any, of the creditor or other person authorized to file this Claim
Arash Dadashzadeh *[signature]*

All Requests for Payment of Administrative Claims must be filed with the United States Bankruptcy Court for the Central District of California on the main case docket (not the claims docket) on or before the Chapter 11 Administrative Bar Date or sent by first class U.S. Mail, overnight delivery or hand delivery so as to be received on or before the Chapter 11 Administrative Bar Date, to: **UNITED STATES BANKRUPTCY COURT CLERK OF THE COURT 21041 BURBANK BLVD. WOODLAND HILLS, CA 91367 w/ a copy to** Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100, Attention: Linda F. Cantor

10/22/2018

Penthouse Affiliates

**Parago**

Logged in as **Arash Dadashzadeh**   Settin

- Remove Quick Link   You have 0 unread messages | 0 new

| **Dashboard** | **Statistics** | **Ad Tools** | **My Account** | **Support** |
|---|---|---|---|---|
| General overview information | View detailed statistics | Setup promotional materials | Manage your account details | Get in touch with us |

**Warning: You are Unable to Receive Payments!**
Your W9 has been submitted, and is pending approval.

# Payment History

**Navigation**

Account Details
Settings
Account Change Log
Login History
Messages
Manage Quick Links
Campaigns
▶ Payment History

**Payment Summary**

| Current Account Balance: | $196.58 |
|---|---|
| Payments Ready to Send: | $2,121.60 |
| Total Payments Sent: | $1,833.00 |

**Choose Skin**

Skin:
--- PenthouseCash ---

Language:
English

APPLY CHANGES

**Payment History**

View as:

| Stored | Status | Payment Sent | Received | Amount | Method |
|---|---|---|---|---|---|
| Not Yet Stored | Outstanding | Not Yet Paid | Not Paid | $196.58 | Not Yet Set |
| 2017-11-01 | Pending | Not Yet Paid | Not Paid | $288.08 | Check |
| 2017-12-01 | Pending | Not Yet Paid | Not Paid | $253.18 | Check |
| 2018-01-01 | Pending | Not Yet Paid | Not Paid | $278.47 | Check |
| 2018-02-01 | Pending | Not Yet Paid | Not Paid | $331.43 | Check |
| 2018-03-01 | Pending | Not Yet Paid | Not Paid | $179.76 | Check |
| 2018-04-01 | Pending | Not Yet Paid | Not Paid | $230.69 | Check |
| 2018-05-01 | Pending | Not Yet Paid | Not Paid | $164.72 | Check |
| 2018-06-16 | Pending | Not Yet Paid | Not Paid | $208.13 | Check |
| 2018-08-01 | Pending | Not Yet Paid | Not Paid | $187.14 | Check |
| 2017-02-01 | Paid | 2017-03-03 | Mark Received | $202.29 | Check |
| 2017-04-16 | Paid | 2017-05-05 | Mark Received | $256.13 | Check |
| 2017-06-01 | Paid | 2017-07-11 | Mark Received | $298.95 | Check |
| 2017-07-01 | Paid | 2017-12-31 | Mark Received | $301.81 | Check |
| 2017-08-01 | Paid | 2017-12-31 | Mark Received | $252.11 | Check |
| 2017-09-01 | Paid | 2017-12-31 | Mark Received | $279.56 | Check |
| 2017-10-01 | Paid | 2017-12-31 | Mark Received | $242.15 | Check |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled **NOTICE OF OBJECTION TO CLAIM** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 8, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **November 8, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Arash Dadashzadeh
5420 Kediak Mountain Dr
Yorba Linda, CA 92887

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 8, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 8, 2021 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## 1. 1:18-bk-10098-MB Notice will be electronically mailed to:

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyb.com

Stephen F Biegenzahn on behalf of Creditor Eli B. Dubrow
efile@sfblaw.com

Paul M Brent on behalf of Interested Party WGCZ Ltd., S.R.O.
snb300@aol.com

Bradley E Brook on behalf of Plaintiff DAVID K GOTTLIEB
bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Plaintiff DAVID K GOTTLIEB
bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Trustee David Keith Gottlieb (TR)
bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com

Linda F Cantor, ESQ on behalf of Debtor Penthouse Global Media, Inc.
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee David Keith Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Carol Chow on behalf of Interested Party Jerrick Media Holdings, Inc.
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Carol Chow on behalf of Interested Party Jerrick Ventures LLC
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Joseph Corrigan on behalf of Creditor Iron Mountain Information Management, LLC
Bankruptcy2@ironmountain.com

Brian L Davidoff on behalf of Interested Party Silver Reel Entertainment Mezzanine Fund, L.P.
bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inoruptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inoruptcy.com

Jeffrey K Garfinkle on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com, docket@buchalter.com;dcyrankowski@buchalter.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com

Mirco J Haag on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com, dcyrankowski@buchalter.com;docket@buchalter.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inoruptcy.com;ccaldwell@sulmeyerlaw.com

Mark S Horoupian on behalf of Interested Party WSM Investment, LLC dba TOPCO Sales
mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inoruptcy.com;ccaldwell@sulmeyerlaw.com

Razmig Izakelian on behalf of Interested Party WGCZ Ltd., S.R.O.
razmigizakelian@quinnemanuel.com

John P Kreis on behalf of Creditor Claxson Media LLC
jkreis@kreislaw.com, j.kreis@ca.rr.com

Michael D Kwasigroch on behalf of Defendant Revideo, Inc.
attorneyforlife@aol.com

Michael D Kwasigroch on behalf of Defendant Kelly Holland
attorneyforlife@aol.com

Michael D Kwasigroch on behalf of Defendant Robert Campbell
attorneyforlife@aol.com

Andrew B Levin on behalf of Interested Party Kirkendoll Management LLC
alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com

Peter W Lianides on behalf of Interested Party Kirkendoll Management LLC
plianides@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Krikor J Meshefejian on behalf of Creditor Interested Party
kjm@lnbyb.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Interested Party Courtesy NEF
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Iain A W Nasatir on behalf of Trustee David Keith Gottlieb (TR)
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors
hrafatjoo@raineslaw.com, bclark@raineslaw.com

S. Marguax Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV

Michael St James on behalf of Creditor Interested Party
ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com

Michael St James on behalf of Interested Party Michael St. James
ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com

Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP
steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com

Cathy Ta on behalf of Creditor Penthouse Clubs Worldwide, LLC
cathyta@cathyta.net

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss mhw@mhw-pc.com,

Michael H Weiss on behalf of Debtor Danni Ashe, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media Communications, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor General Media Entertainment, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Digital Media Productions, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Broadcasting, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Digital, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Licensing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Global Media, Inc.
mhw@mhw-pc.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Michael H Weiss on behalf of Debtor Penthouse Global Publishing, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Penthouse Images Acquisitions, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Pure Entertainment Telecommunications, Inc. fka For Your Ears Only, Ltd.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Streamray Studios, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor Tan Door Media, Inc.
mhw@mhw-pc.com

Michael H Weiss on behalf of Debtor XVHUB Group, Inc.
mhw@mhw-pc.com

Marc J Winthrop on behalf of Interested Party Kirkendoll Management LLC
mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com

Christopher K.S. Wong on behalf of Creditor LSC Communications US, LLC / Creel Printing
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Beth Ann R Young on behalf of Creditor Dream Media Corporation
bry@lnbyb.com

Beth Ann R Young on behalf of Creditor Interested Party
bry@lnbyb.com

**2. SERVED BY UNITED STATES MAIL**:

*Debtor*
Penthouse Global Media, Inc.
8944 Mason Ave.
Chatsworth, CA 91311

*Counsel for Debtor*
Michael H. Weiss, Esq., P.C.
8581 Santa Monica Boulevard, #4
West Hollywood, CA 90069

*Trustee*
David K. Gottlieb
Managing Member
D. Gottlieb & Associates, LLC
16255 Ventura Blvd., Suite 440
Encino, California, 91436

*Office of U.S. Trustee*
**Kate Bunker**
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017