Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: 310/277-6910
Facsimile: 310/201-0760
E-mail: lcantor@pszjlaw.com

Attorneys for Attorneys for David K. Gottlieb, Chapter 7 Trustee
and Former Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtors. | Case No.: 1:18-bk-10098-MB<br>Chapter 7<br><br>Jointly Administered with Cases Nos.:<br>1:18-bk-10099-MB; 1:18-bk-10101-MB;<br>1:18-bk-10102-MB; 1:18-bk-10103-MB;<br>1:18-bk-10104-MB; 1:18-bk-10105-MB;<br>1:18-bk-10106-MB; 1:18-bk-10107-MB;<br>1:18-bk-10108-MB; 1:18-bk-10109-MB;<br>1:18-bk-10110-MB; 1:18-bk-10111-MB;<br>1:18-bk-10112-MB; 1:18-bk-10113-MB |

☒ Affects All Debtors
☐ Affects Penthouse Global Broadcasting, Inc.
☐ Affects Penthouse Global Licensing, Inc.
☐ Affects Penthouse Global Digital, Inc.
☐ Affects Penthouse Global Publishing, Inc.
☐ Affects GMI Online Ventures, Ltd.
☐ Affects Penthouse Digital Media Productions, Inc.
☐ Affects Tan Door Media, Inc.
☐ Affects Penthouse Images Acquisitions, Ltd.
☐ Affects Pure Entertainment Telecommunications, Inc.
☐ Affects XVHUB Group, Inc.
☐ Affects General Media Communications, Inc.
☐ Affects General Media Entertainment, Inc.
☐ Affects Danni Ashe, Inc.
☐ Affects Steamray Studios, Inc.

**CHAPTER 7 TRUSTEE'S MOTION FOR SUBSTANTIVE CONSOLIDATION OF THE DEBTORS' ESTATES AND FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**

**[DECLARATION OF DAVID K. GOTTLIEB FILED CONCURRENTLY HEREWITH]**

**Hearing**
Date: March 21, 2023
Time: 11:00 a.m.
Place: U.S. Bankruptcy Court -
Central District of California
21041 Burbank Boulevard
Suite 342/ Courtroom 303
Woodland Hills, CA 91367
Judge: Hon. Martin R. Barash

David K. Gottlieb, the duly appointed Chapter 7 trustee (the "Trustee") in the jointly

administered bankruptcy cases (the "Cases") of Penthouse Global Media, Inc. ("Penthouse") and its

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   above-captioned subsidiary debtor entities (collectively with Penthouse, the "Debtors"), hereby

2   moves (the "Motion") the Court for entry of an order, pursuant to Bankruptcy Code section 105,

3   substantively consolidating the ten remaining Debtors' estates (the "Estates")[1] and modifying the

4   consolidated case caption accordingly.  In support of the Motion, the Trustee respectfully represents

5   as follows.

6        Substantive consolidation is warranted under the circumstances of these cases.  The Debtors

7   operated as an integrated entity, commingled assets and receipts, made disbursements from a single

8   account, jointly borrowed money, and pledged the entirety of their collective assets to Dream Media

9   Corporation ("Dream Media") prior to their respective petition dates.  By virtue of a settlement

10   between the Chapter 11 Trustee and Dream Media, the entirety of the Debtors' assets were sold and

11   Dream Media carved out from its collateral and its collateral proceeds certain funds and assets for

12   the benefit of all of the Debtors' creditors.  Thus, the funds that are currently available for

13   distribution to creditors were specifically earmarked for all creditors of these Estates.

14        Further, the creditors of each of the Debtors to receive a distribution in these cases are

15   identical.  The Chapter 7 claims consist of claims against the Estates as a whole, primarily claims of

16   professionals retained by the Trustee for services rendered to the Chapter 7 Trustee on behalf of the

17   Estates.  The chapter 11 Estates are administratively insolvent and only a percentage of chapter 11

18   administrative claims will be paid.  Those claims consist of claims of Estate professionals (rendered

19   for the benefit of all Estates) and chapter 11 vendor claims filed against all of the Debtors, as

20   described below.  In sum, all administrative creditors of the chapter 7 and chapter 11 Estates are

21   identical and will share, in accordance with the priorities set forth in the Bankruptcy Code, in funds

22   earmarked for all creditors under the Dream Media settlement.

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] Pursuant to the *Order Approving Settlement Between The Chapter 7 Trustee And WGCZ Ltd., S.R.O and Its Assignees Per Bankruptcy Rule 9019 and Authorizing The Trustee To Sell The Estate's Equity Interest In Certain Property Pursuant To 11 U.S.C. § 363* [Dkt. No. 927], the stock of five Penthouse subsidiaries were transferred to WGCZ LTD., S.R.O, the purchaser of the Debtors' assets, and the cases of those subsidiaries (collectively, the "Transferred Entities") were dismissed. *See Order Granting Motion Of Chapter 7 Trustee For Entry Of An Order Dismissing Chapter 7 Cases Of GMI Online Ventures, Ltd., Penthouse Digital Media Productions, Inc., Tan Door Media, Inc., General Media Communications, Inc. And Danni Ashe, Inc.* [Dkt. No. 928]. The Motion concerns the remaining ten Debtors.

1        Substantive consolidation is an equitable remedy meant to confer equal treatment to creditors

2   of individual debtors that operated as a whole.[2]  Here, as a result of the combined pool of assets

3   available for distribution to all creditors under the Dream Media settlement, and the administrative

4   insolvency of the Chapter 11 Estates, the treatment of creditors of these Estates is no different than

5   had the Debtors' Estates previously been substantively consolidated.  However, as they were not and

6   substantive consolidation being appropriate under the facts of these cases, the Trustee seeks an order

7   approving the substantive consolidation of the Debtors' Estates at this juncture in order to complete

8   the administration of these Estates, file a single consolidated final report with the Office of the

9   United States Trustee and close these cases.

10       This Motion is supported by the accompanying Memorandum of Points and Authorities, the

11  Declaration of David Gottlieb filed concurrently herewith, and the entire record before the Court in

12  these Bankruptcy Cases.

13  Dated: February 27, 2023       PACHULKSI STANG ZIEHL & JONES LLP

14

15             By:    /s/Linda F. Cantor

16                  Linda F. Cantor
              Attorneys for David K. Gottlieb, Chapter 7 Trustee and
              Former Chapter 11 Trustee

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[2] *See, e.g., Alexander v. Compton (In re Bonham)*, 229 F. 3d 750, 764 (9th Cir. 2000) (The primary purpose of substantive consolidation is to "ensure the equitable treatment of all creditors.")

1

# MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## STATEMENT OF FACTS

4      The Debtors commenced these cases by the filing of voluntary petitions for relief under

5   chapter 11 of the Bankruptcy Code on January 11, 2018 (the "Petition Date").  On March 6, 2018,

6   David K. Gottlieb was appointed chapter 11 trustee of the Debtors' Estates ("Chapter 11 Trustee").[3]

7   After his appointment, the Chapter 11 Trustee retained Province, Inc. ("Province") as his financial

8   advisors and Pachulski Stang Ziehl Jones LLP ("PSZJ") as his general bankruptcy counsel, opened

9   bank accounts, met with the Debtors' personnel, met with creditors and met with Dream Media with

10   whom he negotiated stipulations for the use of cash collateral while assessing whether the Debtors

11   could continue operations.[4]

12      The Debtors' books and records were in extreme disarray.  For the first five weeks after his

13   appointment, Province worked full time on-site at the Debtors' premises on a daily basis (including

14   weekends) reviewing and reconciling the Debtors' books and records, analyzing cash flow and

15   developing projections.  Many of the Debtors' payments were made by Penthouse, and the

16   accounting methods used by the Debtors required extensive use of intercompany transactions which

17   were not properly recorded.[5]  Among other things, Province determined that the Debtors were

18   continuing to lose money.  The Debtors had incurred approximately $400,000 of post-petition

19   operating obligations between the Petition Date and March 5, 2018; professional fees incurred prior

20   to the Trustee's appointment amounted to approximately $305,755, and according to projections by

21   the Trustee's financial advisor, the Debtors would lose approximately $732,000 between April

22   through June 2018.[6]  Given the extensive and mounting operational losses, the Trustee determined

23   that reorganization was not feasible.[7]

24

---

25   [3] *See Notice of Appointment of Chapter 11 Trustee* [Dkt. No. 236].

26   [4] *See* Declaration of David K. Gottlieb filed concurrently herewith (the "Gottlieb Declaration") at para. 4.

27   [5] *See Motion of David Gottlieb, Chapter 11 Trustee, For Order Converting Cases to Chapter 7 Nunc Pro Tunc to March 6, 2018* [Dkt No. 302]

   [6] *See Id.*

28   [7] *See* Gottlieb Declaration at para 5.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    The Trustee and his professionals also analyzed the secured claim held by Dream Media in

2    the amount of $10.4 million as of the Petition Date, accruing $200,000 monthly postpetition interest

3    to the extent oversecured.  Based on his analysis, and under the circumstances of these cases, the

4    Trustee determined that it was in the best interests of the Estates to negotiate a settlement with

5    Dream Media.[8]  Under that settlement, the Debtors' collective assets were to be sold to Dream

6    Media, subject to overbid at auction, and Dream Media agreed to carve-out from the proceeds of its

7    collateral a sum of money (plus certain specified additional assets for recovery by the Trustee) for

8    the benefit of the Estates' creditors.[9]  The settlement was approved, a sale subject to overbid was

9    held, and a third party bidder was the successful bidder at the auction of the Debtors' assets.[10]  The

10   sale closed on June 15, 2018, after which all business operations of the Debtors ceased.  The

11   proceeds of the Dream Media collateral and specified assets carved out for all creditors are the

12   source of funds in these Estates.[11]

13   The Chapter 11 Trustee set a bar date of November 11, 2018 for the filing of administrative

14   claims incurred against the Debtors' Estates between the Petition Date and June 15, 2018, the date

15   when operations ceased.  Given the collective source of funds for all creditors resulting from the

16   Dream Media settlement, the notice did not distinguish between the Debtor entities but rather

17   referenced any claim against the Estate of the Debtors.  The notice stated:

18                 The Bankruptcy Court has set November 21, 2018 as the deadline (the
                   "Chapter 11 Administrative Bar Date") for parties who incurred chapter
19                 11 administrative claims between January 11, 2018 and June 15, 2018,
                   to assert administrative claims (an "Administrative Claim") against the
20                 chapter 11 estate (the "Estate") of Penthouse Global Media, Inc. and its
                   debtor subsidiaries (collectively, the "Debtors").[12]
21

22   _____

     [8] *See* Gottlieb Declaration at para 6.
23
     [9] *See Motion for Order to Approve Settlement with Dream Media, Inc.* [Dkt. No. 325], approved by order dated May 16,
24   2018 [Dkt. No. 478].

     [10] *See Order (A) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and
25   Interests; (B) Scheduling Auction and Sale Hearing; (C) Approving Sale Procedures and Notice of Sale; and (D)
     Granting Related Relief [Dkt. No. 327] ("Sale Motion"); and the Court's Order (A) Approving Sale Motion, (B)
26   Scheduling Auction and Hearing for Sale of Substantially All Assets of the Debtors; (C) Approving Sale Procedures; and
     (D) Granting Related Relief* [Dkt. No. 577].

27   [11] *See* Gottlieb Declaration at para 6.

28   [12] See *Notice Of Deadline For Filing Requests For Payment Of Chapter 11 Administrative Claims That Arose Between
     January 11, 2018 And June 15, 2018* [Dkt. No. 714].

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    In response to the bar date notice, approximately $2.29 million in administrative claims were

2    filed against the Debtors. In addition to these filed claims, chapter 11 Estate professionals incurred

3    fees and expenses that were not the subject of prior fee applications[13] (collectively, the "Chapter 11

4    Administrative Claims").

5    These cases were converted to cases under chapter 7 by order entered March 12, 2019[14],

6    David Gottlieb was appointed chapter 7 trustee (the "Chapter 7 Trustee"), and the Chapter 7 Trustee

7    retained professionals to represent him in the administration of the chapter 7 Debtors' Estates.[15]

8    Claims against and causes of action of the Debtors have now been fully administered, and a final

9    report for closing the cases is ready for submission.[16] Applications for approval of fees and

10   expenses of professionals retained by the Chapter 7 Trustee (the "Chapter 7 Professional Claims")

11   have been filed and will be presented to the Court. Subject to approval, the Chapter 7 Professional

12   Claims along with chapter 7 administrative claims owed to the Office of the United States Trustee

13   (collectively, the "Chapter 7 Administrative Claims") will be paid at the conclusion of these cases.

14   The chapter 11 Estates are administratively insolvent. Chapter 11 Administrative Claims are

15   estimated to receive a distribution of approximately 67% on their claims, consistent with the

16   percentage paid to professionals under the First Interim Fee Order.[17]

17   The Chapter 7 Administrative Claims and the Chapter 11 Administrative Claims are asserted

18   against all of the Debtors' Estates. The source of funds available to pay those claims is the carve-out

19   from the sale proceeds of the Dream Media collateral, funds earmarked for the benefit of all

20   creditors under the Dream Media settlement.

21

---

22   [13] Chapter 11 Estate professionals previously received 67% payment on their allowed fees and expenses for the period
     January 11, 2018 and August 31, 2018. *See Order Granting Interim Fee Applications Filed By 1) David K. Gottlieb,

23   Chapter 11 Trustee 2) Akerman LLP; 3) BPE&H, 4) Pachulski Stang Ziehl & Jones LLP, 5) Province, Inc., 6) Raines
     Feldman LLP, and 7) Weiss & Spees, LLP On An Interim Basis* [Docket No. 715] (the "First Interim Fee Order").

24   Additional fees and expenses were incurred between September 1, 2018 and March 11, 2019.

     [14] *See Order Converting Cases to Chapter 7* [Dkt. No. 810].

25
     [15] *See Interim Trustee Appointment / Request for Notice of 341 Meeting* [Docket No. 811]; Orders authorizing and

26   approving chapter 7 Trustee's applications to employ (i) Pachulski Stang Ziehl & Jones LLP as general bankruptcy
     counsel [Dkt. No. 874]; (ii) *BPE&H, an Accountancy Corporation, as Special Tax Advisors* [Dkt. No. 875]; *Law Offices

27   of Bradley E. Brook, APC as Special Counsel* [Dkt. No. 876]; and *Province Inc., as Financial Advisor* [Dkt. No. 877].

     [16] *See* Gottlieb Declaration at para 8.
28   [17] *Id.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## II.

## RELIEF REQUESTED

The Trustee requests an order (a) substantively consolidating the cases of Penthouse Global Media, Inc., case number 1:18-bk-10098-MB, with its nine remaining subsidiary debtor entities: Penthouse Global Broadcasting, Inc., 1:18 bk-1099-MB; Penthouse Global Licensing, Inc., 1:18 bk-10101-MB; Penthouse Global Digital, Inc., 1:18 bk-10102-MB; Penthouse Global Publishing, Inc., 1:18 bk-10103-MB; Penthouse Images Acquisitions, Ltd., 1:18 bk-10107-MB; Pure Entertainment Telecommunications, Inc., 1:18 bk-10108-MB; XVHUB Group, Inc., 1:18 bk-10109-MB; General Media Entertainment, Inc., 1:18 bk-10111-MB; and Steamray Studios, Inc., 1:18 bk-10113-MB, pursuant to the Court's general equity powers under section 105 of the Bankruptcy Code and applicable Ninth Circuit law, and (b) modifying the case caption accordingly  The assets of the Debtors in these cases have already been pooled by virtue of the collateral proceeds carve-out under the Dream Media settlement, and each of the Debtors share liability for the administrative claims incurred on behalf of all of the Estates.  Therefore, substantive consolidation will have no adverse effect on any creditor, and will reduce any administrative delay in the closing of these cases and allow the Chapter 7 trustee to file a single final report concerning the substantively consolidated Debtors.[18]  A proposed form of order is attached hereto as **Exhibit A**.

## III.

## JURISDICTION

The Court has jurisdiction over the Bankruptcy Cases under 28 U.S.C. §§ 157 and 1334. This matter presents a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtors' principal residence and place of business is located in Los Angeles County, California.  Accordingly, venue of the Bankruptcy Cases is proper in the Central District of California under 28 U.S.C. §§ 1408 and 1409.

---

[18] *See* Gottlieb Declaration at para 10.

**IV.**

**ARGUMENT**

**A.    Substantive Consolidation Is Appropriate Pursuant to the Ninth Circuit Test Set Forth in *In re Bonham.***

Substantive consolidation derives from the Court's general equity powers under section 105 of the Bankruptcy Code. *Alexander v. Compton (In re Bonham)*, 229 F. 3d 750, 763 (9th Cir. 2000) ("The bankruptcy court's power of substantive consolidation has been considered part of the bankruptcy court's general equitable powers since the passage of the Bankruptcy Act of 1898.")[19] The effect of substantive consolidation is to combine the assets and liabilities of separate, but related debtors to create a single fund from which all claims are satisfied and duplicate and intercompany claims are extinguished. *Id.* at 764. The primary purpose of substantive consolidation is to "ensure the equitable treatment of all creditors." *Id.*

The Ninth Circuit in *In re Bonham* adopted the following test articulated by the Second Circuit in *In re Augie/Restivo Baking Co., Ltd.,* 860 F. 2d 515 (2d Cir. 1988), which considers one of the following two factors to determine whether substantive consolidation is appropriate.

> (1) Whether creditors dealt with entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors.

*In re Bonham,* 229 F. 3d at 766.[20] The presence of either factor will support an order of substantive consolidation. *Id.* The Ninth Circuit went to great lengths to examine similar tests used by other circuits, and to analyze the facts supporting consolidation. *Id.* at 763-71 (denial of substantive consolidation reversed and remanded with instructions to order substantive consolidation). In so

---

[19] Section 105(a) of the Bankruptcy Code provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

[20] The *Bonham* court rejected adoption of a "similar but not identical test" applied by the D.C. Circuit in *Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp., Inc.),* 810 F. 2d 270, 276 (D.C. Cir. 1987). Under the *Auto-Train* test, the proponent of consolidation must demonstrate that (1) there is a substantial identity between the entities, and (2) consolidation is necessary to avoid some harm or to realize some benefit. After the prima facie case is made, the burden shifts to an objecting creditor to show that (1) it relied on the separate credit of one of the entities, and (2) it will be prejudiced by substantive consolidation. If the objecting creditor successfully meets its burden, "the court may order consolidation only if it determines that the demonstrated benefits of consolidation 'heavily' outweigh the harm." *In re Bonham,* 229 F. 3d at 765-66 (citing *In re Auto-Train*).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

doing, the Ninth Circuit in *Bonham* emphasized that no uniform guideline exists to determine

substantive consolidation, and courts must make the determination on a case-by-case basis with

reference to the facts to ensure that consolidation achieves its purpose of fairness to all creditors. *Id.*

at 765.

The primary purpose of substantive consolidation "is to ensure the equitable treatment of all

creditors." *Id.* at 765 (citing *Augie/Restivo*, 860 F.2d 515 (2d Cir. 1988)). That does not mean that

the effect of substantive consolidation must benefit each and every creditors or benefit each and

every creditor in the same manner. Instead,

> [s]ubstantive consolidation is not necessarily concerned with the best interest
> of all of the creditors, but an equitable treatment of and fairness to all
> creditors. The best interest of some creditors may be to receive treatment at
> the expense of, and which is unfair to, other creditors.  Such would result in
> the inequitable treatment of all creditors....

*In re R&S St. Rose, LLC,* 2014 U.S. Dist. LEXIS 41047, *14-15 (D. Nev. Mar. 27, 2014) (vacating

order denying motions for substantive consolidation); *see also, In re Stayton SW Assisted Living,*

*LLC,* 2009 U.S. Dist. LEXIS 119186, *12 (D. Or. Dec. 22, 2009) (allowing substantive

consolidation and finding that the language "benefit of all creditors" does not mean each and every

creditor but the creditor body as a whole).

The Trustee believes that the facts of these cases support substantive consolidation.

Substantive consolidation will benefit the creditor body as a whole by facilitating the closing of

these cases and permitting a consolidated final report to be submitted to the Office of the United

States Trustee without further expense or delay caused by the closing of separate Estates.

**B.    Substantive Consolidation Is Appropriate Because the Debtors' Assets and Liabilities
Cannot Be Disentangled.**

Substantive consolidation is appropriate when the expense of even attempting to unscramble

the Debtors' affairs is "so substantial as to threaten the realization of any net assets for all the

creditors." *Bonham*, 229 F3d at 766. *See also, In re SK Foods, LP,* 499 B.R. 809, 839-40 (Bankr.

E.D. Cal. 2013) (impossibility of accurately identifying and segregating assets supported substantive

consolidation); *In re Stayton SW Assisted Living, LLC,* 2009 U.S. Dist. LEXIS 119186 at *13 (the

only way to make an equitable distribution to creditors and to reduce losses was to consolidate all

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    assets and liabilities of the debtors).

2        In these cases, the Debtors operated as an integrated entity, commingled assets and receipts,

3    made disbursements from a single account, jointly borrowed money, and pledged the entirety of their

4    collective assets to Dream Media. Following the sale of Dream Media's collateral, and pursuant to

5    the Trustee's settlement with Dream Media, funds were carved out for the benefit of all creditors of

6    the Estates. In addition, each Debtor has the same administrative creditors. Substantive

7    consolidation will avoid the separate case closing administration of these Estates that already involve

8    the same assets and liabilities, thereby avoiding additional costs and delay.

9                                        **V.**

10                              **CONCLUSION**

11        **WHEREFORE**, the Trustee respectfully requests that the Court grant the relief requested

12    herein and enter the proposed order substantively consolidating the Debtors' Estates, and granting

13    such other and further relief as this Court deems just, proper and equitable.

14

15    Dated: February 27, 2023         PACHULKSI STANG ZIEHL & JONES LLP

16

                                   By:    */s/Linda F. Cantor*

17                                         Linda F. Cantor
                                        Attorneys for David K. Gottlieb, Chapter 7 Trustee and

18                                         Former Chapter 11 Trustee

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

(Proposed Order)

1    Linda F. Cantor (CA Bar No. 153762)
     PACHULSKI STANG ZIEHL & JONES LLP
2    10100 Santa Monica Blvd., 13th Floor
     Los Angeles, CA  90067
3    Tel: 310/277-6910
     Facsimile: 310/201-0760
4    E-mail:  lcantor@pszjlaw.com

5    Attorneys for David K. Gottlieb, Chapter 7 Trustee and Former
     Chapter 11 Trustee

6

7                    UNITED STATES BANKRUPTCY COURT

                     CENTRAL DISTRICT OF CALIFORNIA
8
                     SAN FERNANDO VALLEY DIVISION
9

10   In re:                                Case No.: 1:18-bk-10098-MB
                                           Chapter 7
     PENTHOUSE GLOBAL MEDIA, INC.,
11                                         Jointly Administered with Cases Nos.:
                                           1:18-bk-10099-MB; 1:18-bk-10101-MB;
12                  Debtors.               1:18-bk-10102-MB; 1:18-bk-10103-MB;
                                           1:18-bk-10104-MB; 1:18-bk-10105-MB;
13   ☒ Affects All Debtors                 1:18-bk-10106-MB; 1:18-bk-10107-MB;
     ☐ Affects Penthouse Global Broadcasting, Inc.   1:18-bk-10108-MB; 1:18-bk-10109-MB;
14   ☐ Affects Penthouse Global Licensing, Inc.      1:18-bk-10110-MB; 1:18-bk-10111-MB;
     ☐ Affects Penthouse Global Digital, Inc.        1:18-bk-10112-MB; 1:18-bk-10113-MB
15   ☐ Affects Penthouse Global Publishing, Inc.
     ☐ Affects GMI Online Ventures, Ltd.    [PROPOSED] ORDER APPROVING
16   ☐ Affects Penthouse Digital Media Productions,   CHAPTER 7 TRUSTEE'S MOTION FOR
     Inc.                                  SUBSTANTIVE CONSOLIDATION OF THE
17   ☐ Affects Tan Door Media, Inc.        DEBTORS' ESTATES AND FOR RELATED
     ☐ Affects Penthouse Images Acquisitions, Ltd.   RELIEF
18   ☐ Affects Pure Entertainment
     Telecommunications, Inc.
19   ☐ Affects XVHUB Group, Inc.
     ☐ Affects General Media Communications, Inc.
20   ☐ Affects General Media Entertainment, Inc.
     ☐ Affects Danni Ashe, Inc.
21   ☐ Affects Steamray Studios, Inc.

22

23

24        This matter came before the Court on the *Chapter 7 Trustee's Motion for Substantive*

25   *Consolidation of the Debtors' Estates and For Related Relief* [Docket No. ___] (the "Motion")[21] filed

26   by David K. Gottlieb, the duly appointed Chapter 7 trustee (the "Trustee") in the jointly

27   administered bankruptcy cases (the "Cases") of Penthouse Global Media, Inc. ("Penthouse") and its

28   ───────────────────
     [21]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

subsidiary debtor entities (collectively with Penthouse, the "<u>Debtors</u>"). The Court having found that

the relief requested is in the best interest of the Debtors' Estates, their creditors and all other parties

in interest; that due and sufficient notice of the Motion was given; and that no other or further notice

need be provided; and the Court having jurisdiction to consider the Motion and the relief requested

in the Motion under 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief

requested in the Motion being a core proceeding under to 28 U.S.C. § 157(b); and venue being

proper in this District under 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient

cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      Effective upon entry of this Order, the Estates of the following Debtors shall be

consolidated for all purposes: Penthouse Global Media, Inc., case number 1:18-bk-10098-MB;

Penthouse Global Broadcasting, Inc., 1:18 bk-1099-MB; Penthouse Global Licensing, Inc., 1:18 bk-

10101-MB; Penthouse Global Digital, Inc., 1:18 bk-10102-MB; Penthouse Global Publishing, Inc.,

1:18 bk-10103-MB; Penthouse Images Acquisitions, Ltd., 1:18 bk-10107-MB; Pure Entertainment

Telecommunications, Inc., 1:18 bk-10108-MB; XVHUB Group, Inc., 1:18 bk-10109-MB; General

Media Entertainment, Inc., 1:18 bk-10111-MB; and Steamray Studios, Inc., 1:18 bk-10113-MB

(collectively, the "<u>Consolidated Debtors</u>").

3.      The caption of the Consolidated Debtors' bankruptcy cases shall be modified as

follows:

In re:

PENTHOUSE GLOBAL MEDIA, INC.,

Debtors.

Case No.: 1:18-bk-10098-MB
Chapter 7

Substantively Consolidated with Cases Nos.:
1:18-bk-10099-MB; 1:18-bk-10101-MB;
1:18-bk-10102-MB; 1:18-bk-10103-MB; 1:18-bk-10107-MB; 1:18-bk-10108-MB; 1:18-bk-10109-MB; 1:18-bk-10111-MB; MB; 1:18-bk-10113-MB

☒ Affects All Debtors
☐ Affects Penthouse Global Broadcasting, Inc.
☐ Affects Penthouse Global Licensing, Inc.
☐ Affects Penthouse Global Digital, Inc.
☐ Affects Penthouse Global Publishing, Inc.
☐ Affects Penthouse Images Acquisitions, Ltd.
☐ Affects Pure Entertainment
Telecommunications, Inc.
☐ Affects XVHUB Group, Inc.
☐ Affects General Media Entertainment, Inc.
☐ Affects Steamray Studios, Inc.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4.    This Order shall be binding upon all parties in interest.

5.    This Court shall retain jurisdiction to interpret, implement and enforce the terms and provisions of this Order.

###

3

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S MOTION FOR SUBSTANTIVE CONSOLIDATION OF THE DEBTORS' ESTATES AND FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES [DECLARATION OF DAVID K. GOTTLIEB FILED CONCURRENTLY HEREWITH]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 27, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On February 27, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR.  On February 27, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

*Via Federal Express*
Honorable Martin R. Barash
U.S. Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342/ Courtroom 303
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 27, 2023 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### U.S. Bankruptcy Court
### Central District of California (San Fernando Valley)
### In re Penthouse Global Media, Inc., Case No. 18-10098-MB

**1. NOTICE OF ELECTRONIC FILING (NEF)**

Ron Bender on behalf of Interested Party
Courtesy NEF
rb@lnbyg.com

Stephen F Biegenzahn on behalf of
Creditor Eli B. Dubrow
efile@sfblaw.com

Paul M Brent on behalf of Interested Party
WGCZ Ltd., S.R.O.
snb300@aol.com

Bradley E Brook on behalf of Plaintiff
DAVID K GOTTLIEB
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gm
ail.com

Bradley E Brook on behalf of Trustee
David Keith Gottlieb (TR)
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gm
ail.com

Linda F Cantor, ESQ on behalf of Debtor
Penthouse Global Media, Inc.
lcantor@pszjlaw.com,
lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of
Financial Advisor Province Inc.
lcantor@pszjlaw.com,
lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee
David Keith Gottlieb (TR)
lcantor@pszjlaw.com,
lcantor@pszjlaw.com

Carol Chow on behalf of Interested Party
Jerrick Media Holdings, Inc.
carol.chow@ffslaw.com,
easter.santamaria@ffslaw.com

Carol Chow on behalf of Interested Party
Jerrick Ventures LLC
carol.chow@ffslaw.com,
easter.santamaria@ffslaw.com

Russell Clementson on behalf of U.S.
Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Joseph Corrigan on behalf of Creditor Iron
Mountain Information Management, LLC
Bankruptcy2@ironmountain.com

Brian L Davidoff on behalf of Interested
Party Silver Reel Entertainment Mezzanine
Fund, L.P.
bdavidoff@greenbergglusker.com,
calendar@greenbergglusker.com;jking@gr
eenbergglusker.com

James A Dumas, Jr on behalf of Creditor
NOA Productions SPRL
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor
Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com,
jdumas@ecf.inforuptcy.com

Jeffrey Garfinkle on behalf of Creditor
Easy Online Solutions, Ltd. d/b/a
MojoHost
jgarfinkle@buchalter.com,
docket@buchalter.com;jbelmont@buchalt
er.com

Allan B Gelbard on behalf of Other
Professional Allan B. Gelbard
xxxesq@aol.com,
Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@d
kgallc.com,akuras@dkgallc.com;ecf.alert+
Gottlieb@titlexi.com

Mirco J Haag on behalf of Creditor Easy
Online Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com,
dcyrankowski@buchalter.com;docket@bu
chalter.com

Mark S Horoupian on behalf of Interested
Party Courtesy NEF

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 | mark.horoupian@gmlaw.com,
mhoroupian@ecf.courtdrive.com;cheryl.ca
2 | ldwell@gmlaw.com

3 | Mark S Horoupian on behalf of Interested
Party WSM Investment, LLC dba TOPCO
4 | Sales
mark.horoupian@gmlaw.com,
5 | mhoroupian@ecf.courtdrive.com;cheryl.ca
ldwell@gmlaw.com
6
Razmig Izakelian on behalf of Interested
7 | Party WGCZ Ltd., S.R.O.
razmigizakelian@quinnemanuel.com
8
Jeffrey L Kandel on behalf of Trustee
9 | David Keith Gottlieb (TR)
jkandel@pszjlaw.com
10
John P Kreis on behalf of Creditor Claxson
11 | Media LLC
jkreis@kreislaw.com, j.kreis@ca.rr.com
12
Michael D Kwasigroch on behalf of
13 | Defendant Revideo, Inc.
attorneyforlife@aol.com
14
Michael D Kwasigroch on behalf of
15 | Defendant Kelly Holland
attorneyforlife@aol.com
16
Michael D Kwasigroch on behalf of
17 | Defendant Robert Campbell
attorneyforlife@aol.com
18
Andrew B Levin on behalf of Interested
19 | Party Kirkendoll Management LLC
ablevin@mintz.com,
20 | Meir@virtualparalegalservices.com;pj@w
cghlaw.com;jmartinez@wcghlaw.com
21
Peter W Lianides on behalf of Interested
22 | Party Kirkendoll Management LLC
plianides@wghlawyers.com,
23 | jmartinez@wghlawyers.com;svillegas@w
ghlawyers.com
24
David W. Meadows on behalf of Interested
25 | Party Courtesy NEF
david@davidwmeadowslaw.com
26
27 | Krikor J Meshefejian on behalf of Creditor
Interested Party
28 | kjm@lnbyg.com

Krikor J Meshefejian on behalf of Creditor
Interested Party
kjm@lnbyg.com

Krikor J Meshefejian on behalf of Creditor
Interested Party
kjm@lnbyg.com

Alan I Nahmias on behalf of Interested
Party Courtesy NEF
anahmias@mbn.law,
jdale@mbnlawyers.com

Iain A W Nasatir on behalf of Trustee
David Keith Gottlieb (TR)
inasatir@pszjlaw.com,
jwashington@pszjlaw.com

Hamid R Rafatjoo on behalf of Creditor
Committee The Official Committee of
Unsecured Creditors
hrafatjoo@raineslaw.com,
bclark@raineslaw.com

Michael St James on behalf of Creditor
Interested Party
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.c
om

Michael St James on behalf of Interested
Party Michael St. James
ecf@stjames-law.com,
stjames.michaelr101488@notify.bestcase.c
om

Howard Steinberg on behalf of Creditor
Greenberg Traurig, LLP
steinbergh@gtlaw.com,
pearsallt@gtlaw.com;howard-steinberg-
6096@ecf.pacerpro.com

Cathy Ta on behalf of Creditor Penthouse
Clubs Worldwide, LLC
cathyta@cathyta.net

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Michael H Weiss on behalf of Attorney
Weiss & Spees, LLP
mhw@mhw-pc.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Danni Ashe, Inc.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   mhw@mhw-pc.com,
    lm@weissandspees.com
2
    Michael H Weiss on behalf of Debtor GMI
3   Online Ventures, Ltd.
    mhw@mhw-pc.com,
4   lm@weissandspees.com

5   Michael H Weiss on behalf of Debtor
    General Media Communications, Inc.
6   mhw@mhw-pc.com,
    lm@weissandspees.com
7
    Michael H Weiss on behalf of Debtor
8   General Media Entertainment, Inc.
    mhw@mhw-pc.com,
9   lm@weissandspees.com

10  Michael H Weiss on behalf of Debtor
    Penthouse Digital Media Productions, Inc.
11  mhw@mhw-pc.com,
    lm@weissandspees.com
12
    Michael H Weiss on behalf of Debtor
13  Penthouse Global Broadcasting, Inc.
    mhw@mhw-pc.com,
14  lm@weissandspees.com

15  Michael H Weiss on behalf of Debtor
    Penthouse Global Digital, Inc.
16  mhw@mhw-pc.com,
    lm@weissandspees.com
17
    Michael H Weiss on behalf of Debtor
18  Penthouse Global Licensing, Inc.
    mhw@mhw-pc.com,
19  lm@weissandspees.com

20  Michael H Weiss on behalf of Debtor
    Penthouse Global Media, Inc.
21  mhw@mhw-pc.com,
    lm@weissandspees.com
22
    Michael H Weiss on behalf of Debtor
23  Penthouse Global Publishing, Inc.
    mhw@mhw-pc.com,
24

25

26

27

28

lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Penthouse Images Acquisitions, Ltd.
mhw@mhw-pc.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Pure
Entertainment Telecommunications, Inc.
fka For Your Ears Only, Ltd.
mhw@mhw-pc.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
Streamray Studios, Inc.
mhw@mhw-pc.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor Tan
Door Media, Inc.
mhw@mhw-pc.com,
lm@weissandspees.com

Michael H Weiss on behalf of Debtor
XVHUB Group, Inc.
mhw@mhw-pc.com,
lm@weissandspees.com

Marc J Winthrop on behalf of Interested
Party Kirkendoll Management LLC
mwinthrop@wghlawyers.com,
jmartinez@wghlawyers.com

Christopher K.S. Wong on behalf of
Creditor LSC Communications US, LLC /
Creel Printing
christopher.wong@afslaw.com,
yvonne.li@arentfox.com

Beth Ann R. Young on behalf of Creditor
Dream Media Corporation
bry@lnbyg.com, bry@lnbyb.com

Beth Ann R. Young on behalf of Creditor
Interested Party
bry@lnbyg.com, bry@lnbyb.com

**U.S. Bankruptcy Court**
**Central District of California (San Fernando Valley)**
**In re Penthouse Global Media, Inc., Case No. 18-10098-MB**

2. <u>**SERVED BY UNITED STATES MAIL**</u>:

*Debtor*
Penthouse Global Media, Inc.
28328 Witherspoon Pkwy.
Valencia, CA 91355

*Counsel for Debtor*
Michael H. Weiss, Esq., P.C.
8581 Santa Monica Boulevard, #4
West Hollywood, CA  90069

*Trustee*
David K. Gottlieb
Managing Member
D. Gottlieb & Associates, LLC
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

*Office of U.S. Trustee*
Kate Bunker
915 Wilshire Blvd.
Suite 1850
LOS ANGELES, CA 90017