Linda F. Cantor (CA Bar No. 153762)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: lcantor@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PENTHOUSE GLOBAL MEDIA, INC.,<br><br>Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects Penthouse Global Broadcasting, Inc.<br>☐ Affects Penthouse Global Licensing, Inc.<br>☐ Affects Penthouse Global Digital, Inc.<br>☐ Affects Penthouse Global Publishing, Inc.<br>☐ Affects GMI Online Ventures, Ltd.<br>☐ Affects Penthouse Digital Media Productions, Inc.<br>☐ Affects Tan Door Media, Inc.<br>☐ Affects Penthouse Images Acquisitions, Ltd.<br>☐ Affects Pure Entertainment Telecommunications, Inc.<br>☐ Affects XVHUB Group, Inc.<br>☐ Affects General Media Communications, Inc.<br>☐ Affects General Media Entertainment, Inc.<br>☐ Affects Danni Ashe, Inc.<br>☐ Affects Streamray Studios, Inc. | Cases No.: 1:18-BK-10098-MB<br><br>Chapter 7<br><br>Jointly Administered with Cases Nos.: 1:18-bk-10099-MB; 1:18-bk-10101-MB; 1:18-bk-10102-MB; 1:18-bk-10103-MB; 1:18-bk-10104-MB; 1:18-bk-10105-MB; 1:18-bk-10106-MB; 1:18-bk-10107-MB; 1:18-bk-10108-MB; 1:18-bk-10109-MB; 1:18-bk-10110-MB; 1:18-bk-10111-MB; 1:18-bk-10112-MB; 1:18-bk-10113-MB<br><br>**DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR SUBSTANTIVE CONSOLIDATION OF THE DEBTORS' ESTATES AND FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><u>Hearing:</u><br><br>Date: March 21, 2023<br>Time: 11:00 a.m.<br>Place: U.S. Bankruptcy Court<br>      Central District of California<br>      21041 Burbank Boulevard<br>      Courtroom 303<br>      Woodland Hills, CA 91367<br><br>Judge: Hon. Martin R. Barash |

1

DOCS_LA:347489.2 32277/002

## DECLARATION OF DAVID K. GOTTLIEB

I, David K. Gottlieb, declare as follows:

1. I am the duly appointed chapter 7 trustee ("Trustee") of the Estates of Penthouse Global Media, Inc. ("Penthouse") and its fourteen affiliated debtor entities whose cases are being jointly administered with the Penthouse case.

2. Unless otherwise indicated, all facts set forth in this Declaration are based on either (a) my personal knowledge, (b) information gathered by professionals rendering services to me), (c) my review of relevant documents including, without limitation, the court file in these Cases, or (d) my opinion based upon my experience and knowledge of the circumstances as described in the Motion. If I were called to testify thereto, I could and would competently do so.

3. I make this Declaration in support of the *Chapter 7 Trustee's Motion For Substantive Consolidation Of The Debtors' Estates and For Related Relief; Memorandum Of Points And Authorities* (the "Motion"), which I have reviewed and support.[1]

4. The Debtors commenced these cases by the filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 11, 2018. On March 6, 2018, I was appointed Chapter 11 Trustee of the Debtors' Estates.[2] After my appointment, I retained Province as my financial advisors and Pachulski Stang Ziehl Jones LLP as general bankruptcy counsel. Among other things, I opened bank accounts, met with the Debtors' personnel, met with creditors and met with Dream Media with whom I negotiated stipulations for the use of cash collateral while assessing whether the Debtors could continue operations.

5. The Debtors' books and records were in extreme disarray. For the first five weeks after my appointment, Province worked full time on-site at the Debtors' premises on a daily basis (including weekends) reviewing and reconciling the Debtors' books and records, analyzing cash flow and developing projections. Many of the Debtors' payments were made by Penthouse, and the accounting methods used by the Debtors required extensive use of intercompany transactions which

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.
[2] *See Notice of Appointment of Chapter 11 Trustee* [Dkt. No. 236].

2

were not properly recorded.[3] Among other things, Province determined that the Debtors were continuing to lose money. The Debtors had incurred approximately $400,000 of post-petition operating obligations between the Petition Date and March 5, 2018; professional fees incurred prior to the Trustee's appointment amounted to approximately $305,755, and according to projections by the Trustee's financial advisor, the Debtors would lose approximately $732,000 between April through June 2018. Given the extensive and mounting operational losses, I determined that reorganization was not feasible.

6.   My professionals and I also analyzed the secured claim held by Dream Media in the amount of $10.4 million as of the Petition Date, accruing $200,000 monthly postpetition interest to the extent oversecured. Based on our analysis, and under the circumstances of these cases, I determined that it was in the best interests of the Estates to negotiate a settlement with Dream Media. Under that settlement, the Debtors' collective assets were to be sold to Dream Media, subject to overbid at auction, and Dream Media agreed to carve-out from the proceeds of its collateral a sum of money (plus certain specified additional assets for recovery by the Trustee) for the benefit of the Estates' creditors.[4] The settlement was approved, a sale subject to overbid was held, and a third party bidder was the successful bidder at the auction of the Debtors' assets.[5] The sale closed on June 15, 2018, after which all business operations of the Debtors' ceased. The proceeds of the Dream Media collateral and specified assets carved out for all creditors are the source of funds in these Estates.

7.   I caused a bar date of November 11, 2018 to be set for the filing of administrative claims incurred against the Debtors' Estates between the Petition Date and June 15, 2018, the date when operations ceased. Given the collective source of funds for all creditors resulting from the Dream Media settlement, the notice did not distinguish between the Debtor entities but rather

---

[3] *See Motion of David Gottlieb, Chapter 11 Trustee, For Order Converting Cases to Chapter 7 Nunc Pro Tunc to March 6, 2018* [Dkt No. 302]
[4] *See Motion for Order to Approve Settlement with Dream Media, Inc.* [Dkt. No. 325], approved by order dated May 16, 2018 [Dkt. No. 478].
[5] *See Order (A) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Scheduling Auction and Sale Hearing; (C) Approving Sale Procedures and Notice of Sale; and (D) Granting Related Relief [Dkt. No. 327]* ("Sale Motion"); and the Court's *Order (A) Approving Sale Motion, (B) Scheduling Auction and Hearing for Sale of Substantially All Assets of the Debtors; (C) Approving Sale Procedures; and (D) Granting Related Relief* [Dkt. No. 577].

3

referenced any claim against the Estate of the Debtors.[6] In response to the bar date notice, approximately $2.29 million in administrative claims were filed against the Debtors. In addition to these filed claims, chapter 11 Estate professionals incurred fees and expenses that were not the subject of prior fee applications[7].

8. These cases were converted to cases under chapter 7 by order entered March 12, 2019[8], and I was appointed chapter 7 trustee (the "Chapter 7 Trustee"); I retained professionals to represent me in the administration of the chapter 7 Debtors' Estates.[9] Claims against and causes of action of the Debtors have now been fully administered, and a final report for closing the cases is ready for submission. Applications for approval of fees and expenses of professionals retained by me as Chapter 7 Trustee (the "Chapter 7 Professional Claims") have been filed and will be presented to the Court. Subject to approval, the Chapter 7 Professional Claims along with chapter 7 administrative claims owed to the Office of the United States Trustee (collectively, the "Chapter 7 Administrative Claims") will be paid at the conclusion of these cases. The Chapter 11 Estates are administratively insolvent. Chapter 11 Administrative Claims are estimated to receive a distribution of approximately 67% on their claims, consistent with the percentage paid to professionals under the First Interim Fee Order.

9. The Chapter 7 Administrative Claims and the Chapter 11 Administrative Claims are asserted against all of the ten remaining Debtors' Estates.[10] The source of funds available to pay

---

[6] See *Notice Of Deadline For Filing Requests For Payment Of Chapter 11 Administrative Claims That Arose Between January 11, 2018 And June 15, 2018* [Dkt. No. 714].

[7] Chapter 11 Estate professionals previously received 67% payment on their allowed fees and expenses for the period January 11, 2018 and August 31, 2018. See *Order Granting Interim Fee Applications Filed By 1) David K. Gottlieb, Chapter 11 Trustee 2) Akerman LLP; 3) BPE&H, 4) Pachulski Stang Ziehl & Jones LLP, 5) Province, Inc., 6) Raines Feldman LLP, and 7) Weiss & Spees, LLP On An Interim Basis* [Docket No. 715] (the "First Interim Fee Order"). Additional fees and expenses were incurred between September 1, 2018 and March 11, 2019.

[8] See *Order Converting Cases to Chapter 7* [Dkt. No. 810].

[9] See *Interim Trustee Appointment / Request for Notice of 341 Meeting* [Docket No. 811]; Orders authorizing and approving chapte7 Trustee's applications to employ (i) Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel [Dkt. No. 874]; (ii) *BPE&H, an Accountancy Corporation, as Special Tax Advisors* [Dkt. No. 875]; *Law Offices of Bradley E. Brook, APC as Special Counsel* [Dkt. No. 876]; *Province Inc., as Financial Advisor* [Dkt. No. 877].

[10] Pursuant to the *Order Approving Settlement Between The Chapter 7 Trustee And WGCZ Ltd., S.R.O and Its Assignees Per Bankruptcy Rule 9019 and Authorizing The Trustee To Sell The Estate's Equity Interest In Certain Property Pursuant To 11 U.S.C. § 363* [Dkt. No. 927], the stock of five Penthouse subsidiaries were transferred to WGCZ LTD., S.R.O, the purchaser of the Debtors' assets, and the cases of those subsidiaries (collectively, the "Transferred Entities") were dismissed. See *Order Granting Motion Of Chapter 7 Trustee For Entry Of An Order Dismissing Chapter 7 Cases Of GMI Online Ventures, Ltd., Penthouse Digital Media Productions, Inc., Tan Door Media, Inc., General Media Communications, Inc. And Danni Ashe, Inc.* [Dkt. No. 928]. The Motion concerns the remaining ten Debtors.

4

DOCS_LA:347489.2 32277/002

those claims is the carve-out from the sale proceeds of the Dream Media collateral, funds earmarked for the benefit of all creditors under the Dream Media settlement.

10. By the Motion, I request an order (a) substantively consolidating the cases of Penthouse Global Media, Inc., 1:18-bk-10098-MB, with Penthouse Global Broadcasting, Inc., 1:18 bk-1099-MB; Penthouse Global Licensing, Inc., 1:18 bk-10101-MB; Penthouse Global Digital, Inc., 1:18 bk-10102-MB; Penthouse Global Publishing, Inc., 1:18 bk-10103-MB; Penthouse Images Acquisitions, Ltd., 1:18 bk-10107-MB; Pure Entertainment Telecommunications, Inc., 1:18 bk-10108-MB; XVHUB Group, Inc., 1:18 bk-10109-MB; General Media Entertainment, Inc., 1:18 bk-10111-MB; and Steamray Studios, Inc., 1:18 bk-10113-MB (collectively, the "Consolidated Debtors") pursuant to the Court's general equity powers under section 105 of the Bankruptcy Code and applicable Ninth Circuit law, and (b) modifying the case caption of the Consolidated Debtors accordingly. The assets of the Consolidated Debtors in these cases have already been pooled by virtue of the collateral proceeds carve-out under the Dream Media settlement, and each of the Debtors share liability for the administrative claims incurred on behalf of all of the Estates. Therefore, substantive consolidation will have no adverse effect on any creditor to receive a distribution in these cases, will reduce any administrative delay in the closing of these cases and allow me, as Chapter 7 Trustee, to file a single final report concerning the substantively Consolidated Debtors.

11. I believe that the facts of these cases support substantive consolidation of the Consolidated Debtors and the modification of the Consolidated Debtors' case caption accordingly. Substantive consolidation will benefit the Estates as a whole by facilitating the closing of these cases and permitting a consolidated final report to be submitted to the Office of the United States Trustee without further expense or delay caused by the closing of separate Estates. For the reasons set forth above and in the Motion, I am requesting that the Court grant the Motion.

DOCS_LA:347489.2 32277/002

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of February, 2023 at Woodland Hills, California.

_____
David K. Gottlieb

DOCS_LA:347489.1 32277/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled **DECLARATION OF DAVID K. GOTTLIEB IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR SUBSTANTIVE CONSOLIDATION OF THE DEBTORS' ESTATES AND FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 27, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL** On February 27, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 27, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 27. 2023 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

DOCS_LA:347489.2 32277/002

**1. 1:18-bk-10098-MB Notice will be electronically mailed to:**

Ron Bender on behalf of Interested Party Courtesy NEF
rb@lnbyg.com

Stephen F Biegenzahn on behalf of Creditor Eli B. Dubrow
efile@sfblaw.com

Paul M Brent on behalf of Interested Party WGCZ Ltd., S.R.O.
snb300@aol.com

Bradley E Brook on behalf of Plaintiff DAVID K GOTTLIEB
bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com

Bradley E Brook on behalf of Trustee David Keith Gottlieb (TR)
bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com

Linda F Cantor, ESQ on behalf of Debtor Penthouse Global Media, Inc.
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Financial Advisor Province Inc.
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee David Keith Gottlieb (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Carol Chow on behalf of Interested Party Jerrick Media Holdings, Inc.
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Carol Chow on behalf of Interested Party Jerrick Ventures LLC
carol.chow@ffslaw.com, easter.santamaria@ffslaw.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

Joseph Corrigan on behalf of Creditor Iron Mountain Information Management, LLC
Bankruptcy2@ironmountain.com

Brian L Davidoff on behalf of Interested Party Silver Reel Entertainment Mezzanine Fund, L.P.
bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com

James A Dumas, Jr on behalf of Creditor NOA Productions SPRL
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

James A Dumas, Jr on behalf of Creditor Penthouse Global Broadcasting, Inc.
jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com

Jeffrey Garfinkle on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
jgarfinkle@buchalter.com, docket@buchalter.com;jbelmont@buchalter.com

Allan B Gelbard on behalf of Other Professional Allan B. Gelbard
xxxesq@aol.com, Allan@GelbardLaw.com

David Keith Gottlieb (TR)
dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com

Mirco J Haag on behalf of Creditor Easy Online Solutions, Ltd. d/b/a MojoHost
mhaag@buchalter.com, dcyrankowski@buchalter.com;docket@buchalter.com

Mark S Horoupian on behalf of Interested Party Courtesy NEF
mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com

Mark S Horoupian on behalf of Interested

8

DOCS_LA:347489.2 32277/002

| | | |
|---|---|---|
| 1 | Party WSM Investment, LLC dba TOPCO Sales | Interested Party kjm@lnbyg.com |
| 2 | mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com | Alan I Nahmias on behalf of Interested Party Courtesy NEF anahmias@mbn.law, jdale@mbnlawyers.com |
| 4 | Razmig Izakelian on behalf of Interested Party WGCZ Ltd., S.R.O. | |
| 5 | razmigizakelian@quinnemanuel.com | Iain A W Nasatir on behalf of Trustee David Keith Gottlieb (TR) inasatir@pszjlaw.com, jwashington@pszjlaw.com |
| 6 | Jeffrey L Kandel on behalf of Trustee David Keith Gottlieb (TR) | |
| 7 | jkandel@pszjlaw.com | |
| 8 | John P Kreis on behalf of Creditor Claxson Media LLC | Hamid R Rafatjoo on behalf of Creditor Committee The Official Committee of Unsecured Creditors hrafatjoo@raineslaw.com, bclark@raineslaw.com |
| 9 | jkreis@kreislaw.com, j.kreis@ca.rr.com | |
| 10 | Michael D Kwasigroch on behalf of Defendant Revideo, Inc. | Michael St James on behalf of Creditor Interested Party ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com |
| 11 | attorneyforlife@aol.com | |
| 12 | Michael D Kwasigroch on behalf of Defendant Kelly Holland | |
| 13 | attorneyforlife@aol.com | Michael St James on behalf of Interested Party Michael St. James ecf@stjames-law.com, stjames.michaelr101488@notify.bestcase.com |
| 14 | Michael D Kwasigroch on behalf of Defendant Robert Campbell | |
| 15 | attorneyforlife@aol.com | |
| 16 | Andrew B Levin on behalf of Interested Party Kirkendoll Management LLC | Howard Steinberg on behalf of Creditor Greenberg Traurig, LLP steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com |
| 17 | ablevin@mintz.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com | |
| 18 | | |
| 19 | Peter W Lianides on behalf of Interested Party Kirkendoll Management LLC | Cathy Ta on behalf of Creditor Penthouse Clubs Worldwide, LLC cathyta@cathyta.net |
| 20 | plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com | |
| 21 | | United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov |
| 22 | David W. Meadows on behalf of Interested Party Courtesy NEF | |
| 23 | david@davidwmeadowslaw.com | Michael H Weiss on behalf of Attorney Weiss & Spees, LLP mhw@mhw-pc.com, lm@weissandspees.com |
| 24 | | |
| 25 | Krikor J Meshefejian on behalf of Creditor Interested Party kjm@lnbyg.com | |
| 26 | | Michael H Weiss on behalf of Debtor Danni Ashe, Inc. mhw@mhw-pc.com, lm@weissandspees.com |
| 27 | Krikor J Meshefejian on behalf of Creditor Interested Party kjm@lnbyg.com | |
| 28 | Krikor J Meshefejian on behalf of Creditor | Michael H Weiss on behalf of Debtor GMI Online Ventures, Ltd. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:347489.2 32277/002

| | | |
|---|---|---|
| 1 | mhw@mhw-pc.com, lm@weissandspees.com | Penthouse Images Acquisitions, Ltd. mhw@mhw-pc.com, lm@weissandspees.com |
| 2 | | |
| 3 | Michael H Weiss on behalf of Debtor General Media Communications, Inc. mhw@mhw-pc.com, lm@weissandspees.com | Michael H Weiss on behalf of Debtor Pure Entertainment Telecommunications, Inc. fka For Your Ears Only, Ltd. mhw@mhw-pc.com, lm@weissandspees.com |
| 4 | | |
| 5 | Michael H Weiss on behalf of Debtor General Media Entertainment, Inc. mhw@mhw-pc.com, lm@weissandspees.com | |
| 6 | | Michael H Weiss on behalf of Debtor Streamray Studios, Inc. mhw@mhw-pc.com, lm@weissandspees.com |
| 7 | | |
| 8 | Michael H Weiss on behalf of Debtor Penthouse Digital Media Productions, Inc. mhw@mhw-pc.com, lm@weissandspees.com | Michael H Weiss on behalf of Debtor Tan Door Media, Inc. mhw@mhw-pc.com, lm@weissandspees.com |
| 9 | | |
| 10 | Michael H Weiss on behalf of Debtor Penthouse Global Broadcasting, Inc. mhw@mhw-pc.com, lm@weissandspees.com | |
| 11 | | Michael H Weiss on behalf of Debtor XVHUB Group, Inc. mhw@mhw-pc.com, lm@weissandspees.com |
| 12 | | |
| 13 | Michael H Weiss on behalf of Debtor Penthouse Global Digital, Inc. mhw@mhw-pc.com, lm@weissandspees.com | Marc J Winthrop on behalf of Interested Party Kirkendoll Management LLC mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com |
| 14 | | |
| 15 | Michael H Weiss on behalf of Debtor Penthouse Global Licensing, Inc. mhw@mhw-pc.com, lm@weissandspees.com | Christopher K.S. Wong on behalf of Creditor LSC Communications US, LLC / Creel Printing christopher.wong@afslaw.com, yvonne.li@arentfox.com |
| 16 | | |
| 17 | | |
| 18 | Michael H Weiss on behalf of Debtor Penthouse Global Media, Inc. mhw@mhw-pc.com, lm@weissandspees.com | |
| 19 | | Beth Ann R. Young on behalf of Creditor Dream Media Corporation bry@lnbyg.com, bry@lnbyb.com |
| 20 | Michael H Weiss on behalf of Debtor Penthouse Global Publishing, Inc. mhw@mhw-pc.com, lm@weissandspees.com | |
| 21 | | Beth Ann R. Young on behalf of Creditor Interested Party bry@lnbyg.com, bry@lnbyb.com |
| 22 | | |
| 23 | Michael H Weiss on behalf of Debtor | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

DOCS_LA:347489.2 32277/002

**2. SERVED BY UNITED STATES MAIL**:

*Debtor*
Penthouse Global Media, Inc.
28328 Witherspoon Pkwy.
Valencia, CA 91355

*Counsel for Debtor*
Michael H. Weiss, Esq., P.C.
8581 Santa Monica Boulevard, #4
West Hollywood, CA 90069

*Trustee*
David K. Gottlieb
Managing Member
D. Gottlieb & Associates, LLC
16255 Ventura Blvd., Suite 440
Encino, California, 91436

*Office of U.S. Trustee*
**Kate Bunker**
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

DOCS_LA:347489.2 32277/002